# FILED

JUN 2 6 2025

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

Heidi D. Campbell, Clerk
U.S. DISTRICT COURT

**Case No.: _____**

**Assigned Article iii Judge (Plaintiff objected to any magistrate or special judges, or equivalents): _____**

25 CV - 3 2 2 SEH - JFJ

0) Linh Tran Stephens, a natural living woman, sui juris, with inherent sovereign rights,
   *Plaintiff*,

v.

1) STATE OF OKLAHOMA;
2) OKLAHOMA ATTORNEY GENERAL OFFICE (OAG);
3) OKLAHOMA STATE BUREAU OF INVESTIGATION (OSBI);
4) OKLAHOMA DEPARTMENT OF HUMAN SERVICES (OKDHS) and all of its divisions;
5) DAVID L. MOSS CRIMINAL JUSTICE CENTER;
6) OKLAHOMA SHERIFFS' ASSOCIATION;
7) OKLAHOMA STATE GOVERNOR'S OFFICE;
8) OKLAHOMA PASSPORT CENTER;
9) UNITED STATES DEPARTMENT OF STATE;
10) OKLAHOMA CHILD PROTECTIVE SERVICES (CPS);
11) OKLAHOMA CHILD SUPPORT SERVICES (CSS);
12) OKLAHOMA OFFICE OF ADMINISTRATIVE HEARINGS (OAH);
13) OKLAHOMA COMMISSION ON CHILDREN AND YOUTH (OCCY);
14) OFFICE OF LEGAL SERVICES OKLAHOMA HUMAN SERVICES**;**
15) OKLAHOMA SUPREME COURT;
16) TULSA COUNTY DISTRICT COURT and all of its divisions (Family Court, Juvenile Court, Civil Court, Small Claim Court Division);
17) TULSA COUNTY PUBLIC DEFENDER'S OFFICE;
18) OKLAHOMA BAR ASSOCIATION (OBA);
19) OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS (COJC);
20) BOARD OF COUNTY COMMISSIONERS OF COUNTY OF TULSA (BOCC);
21) OKLAHOMA STATE AUDITOR & INSPECTOR;
22) Stephen Hale also known as (a/k/a) STEPHEN E. HALE, in his individual capacity and in official capacity as Guardian-ad-litem (GAL) and B.A.R. CARD ATTORNEY;
23) THE LAW OFFICE OF STEPHEN E. HALE, an Oklahoma professional limited liability company;
24) Gilbert Pilkington, Jr., a/k/a GILBERT J. PILKINGTON, JR., in his individual capacity and in official capacity as Officer of the Court of Oklahoma and as B.A.R. CARD ATTORNEY;
25) PILKINGTON LAW FIRM, PLLC, an Oklahoma professional limited liability company;
26) Emmalene Stringer a/k/a EMMALENE STRINGER, in her individual and official capacity as DHS CSS State's Attorney and B.A.R. CARD ATTORNEY;
27) Bridget O'brien or Bridget K. Menser a/k/a BRIDGET O'BRIEN or BRIDGET KAY MENSER, in her individual and official capacity as CPS caseworker;
28) Steve Johnson a/k/a STEVE JOHNSON in his individual and in official capacity as AGENT OF TULSA GRAND JURY OF OKLAHOMA and B.A.R. CARD ATTORNEY;

*Fee Paid*
*0 Summons*

---

29) Greg Mashburn a/k/a GREG MASHBURN, in his individual and in official capacity as Director of the Oklahoma State Bureau of Investigation (OSBI)

30) Aungela Spurlock a/k/a AUNGELA SPURLOCK in their individual and in official capacity as DIRECTOR OF OKLAHOMA STATE BUREAU OF INVESTIGATION and B.A.R. CARD ATTORNEY;

31) Penny Hamrick a/k/a PENNY HAMRICK in her individual and in official capacity as DETECTIVE OF OWASSO POLICE DEPARTMENT OF ROGERS COUNTY

32) Jacob R. Williamson a/k/a JACOB R WILLIAMSON, in his individual capacity and in official capacity as Tulsa County District Court Sheriff employee;

33) Leah Sukovaty a/k/a LEAH SUKOVATY, in her individual capacity and in official capacity as DHS CPS SUPERVISOR

34) Shasta Miller a/k/a SHASTA MILLER, in her individual capacity and in official capacity as DHS CPS SUPERVISOR

35) Leah Sukovaty a/k/a LEAH SUKOVATY, in her individual capacity and in official capacity as DHS CPS SUPERVISOR;

36) Jessica Martin a/k/a JESSICA MARTIN, in her individual capacity and in official capacity as DHS CPS PROGRAM FIELD REPRESENTATIVE (CASE WORKER)

37) Laurie Morris a/k/a LAURIE ANNE MORRIS, in her individual capacity and in official capacity as APPEAL REPRESENTATIVE, CHILDREN AND FAMILY SERVICES DIVISION (CFSD)

38) Deborah Eddingfield a/k/a DEBORAH L. EDDINGFIELD, in her individual capacity and in official capacity as DHS ADMINISTRATIVE ASSISTANT II

39) Taylor Hendricks a/k/a TAYLOR HENDRICKS, in her individual capacity and in official capacity as PRIMARY FACILITATOR FOR CPS SAFETY MEETING;

40) Larisa Grecu-Radu a/k/a LARISA GRECU-RADU, in her individual capacity and in official capacity as DHS SUPERVISOR;

41) Jennifer Fullerton a/k/a JENNIFER FULLERTON, in her individual capacity and in official capacity as CPS CASEWORKER

42) Jerica Carmichael a/k/a JERICA CARMICHAEL, in her individual capacity and in official capacity as CWS STAFF

43) Cheryl Hall a/k/a CHERYL HALL, n her individual capacity and in official capacity as PROFESSIONAL VISITATION SUPERVISOR, employee of FAMILY VISITATION & SOLUTIONS, LLC

44) Charles Schwab and Co., Inc., in its private-for-profit-business capacity and in its official capacity as FINANCIAL CUSTODIAN FOR FORCED ILLEGAL GARNISHMENT;

45) Jeffrey Cartmell a/k/a JEFFREY CARTMELL in his individual capacity and in official capacity as DHS EXECUTIVE DIRECTOR currently, and his predecessor

46) Deborah Shropshire a/k/a DEBORAH SHROPSHIRE, in her individual capacity and in official capacity as DHS EXECUTIVE DIRECTOR prior to 2025;

47) April Seibert a/k/a APRIL SEIBERT, in her individual capacity and in official capacity as Special Judge of Tulsa County District Court; docket C;

48) Rodney Sparkman a/k/a RODNEY SPARKMAN, in his individual capacity and in official capacity as Special Judge of Tulsa County District Court; docket C;

49) Todd Chesbro a/k/a TODD CHESBRO, in his individual capacity and in official capacity as

Special Judge of Tulsa County District Court; docket C;

50) William Lafortune a/k/a WILLIAM LAFORTUNE, in his individual capacity and in official capacity as Special Judge of Tulsa County District Court; docket C;

51) Deborrah Ludi-Leitch a/k/a DEBORRAH LUDI LEITCH, in her individual capacity and in official capacity as Special Judge of Tulsa County District Court; docket F;

52) Loretta Radford a/k/a LORETTA RADFORD, in her individual capacity and in official capacity as Special Judge of Tulsa County District Court; docket F;

53) STATE BOARD OF OSTEOPATHIC EXAMINERS, in its individual capacity and in official capacity as LICENSURE AUTHORITY;

54) Sadie Temple a/k/a SADIE TEMPLE, in her individual capacity and in official capacity as COURT APPOINTED PUBLIC DEFENDER;

55) Marci Jefferson a/k/a MARCI JEFFERSON, in her individual capacity and in official capacity as COURT APPOINTED PUBLIC DEFENDER;

56) Martha Rupp Carter a/k/a MARTHA RUPP CARTER, in her individual capacity and in official capacity as Juvenile Court Judge;

57) Theresa Dreiling a/k/a THERESA DREILING, in her individual capacity and in official capacity as Juvenile Court Judge;

58) Robert Perugino a/k/a ROBERT PERUGINO, and

59) April Seibert a/k/a APRIL SEIBERT; and

60) Rodney Sparkman a/k/a RODNEY SPARKMAN, and

61) Todd Chesbro a/k/a TODD CHESBRO, and

62) Robert Perugino a/k/a ROBERT PERUGINO, and

63) William LaFortune a/k/a WILLIAM LAFORTUNE, in their individual capacities and in official capacities as Special Judges of Tulsa County District Court;

64) Martha Rupp Carter a/k/a MARTHA RUPP CARTER, and

65) Theresa Dreiling a/k/a THERESA DREILING, in their individual and official capacity as Juvenile Court Judges;

66) Dawn Moody a/k/a DAWN MOODY, and

67) Doug Drummond a/k/a DOUG DRUMMOND in their individual and official capacity as Presiding Judges;

68) Samantha Boen a/k/a SAMANTHA BOEN, in her individual capacity and in official capacity as Bailiff of Tulsa County District Court;

69) Kacharra Mansker a/k/a KACHARRA MANSKER, in her individual capacity and in official capacity as Court Clerk of Tulsa County District Court;

70) Vic Regalado a/k/a VIC REGALADO, in his individual capacity and in official capacity as SHERIFF OF TULSA COUNTY; Jennifer Regalado a/k/a JENNIFER REGALADO, in her individual capacity and in official capacity as Spouse of SHERIFF OF TULSA COUNTY;

71) Tracy Nester a/k/a TRACY NESTER in her individual and in official capacity as ASSISTANT GENERAL COUNSEL OFFICE OF OKLAHOMA BAR ASSOCIATION;

72) Gina Hendryx a/k/a GINA HENDRYX in her individual and in official capacity as GENERAL COUNSEL OFFICE OF OKLAHOMA BAR ASSOCIATION;

73) Richard Rose a/k/a RICHARD ROSE in her individual and in official capacity as CHAIRMAN OF OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS;

74) Taylor Henderson a/k/a TAYLOR HENDERSON in her individual and in official capacity as

DIRECTOR OF OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS;

75) Vicki Cox a/k/a VICKI COX in her individual and in official capacity as TRIAL COURT ADMINISTRATOR OF TULSA COUNTY DISTRICT COURT and other times acts as ADA COORDINATOR OF TULSA COUNTY;

76) Kim Hall a/k/a KIM HALL in her individual and in official capacity as TRIAL COURT ADMINISTRATOR OF TULSA COUNTY DISTRICT COURT and other times acts as ADA COORDINATOR OF TULSA COUNTY;

77) Kathy Burrows a/k/a KATHY BURROWS in her individual and in official capacity as ADA 504 COORDINATOR;

78) John M. O'connor a/ka JOHN MICHAEL O'CONNOR, and

79) Gentner Drummond a/k/a GENTNER DRUMMOND, in their individual and in official capacities as Attorney General of Oklahoma;

80) Wendy Drummond a/k/a WENDY DRUMMOND, in her individual capacity and in official capacity as Spouse of OKLAHOMA ATTORNEY GENERAL;

81) John Kevin Stitt, a/k/a, J. KEVIN STITT, in his individual capacity and in official capacity as GOVERNOR OF OKLAHOMA;

82) Sarah Hazen Stitt a/k/a SARAH HAZEN STITT in her individual capacity and in official capacity as Spouse of GOVERNOR OF OKLAHOMA;

83) Kevin C. Leitch a/k/a KEVIN C. LEITCH, in his individual capacity and in official capacity as Spouse of Special Judge Deborrah LudiLeitch of Tulsa County District Court;

84) Ciera Freeman a/k/a CIERRA N FREEMAN in her individual capacity and in official capacity as COURT APPOINTED STAND-BY/ADVISORY ATTORNEY FOR CONTEMPT OF COURT CHILD SUPPORT ENFORCEMENT and as B.A.R. CARD ATTORNEY;

85) Chandler Moxley a/k/a CHANDLER MOXLEY in her individual capacity and in official capacity as B.A.R. CARD ATTORNEY and as Officer of the Court of Oklahoma;

86) MOXLEY LAW FIRM, PLLC;

87) Dale Warner a/k/a DALE WARNER in his individual capacity and in official capacity as B.A.R. CARD ATTORNEY and as Officer of the Court of Oklahoma;

88) DALE WARNER LAW FIRM;

89) Erica Parks a/k/a ERICA PARKS, in her individual capacity and in official capacity as B.A.R. CARD ATTORNEY and as Officer of the Court of Oklahoma;

90) ERICA PARKS LAW FIRM, PLLC, an Oklahoma professional limited liability company;

91) Charles Shannon a/k/a CHARLES SHANNON in his individual capacity and in official capacity as RESIDENT AGENT-IN-CHARGE OF U.S. DEPARTMENT OF STATE, NATIONAL PASSPORT CENTER;

92) DOES #1-99 known but unidentified OKLAHOMA STATE's employees,
    *Defendants*.

---

## FEDERAL CIVIL CLAIMS FOR DAMAGES UNDER BIVENS, 42 U.S.C. §§ 1983, 1985, 1986, AND THE FEDERAL TORT CLAIMS ACT (FTCA), FOR VIOLATIONS OF CONSTITUTIONAL RIGHTS, CIVIL LIBERTIES, AND DEPRIVATION OF RIGHTS UNDER COLOR OF LAW

**COMES NOW**, i, Linh Tran Stephens, a natural living woman breathing with a living soul and Holy Spirit, one-and-only agent and beneficiary of LINH TRAN STEPHENS©®,*sui juris*, and submits this *FEDERAL CIVIL CLAIMS FOR DAMAGES UNDER BIVENS, 42 U.S.C. §§ 1983, 1985, 1986, AND THE FEDERAL TORT CLAIMS ACT (FTCA), FOR VIOLATIONS OF CONSTITUTIONAL RIGHTS, CIVIL LIBERTIES, AND DEPRIVATION OF RIGHTS UNDER COLOR OF LAW* against the above-named Defendants for violations of civil rights, constitutional protections, and deprivation of rights under color of law. Plaintiff, as one of "We the People," is the sovereign and the ultimate source of all governmental authority in America, to whom allegiance is owed, not to governmental agencies or public servants. These public servants derive their limited authority from the consent of the governed, which Plaintiff did not provide for the unconstitutional actions detailed herein.

i am not a surety and i do not consent to any attempted body attachment warrant.

i make permanent and continuous objections to any special judges or magistrates and alternatives or substitutes other than article iii constitutional judges using common law and constitutional law.

i reserve the right to amend this petition at any time.

