IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LINH TRAN STEPHENS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-25-322 |
| STATE OF OKLAHOMA et al., | ) |
| Defendants. | ) |

### DEFENDANTS OKLAHOMA BAR ASSOCIATION, GINA HENDRYX AND TRACY NESTER'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND BRIEF IN SUPPORT

Defendants State of Oklahoma, ex *rel*. Oklahoma Bar Association (hereinafter "OBA"), OBA General Counsel Gina Hendryx and OBA Assistant General Counsel Tracy Nester (hereinafter "Defendants"), by and through OBA Assistant General Counsel Katherine Ogden, move to dismiss Plaintiff's Amended Complaint [Doc. 6], pursuant to Rule 12(b)(1) and (6), Federal Rules of Civil Procedure. This Court lacks subject matter jurisdiction over Plaintiff's claims and the Complaint otherwise fails to state a claim upon which relief can be granted. The Defendant's Motion is supported by the following brief:

### STATEMENT OF THE CASE

Plaintiff, appearing *pro se*, is suing 84 Defendants. Much of the Amended Complaint concerns facts in Plaintiff's personal divorce and custody matters. There are no specific facts alleged against the Defendants in the Complaint and the undersigned can discern no facts or legal theory entitling Plaintiff to relief against them. On page 20 of the Amended Complaint, Plaintiff alleges that the OBA is a "state agency responsible for attorney regulation and discipline. The OBA is subject to constitutional limitations and

1

federal laws and is sued for its failure to address attorney misconduct that facilitated constitutional violations." [Doc. 6, p.20]. On page 25 of the Amended Complaint, Plaintiff describes Defendants Hendryx and Nester as "viol[ating] Plaintiff's constitutional rights while acting under color of state law through failure to address attorney misconduct that facilitated constitutional violations." There are no other facts in Plaintiff's 101-page Amended Complaint directed at the Defendants.

The Amended Complaint does not contain a "short and plain statement of the grounds" for the Court's jurisdiction over the Defendants or a "short and plain statement of claim" showing that Plaintiff is entitled to relief as required by Fed. R. Civ. P. Rule 8(a). Similarly, Plaintiff fails to allege that the Defendants violated the Constitution, laws or treaties of the United States, which would invoke the jurisdiction of this Court.

## **STANDARD OF REVIEW**

A 12(b)(1) motion to dismiss for lack of subject matter jurisdiction can take one of two forms: a facial attack or a factual attack. *Pueblo of Jemez v. United States,* 790 F.3d 1143, 1148, n. 4 (10th Cir. 2015). A facial attack questions the sufficiency of the complaint's allegations and in reviewing same, the district court must accept the allegations in the complaint as true. *Id.* In a factual attack, the moving party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. *Id.* When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. *Id.* Instead, the court has discretion to allow outside evidence to resolve the disputed jurisdictional facts. *Id*.

A dismissal for failure to state a claim under Fed. R. Civ. P. Rule 12(b)(6) is

appropriate when it is apparent that a plaintiff can prove no set of facts that would entitle him to relief. *Ledbetter v. City of Topeka*, 318 F.3d 1186, 1187 (10th Cir. 2003). When evaluating a Fed. R. Civ. P. Rule 12(b)(6) motion to dismiss, the Court must accept as true all factual allegations in the complaint and construe those facts in a light most favorable to the plaintiff, resolving all reasonable inferences in the plaintiff's favor. *Arnold v. McClain*, 926 F.2d 963, 965 (10th Cir. 1991).

To resolve a Fed. R. Civ. P. Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under this standard, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). The factual allegations must be enough that, if assumed to be true, the plaintiff plausibly, not merely speculatively, has a claim for relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). If it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief, then dismissal is required. *Tonkovich v. Kansas Bd. of Regents,* 254 F.3d 941 (10th Cir. 2001).

**PROPOSITION I: THE DEFENDANTS ARE IMMUNE FROM SUIT UNDER STATE AND FEDERAL LAW**

Plaintiff's claims are barred by the Eleventh Amendment. Defendants OBA, General Counsel Gina Hendryx and Assistant General Counsel Tracy Nester are entitled to absolute immunity from the Eleventh Amendment and from any 42 U.S.C. §1983

claim.[1] The Eleventh Amendment extends to the state, its instrumentalities and its officers in their official capacities. *Mount Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, (1977). Eleventh Amendment immunity is available to an entity where the entity is to be treated as an arm of the State. *Meade v. Grubbs*, 841 F.2d 1512, 1525 (10th Cir.1988). The Supreme Court of Oklahoma is charged with regulating the practice of law in Oklahoma and has as its enforcement arm, the OBA. *Clulow v. Oklahoma*, 700 F.2d 1291, 1297 (Okla. 1983) (overruled on other grounds in *Newcomb v. Ingle*, 827 F.2d 675, 678 (10th Cir. 1987). Rule 1.1, RGDP, 5 O.S. (2021) ch. 1, app. 1-A. Oklahoma's RGDP provides that officers of the OBA including its General Counsel, acting in connection with the enforcement of the disciplinary rules are considered as acting officially on behalf of the Oklahoma Supreme Court. 5 O.S. (2021) ch. 1, app. 1-A. Thus, the OBA through its officers and employees performs functions of the state sufficient to entitle it to Eleventh Amendment immunity and such immunity flows to its officers and employees. All conduct complained of (or the lack thereof) by Gina Hendryx and Tracy Nester in the Complaint occurred in their official capacity at the OBA. Thus, the OBA, General Counsel Gina Hendryx and Assistant General Counsel Tracy Nester are entitled to the immunity flowing from the Eleventh Amendment. Because Eleventh Amendment immunity constitutes a bar to the exercise of federal subject matter jurisdiction, the court must resolve that issue as a threshold matter. *U.S. ex rel. Boothe v. Sun Healthcare Grp., Inc.,* 496 F.3d 1169, 1176 (10th Cir. 2007).

