# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LINH TRAN STEPHENS, a natural living woman, *sui juris*, with inherent sovereign rights, | ) ) ) ) | |
| Plaintiff, | ) ) | CIV-25-322-SEH |
| v. | ) ) | |
| STATE OF OKLAHOMA, *et al.* | ) ) | |
| Defendants. | ) | |

## MOTION TO DISMISS AND BRIEF IN SUPPORT OF THE DEFENDANT, OKLAHOMA STATE AUDITOR AND INSPECTOR

The defendant, Oklahoma State Auditor and Inspector ("SAI") hereby moves the Court to dismiss the plaintiff's claims against it pursuant to Fed.R.Civ.P. 12(b)(6). The Second Amended Complaint [Doc. No. 19] constitutes an impermissible "puzzle pleading" prohibited by Fed.R.Civ.P. 8, fails to identify any material facts supporting a cognizable claim, and fails to satisfy the heightened pleading requirements of Fed.R.Civ.P. 9. Moreover, SAI is immune from suit under the Eleventh Amendment. For all these reasons, SAI respectfully requests this Court dismiss the claims against it.

## BACKGROUND

This case appears to arise out of the custody transfer of the plaintiff's minor child to the biological father and a subsequent child support enforcement action against the plaintiff. The plaintiff seeks immediate return of her child, a restraining order, vacation

and expungement of a child support order against the plaintiff with no further child support orders against her in perpetuity, return of seized funds, disability accommodations, training for the defendants, as well as a federal monitor to oversee the Oklahoma court system and other relief. The plaintiff also seeks $500 million in monetary damages. In her lengthy Second Amended Complaint, the plaintiff, proceeding *pro se*, includes claims of Constitutional violations, civil rights violations, ERISA violations, fraud upon the Court in violation of *Marbury v. Madison*, intentional infliction of emotional distress, and violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), as well as many other claims. The Second Amended Complaint includes 84 defendants whom the plaintiff alleges were somehow engaged in an elaborate scheme to remove her daughter from her custody and then imprison her for failing to pay child support.

The plaintiff's claims against SAI are based upon bare, conclusory statements that fail to show how SAI committed any wrongful act against the plaintiff, let alone how SAI is part of an intricate conspiracy under RICO that included alleged secret meetings and tampering with court transcripts. In fact, the only clear allegation against SAI is on page 20 of the Second Amended Complaint, where the plaintiff asserts that SAI failed to detect and prevent fraudulent Title IV-D claims under the Social Security Act; however, the plaintiff does not explain how she has the authority to act as a private attorney general to prosecute the allegation. In short, the plaintiff wholly fails to show how this claim is actionable against SAI. For the reasons set forth below, the plaintiff's claims against SAI should be dismissed.

## ARGUMENTS AND AUTHORITIES

### I.    The Plaintiff's Complaint Constitutes an Improper Puzzle Pleading.

The plaintiff's 109-page Second Amended Complaint is anything but a short and plain statement of claims as required by Fed.R.Civ.P. 8(a)(2).  Rather, it is the winding, unwieldy, meandering type of filing unacceptable in federal court.  *See In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1553-54 (9th Cir. 1994)("A complaint is not a puzzle, however, and … [courts] are loathe to allow plaintiffs to tax defendants, against whom they have leveled very serious charges, with the burden of solving puzzles in addition to the burden of formulating an answer to their complaint."); *Quintero Cmty. Assn., Inc. v. F.D.I.C.*, 792 F.3d 1002, 1009 (8th Cir. 2015)(stating courts "will not mine a seventy-two page complaint searching for nuggets that might refute obvious pleading deficiencies.").  The burden of combing through 109 pages of rambling conclusory statements to divine a legally cognizable claim is taxing on this Court's and SAI's resources.  *See Magluta v. Samples*, 256 F.3d 1282, 1284-85 (11th Cir. 2001)(refusing to address and decide serious Constitutional issues on the basis of a "quintessential 'shotgun' pleading of the kind [courts have] condemned repeatedly" because "[i]t is in no sense the 'short plain statement of the claim' required by Rule 8.").  "Shotgun pleadings … impede[] the due administration of justice and, in a very real sense, amount to obstruction of justice."  *Byrne v. Nezhat*, 261 F.3d 1075, 1131 (11th Cir. 2010).  The plaintiff's shotgun claims against SAI should be dismissed.

