## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LINH TRAN STEPHENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:25-cv-00322-SEH-JFJ |
| | ) |
| STATE OF OKLAHOMA, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS CHANDLER MOXLEY AND MOXLEY LAW FIRM, PLLC'S FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendants Chandler Moxley and Moxley Law Firm, PLLC (hereinafter "Defendants"), by and through counsel of record, move this Court to dismiss Plaintiffs Amended Complaint (the "Amended Complaint"; Dkt. 6[1]) for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). As is more fully set out below, Plaintiff advances no cognizable claims against these Defendants. Although the Amended Complaint is 101 pages, the only reference to these Defendants is that an appearance at a hearing occurred. (See Dkt. 6, paragraph 67). There is no allegation or claim for relief related to this appearance as Paragraph 67 simply references an appearance. The remainder of Paragraph 67 references actions by other parties at the hearing and makes no reference to these Defendants. Nowhere in the sprawling Amended Complaint is this appearance tied to any of the claims for relief. None of the claims for relief relate to these Defendants and all the claims appear to lack merit.

---

[1] It appears that Plaintiff has filed another Amended Complaint (DKT 19) which these Defendants have not been able to access from Pacer or the Court's docket.

In further support of this Motion, Defendants rely its Memorandum of Law in Support of Motion to Dismiss.

## STATEMENT OF THE CASE

Plaintiff, appearing *pro se*, is suing 84 Defendants, including numerous public officials and judges. Defendants are a private attorney and her law firm doing business in the Tulsa area. Much of the Amended Complaint concerns Plaintiff's claims against various judges and government officials related to her prior lawsuits. Outside of the instances where Defendants are named as a parties in introductory paragraphs, Defendants appear only once in the 101 page Amended Complaint. It appears in Paragraph 67, where these Defendants are referenced as being Plaintiff's attorney for a hearing on March 21, 2022. There are no facts or allegations supporting any claim in this paragraph as to Defendants. In fact, there are no specific facts alleged against Defendants in the Amended Complaint and the undersigned can discern no facts or legal theory entitling Plaintiff to relief. The Federal Rules require a "short and plain statement of claim" showing that Plaintiff is entitled to relief as required by Fed. R. Civ. P. Rule 8(a). The 101 page Amended Complaint completely fails on this requirement. Outside of the lone reference to Defendants appearing at a hearing, there is nothing to support any claims against Defendants and dismissal is proper.

## STANDARD OF REVIEW

Under Rule 12(b), to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atl. Corp.v.*

*Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)). A claim has facial plausibility when it is supported by "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." *Id.* Although pro se pleadings are liberally construed, a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth enough facts to state a claim to relief that is plausible on its face. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972), *quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 554, 562-563 (2007). This standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly* at 555; *see Frazer v. IPM Corp. of Brevard, Inc.,* 767 F. Supp. 2d 1369, 1372 (N.D. Ga. 2011) (recognizing that "the Court need not accept as true conclusory allegations or legal characterizations").

Moreover, a claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While pro se complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), they still must allege sufficient facts to support the claims alleged. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Id.*

Pursuant to this well-established standard, Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted and it should be dismissed with prejudice as frivolous.

In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits, *Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 964–65 (10th Cir.1994), and documents incorporated into the complaint by reference, *Tellabs,*

*Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 127 S.Ct. 2499, 2509, 168 L.Ed.2d 179 (2007); TMJ Implants, Inc. v. Aetna, Inc., 498 F.3d 1175, 1180 (10th Cir.2007). "[T]he district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir.2007) (internal quotation omitted).

### PROPOSITION I: PLAINTIFF HAS FAILED TO STATE A CLAIM

This Court should dismiss the Defendants from this matter as Plaintiff failed to state a claim pursuant to a cognizable legal theory that would entitle her to relief as Fed. R. Civ. P. Rule 8(a) requires.

