# United States District Court
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Lihn Tran Stephens, a natural living woman, sui juris, with inherent sovereign rights, | )<br>)<br>) |
| *Plaintiff,* | )<br>) |
| v. | ) Civil Action No. 25-cv-322-SEH-JFJ |
| STATE OF OKLAHOMA, et al. | )<br>)<br>) |
| *Defendants* | ) |

MOTION TO DISMISS PLAINTIFF'S COMPLAINT BY DEFENDANTS
BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF TULSA,
KACHARRA MANSKER, AND KATHY BURROWS

COME NOW the Defendants Board of County Commissioners of the County of Tulsa ("BOCC"), Kacharra Mansker ("Mansker"), and Kathy Burrows ("Burrows") (collectively, "Defendants"), by and through Assistant District Attorney Douglas A. Wilson and pursuant to Rules 8 and 12(b)(1), (2), (4), (5) and (6) of the Federal Rules of Civil Procedure, hereby move this Court to dismiss Plaintiff's Complaint against them for lack of subject-matter jurisdiction, personal jurisdiction, insufficient process, insufficient service of process, and failure to state a claim upon which relief can be granted. In support of this motion, Defendants tender the following brief:

I.
THIS COURT LACKS JURISDICTION
OVER PLAINTIFF'S CHILD CUSTODY DISPUTE
AND UNDER THE ROOKER-FELDMAN DOCTRINE

Following lengthy and highly contentious child custody and support proceedings in state court, *see* Tulsa County Case No. FD-2015-2228, and its related Tulsa County cases, PO-2017-3292, PO-2021-3843, PO-2021-4059, SC-2023-956, CJ-2023-1901, PO-2023-4019, CV-2024-

1

1311, and related appellate cases, DF-120612, CI-120847, DF-120848, DF-120849, DF-121149, PR-121200, DF-121254, MA-121255, DF-121851, DF-122022, MA-122445, and MA-122859,[1]

**Plaintiff brings her claims to this Court: "Give my children back to me now."** Complaint served on the Defendants at 28 (¶ 24), Exhibits B, C.[2]  Plaintiff has also filed five related cases with the Northern District of Oklahoma, 23-cv-00553, 24-cv-00216, 24-cv-00259, 25-cv-00285, and 25-cv-00286, and two related cases with the Tenth Circuit Court of Appeals: 24-5138 and 25-5063.  In her prayer for relief, she requests, among other things:

> 1. Immediate return of minor child with sole legal and physical custody to me her biological mother and rightful owner ordained by YAHUAH GOD CREATOR Himself; Immediate restoration of all parental rights and unhampered access to my female offspring without any governmental interference nor exhusband interference nor therapists interference;
>
> 2. Order the SANE exam for female offspring to rule out any sexual abuse during Father's custody; once exam is done, immediate ordering the return of the child immediately to Mother's custody, and to daughter's original Protective Order PO-2021-3843;

---

[1] These cases are available on OSCN by going to https://www.oscn.net/dockets/, selecting either Tulsa County District Court or Appellate Courts, and entering the corresponding case number.  This Court may take judicial notice of the state court records in Plaintiff's custody and support proceedings for purposes of this Motion to Dismiss.  *See Sizova v. Nat. Institute of Standards & Technology*, 282 F.3d 1320, 1324 (10th Cir. 2002) (on challenge to jurisdiction, court may review affidavits and other documents); and *Hartleib v. Weiser Law Firm, P.C.*, 861 Fed.Appx. 714, 719 (10th Cir. 2021) (on failure to state a claim, court may review the public record referenced in the Complaint central to plaintiff's claim).  Federal courts routinely take judicial notice of the public records published by the Oklahoma State Courts Network (OSCN) at https://www.oscn.net.  *See Haynes v. Phillips*, 2020 WL 4227299, *2, n. 1 (E.D. Okla. July 21, 2020).  *See also McGirt v. Oklahoma*, 140 S.Ct. 2452, 2467 (2020) (citing to oscn.net for its publication of a list of the Tribal Courts whose judgments are given full faith and credit by the State of Oklahoma); *Rahat v. Higgins*, 159 Fed.App'x 13, 14 (10th Cir. Dec. 12, 2005) (citing to oscn.net for its publication of a criminal court docket sheet from Cleveland County, Oklahoma); *Therrien v. Target Corp.*, 617 F.3d 1242, 1259 (10th Cir. 2010) (citing to oscn.net for its publication of Oklahoma jury instructions); *Valley View Angus Ranch, Inc. v. Duke Energy Field Services, LP*, 410 Fed.App'x 89, 96 (10th Cir. Dec. 6, 2010) (citing to oscn.net for its publication of interest rates earned on Oklahoma judgments).

