

EXHIBIT
**B**

FILED

JUN 2 6 2025

Heidi D. Campbell, Clerk
U S DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

**Case No.:** _____
**Assigned Article III Judge (Plaintiff objected to any magistrate or special judges, or equivalents):** _____

0) Linh Tran Stephens, a natural living woman, sui juris, with inherent sovereign rights,
    *Plaintiff,*

Amended 25CV-322-SEH-JFJ

v.

1) STATE OF OKLAHOMA;
2) OKLAHOMA ATTORNEY GENERAL OFFICE (OAG);
3) OKLAHOMA STATE BUREAU OF INVESTIGATION (OSBI);
4) OKLAHOMA DEPARTMENT OF HUMAN SERVICES (OKDHS) and all of its divisions,
5) DAVID L. MOSS CRIMINAL JUSTICE CENTER;
6) OKLAHOMA SHERIFFS' ASSOCIATION;
7) TULSA GRAND JURY OF OKLAHOMA;
8) TULSA COUNTY DISTRICT COURT and all of its divisions (Family Court, Juvenile Court, Civil Court, Small Claim Court Division);
9) STATE BOARD OF OSTEOPATHIC EXAMINERS;
10) OKLAHOMA SUPREME COURT;
11) OKLAHOMA STATE GOVERNOR'S OFFICE;
12) NATIONAL PASSPORT CENTER of UNITED STATES DEPARTMENT OF STATE,
13) OKLAHOMA CHILD PROTECTIVE SERVICES (CPS);
14) OKLAHOMA CHILD SUPPORT SERVICES (CSS);
15) OKLAHOMA OFFICE OF ADMINISTRATIVE HEARINGS (OAH);
16) OKLAHOMA COMMISSION ON CHILDREN AND YOUTH (OCCY);
17) OFFICE OF LEGAL SERVICES OKLAHOMA HUMAN SERVICES;
18) TULSA COUNTY PUBLIC DEFENDER'S OFFICE;
19) OKLAHOMA BAR ASSOCIATION (OBA);
20) OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS (COJC);
21) BOARD OF COUNTY COMMISSIONERS OF COUNTY OF TULSA (BOCC);
22) OKLAHOMA STATE AUDITOR & INSPECTOR;
23) Stephen Hale also known as (a/k/a) STEPHEN E. HALE, in his individual capacity and in official capacity as Guardian-ad-litem (GAL) and B.A.R. CARD ATTORNEY;
24) THE LAW OFFICE OF STEPHEN E. HALE, an Oklahoma professional limited liability company;
25) Gilbert Pilkington, Jr., a/k/a GILBERT J. PILKINGTON, JR., in his individual capacity and in official capacity as Officer of the Court of Oklahoma and as B.A.R. CARD ATTORNEY;
26) PILKINGTON LAW FIRM, PLLC, an Oklahoma professional limited liability company;
27) Emmalene Stringer a/k/a EMMALENE STRINGER, in her individual and official capacity as DHS CSS State's Attorney and B.A.R. CARD ATTORNEY;
28) Bridget O'brien or Bridget Menser a/k/a BRIDGET O'BRIEN or BRIDGET KAY MENSER, in her individual and official capacity as CPS caseworker;
29) Steve Johnson a/k/a STEVE JOHNSON in his individual and in official capacity as AGENT

page 1 of 101

OF TULSA GRAND JURY OF OKLAHOMA and B.A.R. CARD ATTORNEY;

30) Greg Mashburn a/k/a GREG MASHBURN, in his individual and in official capacity as Director of the Oklahoma State Bureau of Investigation (OSBI)

31) Aungela Spurlock a/k/a AUNGELA SPURLOCK in her individual and in official capacity as DIRECTOR OF OKLAHOMA STATE BUREAU OF INVESTIGATION and B.A.R. CARD ATTORNEY;

32) Penny Hamrick a/k/a PENNY HAMRICK in her individual and in official capacity as DETECTIVE OF OWASSO POLICE DEPARTMENT OF ROGERS COUNTY

33) Jacob R. Williamson a/k/a JACOB R WILLIAMSON, in his individual capacity and in official capacity as Tulsa County District Court Sheriff employee;

34) Larisa Grecu-Radu a/k/a LARISA GRECU-RADU, in her individual capacity and in official capacity as DHS LEGAL COUNSEL;

35) Leah Sukovaty a/k/a LEAH SUKOVATY, in her individual capacity and in official capacity as DHS CPS SUPERVISOR

36) Shasta Miller a/k/a SHASTA MILLER, in her individual capacity and in official capacity as DHS CPS SUPERVISOR

37) Deborah Eddingfield a/k/A DEBORAH L. EDDINGFIELD, in her individual capacity and in official capacity as DHS ADMINISTRATIVE ASSISTANT II

38) Taylor Hendricks a/k/a TAYLOR HENDRICKS, in her individual capacity and in official capacity as PRIMARY FACILITATOR FOR CPS SAFETY MEETING;

39) Jessica Martin a/k/a JESSICA MARTIN, in her individual capacity and in official capacity as DHS CPS PROGRAM FIELD REPRESENTATIVE (CASE WORKER)

40) Laurie Morris a/k/a LAURIE ANNE MORRIS, in her individual capacity and in official capacity as APPEAL REPRESENTATIVE, CHILDREN AND FAMILY SERVICES DIVISION (CFSD)

41) Jennifer Fullerton a/k/a JENNIFER FULLERTON, in her individual capacity and in official capacity as CPS CASEWORKER

42) Jerica Carmichael a/k/a JERICA CARMICHAEL, in her individual capacity and in official capacity as CWS STAFF

43) Cheryl Hall a/k/a CHERYL HALL, n her individual capacity and in official capacity as PROFESSIONAL VISITATION SUPERVISOR, employee of FAMILY VISITATION & SOLUTIONS, LLC

44) FAMILY VISITATION & SOLUTIONS, LLC, employer of Cheryl Hall

45) Jeffrey Cartmell a/k/a JEFFREY CARTMELL in his individual capacity and in official capacity as DHS EXECUTIVE DIRECTOR currently, and his predecessor

46) Deborah Shropshire a/k/a DEBORAH SHROPSHIRE, in her individual capacity and in official capacity as DHS EXECUTIVE DIRECTOR prior to 2025;

47) Loretta Radford a/k/a LORETTA RADFORD, in her individual capacity and in official capacity as Special Judge of Tulsa County District Court; docket F;

48) Deborrah Ludi-Leitch a/k/a DEBORRAH LUDI LEITCH, in her individual capacity and in official capacity as Special Judge of Tulsa County District Court; docket F;

49) Kevin C. Leitch a/k/a KEVIN C. LEITCH, in his individual capacity and in official capacity as Spouse of Special Judge Deborrah LudiLeitch of Tulsa County District Court;

50) Sadie Temple a/k/a SADIE TEMPLE, in her individual capacity and in official capacity as

COURT APPOINTED PUBLIC DEFENDER;

51) Megan Beck a/k/a MEGAN BECK, in her individual capacity and in official capacity as COURT APPOINTED PUBLIC DEFENDER replacement of Sadie Temple;

52) Martha Rupp Carter a/k/a MARTHA RUPP CARTER, in her individual capacity and in official capacity as Juvenile Court Judge of Tulsa Oklahoma;

53) Theresa Dreiling a/k/a THERESA DREILING, in her individual capacity and in official capacity as Juvenile Court Judge;

54) April Seibert a/k/a APRIL SEIBERT, in her individual capacity and in official capacity as Special Judge of Tulsa County District Court; docket C;

55) Rodney Sparkman a/k/a RODNEY SPARKMAN, in his individual capacity and in official capacity as Special Judge of Tulsa County District Court; docket C, a predecessor of April Seibert;

56) Todd Chesbro a/k/a TODD CHESBRO, in his individual capacity and in official capacity as Special Judge of Tulsa County District Court; docket C, a successor of April Seibert;

57) William LaFortune a/k/a WILLIAM LAFORTUNE, in their individual capacities and in official capacities as Special Judges of Tulsa County District Court Civil Court;

58) Robert Perugino a/k/a ROBERT PERUGINO, in his individual capacity and in official capacity as Administrative Judge (Special Judge) of Office of Administrative Hearings (OAH)

59) Dawn Moody a/k/a DAWN MOODY, and

60) Doug Drummond a/k/a DOUG DRUMMOND in their individual and official capacity as Presiding Judges;

61) Samantha Boen a/k/a SAMANTHA BOEN, in her individual capacity and in official capacity as Bailiff of Tulsa County District Court;

62) Kacharra Mansker a/k/a KACHARRA MANSKER, in her individual capacity and in official capacity as Court Clerk of Tulsa County District Court;

63) Vic Regalado a/k/a VIC REGALADO, in his individual capacity and in official capacity as SHERIFF OF TULSA COUNTY; Jennifer Regalado a/k/a JENNIFER REGALADO, in her individual capacity and in official capacity as Spouse of SHERIFF OF TULSA COUNTY;

64) Tracy Nester a/k/a TRACY NESTER in her individual and in official capacity as ASSISTANT GENERAL COUNSEL OFFICE OF OKLAHOMA BAR ASSOCIATION;

65) Gina Hendryx a/k/a GINA HENDRYX in her individual and in official capacity as GENERAL COUNSEL OFFICE OF OKLAHOMA BAR ASSOCIATION;

66) Richard Rose a/k/a RICHARD ROSE in her individual and in official capacity as CHAIRMAN OF OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS;

67) Taylor Henderson a/k/a TAYLOR HENDERSON in her individual and in official capacity as DIRECTOR OF OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS;

68) Vicki Cox a/k/a VICKI COX in her individual and in official capacity as TRIAL COURT ADMINISTRATOR OF TULSA COUNTY DISTRICT COURT and other times acts as ADA COORDINATOR OF TULSA COUNTY;

69) Kim Hall a/k/a KIM HALL in her individual and in official capacity as TRIAL COURT ADMINISTRATOR OF TULSA COUNTY DISTRICT COURT and other times acts as ADA COORDINATOR OF TULSA COUNTY;

70) Kathy Burrows a/k/a KATHY BURROWS in her individual and in official capacity as ADA 504 COORDINATOR;

71) Gentner Drummond a/k/a GENTNER DRUMMOND, in their individual and in official capacities as Attorney General of Oklahoma, whose predecessor was John M. O'connor a/ka JOHN MICHAEL O'CONNOR;

72) Wendy Drummond a/k/a WENDY DRUMMOND, in her individual capacity and in official capacity as Spouse of OKLAHOMA ATTORNEY GENERAL;

73) John Kevin Stitt, a/k/a, J. KEVIN STITT, in his individual capacity and in official capacity as GOVERNOR OF OKLAHOMA;

74) Sarah Hazen Stitt a/k/a SARAH HAZEN STITT in her individual capacity and in official capacity as Spouse of GOVERNOR OF OKLAHOMA;

75) Ciera Freeman a/k/a CIERRA N FREEMAN in her individual capacity and in official capacity as COURT APPOINTED STAND-BY/ADVISORY ATTORNEY FOR CONTEMPT OF COURT CHILD SUPPORT ENFORCEMENT and as B.A.R. CARD ATTORNEY;

76) Charles Schwab and Co., Inc., in its private-for-profit-business capacity and in its official capacity as FINANCIAL CUSTODIAN FOR FORCED ILLEGAL GARNISHMENT;

77) Chandler Moxley a/k/a CHANDLER MOXLEY in her individual capacity and in official capacity as B.A.R. CARD ATTORNEY and as Officer of the Court of Oklahoma;

78) MOXLEY LAW FIRM, PLLC;

79) Dale Warner a/k/a DALE WARNER in his individual capacity and in official capacity as B.A.R. CARD ATTORNEY and as Officer of the Court of Oklahoma;

80) DALE WARNER LAW FIRM;

81) Erica Parks a/k/a ERICA PARKS, in her individual capacity and in official capacity as B.A.R. CARD ATTORNEY and as Officer of the Court of Oklahoma;

82) ERICA PARKS LAW FIRM, PLLC, an Oklahoma professional limited liability company;

83) Charles Shannon a/k/a CHARLES SHANNON in his individual capacity and in official capacity as RESIDENT AGENT-IN-CHARGE OF U.S. DEPARTMENT OF STATE,

84) DOES #1-99 known but unidentified OKLAHOMA STATE's employees,
*Defendants.*

---

## FEDERAL CIVIL CLAIMS AND ACTIONS FOR INJUNCTIVE RELIEF AND DAMAGES UNDER BIVENS, 42 U.S.C. §§ 1983, 1985, 1986, AND THE FEDERAL TORT CLAIMS ACT (FTCA), FOR VIOLATIONS OF CONSTITUTIONAL RIGHTS, CIVIL LIBERTIES, AND DEPRIVATION OF RIGHTS UNDER COLOR OF LAW

---

**COMES NOW**, i, Linh Tran Stephens, a natural living woman breathing with a living soul and

Holy Spirit, one-and-only agent and beneficiary of LINH TRAN STEPHENS©®, *sui juris*, and

submits this *FEDERAL CIVIL CLAIMS FOR DAMAGES UNDER BIVENS, 42 U.S.C. §§ 1983,*

*1985, 1986, AND THE FEDERAL TORT CLAIMS ACT (FTCA), FOR VIOLATIONS OF*

*CONSTITUTIONAL RIGHTS, CIVIL LIBERTIES, AND DEPRIVATION OF RIGHTS UNDER COLOR OF LAW* against the above-named Defendants for violations of civil rights, constitutional protections, and deprivation of rights under color of law. Plaintiff, as one of "We the People," is the sovereign and the ultimate source of all governmental authority in America, to whom allegiance is owed, not to governmental agencies or public servants. These public servants derive their limited authority from the consent of the governed, which Plaintiff did not provide for the unconstitutional actions detailed herein.

i am not a surety and i do not consent to any attempted body attachment warrant.

i make permanent and continuous objections to any special judges or magistrates and alternatives or substitutes other than article iii constitutional judges using common law and constitutional law.

i reserve the right to amend this petition at any time.

Evidence is in public records, some in public folder online[1] at https://tinyurl.com/4cdv5u56 and https://www.linhstephens.com/ [**Exhibit #1**] and LinhStephens.com

---

[1] Proof of claims, more evidence is available upon request, but major ones were made accessible on-line in EVIDENCE FOLDER at **https://tinyurl.com/4cdv5u56** and **https://www.linhstephens.com/**

TABLE OF CONTENTS:                                                      Page #

**I. JURISDICTION AND VENUE**............................................................................. 9

**II. PARTIES**.................................................................................................... 13

**III. STATEMENT OF FACTS Sworn Affidavit of Truth**............................................ 28

**IV. VERIFIED CAUSES OF ACTION / FEDERAL CLAIMS TORT AND NONE-TORT48**

CAUSE OF ACTION CLAIM # 1 – VIOLATION OF 42 USC §1983 — DEPRIVATION OF CONSTITUTIONAL RIGHTS UNDER COLOR OF LAW – against all Defendants...........48

CAUSE OF ACTION CLAIM # 2 – VIOLATION OF FULL FAITH AND CREDIT CLAUSE (U.S. Const. Art. IV, § 1) – against all Defendants.................................. 49

CAUSE OF ACTION CLAIM # 3 – VIOLATION OF DUE PROCESS - FOURTEENTH AMENDMENT (42 U.S.C. § 1983) – against all Defendants.....................................51

CAUSE OF ACTION CLAIM # 4 – VIOLATION OF FIFTH AMENDMENT - SELF-INCRIMINATION (42 U.S.C. § 1983) – against all Defendants................................ 56

CAUSE OF ACTION CLAIM # 5 – VIOLATION OF EIGHTH AMENDMENT - CRUEL AND UNUSUAL PUNISHMENT (42 U.S.C. § 1983) – against all Defendants..................57

CAUSE OF ACTION CLAIM # 6 – ERISA VIOLATIONS - UNLAWFUL GARNISHMENT OF RETIREMENT ACCOUNTS (29 U.S.C. § 1056(d)) – against all Defendants...................................................................................................... 59

CAUSE OF ACTION CLAIM # 7 – VIOLATION OF RIGHT TO INTERNATIONAL TRAVEL - PASSPORT REVOCATION (42 U.S.C. § 1983) – against all Defendants.......... 61

CAUSE OF ACTION CLAIM # 8 – AMERICANS WITH DISABILITIES ACT VIOLATIONS (42 U.S.C. § 12101 et seq.) – against all Defendants......................................62

CAUSE OF ACTION CLAIM # 9 – FIRST AMENDMENT VIOLATIONS - SPEECH, RELIGION, AND ASSOCIATION (42 U.S.C. § 1983) – against all Defendants.................63

CAUSE OF ACTION CLAIM # 10 – FRAUD AGAINST THE FEDERAL GOVERNMENT - FALSE CLAIMS ACT (31 U.S.C. § 3729 et seq.) – against all Defendants........................................................................................................ 65

CAUSE OF ACTION CLAIM # 11 – EQUAL PROTECTION VIOLATIONS - FOURTEENTH AMENDMENT (42 U.S.C. § 1983) – against all Defendants......................67

CAUSE OF ACTION CLAIM # 12 – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS (42 U.S.C. § 1985) – against all Defendants........................................................ 68

CAUSE OF ACTION CLAIM # 13 – FAILURE TO PREVENT CIVIL RIGHTS VIOLATIONS (42 U.S.C. § 1986) – against all Defendants....................................................69

CAUSE OF ACTION CLAIM # 14 – MONELL CLAIMS - UNCONSTITUTIONAL POLICIES AND PRACTICES (42 U.S.C. § 1983) – against all government Defendants.....70

CAUSE OF ACTION CLAIM # 15 – RETALIATION FOR PROTECTED ACTIVITY (42 U.S.C. § 1983) – against all Defendants................................................................71

CAUSE OF ACTION CLAIM # 17 – CONSPIRACY AGAINST RIGHTS (CRIMINAL CLAIM) (18 U.S.C. § 241) – against all Defendants................................................ 73

CAUSE OF ACTION CLAIM # 18 –VIOLATION OF ADA TITLE II, 42 USC §12131 et seq. – against all Defendants, especially Judge April Seibert, ADA Coordinator Vicki Cox, and the Tulsa District Court, and others for complicit and failure to report violations........... 75

CAUSE OF ACTION CLAIM # 19 — FRAUD UPON THE COURT / VOID JUDGMENTS / VIOLATION OF MARBURY v. MADISON – against all Defendants................................75

CAUSE OF ACTION CLAIM # 20 — TORT OF OUTRAGE, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS — against all Defendants, especially Adam Stephens, DHS agents, judicial officers....................................................................................76

CAUSE OF ACTION CLAIM # 21 — UNLAWFUL PRACTICE OF MEDICINE — 18 USC §1347 Health Care Fraud – Against: Stephen E. Hale, Bridget O'brien, April Seibert, Medical Board OSBOE.....................................................................................................................76

180. Defendants without mental health license nor medical license to practice mental health recommended psychiatric evaluations and false reports used to deprive custody.................. 77

CAUSE OF ACTION CLAIM # 22 — CIVIL RICO 18 USC §1962, FRAUD AND CONSPIRACY – against all Defendants especially DHS CSS CPS, GAL Hale, Bridget O'Brien, various judges operating as enterprise engaging in a pattern of racketeering activity including fraud, deprivation of rights under color of law, forgery of signatures, extortionate collection of child support funds.............................................................................................77

CAUSE OF ACTION CLAIM # 23 — DEMAND FOR CRIMINAL REFERRAL UNDER 18 USC §241, §242 – against all Defendants........................................................................... 77

CAUSE OF ACTION CLAIM # 24 — UNLAWFUL DETENTION AND WRIT OF HABEAS CORPUS (for minor child G.L.S.) — against all Defendants responsible for child's custody................................................................................................................................... 77

CAUSE OF ACTION CLAIM # 25 — FEDERAL WITNESS TAMPERING (18 U.S.C. § 1512) — against all Defendants who interfered with Plaintiff and G.L.S. as a federal witnesses...................................................................................................................................... 80

CAUSE OF ACTION CLAIM # 26 – VIOLATIONS OF OFFICIAL OATHS OF OFFICE AND BREACH OF FIDUCIARY DUTY (OKLA. CONST. ART. VI, § 1 / OKLA. STAT. TIT. 5, § 2) – Against all Defendants who are public officials or BAR attorneys...................82

CAUSE OF ACTION CLAIM # 27 – UNLAWFUL IMPUTATION OF INCOME AND GARNISHMENT VIOLATIONS (OKLA. STAT. TIT. 43, § 118B / 15 U.S.C. § 1673(a)) – Against OKDHS CSS, Emmalene Stringer, and all judicial officers involved in child support orders......................................................................................................................................83

CAUSE OF ACTION CLAIM # 28 – JUDICIAL MISCONDUCT AND BIAS – Against all named Judges and judicial officers....................................................................................... 84

CAUSE OF ACTION CLAIM # 29 – VIOLATION OF CHILD'S RIGHTS AND BEST INTERESTS (KAYDEN'S LAW / CHILDREN'S BILL OF RIGHTS) – Against all Defendants involved in custody decisions................................................................................ 86

CAUSE OF ACTION CLAIM # 30 – FAILURE TO PROSECUTE – Against the State of Oklahoma and all responsible Defendants.................................................................................87

**V. PERMANENT JURISDICTIONAL & ALLEGED DEBTS OR POWER OF**

ATTORNEY OBJECTION:................................................................................................88

VI. RELIEF SOUGHT....................................................................................................88

VII. DEMAND FOR JURY TRIAL................................................................................92

VIII. ADDITIONAL RELIEF REQUESTED...................................................................92

IX. EXHIBIT(S).............................................................................................................93

AVOUCHMENT / VERIFICATION................................................................................93

Notary as JURAT CERTIFICATE..................................................................................94

CERTIFICATE OF SERVICE.........................................................................................96

## I. JURISDICTION AND VENUE

1.  This honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2671 et seq. (Federal Tort Claims Act), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights), 42 U.S.C. § 1983 (deprivation of rights under color of law), 42 U.S.C. § 1985 (conspiracy to interfere with civil rights), 28 U.S.C. § 1367 (supplemental jurisdiction); and 42 U.S.C. § 1988 (proceedings in vindication of civil rights), 28 U.S.C. § 2241 (Habeas Corpus) as it pertains to the unlawful detention of Plaintiff's minor child, G.L.S., by state actors in violation of her and Plaintiff's constitutional rights to liberty and family association.

2.  Independently, jurisdiction for this case is also conferred because the amount arguing over is greater than $75,000 ("Jeep and Trailer in lieu of child support" taken by Father and then breaching of contract demanding cash child support are more than $90,000), and a female offspring biological property that is worth millions of dollars.

3.  Because there are both federal question jurisdiction. ~~and~~ diversity jurisdiction *and* the high amount of value in this case, Plaintiff may also include relevant claims in demand that would not independently belong in federal court because a federal court's authority to hear related non-federal claims is called **supplemental jurisdiction** (28 U.S.C. §1367).

4.  The Rooker-Feldman doctrine does NOT bar the exercise of subject matter jurisdiction over this case. Plaintiff's claims are not a de facto appeal from the juvenile court orders. Instead, Plaintiff alleges that the misrepresentations, judicial deception, ~~and~~ unconstitutional actions and inactions by state and federal actors, including social workers, judicial officers, and other government employees, directly resulted in violations of Plaintiff's and her daughter's federal constitutional and statutory rights, rather than merely errors in judgment by the state court

itself. **The District Court had federal question jurisdiction** and should fulfill its "Virtually unflagging" obligation to exercise that jurisdiction over family court cases.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claim against STATE OF OKLAHOMA's employees and its agencies continue to affect this living woman. Linh Tran Stephens (Plaintiff). in this District known as Charleston, South Carolina, where i now dwell and maintain my natural domicile after having been forced to relocate due to the unconstitutional actions of Defendants, with ongoing injuries continuing to affect me in South Carolina through passport revocation affecting my right to travel from this district, denial of parental rights, and other continuing harms.

6. Plaintiff has exhausted administrative remedies by submitting a Notice of Tort Claim to the State of Oklahoma on September 24, 2024, pursuant to 51 O.S. § 151 et seq. and 28 U.S.C § 2401, which has been denied as of December 17, 2024 under claim # 2520034513 and more than 180 days have passed without resolution and ongoing violations' new notices ignored.

