IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Linh Tran Stephens, a natural living worman, Sui Juris, with inherent sovereign rights,<br><br>    Plaintiff,<br><br>vs.<br><br>STATE OF OKLAHOMA and all<br>    Employees/contractors/successors<br>OKLAHOMA ATTORNEY GENERAL<br>    OFFICE (OAG);<br>OKLAHOMA STATE BUREAU OF<br>    INVESTIGATION (OSBI);<br>OKLAHOMA DEPARTMENT OF HUMAN<br>    SERVICES (OKDHS) and all of its<br>    Divisions;<br>DAVID L. MOSS CRIMINAL JUSTICE<br>    CENTER;<br>et. al.<br><br>    Defendants. | Case No. 25-CV-322-SHE-JFJ |

## MOTION TO DISMISS CLAIMS AGAINST DEFENDANT OKLAHOMA STATE BOARD OF OSTEOPATHIC EXAMINERS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1) and (6)

Defendant, the Oklahoma State Board of Osteopathic Examiners (OSBOE), and State of Oklahoma Administrative Agency, move the Court to dismiss the claims asserted against it by Linh Trans Stephens because the allegations lack subject-matter jurisdiction and fail to state a claim for which relief can be granted. See FED. R. CIV. P. 12(b)(1) and (6).

### ARGUMENT AND AUTHORITY

Federal Rule of Civil Procedure 12(b)(1) provides that a Complaint can be dismissed for "lack of subject-matter jurisdiction." FED. R. CIV. P. 12(b)(1). Subject matter jurisdiction for the federal district courts is limited to that which is granted to them by Congress. Congress has

1

given the federal district courts subject matter jurisdiction over "all civil actions arising under the constitution laws or treaties of the United States". 28 U.S.C. §1331. When reviewing a 12(b)(1) motion to dismiss, the Court must "accept as true all well-pleaded allegations set forth in the complaint and construe those allegations in the light most favorable to the plaintiff." *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). The plaintiff as the party asserting subject matter jurisdiction has the burden of proof that jurisdiction does in fact exist. *Morris v. Thompson*, 852 F.3d 416, 419 (5th Cir. 2017). Absent subject matter jurisdiction, federal courts are without authority to act. *Lower Colo. River Auth. V. Papalote Creek II, L.L.C.*, 858 F.3d 916, 927 (5th Cir. 2017).

Federal rule of Civil Procedure 12(b)(6) provides that a Complaint can be dismissed for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In deciding the motion to dismiss under 12(b)(6) the Court must "accept all the well-pleaded allegations of the Complaint as true and must construe them in the light most favorable to the plaintiff." *Pace v. Swerdlow*, 519 F. 3d 1067, 1073 (10th Cir. 2008). The plaintiff has the burden to plead "enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Sheer conclusory statements in the Complaint, such as "labels and conclusions or a recitation of the elements of a cause of action" are insufficient to state a claim for which relief can be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A "12(b)(6) motion to dismiss will succeed when the pleading of a complaint do not comply with Rule 8(a)(2)." *Suren-Millan v. U.S.* 38 F. Supp. 3d 208, 213 (2013). The Court has an established standard to comply with Rule 8(a)(2), in which a "complaint must state a plausible claim for relief, as opposed to merely stating a possible claim for relief." *Id*.

I.  **THE COMPLAINT FAILS TO ESTABLISH SUBJECT MATTER JURISDICTION BECAUSE THE PLAINTIFF FAILS TO PLEAD**

**ALLEGATIONS AGAINST DEFENDANT OSBOE ARISING OUT OF THE UNITED STATES CONSTITUTION OR OTHER FEDERAL LAW.**

Even if allegations are taken as true, the Court does not have subject matter jurisdiction on the allegations because they are not well-plead and fail on their face to show a federal question. Under the well-pled complaint rule, the court must look to the complaint to determine if the federal question appears on the face of the properly plead complaint. *Elliot v. Tulsa Cement, LLC* 357 F.Supp.3d 1141, 1149. The Compliant contains multiple allegations against 'all defendants' with no facts plead related to Defendant OSBOE. There are only three allegations made specifically against OSBOE. Utilizing the well-pleaded complaint rule for determining subject matter jurisdiction of federal courts, the complaint on its face must show either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Reeds v. Walker* 157 P.3d 100, 108, and *Grable & Sons Metal Products, Inc. v. Darue Engineering and Mfg*. 545 U.S. 308, 312 (2005).

