IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

LINH TRAN STEPHENS,

    Plaintiff,

v.   Case No. 25-cv-322-SEH-JFJ

STATE OF OKLAHOMA, *et al.*,

    Defendants.

# MOTION TO DISMISS AND BRIEF IN SUPPORT BY DEFENDANTS OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS, RICHARD ROSE, and TAYLOR HENDERSON

This Motion to Dismiss is filed by Defendants Oklahoma Council on Judicial Complaints ("COJC"), an agency of the State of Oklahoma; Richard Rose, Chairman of the COJC; and Taylor Henderson, Director of the COJC (collectively, the "COJC Defendants"). COJC Defendants respectfully request dismissal of the claims against them pursuant to FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1), 12(b)(5), and 12(b)(6).

    **I.**    **FACTUAL BACKGROUND AND SUMMARY OF THE ARGUMENT**

COJC is an executive branch agency of the State of Oklahoma whose mission is to receive and investigate complaints alleging misconduct by Oklahoma judges, and to recommend discipline in appropriate cases. *See* OKLA. STAT. tit. 20 § 1651. COJC consists of three full-time staff members, of which Defendant Henderson is the Director; and three appointed council members, of which Defendant Rose is the Chairman.

The three COJC Defendants are a small and discrete part of Plaintiff's lawsuit – her sole allegation against them is that they have failed to properly address judicial misconduct. *See* Second

1

Am. Compl. [ECF No. 19 at ¶¶ 20, 67, 68].[1] This allegation is frivolous. However, even assuming the truth of Plaintiff's allegation for purposes of this Motion to Dismiss, her claims against the COJC Defendants still fail as a matter of law for the following four reasons:

First, under Rule 12(b)(6), Plaintiff fails to state a claim because she provides no factual allegations to support her bare legal conclusion of wrongdoing by the COJC Defendants.

Second, also under Rule 12(b)(6), Plaintiff fails to state a claim because there is no legal right to challenge or appeal a decision by COJC to dismiss a judicial complaint. This rule was recognized by the Oklahoma Supreme Court in *Gist v. Council on Judicial Complaints*, No. 111,331 (Okla. Jan. 14, 2013).

Third, all claims against COJC, as well as the claims against Chairman Rose and Director Henderson in their official capacities, should be dismissed due to the sovereign immunity granted to them by the Eleventh Amendment to the U.S. Constitution as to Plaintiff's federal causes of action, and the Oklahoma Governmental Tort Claims Act ("GTCA") as to the state law causes of action.

Fourth, service was improper. Plaintiff opted to serve process on the COJC Defendants by mail, but did not follow the procedure required by OKLA. STAT. tit. 12 § 2004(C)(2)(b).

## II.     ARGUMENTS AND AUTHORITIES

### A.     Rule 12(b)(6): The claims against the COJC Defendants fail to state a plausible theory of liability.

Plaintiff concludes that the COJC Defendants failed to adequately address judicial misconduct, but she provides no factual allegations that would make her conclusion plausible.

---

[1] Plaintiff filed her Second Amended Complaint [ECF No. 21] without leave of Court or consent of all opposing parties, therefore the filing appears to violate Fed. R. Civ. P. 15. COJC Defendants direct this Motion to Dismiss to the Second Amended Complaint, but if that pleading is stricken due to failure to obtain leave, the Motion to Dismiss applies with equal force to the allegations contained in the First Amended Complaint [ECF No. 6].

1. **Rule 12(b)(6) standard.**

A defendant may move to dismiss a complaint under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) based on a plaintiff's failure to state a claim upon which relief can be granted. To survive such a motion, "a plaintiff must plead sufficient factual allegations 'to state a claim to relief that is plausible on its face.'" *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104 (10th Cir. 2017) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Twombly*, 550 U.S. at 556)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

2. **The Second Amended Complaint fails to meet minimum pleading standards.**

The minimum pleading requirement for every plaintiff is to provide Defendants with notice of what they allegedly did wrong. Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 8(a), that notice must consist of "(1) a short and plain statement of the grounds for the court's jurisdiction . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."

