IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

LINH TRAN STEPHENS, *a natural living woman, sui juris, with inherent sovereign rights*,

       Plaintiff,

v.

STATE OF OKLAHOMA, *et al.*,

       Defendants.

Case No.: 25-cv-322-SEH-JFJ

## JUDICIAL DEFENDANTS' MOTION TO DISMISS AND BRIEF IN SUPPORT

  Defendants Tulsa County Special Judges April Seibert, Rodney Sparkman, Todd Chesbro, Deborrah Ludi-Leitch and Loretta Radford; Tulsa County Juvenile Court Judges Martha Rupp Carter and Theresa Dreiling; Tulsa County District Judges Dawn Moody, William Lafortune, Doug Drummond; and Tulsa County Court Administrator Kim Hall ("Judicial Defendants"),[1] by and through Stefanie E. Lawson, Assistant Attorney General, move this Court to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure. Plaintiff fails to state any cognizable claim against the Judicial Defendants in either their official or individual capacities. In support of said Motion to Dismiss, Judicial Defendants submit the following Brief in support.

---

[1] Former Court Administrator Vicki Cox has not been served. However, the arguments in this Motion would also apply to any claims against her.

## BRIEF IN SUPPORT

### *Statement of the Case*

Plaintiff, Lihn Tran Stephens, appearing *pro se*, is yet again suing multiple government entities, officials and employees, as well as various private firms and individuals. Though difficult to decipher, it appears that Plaintiff believes she is entitled to relief based on events related to a divorce case, FD-2015-2228 (Tulsa County). Stephens alleges 30 causes of action ranging from ill-defined constitutional violations, conspiracy, ERISA violations, ADA violations, fraud, violations of criminal statutes, intentional torts, and civil RICO, stemming from the divorce and custody proceedings in Tulsa County. Stephens generally alleges these Judicial Defendants conspired, retaliated, and violated her rights through the course of the ongoing custody proceedings which ultimately resulted in Stephens being held in contempt. As with Stephens's previous litigation (*Stephens v. Seibert, et al*, 23-CV-553-GKF-SH, Northern District of Oklahoma), the Amended Complaint amounts to another attempt to air her unsupported and already disposed of grievances in a public forum and seek redress beyond what is generally available through appeals or participation in the state court proceedings. Stephens continues to seek relief that is unavailable against these Judicial Defendants or through federal proceedings, including damages and injunctive relief.

### *Standard of Review*

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction takes one of two forms: a facial attack or a factual attack. *Pueblo of Jemez v. United States*, 790 F.3d

1143, 1148 n. 4 (10th Cir. 2015). A facial attack questions the sufficiency of the complaint's allegations. *Id*. In reviewing a facial attack, a district court must accept the allegations in the complaint as true. *Id*. In a factual attack, the moving party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. *Id*. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. *Id*. Instead, the court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts. *Id*.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must include enough factual content, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Iqbal* also requires that Plaintiff plead a government-official defendant violated the Constitution through his own individual action. *Id*. at 676.

The Tenth Circuit holds that when evaluating a *pro se* complaint under the *Twombly* standard, "[r]ather than adjudging whether a claim is 'improbable, factual allegations in a complaint must be enough to raise a right to relief above the speculative level.'" *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for *these*

claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). In considering the sufficiency of the Complaint, the Court must "accept the allegations [contained therein] as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Kay*, 500 F.3d at 1217 (quoting *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002)).

