

NOT FOR OFFICIAL PUBLICATION
*See* Okla.Sup.Ct.R. 1.200 before citing.

**ORIGINAL**

## IN THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA

### DIVISION III

FILED
COURT OF CIVIL APPEALS
STATE OF OKLAHOMA

MAR 7 2025

JOHN D. HADDEN
CLERK

| | |
|---|---|
| LINH TRAN STEPHENS, | )
| Appellant/Petitioner, | )
| vs. | ) Case No. 122,022
| ADAM SYLVESTER STEPHENS, | )
| Appellee/Respondent, | )
| and | )
| STATE OF OKLAHOMA DEPARTMENT OF HUMAN SERVICES, CHILD SUPPORT SERVICES, | )
| Necessary Party/Appellee. | )

Rec'd (date) 3-7-25
Posted
Mailed
Distrib
Publish ___ yes ___ no

APPEAL FROM THE DISTRICT COURT OF
TULSA COUNTY, OKLAHOMA

HONORABLE DEBORRAH LUDI-LEITCH, TRIAL JUDGE

### **AFFIRMED**

Shar Agosto,
August Law Firm, PLLC,
Owasso, Oklahoma,                                    For Appellant/Plaintiff,

Gilbert Pilkington, Jr.,
Pilkington Law Firm, PLLC,
Tulsa, Oklahoma,                                     For Appellee/Defendant,

Andrew W. Washeck,  
Oklahoma City, Oklahoma,

For Necessary Party/Appellee,  
OKDHS Child Support Services.

OPINION BY TIMOTHY J. DOWNING, PRESIDING JUDGE:

¶1    Appellant Linh Tran Stephens (Mother) appeals the trial court's order following a jury trial which determined she was guilty of indirect contempt for violating a trial court's child support order. After a thorough review of the record and the applicable law, this Court affirms.

## BACKGROUND

¶2    Mother and Adam Sylvester Stephens (Father) were divorced in Oregon in 2016. The Oregon decree fixed child support to be paid to Father by a fixed monthly amount and provided for a separate amount to creditors in lieu of additional child support. The decree stated that once the debt for the expenses was satisfied, child support could be recalculated. Their divorce was later registered in the District Court of Tulsa County, Case No. FD-2015-2228.[1] Throughout the following years various filings regarding custody, child support obligations and quantifications, and protective orders were litigated. In June of 2022, Father was granted emergency physical custody of the child, and the trial court held a hearing on the matter of child support. The trial court considered evidence presented by the parties and issued the

---

[1] According to the record, the parties were married in Arizona in 2012. Mother initiated the divorce in Oklahoma in 2015 and both parties lived in Tulsa, Oklahoma at that time. Despite the initiation of the divorce in Oklahoma, the divorce was finalized in Oregon.

2

Child Support Order on October 17, 2022. Mother was ordered to pay child support in the amount of $827.56 a month, beginning on November 1, 2022. One month later Father filed an Application for Indirect Contempt Citation-Child Support, the only issue that is now before this Court.

¶3  Numerous pleadings were filed by the parties over the next year. On September 19, 2023, the trial court entered a Pretrial Conference Order. In a very detailed order filed that same day the trial court outlined the history of the case and made certain rulings in an attempt for the trial to run smoothly. In part, the trial court addressed motions, provided the manner in which the trial would proceed, limited the parties to witnesses and exhibits on the previously entered pretrial order, invited the parties to submit additional jury instructions other than the ones previously considered by the trial court, and set further deadlines.[2] Mother represented herself at trial, but the trial court appointed stand-by counsel to assist if Mother had questions during the trial.[3]

¶4  The jury trial was held February 6-7, 2024. Mother was called as a witness by Father, but she informed the trial court she was pleading the fifth and refused to take the stand. Counsel for Father requested she take the stand and invoke her right as to

---

[2] Such a detailed order was necessary, as the pleadings in the case are extremely voluminous and not relevant to the issue of contempt.

[3] The record indicates that from 2017 onward, Mother had multiple attorneys.

each question. Counsel for Father was permitted to read the questions prepared for Mother into the record.

¶5   Father testified at trial that he had not received any child support from Mother pursuant to the October 17, 2022 order. This was corroborated by a Record of Payment filed by the Department of Human Services Child Support Services (DHS CSS) showing no payments had been received since November 2022. Evidence established that Mother was a practicing doctor, received benefits from the United States Department of Veterans Affairs (VA), and from 2019 to 2022 her average gross monthly income was $5,995.78. Evidence also established that Mother was remarried to a practicing physician and relied on her spouse's income to pay her monthly expenses.[4]

## STANDARD OF REVIEW

¶6   In contempt proceedings, questions of fact are not reviewed. *Kerr v. Clary*, 2001 OK 90, ¶ 18, 37 P3d. 841, 845. "The credibility of the witnesses and the effect and weight to be given to conflicting or inconsistent testimony are questions of fact to be determined by the trier of facts, whether court or jury, and are not questions of law for this Court on appeal." *Id.* (quoting *Clark v. Addison*, 1957 OK 111, ¶ 36, 311 P.2d 256, 263). This Court confines its review in contempt proceedings to questions of law, which are reviewed *de novo*. *Mitchell v. Mitchell*, 2021 OK CIV APP 17, ¶

---

[4] The jury was also provided evidence that Mother and her new husband purchased a home in 2019 and in November of 2022 the home was transferred to a trust.