Evidence is in public records, some in public folder online[1] at https://tinyurl.com/4cdv5u56

[**Exhibit #1**]

---

[1] Proof of claims, more evidence is available upon request, but major ones were made accessible on-line in EVIDENCE FOLDER at https://tinyurl.com/4cdv5u56

TABLE OF CONTENTS:                                    Page #

**I. JURISDICTION AND VENUE**..................................................................................... **8**

**II. PARTIES**................................................................................................................ **10**

**III. STATEMENT OF FACTS Sworn Affidavit of Truth**......................................... **18**

**IV. VERIFIED CAUSES OF ACTION / CLAIMS**.................................................... **36**

    CAUSE OF ACTION CLAIM # 1 – VIOLATION OF 42 USC §1983 — DEPRIVATION OF
CONSTITUTIONAL RIGHTS UNDER COLOR OF LAW – against all Defendants...........36

    CAUSE OF ACTION CLAIM # 2 – VIOLATION OF FULL FAITH AND CREDIT
CLAUSE (U.S. Const. Art. IV, § 1) – against all Defendants................................................. 37

    CAUSE OF ACTION CLAIM # 3 – VIOLATION OF DUE PROCESS - FOURTEENTH
AMENDMENT (42 U.S.C. § 1983) – against all Defendants.................................................38

    CAUSE OF ACTION CLAIM # 4 – VIOLATION OF FIFTH AMENDMENT -
SELF-INCRIMINATION (42 U.S.C. § 1983) – against all Defendants................................. 41

    CAUSE OF ACTION CLAIM # 5 – VIOLATION OF EIGHTH AMENDMENT - CRUEL
AND UNUSUAL PUNISHMENT (42 U.S.C. § 1983) – against all Defendants................... 42

    CAUSE OF ACTION CLAIM # 6 – ERISA VIOLATIONS - UNLAWFUL
GARNISHMENT OF RETIREMENT ACCOUNTS (29 U.S.C. § 1056(d)) – against all
Defendants........................................................................................................................... 44

    CAUSE OF ACTION CLAIM # 7 – VIOLATION OF RIGHT TO INTERNATIONAL
TRAVEL - PASSPORT REVOCATION (42 U.S.C. § 1983) – against all Defendants.......... 46

    CAUSE OF ACTION CLAIM # 8 – AMERICANS WITH DISABILITIES ACT
VIOLATIONS (42 U.S.C. § 12101 et seq.) – against all Defendants.....................................47

    CAUSE OF ACTION CLAIM # 9 – FIRST AMENDMENT VIOLATIONS - SPEECH,
RELIGION, AND ASSOCIATION (42 U.S.C. § 1983) – against all Defendants..................48

    CAUSE OF ACTION CLAIM # 10 – FRAUD AGAINST THE FEDERAL
GOVERNMENT - FALSE CLAIMS ACT (31 U.S.C. § 3729 et seq.) – against all
Defendants........................................................................................................................... 49

    CAUSE OF ACTION CLAIM # 11 – EQUAL PROTECTION VIOLATIONS -
FOURTEENTH AMENDMENT (42 U.S.C. § 1983) – against all Defendants.....................51

    CAUSE OF ACTION CLAIM # 12 – CONSPIRACY TO INTERFERE WITH CIVIL
RIGHTS (42 U.S.C. § 1985) – against all Defendants......................................................... 52

    CAUSE OF ACTION CLAIM # 13 – FAILURE TO PREVENT CIVIL RIGHTS
VIOLATIONS (42 U.S.C. § 1986) – against all Defendants.................................................53

    CAUSE OF ACTION CLAIM # 14 – MONELL CLAIMS - UNCONSTITUTIONAL
POLICIES AND PRACTICES (42 U.S.C. § 1983) – against all government Defendants.....53

    CAUSE OF ACTION CLAIM # 15 – RETALIATION FOR PROTECTED ACTIVITY (42
U.S.C. § 1983) – against all Defendants...............................................................................54

    CAUSE OF ACTION CLAIM # 17 – CONSPIRACY AGAINST RIGHTS (CRIMINAL
CLAIM) (18 U.S.C. § 241) – against all Defendants........................................................... 57

CAUSE OF ACTION CLAIM # 18 –VIOLATION OF ADA TITLE II, 42 USC §12131 et seq. – against all Defendants, especially Judge April Seibert, ADA Coordinator Vicki Cox, and the Tulsa District Court, and others for complicit and failure to report violations...........58

CAUSE OF ACTION CLAIM # 19 — FRAUD UPON THE COURT / VOID JUDGMENTS / VIOLATION OF MARBURY v. MADISON – against all Defendants................................59

CAUSE OF ACTION CLAIM # 20 — TORT OF OUTRAGE, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS — against all Defendants, especially Adam Stephens, DHS agents, judicial officers.....................................................................................59

CAUSE OF ACTION CLAIM # 21 — UNLAWFUL PRACTICE OF MEDICINE — 18 USC §1347 Health Care Fraud – Against: Stephen E. Hale, Bridget O'brien, April Seibert, Medical Board OSBOE.................................................................................................................59

162. Defendants without mental health license nor medical license to practice mental health recommended psychiatric evaluations and false reports used to deprive custody...................60

CAUSE OF ACTION CLAIM # 22 — CIVIL RICO 18 USC §1962, FRAUD AND CONSPIRACY – against all Defendants especially DHS CSS CPS, GAL Hale, Bridget O'Brien, various judges operating as enterprise engaging in a pattern of racketeering activity including fraud, deprivation of rights under color of law, forgery of signatures, extortionate collection of child support funds................................................................................................60

CAUSE OF ACTION CLAIM # 23 — DEMAND FOR CRIMINAL REFERRAL UNDER 18 USC §241, §242 – against all Defendants...........................................................................60

**V. PERMANENT JURISDICTIONAL OBJECTION:**.............................................................**60**

**VI. RELIEF SOUGHT**.....................................................................................................................**60**

**VII. DEMAND FOR JURY TRIAL**..............................................................................................**65**

**VIII. ADDITIONAL RELIEF REQUESTED**...............................................................................**65**

**IX. EXHIBIT(S)**................................................................................................................................**65**

**AVOUCHMENT / VERIFICATION**............................................................................................**65**

**Notary as JURAT CERTIFICATE**.............................................................................................**67**

**CERTIFICATE OF SERVICE**.....................................................................................................**68**

## I. JURISDICTION AND VENUE

1.  This honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2671 et seq.
    (Federal Tort Claims Act), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil
    rights), 42 U.S.C. § 1983 (deprivation of rights under color of law), 42 U.S.C. § 1985
    (conspiracy to interfere with civil rights), 28 U.S.C. § 1367 (supplemental jurisdiction); and
    42 U.S.C. § 1988 (proceedings in vindication of civil rights), 28 U.S.C. § 2241 (Habeas
    Corpus) as it pertains to the unlawful detention of Plaintiff's minor child, G.L.S., by state
    actors in violation of her and Plaintiff's constitutional rights to liberty and family association.

2.  Independently, jurisdiction for this case is also conferred because the amount arguing over is
    greater than $75,000 ("Jeep and Trailer in lieu of child support" taken by Father and then
    breaching of contract demanding cash child support are more than $90,000), and a female
    offspring biological property that is worth millions of dollars

3.  Because there are both federal question jurisdiction *and* diversity jurisdiction *and* the high
    amount of value in this case, Plaintiff may also include relevant claims in demand that would
    not independently belong in federal court because a federal court's authority to hear related
    non-federal claims is called **supplemental jurisdiction** (28 U.S.C. §1367).

4.  The Rooker-Feldman doctrine does NOT bar the exercise of subject matter jurisdiction over
    this case. Obviously, Plaintiffs' claims were not a de facto appeal from the juvenile court
    orders. Instead, Plaintiffs alleged that the misrepresentations and inaction by social workers
    and other County employees resulted in violations of their constitutional rights.

5.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as a substantial part of the
    events giving rise to the claim against STATE OF OKLAHOMA's employees and its

agencies continue to affect this living woman Linh Tran Stephens (Plaintiff) in this District known as Charleston, South Carolina, where i now dwell and maintain my natural domicile after having been forced to relocate due to the unconstitutional actions of Defendants, with ongoing injuries continuing to affect me in South Carolina through passport revocation affecting my right to travel from this district, denial of parental rights, and other continuing harms.

6.  Plaintiff has exhausted administrative remedies by submitting a Notice of Tort Claim to the State of Oklahoma on September 24, 2024, pursuant to 51 O.S. § 151 et seq. and 28 U.S.C § 2401, which has been denied as of December 17, 2024 under claim # 2520034513 and more than 180 days have passed without resolution and ongoing violations' new notices ignored

7.  Frauds upon the courts also without statute of limitation and Jurisdictional challenges can be raised at any time

    a.  *United States v. United Mine Workers of America*, 330 U.S. 258 (1947) "A court must have jurisdiction as a prerequisite to its power to act, and a lack of subject matter jurisdiction renders a judgment void." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998) "Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Mireles v. Waco*, 502 U.S. 9 (1991) If a court acts in the complete absence of jurisdiction, judicial immunity does not apply. *Mansfield, Coldwater & Lake Michigan Ry. Co. v. Swan*, 111 U.S. 379 (1884) "The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation."

    b.  *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944) The Supreme Court

held that where a judgment was obtained through fraud upon the court, it may be set

aside **regardless of time elapsed**.*United States v. Throckmorton*, 98 U.S. 61 (1878)

Although distinguishing intrinsic and extrinsic fraud, the court acknowledged that **fraud**

**on the court permits equitable relief without regard to statutes of limitations.**

*Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) Courts have the inherent authority to

**vacate judgments tainted by fraud**, and this power is **not constrained by procedural**

**rules or time limitations**. *Standard Oil Co. of California v. United States*, 429 U.S. 17

(1976) The U.S. Supreme Court has consistently held that courts may set aside judgments

obtained by fraud upon the court without time restriction.

c.  **Fraud vitiates everything**, including judicial orders (U.S. v. Throckmorton). Courts

have **inherent power** to protect the integrity of the judicial process (Chambers v.

NASCO). A void judgment due to **lack of jurisdiction or fraud** is a legal nullity and

may be attacked **at any time**, in any proceeding.

## II. PARTIES

0.  Plaintiff Linh Tran Stephens, aka linh-tran: stephens, am a "free [nonblack] person" and

stateless citizen ("woman" of the "Union"), in accordance with the statements made by

Honorable Justice Miller in the Slaughter-House Cases, 83 US 36 (U.S. Supreme Court -

1873), and Honorable Chief Justice Wallace in ELLEN R. VAN VALKENBURG v.

ALBERT BROWN, 43 Cal. 43 (California Supreme Court - 1872). i am not and have never

been a U.S. citizen, as clearly delineated in 28 USC 1332(a)(1). My rights derive from Bill of

Rights, not from Fourteenth Amendment. i am neither a negro nor a descendant of such. i

would be considered a "people" in plural usage. My biological property is G.L.Stephens as

my flesh and blood female offspring.

Meanwhile, LINH TRAN STEPHENS©® is a Fourteenth Amendment US citizen in accordance with 8 USC 1401(a), deriving her standing from the privileges and immunities available in the Fourteenth Amendment, and would be termed a "person" in plural usage. She was born on February 09th, 1984. She falls under the subheading of "individual" in the definition of the word "person" as described in 8 USC 1101(b)(3). The legal structure of LINH TRAN STEPHENS©® is a sole proprietorship. Her EIN number is the "Social Security Number" that was used on the original notes, in accordance with 26 CFR 301.7701-11. LINH TRAN STEPHENS©® is, in terms of the Commercial Codes, the represented person/account holder/issuer of the original notes.

Plaintiff currently resides in Charleston County, South Carolina, and is a natural woman who previously served as an active-duty officer in the U.S. Navy Medical Corps for five years followed by employment at Veterans Affairs and Indian Health Services at Cherokee Nation until 2020 and since no longer a federal employee but strictly a civilian, therefore has rights which she never waived and will never waive any of her rights.

**Following Defendants are government agencies, departments, courts, state/county entities:**

1. STATE OF OKLAHOMA
2. OKLAHOMA ATTORNEY GENERAL OFFICE (OAG)
3. OKLAHOMA STATE BUREAU OF INVESTIGATION (OSBI)
4. OKLAHOMA DEPARTMENT OF HUMAN SERVICES (OKDHS) and all of its divisions
5. DAVID L. MOSS CRIMINAL JUSTICE CENTER
6. OKLAHOMA SHERIFFS' ASSOCIATION
7. OKLAHOMA STATE GOVERNOR'S OFFICE
8. OKLAHOMA PASSPORT CENTER
9. UNITED STATES DEPARTMENT OF STATE
10. OKLAHOMA CHILD PROTECTIVE SERVICES (CPS)
11. OKLAHOMA CHILD SUPPORT SERVICES (CSS)

12. OKLAHOMA OFFICE OF ADMINISTRATIVE HEARINGS (OAH)
13. OKLAHOMA COMMISSION ON CHILDREN AND YOUTH (OCCY)
14. OFFICE OF LEGAL SERVICES OKLAHOMA HUMAN SERVICES
15. OKLAHOMA SUPREME COURT
16. TULSA COUNTY DISTRICT COURT and all of its divisions
17. TULSA COUNTY PUBLIC DEFENDER'S OFFICE
18. OKLAHOMA BAR ASSOCIATION (OBA)
19. OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS (COJC)
20. BOARD OF COUNTY COMMISSIONERS OF COUNTY OF TULSA (BOCC)
21. OKLAHOMA STATE AUDITOR & INSPECTOR
22. STATE BOARD OF OSTEOPATHIC EXAMINERS

**The following Defendants are judicial officers and court personnel, and employees of**

**STATE OF OKLAHOMA through various contracts:**

1. April Seibert, in her individual and official capacity as Special Judge, Tulsa County District Court
2. Rodney Sparkman, in his individual and official capacity as Special Judge, Tulsa County District Court
3. Todd Chesbro, in his individual and official capacity as Special Judge, Tulsa County District Court
4. William LaFortune, in his individual and official capacity as Special Judge, Tulsa County District Court
5. Deborrah Ludi-Leitch, in her individual and official capacity as Special Judge, Tulsa County District Court
6. Loretta Radford, in her individual and official capacity as Special Judge, Tulsa County District Court
7. Wilma Palmer, in her individual and official capacity as Special Judge, Tulsa County District Court
8. Martha Rupp Carter, in her individual and official capacity as Juvenile Court Judge
9. Theresa Dreiling, in her individual and official capacity as Juvenile Court Judge
10. Dawn Moody, in her individual and official capacity as Presiding Judge
11. Doug Drummond, in his individual and official capacity as Presiding Judge
12. Samantha Boen, in her individual capacity and official capacity as Bailiff of Tulsa County District Court
13. Kacharra Mansker, in her individual capacity and official capacity as Court Clerk of Tulsa County District Court
14. Vicki Cox, in her individual and official capacity as TRIAL COURT ADMINISTRATOR OF TULSA COUNTY DISTRICT COURT and ADA COORDINATOR
15. Kim Hall, in her individual and official capacity as TRIAL COURT ADMINISTRATOR OF TULSA COUNTY DISTRICT COURT and ADA COORDINATOR
16. Kathy Burrows, in her individual and official capacity as ADA 504 COORDINATOR

**The following Defendants are government officials and employees:**

1. Steven Buck, in his individual and official capacity as DHS EXECUTIVE DIRECTOR
2. Jeffrey Cartmell a/k/a JEFFREY CARTMELL in his individual capacity and in official capacity as DHS EXECUTIVE DIRECTOR currently, and his predecessor
3. Deborah Shropshire, in her individual and official capacity as DHS EXECUTIVE DIRECTOR
4. Bridget O'brien/Menser, in her individual and official capacity as CPS caseworker
5. Stephanie Coulter, in her individual and official capacity as DHS CPS SUPERVISOR
6. Leah Sukovaty, in her individual and official capacity as DHS CPS SUPERVISOR
7. Larisa Grecu-Radu, in her individual and official capacity as DHS SUPERVISOR
8. Vic Regalado, in his individual and official capacity as SHERIFF OF TULSA COUNTY
9. Jacob R. Williamson, in his individual capacity and official capacity as Tulsa County Sheriff's Deputy
10. Steve Johnson, in his individual and official capacity as AGENT OF TULSA GRAND JURY
11. John M. O'connor and Gentner Drummond, in their individual and official capacities as Attorney General of Oklahoma
12. J. Kevin Stitt, in his individual and official capacity as GOVERNOR OF OKLAHOMA
13. Richard Rose, in his individual and official capacity as CHAIRMAN OF OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS
14. Taylor Henderson, in her individual and official capacity as DIRECTOR OF OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS
15. Tracy Nester, in her individual and official capacity as ASSISTANT GENERAL COUNSEL OF OKLAHOMA BAR ASSOCIATION
16. Gina Hendryx, in her individual and official capacity as GENERAL COUNSEL OF OKLAHOMA BAR ASSOCIATION
17. Charles Shannon, in his individual capacity and official capacity as RESIDENT AGENT-IN-CHARGE OF U.S. DEPARTMENT OF STATE, NATIONAL PASSPORT CENTER

**The following Defendants are attorneys acting under color of state law:**

1. Stephen E. Hale, in his individual capacity and official capacity as Guardian-ad-litem and B.A.R. CARD ATTORNEY
2. THE LAW OFFICE OF STEPHEN E. HALE, an Oklahoma professional limited liability company
3. Gilbert J. Pilkington, Jr., in his individual capacity and official capacity as Officer of the Court and B.A.R. CARD ATTORNEY
4. PILKINGTON LAW FIRM, PLLC, an Oklahoma professional limited liability company
5. Emmalene Stringer, in her individual and official capacity as DHS CSS State's Attorney and B.A.R. CARD ATTORNEY
6. Sadie Temple, in her individual capacity and official capacity as COURT APPOINTED PUBLIC DEFENDER
7. Marci Jefferson, in her individual capacity and official capacity as COURT APPOINTED PUBLIC DEFENDER