    Plaintiff does not cite or otherwise put Defendants on notice of the constitutional

---

[1] The OBA reserves and does not waive its right to assert prosecutorial immunity (per *Imbler v. Pachtman,* 424 U.S. 409 (1976)) and qualified immunity (per *Harlow v. Fitzgerald*, 457 U.S. 800 (1982)) in later briefings should the need arise.

violations for which she seeks relief. In case this Court construes Plaintiff's vague allegations that Defendants committed "constitutional violations" as those under 42 U.S.C. §1983, the Eleventh Amendment also works to bar suits against States for alleged deprivations of civil liberties per 42 U.S.C. §1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989), citing *Welch v. Texas Dept. of Highways and Public Transportation*, 483 U.S. 468, 483 (1987). A suit against a state official in his or her official capacity is not a suit against the official, but rather the official's office. *Will,* 491 U.S. at 71. As to Plaintiff's vague claim of a "constitutional violation" neither States nor state officials acting in their official capacities are "persons" within the meaning of 42 U.S. §1983. *Id*. Thus, Plaintiff is barred from seeking damages against the OBA General Counsel Gina Hendryx and Assistant General Counsel Tracy Nester as they are not "persons" within the meaning of 42 U.S.C. §1983. As the Plaintiff's claims are barred by Eleventh Amendment immunity, dismissal is proper.

**PROPOSITION II: PLAINTIFF HAS FAILED TO STATE A CLAIM**

This Court should dismiss the Defendants from this matter as Plaintiff failed to state a claim pursuant to a cognizable legal theory that would entitle her to relief as Fed. R. Civ. P. Rule 8(a) requires.

Although Plaintiff appear *pro se,* she is required to adhere to the same rules of procedure as any other litigant. *Green v. Dorrell,* 969 F.2d 915, 917 (10th Cir. 1992). A required minimal standard is providing defendants with notice of the allegations against them as set forth in Fed. R. Civ. P. Rule 8(a). The Rule requires notice in the form of: "(1) a short and plain statement of the grounds for the court's jurisdiction…, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand

for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).  A plaintiff is required to state its claims intelligibly so as to inform the defendants of the legal claims being asserted.  *Mann v. Boatright,* 477 F.3d 1140, 1148 (10th Cir. 2007). Failure to comply with Fed. R. Civ. P. Rule 8 is sufficient reason to dismiss a complaint. *Mann* at 1148, citing *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378-79 (7th Cir. 2003). Plaintiff is required to do more than merely state a conclusion when raising a constitutional claim. *Blinder, Robinson, Co. v. U.S.S.E.C.,* 748 F.2d 1415, 1419 (10th Cir. 1984), citing *Butz v. Economou*, 438 U.S. 478, 495, 98 S.Ct. 2894 (1978). A complaint must clearly state what each defendant did to violate a plaintiff's civil rights. *See Bennett v. Passic,* 545 F.2d 1260, 1262-63(10th Cir. 1976). Meaning, a complaint must, "make clear exactly *who* is alleged to have done *what* to *whom*." *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).

     Plaintiff has not made a short and plain statement of a claim showing that she is entitled to relief as against the Defendants, nor has Plaintiff demanded relief against the Defendants pursuant to any cognizable legal theory. Plaintiff has merely made a conclusion that her constitutional rights were violated by the Defendants. There is no single factual allegation in the Complaint claiming the Defendants performed any act or omission that harmed the Plaintiff. There is no remedy sought from the Defendants.  As Plaintiff has wholly failed to comply with Fed. R. Civ. P. Rule 8, dismissal pursuant to Fed. R. Civ. P. Rule 12(b)(6) is proper.

## **CONCLUSION**

Plaintiff's claims require dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and (6) as Defendants are entitled to immunity from the Eleventh Amendment and Plaintiff has failed to comply with Fed. R. Civ. P. 8.

WHEREFORE, based upon the above argument and authority, the Defendants respectfully request this Court to dismiss Plaintiff's claims against them with prejudice.

Respectfully submitted,

s/ KATHERINE M. OGDEN_____
Katherine M. Ogden, OBA No. 22668
Assistant General Counsel
Oklahoma Bar Association
1901 N. Lincoln Blvd.
P.O. Box 53036
Oklahoma City, Oklahoma 73152
Telephone:  405.416.7007
Facsimile:  405.416.7003
katieo@okbar.org

ATTORNEY FOR DEFENDANTS
OKLAHOMA BAR ASSOCIATION,
GENERAL COUNSEL GINA HENDRYX
AND ASSISTANT GENERAL COUNSEL
TRACY NESTER

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 28, 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Stefanie E. Lawson
Assistant Attorney General
Oklahoma Attorney General's Office

Attorney for Defendants Tulsa County Special Judges Seibert, Sparkman, Chesbro, Ludi-Leitch and Radford; Tulsa County Juvenile Court Judges Rupp-Carter and Dreiling; Tulsa County District Court Judges Moody, Lafortune, and Drummond; and Tulsa County Court Administrator Kim Hall.

and

Linh Tran Stephens
1964 Ashley River Rd., Ste. B
Unit 80112
Charleston, SC 29407

Plaintiff, *pro se*

s/ KATHERINE M. OGDEN