Additionally, the plaintiff's RICO claims are subject to the heightened pleading requirements of Fed.R.Civ.P. 9(b).  *Cayman Expl. Corp. v. United Gas Pipe Line Co.*, 873

F.2d 1357, 1362 (10th Cir. 1989). Fed.R.Civ.P. 9(b) provide that when "[a]lleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The purpose of Rule 9(b) is to "afford defendant fair notice of plaintiff's claims and factual grounds upon which [they] are based …" *Koch v. Koch Indus.*, 203 F.3d 1202, 1236 (10th Cir. 2000)(internal citation omitted). Although voluminous, the plaintiff's allegations lack the detail necessary to plead with particularity the RICO acts predicated on fraud. Consequently, SAI is left in the dark as to its role in the alleged conspiracy. Rule 9(b) requires that a plaintiff set forth the "who, what, when, where, and how of the alleged fraud," and "the time, place, and contents of the false representation, the identity of the party making the false statements sand the consequences thereof." *U.S. ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah,* 472 F.3d 702, 726-27 (10th Cir. 2006). These requirements are missing from the plaintiff's claims against SAI.

Here, the Amended Complaint is anything but a short and plain statement of the claims against SAI as required by Fed.R.Civ.P. 8. And its shotgun allegations – devoid of any factual particularity salient to the stated claim against SAI – fails to satisfy Fed.R.Civ.P. 9. The Amended Complaint should accordingly be dismissed as to SAI.

## II.    **The Plaintiff's Complaint Fails to State a Valid Claim.**

To survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a complaint must include enough factual content, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Tenth Circuit holds that when evaluating a *pro se* complaint under the *Twombly* standard, "[r]ather than adjudging whether a claim is 'improbable, factual allegations in a complaint must be enough to raise a right to relief above the speculative level." *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims*." Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)(emphasis in original).

A district court may dismiss a complaint if the factual allegations are not sufficient to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 570. The court should not assume the role of advocate and should dismiss claims which are supported only by vague and conclusory allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, a plaintiff must do more than simply state a conclusion when raising a Constitutional claim. *Blinder v. Robinson, Co. v. U.S.S.E.C.,* 748 F.2d 1415, 1419 (10th Cir. 1984)(citing *Butz v. Economou*, 438 U.S. 478, 495 (1978)). "A plaintiff must state a compensable claim for relief that details the facts forming the basis of the claim." *Id.*(citing *Mountain View Pharmacy v. Abbot Laboratories*, 630 F.2d 1383, 1386-87 (10th Cir. 1980)).

The plaintiff references a multitude of alleged "causes of action/claims" throughout her 109-page Second Amended Complaint. Those include deprivation of Constitutional rights, ERISA violations, fraud and False Claims Act violations, conspiracy to interfere

with civil rights, retaliation, intentional infliction of emotional distress, and even more. None of the plaintiff's claims allege any facts that support wrongdoing by SAI. Accordingly, the plaintiff's claims against SAI should be dismissed.

**III.**    <u>**SAI Has Eleventh Amendment Immunity.**</u>

The plaintiff asserts claims under 42 U.S.C. §1983 (Causes of Action Nos. 1, 3-5, 7, 9, 11, 14, and 15). These claims fail as a matter of law because SAI cannot be sued in federal court for §1983 violations. "Neither the State, nor a governmental entity that is the arm of the State for Eleventh Amendment purposes, nor a State official who acts in his official capacity is a person within the meaning of §1983." *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). Furthermore, Congress has not abrogated the State's Eleventh Amendment immunity through enactment of 42 U.S.C. §1983. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979). Accordingly, the Eleventh Amendment bars the plaintiff's claims under 42 U.S.C. §1983 against SAI.

<u>**CONCLUSION**</u>[1]

SAI respectfully requests that, under Fed.R.Civ.P. 12(b)(6), this Court dismiss the plaintiff's claims against it and further requests any and all such other relief as this Court deems just and appropriate.

/s/ Heidi J. Long
Heidi J. Long, OBA #17667
LEONARD, LONG & CASSIL, PLLC
6301 N. Western, Suite 250
Oklahoma City, OK  73118
(405) 803-8343

---

[1] To the extent not included herein, SAI adopts and incorporates by reference the arguments set forth by the remaining defendants in their respective motions to dismiss.

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

I hereby further certify that on July 31, 2025, I served the attached document by U.S. Mail on the following who is not a registered participant of the Electronic Case Filing System:

Linh Tran Stephens
1964 Ashley River Rd., Ste. B
Unit 80112
Charleston, SC  29407


/s/ Heidi J. Long