Although Plaintiff appears *pro se,* she is required to adhere to the same rules of procedure as any other litigant. *Green v. Dorrell,* 969 F.2d 915, 917 (10th Cir. 1992). A required minimal standard is providing defendants with notice of the allegations against them as set forth in Fed. R. Civ. P. Rule 8(a). The Rule requires notice in the form of: "(1) a short and plain statement of the grounds for the court's jurisdiction..., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). A plaintiff is required to state its claims intelligibly so as to inform the defendants of the legal claims being asserted. *Mann v. Boatright,* 477 F.3d 1140, 1148 (10th Cir. 2007). Failure to comply with Fed. R. Civ. P. Rule 8 is sufficient reason to dismiss a complaint. *Mann* at 1148, citing *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378-79 (7th Cir. 2003). Plaintiff is required to do more than merely state a conclusion when raising a constitutional claim. *Blinder, Robinson, Co. v. U.S.S.E.C.,* 748 F.2d 1415, 1419 (10th Cir. 1984), citing *Butz v. Economou,* 438 U.S. 478, 495, 98 S.Ct. 2894 (1978). A

complaint must clearly state what each defendant did to violate a plaintiff's civil rights. *See Bennett v. Passic,* 545 F.2d 1260, 1262-63(10th Cir. 1976). Meaning, a complaint must, "make clear exactly *who* is alleged to have done *what* to *whom*." *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).

Plaintiff has not made a short and plain statement of a claim showing that she is entitled to relief against Defendants, nor has Plaintiff demanded relief against Defendants pursuant to any cognizable legal theory. As detailed above, the only factual allegation in the entire Amended Complaint is that these Defendants appeared as Plaintiff's attorney at a hearing on March 21, 2022. (*See* Dkt. 6, Paragraph 67 of Amended Complaint). The rest of this paragraph makes allegations about the actions of other parties. Notably, the Amended Complaint is devoid of allegations pertaining Defendants representation or any role Defendants played in the Court's decision. There is no single factual allegation in the Complaint claiming that Defendants performed any act or omission that harmed the Plaintiff. There is no remedy that can be identified as being sought from Defendants. As Plaintiff has wholly failed to comply with Fed. R. Civ. P. Rule 8, dismissal pursuant to Fed. R. Civ. P. Rule 12(b)(6) is proper.

**PROPOSITION II.   AMENDMENT WOULD BE FUTILE**

In light of the above facts and the Amended Complaint, any attempted further amendment to the Complaint would be futile. The amendment must have a legitimate legal basis and not merely restate previously dismissed claims. In *AGI Consulting L.L.C. v. Am. Nat'l Ins. Co.*, 378 F.Supp. 3d 1056 (W.D. Okla. 2019) the court highlighted the necessity for amendments to reflect the current legal landscape and serve justice. Here, Plaintiff has already filed a Complaint

and an Amended Complaint. Plaintiff's Amended Complaint is 101 pages long and makes one reference to Defendants. Clearly, Plaintiff has had a full and fair opportunity to plead all allegations as to these Defendants. Accordingly, the Plaintiff should be precluded from any attempts to further amend her Complaint, since any attempt would be futile.

## CONCLUSION

The Complaint fails to state a plausible claim for relief against Defendants. This is a frivolous complaint and should be dismissed with prejudice. There is no legal theory under which Plaintiff has pled a valid claim. Defendants respectfully request this Court Dismiss this action with prejudice, award Defendant its attorney fees, costs and any other relief this Court deems equitable.

Respectfully submitted,

**Gordon Rees Scully Mansukhani, LLP**

_____
Gregg J. Lytle OBA #20759
Jacob N. Popp OBA #35929
8211 East Regal Place, Suite 100
Tulsa, Oklahoma 74133
Telephone: (539) 235-5520
glytle@grsm.com
jpopp@grsm.com
Attorneys for Defendants
Chandler Moxley and Moxley Law Firm, PLLC

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document was served on the following counsel of record via ECF and by the means indicated on July 31, 2025:

**Via U.S. Mail/EMAIL**

Linh Tran Stephens
1964 Ashley River Rd., Ste. B
Unit 80112
Charleston, SC 29407
*Pro Se Plaintiff*


_/s/ Gregg J. Lytle_____
**GREGG J. LYTLE**