[2] Complaint at 19 (¶ 24), Doc. #2.

3. Ordering offending Defendants to end harassments (including unlawful Child-Support Collection practices/efforts e.g. Passport revocation, national child support registry without consent without valid contracts, unlawful imprisonment etc via OKDHS CSS; malicious prosecution by Tulsa County for Indirect Contempt of Court charges; malicious prosecutions by Rogers County for violation of protective orders charges) and defamation of Plaintiff (including but not limited to "contempt of court", "not paying child support", "abusive parent with substantiation of abuse");

4. Vacate and expunge: Child Support Order of October 14, 2022, child custody order of February 20, 2024, conviction order of February 07, 2024 and all contempt charges or conviction against Plaintiff due to its frauds-upon-the-court; uphold original Child Support Contract of January 2016 in original state of Oregon (not state of Oklahoma);

5. Ordering there shall never be any child support order to be issued against Mother ever;

6. Ordering the reversal of Defendant's passport-suspension and licensures-suspension or any other undisclosed violations stemmed from OKDHS CSS' persecutory actions;

7. Full monetary damages exceeding $500 million for torts …

[together with 22 further numbered and alphabetized requests for relief].

Complaint served on Defendants at 89-92, Exhibits B, C.[3]

This Court lacks jurisdiction over Plaintiff's claims. Recently, in an action by parents challenging a child custody decision rendered by the state courts in Kansas, the Tenth Circuit Court of Appeals in *Shophar v. United States*, 838 Fed.Appx. 328 (10th Cir. 2020), *cert. denied*, 141 S. Ct. 2519 (2021), had an opportunity to opine on the jurisdiction of federal courts in such matters. The *Shophar* Court affirmed the district court's dismissal of the case "for the reasons it expressed," *id*. at 333, among such reasons being:

(1) federal courts have no jurisdiction over child-custody disputes, *see* 3E Charles Alan Wright et al., *Federal Practice & Procedure* § 3609.1, text following n.32 (3d ed., Apr. 2020 update) ("[Despite recent cases cutting back on the scope of the

---

[3] Complaint at 61-66, Doc. #2 (Plaintiff's request for relief differs somewhat between the 71-page Complaint she filed in federal court and the 101-page "Amended 25CV-322- SHE-JFJ" that she served on the Defendants (Exhibits B, C).

3

> domestic relations exception,] child custody generally is a matter that should be viewed as being at the heart of the domestic relations exception so that only special circumstances should bring it within the purview of the jurisdiction of a federal court."); [and] (2) the writ of habeas corpus does not extend to child-custody determinations, *see Lehman v. Lycoming Cty. Children's Servs. Agency*, 458 U.S. 502, 511, 102 S.Ct. 3231, 73 L.Ed.2d 928 (1982) ("federal habeas has never been available to challenge parental rights or child custody," including the custody of foster or adoptive parents over a child).

*Id.* at 331. "[D]ivorce, alimony, and child custody decrees remain outside federal jurisdictional bounds," *Marshall v. Marshall*, 547 U.S. 293, 308 (2006) (internal quotation marks omitted).[4]

And as to damages, the *Shophar* Court noted that the *Rooker-Feldman* doctrine bars the parents' damages claim:

> [T]he alleged damages suffered by the Shophars resulted from the court decisions regarding custody. In other words, an essential element of their damages claims is that the state courts' various custody decisions were in error. And this court has recognized that a claim is barred by *Rooker-Feldman* when the "claim has merit only if the state-court ... order was unlawful." *Campbell v. City of Spencer*, 682 F.3d 1278, 1284 (10th Cir. 2012). The Shophars' arguments against application of *Rooker-Feldman* amount to little more than complaints that they have been wronged by violations of federal law and a federal court must therefore afford them relief. But the lower federal courts have no authority—that is, no jurisdiction—to give relief from state-court judgments …