7. Frauds upon the courts also without statute of limitation and Jurisdictional challenges can be raised at any time.

   a. *United States v. United Mine Workers of America*, 330 U.S. 258 (1947) "A court must have jurisdiction as a prerequisite to its power to act, and a lack of subject matter jurisdiction renders a judgment void." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998) "Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Mireles v. Waco*, 502 U.S. 9 (1991) If a court acts in the complete absence of jurisdiction, judicial immunity does not apply. *Mansfield, Coldwater*

    *& Lake Michigan Ry. Co. v. Swan*, 111 U.S. 379 (1884) "The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation."

b. *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944) The Supreme Court held that where a judgment was obtained through fraud upon the court, it may be set aside **regardless of time elapsed**. *United States v. Throckmorton*, 98 U.S. 61 (1878) Although distinguishing intrinsic and extrinsic fraud, the court acknowledged that **fraud on the court permits equitable relief without regard to statutes of limitations.** *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) Courts have the inherent authority to **vacate judgments tainted by fraud**, and this power is **not constrained by procedural rules or time limitations**. *Standard Oil Co. of California v. United States*, 429 U.S. 17 (1976) The U.S. Supreme Court has consistently held that courts may set aside judgments obtained by fraud upon the court without time restriction.

c. Fraud vitiates everything, including judicial orders (U.S. v. Throckmorton). Courts have inherent power to protect the integrity of the judicial process (Chambers v. NASCO). A void judgment due to lack of jurisdiction or fraud is a legal nullity and may be attacked at any time, in any proceeding.

d. "Jurisdiction can be challenged at ANY time" and "Jurisdiction, once challenged, cannot be assumed and must be decided." *Basso v. Utah Power & Light Co.*, 495 F 2d 906, 910.

e. "Defense of lack of jurisdiction over the subject matter may be raised at any time, even on appeal." *Hill Top Developers v. Holiday Pines Service Corp.*, 478 So. 2d. 368 (Fla 2nd DCA 1985).

f. "Once challenged, jurisdiction cannot be assumed, it must be proved to exist." *Stuck v. Medical Examiners*, 94 Ca 2d 751. 211 P2d 389.

g. "The burden shifts to the court to prove jurisdiction." *Rosemond v. Lambert*, 469 F2d 416.

h. A judge must be acting within his jurisdiction as to subject matter and person, to be entitled to immunity from civil action for his acts. *Davis v. Burris*, 51 Ariz. 220, 75 P.2d 689 (1938).

i. When a judicial officer acts entirely without jurisdiction or without compliance with jurisdiction requisites he may be held civilly liable for abuse of process even though his act involved a decision made in good faith, that he had jurisdiction. *Little v. U.S. Fidelity & Guaranty Co.*, 217 Miss. 576, 64 So. 2d 697.

j. "No judicial process, whatever form it may assume, can have any lawful authority outside of the limits of the jurisdiction of the court or judge by whom it is issued; and an attempt to enforce it beyond these boundaries is nothing less than lawless violence." *Ableman v. Booth*, 21 Howard 506 (1859).

k. "We [judges] have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given. One or the other would be treason to the Constitution." *Cohen v. Virginia*, (1821), 6 Wheat. 264 and *U.S. v. Will*, 499 U.S. 200.

l. "Once jurisdiction is challenged, the court cannot proceed when it clearly appears that the court lacks jurisdiction, the court has no authority to reach merits, but, rather, should dismiss the action." *Melo v. US*, 505 F2d 1026.

m. "Where a court fails to observe safeguards, it amounts to denial of due process of law, court is deprived of juris." *Merritt v. Hunter*, C.A. Kansas 170 F2d 739.

## II. PARTIES

0.  Plaintiff Linh Tran Stephens, aka linh-tran: stephens, am a "free [nonblack] person" and
    stateless citizen ("woman" of the "Union"), in accordance with the statements made by
    Honorable Justice Miller in the Slaughter-House Cases, 83 US 36 (U.S. Supreme Court -
    1873), and Honorable Chief Justice Wallace in ELLEN R. VAN VALKENBURG v.
    ALBERT BROWN, 43 Cal. 43 (California Supreme Court - 1872). i am not and have never
    been a U.S. citizen, as clearly delineated in 28 USC 1332(a)(1). My rights derive from Bill of
    Rights, not from Fourteenth Amendment. i am neither a negro nor a descendant of such. i
    would be considered a "people" in plural usage. My biological property is G.L.Stephens as
    my flesh and blood female offspring.

    Meanwhile, LINH TRAN STEPHENS©® is a Fourteenth Amendment US citizen in
    accordance with 8 USC 1401(a), deriving her standing from the privileges and immunities
    available in the Fourteenth Amendment, and would be termed a "person" in plural usage. She
    was born on February 09th, 1984. She falls under the subheading of "individual" in the
    definition of the word "person" as described in 8 USC 1101(b)(3). The legal structure of
    LINH TRAN STEPHENS©® is a sole proprietorship. Her EIN number is the "Social
    Security Number" that was used on the original notes, in accordance with 26 CFR
    301.7701-11. LINH TRAN STEPHENS©® is, in terms of the Commercial Codes, the
    represented person/account holder/issuer of the original notes.

    Plaintiff currently resides in Charleston County, South Carolina, and is a natural woman who
    previously served as an active-duty officer in the U.S. Navy Medical Corps for five years
    followed by employment at Veterans Affairs and Indian Health Services at Cherokee Nation

until 2020 and since no longer a federal employee but strictly a civilian, therefore has rights

which she never waived and will never waive any of her rights.

## Following Defendants are government agencies, departments, courts, state/county entities:

1. STATE OF OKLAHOMA
2. OKLAHOMA ATTORNEY GENERAL OFFICE (OAG)
3. OKLAHOMA STATE BUREAU OF INVESTIGATION (OSBI)
4. OKLAHOMA DEPARTMENT OF HUMAN SERVICES (OKDHS) and all of its divisions
5. DAVID L. MOSS CRIMINAL JUSTICE CENTER
6. OKLAHOMA SHERIFFS' ASSOCIATION
7. TULSA GRAND JURY OF OKLAHOMA
8. TULSA COUNTY DISTRICT COURT and all of its divisions
9. STATE BOARD OF OSTEOPATHIC EXAMINERS
10. OKLAHOMA SUPREME COURT
11. OKLAHOMA STATE GOVERNOR'S OFFICE
12. UNITED STATES DEPARTMENT OF STATE
13. OKLAHOMA CHILD PROTECTIVE SERVICES (CPS)
14. OKLAHOMA CHILD SUPPORT SERVICES (CSS)
15. OKLAHOMA OFFICE OF ADMINISTRATIVE HEARINGS (OAH)
16. OKLAHOMA COMMISSION ON CHILDREN AND YOUTH (OCCY)
17. OFFICE OF LEGAL SERVICES OKLAHOMA HUMAN SERVICES
18. TULSA COUNTY PUBLIC DEFENDER'S OFFICE
19. OKLAHOMA BAR ASSOCIATION (OBA)
20. OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS (COJC)
21. BOARD OF COUNTY COMMISSIONERS OF COUNTY OF TULSA (BOCC)
22. OKLAHOMA STATE AUDITOR & INSPECTOR

## The following Defendants are judicial officers and court personnel, and employees of

## STATE OF OKLAHOMA through various contracts:

1. April Seibert, in her individual and official capacity as Special Judge, Tulsa County District Court
2. Rodney Sparkman, in his individual and official capacity as Special Judge, Tulsa County District Court
3. Todd Chesbro, in his individual and official capacity as Special Judge, Tulsa County District Court
4. William LaFortune, in his individual and official capacity as Special Judge of Tulsa County District Court Civil Court
5. Deborrah Ludi-Leitch, in her individual and official capacity as Special Judge of Tulsa

County District Court
6. Loretta Radford, in her individual and official capacity as Special Judge, Tulsa County District Court
7. Wilma Palmer, in her individual and official capacity as Special Judge, Tulsa County District Court
8. Martha Rupp Carter, in her individual and official capacity as Juvenile Court Judge of Tulsa Oklahoma
9. Theresa Dreiling, in her individual and official capacity as Juvenile Court Judge
10. Robert Perugino, in his individual capacity and in official capacity as Administrative Judge (Special Judge) of Office of Administrative Hearings (OAH)
11. Dawn Moody, in her individual and official capacity as Presiding Judge
12. Doug Drummond, in his individual and official capacity as Presiding Judge
13. Samantha Boen, in her individual capacity and in official capacity as Bailiff of Tulsa County District Court
14. Kacharra Mansker, in her individual capacity and in official capacity as Court Clerk of Tulsa County District Court
15. Vicki Cox, in her individual and official capacity as TRIAL COURT ADMINISTRATOR OF TULSA COUNTY DISTRICT COURT and other times acts as ADA COORDINATOR OF TULSA COUNTY
16. Kim Hall, in her individual and official capacity as TRIAL COURT ADMINISTRATOR OF TULSA COUNTY DISTRICT COURT and other times acts as ADA COORDINATOR OF TULSA COUNTY
17. Kathy Burrows, in her individual and official capacity as ADA 504 COORDINATOR

## The following Defendants are government officials and employees:

1. Jeffrey Cartmell a/k/a JEFFREY CARTMELL in his individual capacity and in official capacity as DHS EXECUTIVE DIRECTOR currently, and his predecessor
2. Deborah Shropshire a/k/a DEBORAH SHROPSHIRE, in her individual capacity and in official capacity as DHS EXECUTIVE DIRECTOR prior to 2025
3. Bridget O'brien or Bridget Menser a/k/a BRIDGET O'BRIEN or Bridget Kay Menser, in her individual and official capacity as CPS caseworker
4. Stephanie Coulter a/k/a STEPHANIE COULTER, in her individual capacity and in official capacity as DHS CPS SUPERVISOR
5. Leah Sukovaty a/k/a LEAH SUKOVATY, in her individual capacity and in official capacity as DHS CPS SUPERVISOR
6. Larisa Grecu-Radu a/k/a LARISA GRECU-RADU, in her individual capacity and in official capacity as DHS LEGAL COUNSEL
7. Shasta Miller a/k/a SHASTA MILLER, in her individual capacity and in official capacity as DHS CPS SUPERVISOR
8. Deborah Eddingfield a/k/a DEBORAH L. EDDINGFIELD, in her individual capacity and in official capacity as DHS ADMINISTRATIVE ASSISTANT II
9. Taylor Hendricks a/k/a TAYLOR HENDRICKS, in her individual capacity and in official capacity as PRIMARY FACILITATOR FOR CPS SAFETY MEETING

10. Jessica Martin a/k/a JESSICA MARTIN, in her individual capacity and in official capacity as DHS CPS PROGRAM FIELD REPRESENTATIVE (CASE WORKER)
11. Laurie Morris a/k/a LAURIE ANNE MORRIS, in her individual capacity and in official capacity as APPEAL REPRESENTATIVE, CHILDREN AND FAMILY SERVICES DIVISION (CFSD)
12. Jennifer Fullerton a/k/a JENNIFER FULLERTON, in her individual capacity and in official capacity as CPS CASEWORKER
13. Jerica Carmichael a/k/a JERICA CARMICHAEL, in her individual capacity and in official capacity as CWS STAFF
14. Vic Regalado a/k/a VIC REGALADO, in his individual capacity and in official capacity as SHERIFF OF TULSA COUNTY
15. Jacob R. Williamson a/k/a JACOB R WILLIAMSON, in his individual capacity and in official capacity as Tulsa County District Court Sheriff employee
16. Steve Johnson a/k/a STEVE JOHNSON in his individual and in official capacity as AGENT OF TULSA GRAND JURY OF OKLAHOMA and B.A.R. CARD ATTORNEY
17. Greg Mashburn a/k/a GREG MASHBURN, in his individual and in official capacity as Director of the Oklahoma State Bureau of Investigation (OSBI)
18. Aungela Spurlock a/k/a AUNGELA SPURLOCK in her individual and in official capacity as DIRECTOR OF OKLAHOMA STATE BUREAU OF INVESTIGATION and B.A.R. CARD ATTORNEY
19. Penny Hamrick a/k/a PENNY HAMRICK in her individual and in official capacity as DETECTIVE OF OWASSO POLICE DEPARTMENT OF ROGERS COUNTY
20. Gentner Drummond a/k/a GENTNER DRUMMOND, in his individual and in official capacity as Attorney General of Oklahoma, whose predecessor was John M. O'connor a/ka JOHN MICHAEL O'CONNOR
21. John M. O'connor a/ka JOHN MICHAEL O'CONNOR, in his individual and in official capacity as Attorney General of Oklahoma
22. John Kevin Stitt, a/k/a, J. KEVIN STITT, in his individual capacity and in official capacity as GOVERNOR OF OKLAHOMA
23. Richard Rose, in his individual and in official capacity as CHAIRMAN OF OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS
24. Tracy Nester, in her individual and in official capacity as ASSISTANT GENERAL COUNSEL OFFICE OF OKLAHOMA BAR ASSOCIATION
25. Gina Hendryx, in her individual and in official capacity as GENERAL COUNSEL OFFICE OF OKLAHOMA BAR ASSOCIATION
26. Charles Shannon a/k/a CHARLES SHANNON in his individual capacity and in official capacity as RESIDENT AGENT-IN-CHARGE OF U.S. DEPARTMENT OF STATE, NATIONAL PASSPORT CENTER

**The following Defendants are attorneys acting under color of state law:**

1. Stephen E. Hale, in his individual capacity and official capacity as Guardian-ad-litem and B.A.R. CARD ATTORNEY
2. THE LAW OFFICE OF STEPHEN E. HALE, an Oklahoma professional limited liability

company
3. Gilbert J. Pilkington, Jr., a/k/a GILBERT J. PILKINGTON, JR., in his individual capacity and official capacity as Officer of the Court and B.A.R. CARD ATTORNEY
4. PILKINGTON LAW FIRM, PLLC, an Oklahoma professional limited liability company
5. Emmalene Stringer, in her individual and official capacity as DHS CSS State's Attorney and B.A.R. CARD ATTORNEY
6. Sadie Temple, in her individual capacity and official capacity as COURT APPOINTED PUBLIC DEFENDER
7. Megan Beck a/k/a MEGAN BECK, in her individual capacity and in official capacity as COURT APPOINTED PUBLIC DEFENDER replacement of Sadie Temple
8. Marci Jefferson, in her individual capacity and official capacity as COURT APPOINTED PUBLIC DEFENDER
9. Ciera Freeman a/k/a CIERRA N FREEMAN in her individual capacity and in official capacity as COURT APPOINTED STAND-BY/ADVISORY ATTORNEY FOR CONTEMPT OF COURT CHILD SUPPORT ENFORCEMENT and as B.A.R. CARD ATTORNEY
10. Chandler Moxley a/k/a CHANDLER MOXLEY in her individual capacity and in official capacity as B.A.R. CARD ATTORNEY and as Officer of the Court of Oklahoma
11. MOXLEY LAW FIRM, PLLC
12. Dale Warner a/k/a DALE WARNER in his individual capacity and in official capacity as B.A.R. CARD ATTORNEY and as Officer of the Court of Oklahoma
13. DALE WARNER LAW FIRM
14. Erica Parks a/k/a ERICA PARKS, in her individual capacity and in official capacity as B.A.R. CARD ATTORNEY and as Officer of the Court of Oklahoma
15. ERICA PARKS LAW FIRM, PLLC, an Oklahoma professional limited liability company

**The following Defendants are private entities and individuals:**

1. Charles Schwab and Co., Inc., in its private-for-profit-business capacity and in its official capacity as FINANCIAL CUSTODIAN FOR FORCED ILLEGAL GARNISHMENT
2. He is not being sued but is mentioned in the lawsuit Adam Sylvester Stephens a/k/a ADAM SYLVESTER STEPHENS, in his individual capacity as ex-husband and father of G.L.S.
3. Jennifer Regalado, in her individual capacity and in official capacity as Spouse of SHERIFF OF TULSA COUNTY
4. Wendy Drummond, in her individual capacity and in official capacity as Spouse of OKLAHOMA ATTORNEY GENERAL
5. Sarah Hazen Stitt a/k/a SARAH HAZEN STITT in her individual capacity and in official capacity as Spouse of GOVERNOR OF OKLAHOMA
6. Kevin C. Leitch a/k/a KEVIN C. LEITCH, in his individual capacity and in official capacity as Spouse of Special Judge Deborrah Ludi-Leitch of Tulsa County District Court
7. Cheryl Hall a/k/a CHERYL HALL, in her individual capacity and in official capacity as PROFESSIONAL VISITATION SUPERVISOR, employee of FAMILY VISITATION & SOLUTIONS, LLC

8. FAMILY VISITATION & SOLUTIONS, LLC, employer of Cheryl Hall
9. DOES #1-99 known but unidentified OKLAHOMA STATE's employees

**These are specific descriptions of Defendants:**

1. **STATE OF OKLAHOMA**: A sovereign entity organized under the laws of the United States of America, sued to the extent permitted by law and to the extent it has waived immunity through its actions and through acceptance of federal funding in the areas of child welfare, child support enforcement, and court administration. The STATE OF OKLAHOMA is a corporate entity functioning as a state government with the DUNS Number 933539215, and is subject to constitutional limitations and federal laws. Address: 313 NE 21st Street, Oklahoma City, OK 73105.

2. **OKLAHOMA ATTORNEY GENERAL OFFICE (OAG)**: The chief legal and law enforcement office of the State of Oklahoma, responsible for representing the State and its agencies in legal proceedings, providing legal advice to state officials, and enforcing state laws. The OAG is subject to constitutional limitations and federal laws and is sued for its role in enabling and failing to prevent constitutional violations. Address: 313 NE 21st Street, Oklahoma City, OK 73105.

3. **OKLAHOMA STATE BUREAU OF INVESTIGATION (OSBI)**: A state law enforcement agency that has refused to investigate documented child abuse and governmental misconduct despite repeated legislative directives. The OSBI is subject to constitutional limitations and federal laws and is sued for its deliberate indifference to rights violations. Address: 6600 N Harvey Pl, Oklahoma City, OK 73116.

4. **OKLAHOMA DEPARTMENT OF HUMAN SERVICES (OKDHS)**: A state agency responsible for administering social services including child welfare, child protective services, and child support enforcement. OKDHS is subject to constitutional limitations and federal laws and is sued for its policies, practices, and direct participation in rights violations. Address: 2400 N. Lincoln Blvd., Oklahoma City, OK 73105.

5. **DAVID L. MOSS CRIMINAL JUSTICE CENTER**: The Tulsa County jail facility where Plaintiff was unlawfully imprisoned and subjected to constitutional rights violations. This facility is subject to constitutional limitations and federal laws and is sued for its conditions of confinement and treatment of Plaintiff. Address: 300 N. Denver Ave. Tulsa, OK 74103.

6. **OKLAHOMA SHERIFFS' ASSOCIATION**: A professional organization representing county sheriffs across Oklahoma that establishes standards, provides training, and influences law enforcement policies. This entity is subject to constitutional limitations and federal laws and is sued for its role in establishing unconstitutional policies and practices. Address: 1615 South State Street, Edmond, OK 73013.

7. **TULSA GRAND JURY OF OKLAHOMA**: A legal body empaneled for the purpose of investigating potential crimes and issuing indictments, which failed to investigate documented abuses and violations despite proper referrals. This entity is subject to constitutional limitations and federal laws and is sued for its failure to fulfill its statutory mandate. Address: 15 W 6th St Ste 1000, Tulsa, OK 74119.

8. **OKLAHOMA STATE GOVERNOR'S OFFICE**: The executive office of the State of Oklahoma, responsible for overall administration of state government and oversight of

state agencies. This office is subject to constitutional limitations and federal laws and is sued for its supervisory role and failure to prevent rights violations. Address: 2300 N. Lincoln Blvd., Suite 212, Oklahoma City, OK 73105.

9. **NATIONAL PASSPORT CENTER of UNITED STATES DEPARTMENT OF STATE**: A federal agency responsible for passport revocation that violated Plaintiff's constitutional rights to travel. This agency is subject to constitutional limitations and federal laws and is sued for its direct participation in rights violations. Address: 2201 C St NW, Washington, DC 20520.

10. **OKLAHOMA CHILD PROTECTIVE SERVICES (CPS)**: A division of OKDHS responsible for administering child protective services. CPS is subject to constitutional limitations and federal laws and is sued for its policies, practices, and direct participation in the unlawful removal of Plaintiff's child. Address: P.O. Box 25352, Oklahoma City, OK 73125-0352.

11. **OKLAHOMA CHILD SUPPORT SERVICES (CSS)**: A division of OKDHS responsible for administering child support enforcement. CSS is subject to constitutional limitations and federal laws and is sued for its unconstitutional garnishment practices, fraudulent Title IV-D claims, and direct participation in rights violations. Address: PO Box 248822, Oklahoma City, OK 73124.

12. **OKLAHOMA OFFICE OF ADMINISTRATIVE HEARINGS (OAH)**: A state agency responsible for conducting administrative hearings for various state agencies. OAH is subject to constitutional limitations and federal laws and is sued for its failure to provide due process in administrative proceedings. Address: 2401 NW 23rd St, Suite 1A, Oklahoma City, OK 73107.

13. **OKLAHOMA COMMISSION ON CHILDREN AND YOUTH (OCCY)**: A state agency responsible for oversight of children's services and protection of children's rights. OCCY is subject to constitutional limitations and federal laws and is sued for its failure to fulfill its statutory mandate to protect children's rights and welfare. Address: 2915 N Classen Blvd, Suite 300, Oklahoma City, OK 73106.

14. **OFFICE OF LEGAL SERVICES OKLAHOMA HUMAN SERVICES**: The legal division of OKDHS responsible for providing legal advice and representation to the department. This office is subject to constitutional limitations and federal laws and is sued for its role in facilitating unconstitutional actions. Address: 2400 N. Lincoln Blvd., Oklahoma City, OK 73105.

15. **OKLAHOMA SUPREME COURT**: The highest appellate court in Oklahoma, responsible for oversight of the state judicial system. This court is subject to constitutional limitations and federal laws and is sued for its administrative failures in supervising lower courts. Address: 2100 N Lincoln Blvd, Suite 4, Oklahoma City, OK 73105.

16. **TULSA COUNTY DISTRICT COURT**: A judicial entity with DUNS Number 808771468, operating under color of law and subject to constitutional limitations and federal laws, responsible for family court matters. This court is sued to the extent permitted by law for its systematic due process violations, gender bias, and other constitutional violations. Address: 500 S. Denver Avenue, Tulsa, OK 74103.

17. **STATE BOARD OF OSTEOPATHIC EXAMINERS**: A state agency responsible for

regulating the practice of osteopathic medicine in Oklahoma. This entity is subject to constitutional limitations and federal laws and is sued for its improper restriction of Plaintiff's medical license without due process. Address: 4848 N Lincoln Blvd, Oklahoma City, OK 73105.

18. **TULSA COUNTY PUBLIC DEFENDER'S OFFICE**: A public agency responsible for providing legal representation to indigent defendants. This office is subject to constitutional limitations and federal laws and is sued for its failure to provide adequate representation and protect the rights of Plaintiff's child. Address: 423 S Boulder Ave, Suite 300, Tulsa, OK 74103.

19. **OKLAHOMA BAR ASSOCIATION (OBA)**: A state agency responsible for attorney regulation and discipline. The OBA is subject to constitutional limitations and federal laws and is sued for its failure to address attorney misconduct that facilitated constitutional violations. Address: 1901 N Lincoln Blvd, Oklahoma City, OK 73105.

20. **OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS (COJC)**: A state agency responsible for investigating complaints against judges. This entity is subject to constitutional limitations and federal laws and is sued for its systematic failure to address judicial misconduct. Address: 1901 N Lincoln Blvd, Suite 275, Oklahoma City, OK 73105.

21. **BOARD OF COUNTY COMMISSIONERS OF COUNTY OF TULSA (BOCC)**: The governing body of Tulsa County responsible for county operations and fiscal management. This entity is subject to constitutional limitations and federal laws and is sued for its policies and practices that enabled constitutional violations. Address: 218 W. 6th St., Tulsa, OK 74119-1004.