The first allegation that mentions the OSBOE defines the defendant as a state agency which has improperly restricted plaintiff's medical license without due process. (Complaint at 20.) The second time plaintiff pleads a specific allegation against the OSBOE it is substantially similar, alleging that the plaintiff's medical license renewal was blocked by action of OSBOE. (Complaint at 43.) The OSBOE is an administrative agency of the State of Oklahoma charged with licensing and regulation of osteopathic physicians practicing medicine in Oklahoma. Title 59 §628.1. Regulatory actions initiated by OSBOE against a physician are governed by Oklahoma Administrative code (OAC) 510:1-5-1 et. seq and the Oklahoma Administrative Procedures Act (APA) at 75 O.S. §250 et. seq. The APA sets out specific appeal procedures for administrative agency orders in 75 O.S. §318. The APA states that to appeal an agency final

order a filing of a petition in the district court of the county in which the party seeking review resides or the option of such party where the property interest affected is situated, withing thirty days of the notification of the final agency order. 75 O.S. §318(B)(2).   The licensing and regulation of practicing physicians is created and governed by state law and the appeal rights set out the proper jurisdiction for appeal is a state district court.  If the allegations are taken as true, the cause of action was created in state law, not federal, and plaintiffs' right to relief does not depend on a substantial question of federal law, therefore, even if true, the allegations lack federal subject matter jurisdiction.

The only other allegation that mentions actions of OSBOE claims that OSBOE "was without mental health license or medical licenses to practice mental health recommended psychiatric evaluations and false reports used to deprive custody." Complaint, pg. 76-77. OSBOE only has the authority under law to license, regulate, and discipline a practicing physician in Oklahoma for violations of the medical practice act. 59 O.S. § 620 et.seq.  OSBOE has no ability to deprive custody under law.  However, if this was taken as true, custody is a state law question and no substantial question of federal law is raised in the pleading, therefore no federal subject matter jurisdiction is present.

## II. THE COMPLAINT FAILS TO STATE A CLAIM AGAINST THE OSBOE FOR WHICH RELIEF CAN BE GRANTED BECAUSE THERE IS NO RELIEF THAT CAN BE GRANTED UNDER FEDERAL LAW OR BY A RESOLUTION OF A QUESTION OF FEDERAL LAW.

The plaintiff fails to establish any facts in the Complaint to support a plausible claim to relief.  While the well-plead allegations must be construed as true and favorable to plaintiff, the Court must also look to the specific allegations in the compliant to determine whether they plausibly support a legal claim for relief. *Pace v. Swerdlow*, 519 F.3d 1067, 1073. There are multiple allegations asserted against 'all defendants', but plaintiff fails to give plausible facts or

even mention OSBOE in relation to any facts. The OSBOE is only specifically mentioned in conjunction with three plead allegations (Complaint at 20, 43, and 76-77.) However, no facts are given in these three allegations, plaintiff merely make conclusory statements and assertions with no factual enhancement, which are insufficient to state a claim for which relief can be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addition, the plaintiff fails to establish subject matter jurisdiction and therefore the Court has no authority to act. *Lower Colo. River Auth. V. Papalote Creek II, L.L.C.*, 858 F3d 916, 927 (5th Cir. 2017). Without authority to act no relief can be granted.

## CONCLUSION

Plaintiff's Compliant fails to establish subject matter jurisdiction or state a claim for which relief can be granted under law, due to failure to plead plausible facts or establish a federal question of law. The claims against OSBOE should be dismissed in their entirety pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

Respectfully submitted by:

/s/ Elizabeth Vincent
Elizabeth Vincent, OBA No. 22172
General Counsel for the OSBOE
5400 N. Grand Blvd. Ste. 130
Oklahoma City, OK 73112
Telephone: (405) 528-8625
Email: Beth.Vincent@osboe.ok.gov

Attorney for Defendants OSBOE

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 1, 2025, I electronically transmitted the foregoing document to the Clark of Court using ECF system for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF system.

      I hereby further certify that on August 1, 2025, I served the attached document by U.S. Mail on the following who is not a registered participant in the Electronic Case Filing System:

Linh Trans Stephens
1964 Ashley River Rd., Ste B
Unit 80112
Charleston, SC 29407

/s/ Elizabeth Vincent