Similarly, with respect to claims against public officials allegedly acting in their personal capacity, "[p]ersonal participation is an essential allegation of a Section 1983 claim against a public official." *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996); *see also Bennet v. Passic*, 545

F.2d 1260, 1262-63 (10th Cir. 1976); *Mee v. Ortega*, 967 F. 2d 423, 430-31 (10th Cir. 1992). A public official cannot be individually liable unless an affirmative link can be shown between the official's conduct and the alleged constitutional violation. *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996). A plaintiff must allege facts to show that a defendant personally participated in the alleged rights violation. *See Mitchell*, 80 F.3d at 1441.

Plaintiff's Second Amended Complaint alleges a litany of misconduct by Oklahoma judges, lawyers, and public officials, largely relating to child custody and child support payments. The COJC Defendants are found nowhere in Plaintiff's lengthy narrative, except in the following preliminary paragraphs:

> 20. OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS (COJC): A state agency responsible for investigating complaints against judges. This entity is subject to constitutional limitations and federal laws and is sued for its systematic failure to address judicial misconduct. . . .
>
> 67. Richard Rose a/k/a RICHARD ROSE: In his individual and in official capacity as CHAIRMAN OF OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS, who has violated Plaintiff's constitutional rights while acting under color of state law through failure to address judicial misconduct that resulted in constitutional violations. . . .
>
> 68. Taylor Henderson a/k/a TAYLOR HENDERSON: In her individual and in official capacity as DIRECTOR OF OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS, who has violated Plaintiff's constitutional rights while acting under color of state law through failure to address judicial misconduct that resulted in constitutional violations. . . .

Second Am. Compl. [ECF No. 19 at ¶¶ 20, 67-68].

Plaintiff concludes that the COJC Defendants failed "to address judicial misconduct," but she alleges no act or omission by any of them that would constitute such a failure, she does not assert a cause of action against them, and she does not seek a remedy from them. The COJC Defendants simply cannot tell what, if anything, Plaintiff believes they did wrong. Plaintiff particularly fails to allege any facts that would suggest Chairman Rose or Director Henderson

personally participated in violating her rights, which is essential to her personal-capacity claims against them. Plaintiff's claims are thus "conclusory allegations without supporting factual averments," *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), that do not contain enough factual support to be "facially plausible," *see Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104 (10th Cir. 2017). The claims fail to meet the minimum standard of Rule 8(a) and should be dismissed for failure to state a claim pursuant to Rule 12(b)(6).

B. **Rule 12(b)(6): The claims against the COJC Defendants are barred by state law.**

Even if Plaintiff's frivolous allegation against the COJC Defendants were factually supported, she would have no remedy in this Court.

COJC is a state agency created by statute to receive and investigate allegations of judicial misconduct. The Legislature has charged COJC with responsibilities including deciding whether a judicial complaint should be dismissed or referred for potential discipline. *See* OKLA. STAT. tit. 20 § 1651.

Plaintiff's only allegation against the COJC Defendants is that they failed to recommend discipline for alleged judicial misconduct. However, litigants are prohibited from challenging COJC's decision to dismiss a judicial complaint in district court. The Oklahoma Supreme Court recognized this rule in *Gist v. Council on Judicial Complaints*, No. 111,331 (Okla. Jan. 14, 2013), which involved a challenge similar to the one Plaintiff makes in the instant lawsuit. In a unanimous decision, the *Gist* Court wrote: "On the Court's own motion, this appeal is hereby dismissed because there is no statutory provision which permits an appeal from a decision by the Council on Judicial Complaints to dismiss a complaint. 20 O.S. § 1651 et seq., 75 O.S. § 250.4(B)(9)." [*See* Ex. 1, Order in *Gist v. Council on Judicial Complaints*.]