**ARGUMENT AND AUTHORITY**

**PROPOSITION I:    THESE JUDICIAL DEFENDANTS ARE IMMUNE FROM SUIT FOR THESE CLAIMS.**

### A. Eleventh Amendment Immunity.

The Eleventh Amendment ordinarily grants a State and its agencies sovereign immunity from all suits brought in federal court by private citizens. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). State officials sued in their official capacities also benefit from the State's immunity from suit because these suits are actually suits against the State for which the official is an agent. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 n.55 (1978). Because Eleventh Amendment immunity constitutes a bar to the exercise of federal subject matter jurisdiction, the court must resolve that issue as a threshold matter. *U.S. ex rel. Boothe v. Sun Healthcare Grp., Inc.*, 496 F.3d 1169, 1176 (10th Cir. 2007). Three exceptions to Eleventh Amendment immunity exist: (1) a state may consent to suit in federal court; (2) Congress may abrogate a state's sovereign immunity legislatively, and (3) under *Ex parte Young*, 209 U.S. 123 (1908), a plaintiff may seek prospective equitable relief against a state official for ongoing violations

of federal law. *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012) (citations omitted).

Stephens asserts claims against these Judicial Defendants in their official capacities, under 42 U.S.C. § 1983 for actions connected to their positions as officials for the State of Oklahoma.[2] 42 U.S.C. § 1983 allows a civil action to be brought against "every person" who, acting under color of law, deprives someone of a right guaranteed by the United States Constitution and laws. "Neither the State, nor a governmental entity that is the arm of the State for Eleventh Amendment purposes, nor a State official who acts in his official capacity is a person within the meaning of § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). A defendant acting in his respective official capacity is not a proper defendant in this action, and it is well settled that a suit against a state official in their official capacity is, in fact, a suit against the state itself. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Therefore, an individual defendant is immune from suit for money damages in his official capacity as a state official under § 1983.

Congress has not abrogated the state's Eleventh Amendment Immunity through the enactment of 42 U.S.C. § 1983. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979). Further, the State of Oklahoma has not consented to suit in Federal Court. OKLA. STAT. tit. 51 §

---

[2] Stephens named each Judicial Defendant in his or her official and individual capacities. Beyond appearing as named defendants in the 101 page Amended Complaint, the Judicial Defendants are referenced by name in only 15 paragraphs under headings such as "Criminal & Constitutional Violations in Family and Juvenile Court" [Doc. 6 pg. 41] and "Recurrent, ongoing, and worsening malicious prosecutions, cruel and unusual punishments, and discriminations" [Doc. 6 pg. 44]. The 30 causes of action are collective, each stating "against all defendants".

162(E). Accordingly, the Eleventh Amendment bars Stephens's claims against these Judicial Defendants in their official capacities for money damages. *See Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 120 (1984). Stephens's claims under § 1983 for damages therefore fail as a matter of law as to these Judicial Defendants.

### B. Judicial Immunity.

In the current case, Stephens claims these Judicial Defendants violated her rights while presiding over various proceedings in Tulsa County District Court during the course of divorce and custody matters. All of the allegations against these judges occurred in their capacities as judges of the State of Oklahoma. Aside from vague allegations of broad statutory and constitutional violations, the specific allegations with respect to the Judicial Defendants include appointing a guardian ad litem (¶47, p. 36), "practicing unlawful tribunal authority without proper jurisdiction" (¶64, p. 41), ordering psychological evaluations (¶67, p. 42), presiding over trials and sentencing (¶71, p. 43; ¶75(b)(c) p. 44-45; ¶83 p. 58; ¶¶95-97, p. 60; ¶45, p. 48), and issuing orders (¶39, p. 46-47).[3] Signing and issuing court orders and presiding over hearings and trials are inherently judicial acts taken in a judicial capacity.

The United States Supreme Court has held that "judges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980), *See also*, *Wiggins v. New Mexico State Sup. Ct. Clerk,* 664 F.2d 812, 814-15 (10th Cir. 1981*); Lundahl v. Zimmer*, 296 F.3d

---

[3] The Amended Complaint restarts and reuses several numbers for some paragraphs. Citations therefore include the numbered paragraph and the ECF pagination.

936, 939 (10th Cir. 2002) (citing *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)). For judicial immunity to apply, acts are simply required to be "judicial acts." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). In order to qualify, the act must be a function that a judge normally performs, and the party must have dealt with the judge in his official capacity. *Id*. at 362. Both of those conditions are met in this instance.