4

14, 491 P.3d 759, 763. "Appellate courts have plenary, independent and non-deferential authority to determine whether the trial court erred in its legal rulings." *Johnson v. Snow*, 2022 OK 86, ¶ 8, 521 P.3d 1272, 1276.

## ANALYSIS

¶7   Mother raises fourteen propositions of error. First, Mother alleges the trial court did not have jurisdiction to hold a contempt proceeding because the underlying Child Support Order was pending on appeal. The trial court retains jurisdiction to "grant or modify orders in regard to custody, guardianship, support, and maintenance." Okla. Sup. Ct. R. 1.37(a)(2), 12 O.S.2021, Ch. 15, App. 1. Mother filed an appeal of the October 17, 2022 order. However, on January 23, 2023, the Oklahoma Supreme Court dismissed Mother's appeal of the October 17, 2022 order as it being premature. *See Stevens v. Stevens*, No. 120,849 (Okla. Sup. Ct. Jan. 23, 2023).[5] As Mother's appeal of the October 17, 2022 order was dismissed prior to the jury trial on the allegation of indirect contempt, Mother's argument that the trial court lacked jurisdiction is meritless. This proposition is denied.

¶8   Mother claims in her second proposition of error that the trial court improperly shifted the burden of proof to her when Mother invoked her right to remain silent and the trial court instructed the jury both verbally and in written form that inferences

---

[5] The Supreme Court permitted the appeal to continue as to the trial court's order issued on November 2, 2022 sealing records filed by Mother.

5

can be made that the answer to the question would have been adverse to the witness. In support of her argument, Mother cites a United States Supreme Court case which held that the invocation, whether it be in a civil or criminal trial, affords protection where the "answers might incriminate him in future *criminal* proceedings." *Lefkowitz v. Turley*, 414 U.S. 70, 77, 94 S. Ct. 316, 322, 38 L. Ed. 2d 274 (1973) (emphasis added). "Although due regard for the Fifth Amendment forbids the State to compel incriminating answers . . . that may be used against them in criminal proceedings, the Constitution permits that very testimony to be compelled if neither it nor its fruits are available for such use." *Id.* at 84. This authority does not lend support to Mother's claim of error as her invocation was not made to protect herself from criminal proceedings.

¶9     Mother also claims "the broader implication in the record suggests that the court subtly shifted the burden to Ms. Stephens to disprove the allegations by testifying."[6] In a remedial proceeding as here, where the proceeding is to coerce compliance with an order for payment of child support, Mother bears the burden when her defense is she is unable to comply. Mother must show inability to comply

---

[6] Mother fails to support her claim with relevant legal authority or argument regarding how such instruction shifted the burden. Argument without supporting authority will not be considered. *See Tulsa Stockyards, Inc. v. Clark*, 2014 OK 14, ¶ 1 n.1, 321 P.3d 185, 187 n.1 (refusing to consider arguments raised on appeal because the party presented no legal authority to support the arguments); Okla. Sup. Ct. R. 1.11(k)(1), 12 O.S.2021, Ch. 15, App. 1. Regardless, as shown herein, this proposition of error is meritless.

6

and if that showing is made, Mother may not be adjudged guilty of contempt. *See Davis v. Davis,* 1987 OK CIV APP 41, ¶ 2, 739 P.2d 1029, 1031.

¶10  The record is clear that Mother's jury was properly instructed that Father bore the burden to prove Mother willfully disobeyed a lawful court order and such burden was by clear and convincing evidence. The jury was also instructed on the defense of willful disobedience. Jurors are presumed to follow their instructions. *Bateman v. Glenn,* 1969 OK 158, ¶ 14, 459 P.2d 854, 858. This claim is denied.