8. Cierra N Freeman, in her individual capacity and official capacity as COURT APPOINTED STAND-BY/ADVISORY ATTORNEY
9. Chandler Moxley, in her individual capacity and official capacity as B.A.R. CARD ATTORNEY
10. MOXLEY LAW FIRM, PLLC
11. Dale Warner, in his individual capacity and official capacity as B.A.R. CARD ATTORNEY
12. DALE WARNER LAW FIRM
13. Erica Parks, in her individual capacity and official capacity as B.A.R. CARD ATTORNEY
14. ERICA PARKS LAW FIRM, PLLC

**The following Defendants are private entities and individuals:**

1. Charles Schwab and Co., Inc., in its private-for-profit-business capacity and official capacity as FINANCIAL CUSTODIAN FOR FORCED ILLEGAL GARNISHMENT
2. Adam Sylvester Stephens, in his individual capacity as ex-husband and father of G.L.S.
3. Jennifer Regalado, in her individual capacity and official capacity as Spouse of SHERIFF OF TULSA COUNTY
4. Wendy Drummond, in her individual capacity and official capacity as Spouse of OKLAHOMA ATTORNEY GENERAL
5. Sarah Hazen Stitt, in her individual capacity and official capacity as Spouse of GOVERNOR OF OKLAHOMA
6. Kevin C. Leitch, in his individual capacity and official capacity as Spouse of Special Judge Deborrah Ludi-Leitch
7. DOES #1-99, known but unidentified OKLAHOMA STATE's employees

**These are specific descriptions of Defendants:**

1. **Defendant #1: STATE OF OKLAHOMA**: A sovereign entity organized under the laws of the United States of America, sued to the extent permitted by law and to the extent it has waived immunity through its actions and through acceptance of federal funding in the areas of child welfare, child support enforcement, and court administration. The STATE OF OKLAHOMA is a corporate entity functioning as a state government with the DUNS Number 933539215, and is subject to constitutional limitations and federal laws. Address: 313 NE 21st Street, Oklahoma City, OK 73105.
2. **Defendant #2: OKLAHOMA ATTORNEY GENERAL OFFICE (OAG)**: The chief legal and law enforcement office of the State of Oklahoma, responsible for representing the State and its agencies in legal proceedings, providing legal advice to state officials, and enforcing state laws. The OAG is subject to constitutional limitations and federal laws and is sued for its role in enabling and failing to prevent constitutional violations. Address: 313 NE 21st Street, Oklahoma City, OK 73105.
3. **OKLAHOMA STATE BUREAU OF INVESTIGATION (OSBI)**: A state law enforcement agency that has refused to investigate documented child abuse and governmental misconduct despite repeated legislative directives. The OSBI is subject to

constitutional limitations and federal laws and is sued for its deliberate indifference to rights violations. Address: 6600 N Harvey Pl, Oklahoma City, OK 73116.

4. **OKLAHOMA DEPARTMENT OF HUMAN SERVICES (OKDHS)**: A state agency responsible for administering social services including child welfare services, child protective services, and child support enforcement. OKDHS is subject to constitutional limitations and federal laws and is sued for its policies, practices, and direct participation in rights violations. Address: 2400 N. Lincoln Blvd., Oklahoma City, OK 73105.

5. **DAVID L. MOSS CRIMINAL JUSTICE CENTER**: The Tulsa County jail facility where Plaintiff was unlawfully imprisoned and subjected to constitutional rights violations. This facility is subject to constitutional limitations and federal laws and is sued for its conditions of confinement and treatment of Plaintiff. Address: 300 N. Denver Ave. Tulsa, OK 74103.

6. **OKLAHOMA SHERIFFS' ASSOCIATION**: A professional organization representing county sheriffs across Oklahoma that establishes standards, provides training, and influences law enforcement policies. This entity is subject to constitutional limitations and federal laws and is sued for its role in establishing unconstitutional policies and practices. Address: 1615 South State Street, Edmond, OK 73013.

7. **OKLAHOMA STATE GOVERNOR'S OFFICE**: The executive office of the State of Oklahoma, responsible for overall administration of state government and oversight of state agencies. This office is subject to constitutional limitations and federal laws and is sued for its supervisory role and failure to prevent rights violations. Address: 2300 N. Lincoln Blvd., Suite 212, Oklahoma City, OK 73105.

8. **OKLAHOMA PASSPORT CENTER**: A governmental entity that improperly revoked Plaintiff's passport without due process. This entity is subject to constitutional limitations and federal laws and is sued for its direct violation of Plaintiff's right to international travel. Address: 207 International Dr, Portsmouth, NH 03801-6827 (National Passport Center physical location that handles Oklahoma passport matters).

9. **UNITED STATES DEPARTMENT OF STATE**: A federal agency responsible for passport revocation that violated Plaintiff's constitutional rights to travel. This agency is subject to constitutional limitations and federal laws and is sued for its direct participation in rights violations. Address: 2201 C St NW, Washington, DC 20520.

10. **OKLAHOMA CHILD PROTECTIVE SERVICES (CPS)**: A division of OKDHS responsible for administering child protective services. CPS is subject to constitutional limitations and federal laws and is sued for its policies, practices, and direct participation in the unlawful removal of Plaintiff's child. Address: P.O. Box 25352, Oklahoma City, OK 73125-0352.

11. **OKLAHOMA CHILD SUPPORT SERVICES (CSS)**: A division of OKDHS responsible for administering child support enforcement. CSS is subject to constitutional limitations and federal laws and is sued for its unconstitutional garnishment practices, fraudulent Title IV-D claims, and direct participation in rights violations. Address: PO Box 248822, Oklahoma City, OK 73124.

12. **OKLAHOMA OFFICE OF ADMINISTRATIVE HEARINGS (OAH)**: A state agency responsible for conducting administrative hearings for various state agencies. OAH is subject to constitutional limitations and federal laws and is sued for its failure to

provide due process in administrative proceedings. Address: 2401 NW 23rd St, Suite 1A, Oklahoma City, OK 73107.

13. **OKLAHOMA COMMISSION ON CHILDREN AND YOUTH (OCCY)**: A state agency responsible for oversight of children's services and protection of children's rights. OCCY is subject to constitutional limitations and federal laws and is sued for its failure to fulfill its statutory mandate to protect children's rights and welfare. Address: 2915 N Classen Blvd, Suite 300, Oklahoma City, OK 73106.

14. **OFFICE OF LEGAL SERVICES OKLAHOMA HUMAN SERVICES**: The legal division of OKDHS responsible for providing legal advice and representation to the department. This office is subject to constitutional limitations and federal laws and is sued for its role in facilitating unconstitutional actions. Address: 2400 N. Lincoln Blvd., Oklahoma City, OK 73105.

15. **OKLAHOMA SUPREME COURT**: The highest appellate court in Oklahoma, responsible for oversight of the state judicial system. This court is subject to constitutional limitations and federal laws and is sued for its administrative failures in supervising lower courts. Address: 2100 N Lincoln Blvd, Suite 4, Oklahoma City, OK 73105.

16. **TULSA COUNTY DISTRICT COURT**: A judicial entity with DUNS Number 808771468, operating under color of law and subject to constitutional limitations and federal laws, responsible for family court matters. This court is sued to the extent permitted by law for its systematic due process violations, gender bias, and other constitutional violations. Address: 500 S. Denver Avenue, Tulsa, OK 74103.

17. **TULSA COUNTY PUBLIC DEFENDER'S OFFICE**: A public agency responsible for providing legal representation to indigent defendants. This office is subject to constitutional limitations and federal laws and is sued for its failure to provide adequate representation and protect the rights of Plaintiff's child. Address: 423 S Boulder Ave, Suite 300, Tulsa, OK 74103.

18. **OKLAHOMA BAR ASSOCIATION (OBA)**: A state agency responsible for attorney regulation and discipline. The OBA is subject to constitutional limitations and federal laws and is sued for its failure to address attorney misconduct that facilitated constitutional violations. Address: 1901 N Lincoln Blvd, Oklahoma City, OK 73105.

19. **OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS (COJC)**: A state agency responsible for investigating complaints against judges. This entity is subject to constitutional limitations and federal laws and is sued for its systematic failure to address judicial misconduct. Address: 1901 N Lincoln Blvd, Suite 275, Oklahoma City, OK 73105.

20. **BOARD OF COUNTY COMMISSIONERS OF TULSA (BOCC)**: The governing body of Tulsa County responsible for county operations and fiscal management. This entity is subject to constitutional limitations and federal laws and is sued for its policies and practices that enabled constitutional violations. Address: 218 W. 6th St., Tulsa, OK 74119-1004.

21. **OKLAHOMA STATE AUDITOR & INSPECTOR**: A state agency responsible for auditing public funds and ensuring proper use of government resources. This entity is subject to constitutional limitations and federal laws and is sued for its failure to detect

and prevent fraudulent Title IV-D claims. Address: 2300 N Lincoln Blvd, Rm 123, Oklahoma City, OK 73105.

22. **Stephen Hale a/k/a STEPHEN E. HALE**: In his individual capacity and in official capacity as Guardian-ad-litem (GAL) and BAR CARD ATTORNEY, who has violated Plaintiff's constitutional rights while acting under color of state law through false reports, unlawful psychiatric evaluations, and conspiracy to deprive Plaintiff of custody. Address: 1825 E. 15th Street, Tulsa, OK 74104.

23. **THE LAW OFFICE OF STEPHEN E. HALE**: An Oklahoma professional limited liability company that has facilitated constitutional violations through its legal practice and is subject to liability for actions taken under color of state law. Address: 1825 E. 15th Street, Tulsa, OK 74104.

24. **Gilbert Pilkington, Jr., a/k/a GILBERT J. PILKINGTON, JR.**: In his individual capacity and in official capacity as Officer of the Court of Oklahoma and as BAR CARD ATTORNEY, who has violated Plaintiff's constitutional rights while acting under color of state law through fraudulent court submissions and conspiracy to interfere with parental rights. Address: P.O. Box 52614, Tulsa, OK 74152-0614.

25. **PILKINGTON LAW FIRM, PLLC**: An Oklahoma professional limited liability company that has facilitated constitutional violations through its legal practice and is subject to liability for actions taken under color of state law. Address: P.O. Box 52614, Tulsa, OK 74152-0614.

26. **Emmalene Stringer a/k/a EMMALENE STRINGER**: In her individual and official capacity as DHS CSS State's Attorney and BAR CARD ATTORNEY, who has violated Plaintiff's constitutional rights while acting under color of state law through fraudulent Title IV-D claims, unlawful garnishment, and conspiracy to violate due process. Address: 3666 N Peoria Ave, Tulsa, OK 74106, or PO BOX 27068, Tulsa, OK 74149; Tel: 918-295-3500, Fax: 918-430-2364, email: emmalene.stringer@okdhs.org and OCSS.contact.TulsaEast@okdhs.org.

27. **Bridget O'brien or Bridget K. Menser a/k/a BRIDGET O'BRIEN or BRIDGET KAY MENSER**: In her individual and official capacity as CPS caseworker who has violated Plaintiff's constitutional rights while acting under color of state law through unlawful child removal, falsified reports, and judicial deception. Address: 3666 N Peoria Ave, Tulsa, OK 74106.

28. **Jacob R. Williamson a/k/a JACOB R WILLIAMSON**: In his individual capacity and in official capacity as Tulsa County District Court Sheriff employee who has violated Plaintiff's constitutional rights while acting under color of state law through threats against court observers and enforcing unlawful orders. Address: 500 S Denver Ave, Tulsa, OK 74103-3832.

29. **Loretta Radford a/k/a LORETTA RADFORD**: In her individual capacity and in official capacity as Special Judge of Tulsa County District Court, docket F, who has violated Plaintiff's constitutional rights while acting under color of state law through denial of due process, ADA violations, and issuing fraudulent bench convictions. Address: 500 S Denver Ave, Tulsa, OK 74103-3832.

30. **Vicki Cox a/k/a VICKI COX**: In her individual and in official capacity as TRIAL COURT ADMINISTRATOR OF TULSA COUNTY DISTRICT COURT and other times

acts as ADA COORDINATOR OF TULSA COUNTY, who has violated Plaintiff's rights under the Americans with Disabilities Act while acting under color of state law through systematic denial of reasonable accommodations. Address: 500 S Denver Ave, Tulsa, OK 74103-3832.

31. **Charles Schwab and Co., Inc.**: In its private-for-profit-business capacity and in its official capacity as FINANCIAL CUSTODIAN FOR FORCED ILLEGAL GARNISHMENT, which violated federal ERISA protections and constitutional rights while acting under color of state law by improperly executing garnishment against protected retirement accounts. Address: 211 Main Street, San Francisco, CA 94105.

32. The individual defendants named herein were at all relevant times employees, agents, or officials of the State of Oklahoma and its agencies, departments, and courts, acting under color of state law. Each defendant participated directly in the violations of my constitutional and statutory rights as detailed herein.

33. Plaintiff is ignorant of the true names and capacities of those Defendants sued herein as Defendant DOES 1-99, and for that reason have sued such Defendants under such fictitious names. Plaintiff will seek leave of Court to amend this Complaint to identify the DOE Defendants when their identities have been ascertained. Each of the fictitious named DOE Defendants was in some manner liable and legally responsible for the harms sustained by Plaintiff in that their conduct caused the damages and injuries set forth herein.

34. Whenever this Complaint makes reference to any act of "Defendants," such allegations shall be deemed to mean all named Defendants, or their officers, agents, managers, representatives, employees, heirs, assignees, customers, tenants, who did or authorized such acts while actively engaged in the operation, management, direction or control of the affairs of Defendants (or any of them) and while acting within the course and scope of their duties, except as specifically alleged to the contrary.

35. At all times relevant to this Complaint, Defendants, and each of them including all DOE Defendants, were the knowing agents and/or alter egos of one another. Defendants directed, ratified, and/or approved each other's conduct and that of each other's agents or employees. Defendants, and each of them including all DOE Defendants, agreed upon, approved or ratified each other's conduct, or otherwise conspired together to commit all of the acts and/or omissions alleged herein.

36. The STATE OF OKLAHOMA Defendants, and each of them, were at all relevant times acting within the course and scope of their duties as employees of the counties of STATE OF OKLAHOMA

37. The STATE OF OKLAHOMA Defendants, and each of them, were at all relevant times acting in conformance with the regularly established customs and practices of the State of Oklahoma including but not limited to County of Tulsa, County of Rogers

38. The STATE OF OKLAHOMA Defendants, and each of them, were at all relevant times acting under color of law.

## III. STATEMENT OF FACTS *Sworn Affidavit of Truth*

| | | |
|---|---|---|
| republic South Carolina } | | *Notice to Agent is Notice to Principal, Notice to Principal is* |
| | }ss | *Notice to Agent, Notice applies to all successors and assigns;* |
| county Charleston | } | *Affidavit is a Form of Evidence; Unrebutted Affidavit Stands as* |
| | | *Truth in Commerce; Silence or NonResponse is Tacit* |
| | | *Acquiescence/Agreement/Dishonor;* |

i, linh-tran: stephens, being of sound mind and competent to make this verification, do hereby

solemnly affirm and declare as follows:

23. No MEDICAL DOCTOR has ever sent me in for a Head CT scan. Adam the exhusband has

    head CT with half the brain missing (CT scan in sealed Tulsa County Court records but I

    refiled on 6/24/25 in 10th circuit appeal court, case no. 25-5063 and also in Evidence Folder

    Exhibit #1). I am a 39 year-old living woman with full-capacity. I am a medical physician, a

    fit Mother to all children and the other child from my current marriage has been safe with me

    the whole time, and am safe to all children in any and all clinical settings.

24. Many medical professionals, including Lisa Milligan De Gunya (a 30 year veteran medical

    professional) and Jerremy Ransdell, D.O., as of today states that I the Plaintiff am Alert and

    Oriented x4, neuro checks are normal. I am calm with evidence based data citing

    appropriately my first amendment right to speak the truth. No one can give any other 'mental

    health' diagnosis to say otherwise. Give my children back to me now.