*Shophar* at 332-33. *See also Alfaro v. County of Arapahoe*, 766 F. App'x 657, 659-61 (10th Cir. 2019) (affirming dismissal of mother's constitutional claims challenging state-court divorce and child custody proceedings under *Rooker-Feldman* doctrine because she "complained of injuries caused by state-court judgments"); *Atkinson-Bird v. Utah, Div. of Child & Fam. Servs.*, 92 F. App'x

---

[4] In *Ankenbrandt v. Richards*, 504 U.S. 689, 691 (1992), the Supreme Court upheld diversity jurisdiction in a case by minor children against their father and his female companion "for the defendants' alleged sexual and physical abuse of the children." Plaintiff's claim is not brought on behalf of her children, and to the extent she seeks damages in tort from her ex-husband, such a claim is indistinguishable from Plaintiff's shotgun claims against "all Defendants." *See* Complaint, Doc. #2. Further, under some circumstances, failure to pay child support obligations with respect to a child who resides in another state may be prosecuted as a crime under federal law. 18 U.S.C. § 228. This is not such a prosecution.

4

645, 647 (10th Cir. 2004) (affirming dismissal of mother's civil rights action challenging state court child custody decisions under the *Rooker-Feldman* doctrine where adjudication of her claim would "involve the court in relitigating the various child custody issues and, potentially, second-guessing state court decisions on these matters"); *Leonoff v. Oklahoma*, 60 Fed.Appx. 233, 235-36, 2003 WL 1153309 (10th Cir. 2003) (federal action that challenges validity of state court decisions regarding child custody proceedings is barred by the *Rooker–Feldman* doctrine); *Barnes v. Kansas ex rel. Sec'y Dep't of Soc. & Rehab. Servs.*, No. 04-1382-WEB, 2005 WL 1563443, at *1-2 (D. Kan. June 30, 2005) (dismissing Plaintiff's complaint seeking to set aside state court paternity and child support orders based on lack of subject-matter jurisdiction pursuant to *Rooker-Feldman* doctrine).

II.
PLAINTIFF'S COMPLAINT FAILS TO SET FORTH
A SHORT AND PLAIN STATEMENT OF HER CLAIM

Plaintiff is required in her Complaint to set forth "a short and plain statement of [her] claim showing that [she] is entitled to relief." Fed.R.Civ.P. 8(a)(2). There is nothing short or plain about the 101-page Complaint Plaintiff served on the Defendants. Plaintiff begins:

> **COMES NOW,** i, Linh Tran Stephens, a natural living woman breathing with a living soul and Holy Spirit, one-and-only agent and beneficiary of LINH TRAN *STEPHENS©®, sui juris,* and submits this *FEDERAL CIVIL CLAIMS FOR DAMAGES UNDER BIVENS, 42 U.S.C. §§ 1983, 1985, 1986, AND THE FEDERAL TORT CLAIMS ACT (FTCA), FOR VIOLATIONS OF CONSTITUTIONAL RIGHTS, CIVIL LIBERTIES, AND DEPRIVATION OF RIGHTS UNDER COLOR OF LAW* against the above-named Defendants for violations of civil rights, constitutional protections, and deprivation of rights under color of law. Plaintiff, as one of "We the People," is the sovereign and the ultimate source of all governmental authority in America, to whom allegiance is owed, not to governmental agencies or public servants. …
> Evidence is in public records, some in public folder online at https://tinyurl.com/4cdv5u56
> **[Exhibit #1]**

Complaint served on Defendants at 4-5, Exhibits B, C.[5]  No attempt was made to click on the private link Plaintiff claims to be "Exhibit #1" to her Complaint because of security concerns.  As if this were not confusing enough, Plaintiff identifies herself later in the Complaint:

> Plaintiff Linh Tran Stephens, aka linh-tran: stephens, am a "free [nonblack] person" and stateless citizen ("woman" of the "Union"), in accordance with the statements made by Honorable Justice Miller in the Slaughter-House Cases, 83 US 36 (U.S. Supreme Court - 1873), and Honorable Chief Justice Wallace in ELLEN R. VANVALKENBURG v. ALBERT BROWN, 43 Cal. 43 (California Supreme Court - 1872). i am not and have never been a U.S. citizen, as clearly delineated in 28 USC 1 332(a)(l). My rights derive from Bill of Rights, not from Fourteenth Amendment. i am neither a negro nor a descendant of such. i would be considered a "people" in plural usage. My biological property is G.L. Stephens as my flesh and blood female offspring.
> Meanwhile, LINH TRAN STEPHENS©® is a Fourteenth Amendment US citizen in accordance with 8 USC 1401(a), deriving her standing from the privileges and immunities available in the Fourteenth Amendment, and would be termed a "person" in plural usage. She was born on February 09th, 1984. She falls under the subheading of "individual" in the definition of the word "person" as described in 8 USC 1101(b)(3). The legal structure of LINH TRAN STEPHENS©® is a sole proprietorship. Her EIN number is the "Social Security Number" that was used on the original notes, in accordance with 26 CFR 301.7701-11. LINH TRAN STEPHENS©® is, in terms of the Commercial Codes, the represented person/account holder/issuer of the original notes.

Complaint served on Defendants at 13-14 (II. PARTIES, 0), Exhibits B, C.[6]  Strangely, Plaintiff's Complaint contains the following objection:

> i am not a surety and i do not consent to any attempted body attachment warrant, nor do i accept or acknowledge any presumed unvalidated debt. i have never knowingly, willingly, nor voluntarily entered into any financial obligation, debt instrument, power of attorney, or fiduciary relationship with any commercial entity, government agency, financial institution, or its employees. Any such presumption is hereby permanently rebutted, nullified, and revoked ab initio and nunc pro tunc. No lawful contract exists, nor was full disclosure or meeting of the minds ever present. Any invocation of financial agency or fiduciary capacity on my behalf is deemed fraud, impersonation, and unauthorized exploitation of my living estate. i reserve all natural rights and protections under UCC 1-308, UCC 1-103, 15 USC §1692e, and 18 USC §1341, and i issue permanent objection and non-consent to

---

[5] Complaint at 5, Doc. #2.

[6] Complaint at 10-11, Doc. #2.

any claim, act, or process in reliance upon any purported financial power of attorney, whether constructed through banking agreements, court records, or administrative assumptions.

Complaint Served on Defendants at 88 (V. PERMANENT JURISDICTIONAL & ALLEGED DEBTS OR POWER OF ATTORNEY OBJECTION:), Exhibits B, C.[7] Plaintiff signs her Complaint:

> *Nemo me impu11e lacessit pursuant to Psalm 105:15 + Isaiah 54:17*
> PRIVATE; THIS IS NOT A PUBLIC COMMUNICATION
> Notice to Agent is Notice to Principal, Notice to Principal is Notice to Agent, Notice applies to all successors and assigns; Affidavit is a Form of Evidence; Unrebutted Affidavit Stands as Truth in Commerce;
> **Silence is Tacit Acquiescence/Agreement/Dishonor;**
> *This communication is in no way forming a contract nor requesting any contracting; it is simply a notice regarding the matters at hand. This communication is not intended to nor does it create nor confirm any professional-client relationship or any type of relationship between us;*
>
> Private sector autograph;
> **WITHOUT RECOURSE**
>
> *without prejudice*
> *linh-tran: stephens/Agent*
>
> By one-and-only beneficiary:
> All Rights Reserved None Waived, **Without Prejudice *UCC 1-308 & 1-103,* Non-Assumpsit,** one-and-only Granter & Authorized Agent & Beneficiary for LINH TRAN STEPHENS©® ens legis and all its derivatives thereof including Cestui Que Trust a.k.a. "Fide Commissary Trust",
> sui juris, Ambassador of Messiah Yahusha, Heir of the Creator,
> My heir/offspring is G.L. Stephens
> A natural living woman breathing with a living soul and the Holy Spirit, natural people with hands legs, Alive-on-the-land, Plenary mind body soul/spirit, unlimited, non-incorporated, non-sole-proprietor,
> **stateless "freeman of the Union"** per Honorable Mr. Justice MILLER on April 14th, 1983, in the Slaughter-House cases, 83 US 36 (a SCOTUS case specifically mentioned in 8 FAM 102.3), full capacity and competency with postgraduate level of education, living on the land of the republic, with God-given rights pursuant to Bills of Rights, NOT a "pro se"/"person"/"pauper"/"indigent"/"slave"/"public servant"/"government employee"/"ward of State"/"U.S. citizen"/"minor" in your dictionary;
> i reject your 12 legal presumptions, other presumptions/assumptions/double-speaking/implied or

---

[7] No similar paragraph appears in the Complaint, Doc. #2.