22. **OKLAHOMA STATE AUDITOR & INSPECTOR**: A state agency responsible for auditing public funds and ensuring proper use of government resources. This entity is subject to constitutional limitations and federal laws and is sued for its failure to detect and prevent fraudulent Title IV-D claims. Address: 2300 N Lincoln Blvd, Rm 123, Oklahoma City, OK 73105.

23. **Stephen Hale a/k/a STEPHEN E. HALE**: In his individual capacity and in official capacity as Guardian-ad-litem (GAL) and BAR CARD ATTORNEY, who has violated Plaintiff's constitutional rights while acting under color of state law through false reports, unlawful psychiatric evaluations, and conspiracy to deprive Plaintiff of custody. Address: 1825 E. 15th Street, Tulsa, OK 74104.

24. **THE LAW OFFICE OF STEPHEN E. HALE**: An Oklahoma professional limited liability company that has facilitated constitutional violations through its legal practice and is subject to liability for actions taken under color of state law. Address: 1825 E. 15th Street, Tulsa, OK 74104.

25. **Gilbert Pilkington, Jr., a/k/a GILBERT J. PILKINGTON, JR.**: In his individual capacity and in official capacity as Officer of the Court of Oklahoma and as BAR CARD ATTORNEY, who has violated Plaintiff's constitutional rights while acting under color of state law through fraudulent court submissions and conspiracy to interfere with parental rights. Address: P.O. Box 52614, Tulsa, OK 74152-0614.

26. **PILKINGTON LAW FIRM, PLLC**: An Oklahoma professional limited liability company that has facilitated constitutional violations through its legal practice and is

subject to liability for actions taken under color of state law. Address: P.O. Box 52614, Tulsa, OK 74152-0614.

27. **Emmalene Stringer a/k/a EMMALENE STRINGER**: In her individual and official capacity as DHS CSS State's Attorney and BAR CARD ATTORNEY, who has violated Plaintiff's constitutional rights while acting under color of state law through fraudulent Title IV-D claims, unlawful garnishment, and conspiracy to violate due process. Address: 3666 N Peoria Ave, Tulsa, OK 74106, or PO BOX 27068, Tulsa, OK 74149; Tel: 918-295-3500, Fax: 918-430-2364, email: emmalene.stringer@okdhs.org and OCSS.contact.TulsaEast@okdhs.org.

28. **Bridget O'brien or Bridget K. Menser a/k/a BRIDGET O'BRIEN or BRIDGET KAY MENSER**: In her individual and official capacity as CPS caseworker who has violated Plaintiff's constitutional rights while acting under color of state law through unlawful child removal, falsified reports, and judicial deception. Address: 3666 N Peoria Ave, Tulsa, OK 74106.

29. **Steve Johnson a/k/a STEVE JOHNSON**: In his individual and official capacity as AGENT OF TULSA GRAND JURY OF OKLAHOMA and BAR CARD ATTORNEY, who has violated Plaintiff's constitutional rights while acting under color of state law through obstruction of justice and failure to investigate criminal complaints. Address: 15 W 6th St Ste 1000, Tulsa, OK 74119.

30. **Greg Mashburn a/k/a GREG MASHBURN**: In his individual and in official capacity as Director of the Oklahoma State Bureau of Investigation (OSBI), who has violated Plaintiff's constitutional rights while acting under color of state law through failure to investigate documented abuses. Address: 6600 N Harvey Pl, Oklahoma City, OK 73116.

31. **Aungela Spurlock a/k/a AUNGELA SPURLOCK**: In her individual and in official capacity as DIRECTOR OF OKLAHOMA STATE BUREAU OF INVESTIGATION and B.A.R. CARD ATTORNEY, who has violated Plaintiff's constitutional rights while acting under color of state law through failure to investigate documented abuses. Address: 6600 N Harvey Pl, Oklahoma City, OK 73116.

32. **Penny Hamrick a/k/a PENNY HAMRICK**: In her individual and in official capacity as DETECTIVE OF OWASSO POLICE DEPARTMENT OF ROGERS COUNTY, who has violated Plaintiff's constitutional rights while acting under color of state law through fabrication of evidence and malicious prosecution. Address: 111 N Main St, Owasso, OK 74055.

33. **Jacob R. Williamson a/k/A JACOB R WILLIAMSON**: In his individual capacity and in official capacity as Tulsa County District Court Sheriff employee who has violated Plaintiff's constitutional rights while acting under color of state law through threats against court observers and enforcing unlawful orders. Address: 500 S Denver Ave, Tulsa, OK 74103-3832.

34. **Larisa Grecu-Radu a/k/a LARISA GRECU-RADU**: In her individual capacity and in official capacity as DHS LEGAL COUNSEL, who has violated Plaintiff's constitutional rights while acting under color of state law through provision of legal advice facilitating constitutional violations. Address: 3666 N Peoria Ave, Tulsa, OK 74106.

35. **Leah Sukovaty a/k/a LEAH SUKOVATY**: In her individual capacity and in official capacity as DHS CPS SUPERVISOR, who has violated Plaintiff's constitutional rights

while acting under color of state law through supervision and approval of unlawful child removal and falsified reports. Address: 3666 N Peoria Ave, Tulsa, OK 74106.

36. **Shasta Miller a/k/a SHASTA MILLER**: In her individual capacity and in official capacity as DHS CPS SUPERVISOR, who has violated Plaintiff's constitutional rights while acting under color of state law through supervision and approval of unlawful child removal and falsified reports. Address: 3666 N Peoria Ave, Tulsa, OK 74106.

37. **Deborah Eddingfield a/k/a DEBORAH L. EDDINGFIELD**: In her individual capacity and in official capacity as DHS ADMINISTRATIVE ASSISTANT II, who has violated Plaintiff's constitutional rights while acting under color of state law through administrative actions facilitating constitutional violations. Address: 3666 N Peoria Ave, Tulsa, OK 74106.

38. **Taylor Hendricks a/k/a TAYLOR HENDRICKS**: In her individual capacity and in official capacity as PRIMARY FACILITATOR FOR CPS SAFETY MEETING, who has violated Plaintiff's constitutional rights while acting under color of state law through facilitation of meetings resulting in constitutional violations. Address: 3666 N Peoria Ave, Tulsa, OK 74106.

39. **Jessica Martin a/k/a JESSICA MARTIN**: In her individual capacity and in official capacity as DHS CPS PROGRAM FIELD REPRESENTATIVE (CASE WORKER), who has violated Plaintiff's constitutional rights while acting under color of state law through falsified reports and unlawful child removal. Address: 3666 N Peoria Ave, Tulsa, OK 74106.

40. **Laurie Morris a/k/a LAURIE ANNE MORRIS**: In her individual capacity and in official capacity as APPEAL REPRESENTATIVE, CHILDREN AND FAMILY SERVICES DIVISION (CFSD), who has violated Plaintiff's constitutional rights while acting under color of state law through obstruction of administrative appeals and due process violations. Address: 2400 N. Lincoln Blvd., Oklahoma City, OK 73105.

41. **Jennifer Fullerton a/k/a JENNIFER FULLERTON**: In her individual capacity and in official capacity as CPS CASEWORKER, who has violated Plaintiff's constitutional rights while acting under color of state law through falsified reports and unlawful child removal. Address: 3666 N Peoria Ave, Tulsa, OK 74106.

42. **Jerica Carmichael a/k/a JERICA CARMICHAEL**: In her individual capacity and in official capacity as CWS STAFF, who has violated Plaintiff's constitutional rights while acting under color of state law through falsified reports and unlawful child removal. Address: 3666 N Peoria Ave, Tulsa, OK 74106.

43. **Cheryl Hall a/k/a CHERYL HALL**: In her individual capacity and in official capacity as PROFESSIONAL VISITATION SUPERVISOR, employee of FAMILY VISITATION & SOLUTIONS, LLC, who has violated Plaintiff's constitutional rights while acting under color of state law through falsified reports and obstruction of parental visitation. Address: Tulsa, OK 74103.

44. **FAMILY VISITATION & SOLUTIONS, LLC**: An Oklahoma limited liability company that has facilitated constitutional violations through its contracts with state agencies and is subject to liability for actions taken under color of state law. Address: Tulsa, OK 74103.

45. **Jeffrey Cartmell a/k/a JEFFREY CARTMELL**: In his individual capacity and in

official capacity as DHS EXECUTIVE DIRECTOR currently, who has violated
Plaintiff's constitutional rights while acting under color of state law through
implementation and enforcement of unconstitutional policies and practices. Address:
2400 N. Lincoln Blvd., Oklahoma City, OK 73105.

46. **Deborah Shropshire a/k/a DEBORAH SHROPSHIRE**: In her individual capacity and
in official capacity as DHS EXECUTIVE DIRECTOR prior to 2025, who has violated
Plaintiff's constitutional rights while acting under color of state law through
implementation and enforcement of unconstitutional policies and practices. Address:
2400 N. Lincoln Blvd., Oklahoma City, OK 73105.

47. **Loretta Radford a/k/a LORETTA RADFORD**: In her individual capacity and in
official capacity as Special Judge of Tulsa County District Court, docket F, who has
violated Plaintiff's constitutional rights while acting under color of state law through
denial of due process, ADA violations, and issuing fraudulent bench convictions.
Address: 500 S Denver Ave, Tulsa, OK 74103-3832.

48. **Deborrah Ludi-Leitch a/k/a DEBORRAH LUDI LEITCH**: In her individual capacity
and in official capacity as Special Judge of Tulsa County District Court, docket F, who
has violated Plaintiff's constitutional rights while acting under color of state law through
denial of due process, ADA violations, and issuance of unlawful orders leading to
Plaintiff's imprisonment. Address: 500 S Denver Ave, Tulsa, OK 74103-3832.

49. **Kevin C. Leitch a/k/a KEVIN C. LEITCH**: In his individual capacity and in official
capacity as Spouse of Special Judge Deborrah LudiLeitch of Tulsa County District Court,
who has facilitated and benefitted from constitutional violations while acting under color
of state law through spousal community property. Address: 500 S Denver Ave, Tulsa, OK
74103-3832.

50. **Sadie Temple a/k/a SADIE TEMPLE**: In her individual capacity and in official
capacity as COURT APPOINTED PUBLIC DEFENDER, who has violated the
constitutional rights of Plaintiff's child while acting under color of state law through
failure to present exculpatory evidence and falsely representing the child's wishes in
court. Address: 423 S Boulder Ave, Suite 300, Tulsa, OK 74103.

51. **Megan Beck a/k/a MEGAN BECK**: In her individual capacity and in official capacity
as COURT APPOINTED PUBLIC DEFENDER replacement of Sadie Temple, who has
violated the constitutional rights of Plaintiff's child while acting under color of state law
through failure to present exculpatory evidence and proper advocacy. Address: 423 S
Boulder Ave, Suite 300, Tulsa, OK 74103.

52. **Martha Rupp Carter a/k/a MARTHA RUPP CARTER**: In her individual capacity
and in official capacity as Juvenile Court Judge of Tulsa Oklahoma, who has violated
Plaintiff's constitutional rights while acting under color of state law through denial of due
process and issuance of unlawful orders. Address: 500 W Archer St, Tulsa, OK 74103.

53. **Theresa Dreiling a/k/a THERESA DREILING**: In her individual capacity and in
official capacity as Juvenile Court Judge, who has violated Plaintiff's constitutional rights
while acting under color of state law through denial of due process and issuance of
unlawful orders. Address: 500 W Archer St, Tulsa, OK 74103.

54. **April Seibert a/k/a APRIL SEIBERT**: In her individual capacity and in official
capacity as Special Judge of Tulsa County District Court, docket C, who has violated

Plaintiff's constitutional rights while acting under color of state law through denial of due process, ADA violations, and issuance of unlawful orders. Address: 500 S Denver Ave, Tulsa, OK 74103-3832.

55. **Rodney Sparkman a/k/a RODNEY SPARKMAN**: In his individual capacity and in official capacity as Special Judge of Tulsa County District Court, docket C, a predecessor of April Seibert, who has violated Plaintiff's constitutional rights while acting under color of state law through denial of due process and issuance of unlawful orders. Address: 500 S Denver Ave, Tulsa, OK 74103-3832.

56. **Todd Chesbro a/k/a TODD CHESBRO**: In his individual capacity and in official capacity as Special Judge of Tulsa County District Court, docket C, a successor of April Seibert, who has violated Plaintiff's constitutional rights while acting under color of state law through denial of due process and issuance of unlawful orders. Address: 500 S Denver Ave, Tulsa, OK 74103-3832.

57. **William LaFortune a/k/a WILLIAM LAFORTUNE**: In his individual capacity and in official capacity as Special Judge of Tulsa County District Court Civil Court, who has violated Plaintiff's constitutional rights while acting under color of state law through denial of due process and issuance of unlawful orders. Address: 500 S Denver Ave, Tulsa, OK 74103-3832.

58. **Robert Perugino a/k/a ROBERT PERUGINO**: In his individual capacity and in official capacity as Administrative Judge (Special Judge) of Office of Administrative Hearings (OAH), who has violated Plaintiff's constitutional rights while acting under color of state law through denial of due process in administrative proceedings. Address: 2401 NW 23rd St, Suite 1A, Oklahoma City, OK 73107.

59. **Dawn Moody a/k/a DAWN MOODY**: In her individual and official capacity as Presiding Judge, who has violated Plaintiff's constitutional rights while acting under color of state law through administrative failures and refusal to address systematic due process violations. Address: 500 S Denver Ave, Tulsa, OK 74103-3832.

60. **Doug Drummond a/k/a DOUG DRUMMOND**: In his individual and official capacity as Presiding Judge, who has violated Plaintiff's constitutional rights while acting under color of state law through administrative failures and refusal to address systematic due process violations. Address: 500 S Denver Ave, Tulsa, OK 74103-3832.

61. **Samantha Boen a/k/a SAMANTHA BOEN**: In her individual capacity and in official capacity as Bailiff of Tulsa County District Court, who has violated Plaintiff's constitutional rights while acting under color of state law through intimidation and enforcement of unlawful orders. Address: 500 S Denver Ave, Tulsa, OK 74103-3832.

62. **Kacharra Mansker a/k/a KACHARRA MANSKER**: In her individual capacity and in official capacity as Court Clerk of Tulsa County District Court, who has violated Plaintiff's constitutional rights while acting under color of state law through obstruction of access to court records and improper processing of filings. Address: 500 S Denver Ave, Tulsa, OK 74103-3832.

63. **Vic Regalado a/k/a VIC REGALADO**: In his individual capacity and in official capacity as SHERIFF OF TULSA COUNTY, who has violated Plaintiff's constitutional rights while acting under color of state law through enforcement of unlawful orders and improper detention conditions. Address: 500 S Denver Ave, Tulsa, OK 74103-3832.

64. **Jennifer Regalado a/k/a JENNIFER REGALADO**: In her individual capacity and in official capacity as Spouse of SHERIFF OF TULSA COUNTY, who has facilitated and benefitted from constitutional violations while acting under color of state law through spousal community property. Address: 500 S Denver Ave, Tulsa, OK 74103-3832.

65. **Tracy Nester a/k/a TRACY NESTER**: In her individual and in official capacity as ASSISTANT GENERAL COUNSEL OFFICE OF OKLAHOMA BAR ASSOCIATION, who has violated Plaintiff's constitutional rights while acting under color of state law through failure to address attorney misconduct that facilitated constitutional violations. Address: 1901 N Lincoln Blvd, Oklahoma City, OK 73105.

66. **Gina Hendryx a/k/a GINA HENDRYX**: In her individual and in official capacity as GENERAL COUNSEL OFFICE OF OKLAHOMA BAR ASSOCIATION, who has violated Plaintiff's constitutional rights while acting under color of state law through failure to address attorney misconduct that facilitated constitutional violations. Address: 1901 N Lincoln Blvd, Oklahoma City, OK 73105.

67. **Richard Rose a/k/a RICHARD ROSE**: In his individual and in official capacity as CHAIRMAN OF OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS, who has violated Plaintiff's constitutional rights while acting under color of state law through failure to address judicial misconduct that resulted in constitutional violations. Address: 1901 N Lincoln Blvd, Suite 275, Oklahoma City, OK 73105.

68. **Taylor Henderson a/k/a TAYLOR HENDERSON**: In her individual and in official capacity as DIRECTOR OF OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS, who has violated Plaintiff's constitutional rights while acting under color of state law through failure to address judicial misconduct that resulted in constitutional violations. Address: 1901 N Lincoln Blvd, Suite 275, Oklahoma City, OK 73105.

69. **Vicki Cox a/k/a VICKI COX**: In her individual and in official capacity as TRIAL COURT ADMINISTRATOR OF TULSA COUNTY DISTRICT COURT and other times acts as ADA COORDINATOR OF TULSA COUNTY, who has violated Plaintiff's rights under the Americans with Disabilities Act while acting under color of state law through systematic denial of reasonable accommodations. Address: 500 S Denver Ave, Tulsa, OK 74103-3832.

70. **Kim Hall a/k/a KIM HALL**: In her individual and in official capacity as TRIAL COURT ADMINISTRATOR OF TULSA COUNTY DISTRICT COURT and other times acts as ADA COORDINATOR OF TULSA COUNTY, who has violated Plaintiff's constitutional rights while acting under color of state law through obstruction of court filings and denial of ADA accommodations. Address: 500 S Denver Ave, Tulsa, OK 74103-3832.

71. **Kathy Burrows a/k/a KATHY BURROWS**: In her individual and in official capacity as ADA 504 COORDINATOR, who has violated Plaintiff's rights under the Americans with Disabilities Act while acting under color of state law through systematic denial of reasonable accommodations. Address: 500 S Denver Ave, Tulsa, OK 74103-3832.

72. **Gentner Drummond a/k/a GENTNER DRUMMOND**: In his individual and in official capacity as Attorney General of Oklahoma, whose predecessor was John M. O'connor a/ka JOHN MICHAEL O'CONNOR, who has violated Plaintiff's constitutional rights while acting under color of state law through failure to investigate and address

constitutional violations. Address: 313 NE 21st Street, Oklahoma City, OK 73105.

73. **Wendy Drummond a/k/a WENDY DRUMMOND**: In her individual capacity and in official capacity as Spouse of OKLAHOMA ATTORNEY GENERAL, who has facilitated and benefitted from constitutional violations while acting under color of state law through spousal community property. Address: 313 NE 21st Street, Oklahoma City, OK 73105.

74. **John Kevin Stitt, a/k/a, J. KEVIN STITT**: In his individual capacity and in official capacity as GOVERNOR OF OKLAHOMA, who has violated Plaintiff's constitutional rights while acting under color of state law through failure to oversee state agencies and address systematic constitutional violations. Address: 2300 N. Lincoln Blvd., Suite 212, Oklahoma City, OK 73105.

75. **Sarah Hazen Stitt a/k/a SARAH HAZEN STITT**: In her individual capacity and in official capacity as Spouse of GOVERNOR OF OKLAHOMA, who has facilitated and benefitted from constitutional violations while acting under color of state law through spousal community property. Address: 2300 N. Lincoln Blvd., Suite 212, Oklahoma City, OK 73105.

76. **Ciera Freeman a/k/a CIERRA N FREEMAN**: In her individual capacity and in official capacity as COURT APPOINTED STAND-BY/ADVISORY ATTORNEY FOR CONTEMPT OF COURT CHILD SUPPORT ENFORCEMENT and as B.A.R. CARD ATTORNEY, who has violated Plaintiff's constitutional rights while acting under color of state law through failure to provide adequate representation and protect due process rights. Address: 500 S Denver Ave, Tulsa, OK 74103-3832.

77. **Charles Schwab and Co., Inc.**: In its private-for-profit-business capacity and in its official capacity as FINANCIAL CUSTODIAN FOR FORCED ILLEGAL GARNISHMENT, which violated federal ERISA protections and constitutional rights while acting under color of state law by improperly executing garnishment against protected retirement accounts. Address: 211 Main Street, San Francisco, CA 94105.

78. **Chandler Moxley a/k/a CHANDLER MOXLEY**: In her individual capacity and in official capacity as B.A.R. CARD ATTORNEY and as Officer of the Court of Oklahoma, who has violated Plaintiff's constitutional rights while acting under color of state law through failure to provide adequate representation, waiving rights without consent, and conspiring with opposing counsel. Address: c/o MOXLEY LAW FIRM, PLLC, Tulsa, OK 74103.

79. **MOXLEY LAW FIRM, PLLC**: An Oklahoma professional limited liability company that has facilitated constitutional violations through its legal practice and is subject to liability for actions taken under color of state law. Address: Tulsa, OK 74103.

80. **Dale Warner a/k/a DALE WARNER**: In his individual capacity and in official capacity as B.A.R. CARD ATTORNEY and as Officer of the Court of Oklahoma, who has violated Plaintiff's constitutional rights while acting under color of state law through failure to provide adequate representation and protect due process rights. Address: c/o DALE WARNER LAW FIRM, Tulsa, OK 74103.

81. **DALE WARNER LAW FIRM**: An Oklahoma professional limited liability company that has facilitated constitutional violations through its legal practice and is subject to liability for actions taken under color of state law. Address: Tulsa, OK 74103.

82. **Erica Parks a/k/a ERICA PARKS**: In her individual capacity and in official capacity as B.A.R. CARD ATTORNEY and as Officer of the Court of Oklahoma, who has violated Plaintiff's constitutional rights while acting under color of state law through failure to provide adequate representation and protect due process rights. Address: c/o ERICA PARKS LAW FIRM, PLLC, Tulsa, OK 74103.

83. **ERICA PARKS LAW FIRM, PLLC**: An Oklahoma professional limited liability company that has facilitated constitutional violations through its legal practice and is subject to liability for actions taken under color of state law. Address: Tulsa, OK 74103.

84. **Charles Shannon a/k/a CHARLES SHANNON**: In his individual capacity and in official capacity as RESIDENT AGENT-IN-CHARGE OF U.S. DEPARTMENT OF STATE, NATIONAL PASSPORT CENTER, who has violated Plaintiff's constitutional rights while acting under color of state law through improper passport revocation without due process. Address: 207 International Dr, Portsmouth, NH 03801-6827.

85. **DOES #1-99**: Known but unidentified OKLAHOMA STATE's employees who have violated Plaintiff's constitutional rights while acting under color of state law. Address: c/o Oklahoma Attorney General's Office, 313 NE 21st Street, Oklahoma City, OK 73105.

86. The individual defendants named herein were at all relevant times employees, agents, or officials of the State of Oklahoma and its agencies, departments, and courts, acting under color of state law. Each defendant participated directly in the violations of my constitutional and statutory rights as detailed herein.

87. Plaintiff is ignorant of the true names and capacities of those Defendants sued herein as Defendant DOES 1-99, and for that reason have sued such Defendants under such fictitious names. Plaintiff will seek leave of Court to amend this Federal Claim to identify the DOE Defendants when their identities have been ascertained. Each of the fictitious named DOE Defendants was in some manner liable and legally responsible for the harms sustained by Plaintiff in that their conduct caused the damages and injuries set forth herein.

88. Whenever this Federal Claim makes reference to any act of "Defendants," such allegations shall be deemed to mean all named Defendants, or their officers, agents, managers, representatives, employees, heirs, assignees, customers, tenants, who did or authorized such acts while actively engaged in the operation, management, direction or control of the affairs of Defendants (or any of them) and while acting within the course and scope of their duties, except as specifically alleged to the contrary.

89. At all times relevant to this Federal Claim, Defendants, and each of them including all DOE Defendants, were the knowing agents and/or alter egos of one another. Defendants directed, ratified, and/or approved each other's conduct and that of each other's agents or employees. Defendants, and each of them including all DOE Defendants, agreed upon, approved or ratified each other's conduct, or otherwise conspired together to commit all of the acts and/or omissions alleged herein.

90. The STATE OF OKLAHOMA Defendants, and each of them, were at all relevant times acting within the course and scope of their duties as employees of the counties of STATE OF OKLAHOMA

91. The STATE OF OKLAHOMA Defendants, and each of them, were at all relevant times acting in conformance with the regularly established customs and practices of the State of

Oklahoma including but not limited to County of Tulsa, County of Rogers
92. The STATE OF OKLAHOMA Defendants, and each of them, were at all relevant times acting under color of law.