This conclusion is further supported by OKLA. STAT. tit. 75 § 250.4(A)(9), which specifically exempts COJC's application of its rules from typical avenues of judicial review in favor of limited review before the Oklahoma Court on the Judiciary:

> The Council on Judicial Complaints shall be exempt from Section 306 of Article I of the Administrative Procedures Act, with respect to review of the validity or applicability of a rule by an action for declaratory judgment, or any other relief based upon the validity or applicability of a rule, in the district court or by an appellate court. A party aggrieved by the validity or applicability of a rule made by the Council on Judicial Complaints may petition the Court on the Judiciary to review the rules and issue opinions based upon them.

Plaintiff's unfounded claims against the COJC Defendants challenge their alleged failure to recommend judicial discipline, which is inherently a challenge to COJC's application of its rules. Plaintiff may have certain rights of review in the Court on the Judiciary, but pursuant to *Gist* and OKLA. STAT. tit. 75 § 250.4(A)(9), her claims may not be brought in this Court. Plaintiff's claims therefore are not "plausible on their face" and should be dismissed pursuant to Rule 12(b)(6).

C.  **Rule 12(b)(1): The COJC Defendants are protected by sovereign immunity.**

The sovereign immunity protections found in the Eleventh Amendment and Oklahoma GTCA bar all claims against COJC, as well as the claims against Chairman Rose and Director Henderson in their official capacities.

1.  **Rule 12(b)(1) standard.**

This motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) is in the form of "a facial attack." *Holt v. U.S.,* 46 F.3d 1000, 1002 (10th Cir. 1995). A "facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint." *Id.* (citing *Ohio Nat'l Life Ins. Co. v. U.S.,* 922 F.2d 320, 325 (6th Cir. 1990)). If a court determines

6

it has been deprived of subject matter jurisdiction, then such court should dismiss the complaint pursuant to Rule 12(b)(1).

### 2. The Eleventh Amendment bars Plaintiff's federal law claims.

The Eleventh Amendment to the United States Constitution provides as follows:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. "The Supreme Court has interpreted the Eleventh Amendment to mean States may not be sued in federal court unless they consent to it in unequivocal terms or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate the immunity." *Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 (10th Cir. 2010) (internal quotations omitted) (quoting *Green v. Mansour,* 474 U.S. 64, 68, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985)).

COJC is an agency created by statute, OKLA. STAT. tit. 20 § 1652, for the purpose of carrying into effect the public policy established at OKLA. STAT. tit. 20 § 1651. Eleventh Amendment sovereign immunity applies to COJC, since as an agency of the State of Oklahoma, COJC is unquestionably an arm of the State. *See, e.g.*, *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1990); *Fla. Dep't of Health and Rehab. Servs. v. Fla. Nursing Home Ass'n*, 450 U.S. 147, 150 (1981) (per curiam); *Ala. v. Pugh*, 438 U.S. 781 (1978) (per curiam); *Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 (10th Cir. 2010) (noting that the Eleventh Amendment's protection encompasses States and state agencies).

The Eleventh Amendment also prevents an award of money damages against state officials sued in their official capacity. *See, e.g., Ellis v. Univ. of Kan. Med. Center*, 163 F.3d 1186, 1196 (10th Cir. 1998) ("[T]he Eleventh Amendment bars federal court jurisdiction over a state agency

7

for both money damages and injunctive relief, or a state official acting in her official capacity in a suit for damages."). *Ex Parte Young*, 209 U.S. 123 (1908), allows some suits against state officials seeking only prospective injunctive relief. However, despite requesting certain injunctions against "all state actors," no reasonable reading of Plaintiff's pleadings or her prayer for relief suggests she has properly pled prospective injunctive relief from any of the COJC Defendants.