Absolute judicial immunity is immunity from suit altogether. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (*citing Mitchell v. Forsyth*, 472 U.S. 511, 526, (1985)). Judicial immunity is overcome in only two circumstances: first, for actions not taken in the judge's judicial capacity; and second, judicial actions taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12, (1991). As a result, judicial immunity cannot be defeated by allegations of bad faith or malice, the existence of which typically is not resolved without commencing discovery and eventual trial. *Pierson v. Ray*, 386 U.S. 547, 554 (1967) ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly"). *See also*, *Harlow v. Fitzgerald*, 457 U.S. 800, 815-819 (1982) (allegations of malice are insufficient to overcome qualified immunity). Although significant, the loss of the right to seek private redress for unconstitutional conduct is countered in this instance by the nature of the judicial process. *Mireles, supra.* Given the protections built into the judicial process, the risk of an unconstitutional act by a judicial officer "is clearly outweighed by the importance of preserving the independent judgment of such people." *Butz v. Economou*, 438 U.S. 478, 514 (1978).

These Judicial Defendants are all duly elected or appointed judges of the State of Oklahoma and were acting pursuant to their inherent authority as judicial officers pursuant

to Article VII, § 1 of the Oklahoma Constitution. The allegations specific to the Judicial Defendants are all variations of recognized judicial acts – issuing orders and presiding over proceedings. Stephens's claims obviously arise from these Defendants' judicial acts. Even if any of the judicial actions were in error, none were taken in the absence of all jurisdiction. The Supreme Court explained in *Stump* that "the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge," and "the necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him." *Stump*, *supra*, at 356. Therefore, these Judicial Defendants are entitled to absolute judicial immunity and Plaintiffs' claims should be dismissed.

**PROPOSITION II:    STEPHENS HAS FAILED TO STATE A VALID CLAIM**

   *A. The Amended Complaint is deficient under Rule 8.*

The Amended Complaint fails to meet the requirements set forth in Fed. R. Civ. P. 8 and, therefore, must be dismissed. Rule 8(a) of the Federal Rules of Civil Procedure provides:

> A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction, and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

A district court may dismiss a complaint if the factual allegations are not sufficient to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly,* 550

U.S. 544, 555 (2007). The court should not assume the role of advocate and should dismiss claims which are supported only by vague and conclusory allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A plaintiff must do more than simply state a conclusion when raising a constitutional claim. *Blinder, Robinson, Co. v. U.S.S.E.C.*, 748 F.2d 1415, 1419 (10th Cir. 1984), citing, *Butz v. Economou*, 438 U.S. 478, 495 (1978). "A plaintiff must state a compensable claim for relief that details the facts forming the basis for the claim." *Id.* (citing, *Mountain View Pharmacy v. Abbot Laboratories*, 630 F.2d 1383, 1386-87 (10th Cir. 1980)); *see also Spear v. Town of West Hartford*, 954 F.2d 63 (2nd Cir. 1992) (stating a § 1983 complaint must contain more than mere conclusory allegations; a factual basis for such allegations must be provided).

    A complaint must clearly state what each defendant – typically, a named government employee – did to violate plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F.App'x 757, 759 (10th Cir. 2009) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). *See also Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007) (a complaint should "explain what each defendant did to the plaintiff; when the defendant did it; how the defendant's actions harmed him or her; and, what specific right the plaintiff believes the defendant violated.").

Stephens's Amended Complaint is deficient under Fed. R. Civ. P. 8. The Amended Complaint consists of more than 100 pages, including 30 causes of action. Stephens references several constitutional and statutory claims but does not include any factual support for the elements necessary to state a claim against any particular Judicial Defendant. The causes of action are brought collectively "against all defendants" and fail to differentiate between defendants' actions or omissions. Other than Stephens's obvious disagreement with the course of the various state court proceedings, there are no actual facts which might demonstrate Stephens's right to relief. Judicial Defendants and the Court are left to speculate as to how the fact or result of the state court proceedings entitle Stephens to any relief at all. Therefore, Stephens's claims should be dismissed because the Complaint fails to comply with Rule 8.