¶11  In proposition three Mother argues the trial court should have instructed the jury that Father had to prove beyond a reasonable doubt Mother violated the court order in question. Here, Mother contends the proceedings against her were penal in nature and thus, the beyond a reasonable doubt standard should have been applied and not the clear and convincing evidence standard. When imprisonment is for a definite period of time and cannot be shortened by compliance, it is penal in nature and constitutional protections (right to a jury trial and proof beyond a reasonable doubt) should be afforded. *See Henry v. Schmidt,* 2004 OK 34, ¶¶ 11-13, 18-19, 91 P.3d 651, 654-655. In contrast, when the defendant has the ability to purge, i.e. clear the contempt, the imprisonment is not punitive in nature and constitutional protections attaching to criminal protections do not apply. *Id.* at ¶ 18. Here, Mother had the ability to clear the contempt by paying the purge fee of $12,413.40. As such, the trial court properly instructed the jury that Father's burden of proof was clear and convincing. This proposition of error is denied.

¶12  In proposition four, Mother challenges the authority for Special Judge Deborrah Ludi-Leitch to preside over her case. Mother failed to follow Rule 15. *See* R. for Dist. Cts. of Okla. 15, 12 O.S.2021, Ch. 2, App.  Mother filed "Defendant's Verified Objections to having a Special Judge over her Case" on September 18, 2023. On September 22, 2023, Judge Ludi-Leitch issued an order interpreting the pleading as a request for the trial court's recusal from the case. The trial court denied the request because Mother failed to comply with Rule 15. "[A] party seeking disqualification of a judge in a civil proceeding must make an *in camera* request of the judge to disqualify or to transfer the cause to another judge as required by Rule 15 . . . ." *Pierce v. Pierce*, 2001 OK 97, ¶ 10, 39 P.3d 791, 796. Mother was aware of the requirement of Rule 15 as she had previously utilized the process in an attempt to remove another special judge in the divorce action. This proposition of error is denied.[7]

¶13  Mother alleges in her fifth proposition of error that the trial court erred when it denied her pauper's affidavit. Mother fails to support this allegation of error with any legal authority. This Court will not consider a claim that fails to site relevant legal authority. *See Tulsa Stockyards, Inc.*, 2014 OK 14, at ¶ 1 n.1; Okla. Sup. Ct.

---

[7] Mother filed a Writ of Mandamus raising this issue, among others. The Oklahoma Supreme Court assumed original jurisdiction and, in an order issued September 30, 2024, found Mother's argument was without legal or factual support. *Stevens v. Siebert, et al.*, No. 122,445 (Okla. Sup. Ct. Sept. 30, 2024).

R. 1.11(k)(1), 12 O.S.2021, Ch. 15, App. 1.[8] Instead, Mother appears to argue the trial court made an improper factual determination regarding her financial ability. Questions of fact are not reviewed in contempt proceedings. *Kerr*, 2001 OK 90 at ¶ 18. This proposition of error is denied.

¶14   Mother alleges in proposition six that the trial court committed error when it admitted the exhibits that were pre-admitted during the pretrial conference. Mother makes a general allegation that none of the exhibits were properly authenticated pursuant to 12 O.S.2021, § 2901. If a party fails to object to an evidentiary ruling at trial, that party waives the issue on appeal. *Hartford Ins. Co. of Midwest v. Dyer*, 2002 OK CIV APP 126, ¶ 15, 61 P.3d 912, 916. Even if Mother properly objected to the admission of the exhibits at trial or at the pre-trial hearing, she completely fails to direct this Court to the transcript where she lodged her objection, fails to make proper argument, or cite to relevant legal authority. *See Tulsa Stockyards, Inc.*, 2014 OK 14, at ¶ 1 n.1; Okla. Sup. Ct. R. 1.11(k)(1), 12 O.S.2021, Ch. 15, App. 1. Moreover, Mother fails to identify with specificity which exhibits she is challenging. *See* Okla. Sup. Ct. R. 1.11(e)(1), 12 O.S.2021, Ch. 15, App. 1. This proposition of error is denied.

---

[8] Mother's citation to Rule 21 of the Twenty-First Judicial District does not govern Mother's case.

¶15   Mother's seventh proposition of error is unclear.[9] Mother claims that Exhibit 8 was not dated, and she wanted the trial court to supply the jury with a date, but the trial court denied her request. Mother fails to direct this Court to the record where this alleged erroneous ruling was made and thus, her brief is not compliant with Okla. Sup. Ct. R. 1.11(e)(1), 12 O.S.2021, Ch. 15, App. 1. Moreover, Mother again does not cite to relevant supporting authority, thus, this claim is denied. *See Tulsa Stockyards, Inc.*, 2014 OK 14, at ¶ 1 n.1; Okla. Sup. Ct. R. 1.11(k)(1), 12 O.S.2021, Ch. 15, App. 1. Regardless, after reviewing the transcript and the record, this Court found nothing to support the assertion. This Court "will not accept unsupported statements which are contained in a party's brief, or otherwise unsupported, as a basis for an appellate decision." *O'Neal By and Through O'Neal v. Joy Dependent School Dist., No.1, Murray County*, 1991 OK 118, ¶ 23, 820 P.2d 1334, 1338.