25. Pursuant to 42 U.S.C. § 1983, Mother is asserting that Tulsa County social workers used

    judicial deception and violated Plaintiff' constitutional rights in securing a juvenile court

    order resulting in unlawful seizure of Mother's minor daughter while the daughter [along

    with her baby brother] were in protective custody of Mother [PO-2021-3843], without notice

    to the Mother or her consent, while deceiving Mother that caseworker will come to her house

to speak to child. Child was NOT in any immediate danger as child was at school for 10 continuous hours. "Immediate danger" means dying within two to six hours, and child was not in any type of danger on that typical school day. Child was perfectly healthy and happy since being dropped off at 8:00am until DHS CPS took her at 6:00pm which was 10 hours window with zero deterioration of wellbeing, if not, teachers and school director who have 20+ years of experience with children would have called DHS CPS or ambulance or cops themselves, unlike the impaired judgment of "immediate danger" and "exigent circumstance" towards child-under-mother's protective order where OKDHS caseworker Bridget O'brien, also known as Bridget Menser, whose background check prior to this kidnapping showed felony charges of hurting minor children under CF-1999-2911.

26. This Federal Claim demonstrates sufficiently alleged facts in support of a reasonable inference that County DHS case workers committed judicial deception that allowed them to be held liable for all of the claims. This deception renders the subsequent actions "fruit of the poisonous tree" and thus void ab initio.

27. This Claim reliably alleged that social workers knowingly and falsely represented to the juvenile court that they had made reasonable efforts to interview everybody when in fact they have NOT interviewed anyone but Father, and lied about what child said (unreliable hearsays) to them during their interview and omitted what Mother said during interview and refused to take the evidence that Mother turned in.

28. Bridget O'brien even later admitted after being confronted on official transcript *of 06/01/2022* that she was telling Mother "**I know you're guilty** [of forcing daughter watching "movie Taken with rape scene therefore mental abuse"] **just by looking at you**," implying

there is no need to inspect movie list nor call any digital experts [for alleged porn-watching].

29. The Mother did not learn of omissions and unilateral

"waiving-by-caseworker-and-malpracticing-lawyers-despite-not-having-POA-over-Mother-nor-for-youth-G.L.Stephens-who-can-speak-for-herself" of forensic exam for daughter, of digital forensic exam, of child-psychological forensic interview, however, until after June 2022.

30. The facts herein and evidence herein supported a plausible inference that the social workers submitted their report and request for court authorization with at least a reckless disregard for the truth and the alleged misrepresentations were material to the granting of the juvenile court's orders.

31. The claims were also sufficient under Fed. R. Civ. P. 9(b) because they alleged with particularity a claim involving fraud.

32. Finally, by asserting that i the Mother did not have knowledge of the caseworker child at school alone until after they took place without my consent who has emergent sole protective custody of child at the time of interview.

33. the amended complaint also sufficiently alleged Fourth and Fourteenth Amendment violations arising from the interview without Mother's consent. This constitutes an illegal entry and wrongful removal.


34. The allegations supported a plausible inference that the social workers submitted their report and request for court authorization with at least a reckless disregard for the truth and the alleged misrepresentations were material to the granting of the juvenile court's orders. The

claims were also sufficient under Fed. R. Civ. P. 9(b) because they alleged with particularity a claim involving fraud. Finally, by asserting that the Mother did not have knowledge of the caseworker interview until after they took place, the amended complaint also sufficiently alleged Fourth and Fourteenth Amendment violations arising from the interview without Mother's consent. Case workers were not entitled to qualified immunity for the alleged unconstitutional judicial deception and unconstitutional seizure without warrants and to interview child without Mother's consent (Father has zero custody at the time of seizure because there is protective order of child against Father for abuses pending hearing). This court's precedent established the right to be free from judicial deception in child custody proceedings. Thus, a reasonable case worker would understand that providing false information concerning notification to parents when requesting a juvenile court order for a seizure of minors in protective custody of Mother would violate or at least disregard a substantial risk of a violation of the parents' rights. The complaint's allegations were sufficient to state a plausible claim of knowing and intentional judicial deception that escaped qualified immunity.

### *Marriage, Divorce & Original Custody Order*

35. i married Adam Sylvester Stephens on May 17, 2012, in Maricopa County, Arizona. Our female offspring, G.L.S., was born in July 2013. After instances of domestic abuse by Adam against me and G.L.S., we divorced in Portland, Oregon, in January 2016. The Oregon Judgment of Dissolution of Marriage decreed Adam and I to have 50/50 legal and physical custody of G.L.S "unhampered access to child" despite child was with me full time and I took care of everything from care to financial and zero child support demanded, with Adam

receiving visitation rights. Under the Oregon decree, Adam was generously given by me "Jeep and Trailer in lieu of child support (in case he ever gets rich there is no need for child support requirement either)" which he later took back without just compensation without second accord-and-accommodation, in violation of our settlement agreement / binding contract. Notably, Oregon maintained exclusive and continuing jurisdiction over this matter under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) and Uniform Interstate Family Support Act (UIFSA).

36. On January 8, 2016, our divorce was finalized in Columbia County, republic of Oregon, establishing 50/50 joint legal and physical custody with "unhampered access to child for both parties." The decree stipulated "Jeep and Trailer [from Linh to Adam] in lieu of child support [until child ages out]," which was explicitly stated five times throughout the contract. This arrangement was duly executed in the presence of notaries and finalized by a district court judge without objections from either party.

37. In violation of full faith and credit doctrine under U.S. Const. Art IV, § 1, STATE OF OKLAHOMA and its courts Tulsa County erroneously assumed jurisdiction without following the proper UCCJEA and UIFSA procedures, lacking interstate communication with Oregon courts, UCCJEA registration, or proper home state determination. This unlawful assumption of jurisdiction violated the Full Faith and Credit Clause of the U.S. Constitution and federal laws requiring states to honor valid court orders from other states.

38. After facing repeated custodial interferences from Adam, who kidnapped G.L.Stephens for four months, i registered the Oregon decree in Tulsa County, Oklahoma on July 11, 2017, seeking enforcement of the custody terms to protect the child's rights to maternal family and

Vietnamese culture. i NEVER motioned nor asked for child support modification, as even Tulsa County judges Kevin Morrison and Thera Dreiling affirmed the Oregon decree's binding status and non-modifiable nature.

39. The Oklahoma courts explicitly acknowledged the binding nature of the Oregon decree in 2019 when Father and his private attorney attempted to enforce the "Jeep and trailer in lieu of child support" provision but later disregarded this same decree when i sought to enforce its custody provisions, creating an impermissible double standard that violates the Full Faith and Credit Clause. Father committed fraud, altering the Oregon decree of 28 pages, adding extra 10 pages, and falsely claiming i agreed to only 14 overnights yearly.

40. From 2017-2021, i documented Adam's abuse of G.L.Stephens, including forcing her to sleep naked with him, exposing her to dangerous situations, and physical abuse. Multiple professionals submitted affidavits supporting these concerns, including child psychologist Jim Lovett, teacher Susie Panzer, and school director Jayme Wingo-Martin. G.L.Stephens' personal diary (July 2020-June 2021) documented these abuses, corroborated by videos of G.L.Stephens using Siri for spelling while writing her diary without coaching.

41. My female offspring G.L.Stephens had been attending top private school since age three at Miss Helen's Private School of Tulsa County, Oklahoma; her writing and reading skills were two years ahead of the average public-school student, and she was able to solve a Rubik's cube at age seven in under five minutes. She began writing her diary at ages seven to eight as instructed by child psychologist Carrie Short and Jim Lovett. Her diary entries revealed her distress with statements such as:

> "*i love mommy 100%, i love daddy 1%... happy 4th of July. It's about freedom and i wish*

> *To be free from daddy. i don't love daddy because he makes me sleep naked and he took a*
> *picture of me naked and he made me sit on other peoples laps and he took me to the*
> *swimming pool others man try to touch me. July 21, 2020, when is my prayer answered?*
> *and why is daddy not dead yet and i want freedom from daddy. July 22, 2020 i feel happy*
> *because i'm with mommy.*"

42. Adam knowingly put our female offspring's life at risk by not using seat belts or car seats, transporting her in a Slingshot at age 5, and lying about police and manual instructions. A Parenting Coordinator Report by Kevin Gassaway (2019-2020) documented these safety concerns but was ignored by all judges and OKDHS.

43. A Guardian Ad Litem report by Valerie Blackstock recommended full custody to me due to father's disregard for child safety but was ignored by all judges and OKDHS. Special Judge April Seibert dismissed this GAL and appointed new GAL Stephen E. Hale instead, despite my objections regarding his conflicts of interest and history of child abuses via accomplice and complicity.

44. In May 2020, after G.L.Stephens' friend called OKDHS when the child disclosed father took her to "swim around naked men who tried to touch her" and "made her sleep naked with him," OKDHS fraudulently accused me of failure-to-protect (though i hadn't lived with father since 2014). Six CPS referrals by bystanders against Father across state lines were ignored. OKDHS case worker Maria Chico testified under oath that her original report documenting serious concerns about Father had been truncated by her supervisor.

### DHS CPS and Child Support Unlawful Intervention

45. In November 2021, eight-year-old G.L.Stephens tearfully disclosed that Adam choked her

dog nearly to death in front of her and she feared for her life. i filed police reports and a protective order (PO-2021-3843).

46. Beginning in 2021, Oklahoma Department of Human Services (DHS), Child Protective Services (CPS), and Child Support Services (CSS) initiated unlawful administrative proceedings lacking due process.

47. On December 3, 2021, agents from the Oklahoma Department of Human Services (DHS), including caseworker Bridget O'Brien, forcibly seized my daughter, G.L. Stephens, from her private school, Miss Helen's Private School. This seizure was conducted <u>without</u> a warrant, a valid and proper jurisdictional court-order, or exigent circumstances (i.e. medical emergency), placing it in direct violation of my and my daughter's constitutional rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

48. The removal was executed without the presence of a parent or legal counsel, and I was never served with any legal paperwork, constituting a severe violation of procedural and substantive due process. This action also stripped my daughter of the safeguards of a protective order that was in place against her biological father. There was never any proper investigations by Defendants, any forensic interview, any physical forensic exam like **<u>SANE</u>** exam (Sexual Assault Nurse Examiner exam) which is a medical evaluation conducted by a specially trained nurse to collect evidence and provide care to a victim of sexual assault.

49. The justification for the removal was based on demonstrably false allegations originating from Ms. O'Brien, whose credibility is severely compromised. Under her maiden name, Bridget Kay Menser, Ms. O'Brien has a felony criminal conviction (*nolo contendere* plea) for offenses involving harm to children (Case No. CF-1999-2911, selling alcohol to minors),

rendering her unfit for a position of public trust in child welfare.

50. Ms. O'Brien initially accused me of forcing my daughter to watch a PG-13 film. When I presented evidence disproving this, the allegations were escalated to claims of viewing adult pornography and then child pornography, yet my requests to involve the FBI to investigate these serious claims were refused. Furthermore, I later discovered that DHS employees, including Ms. O'Brien, had allegedly engaged in forgery and fraud by fabricating my signature on official waiver documents without my knowledge or consent.

51. Despite contradictory evidence, including testimony from school staff attesting that G.L. Stephens was happy and healthy in my care, the court relied on these fabricated and unsubstantiated claims to remove my daughter. She continues to be wrongfully withheld from my custody to this day.

52. These court players ignored the truthful testimony of one DHS caseworker Maria Chico who testified on 06/01/2022 that her DHS-supervisor truncated and altered the original CPS report that contained substantial evidence of abuses by father. The altered report changed the finding from 'substantiated' to 'unsubstantiated' despite multiple witness testimonies from school staff, neighbors, church acquaintances, and mandated reporters including Jeri Townsend, APRN, child psychologist Jim Lovette, and family physician Dr. Moris Laca, M.D. DHS employees, including Ms. O'Brien, engaged in forgery and fraud by fabricating my signature on official waiver documents without my knowledge or consent

53. Systematic Due Process Violations: Since G.L.S.'s wrongful removal, i have experienced systematic violations of my constitutional rights, including:

   a. Denial of proper notice and opportunity to be heard

b. Exclusion of relevant evidence favorable to me

c. Secret court proceedings held without my knowledge or participation

d. Refusal to allow my female offspring to testify despite her expressed desire to do so

e. Denial of in forma pauperis status despite documented indigency

f. Unlawful restriction of my access to court records and transcripts

g. Alteration of court transcripts to conceal judicial misconduct

h. Fraudulent orders entered without proper hearings.[2]

54. A "secret meeting" occurred on 12/08/2021 where custody was transferred to Father without my knowledge or presence. i was not notified, nor were my attorneys present to object. There was no court reporter present, raising concerns about concealment of judicial misconduct. Court records falsely claimed, "there are no objections by the parties."

### *Sexual Abuse, Endangerment & DHS Retaliation*

55. My female offspring G.L.S. made repeated disclosures of possible sexual abuse, with documented history of sexual grooming by biological father Adam Sylvester Stephens in 2020 OKDHS reports and court documents in Oklahoma; G.L.S. was being forced to sleep naked in the same bed with father Adam Sylvester Stephens, physical abuse, choking of her dog, use of adult makeup, locked truck confinement, and personal bathroom obstruction[1].

56. DHS failed or refused to investigate these child abuse disclosures despite multiple mandated reports[1] including that of Jeri Townsend, APRN, child psychologist Jim Lovette, and family physician Dr. Moris Laca, M.D.

57. Despite my objections, the Department of Human Services (DHS) removed G.L.S.

---

[2] Proof of claims, evidence is available upon request with some made accessible on-line at https://tinyurl.com/4cdv5u56

from my protective care and placed her in the physical custody of her biological father, Adam Stephens. This decision was made in disregard of substantial and documented evidence of Mr. Stephens' history of abuse and significant mental health issues. This evidence is a matter of public record, detailed in the 10th U.S. Circuit Court of Appeals case *Stephens v. Child Support Services of Oklahoma Department of Human Services, et al.*, Case No. 25-5063.

### *Fraudulent Mental Health Diagnosis / Forced Psychiatric Evaluation Threats*

58. Oklahoma courts improperly demanded unnecessary psychiatric evaluations, including threats of contempt of court (thereby possible prison time) made by GAL Stephen E. Hale and special judge April Seibert, who unlawfully practiced mental health evaluations without a valid license.

59. Violations of ADA Title II, HIPAA, and privacy rights occurred when Judge April Seibert demanded public disclosure of private diagnoses and excluded federally authorized ADA advocate Francesca Amato, Marieka Vekemans Randoy, and others in their place from hearings.

### *Criminal & Constitutional Violations in Family & Juvenile Court*

60. Judges Martha Rupp Carter, Theresa Dreiling, April Seibert, Rodney Sparkman, Deborrah Ludi-Leitch, Todd Chesbro, William LaFortune, and others are individually named B.A.R. card imposters practicing unlawful tribunal authority without proper jurisdiction under the Organic Constitution.

61. These unlawful proceedings were conducted before non-Article III tribunals lacking mutual consent, violating Article III § 1, 42 USC §1983, 28 USC § 1331, and 28 USC § 1343.

62. Despite exhaustion of all state remedies and appeals through Oklahoma Supreme Court, SCOTUS certiorari, and multiple federal filings, due process continues to be denied.

63. On 03/21/2022, during a hearing with my then-attorney Chandler Moxley, Judge April Seibert along with Oklahoma courts systematically violated my rights under the Americans with Disabilities Act (ADA). Special Judge April Seibert required my disability diagnoses to be stated aloud in open court despite prior confidential disclosure to the ADA coordinators e.g. Vicki Cox. My ADA advocate, Francesca Amato (at other times Melissa Vagle or Marieke Randoy), was denied a private breakout room and was removed from the hearing. Judge Seibert retaliated for my ADA requests by ordering psychological evaluations, maliciously and discriminatively alleging that I must be mentally unstable because my ADA advocates had sent 'too many' accommodation requests to the ADA Coordinator (See the March 21, 2022, transcript, page 4, line 19 to page 5, line 17, and page 10, line 17 to page 11, line 5). . All Defendants judges systematically excluded my ADA advocates while allowing opposing parties to appear virtually. Oklahoma approved ADA accommodations only on paper to fraudulently secure federal funding without actually providing services.

***Financial & Administrative Tyranny***

64. DHS CSS imposed fraudulent and unconstitutional child support orders, including but not limited to: Seizing retirement accounts in violation of ERISA 29 USC § 1056(d); Denying passport renewal in violation of 5th Amendment Due Process and federal statutes; Imprisonment and contempt threats for inability to pay, violating Bearden v. Georgia, 461 U.S. 660 (1983), etc.