7

undisclosed contracts;
Article IV Section 2 Citizens of each State shall be entitled to all Privileges & Immunities of Citizens in several States;

Complaint served on Defendants at 93-94 (AVOUCHMENT/VERIFICATION), Exhibits B, C.[8]

Plaintiff's Complaint is replete with the hallmarks of redemptionist and sovereign citizen language (e.g, the capitalization and lower-case use of plaintiff's names, identifying herself as "a natural living woman, sui juris, with inherent sovereign rights," references to "Commercial Codes," the "UCC," "Non-Assumpsit," "Cestui Que Trust a.k.a. "Fide Commissary Trust," and bringing suit in some derivative fashion, such as "agent and beneficiary"). Presumptively, such a complaint is a waste of time. *See Muhammad v. Smith*, Case No. 3:13–cv–760 (MAD/DEP), 2014 WL 3670609, *2 (N.D.N.Y. July 23, 2014) ("Theories presented by redemptionist and sovereign citizen adherents have not only been rejected by the courts, but also recognized as frivolous and a waste of court resources"); *Lebron v. BMW Financial Services*, Case No: 6:21-cv-958-DCI, 2021 WL 9594003, *3-4 (M.D. Fla. Dec. 13, 2021) (complaint constituted a shotgun pleading that did not sufficiently allege jurisdiction, presented frivolous sovereign citizen claims and "is due to be dismissed"); *Payne v. LVNV Funding LLC*, Case No. 6:22-cv-00443-HMH-JDA, 2022 WL 1410764, *5-6 (D.S.C. Apr. 11, 2022) (complaint that "bears all of the hallmarks of the sovereign citizen theory" was "subject to summary dismissal as frivolous"); and *Townsend v. Georgia*, Case No. CV418-303, 2019 WL 1009421, *1-2 (S.D. Ga. Feb. 11, 2019) (complaint characterized as "legalistic gobbledygook" had "all the hallmarks of the 'sovereign citizen' theory that has been consistently rejected by the federal courts as an utterly frivolous attempt to avoid the statutes, rules,

---

[8] Complaint at 67, Doc. #2.

and regulations that apply to all litigants, regardless of how they portray themselves" and was subject to dismissal given its "absolute frivolity").

Where a pleading does not concisely state facts and is not limited to allegations of relevant facts pursuant to Rule 8(a)(2), it may be stricken. *See Low v. Chu*, 2009 WL 4582312, at *1 (N.D. Okla. Sept. 21, 2009). The philosophy of Rule 8(a) (short and plain statements) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. In *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985), the Court found that the plaintiff's complaint failed to comply with Rule 8:

> We reviewed the pleadings and the history of this case and concluded that neither appellants' original nor the proposed amended complaint complied with Rule 8. The district court did not abuse its discretion in concluding that appellants' complaints, which, including attachments, exceeded 70 pages in length, were confusing and conclusory and not in compliance with Rule 8.

*Id*. The Ninth Circuit in *Hatch* affirmed the district court's dismissal of plaintiff's complaint as violating Rule 8. *Id*.

### III.
### PLAINTIFF FAILS TO STATE A CLAIM
### ON WHICH RELIEF MAY BE GRANTED

Plaintiff's wailing, rambling, conclusory, *pro se* 101-page Complaint against eighty-five mostly state governmental defendants, and which contains an additional "Does 1-99," was served on Defendants BOCC, Mansker, and Burrows, but it fails to give Defendants notice of who did what to whom when to give rise to liability. In a complaint asserting multiple claims against multiple defendants, "it is not sufficient to identify the defendants in the beginning of the pleading and then fail to tie the factual allegations to the individual defendants alleged to be liable." *Ramziddin v. Monmouth Cnty. Sheriff Dep't*, CIV.A.09-4829 (FLW), 2010 WL 1752540 (D.N.J.