## III. STATEMENT OF FACTS *Sworn Affidavit of Truth*

| | | |
|---|---|---|
| republic South Carolina } | | *Notice to Agent is Notice to Principal, Notice to Principal is* |
| | }*ss* | *Notice to Agent, Notice applies to all successors and assigns;* |
| county Charleston | } | *Affidavit is a Form of Evidence; Unrebutted Affidavit Stands as* |
| | | *Truth in Commerce; Silence or NonResponse is Tacit* |
| | | *Acquiescence/Agreement/Dishonor;* |

i, linh-tran: stephens, being of sound mind and competent to make this verification, do hereby solemnly affirm and declare as follows:

23. No MEDICAL DOCTOR has ever referred me~~sent me in~~ for a Head CT scan. Adam the exhusband has head CT with half the brain missing (CT scan in sealed Tulsa County Court records but I refiled on 6/24/25 in 10th circuit appeal court, case no. 25-5063 and also in Evidence Folder Exhibit #1). I am a 39 year-old living woman with full-capacity. I am a medical physician, a fit Mother to all children, to include ~~and~~ the other child from my current marriage has been safe with me the whole time, and am safe to all children in any and all clinical settings.

24. Many medical professionals, including Lisa Milligan De Gunya (a 30 year veteran medical professional) and Jerremy Ransdell, D.O., as of today states that I the Plaintiff am Alert and Oriented x4, neuro checks are normal. I am calm with evidence based data citing appropriately my first amendment right to speak the truth. No one can give any other 'mental health' diagnosis to say otherwise. Give my children back to me now.

25. Pursuant to 42 U.S.C. § 1983, Mother is asserting that Tulsa County social workers used judicial deception and violated Plaintiff's constitutional rights in securing a juvenile court

order resulting in unlawful seizure of Mother's minor daughter while the daughter [along with her baby brother] were in protective custody of Mother [PO-2021-3843], without notice to the Mother or her consent, while deceiving Mother that caseworker will come to her house to speak to child. Child was NOT in any immediate danger as child was at school for 10 continuous hours. "Immediate danger" means dying within two to six hours, and child was not in any type of danger on that typical school day. Child was perfectly healthy and happy since being dropped off at 8:00am until DHS CPS took her at 6:00pm which was 10 hours window with zero deterioration of wellbeing, if not, teachers and school director who have 20+ years of experience with children would have called DHS CPS. or an ambulance or law enforcement cops themselves, unlike the impaired judgment of "immediate danger" and "exigent circumstance" towards child-under-mother's protective order where OKDHS caseworker Bridget O'brien, also known as Bridget Menser, whose background check prior to this kidnapping showed felony charges of hurting minor children under CF-1999-2911.

26. This Federal Claim demonstrates sufficiently alleged facts in support of a reasonable inference that County DHS case workers committed judicial deception that allowed them to be held liable for all of the claims. This deception renders the subsequent actions "fruit of the poisonous tree" and thus void ab initio.

27. This Claim reliably alleged that social workers knowingly and falsely represented to the juvenile court that they had made reasonable efforts to interview everybody when in fact they have NOT interviewed anyone but Father, and lied about what child said (unreliable hearsays) to them during their interview. and omitted what Mother said during interview and refused to take the evidence that Mother turned in.

28. Bridget O'brien even later admitted after being confronted on official transcript *of 06/01/2022* that she was telling Mother "**I know you're guilty** [of forcing daughter watching "movie Taken with rape scene therefore mental abuse"] **just by looking at you**," implying there is no need to inspect movie list nor call any digital experts [for alleged porn-watching].

29. The Mother did not learn of omissions and unilateral "waiving-by-caseworker-and-malpracticing-lawyers-despite-not-having-POA-over-Mother-nor-for-youth-G.L.Stephens-who-can-speak-for-herself" of forensic exam for daughter, of digital forensic exam, of child-psychological forensic interview, however, until after June 2022.

30. The facts herein and evidence herein supported a plausible inference that the social workers submitted their report and request for court authorization with at least a reckless disregard for the truth and the alleged misrepresentations were material to the granting of the juvenile court's orders.

31. The claims were also sufficient under Fed. R. Civ. P. 9(b) because they alleged with particularity a claim involving fraud.

32. Finally, by asserting that i. the Mother. did not have knowledge of the caseworker child at school alone until after they took place without my consent, who has emergent sole protective custody of the child at the time of the interview.; This Federal Claim also sufficiently alleged Fourth and Fourteenth Amendment violations arising from the interview without Mother's consent. This constitutes an illegal entry and wrongful removal.

33. Specifically, the seizure of G.L.S. was conducted without a warrant as required by 43 O.S. § 43-551-311, which mandates a verified application and findings of imminent serious physical

harm or removal from the state before a warrant to take physical custody of a child may be issued.

34. Case workers were not entitled to qualified immunity for the alleged unconstitutional judicial deception and unconstitutional seizure without warrants and to interview child without Mother's consent (Father has zero custody at the time of seizure because there is a protective order ~~of child~~ against Father for abuses pending hearing).

35. This court's precedent established the right to be free from judicial deception in child custody proceedings.

36. Thus, a reasonable case worker would understand that providing false information concerning notification to parents when requesting a juvenile court order for a seizure of minors in protective custody of Mother would violate or at least disregard a substantial risk of a violation of the parents' rights.

37. This Claim's allegations were sufficient to state a plausible claim of knowing and intentional judicial deception that escaped qualified immunity.

38. Furthermore, "a state has no interest in protecting children from their parents unless it has some reasonable and articulable evidence giving rise to a reasonable suspicion that a child has been abused or is in imminent danger of abuse." *Croft v. Westmoreland County Children and Youth Servs.*, 103 F.3d 1123 (3d Cir. 1997). The alleged "immediate danger" here did not meet the standard of "dying within the next 3-6 hrs," as established in *Wallis v. Spencer*, 202 F.3d 1126.

### *Marriage, Divorce & Original Custody Order*

39. i married Adam Sylvester Stephens on May 17, 2012, in Maricopa County, Arizona. Our

female offspring, G.L.S., was born in July 2013. After instances of domestic abuse by Adam towards ~~against me and~~ G.L.S. and I, we divorced in Portland, Oregon on~~, in~~ January 2016. The Oregon Judgment of Dissolution of Marriage decreed Adam and I to have 50/50 legal and physical custody of G.L.S "unhampered access to child" despite child was with me full time and I took care of everything from care to financial and zero child support demanded, with Adam receiving visitation rights. Under the Oregon decree, Adam was generously given by me "Jeep and Trailer in lieu of child support (in case he ever gets rich there is no need for child support requirement either)" which he later took back without just compensation without second accord-and-accommodation, in violation of our settlement agreement / binding contract. Notably, Oregon maintained exclusive and continuing jurisdiction over this matter under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) and Uniform Interstate Family Support Act (UIFSA).

40. On January 8, 2016, our divorce was finalized in Columbia County, R~~r~~epublic of Oregon, establishing 50/50 joint legal and physical custody with "unhampered access to child for both parties." The decree stipulated "Jeep and Trailer [from Linh to Adam] in lieu of child support [until child ages out]," which was explicitly stated five times throughout the contract. This arrangement was duly executed in the presence of notaries and finalized by a district court judge without objections from either party.

41. In violation of full faith and credit doctrine under U.S. Const. Art IV, § 1, STATE OF OKLAHOMA and its courts Tulsa County erroneously assumed jurisdiction without following the proper UCCJEA and UIFSA procedures, lacking interstate communication with Oregon courts, UCCJEA registration, or proper home state determination. This unlawful

assumption of jurisdiction violated the Full Faith and Credit Clause of the U.S. Constitution
and federal laws requiring states to honor valid court orders from other states.

42. After facing repeated custodial interferences from Adam, who kidnapped G.L.S.~~tephens~~ for
four months, i registered the Oregon decree in Tulsa County, Oklahoma on July 11, 2017,
seeking enforcement of the custody terms to protect the child's rights to maternal family and
Vietnamese culture. i NEVER motioned nor asked for child support modification, as even
Tulsa County judges Kevin Morrison and Thera Dreiling affirmed the Oregon decree's
binding status and non-modifiable nature.

43. The Oklahoma courts explicitly acknowledged the binding nature of the Oregon decree in
2019 when Father and his private attorney attempted to enforce the "Jeep and trailer in lieu of
child support" provision but later disregarded this same decree when i sought to enforce its
custody provisions, creating an impermissible double standard that violates the Full Faith and
Credit Clause. Father committed fraud, altering the Oregon decree of 28 pages, adding ~~extra~~
10 extra pages, and falsely claiming i agreed to only 14 overnights yearly.

44. From 2017-2021, i documented Adam's abuse of G.L.S.~~tephens~~, including forcing her to
sleep naked with him, exposing her to dangerous situations, and physical abuse. Multiple
professionals submitted affidavits supporting these concerns, including child psychologist
Jim Lovett, teacher Susie Panzer, and school director Jayme Wingo-Martin. G.L.Stephens'
personal diary (July 2020-June 2021) documented these abuses, corroborated by videos of
G.L.Stephens using Siri for spelling while writing her diary without coaching.

45. My female offspring G.L.Stephens had been attending top private school since age three at
Miss Helen's Private School of Tulsa County, Oklahoma; her writing and reading skills were

two years ahead of her peers~~the average public school student~~, and she was able to solve a Rubik's cube at age seven in under five minutes. She began writing her diary at ages seven to eight as instructed by child psychologist Carrie Short and Jim Lovett. Her diary entries revealed her distress with statements such as:

> *"i love mommy 100%, i love daddy 1%... happy 4th of July. It's about freedom and i wish To be free from daddy. i don't love daddy because he makes me sleep naked and he took a picture of me naked and he made me sit on other peoples laps and he took me to the swimming pool others man try to touch me. July 21, 2020, when is my prayer answered? and why is daddy not dead yet and i want freedom from daddy. July 22, 2020 i feel happy because i'm with mommy."*

46. Adam knowingly put our female offspring's life at risk by not using seat belts or car seats, transporting her in a Slingshot at age five~~5~~, and lying about police and manual instructions. A Parenting Coordinator Report by Kevin Gassaway (2019-2020) documented these safety concerns but was ignored by all judges and OKDHS.

47. A Guardian Ad Litem report by Valerie Blackstock recommended full custody to me due to father's disregard for child safety but was ignored by all judges and OKDHS. Special Judge April Seibert dismissed this GAL and appointed new GAL Stephen E. Hale instead, despite my objections regarding his conflicts of interest and history of child abuses via accomplice and complicity.

48. In May 2020, after G.L.Stephens' friend called OKDHS when the child disclosed father took her to "swim around naked men who tried to touch her" and "made her sleep naked with him," OKDHS fraudulently accused me of failure-to-protect (though i hadn't lived with father

since 2014). Six CPS referrals by bystanders against Father across state lines were ignored. OKDHS case worker Maria Chico testified under oath that her original report documenting serious concerns about Father had been truncated by her supervisor.

## *DHS CPS and Child Support Unlawful Intervention*

49. In November 2021, eight-year-old G.L.Stephens tearfully disclosed that Adam choked her dog nearly to death in front of her and she feared for her life. i filed police reports and a protective order (PO-2021-3843).

50. Beginning in 2021, Oklahoma Department of Human Services (DHS), Child Protective Services (CPS), and Child Support Services (CSS) initiated unlawful administrative proceedings lacking due process.

51. On December 3, 2021, agents from the Oklahoma Department of Human Services (DHS), including caseworker Bridget O'Brien, forcibly seized my daughter i.e. my biological property, G.L. Stephens, from her private school, Miss Helen's Private School of Tulsa, Oklahoma. This seizure was conducted without a warrant, a valid and proper jurisdictional court-order, or exigent circumstances (i.e. medical emergency), placing it in direct violation of my and my daughter's constitutional rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983. This constitutes an illegal entry and wrongful removal. The "taking of a child" is a criminal act unless strict due process is followed. As of the present time, Plaintiff has not been indicted or charged with any crime that would justify the removal of her child. An arrest warrant requires an indictment for a crime. The state did not have this, therefore had no right to take the child. Pursuant to 22 O.S. § 171, a warrant of arrest for a public offense can only be issued by a magistrate after an examination under oath and a

page 35 of 101

determination of reasonable ground to believe the named individual committed the offense.

52. The removal was executed <u>without</u> the presence of a parent or legal counsel approved by mother, and I was never served with any legal paperwork, constituting a severe violation of procedural and substantive due process. This action also stripped my daughter of the safeguards of a protective order that was in place against her biological father. There was never any proper investigations by Defendants, any forensic interview, any physical forensic exam like **SANE** exam (Sexual Assault Nurse Examiner exam) which is a medical evaluation conducted by a specially trained nurse to collect evidence and provide care to a victim of sexual assault.

53. The justification for the removal was based on demonstrably false allegations originating from Ms. O'Brien, whose credibility is severely compromised. Under her maiden name, Bridget Kay Menser, Ms. O'Brien has a felony criminal conviction (*nolo contendere* plea) for offenses involving harm to children (Case No. CF-1999-2911, selling alcohol to minors), rendering her unfit for a position of public trust in child welfare. Under Rule 609 of Amendment VI, Bridget O'brien/Menser's testimony should be disregarded/stricken from the records, and she should never again be allowed to be a witness in any other future cases, as she is impeached by her prior charged conviction of a felony, especially one related to children e.g. selling alcohol to minors, not to mention her other repeated charges of reckless driving under influence of alcohol risking children and adults on the roads.

54. Ms. O'Brien initially accused me of forcing my daughter to watch a PG-13 film. When I presented evidence disproving this, the allegations were escalated to claims of viewing adult pornography and then child pornography, yet my requests to involve the FBI to investigate

these serious claims were refused. Furthermore, I later discovered that DHS employees, including Ms. O'Brien, had allegedly engaged in forgery and fraud by fabricating my signature on official waiver documents without my knowledge or consent.

55. Despite contradictory evidence, including testimony from school staff attesting that G.L. Stephens was happy and healthy in my care, the court relied on these fabricated and unsubstantiated claims to remove my daughter. She continues to be wrongfully withheld from my custody to this day.

56. These court players ignored the truthful testimony of one DHS caseworker Maria Chico who testified on 06/01/2022 that her DHS-supervisor truncated and altered the original CPS report that contained substantial evidence of abuses by father. The altered report changed the finding from 'substantiated' to 'unsubstantiated' despite multiple witness testimonies from school staff, neighbors, church acquaintances, and mandated reporters including Jeri Townsend, APRN, child psychologist Jim Lovette, and family physician Dr. Moris Laca, M.D. DHS employees, including Ms. O'Brien, engaged in forgery and fraud by fabricating my signature on official waiver documents without my knowledge or consent.

57. Systematic Due Process Violations: Since G.L.S.'s wrongful removal, i have experienced systematic violations of my constitutional rights, including:

   a. Denial of proper notice and opportunity to be heard

   b. Exclusion of relevant evidence favorable to me

   c. Secret court proceedings held without my knowledge or participation

   d. Refusal to allow my female offspring to testify despite her expressed desire to do so

   e. Denial of in forma pauperis status despite documented indigency

f.   Unlawful restriction of my access to court records and transcripts

g.   Alteration of court transcripts to conceal judicial misconduct

h.   Fraudulent orders entered without proper hearings.[2]

58. A "secret meeting" occurred on 12/08/2021 where custody was transferred to Father without my knowledge or presence. i was not notified, nor were my attorneys present to object. There was no court reporter present, raising concerns about concealment of judicial misconduct. Court records falsely claimed, "there are no objections by the parties."

## *Sexual Abuse, Endangerment & DHS Retaliation*

59. My female offspring. G.L.S.. made repeated disclosures of inappropriate sexual behaviors ~~possible sexual abuse~~, with documented history of sexual grooming by biological father Adam Sylvester Stephens in 2020 OKDHS reports and court documents in Oklahoma; G.L.S. was being forced to sleep naked in the same bed with father. Adam Sylvester Stephens, physical abuse, choking of her dog, use of adult makeup, locked truck confinement, and personal bathroom obstruction[1].

60. DHS failed or refused to investigate these child abuse disclosures despite multiple mandated reports[1] including that of Jeri Townsend, APRN, child psychologist Jim Lovette, and family physician Dr. Moris Laca, M.D.

61. Despite my objections, the Department of Human Services (DHS) removed G.L.S. from my protective care and placed her in the physical custody of her biological father, Adam Stephens. This decision was made in disregard of substantial and documented evidence of Mr. Stephens' history of abuse and significant mental health issues. This

---

[2] Proof of claims, evidence is available upon request with some made accessible on-line at https://tinyurl.com/4cdv5u56

evidence is a matter of public record, detailed in the 10th U.S. Circuit Court of Appeals case *Stephens v. Child Support Services of Oklahoma Department of Human Services, et al.*, Case No. 25-5063.

## *Fraudulent Mental Health Diagnosis / Forced Psychiatric Evaluation Threats*

62. Oklahoma courts improperly demanded unnecessary psychiatric evaluations, including threats of contempt of court (thereby possible prison time) made by GAL Stephen E. Hale and special judge April Seibert, who unlawfully practiced mental health evaluations without a valid license.

63. Violations of ADA Title II, HIPAA, and privacy rights occurred when Judge April Seibert demanded public disclosure of private diagnoses and excluded federally authorized ADA advocate Francesca Amato, Marieka Vekemans Randoy, and others in their place from hearings.

## *Criminal & Constitutional Violations in Family & Juvenile Court*

64. Judges Martha Rupp Carter, Theresa Dreiling, April Seibert, Rodney Sparkman, Deborrah Ludi-Leitch, Todd Chesbro, William LaFortune, and others are individually named B.A.R. card imposters practicing unlawful tribunal authority without proper jurisdiction under the Organic Constitution.

65. These unlawful proceedings were conducted before non-Article III tribunals lacking mutual consent, violating Article III § 1, 42 USC §1983, 28 USC § 1331, and 28 USC § 1343.

66. Despite exhaustion of all state remedies and appeals through Oklahoma Supreme Court, SCOTUS certiorari, and multiple federal filings, due process continues to be denied.

67. On 03/21/2022, during a hearing with my then-attorney Chandler Moxley, Judge April

Seibert along with Oklahoma courts systematically violated my rights under the Americans with Disabilities Act (ADA). Special Judge April Seibert required my disability diagnoses to be stated aloud in open court despite prior confidential disclosure to the ADA coordinators e.g. Vicki Cox. My ADA advocate, Francesca Amato (at other times Melissa Vagle or Marieke Randoy), was denied a private breakout room and was removed from the hearing. Judge Seibert retaliated for my ADA requests by ordering psychological evaluations, maliciously and discriminatively alleging that I must be mentally unstable because my ADA advocates had sent 'too many' accommodation requests to the ADA Coordinator (See the March 21, 2022, transcript, page 4, line 19 to page 5, line 17, and page 10, line 17 to page 11, line 5). . All Defendants judges systematically excluded my ADA advocates while allowing opposing parties to appear virtually. Oklahoma approved ADA accommodations only on paper to fraudulently secure federal funding without actually providing services.

*Financial & Administrative Tyranny*

68. DHS CSS imposed fraudulent and unconstitutional child support orders, including but not limited to: Seizing retirement accounts in violation of ERISA 29 USC § 1056(d); Denying passport renewal in violation of 5th Amendment Due Process and federal statutes; Imprisonment and contempt threats for inability to pay, violating Bearden v. Georgia, 461 U.S. 660 (1983), etc.

69. Oklahoma DHS refused to acknowledge financial hardship despite financial indigency affirmed by Oklahoma Supreme Court and U.S. District Court of Oklahoma Northern District and serviced to Oklahoma DHS and Tulsa County District Court), IRS documentation, and property already exchanged in Oregon decree (Jeep & Trailer), creating

fabricated arrearages.

70. ***Unlawful Child Support Enforcement***: Oklahoma DHS CSS imposed fraudulent and unconstitutional child support orders despite:

   a. The binding Oregon decree establishing "Jeep and trailer in lieu of child support"

   b. My documented financial hardship and indigent status by higher state courts and federal courts

   c. No valid Title IV-D application or request for services from either parent

   d. Improper income imputation despite my unemployment

71. ***Debtor's Prison and ERISA Violations***: On February 6-7, 2024, i was subjected to a six-member jury trial regarding contempt for inability to pay child support before Special Judge Deborrah Ludi-Leitch. Despite my documented indigency and inability to pay, i was sentenced to 60 days in jail with a purging fee of $12,913.40. During proceedings, Judge Ludi-Leitch stated on record, "you have the key to your jail cell" by paying sums i could not afford. The court also unlawfully seized my retirement account ($64,445.92) established during my current/second marriage without spousal consent, violating ERISA protections under 29 USC § 1056(d).

72. ***Passport Revocation and Travel Restrictions:*** DHS CSS improperly certified me for passport denial/revocation, preventing me from visiting terminally ill relatives in Vietnam. The agency deliberately scheduled administrative hearings beyond the statutory 30-day timeframe, allowing artificial arrearage accumulation to reach the $2,500 threshold required for passport revocation. **(See Oklahoma 340:25-5-200.1, which mandates administrative review within 30 days of a written request).** On December 31, 2024, i received notification

from the State Department that my passport was revoked with no means to appeal except through DHS CSS which deprived me of any appeals regarding passport despite my timely demands, notices, and <u>conditional</u> acceptance letters which OKDHS dishonored.

### *Administrative Bad Faith & Surety Bond Demands*

73. On October 27, 2022, i served a formal notice demanding public officials provide their surety bonds and oaths for liability, which DHS officials willfully ignored.

74. i demandeds that the Court compel Defendants to produce evidence of their official bonds, including Standard Form 25A (Payment and Performance Bonds), Standard Form 24 (Bid Bond), and any related insurance documents (SF274 and SF275), as these documents are critical to demonstrating the scope of their authority and potential liability for their criminal actions.

### *Recurrent, ongoing. and worsening malicious prosecutions, cruel and unusual punishments, and discriminations:*

75. Over the next three years, Oklahoma courts systematically violated my rights by:

   a. Prohibiting all phone/video and physical contact with G.L.Stephens unless i payid $150/hour for therapeutic supervised visits with restricted physical contact, speech, and religion (forbidden from speaking Vietnamese or discussing Christianity)

   b. Iimprisoning me for two months and now I heard over the grapevine there is a false warrant out for my arrest for double jeopardy of six months prison time for unvalidated and fraudulent debt of child support in light of known inability to pay court-ordered child support of $2,360.24/month, with special judge whose jurisdiction was challenged by me via O.S. laws and also via federal laws, Ms. Deborrah Ludi Leitch stated on the record

recorded via Microsoft Teams, "you have the key to your jail cell" by paying impossible sums which i couldn't thereby didn't pay so had to serve my whole sentence for fraudulently-alleged debt

c. During contempt proceedings, Special Judge Deborrah Ludi-Leitch instructed the jury that my invocation of Fifth Amendment rights should be interpreted as evidence of guilt, also stating "The burden now shifts to the defendant to prove her innocence"

d. Denying Rule 8 ability-to-pay hearing mandated by Oklahoma law, asserting on record that "child support contempt cases are exempt from Rule 8 hearings" in direct contradiction of Oklahoma Supreme Court precedent and overruled my objections and judicial notices filings

e. Denying my constitutional right to a full jury of twelve peers, instead using six jurors who exhibited clear bias (high-fiving opposing counsel's wife/law-assistant)

f. f-Denying my reasonable request for accommodation to serve sentence on weekends only so i could maintain my medical practice, causing its permanent closure

g. Seizing my subsequent marriage's 401k retirement account ($64,445.92) established during my current/2nd marriage without spousal consent, despite being earned two years after my divorce from Adam and i was only 40 years old (25 years before qualified retirement)

h. Blocking my medical license renewal through action by state medical board, forcing closure of my private practice

i. i. Revoking my passport, preventing visits to terminally ill relatives overseas, by deliberately scheduling administrative hearings beyond statutory timeframes

j. Requiring me, an indigent Mother, to pay $2,500-5,000 for a forensic interview—despite

$2,000/month unemployment the year before and zero income for a while

   k. Imputing doctor-level income to me while simultaneously asserting my mental unfitness

   l. Refusing to accept evaluation from a court-qualified, board-certified physician arranged at no cost, insisting on a specific provider with financial connections to the court

   m. Denying me in forma pauperis status despite documented indigency

36. In a particularly egregious due process violation, my entire trial (addressing custody, child support, and multiple contempt actions) was restricted to a strict 10-hour countdown clock, while i faced six BAR card attorneys alone during cross-examinations (including "special judge" April Seibert who acted as exhusband's attorney and is a BAR CARD ATTORNEY).