The State of Oklahoma and its agencies – including COJC – have not waived their Eleventh Amendment immunity and therefore have not consented to actions in federal court such as this case. *See* OKLA. STAT. tit. 51 § 152.1 (expressly preserving the State of Oklahoma's Eleventh Amendment immunity). Likewise, Oklahoma's Eleventh Amendment immunity has not been negated by any unequivocal Congressional mandate subjecting COJC to suit herein for alleged civil rights violations. *See LaFavre v. Kansas ex rel. Stovall*, 6 Fed. Appx. 799, 805 (10th Cir. 2001). As such, Plaintiff's claims against COJC, and her official-capacity claims against Chairman Rose and Director Henderson, are jurisdictionally barred by the Eleventh Amendment and should be dismissed under Rule 12(b)(1).

  **3. The Oklahoma GTCA bars Plaintiff's state law claims, if any.**

Plaintiff has asserted some state law claims against "all Defendants." These claims cannot fairly be construed to apply to the COJC Defendants, but to the extent they do apply, they are barred by the Oklahoma GTCA.

In *Fuller v. Odom*, 1987 OK 64, 741 P.2d 449, 452, the Supreme Court of Oklahoma explained that the GTCA, OKLA. STAT. tit. 51 § 151 *et seq*., is the <u>exclusive</u> remedy against a governmental entity in this State for the recovery of damages for the tortious acts of its employees. Regarding individual employees like Chairman Rose and Director Henderson, "[a] government employee acting within the scope of employment is relieved from private liability for tortious

8

conduct." *Martin v. Johnson*, 1998 OK 127, ¶ 28, 975 P.2d 889, 895 (citing *Nelson v. Pollay*, 1996 OK 142, ¶ 7, 916 P.2d 1369, 1373). Because Plaintiff is purporting to assert claims against a state agency and its employees, her claims fall under the GTCA.

The GTCA defines "State" and "Tort," respectively, as follows:

13. "State" means the State of Oklahoma or any office, department, <u>agency</u>, authority, commission, board, institution, hospital, college, university, public trust created pursuant to Title 60 of the Oklahoma Statutes of which the State of Oklahoma is the beneficiary, or other instrumentality thereof;

. . .

17. "Tort" means a legal wrong, independent of contract, involving violation of a duty imposed by general law, statute, the Constitution of the State of Oklahoma, or otherwise, resulting in a loss to any person, association or corporation <u>as the proximate result of an act or omission of a political subdivision or the state or an employee acting within the scope of employment</u> . . .

OKLA. STAT. tit. 51 § 152 (emphasis added). As the COJC Defendants are to be considered "the State" for purposes of the GTA, Plaintiff's suit must comply with all aspects of the GTCA. The GTCA provides that any person who has a claim against the State shall present the claim in writing to the Office of the Risk Management Administrator of the Office of Management and Enterprise Services within one year of the alleged loss; that a would-be Plaintiff may not file suit against the State or its subdivisions unless the underlying tort claim has been denied in whole or in part, either expressly or by operation of law due to the passage of sufficient time; and that the lawsuit is then filed within the appropriate time frame after denial of the claim. *See* OKLA. STAT. tit. 51 §§ 156-157; *see also Duncan v. City of Nichols Hills*, 1996 OK 16, ¶¶ 14-15, 913 P.2d 1303, 1307; *Shanbour v. Hollingsworth*, 1996 OK 67, ¶ 7, 918 P.2d 73, 75. Failure to comply with the notice requirement is fatal to a Plaintiff's case, necessitating its dismissal. *See, e.g.*, *Conner v. State of Okla.*, 2025 OK 12, ¶ 6 ("Notice is required under the GTCA before any cause of action under the Act may be maintained.").

Plaintiff does not allege that she made the requisite written notice of tort claim to the Office of Risk Management's Administrator relative to any of the COJC Defendants, nor does she allege that the claim was denied or that this lawsuit was filed within the correct post-denial time frame. In reality, none of these things occurred. Accordingly, this lawsuit should be dismissed for lack of subject matter jurisdiction as to the COJC Defendants.