### B. *Stephens cannot show the Judicial Defendants personally participated in any constitutional violations.*

Personal participation is an essential element for § 1983 claims against a public official. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A public official cannot be individually liable unless an affirmative link can be shown between the official's conduct and the alleged constitutional violation. *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996). "Plaintiff must show the defendant personally participated in the alleged violation, and conclusory allegations are not sufficient to state a constitutional violation." *Jenkins v. Wood*, 81 F.3d 988, 994-95 (10th Cir. 1996) (internal citation omitted).

Stephens has not met her burden under *Jenkins* or *Mitchell* with respect to these Judicial Defendants. Stephens describes the custody and child support proceedings

interspersed with conclusory statements and unrelated citations to caselaw. The specific causes of action are alleged generally and collectively against all Defendants. The statements are devoid of context or information connecting these Judicial Defendants to any actions which constitutionally injured Stephens. These minimal allegations do not rise to a cognizable claim under § 1983. This is neither enough to establish a constitutional violation nor an affirmative link between Judicial Defendants' actions and any such violation. Therefore, Stephens has failed to allege any facts, which might present an affirmative link between these Judicial Defendants' actions and the constitutional violations alleged. Stephens's Amended Complaint should be dismissed.

### C. The Amended Complaint fails to state any conspiracy claims.

"Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim." *Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir.1989) (defining a "conclusory allegation" of conspiracy as one that fails "to allege specific facts showing agreement and concerted action among defendants"). Stephens seems to allege that the adverse events must have occurred in coordination as the result of some conspiracy but does not provide any factual support for any agreement or concerted action beyond assumption and innuendo. That the various defendants were present during the events or completed some tasks after the fact does not create a presumption of a conspiracy. Stephens has not provided enough to state a claim for conspiracy.

Stephens has not alleged enough facts to state any claims against Judicial Defendants under §§ 1985 or 1986. To establish a § 1985 conspiracy, a plaintiff "must prove both the existence of a conspiracy and the deprivation of a constitutional right."

*Thompson v. City of Lawrence, Kan.*, 58 F.3d 1511, 1517 (10th Cir. 1995) (*citing Dixon v. City of Lawton*, 898 F.2d 1443, 1449 (10th Cir. 1990)). Furthermore, "there can be no valid claim under § 1986 of neglect to prevent a known conspiracy, in the absence of a conspiracy under § 1985." *Santisteven v. Loveridge*, 732 F.2d 116, 118 (10th Cir. 1984).

Again, Stephens wholly fails to connect any actions taken by Judicial Defendants during the course of the custody proceedings to any facts which would support claims under §§ 1985 or 1986. Beyond making rulings in the course of the proceedings with which Stephens disagrees, there is no allegation that Judicial Defendants violated, conspired to violate, or failed to prevent any conspiracy to violate Stephens's rights. Plaintiff's claims should therefore be dismissed.

***Statutory violations under Title 18***

The criminal statutes Stephens cites - 18 U.S.C. §§ 241, 242, and 1512 - do not give rise to a private right of action under any facts alleged here. The United States Supreme Court has held that "[a] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 64 (1986) (*quoting Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). "[T]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979) (*quoting Cannon v. Univ. of Chicago*, 441 U.S. 677, 688 (1979)); *see also ManorCare of Easton PA LLC v. Estate of Nagy*, No. 13-5957, 2017 WL 4347624, at *4 (E.D. Pa. Sept. 29, 2017) ("Title 18 of the United States Code is a federal criminal statute which does not create civil liability or a private right of action. Generally, a private party

may not maintain suit under most provisions of Title 18. In the criminal context, the Supreme Court has refused to imply a private right of action in a bare criminal statute." (internal citations and quotations omitted)).