¶16   Mother's propositions eight, nine, ten, twelve, and fourteen fail to cite relevant legal authority and make general allegations of error without identifying specifically the alleged improper arguments, objections, relevant evidence, or court rulings she is relying on. This Court "has on many occasions said that judicial review will not be given to issues that receive only superficial treatment in an appellate brief or to assignments of error that lack a reasoned argument or supporting authority." *Cox Oklahoma Telecom, LLC v. Oklahoma Corp. Comm'n*, 2007 OK 55, ¶ 33, 164 P.3d

---

[9] Mother's repeated argument that Exhibit 8 was improperly admitted is rejected for the same reasons espoused in response to Mother's proposition six.

10

150, 162. *See also Tulsa Stockyards, Inc.*, 2014 OK 14, at ¶ 1 n.1 (refusing to consider arguments raised on appeal because the party presented no legal authority to support the arguments); Okla. Sup. Ct. R. 1.11(k)(1), 12 O.S.2021, Ch. 15, App. 1. These propositions of error are denied.

¶17   In proposition eleven Mother alleges the trial court improperly instructed the jury with a jury instruction that was not included in the pre-trial order. Specifically, Mother argues Jury Instruction 21 was not a part of the pre-trial order and that including same prejudiced Mother by altering the legal framework governing the jury's deliberations. Mother again fails to cite to any authority to support her argument, waiving this issue for appellate review. *See* Okla. Sup. Ct. R. 1.11(k)(1), 12 O.S.2021, Ch. 15, App. 1. However, because Mother challenges a jury instruction, this Court will review this error for fundamental error only.

¶18   "Preservation of an objection is key to a party's claim of error in the jury instructions given at trial." *Farris v. Masquelier*, 2022 OK 91, ¶ 13, 524 P.3d 942, 948. Appellate review of jury instructions is severely limited when the party fails to object to the instruction prior to the jury being instructed, limiting review to prejudicial error - "an erroneous statement of fundamental law, appearing upon the face of the instructions." *Id.* Similarly, a case is reviewable for fundamental error, even when no objection is made. *Id.* Fundamental error occurs when the trial court fails to accurately state the law, and the integrity of the proceeding is compromised to such a degree that it has a substantial effect on the rights of a party. *Id.* at ¶ 14.

11

¶19  The record demonstrates that Mother did not object to Jury Instruction 21.[10] Therefore, review is for fundamental error only. In *Davis*, the Court found that in defense to indirect contempt, if the contemner could show he/she "was unable to comply with the court's order and that an honest effort was made to comply" or "if non-compliance with the court's order is through no fault of the contemner, then non-compliance with the orders of the court is excused." *Davis*, 1987 OK CIV APP 41 at ¶ 2. Jury Instruction 21 properly states the law, and Mother does not claim otherwise. This proposition is denied.

¶20  In proposition thirteen, Mother argues standby counsel was ineffective. Mother claims standby counsel failed to timely advise her when to challenge jurors for cause and advised her not to object during Father's closing argument. First and foremost, Mother fails to articulate the standard of review for ineffective assistance of counsel. Second, Mother cites no case law that entitles her to effective assistance of standby counsel. Mother's reliance on a capital case affords her no relief. In that case, the Oklahoma Court of Criminal Appeals was deciding the issue of whether a defendant made a knowing and intelligent waiver of counsel. In fact, that Court recognized that due to the inmates *pro se* status, he could not raise ineffective assistance of counsel on appeal. *Brown v. State*, 2018 OK CR 3, ¶ 96, 422 P.3d 155,

---

[10] Although Mother represented herself at trial, she lodged several objections during the proceedings and to the jury instructions.

174; *See also Coleman v. State*, 1980 OK CR 75, ¶ 8, 617 P.2d 243, 246 (a defendant waives any argument of incompetent counsel on appeal if he/she chooses to proceed *pro se* and that a trial court is not required to appoint standby counsel).[11] This proposition of error is denied.

## CONCLUSION

¶21   After a thorough review of the propositions of error alleged by Mother, the record, and applicable law, no relief is warranted.

¶22   Accordingly, the trial court's order is AFFIRMED.

BELL, C.J., and MITCHELL, J. concur.

---

[11] The trial court's efforts to ensure this trial ran smoothly is commended. Mother attempted throughout the entire trial to testify without taking the stand. The trial court had to excuse the jury multiple times to discuss Mother's refusal to follow the trial court's pre-trial order and order issued simultaneous therewith on September 19, 2023. Mother was warned during voir dire and during the trial that her questions to witnesses, objections or responses to objections, and her argument needed to be confined to relevant evidence only. Despite the numerous warnings Mother continued to flout the trial court's orders.