65. Oklahoma DHS refused to acknowledge financial hardship despite financial indigency

affirmed by Oklahoma Supreme Court and U.S. District Court of Oklahoma Northern District and serviced to Oklahoma DHS and Tulsa County District Court), IRS documentation, and property already exchanged in Oregon decree (Jeep & Trailer), creating fabricated arrearages.

66. ***Unlawful Child Support Enforcement***: Oklahoma DHS CSS imposed fraudulent and unconstitutional child support orders despite:

   a.  The binding Oregon decree establishing "Jeep and trailer in lieu of child support"

   b.  My documented financial hardship and indigent status by higher state courts and federal courts

   c.  No valid Title IV-D application or request for services from either parent

   d.  Improper income imputation despite my unemployment

67. ***Debtor's Prison and ERISA Violations***: On February 6-7, 2024, i was subjected to a six-member jury trial regarding contempt for inability to pay child support before Special Judge Deborrah Ludi-Leitch. Despite my documented indigency and inability to pay, i was sentenced to 60 days in jail with a purging fee of $12,913.40. During proceedings, Judge Ludi-Leitch stated on record, "you have the key to your jail cell" by paying sums i could not afford. The court also unlawfully seized my retirement account ($64,445.92) established during my current/second marriage without spousal consent, violating ERISA protections under 29 USC § 1056(d).

68. ***Passport Revocation and Travel Restrictions:*** DHS CSS improperly certified me for passport denial/revocation, preventing me from visiting terminally ill relatives in Vietnam. The agency deliberately scheduled administrative hearings beyond the statutory 30-day

timeframe, allowing artificial arrearage accumulation to reach the $2,500 threshold required for passport revocation. On December 31, 2024, i received notification from the State Department that my passport was revoked with no means to appeal except through DHS CSS.

### Administrative Bad Faith & Surety Bond Demands

69. On October 27, 2022, i served formal notice demanding public officials provide their surety bonds and oaths for liability, which DHS officials willfully ignored.

### Recurrent, ongoing. and worsening malicious prosecutions, cruel and unusual punishments, and discriminations:

70. Over the next three years, Oklahoma courts systematically violated my rights by:

   a. Prohibiting all phone/video and physical contact with G.L.Stephens unless i paid $150/hour for therapeutic supervised visits with restricted physical contact, speech, and religion (forbidden from speaking Vietnamese or discussing Christianity)

   b. imprisoning me for two months and now I heard over the grapevine there is a false warrant out for my arrest for double jeopardy of six months prison time for unvalidated and fraudulent debt of child support in light of known inability to pay court-ordered child support of $2,360.24/month, with special judge whose jurisdiction was challenged by me via O.S. laws and also via federal laws, Ms. Deborrah Ludi Leitch stated on the record recorded via Microsoft Teams, "you have the key to your jail cell" by paying impossible sums which i couldn't thereby didn't pay so had to serve my whole sentence for fraudulently-alleged debt

   c. During contempt proceedings, Special Judge Deborrah Ludi-Leitch instructed the jury that

my invocation of Fifth Amendment rights should be interpreted as evidence of guilt, also stating "The burden now shifts to the defendant to prove her innocence"

d.  Denying Rule 8 ability-to-pay hearing mandated by Oklahoma law, asserting on record that "child support contempt cases are exempt from Rule 8 hearings" in direct contradiction of Oklahoma Supreme Court precedent and overruled my objections and judicial notices filings

e.  Denying my constitutional right to a full jury of twelve peers, instead using six jurors who exhibited clear bias (high-fiving opposing counsel's wife/law-assistant)

f.  f. Denying my reasonable request for accommodation to serve sentence on weekends only so i could maintain my medical practice, causing its permanent closure

g.  Seizing my subsequent marriage's 401k retirement account ($64,445.92) established during my current/2nd marriage without spousal consent, despite being earned two years after my divorce from Adam and i was only 40 years old (25 years before qualified retirement)

h.  Blocking my medical license renewal through action by state medical board, forcing closure of my private practice

i.  i. Revoking my passport, preventing visits to terminally ill relatives overseas, by deliberately scheduling administrative hearings beyond statutory timeframes

j.  Requiring me, an indigent Mother, to pay $2,500-5,000 for a forensic interview—despite $2,000/month unemployment the year before and zero income for a while

k.  Imputing doctor-level income to me while simultaneously asserting my mental unfitness

l.  Refusing to accept evaluation from a court-qualified, board-certified physician arranged at no cost, insisting on a specific provider with financial connections to the court

m. Denying me in forma pauperis status despite documented indigency

36. In a particularly egregious due process violation, my entire trial (addressing custody, child support, and multiple contempt actions) was restricted to a strict 10-hour countdown clock, while i faced six BAR card attorneys alone during cross-examinations (including "special judge" April Seibert who acted as exhusband's attorney and is a BAR CARD ATTORNEY).

37. On 02/06/2024-02/07/2024: a six-membered jury trial was held regarding contempt of court for my inability to pay child support in front of Special Judge Deborrah Ludi-Leitch. Jury trial resulted in a guilty verdict against me, sentencing me to 60 DAYS IN JAIL and a purging fee of $12,913.40 IN CASH BOND, while ignoring my inability to pay and prior affirmations of indigent status notices. The trial included numerous procedural errors and a deprivation of rights. Special Judge Deborrah Ludi-Leitch denied my request to serve my sentence on weekends—i wanted to work on weekdays to pay alleged fines, fees, and debts—thereby causing my direct primary care clinic to close permanently and tarnished my good name.

38. The court imprisoned me at David L. Moss Criminal Justice Center, where i and all female inmates were denied access to the law library by judges' verbal order while male inmates received access. i endured cruel and unusual punishment while serving my sentence in jail due to my inability to post bond.

39. On 03/07/2024, a Minute Order stated, "PRESIDING SPECIAL JUDGE DAWN MOODY: COURT RECEIVES MOTION [from jail]. NO ACTION TAKEN - IMPROPER PLEADING." These Special Judges purposefully delayed the entry of court order for 02/07/2024 hearing until 03/13/2024, preventing my appeal from being initiated and resulted

in my prolonged sufferings.

40. Multiple attorneys failed to properly represent my interests, including failing to file emergency motions despite payment, waiving rights without consent, and falsely claiming "no objection" on my behalf to hidden motions. Consequently, i dismissed all legal representation on June 1, 2022.

41. Despite multiple federal lawsuits and appeals, Oklahoma courts have continued scheduling hearings and imprisonment proceedings against me despite pending federal removal notices, jurisdictional challenges based on Vietnamese citizenship, and special appearances. These actions are driven by Oklahoma's pattern of discrimination against Asians, Christians, women, and children, as evidenced by civil rights lawsuits.

42. On 09/30/2024: Oklahoma Supreme Court Justices improperly and permanently revoked my in forma pauperis status in the "Mandamus for Recusal" case # MA-122445, without legal justification or supporting evidence. This action effectively denied my constitutional rights to court access and my ability to seek redress against government abusive actions. The justices disregarded my judicial notice concerning how this arbitrary revocation violated my rights and established Supreme Court precedents that protect the fundamental rights of financially indigent litigants to meaningful court access, irrespective of financial status.

43. On 12/31/2024: i received a letter from Passport-CRBA-Notification@state.gov regarding the revocation of my passport and told me no available means to appeal except through DHS CSS.

44. Subsequently, on 02/13/2025, i filed in the same superior court for a Writ of Mandamus MA-122859 for the Oklahoma State Bureau of Investigation (OSBI) to investigate the abuses

of my female offspring; however, i was met with an unconstitutional sealing of the mandamus and its evidence from public eyes, and an unconstitutional and obstructive Minute Order on the same date 02/13/2025, stating that the mandamus would be dismissed for lack of payment "by February 8, 2025" which was seven days prior to the court order that has not properly served to me.

45. On 05/02/2025, Special Judge Loretta Radford a/k/a LORETTA RADFORD proceeded with proceedings of double jeopardy (unconstitutional) despite the existence of a contested jurisdictional challenge, a pending removal to federal court, and an ongoing appeal in Oklahoma Supreme Court. Judge Radford denied my ADA advocates and authorized court observers from virtual attendance at these public hearings while simultaneously granting remote virtual participation to the opposing party (ex-husband) and his legal counsel. Individuals attempting in-person court observation were threatened with arrest by Special Judge Radford and Tulsa County District Court Sheriff Jacob R Williamson a/k/a JACOB J WILLIAMSON. Despite verified financial indigency affirmed by both Oklahoma Supreme Court and Federal Courts, Special Judge Radford issued a default bench ruling against me based solely on inability to pay $350 in jury trial fees. When advocate offered to pay a $20 court reporter fee with cash , with confirmation of available funds from my advocates, the court clerk (Kim Hall, court administrator, was never made available by the woman who refused to identify herself that opened her office door and spoke to my advocate re: the court reporter laws) refused to accept this payment stating that the judge would have to verify one was available first. Yet, the judge would state that the court reporter would have to be paid first, sending advocates on a wild goose chase without providing laws to prove quoted rules

by the court clerk or administrator personnel. According to court watchers and documented in the attached affidavit (See **Exhibit #2**: Affidavit of neutral court watcher regarding 05/02/2025 hearing), Special Judge Radford subsequently fraudulently and maliciously alleged I was a "no-show" after preventing my virtual attendance, then issued a default bench conviction with a six-month jail sentence.

46. Oklahoma is pursuing federal Title IV-D funds while simultaneously demanding payment from me, an indigent parent who never requested any services nor received any services from them, constituting double-dipping and fraudulent relitigating of the binding Oregon decree's "jeep and trailer in lieu of child support" provision, in violation of the Full Faith and Credit Clause and fundamental constitutional protections.

47. All courts' transcripts filed by the courts have been altered/tampered with by the courts or their court reporters, or both, as compared to the original voice recordings available from court observers or whistleblowers or Microsoft Teams videos. Official requests for voice recordings and all FOIA requests (Freedom of Information Act) have been denied by court reporters, the courts, and OKDHS. My requests under the Americans with Disabilities Act have been unlawfully denied by the courts, despite being approved on court documents.

## IV. VERIFIED CAUSES OF ACTION / CLAIMS

## CAUSE OF ACTION CLAIM # 1 – VIOLATION OF 42 USC §1983 — DEPRIVATION OF CONSTITUTIONAL RIGHTS UNDER COLOR OF LAW – against all Defendants

48. i incorporate by reference all preceding paragraphs as if fully set forth herein.

49. Against: All Defendants, especially main characters are Oklahoma DHS, CPS, CSS, named judges, GAL Stephen E. Hale, Bridget O'Brien, ADA-involved agents.

50. For systematic violations of my fundamental rights to parent my female offspring, interstate travel, due process, equal protection, and freedom from cruel and unusual punishment, parental rights, family integrity, First, Fifth, Eighth, and Fourteenth Amendment violations.

**CAUSE OF ACTION CLAIM # 2 – VIOLATION OF FULL FAITH AND CREDIT CLAUSE (U.S. Const. Art. IV, § 1) – against all Defendants**

51. i incorporate by reference all preceding paragraphs as if fully set forth herein.

52. The Full Faith and Credit Clause of the U.S. Constitution requires that "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." U.S. Const. art. IV, § 1.

53. The Oklahoma courts willfully and deliberately refused to give full faith and credit to the Oregon divorce decree that established "Jeep and trailer in lieu of child support" and 50/50 joint custody with unhampered access to child.

54. The Supreme Court has repeatedly held that the Full Faith and Credit Clause prohibits states from disregarding the judgments of sister states. *Baker v. General Motors Corp.*, 522 U.S. 222, 233 (1998).

55. Congress implemented this constitutional mandate through 28 U.S.C. § 1738A (Parental Kidnapping Prevention Act) and 28 U.S.C. § 1738B (Full Faith and Credit for Child Support Orders Act).

56. Oklahoma's selective enforcement of the Oregon decree—acknowledging it when Father sought to enforce provisions favorable to him but disregarding it when i sought to enforce provisions favorable to me—constitutes a willful violation of constitutional principles.

57. The binding nature of the Oregon decree was affirmed by Oklahoma judges Kevin Morrison

and Thera Dreiling, yet was later impermissibly disregarded, violating the principle established in *Marbury v. Madison* that "All laws which are repugnant to the Constitution are null and void" 5 US (2 Cranch) 137, 174, 176 (1803).

58. Oklahoma courts violated the Full Faith and Credit Clause by:

    1. Ignoring the binding Oregon decree and its custody determination

    2. Failing to enforce the "Jeep and trailer in lieu of child support" provision

    3. Modifying custody and support orders without proper jurisdiction under UCCJEA and UIFSA

    4. Fabricating new child support obligations contrary to the original decree

    5. Failing to communicate with Oregon courts as required by UCCJEA

59. These violations resulted in the unlawful seizure of my female offspring, fabricated child support obligations, unlawful retirement account seizure, passport revocation, and imprisonment, all in direct contravention of the Oregon court's valid orders.

60. Defendants' actions caused substantial harm including unlawful imprisonment, financial damages, emotional distress, and the unconstitutional deprivation of my parental rights.

**CAUSE OF ACTION CLAIM # 3 – VIOLATION OF DUE PROCESS - FOURTEENTH AMENDMENT (42 U.S.C. § 1983) – against all Defendants**

61. i incorporate by reference all preceding paragraphs as if fully set forth herein.

62. The Fourteenth Amendment prohibits states from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.

63. The Supreme Court has long recognized parents' fundamental liberty interest in the care, custody, and control of their children. *Troxel v. Granville*, 530 U.S. 57, 65 (2000) (describing

---

this right as "perhaps the oldest of the fundamental liberty interests recognized by this Court").

64. Defendants violated my procedural due process rights by:

    a.  Removing my female offspring without a warrant, criminal charges, or exigent circumstances;

    b.  Failing to provide proper notice of hearings

    c.  Conducting a "secret meeting" on 12/08/2021 where custody was transferred without my knowledge or presence

    d.  Denying me meaningful opportunity to present evidence and witnesses, to cross examine false accusers and fraudsters and court actors

    e.  Refusing to allow my female offspring to testify despite her expressed desire

    f.  Unlawfully restricting my access to court records and transcripts

    g.  Altering court transcripts and sealing of records of public hearings without lawful excuses to conceal judicial misconduct

    h.  Issuing fraudulent orders without any proper hearings

    i.  Imposing child support obligations and contempts hearing involving imprisonment of a foreign national and citizen of another country without proper jurisdiction

    j.  Falsely claiming in court records that "there are no objections by the parties" when i was not even present

    k.  Restricting my entire trial to a strict 10-hour countdown clock while i faced six attorneys alone

    l.  Denying Rule 8 ability-to-pay hearings required by Oklahoma law before imprisonment

m. Imputing doctor-level income without evidence while simultaneously claiming mental unfitness

n. Terminating my parental rights based on inability to pay for court-ordered psych evaluations that is not medically indicated and contrary to board certified mental health professionals

o. Seizing my retirement account and nonparty's retirement account without due process

p. Revoking my passport without pre-deprivation notice or hearing

q. Jailing me for contempt without a proper Rule 8 ability-to-pay hearing maliciously as she knew i was ordered as financially indigent by Oklahoma Supreme Court and Federal Courts.

65. Defendants violated my substantive due process rights by:

a. Arbitrarily separating me from my female offspring without evidence of harm

b. Imposing supervised visitation requirements of $150/hour that were financially impossible

c. Prohibiting me from speaking Vietnamese with my female offspring or discussing Christianity

d. Deliberately delaying entry of court orders to prevent timely appeals

e. Fabricating allegations of showing inappropriate materials to my female offspring

66. Oklahoma officials violated my substantive due process rights by:

1. Severing my parent-child relationship without compelling justification

2. Removing my female offspring based on false allegations without investigation

3. Refusing to reunite us despite supervised visits showing no concerns

4. Imposing excessive and arbitrary child support obligations

5. Imprisoning me for inability to pay rather than willful refusal and lower standard of evidence insteads of required beyond reasonable doubt standard

6. Executing financially ruinous enforcement actions against a documented indigent parent

67. The Supreme Court has established that the Due Process Clause requires notice and an opportunity to be heard before deprivation of liberty or property interests. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

68. Defendants' actions were arbitrary, conscience-shocking, and oppressive in a constitutional sense, violating core principles of due process. *County of Sacramento v. Lewis*, 523 U.S. 833, 845-46 (1998).