Apr. 30, 2010).  The Complaint states in conclusory terms who each Defendant is, *see* Complaint served on Defendants, ¶¶ 1, 3, 21 (on page 20), 62 (on page 24), 71 (on page 25),[9] embarks on a statement of facts that never again mentions the Defendants, *see* Complaint served on Defendants at 28-48,[10] and then follows that up with conclusory recitations of the elements of various claims (numbered 1 through 30), every claim sans the Defendants and any other underlying factual allegations that would transition the abstract to concrete.  Plaintiff brings her claims against:

- "All Defendants," claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 15, 16, 17,[11] 18, 19, 20, 22, 23;
- "against all government Defendants," claim 14;
- "Stephen E. Hale, Bridget O'Brien, April Seibert, Medical Board OSBOE," claim 21;
- "all Defendants responsible for child's custody," claim 24,
- "all Defendants who interfered with Plaintiff and G.L.S. as a federal witness," claim 25;
- "all Defendants who are public officials or BAR attorneys," claim 26;
- "OKDHS, Emmalene Stringer, and all judicial officers involved in child support orders," claim 27;
- "all named Judges and judicial officers," claim 28;
- "all Defendants involved in custody decisions," claim 29; and
- "the State of Oklahoma and all responsible Defendants," claim 30.

Complaint served on Defendants at 48-88 (CLAIM #1 through #30), Exhibits B, C.[12]  Each claim "incorporate[s] by reference all preceding paragraphs as if fully set forth herein."  *Id.*

In *Hart v. Salois*, 605 Fed.Appx. 694, 701 (10th Cir. 2015), the Tenth Circuit Court of Appeals affirmed dismissal of a lengthy Complaint that set forth a "very convoluted and complicated set of facts … [and which made] numerous collective allegations against the defendants that failed to clarify which acts the individual defendants were alleged to have

---

[9]  Complaint at ¶¶ 1, 3 (on page 14), 13, 16 (on page 12), 20 (on page 16), Doc. #2.

[10]  Complaint at 19-37, Doc. #2

[11] Plaintiff lacks standing to prosecute the "criminal violations of federal law" alleged in Claim Nos. 16 and 17.  Private citizens cannot prosecute criminal actions.  *See, e.g., Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam); *Winslow v. Romer*, 759 F.Supp. 670, 673 (D. Colo. 1991) ("Private citizens generally have no standing to institute federal criminal proceedings.").

[12] Complaint at 37-61 (sets forth only 23 claims), Doc. #2.

committed to give rise to the various claims against them." The Court in *Hart* concluded that the plaintiff's "shotgun pleading contravened Rule 8's notice pleading standard" and warranted dismissal.[13] *Id*.

The Federal Rules do not permit a party "to aggregate allegations against several defendants in a single, unspecific statement, but instead require the pleader to identify (albeit generally) the conduct of *each* defendant giving rise to his claims." *Jamison v. City of Forsyth, Ga.*, 2007 WL 1231663, *1 (M.D.Ga. 2007) (*citing Parker v. Brush Wellman*, 377 F.Supp.2d 1290, 1294 (N.D.Ga. 2005)). *See also In re Benzene Litigation*, 2007 WL 625054, *7 (Del. Super. Ct. 2007) ("defendants are entitled at the pleading stage to isolate the wrong they are alleged to have committed, and to distinguish their behavior, if appropriate in the facts, from … other defendants.")

"The *mere possibility* that one of the defendants acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca–Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotes omitted).

Plaintiff does not identify any official municipal policies, customs, or practices that were the moving force behind her alleged constitutional deprivations. Nor does she allege that the Defendants personally participated in any such alleged violations. "'[A]llegations of an isolated

---

[13] "Shotgun pleadings" is "an amorphous category that includes complaints that, among other things: incorporate prior allegations by reference; allege facts as to all defendants rather than each defendant individually; allege legal conclusions rather than facts; allege "claims" that are not recognized causes of action; and include irrelevant and inflammatory accusations against defendants." *DeLumeau v. Pfizer Inc.*, Case No. 20-cv-2469-DDD-STV, 2021 WL 5086381, *4 (D. Colo. 2021).

incident are not sufficient to show the existence of a custom or policy." *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992); *see also Wright v. Rasmussen*, 2018 WL 4832356, at *5 (E.D. Okla. Oct. 4, 2018) ("[P]roof of a single isolated incident of an alleged constitutional violation is not sufficient to establish that an unconstitutional policy or custom existed").