37. On 02/06/2024-02/07/2024: a six-membered jury trial was held regarding contempt of court for my inability to pay child support in front of Special Judge Deborrah Ludi-Leitch. Jury trial resulted in a guilty verdict against me, sentencing me to 60 DAYS IN JAIL and a purging fee of $12,913.40 IN CASH BOND, while ignoring my inability to pay and prior affirmations of indigent status notices. The trial included numerous procedural errors and a deprivation of rights. Special Judge Deborrah Ludi-Leitch denied my request to serve my sentence on weekends—i wanted to work on weekdays to pay alleged fines, fees, and debts—thereby causing my direct primary care clinic to close permanently and tarnished my good name.

38. The court imprisoned me at David L. Moss Criminal Justice Center, where i and all female inmates were denied access to the law library by judges' verbal order while male inmates received access. i endured cruel and unusual punishment while serving my sentence in jail due to my inability to post bond.

39. On 03/07/2024, a Minute Order stated, "PRESIDING SPECIAL JUDGE DAWN MOODY:
    COURT RECEIVES MOTION [from jail]. NO ACTION TAKEN - IMPROPER
    PLEADING." These Special Judges purposefully delayed the entry of court order for
    02/07/2024 hearing until 03/13/2024, preventing my appeal from being initiated and resulted
    in my prolonged sufferings.

40. Multiple attorneys failed to properly represent my interests, including failing to file
    emergency motions despite payment, waiving rights without consent, and falsely claiming
    "no objection" on my behalf to hidden motions. Consequently, i dismissed all legal
    representation on June 1, 2022.

41. Despite multiple federal lawsuits and appeals, Oklahoma courts have continued scheduling
    hearings and imprisonment proceedings against me despite pending federal removal notices,
    jurisdictional challenges based on Vietnamese citizenship, and special appearances. These
    actions are driven by Oklahoma's pattern of discrimination against Asians, Christians,
    women, and children, as evidenced by civil rights lawsuits.

42. On 09/30/2024: Oklahoma Supreme Court Justices improperly and permanently revoked my
    in forma pauperis status in the "Mandamus for Recusal" case # MA-122445, without legal
    justification or supporting evidence. This action effectively denied my constitutional rights to
    court access and my ability to seek redress against government abusive actions. The justices
    disregarded my judicial notice concerning how this arbitrary revocation violated my rights
    and established Supreme Court precedents that protect the fundamental rights of financially
    indigent litigants to meaningful court access, irrespective of financial status.

43. On 12/31/2024: i received a letter from Passport-CRBA-Notification@state.gov regarding

the revocation of my passport and told me no available means to appeal except through DHS CSS.

44. Subsequently, on 02/13/2025, i filed in the same superior court for a Writ of Mandamus MA-122859 for the Oklahoma State Bureau of Investigation (OSBI) to investigate the abuses of my female offspring; however, i was met with an unconstitutional sealing of the mandamus and its evidence from public eyes, and an unconstitutional and obstructive Minute Order on the same date 02/13/2025, stating that the mandamus would be dismissed for lack of payment "by February 8, 2025" which was seven days prior to the court order that has not properly served to me.

45. On 05/02/2025, Special Judge Loretta Radford a/k/a LORETTA RADFORD proceeded with proceedings of double jeopardy (unconstitutional) despite the existence of a contested jurisdictional challenge, a pending removal to federal court, and an ongoing appeal in Oklahoma Supreme Court. Judge Radford denied my ADA advocates and authorized court observers from virtual attendance at these public hearings while simultaneously granting remote virtual participation to the opposing party (ex-husband) and his legal counsel. Individuals attempting in-person court observation were threatened with arrest by Special Judge Radford and Tulsa County District Court Sheriff Jacob R Williamson a/k/a JACOB J WILLIAMSON. Despite verified financial indigency affirmed by both Oklahoma Supreme Court and Federal Courts, Special Judge Radford issued a default bench ruling against me based solely on inability to pay $350 in jury trial fees. When advocate offered to pay a $20 court reporter fee with cash , with confirmation of available funds from my advocates, the court clerk (Kim Hall, court administrator, was never made available by the woman who

refused to identify herself that opened her office door and spoke to my advocate re: the court reporter laws) refused to accept this payment stating that the judge would have to verify one was available first. Yet, the judge would state that the court reporter would have to be paid first, sending advocates on a wild goose chase without providing laws to prove quoted rules by the court clerk or administrator personnel. According to court watchers and documented in the attached affidavit (See **Exhibit #2**: Affidavit of neutral court watcher regarding 05/02/2025 hearing), Special Judge Radford subsequently fraudulently and maliciously alleged I was a "no-show" after preventing my virtual attendance, then issued a default bench conviction with a six-month jail sentence.

46. Oklahoma is pursuing federal Title IV-D funds while simultaneously demanding payment from me, an indigent parent who never requested any services nor received any services from them, constituting double-dipping and fraudulent relitigating of the binding Oregon decree's "jeep and trailer in lieu of child support" provision, in violation of the Full Faith and Credit Clause and fundamental constitutional protections.

47. All courts' transcripts filed by the courts have been altered/tampered with by the courts or their court reporters, or both, as compared to the original voice recordings available from court observers or whistleblowers or Microsoft Teams videos. Official requests for voice recordings and all FOIA requests (Freedom of Information Act) have been denied by court reporters, the courts, and OKDHS. My requests under the Americans with Disabilities Act have been unlawfully denied by the courts, despite being approved on court documents.

48. Plaintiff's right to access the courts has been repeatedly infringed, in violation of the First Amendment, which guarantees the right to petition the government for redress of grievances.

49. "There can be no sanction or penalty imposed upon one because of his exercise of Constitutional Rights." *Sherar v. Cullen*, 481 F.2d 946 (1973).

50. "No state shall convert a liberty into a license, and charge a fee therefore." *Murdock v. Pennsylvania*, 319 U.S. 105 (1943).

51. The actions of the court to deny pauperis status despite clear evidence of indigency, as affirmed by the Oklahoma Supreme Court, constitute an abuse of discretion and a violation of due process. Courts "shall approve" a fee waiver for a litigant whose income is at/below 187.5% of the Federal Poverty Level and whose expenses are at/above their income.

52. The Trial Court's denial of court-appointed counsel, despite Plaintiff's financial inability and desire for such counsel, violates Plaintiff's Sixth Amendment right to effective assistance of counsel. This is further supported by Okla. Stat. tit. 12 § 29, Rule 29, which mandates assignment of counsel in civil contempt actions that may result in incarceration for indigent defendants. "It is clear that the appointment of counsel for an indigent defendant is a fundamental right essential to a fair trial." *Gideon v. Wainwright*, 372 U.S. 335 (1963).

53. "The financial resources of other persons who have previously provided financial assistance, but are no longer willing to do so, can have no bearing on a defendant's status as an indigent and on the government's obligation to provide costs and services at public expense." *Spain v. District Court of Tulsa County*, 1994 OK CR 36, 882 P.2d 79.

## IV. VERIFIED CAUSES OF ACTION / FEDERAL CLAIMS TORT AND NONE-TORT CAUSE OF ACTION CLAIM # 1 – VIOLATION OF 42 USC §1983 — DEPRIVATION OF CONSTITUTIONAL RIGHTS UNDER COLOR OF LAW – against all Defendants

54. i incorporate by reference all preceding paragraphs as if fully set forth herein.

55. Against: All Defendants, especially main characters are Oklahoma DHS, CPS, CSS, named judges, GAL Stephen E. Hale, Bridget O'Brien, ADA-involved agents.

56. For systematic violations of my fundamental rights to parent my female offspring, interstate travel, due process, equal protection, and freedom from cruel and unusual punishment, parental rights, family integrity, First, Fifth, Eighth, and Fourteenth Amendment violations.

**CAUSE OF ACTION CLAIM # 2 – VIOLATION OF FULL FAITH AND CREDIT CLAUSE (U.S. Const. Art. IV, § 1) – against all Defendants**

57. i incorporate by reference all preceding paragraphs as if fully set forth herein.

58. The Full Faith and Credit Clause of the U.S. Constitution requires that "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." U.S. Const. art. IV, § 1.

59. The Oklahoma courts willfully and deliberately refused to give full faith and credit to the Oregon divorce decree that established "Jeep and trailer in lieu of child support" and 50/50 joint custody with unhampered access to child.

60. The Supreme Court has repeatedly held that the Full Faith and Credit Clause prohibits states from disregarding the judgments of sister states. *Baker v. General Motors Corp.*, 522 U.S. 222, 233 (1998).

61. Congress implemented this constitutional mandate through 28 U.S.C. § 1738A (Parental Kidnapping Prevention Act) and 28 U.S.C. § 1738B (Full Faith and Credit for Child Support Orders Act).

62. Oklahoma's selective enforcement of the Oregon decree—acknowledging it when Father sought to enforce provisions favorable to him but disregarding it when i sought to enforce

provisions favorable to me—constitutes a willful violation of constitutional principles.

63. The binding nature of the Oregon decree was affirmed by Oklahoma judges Kevin Morrison
and Thera Dreiling, yet was later impermissibly disregarded, violating the principle
established in *Marbury v. Madison* that "All laws which are repugnant to the Constitution are
null and void" 5 US (2 Cranch) 137, 174, 176 (1803).

64. Oklahoma courts violated the Full Faith and Credit Clause by:

    1. Ignoring the binding Oregon decree and its custody determination

    2. Failing to enforce the "Jeep and trailer in lieu of child support" provision

    3. Modifying custody and support orders without proper jurisdiction under UCCJEA and
    UIFSA

    4. Fabricating new child support obligations contrary to the original decree

    5. Failing to communicate with Oregon courts as required by UCCJEA

65. These violations resulted in the unlawful seizure of my female offspring, fabricated child
support obligations, unlawful retirement account seizure, passport revocation, and
imprisonment, all in direct contravention of the Oregon court's valid orders.

66. Defendants' actions caused substantial harm including unlawful imprisonment, financial
damages, emotional distress, and the unconstitutional deprivation of my parental rights.

67. Plaintiff further alleges that the refusal to uphold the Oregon decree's stipulation of "Jeep and
Trailer in lieu of child support" constitutes a breach of contract that is void *ab initio* due to
the absence of key elements of a lawful contract, including free and genuine consent, full
disclosure, and sufficient consideration for the modification of terms. "Failure to reveal the
material facts of a license or any agreement is immediate grounds for estoppel." *Lo Bue v.*

*Foram*, 48 Cal.App.2d 82, 119, p.2d 346, 348. "Party cannot be bound by contract that he has not made or authorized." *Alexander v. Bosworth* (1915), 26 C.A. 589, 599, 147 P.607.

## CAUSE OF ACTION CLAIM # 3 – VIOLATION OF DUE PROCESS - FOURTEENTH AMENDMENT (42 U.S.C. § 1983) – against all Defendants

68. i incorporate by reference all preceding paragraphs as if fully set forth herein.

69. The Fourteenth Amendment prohibits states from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.

70. The Supreme Court has long recognized parents' fundamental liberty interest in the care, custody, and control of their children. *Troxel v. Granville*, 530 U.S. 57, 65 (2000) (describing this right as "perhaps the oldest of the fundamental liberty interests recognized by this Court"). This fundamental right cannot be arbitrarily infringed upon by the state without clear and compelling evidence and strict adherence to due process.

71. Furthermore, Defendants' actions in this matter, particularly those involving administrative agencies like OKDHS, rely on an unconstitutional expansion of executive and administrative power that directly subverts the fundamental right to due process and trial by jury. The U.S. Supreme Court, in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), has decisively overturned the *Chevron* deference doctrine, eliminating the long-standing precedent that required federal courts to defer to an agency's interpretation of an ambiguous statute related to its area of expertise. This landmark decision reaffirms that federal courts "must exercise their independent judgment in deciding whether an agency has acted within its statutory authority." The very essence of a fair trial, as guaranteed by the Fifth and Fourteenth Amendments, mandates that factual determinations and interpretations of law that

impact liberty and property interests, especially those as fundamental as parental rights and freedom from unlawful detention, must be made by an independent judiciary, with the full panoply of due process protections, including the right to a jury trial as applicable. To allow administrative agencies to operate unchecked, or for courts to continue to defer to them in ways that criminalize indigence, seize children (biological properties) without indictment or proper legal basis, or otherwise bypass fundamental constitutional guarantees, is to erode the separation of powers and the core principles of justice. This case, with its egregious deprivations including the arbitrary seizure of Plaintiff's biological property and unconstitutional financial enforcement followed by robbery and kidnapping of Plaintiff into their jail cell for unvalidated debt, presents a compelling instance where any historical deference to agency action or interpretation must now be deemed unconstitutional as applied, thereby demanding a full and unfettered due process inquiry by this self-proclaimed righteous and just Article III court.

72. Defendants violated my procedural due process rights by:

a. Removing my female offspring without a warrant, criminal charges, or exigent circumstances; this initial seizure was without probable cause and in violation of the Fourth Amendment. "An unlawful entry or search of a home does not end when the government officials walk across the threshold. It continues as they impose their will on the residents of the home in which they have no right to be." *Calabretta v. Floyd*, 189 F.3d 808 (9th Cir. 1999). "It was clearly established, at least two years before the events in question, that absent probable cause and a warrant or exigent circumstances, neither police nor social workers may enter a person's home without a valid consent, even for the

purpose of taking a child into custody, much less to conduct a search. It was also established that the warrantless seizure and detention of a person without probable cause or exigent circumstances, as alleged in Turner's petition, is unreasonable." *Turner v. Houseman*, Docket: 07-6108 (10th Cir. 2008). "searches and seizures inside a home without a warrant are presumptively unreasonable." *Good v. Dauphin County Soc. Servs. for Children and Youth*, 891 F.2d 1087 (3d Cir. 1989).

b. Failing to provide proper notice of hearings

c. Conducting a "secret meeting" on 12/08/2021 where custody was transferred without my knowledge or presence

d. Denying me meaningful opportunity to present evidence and witnesses, to cross examine false accusers and fraudsters and court actors

e. Refusing to allow my female offspring to testify despite her expressed desire

f. Unlawfully restricting my access to court records and transcripts

g. Altering court transcripts and sealing of records of public hearings without lawful excuses to conceal judicial misconduct

h. Issuing fraudulent orders without any proper hearings

i. Imposing child support obligations and contempts hearing involving imprisonment of a foreign national and citizen of another country without proper jurisdiction

j. Falsely claiming in court records that "there are no objections by the parties" when i was not even present

k. Restricting my entire trial to a strict 10-hour countdown clock while i faced six attorneys alone

l.  Denying Rule 8 ability-to-pay hearings required by Oklahoma law before imprisonment

m.  Imputing doctor-level income without evidence while simultaneously claiming mental unfitness

n.  Terminating my parental rights based on inability to pay for court-ordered psych evaluations that is not medically indicated and contrary to board certified mental health professionals

o.  Seizing my retirement account and nonparty's retirement account without due process

p.  Revoking my passport without pre-deprivation notice or hearing

q.  Jailing me for contempt without a proper Rule 8 ability-to-pay hearing maliciously as she knew i was ordered as financially indigent by Oklahoma Supreme Court and Federal Courts.

73. Defendants violated my substantive due process rights by:

a.  Arbitrarily separating me from my female offspring without evidence of harm

b.  Imposing supervised visitation requirements of $150/hour that is~~were~~ financially impossible

c.  Prohibiting me from speaking Vietnamese with my female offspring or discussing Christianity

d.  Deliberately delaying entry of court orders to prevent timely appeals

e.  Fabricating allegations of showing inappropriate materials to my female offspring

74. Oklahoma officials violated my substantive due process rights by:

1.  Severing my parent-child relationship without compelling justification

2.  Removing my female offspring based on false allegations without investigation

3. Refusing to reunite us despite supervised visits showing no concerns

4. Imposing excessive and arbitrary child support obligations

5. Imprisoning me for inability to pay rather than willful refusal and lower standard of evidence insteads of required beyond reasonable doubt standard

6. Executing financially ruinous enforcement actions against a documented indigent parent

75. The Supreme Court has established that the Due Process Clause requires notice and an opportunity to be heard before deprivation of liberty or property interests. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

76. Defendants' actions were arbitrary, conscience-shocking, and oppressive in a constitutional sense, violating core principles of due process. *County of Sacramento v. Lewis*, 523 U.S. 833, 845-46 (1998). Furthermore, the systematic denial of due process by these courts constitutes a "railroading" of Plaintiff, where the fundamental fairness of the judicial process has been entirely subverted.

77. The Oklahoma Constitution, Article 2, Section 7, explicitly states: "No person shall be deprived of life, liberty, or property, without due process of law." This equates to the U.S. Constitution Fifth and Fourteenth Amendments rights. "A fair trial in a fair tribunal is a basic requirement of due process." *In re Murchison*, 349 U.S. 133, 136 (1955). The Due Process Clause entitles a person to an impartial and disinterested tribunal in both civil and criminal cases. \*\*\*Marshall v. Jerrico, Inc., *446 U.S. 238, 242 (1980). "The essential elements of due process of law are notice and opportunity to defend, and in determining whether such rights are denied, the Court is governed by the substance of things, and not by mere form."\* Simon v. Craft*, 182 U.S. 427 (1901).

---

78. The "Plain Obvious Errors Rule" prevents miscarriage of justice and preserves the integrity and reputation of the judicial process, necessitating a REVERSAL for obvious errors affecting substantive rights, equality, and non-discriminatory and equal access to children, especially when the child is not in any immediate danger from Plaintif.

79.

**CAUSE OF ACTION CLAIM # 4 – VIOLATION OF FIFTH AMENDMENT - SELF-INCRIMINATION (42 U.S.C. § 1983) – against all Defendants**

80. i incorporate by reference all preceding paragraphs as if fully set forth herein.

81. The Fifth Amendment to the United States Constitution provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V.

82. This protection applies in civil proceedings when answers might incriminate the individual in future criminal proceedings. *McCarthy v. Arndstein*, 266 U.S. 34, 40 (1924).

83. Special Judge Deborrah Ludi-Leitch violated my Fifth Amendment rights by instructing the jury that my invocation of Fifth Amendment rights should be interpreted as evidence of guilt, stating "The burden now shifts to the defendant to prove her innocence" (see Microsoft Teams recordings in court records and whistleblower's recordings).

84. Drawing adverse inferences from a defendant's invocation of Fifth Amendment rights in civil contempt proceedings with determinate incarceration sentences violates constitutional prohibitions against compelled self-incrimination, particularly where judges instruct juries that the burden of proof shifts to the defendant upon such invocation.

85. This violated fundamental principles established in *Miranda v. Arizona*, 384 U.S. 436 (1966) and constitutional protections against self-incrimination.

86. The contempt proceedings, though labeled civil, functioned as quasi-criminal proceedings given the determinate 60-day incarceration sentence imposed.

87. The Supreme Court has established that when civil proceedings function as quasi-criminal proceedings, heightened constitutional protections apply. *International Union, United Mine Workers v. Bagwell*, 512 U.S. 821, 826-27 (1994).

# CAUSE OF ACTION CLAIM # 5 – VIOLATION OF EIGHTH AMENDMENT - CRUEL AND UNUSUAL PUNISHMENT (42 U.S.C. § 1983) – against all Defendants

88. i incorporate by reference all preceding paragraphs as if fully set forth herein.

89. The Eighth Amendment prohibits "cruel and unusual punishments." U.S. Const. amend. VIII.

90. Oklahoma's imposition of "debtor's jail" through family court for alleged unpaid child support violates the Eighth Amendment's prohibition when:

   a. The parent has been adjudicated indigent by multiple courts with documented inability to pay

   b. The judge states on record that the parent "has the key to her jail cell" by paying substantial sums

   c. Rule 8 or inability-to-pay hearings are denied without lawful excuse

   d. The parent is provided only a "dictionary attorney" who was prohibited from filing motions, conducting legal research, or making objections

   e. The parent submitted extensive IRS tax documentation and testimony proving financial hardship

   f. The court refused to acknowledge prior child support overpayments that would offset any alleged arrearage

---

91. The Supreme Court has held that imprisonment for debt, particularly when the individual has demonstrated an inability to pay, violates constitutional prohibitions. *Bearden v. Georgia*, 461 U.S. 660, 672-73 (1983).

92. The Eighth Amendment's prohibition against excessive fines and cruel and unusual punishment applies to the states through the Fourteenth Amendment. *Timbs v. Indiana*, 139 S. Ct. 682, 687 (2019).

93. Oklahoma's own constitution expressly prohibits imprisonment for debt. Okla. Const. art. 2, § 13.

94. The Department of Justice has issued formal guidance condemning debtor's prison practices, noting that the criminalization of poverty through civil processes violates fundamental rights. Department of Justice has reiterated in Dear Colleague Letters (March 14, 2016, and April 20, 2023) that courts must determine ability to pay before incarcerating individuals for nonpayment of court debts. These letters for DOJ have been served and acknowledged by Defendant special judges to have read them but that they don't have to follow the law and that they "are the law and the authority" – violated separation of power to Legislative branch.

95. Despite my submission of judicial notice of these DOJ directives, Special Judge Deborrah Ludi-Leitch explicitly rejected them, claiming they didn't apply to Oklahoma courts.

96. This explicit rejection of federal constitutional principles directly contributed to my unlawful imprisonment for documented indigency, absence of willful refusal to pay, and the court's failure to consider payment alternatives.

97. Special Judge Deborrah Ludi-Leitch's denial of weekend sentencing arrangements that would have allowed me to continue my medical practice and generate income to pay alleged debts

demonstrates punitive intent rather than remedial purpose.

98. The use of arrest warrants or license suspensions as a means of coercing payment of court debt without constitutionally adequate procedural protections is prohibited. The use of arrest warrants as a means of debt collection creates unnecessary risk that individuals' constitutional rights will be violated, resulting in an unconstitutional deprivation of liberty. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2002). Even one additional night in jail constitutes irreparable harm. *United States v. Bogle*, 855 F.2d 707, 710–11 (11th Cir. 1988).

**CAUSE OF ACTION CLAIM # 6 – ERISA VIOLATIONS - UNLAWFUL GARNISHMENT OF RETIREMENT ACCOUNTS (29 U.S.C. § 1056(d)) – against all Defendants**

99. i incorporate by reference all preceding paragraphs as if fully set forth herein.

100.    The Employee Retirement Income Security Act (ERISA) contains anti-alienation provisions that generally prohibit garnishment of qualified pension plans. 29 U.S.C. § 1056(d)(1); *Guidry v. Sheet Metal Workers Nat'l Pension Fund*, 493 U.S. 365, 371-72 (1990).

101.    Oklahoma Department of Human Services and Oklahoma courts violated federal law by:

    a.  Seizing without any court order simply by OKDHS (see details and reliable evidence and witnesses in federal lawsuit OKND case No. **24-CV-216-JDR-CDL)** my 401(k) retirement account ($64,445.92) established during my subsequent marriage without spousal consent nor my consent and unlawfully overruled my explicit objections due to I am not retiring nor wanting to and definitely cannot afford penalties for early withdrawals of retirements.

    b.  Froze all my bank accounts to devastate me financially, and Executing garnishment

against a retirement account that was not mature or eligible for distribution (I was 40 years old, 25 years before qualified retirement)

c. Seizing retirement funds opened two years after my divorce from Adam and rolled over to Charles Schawab Rolled-over 401(k) account 4 years after my divorce from Adam

d. Executing garnishment based on a fraudulent child support order that violated the Full Faith and Credit Clause

e. Improperly classifying a child support order as a qualified domestic relations order (QDRO) when it failed to meet the statutory requirements

f. Violating clear ERISA anti-alienation protections for retirement accounts

g. Failing to provide proper notice and opportunity for hearing before seizure and freezing of bank accounts and passport seizure and revocations

102. While limited exceptions exist for qualified domestic relations orders, 29 U.S.C. § 1056(d)(3), these must be narrowly construed and properly implemented. *Boggs v. Boggs*, 520 U.S. 833, 851 (1997).