**D.      Rule 12(b)(5): Service of process was improper.**

    **1.      Rule 12(b)(5) standard.**

FEDERAL RULE OF CIVIL PROCEDURE 12(b)(5) empowers a court to dismiss a complaint for failure to effect proper service of process. "A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant, making 'effective service of process a prerequisite to proceeding further in a case.'" *Goff v. Hukill*, No. 08-CV-71, 2010 WL 2595785, *2 (N.D. Okla. June 24, 2010).

    **2.      Service was improper in two ways.**

Plaintiff served the COJC Defendants by U.S. Mail. FEDERAL RULE OF CIVIL PROCEDURE 4(e) and (j) allows for service of individual defendants and state government entities by specified procedures that do <u>not</u> include mail, and also by any procedure that complies with state law. The applicable Oklahoma state law is OKLA. STAT. tit. 12 § 2004. Section 2004(C)(2)(b) provides for service by mail only under the following conditions:

> Service by mail shall be accomplished by mailing a copy of the summons and petition by certified mail, return receipt requested and <u>*delivery restricted to the addressee*</u>. <u>*When there is more than one defendant, the summons and a copy of the petition or order shall be mailed in a separate envelope to each defendant*</u>. . . .

(*Emphasis added*). It is the Plaintiff's burden to establish the validity of service. *See Lasky v. Lunsford*, 76 Fed. Appx. 240, 241-42, 2003 WL 22147619 (*citing Federal Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992).

10

Plaintiff served the COJC Defendants by U.S. Mail, but failed to comply with the proper procedure in two ways: she mailed process for all three COJC Defendants in a single envelope, and the envelope was not "delivery restricted to the addressee." [*See* Ex. 2, Summonses and Envelope.] COJC Defendants are entitled to proper service of process, and respectfully request dismissal due to these errors pursuant to Rule 12(b)(5).

### III.  CONCLUSION

The COJC Defendants respectfully request dismissal with prejudice of the claims asserted against them pursuant to FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1), 12(b)(5), and/or 12(b)(6).

*s/ John M. Bunting*
John M. Bunting, OBA No. 31503
General Counsel
OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS
1901 N. Lincoln Blvd.
Oklahoma City, Oklahoma 73105
Telephone: (405) 522-4800
Email: *john.bunting@cojc.ok.gov*

***Attorney for Defendants Oklahoma Council on Judicial Complaints; Richard Rose, Chairman; and Taylor Henderson, Director***

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of August 2025, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

1. Linh Tran Stephens -- Plaintiff *pro se*

2. Stefanie E. Lawson, Assistant Attorney General, Oklahoma Attorney General's Office -- Attorney for Defendants Tulsa County Special Judges Seibert, Sparkman, Chesbro, Ludi-Leitch and Radford; Tulsa County Juvenile Court Judges Rupp-Carter and Dreiling; Tulsa County District Court Judges Moody, Lafortune, and Drummond; and Tulsa County Court Administrator Kim Hall.

3. Katherine M. Ogden, Assistant General Counsel, Oklahoma Bar Association -- Attorney for Defendants Oklahoma Bar Association; Gina Hendryx; and Tracy Nester.

4. Heidi J. Long -- Attorney for Defendant Oklahoma State Auditor and Inspector.

5. Lexie P. Norwood -- Attorney for Defendants Oklahoma Attorney General's Office; Oklahoma Commission on Children and Youth; Oklahoma State Bureau of Investigation; and Oklahoma State Governor's Office.

6. Gregg J. Lytle and Jacob N. Popp -- Attorneys for Defendants Chandler Moxley and Moxley Law Firm, PLLC.

7. Douglas Wilson -- Attorney for Board of County Commissioners of County of Tulsa; Kathy Burrows; and Kacharra Mansker

8. Elizabeth Marie Vincent -- Attorney for Defendant Oklahoma State Board of Osteopathic Examiners

I further caused a true and correct copy of this document to be placed in the U.S. Mail, first-class postage fully prepaid, addressed to the following:

Linh Tran Stephens
1964 Ashley River Rd, Suite B
Unit 80112
Charleston, SC 29407

*s/ John M. Bunting*
John M. Bunting, OBA No. 31503