Even if Stephens could bring claims under Title 18, the Amended Complaint does not allege facts supporting claims under any provision of Title 18 against Judicial Defendants. Listing a string of statute cites without connecting the element of these claims to any facts alleged is not enough to state a cognizable claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....") In this instance, Stephens has merely listed statutes without connecting the elements of those claims to the facts alleged.

To plead a valid RICO claim under 18 U.S.C. § 1962, a plaintiff must plausibly allege that a defendant "(1) conducted the affairs (2) of an enterprise (3) through a pattern (4) of racketeering activity." *George v. Urb. Settlement Servs.*, 833 F.3d 1242, 1248 (10th Cir. 2016). "Racketeering activity" consists of the criminal offenses listed in 18 U.S.C. § 1961(1), and a "pattern" requires at least two racketeering acts committed within ten years of each other. 18 U.S.C. § 1961(5). Stephens includes a single conclusory paragraph (¶182, p. 79) to allege a civil RICO claim "against all defendants" without alleging that any particular defendant engaged in any of the elements required to state a RICO claim.

Therefore, any purported claims asserted pursuant to these statutes should be dismissed for failure to state a claim.

**PROPOSITION III:     THIS COURT CANNOT ENJOIN ANY OKLAHOMA STATE PROCEEDINGS.**

Stephens requests an order to enjoin or direct outcomes in state court proceedings. This request is improper. The Supreme Court has observed that "it has long been established that a federal court has the authority to decline to exercise its jurisdiction when it 'is asked to employ its historic powers as a court of equity.'" *Quackenbush v. Allstate Insurance Co.* 517 U.S. 706, 717 (1996) (*quoting Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 120 (1981) (Brennan, J., concurring in judgment)). The U.S. Supreme Court addressed the principle of abstention founded on *federalism and comity* in the case *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* provides that a federal court must abstain from deciding a case otherwise within the scope of its jurisdiction in "certain instances in which the prospect of undue interference with state proceedings counsels against federal relief." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013). The Supreme Court established three factors as relevant to the decision of whether abstention is required under *Younger*. *Seneca–Cayuga Tribe of Okla. v. Okla. ex rel. Thompson*, 874 F.2d 709, 711 (10th Cir.1989) (*citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). These factors are:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir.2003) (quotation omitted). "Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Id*.

The *Younger* factors are present in this case as to the claims for relief against the Judicial Defendants. According to the docket, the divorce/custody proceedings are ongoing. The second factor is met because the state forum provides adequate opportunity for state court litigants to seek appellate review.[4] Finally, as to the third factor, the state has a substantial interest in ensuring its laws are enforced. Therefore, this Court should deny Plaintiff's request to enjoin any Oklahoma state proceedings.

## CONCLUSION

In light of the foregoing, this Court should grant dismissal in favor of Judicial Defendants and all such other relief for which they are entitled.

Respectfully submitted,

*/s/Stefanie Lawson*
**STEFANIE E. LAWSON, OBA#22422**
ASSISTANT ATTORNEY GENERAL
OKLAHOMA ATTORNEY GENERAL'S
OFFICE
LITIGATION DIVISION
313 NE 21st Street
Oklahoma City, Oklahoma 73105
T: (405) 521-2951 | F: (405) 521-4518
*Counsel for Judicial Defendants*

---

[4] *See e.g.* Opinion in 122,022 affirming contempt in divorce case. (Attached for the Court's convenience)

## CERTIFICATE OF SERVICE

      I hereby certify that on the 1st day of August 2025, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. I further certify that a true and correct copy of the foregoing document was sent via U.S. Mail, postage prepaid to:

Linh Tran Stephens
1964 Ashley River Rd., Ste. B,
Unit 80112
Charleston, S.C. 29407
*Plaintiff sui juris*

                                                         */s/Stefanie Lawson*
                                                         Stefanie E. Lawson