## CAUSE OF ACTION CLAIM # 4 – VIOLATION OF FIFTH AMENDMENT - SELF-INCRIMINATION (42 U.S.C. § 1983) – against all Defendants

69. i incorporate by reference all preceding paragraphs as if fully set forth herein.

70. The Fifth Amendment to the United States Constitution provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V.

71. This protection applies in civil proceedings when answers might incriminate the individual in future criminal proceedings. *McCarthy v. Arndstein*, 266 U.S. 34, 40 (1924).

72. Special Judge Deborrah Ludi-Leitch violated my Fifth Amendment rights by instructing the jury that my invocation of Fifth Amendment rights should be interpreted as evidence of guilt, stating "The burden now shifts to the defendant to prove her innocence" (see Microsoft Teams recordings in court records and whistleblower's recordings).

73. Drawing adverse inferences from a defendant's invocation of Fifth Amendment rights in civil

contempt proceedings with determinate incarceration sentences violates constitutional

prohibitions against compelled self-incrimination, particularly where judges instruct juries

that the burden of proof shifts to the defendant upon such invocation.

74. This violated fundamental principles established in *Miranda v. Arizona*, 384 U.S. 436 (1966)

and constitutional protections against self-incrimination.

75. The contempt proceedings, though labeled civil, functioned as quasi-criminal proceedings

given the determinate 60-day incarceration sentence imposed.

76. The Supreme Court has established that when civil proceedings function as quasi-criminal

proceedings, heightened constitutional protections apply. *International Union, United Mine

Workers v. Bagwell*, 512 U.S. 821, 826-27 (1994).

**CAUSE OF ACTION CLAIM # 5 – VIOLATION OF EIGHTH AMENDMENT - CRUEL

AND UNUSUAL PUNISHMENT (42 U.S.C. § 1983) – against all Defendants**

77. i incorporate by reference all preceding paragraphs as if fully set forth herein.

78. The Eighth Amendment prohibits "cruel and unusual punishments." U.S. Const. amend. VIII.

79. Oklahoma's imposition of "debtor's jail" through family court for alleged unpaid child

support violates the Eighth Amendment's prohibition when:

    a.  The parent has been adjudicated indigent by multiple courts with documented inability to

       pay

    b.  The judge states on record that the parent "has the key to her jail cell" by paying

       substantial sums

    c.  Rule 8 or inability-to-pay hearings are denied without lawful excuse

    d.  The parent is provided only a "dictionary attorney" who was prohibited from filing

motions, conducting legal research, or making objections

e.  The parent submitted extensive IRS tax documentation and testimony proving financial hardship

f.  The court refused to acknowledge prior child support overpayments that would offset any alleged arrearage

80. The Supreme Court has held that imprisonment for debt, particularly when the individual has demonstrated an inability to pay, violates constitutional prohibitions. *Bearden v. Georgia*, 461 U.S. 660, 672-73 (1983).

81. The Eighth Amendment's prohibition against excessive fines and cruel and unusual punishment applies to the states through the Fourteenth Amendment. *Timbs v. Indiana*, 139 S. Ct. 682, 687 (2019).

82. Oklahoma's own constitution expressly prohibits imprisonment for debt. Okla. Const. art. 2, § 13.

83. The Department of Justice has issued formal guidance condemning debtor's prison practices, noting that the criminalization of poverty through civil processes violates fundamental rights. Department of Justice has reiterated in Dear Colleague Letters (March 14, 2016, and April 20, 2023) that courts must determine ability to pay before incarcerating individuals for nonpayment of court debts. These letters for DOJ have been served and acknowledged by Defendant special judges to have read them but that they don't have to follow the law and that they "are the law and the authority" – violated separation of power to Legislative branch.

84. Despite my submission of judicial notice of these DOJ directives, Special Judge Deborrah Ludi-Leitch explicitly rejected them, claiming they didn't apply to Oklahoma courts.

85. This explicit rejection of federal constitutional principles directly contributed to my unlawful imprisonment for documented indigency, absence of willful refusal to pay, and the court's failure to consider payment alternatives.

86. Special Judge Deborrah Ludi-Leitch's denial of weekend sentencing arrangements that would have allowed me to continue my medical practice and generate income to pay alleged debts demonstrates punitive intent rather than remedial purpose.

**CAUSE OF ACTION CLAIM # 6 – ERISA VIOLATIONS - UNLAWFUL GARNISHMENT OF RETIREMENT ACCOUNTS (29 U.S.C. § 1056(d)) – against all Defendants**

87. i incorporate by reference all preceding paragraphs as if fully set forth herein.

88. The Employee Retirement Income Security Act (ERISA) contains anti-alienation provisions that generally prohibit garnishment of qualified pension plans. 29 U.S.C. § 1056(d)(1); *Guidry v. Sheet Metal Workers Nat'l Pension Fund*, 493 U.S. 365, 371-72 (1990).

89. Oklahoma Department of Human Services and Oklahoma courts violated federal law by:

  a. Seizing without any court order simply by OKDHS (see details and reliable evidence and witnesses in federal lawsuit OKND case No. **24-CV-216-JDR-CDL)** my 401(k) retirement account ($64,445.92) established during my subsequent marriage without spousal consent nor my consent and unlawfully overruled my explicit objections due to I am not retiring nor wanting to and definitely cannot afford penalties for early withdrawals of retirements.

  b. Froze all my bank accounts to devastate me financially, and Executing garnishment against a retirement account that was not mature or eligible for distribution (I was 40

years old, 25 years before qualified retirement)

   c.  Seizing retirement funds opened two years after my divorce from Adam and rolled over to Charles Schawab Rolled-over 401(k) account 4 years after my divorce from Adam

   d.  Executing garnishment based on a fraudulent child support order that violated the Full Faith and Credit Clause

   e.  Improperly classifying a child support order as a qualified domestic relations order (QDRO) when it failed to meet the statutory requirements

   f.  Violating clear ERISA anti-alienation protections for retirement accounts

   g.  Failing to provide proper notice and opportunity for hearing before seizure and freezing of bank accounts and passport seizure and revocations

90. While limited exceptions exist for qualified domestic relations orders, 29 U.S.C. § 1056(d)(3), these must be narrowly construed and properly implemented. *Boggs v. Boggs*, 520 U.S. 833, 851 (1997).

91. The garnishment of retirement accounts acquired in a subsequent marriage to satisfy child support alleged obligations from a prior relationship, particularly for a mother who is not the "deadbeat parent" contemplated by child support enforcement statutes, directly contravenes Supreme Court ERISA jurisprudence.

92. This unlawful seizure constitutes an unconstitutional taking under the Fifth Amendment without just compensation.

93. The unlawful seizure of $64,445.92 from my retirement account resulted in substantial harm, including significant tax penalties, loss of future retirement security, and emotional distress.

**CAUSE OF ACTION CLAIM # 7 – VIOLATION OF RIGHT TO INTERNATIONAL TRAVEL - PASSPORT REVOCATION (42 U.S.C. § 1983) – against all Defendants**

94. i incorporate by reference all preceding paragraphs as if fully set forth herein.

95. The right to international travel is a fundamental liberty interest protected by the Fifth Amendment. *Kent v. Dulles*, 357 U.S. 116, 125 (1958) ("The right to travel is a part of the 'liberty' of which the citizen cannot be deprived without due process of law under the Fifth Amendment."); *Haig v. Agee*, 453 U.S. 280, 306 (1981).

96. Defendants violated my constitutional rights by:

   a. Certifying me for passport denial or revocation without providing pre-deprivation notice and opportunity for a hearing

   b. Deliberately scheduling required administrative hearings months beyond the statutorily mandated time frame of 30 days, allowing arrearage to artificially accumulate to the $2,500 threshold required for passport revocation

   c. Imposing such restrictions while an appeal challenging the underlying child support order was pending

   d. Applying these restrictions when i had documented inability to pay and disputed the arrearage amount

   e. Failing to provide a prompt and meaningful post-deprivation remedy for contesting the passport restriction

97. These actions prevented me from traveling internationally for legitimate family, medical, and business purposes, particularly visiting terminally ill relatives overseas.

98. The unilateral restriction of passport privileges without a pre-deprivation hearing violates

---

page 47 of 71

fundamental due process principles established in *Weinstein v. Albright*, 261 F.3d 127, 137

(2d Cir. 2001).

## CAUSE OF ACTION CLAIM # 8 – AMERICANS WITH DISABILITIES ACT

## VIOLATIONS (42 U.S.C. § 12101 et seq.) – against all Defendants

99. i incorporate by reference all preceding paragraphs as if fully set forth herein.

100.    Title II of the Americans with Disabilities Act prohibits discrimination by public entities

against qualified individuals with disabilities. 42 U.S.C. § 12132.

101.    i have documented disabilities including chronic tinnitus and limited English proficiency

as a non-native speaker, which entitled me to reasonable accommodations in court

proceedings.

102.    Oklahoma courts violated the ADA by:

a.  Denying my requests for ADA advocates during hearings

b.  Refusing real-time captioning services

c.  Failing to provide proper translation services for a non-native English speaker

d.  Denying breaks necessary to accommodate my tinnitus

e.  Prohibiting recording devices that would assist with my comprehension

f.  Simultaneously asserting my mental unfitness while holding me to standards of a fully

capable attorney

103.    These denials of reasonable accommodations were documented by ADA advocate

Francesca Amato from PUNISHED 4 PROTECTING INC, and Marieke Vekemans Randoy

of FCACC (Founder of Family Court Anti corruption Coalition), and confirmed by Dr.

Jeremy Ransdell, DO, yet were repeatedly ignored by the courts–evidence is is in Evidence

Folder URL internet link in footnote #1 and 10th circuit appeal court case No. 25-5063 .

104.    The systematic denial of these accommodations substantially impaired my ability to participate meaningfully in the proceedings, violating core principles of the ADA as established in *Tennessee v. Lane*, 541 U.S. 509 (2004).

**CAUSE OF ACTION CLAIM # 9 – FIRST AMENDMENT VIOLATIONS - SPEECH, RELIGION, AND ASSOCIATION (42 U.S.C. § 1983) – against all Defendants**

105.    i incorporate by reference all preceding paragraphs as if fully set forth herein.

106.    The First Amendment protects freedom of speech, religion, and association. U.S. Const. amend. I.

107.    Oklahoma courts violated my First Amendment rights by:

   a.  Prohibiting me from speaking Vietnamese with my female offspring during supervised visits

   b.  Forbidding discussion of Christianity during visits

   c.  Restricting my ability to maintain cultural and religious connections with my female offspring

   d.  Imposing viewpoint-based restrictions on my speech that were unrelated to any legitimate state interest

108.    The right to communicate in one's native language with one's child is protected by the First Amendment. *Meyer v. Nebraska*, 262 U.S. 390, 400-01 (1923) (recognizing the right of parents to have their children taught in languages other than English).

109.    The Supreme Court has recognized that the First Amendment protects certain intimate human relationships, including family relationships, from unwarranted governmental

interference. *Roberts v. United States Jaycees*, 468 U.S. 609, 617–18 (1984).

110.    The restrictions imposed on my communication with my female offspring were not

narrowly tailored to serve any compelling state interest and thus violated constitutional

protections for free speech and religious expression.

**CAUSE OF ACTION CLAIM # 10 – FRAUD AGAINST THE FEDERAL**

**GOVERNMENT - FALSE CLAIMS ACT (31 U.S.C. § 3729 et seq.) – against all**

**Defendants**

111.    i incorporate by reference all preceding paragraphs as if fully set forth herein.

112.    The Oklahoma Department of Human Services committed fraud against the federal

government by:

a.    Pursuing federal Title IV-D funds while simultaneously demanding payment from me, an

indigent parent

b.    Misrepresenting eligibility for Title IV-D services when neither i nor Adam qualified

under federal guidelines

c.    Falsely claiming compliance with federal ADA requirements while systematically

denying accommodations

d.    Submitting claims for federal reimbursement for child support enforcement actions that

were prohibited by the Full Faith and Credit Clause

e.    Double-dipping by collecting federal funds while enforcing a fraudulent child support

order against me

f.    Fraudulently relitigating matters already conclusively determined by the Oregon divorce

decree

g. Falsifying records regarding the existence of valid child support orders to obtain federal funding

h. Submitting false claims to the federal government regarding services provided and eligibility for those services despite none was provided to me and my demand to see a list of services allegedly provided to me went unanswered by Defendants–they dishonored

i. Fabricating arrearages to reach thresholds for federal passport denial programs

j. Failing to maintain proper interstate coordination as required for federal funding under UCCJEA and UIFSA

113.    Federal law requires state child support enforcement agencies to comply with specific requirements to receive federal funding, including honoring valid orders from other states and ensuring proper jurisdiction before modification.

114.    Federal law requires state child support enforcement agencies to comply with specific requirements to receive federal funding, including honoring valid orders from other states and ensuring proper jurisdiction before modification.

115.    Oklahoma's fraudulent claims for federal reimbursement while violating these requirements constitutes a false claim under 31 U.S.C. § 3729(a)(1)(A), which prohibits knowingly presenting false or fraudulent claims to the federal government for payment or approval.

116.    The Oklahoma Department of Human Services' conduct constitutes "reckless disregard of the truth or falsity of the information" as defined in 31 U.S.C. § 3729(b)(1)(A)(iii).

117.    As a qui tam relator, i am entitled to bring this action on behalf of the United States government as well as on my own behalf as a person harmed by the fraudulent conduct.

**CAUSE OF ACTION CLAIM # 11 – EQUAL PROTECTION VIOLATIONS -**

**FOURTEENTH AMENDMENT (42 U.S.C. § 1983) – against all Defendants**

118.    i incorporate by reference all preceding paragraphs as if fully set forth herein.

119.    The Equal Protection Clause of the Fourteenth Amendment prohibits states from denying

"to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend.

XIV, § 1.

120.    Oklahoma courts violated my equal protection rights through:

a.   Gender-based discrimination by treating mothers more harshly than fathers in custody
proceedings

b.   Racial/national origin discrimination against me as an Asian immigrant

c.   Religious discrimination against me as a Christian

d.   Disability-based discrimination by failing to accommodate my documented disabilities

e.    Wealth-based discrimination by imposing financial barriers to justice and parental rights

f.    Denying female inmates access to the law library while granting access to male inmates

121.    The termination of my parental rights by severe restrictions of all of my rights and

unreasonable financial restrictions/straining $150/40 minutes face to face visit with zero

video visit allowed zero phone calls allowed, based solely on inability to pay for

court-ordered psychological evaluations while rejecting equivalent free evaluations

constitutes impermissible wealth-based discrimination prohibited under *Griffin v. Illinois*,

351 U.S. 12 (1956) and *M.L.B. v. S.L.J.*, 519 U.S. 102 (1996).

122.    The Supreme Court has established that access to courts cannot be denied based on

inability to pay fees. *Boddie v. Connecticut*, 401 U.S. 371 (1971).

123.    By establishing a two-tiered system of justice based on wealth, the egregious denial of in

forma pauperis status—despite indigency affirmed by both Oklahoma state and federal

higher courts—violated equal protection principles.

**CAUSE OF ACTION CLAIM # 12 – CONSPIRACY TO INTERFERE WITH CIVIL**

**RIGHTS (42 U.S.C. § 1985) – against all Defendants**

124.    i incorporate by reference all preceding paragraphs as if fully set forth herein.

125.    The defendants conspired to deprive me of my constitutional rights, including:

   a.  The right to parent my female offspring

   b.  Due process rights in judicial proceedings

   c.  Equal protection of the laws

   d.  Freedom from cruel and unusual punishment

   e.   Protection against unlawful seizure of property

   f.  Right to international travel

126.    This conspiracy involved multiple state actors working in concert, including judges, DHS

employees, and court-appointed officials who coordinated their actions to deprive me of

fundamental rights.

127.    Evidence of conspiracy includes:

   a.  The "secret meeting" where custody was transferred without my knowledge

   b.  The deliberate scheduling of administrative hearings beyond statutory timeframe

   c.  The coordinated denial of my ADA accommodations across multiple proceedings

   d.  The systematic exclusion of evidence favorable to me while admitting unsubstantiated

   allegations

e.  The alteration and tampering of court transcripts to conceal misconduct

128.   This conspiracy was motivated by discriminatory animus based on my gender, national

origin, religion, and disability status, violating 42 U.S.C. § 1985(3).