While she claims that she complied with the Federal Tort Claims Act, *see* Complaint served on Defendants at 10 (¶ 6),[14] Plaintiff fails to plead compliance with the notice provisions of Oklahoma's Governmental Tort Claims Act, 51 O.S. §§ 151 et seq. ("GTCA"). "Compliance with the GTCA is a jurisdictional prerequisite to a civil action under the statute, and such compliance must therefore be specifically alleged in a plaintiff's complaint." *Morris v. City of Sapulpa*, 2011 WL 1627098, *14 (N.D. Okla. April 28, 2011) (citing *Ford v. Justice Alma Wilson Seeworth Acad.*, 2010 WL 545872, at *3 (W.D. Okla. Feb. 9, 2010). "Where a plaintiff fails to plead compliance with the GTCA written notice requirements, she cannot proceed on a … tort claim against the political subdivision." *Wright v. KIPP Reach Academy Charter School*, 2011 WL 1752248, *5 (W.D. Okla. May 06, 2011).[15]  Government employees acting within the scope of their employment cannot be named as defendants and sued individually under the GTCA. *See* 51 O.S. § 156(C). Plaintiff alleges that all Defendants were "acting within the course and scope of their duties." Complaint served on Defendants at 27 (¶ 88), Exhibits B, C.[16] Plaintiff never specifically alleges to the contrary regarding Defendants.

---

[14] Complaint at 5 (¶ 6), Doc. #2.

[15] *See also Parker v. City of Tulsa*, 2016 WL 4734655, *3 (N.D. Okla. Sept. 9, 2016) (citing *Gurley v. Memorial Hosp. of Guymon*, 1989 OK 34, 770 P.2d 573, 576)); *Lawson v. Okmulgee County Criminal Justice Authority*, 2016 WL 2851326, at *2 (E.D. Okla. May 13, 2016); *Estate of Norton v. Avalon Correctional Services, Inc.*, 2014 WL 5089074, at *3 (Oct. 2, 2014); and *Smith v. Avalon Correctional Services, Inc.*, 2014 WL 693445, at *3 (Feb. 21, 2014).

[16] Complaint at 18 (¶ 34), Doc. #2.

The general rule that pro se pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). In a similar situation encountered by the Tenth Circuit Court of Appeals in *Shophar v. United States*, 838 Fed.Appx. 328 (10th Cir. 2020), *cert. denied*, 141 S. Ct. 2519 (2021), the Court noted that

> where the plaintiff had "made her complaint unintelligible by scattering and concealing in a morass of irrelevancies the few allegations that matter, … it hardly matters whether the district court dismissed [plaintiff's] complaint because it believed all of her claims were barred by *Rooker-Feldman* or simply because it could not separate the wheat from the chaff." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) (internal quotation marks omitted). Then, as here, "[i]t was not the district court's job to stitch together cognizable claims for relief from the wholly deficient pleading that [plaintiff] filed. As we have frequently noted, we are loath to reverse a district court for refusing to do the litigant's job." *Id*.

Plaintiff's Complaint is insufficient under Fed.R.Civ.P. 8(a)(2) to state a claim for relief against Defendants in their individual or official capacity and should be dismissed.

## IV.
## DEFENDANTS ARE ENTITLED TO ABSOLUTE AND/OR QUALIFIED IMMUNITY

Defendants Mansker and Burrows, identified by Plaintiff as judicial personnel,[17] are entitled to absolute immunity, and all Defendants are entitled to qualified immunity. Judicial personnel, like Mansker and Burrows, performing functions integral to the judicial process are absolutely immune from suit; specifically, "immunity which derives from judicial immunity may extend to persons other than a judge ***where performance of judicial acts or activity as an official aid of the judge is involved***." *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000) (citing *Henriksen v. Bentley*, 644 F.2d 852, 855 (10th Cir. 1981)). The Tenth Circuit, in *Whitesel*, went

---

[17] Complaint served on Defendants at 14-15, Exhibits B, C; Complaint at 12, Doc. #2.

on to hold that such quasi-judicial immunity applies to officers performing both "discretionary judicial acts" as well as those performing "ministerial acts at the direction of a judge." *Id.*, at 869.