103. The garnishment of retirement accounts acquired in a subsequent marriage to satisfy child support alleged obligations from a prior relationship, particularly for a mother who is not the "deadbeat parent" contemplated by child support enforcement statutes, directly contravenes Supreme Court ERISA jurisprudence.

104. This unlawful seizure constitutes an unconstitutional taking under the Fifth Amendment without just compensation.

105. The unlawful seizure of $64,445.92 from my retirement account resulted in substantial harm, including significant tax penalties, loss of future retirement security, and emotional

distress.

106.    Garnishment of wages is regulated by federal statutes such as 15 U.S.C. § 1673, which

sets maximum percentages of disposable income subject to garnishment, and 15 U.S.C. §

1675. The garnishment against self-employed workers while ignoring actual income violated

the Consumer Credit Protection Act, 15 U.S.C. § 1673. Federal statutes guarantee protection

from "imputed income" orders and unlawful garnishment.

## CAUSE OF ACTION CLAIM # 7 – VIOLATION OF RIGHT TO INTERNATIONAL

## TRAVEL - PASSPORT REVOCATION (42 U.S.C. § 1983) – against all Defendants

107.    i incorporate by reference all preceding paragraphs as if fully set forth herein.

108.    The right to international travel is a fundamental liberty interest protected by the Fifth

Amendment. *Kent v. Dulles*, 357 U.S. 116, 125 (1958) ("The right to travel is a part of the

'liberty' of which the citizen cannot be deprived without due process of law under the Fifth

Amendment."); *Haig v. Agee*, 453 U.S. 280, 306 (1981).

109.    Defendants violated my constitutional rights by:

   a. Certifying me for passport denial or revocation without providing pre-deprivation notice
      and opportunity for a hearing

   b. Deliberately scheduling required administrative hearings months beyond the statutorily
      mandated time frame of 30 days, allowing arrearage to artificially accumulate to the
      $2,500 threshold required for passport revocation

   c. Imposing such restrictions while an appeal challenging the underlying child support order
      was pending

   d. Applying these restrictions when i had documented inability to pay and disputed the

arrearage amount

e.  Failing to provide a prompt and meaningful post-deprivation remedy for contesting the passport restriction

110.  These actions prevented me from traveling internationally for legitimate family, medical, and business purposes, particularly visiting terminally ill relatives overseas.

111.  The unilateral restriction of passport privileges without a pre-deprivation hearing violates fundamental due process principles established in *Weinstein v. Albright*, 261 F.3d 127, 137 (2d Cir. 2001).

## CAUSE OF ACTION CLAIM # 8 – AMERICANS WITH DISABILITIES ACT VIOLATIONS (42 U.S.C. § 12101 et seq.) – against all Defendants

112.  i incorporate by reference all preceding paragraphs as if fully set forth herein.

113.  Title II of the Americans with Disabilities Act prohibits discrimination by public entities against qualified individuals with disabilities. 42 U.S.C. § 12132.

114.  i have documented disabilities including chronic tinnitus and limited English proficiency as a non-native speaker, which entitled me to reasonable accommodations in court proceedings.

115.  Oklahoma courts violated the ADA by:

a.  Denying my requests for ADA advocates during hearings

b.  Refusing real-time captioning services

c.  Failing to provide proper translation services for a non-native English speaker

d.  Denying breaks necessary to accommodate my tinnitus

e.  Prohibiting recording devices that would assist with my comprehension

    f. Simultaneously asserting my mental unfitness while holding me to standards of a fully capable attorney

116. These denials of reasonable accommodations were documented by ADA advocate Francesca Amato from PUNISHED 4 PROTECTING INC, and Marieke Vekemans Randoy of FCACC (Founder of Family Court Anti corruption Coalition), and confirmed by Dr. Jeremy Ransdell, DO, yet were repeatedly ignored by the courts–evidence is in Evidence Folder URL internet link in footnote #1 and 10th circuit appeal court case No. 25-5063 .

117. The systematic denial of these accommodations substantially impaired my ability to participate meaningfully in the proceedings, violating core principles of the ADA as established in *Tennessee v. Lane*, 541 U.S. 509 (2004).

118. "Under Title II of the ADA, a judge does not have the discretion to exclude an ADA advocate who is not causing any interference to the proceedings. Depriving a person with a disability of an ADA advocate would be no different than denying a person's access to their wheelchair or their seeing eye dog." The ADA defines "disability discrimination by state's Title II entities [such as this Court]" to include denying equal opportunity, providing unequal or ineffective participation opportunities, limiting persons with disabilities, denying rights due to accommodation needs, and failing to modify policies, among other actions. Violators of the American Disability Act can be sued for $165,000 PLUS consultation-fees and court-related fees up to $900,000.

## CAUSE OF ACTION CLAIM # 9 – FIRST AMENDMENT VIOLATIONS - SPEECH, RELIGION, AND ASSOCIATION (42 U.S.C. § 1983) – against all Defendants

119. i incorporate by reference all preceding paragraphs as if fully set forth herein.

---

120.    The First Amendment protects freedom of speech, religion, and association. U.S. Const. amend. I.

121.    Oklahoma courts violated my First Amendment rights by:

   a.   Prohibiting me from speaking Vietnamese with my female offspring during supervised visits

   b.   Forbidding discussion of Christianity during visits

   c.   Restricting my ability to maintain cultural and religious connections with my female offspring

   d.   Imposing viewpoint-based restrictions on my speech that were unrelated to any legitimate state interest

122.    The right to communicate in one's native language with one's child is protected by the First Amendment. *Meyer v. Nebraska*, 262 U.S. 390, 400-01 (1923) (recognizing the right of parents to have their children taught in languages other than English).

123.    The Supreme Court has recognized that the First Amendment protects certain intimate human relationships, including family relationships, from unwarranted governmental interference. *Roberts v. United States Jaycees*, 468 U.S. 609, 617–18 (1984).

124.    The restrictions imposed on my communication with my female offspring were not narrowly tailored to serve any compelling state interest and thus violated constitutional protections for free speech and religious expression.

125.    Gag orders are unconstitutional, as "prior restraints on speech and publication are the most serious and the least tolerable infringement on First Amendment rights" and are presumed to be unconstitutional. *Nebraska Press Assn. v. Stuart*, 427 U.S. 539, 559 (1976).

"What transpires in the court room is public property. . . . Those who see and hear what transpired can report it with impunity." *Craig v. Harney*, 331 U.S.367, 374 (1947). Freedom of speech, including speech concerning public affairs, is essential to self-government and holding officials accountable.

126. Plaintiff further asserts her associational right to assist any other person having the same legal interests, and the constitutional right to be assisted by unlicensed laymen during judicial proceedings. *Brotherhood of Railroad Trainmen v. Virginia ex rel. Virginia State Bar*, 377 U.S. 1 (1964). "Members of groups who are competent non-lawyers can assist other members of the group achieve the goals of the group in court without being charged with 'unauthorized practice of law'." *NAACP v. Button*, 371 U.S. 415 (1963); *United Mineworkers of America v. Gibbs*, 383 U.S. 715 (1966); and *Johnson v. Avery*, 89 S. Ct. 747 (1969). "The practice of law cannot be licensed by any state/State." *Schware v. Board of Bar Examiners*, 353 U.S. 232 (1957).

## CAUSE OF ACTION CLAIM # 10 – FRAUD AGAINST THE FEDERAL GOVERNMENT - FALSE CLAIMS ACT (31 U.S.C. § 3729 et seq.) – against all Defendants

127. i incorporate by reference all preceding paragraphs as if fully set forth herein.

128. The Oklahoma Department of Human Services committed fraud against the federal government by:

   a. Pursuing federal Title IV-D funds while simultaneously demanding payment from me, an indigent parent

   b. Misrepresenting eligibility for Title IV-D services when neither i nor Adam qualified

under federal guidelines

c. Falsely claiming compliance with federal ADA requirements while systematically denying accommodations

d. Submitting claims for federal reimbursement for child support enforcement actions that were prohibited by the Full Faith and Credit Clause

e. Double-dipping by collecting federal funds while enforcing a fraudulent child support order against me

f. Fraudulently relitigating matters already conclusively determined by the Oregon divorce decree

g. Falsifying records regarding the existence of valid child support orders to obtain federal funding

h. Submitting false claims to the federal government regarding services provided and eligibility for those services despite none was provided to me and my demand to see a list of services allegedly provided to me went unanswered by Defendants–they dishonored

i. Fabricating arrearages to reach thresholds for federal passport denial programs

j. Failing to maintain proper interstate coordination as required for federal funding under UCCJEA and UIFSA

129. Federal law requires state child support enforcement agencies to comply with specific requirements to receive federal funding, including honoring valid orders from other states and ensuring proper jurisdiction before modification.

130. Federal law requires state child support enforcement agencies to comply with specific requirements to receive federal funding, including honoring valid orders from other states

and ensuring proper jurisdiction before modification.

131.    Oklahoma's fraudulent claims for federal reimbursement while violating these
requirements constitutes a false claim under 31 U.S.C. § 3729(a)(1)(A), which prohibits
knowingly presenting false or fraudulent claims to the federal government for payment or
approval.

132.    The Oklahoma Department of Human Services' conduct constitutes "reckless disregard of
the truth or falsity of the information" as defined in 31 U.S.C. § 3729(b)(1)(A)(iii).

133.    As a qui tam relator, i am entitled to bring this action on behalf of the United States
government as well as on my own behalf as a person harmed by the fraudulent conduct.

## CAUSE OF ACTION CLAIM # 11 – EQUAL PROTECTION VIOLATIONS -

## FOURTEENTH AMENDMENT (42 U.S.C. § 1983) – against all Defendants

134.    i incorporate by reference all preceding paragraphs as if fully set forth herein.

135.    The Equal Protection Clause of the Fourteenth Amendment prohibits states from denying
"to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend.
XIV, § 1.

136.    Oklahoma courts violated my equal protection rights through:

    a.  Gender-based discrimination by treating mothers more harshly than fathers in custody
proceedings. (See *Shannon v. Daniels* (2007) regarding gender discrimination in child
custody in Oklahoma.)

    b.  Racial/national origin discrimination against me as an Asian immigrant

    c.  Religious discrimination against me as a Christian

    d.  Disability-based discrimination by failing to accommodate my documented disabilities

  e. Wealth-based discrimination by imposing financial barriers to justice and parental rights

  f. Denying female inmates access to the law library while granting access to male inmates

137. The termination of my parental rights by severe restrictions of all of my rights and unreasonable financial restrictions/straining $150/40 minutes face to face visit with zero video visit allowed zero phone calls allowed, based solely on inability to pay for court-ordered psychological evaluations while rejecting equivalent free evaluations constitutes impermissible wealth-based discrimination prohibited under *Griffin v. Illinois*, 351 U.S. 12 (1956) and *M.L.B. v. S.L.J.*, 519 U.S. 102 (1996).

138. The Supreme Court has established that access to courts cannot be denied based on inability to pay fees. *Boddie v. Connecticut*, 401 U.S. 371 (1971).

139. By establishing a two-tiered system of justice based on wealth, the egregious denial of in forma pauperis status—despite indigency affirmed by both Oklahoma state and federal higher courts—violated equal protection principles.

**CAUSE OF ACTION CLAIM # 12 – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS (42 U.S.C. § 1985) – against all Defendants**

140. i incorporate by reference all preceding paragraphs as if fully set forth herein.

141. The defendants conspired to deprive me of my constitutional rights, including:

  a. The right to parent my female offspring

  b. Due process rights in judicial proceedings

  c. Equal protection of the laws

  d. Freedom from cruel and unusual punishment

  e. Protection against unlawful seizure of property

    f.  Right to international travel

142.    This conspiracy involved multiple state actors working in concert, including judges, DHS employees, and court-appointed officials who coordinated their actions to deprive me of fundamental rights.

143.    Evidence of conspiracy includes:

    a.  The "secret meeting" where custody was transferred without my knowledge

    b.  The deliberate scheduling of administrative hearings beyond statutory timeframe

    c.  The coordinated denial of my ADA accommodations across multiple proceedings

    d.  The systematic exclusion of evidence favorable to me while admitting unsubstantiated allegations

    e.  The alteration and tampering of court transcripts to conceal misconduct

144.    This conspiracy was motivated by discriminatory animus based on my gender, national origin, religion, and disability status, violating 42 U.S.C. § 1985(3).

## CAUSE OF ACTION CLAIM # 13 – FAILURE TO PREVENT CIVIL RIGHTS VIOLATIONS (42 U.S.C. § 1986) – against all Defendants

145.    i incorporate by reference all preceding paragraphs as if fully set forth herein.

146.    Multiple defendants had knowledge of the conspiracy to violate my civil rights yet failed to take actions within their power to prevent these violations.

147.    Supervisory officials at the Oklahoma Department of Human Services, the Tulsa County Court, and other state agencies had authority to intervene but deliberately chose not to do so.

148.    This failure to act despite knowledge of ongoing rights violations and the power to prevent them constitutes a separate violation under 42 U.S.C. § 1986.

---

**CAUSE OF ACTION CLAIM # 14 – MONELL CLAIMS - UNCONSTITUTIONAL POLICIES AND PRACTICES (42 U.S.C. § 1983) – against all government Defendants**

149.    i incorporate by reference all preceding paragraphs as if fully set forth herein.

150.    The State of Oklahoma, Tulsa County Court, and Oklahoma Department of Human Services have implemented and maintained unconstitutional policies, practices, and customs that caused the violations of my constitutional rights, including:

    a. A policy of disregarding out-of-state court orders in violation of the Full Faith and Credit Clause

    b. A practice of imprisoning parents for child support nonpayment without determining ability to pay

    c. A custom of denying ADA accommodations to disabled litigants

    d. A policy of imputing income without evidence while simultaneously alleging mental unfitness to even watch over a 8.5 to 12 year old child who is smart and can take care herself, which obviously means the alleged mentally ill parent won't be able to work or hold a normal job so zero income should be imputed. You either have one or the other, cannot declare both from the same mouth

    e. A practice of denying in forma pauperis status to indigent litigants

    f. A custom of gender bias in custody proceedings favoring fathers over mothers

151.    These policies, practices, and customs reflect deliberate indifference to constitutional rights and were the moving force behind the violations i suffered, as required for municipal liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

152.    The persistent and widespread nature of these practices, evident across multiple cases and

court proceedings, demonstrates that they are not isolated incidents but rather systematic policies.

**CAUSE OF ACTION CLAIM # 15 – RETALIATION FOR PROTECTED ACTIVITY (42 U.S.C. § 1983) – against all Defendants**

153.    i incorporate by reference all preceding paragraphs as if fully set forth herein.

154.    Defendants retaliated against me for engaging in constitutionally protected activities, including:

   a.    Filing complaints about judicial misconduct and rights violations

   b.    Reporting child abuse by my ex-husband

   c.    Challenging jurisdiction and asserting constitutional rights

   d.    Seeking ADA accommodations

   e.    Filing federal lawsuits against state officials

155.    The retaliatory actions included:

   a.    Revoking my in forma pauperis status

   b.    Denying access to court proceedings

   c.    Blocking my medical license renewal

   d.    Imprisoning me for inability to pay

   e.    Accelerating enforcement actions against me

   f.    Fabricating allegations against me

156.    The Supreme Court has recognized that retaliation for exercising First Amendment rights is actionable under § 1983. *Hartman v. Moore*, 547 U.S. 250, 256 (2006).

157.    There is a clear causal connection between my protected activities and the adverse

actions taken against me, as demonstrated by the timing and nature of these actions.

## CAUSE OF ACTION CLAIM # 16 – DEPRIVATION OF RIGHTS UNDER COLOR OF LAW (CRIMINAL CLAIM) (18 U.S.C. § 242) – against all Defendats

158.    i incorporate by reference all preceding paragraphs as if fully set forth herein.

159.    18 U.S.C. § 242 makes it a crime for a person acting under color of any law to willfully deprive a person of a right or privilege protected by the Constitution or laws of the United States.

160.    Multiple defendants willfully subjected me to the deprivation of rights, privileges, and immunities secured and protected by the Constitution and laws of the United States, including:

   a.   Right to parent my female offspring

   b.   Right to due process

   c.   Right to equal protection\Right to be free from cruel and unusual punishment

   d.   Right to be free from unlawful seizure of property

   e.   Right to international travel

161.    Defendants willfully deprived me of my constitutional rights while acting under color of state law by: a. Imprisoning me for debt despite documented inability to pay; b. Seizing my female offspring without proper legal basis; c. Taking my retirement accounts in violation of ERISA; d. Revoking my passport without due process; e. Blocking my medical license without proper cause; f. Denying me access to the courts through improper revocation of in forma pauperis status; and g. Engaging in a pattern of retaliatory conduct against me for

exercising constitutional rights.

162.    These deprivations occurred under color of law as defendants were acting in their official capacities as state judges, prosecutors, social workers, and other government officials.

163.    The willful nature of these deprivations is evidenced by:

   a.  Explicit statements by officials acknowledging they were disregarding constitutional protections

   b.  Continued enforcement actions despite notice of constitutional violations

   c.  Retaliatory actions against me for asserting constitutional rights

   d.  Deliberate scheduling delays to maximize harm

   e.  Documented tampering with court records to conceal misconduct

164.    Courts have recognized that evidence of criminal violations can be relevant to civil rights claims. *Monroe v. Pape*, 365 U.S. 167, 184-87 (1961).

165.    These actions constitute criminal violations of federal law for which Defendants should be investigated and prosecuted by the United States Department of Justice.

**CAUSE OF ACTION CLAIM # 17 – CONSPIRACY AGAINST RIGHTS (CRIMINAL CLAIM) (18 U.S.C. § 241) – against all Defendants**

166.    i incorporate by reference all preceding paragraphs as if fully set forth herein.

167.    Multiple defendants conspired to injure, oppress, threaten, and intimidate me in the free exercise and enjoyment of rights and privileges secured by the Constitution and laws of the United States. 18 U.S.C. § 241 forbids two or more persons from conspiring to injure, oppress, threaten, or intimidate any person in the free exercise or enjoyment of any right or privilege secured by the Constitution or laws of the United States.

168. Defendants conspired to deprive me of my constitutional rights by:

    a.  Coordinating efforts to remove my female offspring without proper legal basis;

    b.  Fabricate grounds for continued separation

    c.  Deny me due process in court proceedings

    d.  Seize my retirement accounts

    e.  Revoke my passport

    f.  Block my professional licensure

    g.  Working together to impose unlawful child support obligations despite the binding Oregon decree;

    h.  Collaborating to imprison me despite documented inability to pay;

    i.  Concealing evidence of tampering with court transcripts and records;

    j.  Holding secret meetings and ex parte hearings without proper notice;

    k.  Refusing to stay all proceedings to go double jeopardy with malicious intent to falsely imprison me AGAIN despite Removal to Federal filings still on appeal and child support contempt of court sentencing in 2024 still on appeal in Oklahoma Supreme Court

    l.  blocked me out of court hearing virtually then claimed "no show" defaulted jail time of 6 months to silence me from speaking up against corruption and evil doers like Defendants

    m.  Deliberately delaying court orders to prevent timely appeals; and

    n.  Systematically denying me due process and equal protection based on my national origin, gender, and ADA disability status.

169. While 18 U.S.C. § 241 is a criminal statute that does not provide a private right of action, i include this claim to support my demand for referral to the United States Department of

Justice for criminal investigation.

170.    The Supreme Court has affirmed that 18 U.S.C. § 241 applies to conspiracies involving state officials. United States v. Price, 383 U.S. 787, 794 (1966).

171.    These actions constitute criminal violations of federal law for which Defendants should be investigated and prosecuted by the United States Department of Justice.

**CAUSE OF ACTION CLAIM # 18 –VIOLATION OF ADA TITLE II, 42 USC §12131 et seq. – against all Defendants, especially Judge April Seibert, ADA Coordinator Vicki Cox, and the Tulsa District Court, and others for complicit and failure to report violations**

172.    For exclusion of ADA advocates, refusal to accommodate disabilities, refusal to accommodate disabilities, forced public disclosure of private PHI to embarrass me and to violate laws prohibiting HIPAA violations, and discriminatory treatment based on disability as documented in the affidavit of Francesca Amato, of redacted advocate for her safety (regarding the 05/02/2025 hearing), of Marieka Randoy, of Dr. Jeremy Ransdell, D.O...

**CAUSE OF ACTION CLAIM # 19 — FRAUD UPON THE COURT / VOID JUDGMENTS / VIOLATION OF MARBURY v. MADISON – against all Defendants**

173.    i incorporate by reference all preceding paragraphs as if fully set forth herein.

174.    All Orders issued in Oklahoma lacking proper jurisdiction are null and void ab initio under *Marbury v. Madison,* 5 U.S. (1 Cranch) 137 (1803). This principle of "fruit of the poisonous tree" renders all actions taken subsequent to the initial unconstitutional seizure of G.L.S. invalid and without legal effect.

175.    "Fraud on the court implies corrupt conduct and embraces only that species of fraud which does, or attempts to, defile the court itself." *Munshani v. Signal Lake Venture Fund II,*

*LP*, 60 Mass. App. Ct. 714, 718 (2004). "A 'fraud on the court' occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense." ***Rockdale Mgmt. Co. v. Shawmut Bank, N.A.***, 418 Mass. 596, 598 (1994). Courts have the inherent power to revoke judgments obtained by fraud on the court

## CAUSE OF ACTION CLAIM # 20 — TORT OF OUTRAGE, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS — against all Defendants, especially Adam Stephens, DHS agents, judicial officers.

176.    i incorporate by reference all preceding paragraphs as if fully set forth herein.

177.    For subjecting minor child to sexual grooming and possible sexual abuse, continued physical, psychological abuse, and severe trauma with intent to punish mother for lawful protective efforts and for being a whistleblower – see doc 28 filed in 10th circuit appeal court case 25-5063.

178.    A loss of consortium claim occurs when a person's injuries or death deprives their family of the benefits of a family relationship with the person. Title 23 of the Oklahoma Statutes includes consortium as a non-economic damage.

## CAUSE OF ACTION CLAIM # 21 — UNLAWFUL PRACTICE OF MEDICINE — 18 USC §1347 Health Care Fraud – Against: Stephen E. Hale, Bridget O'brien, April Seibert, Medical Board OSBOE

179.    i incorporate by reference all preceding paragraphs as if fully set forth herein.

180. Defendants without mental health license nor medical license to practice mental health recommended psychiatric evaluations and false reports used to deprive custody.

**CAUSE OF ACTION CLAIM # 22 — CIVIL RICO 18 USC §1962, FRAUD AND CONSPIRACY – against all Defendants especially DHS CSS CPS, GAL Hale, Bridget O'Brien, various judges operating as enterprise engaging in a pattern of racketeering activity including fraud, deprivation of rights under color of law, forgery of signatures, extortionate collection of child support funds.**

181. i incorporate by reference all preceding paragraphs as if fully set forth herein.

182. Defendants operating as enterprise engaging in a pattern of racketeering activity including fraud, deprivation of rights under color of law, forgery of signatures, extortionate collection of child support funds.

**CAUSE OF ACTION CLAIM # 23 — DEMAND FOR CRIMINAL REFERRAL UNDER 18 USC §241, §242 – against all Defendants**

183. i incorporate by reference all preceding paragraphs as if fully set forth herein.

184. Criminal civil rights violations committed by state actors acting in conspiracy against constitutional rights.

**CAUSE OF ACTION CLAIM # 24 — UNLAWFUL DETENTION AND WRIT OF HABEAS CORPUS (for minor child G.L.S.) — against all Defendants responsible for child's custody**

185. i incorporates by reference all preceding paragraphs as if fully set forth herein.

186. Fifth and Fourteenth Amendments guarantee that no person shall be deprived of liberty without due process of law. This fundamental protection extends to minor children. *See, e.g.,*

*Stanley v. Illinois*, 405 U.S. 645, 651 (1972) (recognizing the fundamental right of a parent to the care, custody, and control of their children).