## CAUSE OF ACTION CLAIM # 13 – FAILURE TO PREVENT CIVIL RIGHTS

## VIOLATIONS (42 U.S.C. § 1986) – against all Defendants

129.   i incorporate by reference all preceding paragraphs as if fully set forth herein.

130.   Multiple defendants had knowledge of the conspiracy to violate my civil rights yet failed

to take actions within their power to prevent these violations.

131.   Supervisory officials at the Oklahoma Department of Human Services, the Tulsa County

Court, and other state agencies had authority to intervene but deliberately chose not to do so.

132.   This failure to act despite knowledge of ongoing rights violations and the power to

prevent them constitutes a separate violation under 42 U.S.C. § 1986.

## CAUSE OF ACTION CLAIM # 14 – MONELL CLAIMS - UNCONSTITUTIONAL

## POLICIES AND PRACTICES (42 U.S.C. § 1983) – against all government Defendants

133.   i incorporate by reference all preceding paragraphs as if fully set forth herein.

134.   The State of Oklahoma, Tulsa County Court, and Oklahoma Department of Human

Services have implemented and maintained unconstitutional policies, practices, and customs

that caused the violations of my constitutional rights, including:

a.  A policy of disregarding out-of-state court orders in violation of the Full Faith and Credit

Clause

b.  A practice of imprisoning parents for child support nonpayment without determining

ability to pay

c.  A custom of denying ADA accommodations to disabled litigants

d.  A policy of imputing income without evidence while simultaneously alleging mental unfitness to even watch over a 8.5 to 12 year old child who is smart and can take care herself, which obviously means the alleged mentally ill parent won't be able to work or hold a normal job so zero income should be imputed. You either have one or the other, cannot declare both from the same mouth

e.  A practice of denying in forma pauperis status to indigent litigants

f.  A custom of gender bias in custody proceedings favoring fathers over mothers

135.    These policies, practices, and customs reflect deliberate indifference to constitutional rights and were the moving force behind the violations i suffered, as required for municipal liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

136.    The persistent and widespread nature of these practices, evident across multiple cases and court proceedings, demonstrates that they are not isolated incidents but rather systematic policies.

**CAUSE OF ACTION CLAIM # 15 – RETALIATION FOR PROTECTED ACTIVITY (42 U.S.C. § 1983) – against all Defendants**

137.    i incorporate by reference all preceding paragraphs as if fully set forth herein.

138.    Defendants retaliated against me for engaging in constitutionally protected activities, including:

a.  Filing complaints about judicial misconduct and rights violations

b.  Reporting child abuse by my ex-husband

 c. Challenging jurisdiction and asserting constitutional rights

 d. Seeking ADA accommodations

 e. Filing federal lawsuits against state officials

139. The retaliatory actions included:

 a. Revoking my in forma pauperis status

 b. Denying access to court proceedings

 c. Blocking my medical license renewal

 d. Imprisoning me for inability to pay

 e. Accelerating enforcement actions against me

 f. Fabricating allegations against me

140. The Supreme Court has recognized that retaliation for exercising First Amendment rights is actionable under § 1983. *Hartman v. Moore*, 547 U.S. 250, 256 (2006).

141. There is a clear causal connection between my protected activities and the adverse actions taken against me, as demonstrated by the timing and nature of these actions.

**CAUSE OF ACTION CLAIM # 16 – DEPRIVATION OF RIGHTS UNDER COLOR OF LAW (CRIMINAL CLAIM) (18 U.S.C. § 242) – against all Defendats**

142. i incorporate by reference all preceding paragraphs as if fully set forth herein.

143. 18 U.S.C. § 242 makes it a crime for a person acting under color of any law to willfully deprive a person of a right or privilege protected by the Constitution or laws of the United States.

144. Multiple defendants willfully subjected me to the deprivation of rights, privileges, and

immunities secured and protected by the Constitution and laws of the United States, including:

a.  Right to parent my female offspring

b.  Right to due process

c.  Right to equal protection\Right to be free from cruel and unusual punishment

d.  Right to be free from unlawful seizure of property

e.  Right to international travel

145.    Defendants willfully deprived me of my constitutional rights while acting under color of state law by: a. Imprisoning me for debt despite documented inability to pay; b. Seizing my female offspring without proper legal basis; c. Taking my retirement accounts in violation of ERISA; d. Revoking my passport without due process; e. Blocking my medical license without proper cause; f. Denying me access to the courts through improper revocation of in forma pauperis status; and g. Engaging in a pattern of retaliatory conduct against me for exercising constitutional rights.

146.    These deprivations occurred under color of law as defendants were acting in their official capacities as state judges, prosecutors, social workers, and other government officials.

147.    The willful nature of these deprivations is evidenced by:

a.  Explicit statements by officials acknowledging they were disregarding constitutional protections

b.  Continued enforcement actions despite notice of constitutional violations

c.  Retaliatory actions against me for asserting constitutional rights

d.  Deliberate scheduling delays to maximize harm

e.  Documented tampering with court records to conceal misconduct

148.  Courts have recognized that evidence of criminal violations can be relevant to civil rights claims. *Monroe v. Pape*, 365 U.S. 167, 184-87 (1961).

149.  These actions constitute criminal violations of federal law for which Defendants should be investigated and prosecuted by the United States Department of Justice.

## CAUSE OF ACTION CLAIM # 17 – CONSPIRACY AGAINST RIGHTS (CRIMINAL CLAIM) (18 U.S.C. § 241) – against all Defendants

150.  i incorporate by reference all preceding paragraphs as if fully set forth herein.

151.  Multiple defendants conspired to injure, oppress, threaten, and intimidate me in the free exercise and enjoyment of rights and privileges secured by the Constitution and laws of the United States. 18 U.S.C. § 241 forbids two or more persons from conspiring to injure, oppress, threaten, or intimidate any person in the free exercise or enjoyment of any right or privilege secured by the Constitution or laws of the United States.

152.  Defendants conspired to deprive me of my constitutional rights by:

a.  Coordinating efforts to remove my female offspring without proper legal basis;

b.  Fabricate grounds for continued separation

c.  Deny me due process in court proceedings

d.  Seize my retirement accounts

e.  Revoke my passport

f.  Block my professional licensure

g.  Working together to impose unlawful child support obligations despite the binding Oregon decree;

    h.   Collaborating to imprison me despite documented inability to pay;

    i.   Concealing evidence of tampering with court transcripts and records;

    j.   Holding secret meetings and ex parte hearings without proper notice;

    k.   Refusing to stay all proceedings to go double jeopardy with malicious intent to falsely imprison me AGAIN despite Removal to Federal filings still on appeal and child support contempt of court sentencing in 2024 still on appeal in Oklahoma Supreme Court

    l.   blocked me out of court hearing virtually then claimed "no show" defaulted jail time of 6 months to silence me from speaking up against corruption and evil doers like Defendants

    m.   Deliberately delaying court orders to prevent timely appeals; and

    n.   Systematically denying me due process and equal protection based on my national origin, gender, and ADA disability status.

153.    While 18 U.S.C. § 241 is a criminal statute that does not provide a private right of action, i include this claim to support my demand for referral to the United States Department of Justice for criminal investigation.

154.    The Supreme Court has affirmed that 18 U.S.C. § 241 applies to conspiracies involving state officials. United States v. Price, 383 U.S. 787, 794 (1966).

155.    These actions constitute criminal violations of federal law for which Defendants should be investigated and prosecuted by the United States Department of Justice.

**CAUSE OF ACTION CLAIM # 18 –VIOLATION OF ADA TITLE II, 42 USC §12131 et seq. – against all Defendants, especially Judge April Seibert, ADA Coordinator Vicki Cox, and the Tulsa District Court, and others for complicit and failure to report violations**

156.    For exclusion of ADA advocates, refusal to accommodate disabilities, refusal to

accommodate disabilities, forced public disclosure of private PHI to embarrass me and to violate laws prohibiting HIPAA violations, and discriminatory treatment based on disability as documented in the affidavit of Francesca Amato, of redacted advocate for her safety (regarding the 05/02/2025 hearing), of Marieka Randoy, of Dr. Jeremy Ransdell, D.O...

**CAUSE OF ACTION CLAIM # 19 — FRAUD UPON THE COURT / VOID JUDGMENTS / VIOLATION OF MARBURY v. MADISON – against all Defendants**

157.    i incorporate by reference all preceding paragraphs as if fully set forth herein.

158.    All Orders issued in Oklahoma lacking proper jurisdiction are null and void ab initio under *Marbury v. Madison,* 5 U.S. (1 Cranch) 137 (1803).

**CAUSE OF ACTION CLAIM # 20 — TORT OF OUTRAGE, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS — against all Defendants, especially Adam Stephens, DHS agents, judicial officers.**

159.    i incorporate by reference all preceding paragraphs as if fully set forth herein.

160.    For subjecting minor child to sexual grooming and possible sexual abuse, continued physical, psychological abuse, and severe trauma with intent to punish mother for lawful protective efforts and for being a whistleblower – see doc 28 filed in 10th circuit appeal court case 25-5063

**CAUSE OF ACTION CLAIM # 21 — UNLAWFUL PRACTICE OF MEDICINE — 18 USC §1347 Health Care Fraud – Against: Stephen E. Hale, Bridget O'brien, April Seibert, Medical Board OSBOE**

161.    i incorporate by reference all preceding paragraphs as if fully set forth herein.

162.    Defendants without mental health license nor medical license to practice mental health recommended psychiatric evaluations and false reports used to deprive custody.

**CAUSE OF ACTION CLAIM # 22 — CIVIL RICO 18 USC §1962, FRAUD AND CONSPIRACY – against all Defendants especially DHS CSS CPS, GAL Hale, Bridget O'Brien, various judges operating as enterprise engaging in a pattern of racketeering activity including fraud, deprivation of rights under color of law, forgery of signatures, extortionate collection of child support funds.**

163.    i incorporate by reference all preceding paragraphs as if fully set forth herein.

164.    Defendants operating as enterprise engaging in a pattern of racketeering activity including fraud, deprivation of rights under color of law, forgery of signatures, extortionate collection of child support funds.

**CAUSE OF ACTION CLAIM # 23 — DEMAND FOR CRIMINAL REFERRAL UNDER 18 USC §241, §242 – against all Defendants**

165.    i incorporate by reference all preceding paragraphs as if fully set forth herein.

166.    Criminal civil rights violations committed by state actors acting in conspiracy against constitutional rights.

**V. PERMANENT JURISDICTIONAL OBJECTION:**

i am not a surety and i do not consent to any attempted body attachment warrant.

**VI. RELIEF SOUGHT**

Affiant demands:

1.    Immediate return of minor child;

2.    **Order the SANE exam for female offspring to rule out any sexual abuse during**

**Father's custody; once exam is done, immediate ordering the return of the child immediately to Mother's custody, and to daughter's original Protective Order PO-2021-3843;**

3. **Ordering offending Defendants to end harassments (including unlawful Child-Support Collection practices/efforts e.g. Passport revocation, national child support registry without consent without valid contracts, unlawful imprisonment etc via OKDHS CSS; malicious prosecution by Tulsa County for Indirect Contempt of Court charges; malicious prosecutions by Rogers County for violation of protective orders charges) and defamation of Plaintiff (including but not limited to "contempt of court", "not paying child support", "abusive parent with substantiation of abuse");**

4. **Vacate and expunge: Child Support Order of October 14, 2022, child custody order of February 20, 2024, conviction order of February 07, 2024 and all contempt charges or conviction against Plaintiff due to its frauds-upon-the-court; uphold original Child Support Contract of January 2016 in original state of Oregon (not state of Oklahoma);**

5. **Ordering there shall never be any child support order to be issued against Mother ever;**

6. **Ordering the reversal of Defendant's passport-suspension and licensures-suspension or any other undisclosed violations stemmed from OKDHS CSS' persecutory actions;**

7. Full monetary damages exceeding $500 million for torts, constitutional violations,

emotional distress, lost income, and property seizure;

8. Amount of Damages Being Claimed: $500,000,000 (**$500 million dollars**)

   ○ Economic Damages: $99,000,000 (Past, present, future Loss of Income and Loss of all potential income for rest of life, Medical Bills including future related to illnesses/diseases started by this)

   ○ Special Damages: $500,000 (Past, present, future Experts, Legal recovery)

   ○ Non-Economic Damages: $300,000,000 (Past, present, future pain & suffering, Civil Remedy for personal injuries; 18 USC 2255, not limited to: Psychological/Emotional/Mental Anguish, Pain & Suffering, Negligent Infliction of Emotional Distress, Legal Abuse Syndrome with Extreme Anguish)

   ○ Loss of Consortium: $500,000 (G.L.S. $250,000 per/year, ongoing)

   ○ Punitive Damages: $100,000,000 (Fraud upon the Court, Want of Subject Matter Jurisdiction, Malice intent by the Circuit Court of the State of Oklahoma for the Counties listed above), Unnecessary loss of custody and relationship with my female offspring; Unlawful imprisonment for 60 days and potential for 6 months if kidnapped by STATE OF OKLAHOMA's employees; Seizure of retirement accounts protected by federal laws; Loss of medical practice and professional reputation; loss of private business direct primary care clinic PEACE JOY CLINIC PLLC; Loss of international travel opportunities and visits to dying family members in Viet Nam country of Asia continent

9. Injunctive relief against all further enforcement actions;

10. American with Disabilities Act Accommodations: Alter virtual facilities readily

---

accessible to and usable by individuals with disabilities to the extent required. Require a provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required to accommodate individuals with disabilities for remote hearing access.

11. Judicial Procedures/Administrative Duties/Jurisdictional relief: Implement & Train Judges & Employees annually: "UCCJEA Guide for Court Personnel & Judges; UCCJEA requires parties to include the following information in all pleadings:

    - the child's current address; - the places the child has lived during the past five years; - the names and addresses of the persons with whom the child has lived; - information about other pending or completed custody cases involving the child; and - information about other persons with custody or visitation claims 12. A referral to the United States Department of Justice for criminal investigation of violations of 18 U.S.C. § 241 and § 242;

12. Costs, attorney fees, sanctions under CR11, and any lawful equitable remedy available under common law jurisdiction.

13. A referral to the United States Department of Justice for criminal investigation of violations of 18 U.S.C. § 241 and § 242, frauds upon the court, RICO regarding Oklahoma's claiming of Title IV-D funds while simultaneously collecting from me;

C. Immediate restoration of all parental rights and unhampered access to my female offspring without any governmental interference nor exhusband interference nor therapists interference;

D. Immediate return of all wrongfully seized retirement funds with interest;

F. Declaration that all Oklahoma court orders violating the binding Oregon decree are null and

void;

G. Declaration that the practice of imprisoning indigent parents for child support nonpayment violates the Eighth Amendment;

H. Order requiring defendants to implement comprehensive training on constitutional rights, the Full Faith and Credit Clause, ADA requirements, and proper child welfare practices;

I. Injunctive relief prohibiting further enforcement actions based on the fraudulent child support order;

J. Appointment of a federal monitor to oversee Oklahoma family courts and OKDHS practices to ensure constitutional compliance;

K. Award of reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988;

L. Award of treble damages under the False Claims Act, 31 U.S.C. § 3729(a) – see my WHISTLEBLOWER STATUS AFFIDAVIT filed 06/25/2025 in 10th circuit of appeal case **Case No. 25-5063**;

M. This superior Court to provide written statements of fact and conclusions of law, rather than any abusive discretion for appeal purposes if justice, truth, and the constitution of united states of America is not revered in this court;

N. A referral to the United States Department of Justice for criminal investigation of violations of 18 U.S.C. § 241 and § 242;

O. A referral for investigation into potential fraud regarding Oklahoma's claiming of Title IV-D funds while simultaneously collecting from me; and

P. Such other relief as this Honorable Court deems just and proper.

i maintain a permanent and continuous objection to any special judges or magistrates and

---

alternatives or substitutes other than article iii constitutional judges, and i reserve the right to amend this petition at any time.

i am not a surety and i do not consent to your attempted body attachment warrant.

## VII. DEMAND FOR JURY TRIAL

i hereby demand a trial by jury of my peers on all issues so triable.

This superior Court to provide written statements of fact and conclusions of law, rather than any abusive discretion for appeal purposes if justice, truth, and the constitution of united states of America is not revered in this court.