"The doctrine of qualified immunity provides that when government officials are performing discretionary functions, they will not be held liable for their conduct unless their actions violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Makin v. Colorado Dep't of Corrections*, 183 F.3d 1205, 1209 (10th Cir. 1999) (quotations omitted). Hence, "[i]n analyzing qualified immunity claims, we first ask if a plaintiff has asserted the violation of a constitutional right at all, and then assess whether that right was clearly established at the time of a defendant's actions." *Gehl Group v. Koby*, 63 F.3d 1528, 1533 (10th Cir. 1995). It is the plaintiff's heavy burden to establish both these components in order to defeat a qualified immunity claim. *See Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995). If there is no constitutional or statutory violation, the court need not inquire if the law was clearly established. *See Gehl Group*, 63 F.3d at 1533. In the absence of any specific factual allegations against Defendants, they are clearly entitled to qualified immunity.

## V.
## DEFENDANTS WERE NOT SERVED WITH A TRUE AND CORRECT COPY OF THE 71-PAGE COMPLAINT FILED WITH THIS COURT

Plaintiff filed her Complaint. The Court stamped it "Document 2." It is 71 pages long. Plaintiff served on Defendants the first page of the Complaint bearing "Document 2" along its top border. The remainder of the **101-page unstamped document** served on Defendants had the phrase, "Amended 25CV-322- SHE-JFJ" handwritten above the caption. *See* Exhibits A, B, C. The document served on Defendants with the Summons is not the Complaint filed with the Court. The defendants listed in the captions even differ (84 vs. 92). *Id*. The same thing happened in *Pinkerton v. Hanson Motors*, Case No. C16-5634BHS, 2017 WL 1710986 (W.D. Wash. May 3,

2017). The defendant in Pinkerton was not required to respond to the switched out amended complaint.

> Hanson contends that Mr. Howard served an amended complaint that varies from the complaint on file. Pinkerton concedes this point, but contends the error was "inadvertent and unintentional...." Dkt. 22 at 2. Regardless of the reason for the error, Pinkerton's failure to serve the proper complaint is dispositive. *Galekovich v. City of Vancouver*, 11-5736BHS, 2012 WL 750445, at *4 (W.D. Wash. Mar. 8, 2012) ("the Court finds that the service was improper on all the foregoing Defendants and Holmes because the complaint that Plaintiff attempted to serve was not the same complaint that he filed in Court.").

*Pinkerton*, at 2.

Defendants' Motion to Dismiss for insufficiency of service of process should be granted pursuant to Fed.R.Civ.P. 12(b)(4) and/or (5). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). As a general matter, "[a]n objection under Rule 12(b)(4) [for insufficient process] concerns the form of the process," while an objection under Rule 12(b)(5) for insufficient service of process challenges "the mode of delivery, the lack of delivery, or the timeliness of delivery of the summons and complaint." 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353 (4th ed. 2024) ("Wright & Miller").

## VI.
## CONCLUSION

As a practical matter, however, the Court's lack of subject-matter jurisdiction (addressed in Section I above) should moot every other argument. Defendants respectfully request an Order of this Court dismissing Plaintiff's Complaint.

        Respectfully submitted,

        /s/ Douglas A. Wilson
        Douglas A. Wilson, OBA #13128
        Mike Shouse, OBA #33610
        Assistant District Attorneys
        Tulsa County District Attorney's Office
        218 West Sixth Street, Suite 933
        Tulsa, OK  74119
        (918) 596-8795 | douglas.wilson@tulsacounty.org
        (918) 596-4825 | mshouse@tulsacounty.org

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of August, 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants in this case, and also caused a true and correct copy of this document to be placed in the United States mail, first class postage fully pre-paid, addressed to the following:

    Linh Tran Stephens
    1964 Ashley River Rd, Suite B
    Unit 80112
    Charleston, SC 29407

        /s/  Douglas A. Wilson
        Douglas A. Wilson