187.    G.L.S., Plaintiff's biological property, a female offspring, a youth, has been unlawfully detained by the State of Oklahoma, through its agencies and agents, without a valid court order based on proper jurisdiction and due process and exigent circumstances.

188.    The initial seizure of G.L.S. on December 3, 2021, was without a warrant, exigent circumstances, or any prior indictment or criminal charge against Plaintiff, rendering the seizure unlawful and void *ab initio*.

189.    In America, "children belong to their parents," not the state, unless there is a clear and proven showing of neglect or abuse with adherence to strict due process. The state has no inherent authority to remove children from parental custody without demonstrating that the parent is unfit or the child is in immediate harm, and even then, only with a constitutionally sound process.

190.    The actions of CPS agents, including their "class to gain entry into difficult parents' homes," if undertaken without proper legal authorization or based on fraudulent pretenses, constitute an illegal intrusion into private property and family life, violating Fourth Amendment protections against unreasonable searches and seizures.

191.    The subsequent proceedings that purport to grant the state custody of G.L.S. followed by unconstitutional and unlawful transfer of her custody to known child-abuser (my exhusband) are null and void due to the "fruit of the poisonous tree" doctrine, as the initial unlawful seizure tainted all subsequent actions. *Wong Sun v. United States*, 371 U.S. 471 (1963).

**RETURN THE CHILD TO ME AS SHE IS MINE–I AM HER BIOLOGICAL MOM!**

---

192.    G.L.S. has been deprived of her liberty and fundamental right to intimate family association with her mother and maternal extensive family without due process of law, as there was no constitutionally valid adjudication regarding her best interests that respected her rights.

193.    Plaintiff, as the biological mother, has a fundamental constitutional right to the care, custody, and control of her child, which has been violated by this unlawful detention. *See, e.g., Santosky v. Kramer*, 455 U.S. 745, 753 (1982) (requiring clear and convincing evidence for termination of parental rights due to the fundamental nature of the family unit).

194.    Plaintiff invokes the writ of habeas corpus, pursuant to 28 U.S.C. § 2241, to challenge the ongoing unlawful detention of her minor child, G.L.S., by the State of Oklahoma and its agents. The detention is unlawful because it stems from actions taken without jurisdiction and in violation of fundamental constitutional rights, including G.L.S.'s Fourth and Fourteenth Amendment rights.

195.    The purported "72-hour hearing" and any subsequent adjudications wherein the state purportedly gained custody or began receiving federal funds for the child are products of the initial void seizure and are thus fraudulent and invalid.

196.    Plaintiff demands the immediate return of her child, as there has been no lawful indictment or arrest warrant against Plaintiff that would justify the separation of her child from her custody.

197.    It is Plaintiff's right as a mother and the child's right to have intimate family association without government interference. *Kelson v. Springfield*, 767 F 2d 651 (9th Cir. 1985). The child's right to family integrity is concomitant to that of a parent. *Wooley v. City of Baton*

*Rouge*, 211 F.3d 913 (5th Cir. 2000). Parents and children have a constitutional right to live together without governmental interference and will not be separated without due process of law except in emergencies. *Loudermilk v. Arpaio*, 2007 U.S. Dist. LEXIS 76819 (D. Ariz. 2007). "The undesirability of cultural homogenization would lead us to oppose efforts by the state to assume a greater role in children's development, even if we were confident that the state were capable of doing so effectively and intelligently." *Franz v. United States*, 707 F 2d 582 (US Ct App 1983).

198.    The Oklahoma Supreme Court has stated that "There is a presumption that parents act in their children's best interests." ***Parham v. J. R.***, 442 U.S. 584, 602. There is normally no reason or compelling interest for the State to inject itself into the private realm of the family to further question a parents' ability to make the best decisions regarding their children. *Reno v. Flores*, 507 U.S. 292, 304. Plaintiff's child's best interest is determined by Plaintiff, and the state's viewpoints on how Plaintiff lawfully exercises this constitutionally protected privacy right is not a legitimate judicial consideration.

**CAUSE OF ACTION CLAIM # 25 — FEDERAL WITNESS TAMPERING (18 U.S.C. § 1512) — against all Defendants who interfered with Plaintiff and G.L.S. as a federal witnesses**

199.    i incorporate by reference all preceding paragraphs as if fully set forth herein.

200.    18 U.S.C. § 1512 prohibits tampering with a witness, victim, or an informant in official proceedings. This includes acts to intimidate, corruptly persuade, or mislead another person with intent to influence, delay, or prevent the testimony of any person in an official proceeding.

201.    Plaintiff and her minor child, G.L.S., are federal witnesses in ongoing investigations and legal proceedings. Plaintiff has provided evidence and testimony to federal authorities (e.g., DOJ, OIG–federal Office of Inspector General) regarding the alleged criminal misconduct of state and federal officials, including fraud, civil rights violations, and public corruption.

202.    Defendants, acting individually and in concert, have engaged in acts to tamper with Plaintiff and G.L.S. as federal witnesses, including but not limited to:

a.    Threats of further imprisonment and legal penalties designed to coerce Plaintiff into silence or to abandon her legal challenges.

b.    The unlawful removal and continued isolation of G.L.S. from Plaintiff's custody, effectively using G.L.S. as leverage to influence Plaintiff's testimony and participation in federal proceedings.

c.    Concealment and destruction of evidence (e.g., alteration of court transcripts, denial of FOIA requests for voice recordings, video recordings of court rooms, hallways).

d.    Retaliatory actions, such as the blocking of Plaintiff's medical license and revocation of her passport, intended to punish Plaintiff for her cooperation with federal investigations and to prevent further disclosures.

e.    The creation of fraudulent child support arrearages and the use of debtor's prison tactics to exert financial pressure on Plaintiff, thereby attempting to corruptly intimidate her.

203.    These actions demonstrate a clear intent to influence, delay, and prevent the testimony of Plaintiff and G.L.S. in existing and anticipated federal official proceedings. Such acts are a direct violation of 18 U.S.C. § 1512, which extends protection to witnesses in actual and contemplated federal proceedings.

204.   The state's involvement in such witness tampering further highlights the criminal nature of the enterprise Plaintiff is challenging.

205.   Plaintiff's child is also a federal witness, and interference with her testimony or isolation constitutes witness tampering.

## CAUSE OF ACTION CLAIM # 26 – VIOLATIONS OF OFFICIAL OATHS OF OFFICE AND BREACH OF FIDUCIARY DUTY (OKLA. CONST. ART. VI, § 1 / OKLA. STAT. TIT. 5, § 2) – Against all Defendants who are public officials or BAR attorneys

206.   i incorporate by reference all preceding paragraphs as if fully set forth herein.

207.   All public officials and BAR attorneys, including the named Defendants in their official capacities, are bound by an Oath of Office to support, protect, and defend the Constitution of the United States and the Constitution of the State of Oklahoma, and to administer justice without respect to persons, doing equal right to the poor and the rich. This oath obligates them to do no falsehood or consent that any be done in court, and to promote no false or unlawful suit.

208.   Defendants, by engaging in the unconstitutional and fraudulent actions detailed herein, have willfully violated their sacred Oaths of Office and breached their fiduciary duties to the public and to the Plaintiff. Such actions, when in conflict with the Constitution, are null and void. *Bulloch v. United States*, 763 F.2d 1115.

209.   "Every litigant is entitled to nothing less than the cold neutrality of an impartial judge." *State ex re. Bennett v. Childress*, 1940 OK 389, ¶ 6-7, 105 P. 2d 762, 763. Judges and attorneys are obligated to report misconduct, and failure to do so can constitute complicity or nepotism. This includes violations of ABA Model Rule 8.3 (Reporting Professional

Misconduct).

210.   Defendants' actions demonstrate a knowing misrepresentation of facts and authorities, and a misleading of the court, in violation of ethical standards.

**CAUSE OF ACTION CLAIM # 27 – UNLAWFUL IMPUTATION OF INCOME AND GARNISHMENT VIOLATIONS (OKLA. STAT. TIT. 43, § 118B / 15 U.S.C. § 1673(a)) – Against OKDHS CSS, Emmalene Stringer, and all judicial officers involved in child support orders**

211.   i incorporate by reference all preceding paragraphs as if fully set forth herein.

212.   OKDHS CSS and associated judicial officers violated Oklahoma law by improperly imputing income to Plaintiff despite evidence of her actual earnings, including negative income as a self-employed individual. Oklahoma Statutes Title 43, Section 118B outlines the criteria for imputing income, which includes considering average wages in the parent's industry and geographic area, education, training, and ability to work, but also allows for consideration of actual current income. If a parent is permanently incapacitated or incarcerated for more than 180 days, gross income shall be computed on the basis of current monthly gross income, unless incarceration is for willful non-payment – which it was NOT willful.

213.   Imputation of prior income that was no longer available, under undisputed evidence, constitutes an abuse of discretion. *Buchholz v. Buchholz*, 166 S.W.3d 146 (Mo. Ct. App. 2005).

214.   Defendants further violated the Consumer Credit Protection Act, 15 U.S.C. § 1673(a), by garnishing Plaintiff's accounts and income beyond the legally permissible limits of

disposable earnings, and by applying garnishment to self-employed workers who do not have "wages" or "income" but rather "earnings." Child support is a civil debt, and unlawful garnishment serves as a debt-collecting tool using unlawful arrests and imprisonment. *U.S. v. Lewko*, 269 F.3d 64 (1st Cir. 2001); *U.S. v. Parker*, 108 F.3d 28 (3rd Cir. 1997).

215. The State of Oklahoma, through OKDHS CSS, maliciously and deviously planned to delay Plaintiff's administrative review hearing to artificially inflate arrearages and ensure federal punishments, including passport revocation, in violation of Plaintiff's due process rights. These are premeditated acts, malicious prosecutions, and cruel and unusual punishments which must not be allowed.

## CAUSE OF ACTION CLAIM # 28 – JUDICIAL MISCONDUCT AND BIAS – Against all named Judges and judicial officers

216. i incorporate by reference all preceding paragraphs as if fully set forth herein.

217. Defendants disobeyed the laws: The Oklahoma Code of Judicial Conduct, Canon 3(E), requires a judge to disqualify himself or herself in a proceeding where impartiality might reasonably be questioned, including instances of personal bias or prejudice concerning a party or a party's lawyer. "The Oklahoma Constitution guarantees a defendant a right to a fair, impartial trial not tainted by the personal bias or prejudice of the trial court." *Welch v. State*, 2000 OK CR 8, ¶ 37, 2 P.3d 356, 372. Due process is denied by circumstances that create the likelihood or the appearance of bias, and actual subjective bias is not required to establish a due process violation. *Peters v. Kiff*, 407 U.S. 493, 502 (1972); *Williams v. Pennsylvania*, 579 U.S. 1, 8 (2016). Objective standards require recusal when "the probability of actual bias on the part of the judge or decision maker is too high to be

constitutionally tolerable." *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868, 872 (2009). Judges are required to "scrupulously refrain from sitting in any case, or under any circumstances, which might reasonably tend to give rise to doubt or suspicion as to their complete disinterestedness." *Castleberry v. Jones*, 68 Okla. Crim. 414, 424, 99 P.2d 174, 179 (1940); *State ex rel. Bennett v. Childers*, 188 OK 14, 15, 105 P.2d 762, 763 (1940).

218.    Plaintiff asserts that the Trial Court demonstrated clear bias and prejudice, particularly in giving biased heavy weight to hearsay testimony from DHS caseworker Bridget O'Brien/Menser (a convicted felon for harming children) while dismissing CPS investigations into biological father Adam (my exhusband) despite the presence of a CPS worker whistleblower Maria Chico who investigated Father. This includes the biased rulings in favor of Father despite his documented history of mental illnesses, physically brain damaged (by brain surgery of huge brain tumor), sexual grooming, and child abuse, and the granting of sole custody without punishing him for NOT taking mandated classes or therapy.

219.    The denial of Plaintiff's request for a jury trial for the dismissal of Father's fabricated protective order against Plaintiff, despite zero evidence against Plaintiff, further demonstrates judicial misconduct.

220.    The appellate court is "not bound either by the reasoning or the findings of the trial court" and "must render, or cause to be rendered, that judgment which in its opinion the trial court should have rendered." *Carpenter v. Carpenter*, 1982 OK 48, ¶ 10, 645 P.2d 476, 480. Legal questions are reviewed *de novo*, and this court has plenary, independent, and non-deferential authority to reexamine a trial court's legal rulings.

**CAUSE OF ACTION CLAIM # 29 – VIOLATION OF CHILD'S RIGHTS AND BEST INTERESTS (KAYDEN'S LAW / CHILDREN'S BILL OF RIGHTS) – Against all Defendants involved in custody decisions**

221.    i incorporate by reference all preceding paragraphs as if fully set forth herein.

222.    The actions of the Defendants have prioritized the alleged interests of the State and Father over the documented best interests and safety of Plaintiff's daughter, G.L.S., in violation of federal and state laws, including "Kayden's Law" (Keeping Children Safe From Family Violence Act, H.R. 2471). This Act along with **Maddie's Law in Oklahoma SB599** recognizes that child abuse is often perpetrated by a parent and emphasizes increasing the priority of child safety in custody proceedings, recognizing and adjudicating domestic violence and child abuse allegations based on valid evidence, and ensuring relevant training for professional personnel.

223.    Congress found that courts regularly discount allegations of child physical and sexual abuse when raised in custody cases and that alleged or known abusive parents are often granted custody or unprotected parenting time.

224.    **D**efendants violated the Children's Bill of Rights, which was part of a Judicial Order for Proper Conduct of Separated or Divorced Parents signed by Appellee Adam on 09-24-2019. This includes the child's right to a continuing relationship with both parents, freedom to receive and express love for both, continuing care and guidance, and regular and consistent visitation.

225.    The deliberate and unjustifiable frustration of a parent's right to visit with their children by the custodial parent must lead to the suspension of child support payments, as established

in *Matter of Morgan v. Morgan*, 2023 NY Slip Op 00424 (N.Y. App. Div. 2023). This principle should be applied to suspend Plaintiff's child support obligations given Father's interference with her visitation rights.

226.    The trial court's order for G.L.S. to attend a specific "home" school, suggested by the father, represents an overreach into parental prerogative. This decision, made without the Plaintiff's agreement, appears designed to isolate the child for continued abuses by her father and to perpetuate the Defendants' financial gain, rather than addressing appropriate matters of child-rearing, which are outside the court's daily purview.

**CAUSE OF ACTION CLAIM # 30 – FAILURE TO PROSECUTE – Against the State of Oklahoma and all responsible Defendants**

227.    i incorporate by reference all preceding paragraphs as if fully set forth herein.

228.    "When a complaint is made to a magistrate that a public offense has been committed, the magistrate must examine the complainant under oath, and if satisfied that the offense has been committed, and there is reasonable ground to believe that the defendant has committed it, the magistrate must issue a warrant of arrest." However, the State has failed to diligently pursue the underlying accusations and the truthful protective order against the Father (my exhusband) resulting in undue delay and injuries towards me, my offsprings, my whole extended family and community.

229.    The Sixth Amendment guarantees the right to a speedy trial, and undue delay can lead to dismissal. *Barker v. Wingo*, 407 U.S. 514 (1972). Generally, any delay beyond one year may trigger review. *State v. Raby*, 522 P.3d 822 (Okla. 2022).

230.    In *Cheadle v. State*, 762 P.2d 995 (1988), the Oklahoma Court found that the "State had

abandoned their application" due to lack of due diligence, leading to the vacation of an order of revocation.

231.    The refusal by the State to conduct a proper investigation into the documented child abuse by Father, despite repeated reports from 7 or more reliable witnesses and 7 or more random strangers calling OKDHS on him, and the prolonged delay in addressing the false protective order against Plaintiff, demonstrate a systemic failure to prosecute.

## V. PERMANENT JURISDICTIONAL & ALLEGED DEBTS OR POWER OF ATTORNEY OBJECTION:

i am not a surety and i do not consent to any attempted body attachment warrant, nor do i accept or acknowledge any presumed unvalidated debt. i have never knowingly, willingly, nor voluntarily entered into any financial obligation, debt instrument, power of attorney, or fiduciary relationship with any commercial entity, government agency, financial institution, or its employees. Any such presumption is hereby permanently rebutted, nullified, and revoked ab initio and nunc pro tunc. No lawful contract exists, nor was full disclosure or meeting of the minds ever present. Any invocation of financial agency or fiduciary capacity on my behalf is deemed fraud, impersonation, and unauthorized exploitation of my living estate. i reserve all natural rights and protections under UCC 1-308, UCC 1-103, 15 USC §1692e, and 18 USC §1341, and i issue permanent objection and non-consent to any claim, act, or process in reliance upon any purported financial power of attorney, whether constructed through banking agreements, court records, or administrative assumptions

## VI. RELIEF SOUGHT

Affiant (Plaintiff in this case) demands:

1. Immediate return of minor child with sole legal and physical custody to me her biological mother and rightful owner ordained by YAHUAH GOD CREATOR HImself; Immediate restoration of all parental rights and unhampered access to my female offspring without any governmental interference nor exhusband interference nor therapists interference;

2. Order the SANE exam for female offspring to rule out any sexual abuse during Father's custody; once exam is done, immediate ordering the return of the child immediately to Mother's custody, and to daughter's original Protective Order PO-2021-3843;

3. Ordering offending Defendants to end harassments (including unlawful Child-Support Collection practices/efforts e.g. Passport revocation, national child support registry without consent without valid contracts, unlawful imprisonment etc via OKDHS CSS; malicious prosecution by Tulsa County for Indirect Contempt of Court charges; malicious prosecutions by Rogers County for violation of protective orders charges) and defamation of Plaintiff (including but not limited to "contempt of court", "not paying child support", "abusive parent with substantiation of abuse");

4. Vacate and expunge: Child Support Order of October 14, 2022, child custody order of February 20, 2024, conviction order of February 07, 2024 and all contempt charges or conviction against Plaintiff due to its frauds-upon-the-court; uphold original Child Support Contract of January 2016 in original state of Oregon (not state of Oklahoma);

5. Ordering there shall never be any child support order to be issued against Mother ever;

6. Ordering the reversal of Defendant's passport-suspension and licensures-suspension or any other undisclosed violations stemmed from OKDHS CSS' persecutory actions;

7. Full monetary damages exceeding $500 million for torts, constitutional violations, emotional

distress, lost income, and property seizure;

8. Amount of Damages Being Claimed: $500,000,000 (**$500 million dollars**)

   a. Economic Damages: $99,000,000 (Past, present, future Loss of Income and Loss of all potential income for rest of life, Medical Bills including future related to illnesses/diseases started by this)

   b. Special Damages: $500,000 (Past, present, future Experts, Legal recovery)

   c. Non-Economic Damages: $300,000,000 (Past, present, future pain & suffering, Civil Remedy for personal injuries; 18 USC 2255, not limited to: Psychological/Emotional/Mental Anguish, Pain & Suffering, Negligent Infliction of Emotional Distress, Legal Abuse Syndrome with Extreme Anguish)

   d. Loss of Consortium: $500,000 (G.L.S. $250,000 per/year, ongoing)

   e. Punitive Damages: $100,000,000 (Fraud upon the Court, Want of Subject Matter Jurisdiction, Malice intent by the Circuit Court of the State of Oklahoma for the Counties listed above), Unnecessary loss of custody and relationship with my female offspring; Unlawful imprisonment for 60 days and potential for 6 months if kidnapped by STATE OF OKLAHOMA's employees; Seizure of retirement accounts protected by federal laws; Loss of medical practice and professional reputation; loss of private business direct primary care clinic PEACE JOY CLINIC PLLC; Loss of international travel opportunities and visits to dying family members in Viet Nam country of Asia continent

9. Injunctive relief against all further enforcement actions, including but not limited to ones based on the fraudulent child support order of April Seibert female evil wrongdoer.

10. American with Disabilities Act Accommodations: Alter virtual facilities readily accessible to

and usable by individuals with disabilities to the extent required. Require a provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required to accommodate individuals with disabilities for remote hearing access.

11. Judicial Procedures/Administrative Duties/Jurisdictional relief: Implement & Train Judges & Employees annually: "UCCJEA Guide for Court Personnel & Judges; UCCJEA requires parties to include the following information in all pleadings:

- the child's current address; - the places the child has lived during the past five years; - the names and addresses of the persons with whom the child has lived; - information about other pending or completed custody cases involving the child; and - information about other persons with custody or visitation claims 12. A referral to the United States Department of Justice for criminal investigation of violations of 18 U.S.C. § 241 and § 242;

12. A referral to the United States Department of Justice for criminal investigation of violations of 18 U.S.C. § 241 and § 242, frauds upon the court, RICO regarding Oklahoma's claiming of Title IV-D funds while simultaneously collecting from me;

13. Immediate return of all wrongfully seized retirement funds with interest;

14. Declaration that all Oklahoma court orders violating the binding Oregon decree are null and void;

15. Declaration that the practice of imprisoning indigent parents for child support nonpayment violates the Eighth Amendment followed by punishments and immediate removal from office for those who violated it;

16. Order requiring defendants to implement comprehensive training on constitutional rights, the

Full Faith and Credit Clause, ADA requirements, and proper child welfare practices;

17. Appointment of a federal monitor to oversee Oklahoma family courts and OKDHS practices to ensure constitutional compliance;

18. Costs, court costs/fees, past attorney costs and fees (pursuant to 42 U.S.C. § 1988), sanctions under CR11, and any lawful equitable remedy available under common law jurisdiction;

19. Award of treble damages under the False Claims Act, 31 U.S.C. § 3729(a) – i incorporate my whole WHISTLEBLOWER STATUS AFFIDAVIT filed 06/25/2025 in 10th circuit of appeal case Case No. 25-5063 and a copy is available at **https://www.linhstephens.com/**

20. This superior Court to provide written statements of fact and conclusions of law, rather than any abusive discretion for appeal purposes if justice, truth, and the constitution of united states of America is not revered in this court;

N. A referral to the United States Department of Justice for criminal investigation of violations of 18 U.S.C. § 241 and § 242;

O. A referral for investigation into potential fraud regarding Oklahoma's claiming of Title IV-D funds while simultaneously collecting from me; and

P. Such other relief as this Honorable Court deems just and proper.

## VII. DEMAND FOR JURY TRIAL

i hereby demand a trial by jury of my peers on all issues so triable.

This superior Court to provide written statements of fact and conclusions of law, rather than any abusive discretion for appeal purposes if justice, truth, and the constitution of united states of America is not revered in this court.

## VIII. ADDITIONAL RELIEF REQUESTED

**Grant** supplemental jurisdiction over related state claims (28 U.S.C. § 1367); **Order** protection from retaliation; **Preserve** all evidence; prohibit document destruction; **Award** compensation for lost opportunities/time; **Grant** all other relief deemed just and proper.

## IX. EXHIBIT(S)

Exhibit #1: Proof of claims, more evidence is available upon request, but major ones were made accessible on-line in EVIDENCE FOLDER at **https://tinyurl.com/4cdv5u56** (which is https://drive.google.com/drive/folders/14l4cntRRl8op1tJkttvus7pdbAr9BBfM) and more at

**https://www.linhstephens.com/**

Exhibit #2: Affidavit of ADA advocate Francesca Amato documenting systematic denial of ADA accommodations and corruption during the 05/02/2025 hearing, including witness testimony to the court's denial of reasonable accommodations, threats against court watchers, and procedural irregularities.

Respectfully submitted,

## AVOUCHMENT / VERIFICATION

i hereby declare, verify, certify and affirm, pursuant to the penalties of perjury under the laws of the united states of America, and by the provision of **28 U.S. Code § 1746** that i am of sound mind and competent to make this verification, and that all of the above and foregoing representations are true and correct to the best of my knowledge, information, belief.

Executed in <u>Charleston</u> County, republic land of <u>South Carolina</u> on this <u>25th</u> day of <u>June</u> in the Year of Our Lord <u>Two Thousand and Twenty Five</u>.