## VIII. ADDITIONAL RELIEF REQUESTED

**Grant** supplemental jurisdiction over related state claims (28 U.S.C. § 1367); **Order** protection from retaliation; **Preserve** all evidence; prohibit document destruction; **Award** compensation for lost opportunities/time; **Grant** all other relief deemed just and proper.

Respectfully submitted,

## IX. EXHIBIT(S)

Exhibit # 1: Proof of claims, more evidence is available upon request, but major ones were made accessible on-line in EVIDENCE FOLDER at https://tinyurl.com/4cdv5u56

Exhibit # 2: Affidavit of ADA advocate Francesca Amato documenting systematic denial of ADA accommodations and corruption during the 05/02/2025 hearing, including witness testimony to the court's denial of reasonable accommodations, threats against court watchers, and procedural irregularities.

## AVOUCHMENT / VERIFICATION

i hereby declare, verify, certify and affirm, pursuant to the penalties of perjury under the

laws of the united states of America, and by the provision of **28 U.S. Code § 1746** that i am of

sound mind and competent to make this verification, and that all of the above and foregoing

representations are true and correct to the best of my knowledge, information, belief.

Executed in <u>Charleston</u> County, republic land of <u>South Carolina</u> on this <u>25th</u> day of <u>June</u>

in the Year of Our Lord <u>Two Thousand and Twenty Five</u>.

> *Nemo me impune lacessit pursuant to Psalm 105:15 + Isaiah 54:17*
> PRIVATE; THIS IS NOT A PUBLIC COMMUNICATION
> Notice to Agent is Notice to Principal, Notice to Principal is Notice to Agent,
> Notice applies to all successors and assigns; Affidavit is a Form of Evidence;
> Unrebutted Affidavit Stands as Truth in Commerce;
> **Silence is Tacit Acquiescence/Agreement/Dishonor**;
> *This communication is in no way forming a contract nor requesting any*
> *contracting; it is simply a notice regarding the matters at hand. This*
> *communication is not intended to nor does it create nor confirm any*
> *professional-client relationship or any type of relationship between us;*

Private sector autograph;
**WITHOUT RECOURSE**

*without prejudice*
*linh-tran: stephens/Agent*

By one–and–only beneficiary: _____
All Rights Reserved None Waived, **Without Prejudice** *UCC 1-308 & 1-103*,
**Non-Assumpsit**, one-and-only Grantor & Authorized Agent & Beneficiary
for LINH TRAN STEPHENS©® ens legis and all its derivatives thereof including Cestui Que
Trust a.k.a. "Fide Commissary Trust",
sui juris, Ambassador of Messiah Yahusha, Heir of the Creator,
my heir/offspring is G.L.Stephens,
A natural living woman breathing with a living soul and the Holy Spirit,
natural people with hands legs, Alive-on-the-land, Plenary mind body soul/spirit,
unlimited, non-incorporated, non-sole-proprietor,
**stateless "freeman of the Union"** per Honorable Mr. Justice MILLER on April 14th, 1983, in
the Slaughter-House cases, 83 US 36 (a SCOTUS case specifically mentioned in 8 FAM 102.3),
full capacity and competency with postgraduate level of education,
living on the land of the republic, with God-given rights pursuant to Bills of Rights,
NOT a "pro se"/"person"/"pauper"/"indigent"/"slave"/"public servant"/"government
employee"/"ward of State"/"U.S. citizen"/"minor" in your dictionary;
i reject your 12 legal presumptions, other presumptions/assumptions/double-speaking/implied or
undisclosed contracts;
Article IV Section 2 Citizens of each State shall be entitled to all Privileges & Immunities of
Citizens in several States;

**Rural Free Delivery, Non-Domestic 00000,**
℅ 1964 Ashley River Rd Ste B Unit 80112,
Charleston, South Carolina [zip exempt but near 29407] without U.S.D.C.
Email: LinhStephens7@gmail.com: *Tel:* 843-608-0294

## Notary as JURAT CERTIFICATE

STATE OF MINNESOTA              )

                               ) *ss*

COUNTY OF SHERBURNE )

On this 25th day of June, 2025 before me, Melissa K. Vagle, a Notary Public, personally appeared a living woman Linh Tran Stephens ( the Authorized Representative and Beneficiary for Legal Fiction LINH TRAN STEPHENS©® ), who electronically (remotely) proved to me on the basis satisfactory evidence to be the woman whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her autograph(s) on the instrument the woman executed, the instrument.

i certify under PENALTY OF PERJURY under the lawful laws of Minnesota State and that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.



Signature of Notary/Jurat

MELISSA K VAGLE
Notary Public
State of Minnesota
My Commission Expires
January 31, 2028

Notary Public's Commission Expires: 01/31/2028

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 25th day of May, 2025, a true, correct, and exact copy of the above and foregoing instrument was filed face-to-face with Court Clerk at United States District Court Northern District of Oklahoma, 333 W 4th St, Suite 411,Tulsa, OK 74103; previously efiling and In Forma Pauperis (IFP) were approved on 02/01/2024 case 23-CV-553-GKF-SH and all subsequent cases including **23-CV-553-GKF-SH and its appeal cases** 25-5063 in 10th circuit court of appeal, thus Court Clerk to issue summons and to direct U.S. Marshall to serve on all defendants listed above and copied below.

1.  STATE OF OKLAHOMA: 313 NE 21st Street, Oklahoma City, OK 73105
2.  OKLAHOMA ATTORNEY GENERAL OFFICE (OAG): 313 NE 21st Street, Oklahoma City, OK 73105
3.  OKLAHOMA STATE BUREAU OF INVESTIGATION (OSBI): 6600 N Harvey Pl, Oklahoma City, OK 73116
4.  OKLAHOMA DEPARTMENT OF HUMAN SERVICES (OKDHS): 2400 N. Lincoln Blvd., Oklahoma City, OK 73105
5.  DAVID L. MOSS CRIMINAL JUSTICE CENTER: 300 N. Denver Ave. Tulsa, OK 74103
6.  OKLAHOMA SHERIFFS' ASSOCIATION: 1615 South State Street, Edmond, OK 73013
7.  OKLAHOMA STATE GOVERNOR'S OFFICE: 2300 N. Lincoln Blvd., Suite 212, Oklahoma City, OK 73105
8.  OKLAHOMA PASSPORT CENTER: 207 International Dr, Portsmouth, NH 03801-6827
9.  UNITED STATES DEPARTMENT OF STATE: 2201 C St NW, Washington, DC 20520
10. OKLAHOMA CHILD PROTECTIVE SERVICES (CPS): P.O. Box 25352, Oklahoma City, OK 73125-0352
11. OKLAHOMA CHILD SUPPORT SERVICES (CSS): PO Box 248822, Oklahoma City, OK 73124
12. OKLAHOMA OFFICE OF ADMINISTRATIVE HEARINGS (OAH): 2401 NW 23rd St, Suite 1A, Oklahoma City, OK 73107
13. OKLAHOMA COMMISSION ON CHILDREN AND YOUTH (OCCY): 2915 N Classen Blvd, Suite 300, Oklahoma City, OK 73106
14. OFFICE OF LEGAL SERVICES OKLAHOMA HUMAN SERVICES: 2400 N. Lincoln Blvd., Oklahoma City, OK 73105
15. OKLAHOMA SUPREME COURT: 2100 N Lincoln Blvd, Suite 4, Oklahoma City, OK 73105
16. TULSA COUNTY DISTRICT COURT: 500 S. Denver Avenue, Tulsa, OK 74103
17. TULSA COUNTY PUBLIC DEFENDER'S OFFICE: 423 S Boulder Ave, Suite 300, Tulsa, OK 74103
18. OKLAHOMA BAR ASSOCIATION (OBA): 1901 N Lincoln Blvd, Oklahoma City, OK 73105
19. OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS (COJC): 1901 N Lincoln Blvd, Suite 275, Oklahoma City, OK 73105
20. BOARD OF COUNTY COMMISSIONERS OF COUNTY OF TULSA (BOCC): 218 W. 6th St., Tulsa, OK 74119-1004

21. OKLAHOMA STATE AUDITOR & INSPECTOR: 2300 N Lincoln Blvd, Rm 123, Oklahoma City, OK 73105
22. Stephen Hale a/k/a STEPHEN E. HALE: 1825 E. 15th Street, Tulsa, OK 74104
23. THE LAW OFFICE OF STEPHEN E. HALE: 1825 E. 15th Street, Tulsa, OK 74104
24. Gilbert Pilkington, Jr., a/k/a GILBERT J. PILKINGTON, JR.: P.O. Box 52614, Tulsa, OK 74152-0614
25. PILKINGTON LAW FIRM, PLLC: P.O. Box 52614, Tulsa, OK 74152-0614
26. Emmalene Stringer a/k/a EMMALENE STRINGER: 3666 N Peoria Ave, Tulsa, OK 74106, or PO BOX 27068, Tulsa, OK 74149
27. Bridget O'brien or Bridget K. Menser a/k/a BRIDGET O'BRIEN or BRIDGET KAY MENSER: 3666 N Peoria Ave, Tulsa, OK 74106
28. Steve Johnson a/k/a STEVE JOHNSON: 500 S Denver Ave, Tulsa, OK 74103-3832
29. Jacob R. Williamson a/k/a JACOB R WILLIAMSON: 500 S Denver Ave, Tulsa, OK 74103-3832
30. Stephanie Coulter a/k/a STEPHANIE COULTER: 3666 N Peoria Ave, Tulsa, OK 74106
31. Leah Sukovaty a/k/a LEAH SUKOVATY: 3666 N Peoria Ave, Tulsa, OK 74106
32. Larisa Grecu-Radu a/k/a LARISA GRECU-RADU: 3666 N Peoria Ave, Tulsa, OK 74106
33. Charles Schwab and Co., Inc.: 3000 Schwab Way, Westlake, TX 76262
34. Deborah Shropshire a/k/a DEBORAH SHROPSHIRE: 2400 N. Lincoln Blvd., Oklahoma City, OK 73105
35. April Seibert a/k/a APRIL SEIBERT: 500 S Denver Ave, Tulsa, OK 74103-3832
36. Rodney Sparkman a/k/a RODNEY SPARKMAN: 500 S Denver Ave, Tulsa, OK 74103-3832
37. Todd Chesbro a/k/a TODD CHESBRO: 500 S Denver Ave, Tulsa, OK 74103-3832
38. William Lafortune a/k/a WILLIAM LAFORTUNE: 500 S Denver Ave, Tulsa, OK 74103-3832
39. Deborrah Ludi-Leitch a/k/a DEBORRAH LUDI LEITCH: 500 S Denver Ave, Tulsa, OK 74103-3832
40. Loretta Radford a/k/a LORETTA RADFORD: 500 S Denver Ave, Tulsa, OK 74103-3832
41. Wilma Palmer a/k/a WILMA PALMER: 500 S Denver Ave, Tulsa, OK 74103-3832
42. STATE BOARD OF OSTEOPATHIC EXAMINERS: 4848 N. Lincoln Blvd., Suite 100, Oklahoma City, OK 73105
43. Sadie Temple a/k/a SADIE TEMPLE: 423 S Boulder Ave, Suite 300, Tulsa, OK 74103
44. Marci Jefferson a/k/a MARCI JEFFERSON: 423 S Boulder Ave, Suite 300, Tulsa, OK 74103
45. Martha Rupp Carter a/k/a MARTHA RUPP CARTER: 500 S Denver Ave, Tulsa, OK 74103-3832
46. Theresa Dreiling a/k/a THERESA DREILING: 500 S Denver Ave, Tulsa, OK 74103-3832
47. Robert Perugino a/k/a ROBERT PERUGINO: 500 S Denver Ave, Tulsa, OK 74103-3832
48. April Seibert a/k/a APRIL SEIBERT: 500 S Denver Ave, Tulsa, OK 74103-3832
49. Rodney Sparkman a/k/a RODNEY SPARKMAN: 500 S Denver Ave, Tulsa, OK 74103-3832
50. Todd Chesbro a/k/a TODD CHESBRO: 500 S Denver Ave, Tulsa, OK 74103-3832
51. Robert Perugino a/k/a ROBERT PERUGINO: 500 S Denver Ave, Tulsa, OK 74103-3832
52. William LaFortune a/k/a WILLIAM LAFORTUNE: 500 S Denver Ave, Tulsa, OK 74103-3832

53. Martha Rupp Carter a/k/a MARTHA RUPP CARTER: 500 S Denver Ave, Tulsa, OK 74103-3832
54. Theresa Dreiling a/k/a THERESA DREILING: 500 S Denver Ave, Tulsa, OK 74103-3832
55. Dawn Moody a/k/a DAWN MOODY: 500 S Denver Ave, Tulsa, OK 74103-3832
56. Doug Drummond a/k/a DOUG DRUMMOND: 500 S Denver Ave, Tulsa, OK 74103-3832
57. Samantha Boen a/k/a SAMANTHA BOEN: 500 S Denver Ave, Tulsa, OK 74103-3832
58. Kacharra Mansker a/k/a KACHARRA MANSKER: 500 S Denver Ave, Tulsa, OK 74103
59. Vic Regalado a/k/a VIC REGALADO: 300 N. Denver Ave. Tulsa, OK 74103
60. Jennifer Regalado a/k/a JENNIFER REGALADO: 300 N. Denver Ave. Tulsa, OK 74103
61. Tracy Nester a/k/a TRACY NESTER: 1901 N Lincoln Blvd, Oklahoma City, OK 73105
62. Gina Hendryx a/k/a GINA HENDRYX: 1901 N Lincoln Blvd, Oklahoma City, OK 73105
63. Richard Rose a/k/a RICHARD ROSE: 1901 N Lincoln Blvd, Suite 275, Oklahoma City, OK 73105
64. Taylor Henderson a/k/a TAYLOR HENDERSON: 1901 N Lincoln Blvd, Suite 275, Oklahoma City, OK 73105
65. Vicki Cox a/k/a VICKI COX: 500 S Denver Ave, Tulsa, OK 74103-3832
66. Kim Hall a/k/a KIM HALL: 500 S Denver Ave, Tulsa, OK 74103-3832
67. Kathy Burrows a/k/a KATHY BURROWS: 500 S Denver Ave, Tulsa, OK 74103-3832
68. John M. O'connor a/ka JOHN MICHAEL O'CONNOR: 313 NE 21st Street, Oklahoma City, OK 73105
69. Gentner Drummond a/k/a GENTNER DRUMMOND: 313 NE 21st Street, Oklahoma City, OK 73105
70. Wendy Drummond a/k/a WENDY DRUMMOND: 313 NE 21st Street, Oklahoma City, OK 73105
71. John Kevin Stitt, a/k/a, J. KEVIN STITT: 2300 N. Lincoln Blvd., Suite 212, Oklahoma City, OK 73105
72. Sarah Hazen Stitt a/k/a SARAH HAZEN STITT: 2300 N. Lincoln Blvd., Suite 212, Oklahoma City, OK 73105
73. Kevin C. Leitch a/k/a KEVIN C. LEITCH: 500 S Denver Ave, Tulsa, OK 74103-3832
74. Ciera Freeman a/k/a CIERRA N FREEMAN: 616 S Boston Ave, Suite 307, Tulsa OK 74119
75. Chandler Moxley a/k/a CHANDLER MOXLEY: 616 S Boston Ave, Suite 307, Tulsa OK 74119
76. MOXLEY LAW FIRM, PLLC: 616 S Boston Ave, Suite 307, Tulsa OK 74119
77. Dale Warner a/k/a DALE WARNER: 1813 S. Baltimore Ave., Tulsa, OK 74119
78. DALE WARNER LAW FIRM: 1813 S. Baltimore Ave., Tulsa, OK 74119
79. Erica Parks a/k/a ERICA PARKS: 616 S Boston Ave, Suite 307, Tulsa OK 74119
80. ERICA PARKS LAW FIRM, PLLC: 616 S Boston Ave, Suite 307, Tulsa OK 74119
81. Charles Shannon a/k/a CHARLES SHANNON: 207 International Dr, Portsmouth, NH 03801
82. Adam Sylvester Stephens a/k/a ADAM SYLVESTER STEPHENS: 500 S Denver Ave, Tulsa, OK 74103

/s/ Linh Stephens, or Stephens:Linh-Tran