> *Nemo me impune lacessit pursuant to Psalm 105:15 + Isaiah 54:17*
> PRIVATE; THIS IS NOT A PUBLIC COMMUNICATION
> Notice to Agent is Notice to Principal, Notice to Principal is Notice to Agent,
> Notice applies to all successors and assigns; Affidavit is a Form of Evidence;

Unrebutted Affidavit Stands as Truth in Commerce;
**Silence is Tacit Acquiescence/Agreement/Dishonor**;
*This communication is in no way forming a contract nor requesting any*
*contracting; it is simply a notice regarding the matters at hand. This*
*communication is not intended to nor does it create nor confirm any*
*professional-client relationship or any type of relationship between us;*

Private sector autograph;
**WITHOUT RECOURSE**

without prejudice
linh-tran: stephens/Agent

By one–and–only beneficiary:

All Rights Reserved None Waived, **Without Prejudice** *UCC 1-308 & 1-103*,
**Non-Assumpsit**, one-and-only Grantor & Authorized Agent & Beneficiary
for LINH TRAN STEPHENS©® ens legis and all its derivatives thereof including Cestui Que
Trust a.k.a. "Fide Commissary Trust",
sui juris, Ambassador of Messiah Yahusha, Heir of the Creator,
my heir/offspring is G.L.Stephens,
A natural living woman breathing with a living soul and the Holy Spirit,
natural people with hands legs, Alive-on-the-land, Plenary mind body soul/spirit,
unlimited, non-incorporated, non-sole-proprietor,
**stateless "freeman of the Union"** per Honorable Mr. Justice MILLER on April 14th, 1983, in
the Slaughter-House cases, 83 US 36 (a SCOTUS case specifically mentioned in 8 FAM 102.3),
full capacity and competency with postgraduate level of education,
living on the land of the republic, with God-given rights pursuant to Bills of Rights,
NOT a "pro se"/"person"/"pauper"/"indigent"/"slave"/"public servant"/"government
employee"/"ward of State"/"U.S. citizen"/"minor" in your dictionary;
i reject your 12 legal presumptions, other presumptions/assumptions/double-speaking/implied or
undisclosed contracts;
Article IV Section 2 Citizens of each State shall be entitled to all Privileges & Immunities of
Citizens in several States;
**Rural Free Delivery, Non-Domestic 00000,**
℅ 1964 Ashley River Rd Ste B Unit 80112,
Charleston, South Carolina [zip exempt but near 29407] without U.S.D.C.
Email: LinhStephens7@gmail.com; *Tel:* 843-608-0294

## Notary as JURAT CERTIFICATE

STATE OF MINNESOTA          )

                             ) *ss*

COUNTY OF SHERBURNE )

On this 25th day of June, 2025 before me, Melissa K. Vagle, a Notary Public, personally appeared a living woman Linh Tran Stephens ( the Authorized Representative and Beneficiary for Legal Fiction LINH TRAN STEPHENS©® ), who electronically (remotely) proved to me on the basis satisfactory evidence to be the woman whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her autograph(s) on the instrument the woman executed, the instrument.

 i certify under PENALTY OF PERJURY under the lawful laws of Minnesota State and that the foregoing paragraph is true and correct.

 WITNESS my hand and official seal.

*Melissa K. Vagle*

Signature of Notary/Jurat



MELISSA K VAGLE
Notary Public
State of Minnesota
My Commission Expires
January 31, 2028

Notary Public's Commission Expires: 01/31/2028

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 25th day of May, 2025, a true, correct, and exact copy of the above and foregoing instrument was filed face-to-face with Court Clerk at United States District Court Northern District of Oklahoma, 333 W 4th St, Suite 411,Tulsa, OK 74103; previously efiling and In Forma Pauperis (IFP) were approved on 02/01/2024 case 23-CV-553-GKF-SH and all subsequent cases including **23-CV-553-GKF-SH and its appeal cases** 25-5063 in 10th circuit court of appeal, thus Court Clerk to issue summons and to direct U.S. Marshall to serve on all defendants listed above and copied below; Plaintiff will serve also:

1. **STATE OF OKLAHOMA:** Office of the Attorney General, 313 NE 21st Street, Oklahoma City, OK 73105
2. **OKLAHOMA ATTORNEY GENERAL OFFICE (OAG):**313 NE 21st Street, Oklahoma City, OK 73105
3. **OKLAHOMA STATE BUREAU OF INVESTIGATION (OSBI):**6600 N Harvey Pl, Oklahoma City, OK 73116
4. **OKLAHOMA DEPARTMENT OF HUMAN SERVICES (OKDHS) and all of its divisions:**2400 N. Lincoln Blvd., Oklahoma City, OK 73105
5. **DAVID L. MOSS CRIMINAL JUSTICE CENTER:**300 N. Denver Ave, Tulsa, OK 74103
6. **OKLAHOMA SHERIFFS' ASSOCIATION:**1615 South State Street, Edmond, OK 73013
7. **TULSA GRAND JURY OF OKLAHOMA:**(Serve via Tulsa County District Attorney's Office) 500 S Denver Ave, Tulsa, OK 74103
8. **TULSA COUNTY DISTRICT COURT and all of its divisions (Family Court, Juvenile Court, Civil Court, Small Claim Court Division):**500 S. Denver Avenue, Tulsa, OK 74103
9. **STATE BOARD OF OSTEOPATHIC EXAMINERS:**4848 N Lincoln Blvd, Oklahoma City, OK 73105
10. **OKLAHOMA SUPREME COURT:**2100 N Lincoln Blvd, Suite 4, Oklahoma City, OK 73105
11. **OKLAHOMA STATE GOVERNOR'S OFFICE:**2300 N. Lincoln Blvd., Suite 212, Oklahoma City, OK 73105
12. **OKLAHOMA CHILD PROTECTIVE SERVICES (CPS):**P.O. Box 25352, Oklahoma City, OK 73125-0352
13. **OKLAHOMA CHILD SUPPORT SERVICES (CSS):**PO Box 248822, Oklahoma City, OK 73124
14. **OKLAHOMA OFFICE OF ADMINISTRATIVE HEARINGS (OAH):**2401 NW 23rd St, Suite 1A, Oklahoma City, OK 73107
15. **OKLAHOMA COMMISSION ON CHILDREN AND YOUTH (OCCY):**2915 N Classen Blvd, Suite 300, Oklahoma City, OK 73106
16. **OFFICE OF LEGAL SERVICES OKLAHOMA HUMAN SERVICES:**2400 N. Lincoln Blvd., Oklahoma City, OK 73105
17. **TULSA COUNTY PUBLIC DEFENDER'S OFFICE:**423 S Boulder Ave, Suite 300, Tulsa, OK 74103
18. **OKLAHOMA BAR ASSOCIATION (OBA):**1901 N Lincoln Blvd, Oklahoma City, OK 73105

19. **OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS (COJC):**1901 N Lincoln Blvd, Suite 275, Oklahoma City, OK 73105

20. **BOARD OF COUNTY COMMISSIONERS OF COUNTY OF TULSA (BOCC):**218 W. 6th St., Tulsa, OK 74119-1004

21. **OKLAHOMA STATE AUDITOR & INSPECTOR:**2300 N Lincoln Blvd, Rm 123, Oklahoma City, OK 73105

22. **Stephen Hale a/k/a STEPHEN E. HALE:**1825 E. 15th Street, Tulsa, OK 74104

23. **THE LAW OFFICE OF STEPHEN E. HALE:**1825 E. 15th Street, Tulsa, OK 74104

24. **Gilbert Pilkington, Jr., a/k/a GILBERT J. PILKINGTON, JR.:**P.O. Box 52614, Tulsa, OK 74152-0614

25. **PILKINGTON LAW FIRM, PLLC:**P.O. Box 52614, Tulsa, OK 74152-0614

26. **Emmalene Stringer a/k/a EMMALENE STRINGER:**3666 N Peoria Ave, Tulsa, OK 74106

27. **Bridget O'brien or Bridget K. Menser a/k/a BRIDGET O'BRIEN or BRIDGET KAY MENSER:**3666 N Peoria Ave, Tulsa, OK 74106

28. **Steve Johnson a/k/a STEVE JOHNSON:**15 W 6th St Ste 1000, Tulsa, OK 74119

29. **Greg Mashburn a/k/a GREG MASHBURN:**6600 N Harvey Pl, Oklahoma City, OK 73116

30. **Aungela Spurlock a/k/a AUNGELA SPURLOCK:**6600 N Harvey Pl, Oklahoma City, OK 73116

31. **Penny Hamrick a/k/a PENNY HAMRICK:**111 N Main St, Owasso, OK 74055

32. **Jacob R. Williamson a/k/a JACOB R WILLIAMSON:**500 S Denver Ave, Tulsa, OK 74103-3832

33. **Larisa Grecu-Radu a/k/a LARISA GRECU-RADU:**3666 N Peoria Ave, Tulsa, OK 74106

34. **Leah Sukovaty a/k/a LEAH SUKOVATY:**3666 N Peoria Ave, Tulsa, OK 74106

35. **Shasta Miller a/k/a SHASTA MILLER:**3666 N Peoria Ave, Tulsa, OK 74106

36. **Deborah Eddingfield a/k/a DEBORAH L. EDDINGFIELD:**3666 N Peoria Ave, Tulsa, OK 74106

37. **Taylor Hendricks a/k/a TAYLOR HENDRICKS:**3666 N Peoria Ave, Tulsa, OK 74106

38. **Jessica Martin a/k/a JESSICA MARTIN:**3666 N Peoria Ave, Tulsa, OK 74106

39. **Laurie Morris a/k/a LAURIE ANNE MORRIS:**2400 N. Lincoln Blvd., Oklahoma City, OK 73105

40. **Jennifer Fullerton a/k/a JENNIFER FULLERTON:**3666 N Peoria Ave, Tulsa, OK 74106

41. **Jerica Carmichael a/k/a JERICA CARMICHAEL:** 3666 N Peoria Ave, Tulsa, OK 74106

42. **Cheryl Hall a/k/a CHERYL HALL:** 10026A S Mingo Rd #321, Tulsa, OK 74133

43. **FAMILY VISITATION & SOLUTIONS, LLC:** 10026A S Mingo Rd #321, Tulsa, OK 74133

44. **Jeffrey Cartmell a/k/a JEFFREY CARTMELL:**2400 N. Lincoln Blvd., Oklahoma City, OK 73105

45. **Deborah Shropshire a/k/a DEBORAH SHROPSHIRE:**2400 N. Lincoln Blvd., Oklahoma City, OK 73105

46. **Loretta Radford a/k/a LORETTA RADFORD:**500 S Denver Ave, Tulsa, OK 74103-3832

47. **Deborrah Ludi-Leitch a/k/a DEBORRAH LUDI LEITCH:**500 S Denver Ave, Tulsa, OK 74103-3832

48. **Kevin C. Leitch a/k/a KEVIN C. LEITCH:**500 S Denver Ave, Tulsa, OK 74103-3832

49. **Sadie Temple a/k/a SADIE TEMPLE:** 423 S Boulder Ave, Suite 300, Tulsa, OK 74103

50. **Megan Beck a/k/a MEGAN BECK:** 423 S Boulder Ave, Suite 300, Tulsa, OK 74103

51. **Martha Rupp Carter a/k/a MARTHA RUPP CARTER:** 500 W Archer St, Tulsa, OK 74103

52. **Theresa Dreiling a/k/a THERESA DREILING:** 500 W Archer St, Tulsa, OK 74103

53. **April Seibert a/k/a APRIL SEIBERT:** 500 S Denver Ave, Tulsa, OK 74103-3832

54. **Rodney Sparkman a/k/a RODNEY SPARKMAN:** 500 S Denver Ave, Tulsa, OK 74103-3832

55. **Todd Chesbro a/k/a TODD CHESBRO:** 500 S Denver Ave, Tulsa, OK 74103-3832

56. **William LaFortune a/k/a WILLIAM LAFORTUNE:** 500 S Denver Ave, Tulsa, OK 74103-3832

57. **Robert Perugino a/k/a ROBERT PERUGINO:** 2401 NW 23rd St, Suite 1A, Oklahoma City, OK 73107

58. **Dawn Moody a/k/a DAWN MOODY:** 500 S Denver Ave, Tulsa, OK 74103-3832

59. **Doug Drummond a/k/a DOUG DRUMMOND:** 500 S Denver Ave, Tulsa, OK 74103-3832

60. **Samantha Boen a/k/a SAMANTHA BOEN:** 500 S Denver Ave, Tulsa, OK 74103-3832

61. **Kacharra Mansker a/k/a KACHARRA MANSKER:** 500 S Denver Ave, Tulsa, OK 74103-3832

62. **Vic Regalado a/k/a VIC REGALADO:** 500 S Denver Ave, Tulsa, OK 74103-3832

63. **Jennifer Regalado a/k/a JENNIFER REGALADO:** 500 S Denver Ave, Tulsa, OK 74103-3832 (If service can be affected at common judicial address for spouses)

64. **Tracy Nester a/k/a TRACY NESTER:** 1901 N Lincoln Blvd, Oklahoma City, OK 73105

65. **Gina Hendryx a/k/a GINA HENDRYX:** 1901 N Lincoln Blvd, Oklahoma City, OK 73105

66. **Richard Rose a/k/a RICHARD ROSE:** 1901 N Lincoln Blvd, Suite 275, Oklahoma City, OK 73105

67. **Taylor Henderson a/k/a TAYLOR HENDERSON:** 1901 N Lincoln Blvd, Suite 275, Oklahoma City, OK 73105

68. **Vicki Cox a/k/a VICKI COX:** 500 S Denver Ave, Tulsa, OK 74103-3832

69. **Kim Hall a/k/a KIM HALL:** 500 S Denver Ave, Tulsa, OK 74103-3832

70. **Kathy Burrows a/k/a KATHY BURROWS:** 500 S Denver Ave, Tulsa, OK 74103-3832

71. **Gentner Drummond a/k/a GENTNER DRUMMOND:** 313 NE 21st Street, Oklahoma City, OK 73105

72. **Wendy Drummond a/k/a WENDY DRUMMOND:** 313 NE 21st Street, Oklahoma City, OK 73105

73. **John Kevin Stitt, a/k/a, J. KEVIN STITT:** 2300 N. Lincoln Blvd., Suite 212, Oklahoma City, OK 73105

74. **Sarah Hazen Stitt a/k/a SARAH HAZEN STITT:** 2300 N. Lincoln Blvd., Suite 212, Oklahoma City, OK 73105 (If service can be affected at common judicial address for spouses)

75. **Ciera Freeman a/k/a CIERRA N FREEMAN:** 423 S Boulder Ave, Suite 300, Tulsa, OK 74103

76. **Charles Schwab and Co., Inc.:** 3000 Schwab Way, Westlake, TX 76262

77. **Chandler Moxley a/k/a CHANDLER MOXLEY:** c/o MOXLEY LAW FIRM, PLLC, 616 S Boston Ave, Suite 307, Tulsa, OK 74119

**78. MOXLEY LAW FIRM, PLLC:**

**79. Dale Warner a/k/a DALE WARNER:**c/o DALE WARNER LAW FIRM, 1813 S. Baltimore Ave., Tulsa, OK 74119

**80. DALE WARNER LAW FIRM:**

**81. Erica Parks a/k/a ERICA PARKS:**c/o ERICA PARKS LAW FIRM, PLLC, 616 S Boston Ave, Suite 307, Tulsa, OK 74119

**82. ERICA PARKS LAW FIRM, PLLC:**

**83. Charles Shannon a/k/a CHARLES SHANNON:** U.S. Department of State, National Passport Center, 207 International Dr, Portsmouth, NH 03801-6827

**84. DOES #1-99 known but unidentified OKLAHOMA STATE's employees:**c/o Oklahoma Attorney General's Office, 313 NE 21st Street, Oklahoma City, OK 73105

*without prejudice*
*linh-tran: stephens/Agent*

WITHOUT RECOURSE

/s/ Linh Stephens

**AFFIDAVIT of Truth by S_____**                                      **5/5/2025**

On Friday, 5/2/2025 at 9:02am, Dr Linh Stephens was on the docket for family court in Judge
Loretta Radford's courtroom. I arrived early at 8:00 am to deliver a pre-notarized Protest that Dr
Linh Stephens had provided me to present to the court clerk and file into her case as well as a
copy to the judge or her court clerk. So, by about 8:20am, both of those requests were complete.
The Judge's court clerks name was Kacharra Mansker. Here contact is
Kacharra.mansker@oscn.net; phone number, 918.596.5332. I then asked someone in the
hallway who was instructing others how to get their documents to the judge how I would know if
a court reporter was going to be in court. She said they normally had one. So I went to court and
right away noticed that one was not present. So I asked the judge and she said no, they are not
normally present. I objected to that as all hearings should be memorialized as part of due process
in a court of record before rights can be affected.

OK Constitution Article 2 Section 7

Due Process Definition, Black's Law (4th and 5th Ed)

I had went downstairs to the main court clerk office to see if I could get a copy of a receipt for
the one that had been prepaid for by Dr Linh Stephens. The woman there said that she did not
see one ordered. I asked to pay for one to get a receipt. They explained that the judge would
have to let me know if one was available first. Yet Judge said that I would have to have a receipt
first. So, I explained to the judge that I was just downstairs trying to pay for it and they would
not let me until the judge told them one was available. They would also not take my money.
The filing court clerk said they were going by "the rules" and they knew the rules were that the
judge had to approve the court reporter's presence first. I asked them to document what they
were telling me were the rules as they understood them and to notarize what they were saying.
They refused. I asked who made the rule and when it was made and if I could get a copy of that
rule. They said I would need to contact Kim Hall, the court administrator as she was the one that
implemented the rule a year ago when court reporters became hard to get. So, I went to her
office before court hearing. The lady I spoke with there would not give me her name but said I
would need to have the matter handled by the Bailiff, Samantha.Boen@oscn.net ; ph#
918.596.5333. The Baliff said one was being ordered for Dr Stephen's case (yet the court clerk
said none was ordered and the judge said none was ordered unless payment was made). So I sat
in court and waited for Dr Stephen's case to be called. While I waited, I also noticed in all of the
plea deals that were being handled by other Pro Se litigants, that the judge would tell them that
by going Pro Se that they were relinquishing their rights to a trial by jury or to call witnesses and
more. I stood up to offer advice that the court could not ask them to waive those rights as no
laws imparting the obligation of contracts shall be passed like interfering with one's oath to
uphold the constitutional rights of We The People.

OK Constitution Article 2 Section 15

I was told to sit down by the judge and was instructed by a Sheriff's Deputy J. Williamson who
would not give me his first name or his badge number when I asked that if I interrupted any more
that I would be escorted out. I withheld any further interruptions until Dr Stephens' case was
called. Dr Stephens case was held til the very end of the day the last case when everyone else
left- zero eyes from the public, about 1-1:30pm, when it was finally called. Immediately I asked
where the court reporter was and was told again I would need a receipt of payment for his/her
presence. I let them know this hearing was not valid if there was no court reporter. They asked
if I wanted an audio, I said I'll take what I can get but that the hearing would still be in violations
without a court reporter and that I would still be making that report. After listening to a few
comments from the prosecution side stating that Dr Stephens was in violations of some recent
motions sent, I spoke up explaining that the case was not valid due to jurisdictional issues. The
main violation is in US Constitution Article 3 when the state is a party the original jurisdiction is
the Supreme Court. Also, Dr Stephens is a Vietnam citizen, which makes another Article 3
violation. The judge asked me my name, of which I explained I was one of The People court

watching for a case and offering advice to the court where I saw it was needed. The judge cut me off before I could make all the other necessary objections and she asked the Sheriff Deputy to escort me out. I asked if that was under the threat of arrest. He said no at first and I therefore said I would not be leaving then. Then he changed his mind and said "yes it was under the threat of arrest". So I let him escort me out without resistance.

I come in peace and love in the name of Christ Jesus to bring you this report of injustices I witnessed in the Tulsa Family court on 5/2/2025 in front of employees of STATE OF OKLAHOMA calling themselves as special judge Loretta Radford, 3 different payment/filing court clerks, judge's clerk Karacharra Mansker, bailiff Samantha Boen, Tulsa court administrator Kim Hall, and deputy sheriff J. Williamson.

Also Included: my audio recordings of my experiences from the day

https://drive.google.com/drive/folders/1QFxefI_qj4Qx9sFyC1vkVsft55ybsRB_?usp=sharing

Sincerely,

**Notary as JURAT CERTIFICATE**

STATE OF _Oklahoma_ )
                    ) ss
COUNTY OF ▇▇▇
    On this _6_ day of _MAY_, 20_25_ before me ▇▇▇▇▇, a Notary Public, personally appeared a living woman ▇▇▇ the Authorized Representative and Beneficiary for Legal Fiction_____ ), who electronically (remotely) proved to me on the basis satisfactory evidence to be the woman whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her autograph(s) on the instrument the woman executed, the instrument.
    I certify under PENALTY OF PERJURY under the lawful laws of Oklahoma state law and that the foregoing paragraph is true and correct. WITNESS my
        hand and official seal.

                                        Signature of Notary/Jurat

# FILED

**JUN 2 6 2025**

Heidi D. Campbell, Clerk
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

Case No.: _____

**Assigned Article iii Judge (Plaintiff objected to any magistrate or special judges, or equivalents):** _____

**25 CV - 3 2 2 SEH - JFJ**

0) Linh Tran Stephens, a natural living woman, sui juris, with inherent sovereign rights,
   *Plaintiff,*

v.

1) STATE OF OKLAHOMA;
2) OKLAHOMA ATTORNEY GENERAL OFFICE (OAG);
3) OKLAHOMA STATE BUREAU OF INVESTIGATION (OSBI);
4) OKLAHOMA DEPARTMENT OF HUMAN SERVICES (OKDHS) and all of its divisions;
5) DAVID L. MOSS CRIMINAL JUSTICE CENTER;
6) OKLAHOMA SHERIFFS' ASSOCIATION;
7) OKLAHOMA STATE GOVERNOR'S OFFICE;
8) OKLAHOMA PASSPORT CENTER;
9) UNITED STATES DEPARTMENT OF STATE;
10) OKLAHOMA CHILD PROTECTIVE SERVICES (CPS);
11) OKLAHOMA CHILD SUPPORT SERVICES (CSS);
12) OKLAHOMA OFFICE OF ADMINISTRATIVE HEARINGS (OAH);
13) OKLAHOMA COMMISSION ON CHILDREN AND YOUTH (OCCY);
14) OFFICE OF LEGAL SERVICES OKLAHOMA HUMAN SERVICES**;**
15) OKLAHOMA SUPREME COURT;
16) TULSA COUNTY DISTRICT COURT and all of its divisions (Family Court, Juvenile Court, Civil Court, Small Claim Court Division);
17) TULSA COUNTY PUBLIC DEFENDER'S OFFICE;
18) OKLAHOMA BAR ASSOCIATION (OBA);
19) OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS (COJC);
20) BOARD OF COUNTY COMMISSIONERS OF COUNTY OF TULSA (BOCC);
21) OKLAHOMA STATE AUDITOR & INSPECTOR;
22) Stephen Hale also known as (a/k/a) STEPHEN E. HALE, in his individual capacity and in official capacity as Guardian-ad-litem (GAL) and B.A.R. CARD ATTORNEY;
23) THE LAW OFFICE OF STEPHEN E. HALE, an Oklahoma professional limited liability company;
24) Gilbert Pilkington, Jr., a/k/a GILBERT J. PILKINGTON, JR., in his individual capacity and in official capacity as Officer of the Court of Oklahoma and as B.A.R. CARD ATTORNEY;
25) PILKINGTON LAW FIRM, PLLC, an Oklahoma professional limited liability company;
26) Emmalene Stringer a/k/a EMMALENE STRINGER, in her individual and official capacity as DHS CSS State's Attorney and B.A.R. CARD ATTORNEY;
27) Bridget O'brien or Bridget K. Menser a/k/a BRIDGET O'BRIEN or BRIDGET KAY MENSER, in her individual and official capacity as CPS caseworker;
28) Steve Johnson a/k/a STEVE JOHNSON in his individual and in official capacity as AGENT OF TULSA GRAND JURY OF OKLAHOMA and B.A.R. CARD ATTORNEY;

Fee paid
Summ