UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LINH TRAN STEPHENS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>STATE OF OKLAHOMA, et al. )<br>)<br>Defendants. ) | Case No. 25-CV-322-SHE-JFJ |

**MOTION AND BRIEF TO DISMISS COMPLAINT BY DEFENDANT'S DAVID L. MOSS CORRECTIONAL CENTER, SHERIFF VIC REGALADO AND, AND DEPUTY SHERIFF JACOB WILLIAMSON**

COME NOW the Defendants David L. Moss Correctional Center, Sheriff Vic Regalado ("Regalado"), in his individual and official capacity, and Deputy Jacob Williamson ("Williamson"), in his individual and official capacity, (hereinafter collectively referred to as the "TCSO" defendants) by and through James D. Dunn, General Counsel for the Sheriff's Office[1], and moves to this Court to dismiss Plaintiff's Complaint against them pursuant to Fed.R.Civ.P. Rules 8, and 12(b)(1) & (6). The David L. Moss Correctional Center is not a proper party to this litigation as it is not an entity capable of being sued. This Court does not have subject matter jurisdiction over Plaintiff's claims as they pertain to a domestic relations matter. Further, Plaintiff's complaint is anything but "a short and plain state of the claim showing that the pleader is entitled to relief." Additionally, this Court should abstain from asserting jurisdiction as to

---

[1] 19 O.S. § 527(A) states: "[t]he sheriff, treasurer or assessor in a county shall have the authority to employ a general counsel, either in-house as a staff attorney or through an outside law firm, to advise or represent that officer and his or her office in the performance of the official duties of that office. The Board of County Commissioners shall approve all contracts for outside counsel. A general counsel employed pursuant to this section shall be compensated from the funds of the employing county office.

Plaintiff's requests for equitable and declaratory relief pursuant to the *Younger* abstention doctrine. Finally, defendants Regalado and Williamson are immune from liability.

## I. BACKGROUND

This matter emanates from lengthy domestic proceedings held in Tulsa County District Court case number FD-2015-2228, and related cases PO-2017-3292, PO-2021-3843, PO-2021-4059, SC-2023-956, CJ-2023-1901, PO-2023-4019, CV-2024-1311, and related Oklahoma appellate cases, DF-120612, CI-120847, DF-120847, DF-120848, DF-120849, DF-121149, PR-121200, DF-121254, MA-121255, DF-121851, DF-122022, MA-122445, and MA-122859.[2] In addition to the present case, Plaintiff has previously filed cases 23-cv-553, and 24-cv-216, 24-cv-259, and 25-CV-285 in this Court.

## II. ARGUMENTS AND AUTHORITIES

A. PLAINTIFF'S COMPLAINT FAILS TO COMPLY WITH THE PLEADING REQUIREMENTS OF RULE 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND SHOULD THEREFORE BE DISMISSED

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Century Ass'n of Kansas,* 891 F.2d 1473, 1480 (10th Cir.1989)  The requirements of Fed.R.Civ.P. 8 are designed to meet those purposes. *See TV*

---

[2]These cases are available on OSCN by going to https://www.oscn.net/dockets/ , selecting either Tulsa County District Court or Appellate Courts, and entering the corresponding case number. This Court may take judicial notice of the state court records in Plaintiff's custody and support proceedings for purposes of this Motion to Dismiss. *See Sizova v. Nat. Institute of Standards & Technology,* 282 F.3d 1320, 1324 (10th Cir. 2002) (on challenge to jurisdiction, court may review affidavits and other documents; and *Hartlieb v. Weiser Law Firm, P.C.,* 861 Fed.Appx. 714, 719 (10th Cir. 2021) (on failure to state a claim, court may review the public record referenced in the Complaint central to plaintiff's claim).

*Communication Network, Inc. v. ESPN, Inc.,* 767 F.Supp. 1062, 1069 (D.Colo. 1991), *aff'd,* 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, …(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Plaintiff's vague and unintelligible Complaint violates Rule 8.

Plaintiff's Complaint is unnecessarily verbose, vague, and confusing. Plaintiff fails to present her claims in a format that allows the Court and the Defendants to know precisely what claims are being asserted against each of the defendants.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.,* 967 F.2d 1197, 1203 (8th Cir.1992); *Gillibeau v. City of Richmond,* 417 F.2d 426, 431 (9th Cir. 1969). *See also Uribe v. Ramser,* Case No. 3:22-cv-637-CHB, 2023 WL 3175440, *5 (W.D. Mo. June 8, 2020) (excessive complaint, which was "replete with unnecessary adjectives and overly specific descriptions, unnecessarily complicates the basic issue," dismissed without prejudice as violating Rule 8); *America v. New York Passport Center,* Case No. 91 Civ. 2731 (MJL), 1991 WL 258763, *2 (S.D.N.Y. Nov. 27, 1991 ('rambling, vague and largely incomprehensible" prolix complaint that failed to provide a statement of claims to which defendants can reasonably expect to respond, [and] fail[ed] to state any discernable claims at all" dismissed without prejudice under Rules 8 and 12).

Plaintiff's vague and generalized allegations violate Fed.R.Civ.P. Rule 8. Plaintiffs must allege simply and concisely their specific claims for relief, including the specific rights that

3

allegedly have been violated and the specific acts of each defendant that allegedly violated their rights. To state a claim in federal court, Plaintiffs "must explain what each defendant did to [them]; when the defendant did it; how the defendant's action harmed [them]; and what specific legal right the plaintiff[s] believe[ ] the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that pro se pleadings must construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer,* 425 F. 3d 836, 840 (10th Cir. 2005).

The Plaintiff has chosen the proverbial "shotgun" method of pleading her case listing as many claims as possible and more than 80 defendants potentially liable as to each. This Court should not approve of such a tactic and should dismiss Plaintiff's Complaint consistent with Rules 8, 12(b)(6) and 41(b) of the Fed.R.Civ.P. as to the Tulsa County defendants.

B. THE DAVID L. MOSS CORRECTIONAL FACILITY IS NOT AN ENTITY CAPABLE OF BEING SUED

The David L. Moss Correctional Center is not a proper party to this case. Courts in this Circuit have repeatedly determined that local police departments and correctional facilities do not have legal identities apart from the municipalities or counties that they serve. *See, e.g., Henry v. Albuquerque Police Dep't,* 49 F. App'x 272, n.1 (10th Cir. 2002) (unpublished); *Ketchum v. Albuquerque Police Dep't*, No. 93-2200, 1992 WL 51481 (10th Cir. Mar. 12, 1992) (unpublished); *Witmer v. Grady County Jail*, No. CIV-10-796-D, 2011 WL 4588910, *2 (Apr. 7, 2011) (unpublished) (dismissing county jail as it was not a legal entity capable of being sued). Accordingly, the David L. Moss Criminal Justice Center should be dismissed from this suit. *Moran v. Unknown Nurse #1*, No. 13-CV-413-JED-FHM, 2015 WL 9593622, at *2 (N.D. Okla. Dec. 31, 2015).

4

C.  THIS COURT LACKS JURISDICTION OVER PLAINTIFF"S CLAIMS

Federal courts lack jurisdiction over domestic-relations cases. *See Ankenbrandt v. Richards,* 504 U.S. 689, 703, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992) (holding that federal courts lack power "to issue divorce, alimony, and child[-]custody decrees"); *Hunt v. Lamb,* 427 F.3d 725, 727 (10th Cir. 2005) (holding that district court lacked jurisdiction over child-custody dispute.) The "domestic relations exception" prohibits federal district courts from re-opening, reissuing, correcting, or modifying an order in a domestic-relations case. *Leathers v. Leathers,* 856 F.3d 729, 756 (10th Cir. 2017).

In addition to her prayer for a writ of habeas corpus, the Plaintiff brings separate causes of action against the TCSO defendants for a variety of claims arising out of 42 U.S.C. § 1983 along with the Americans with Disabilities Act, 42 U.S.C. § 12132 as well as several other claims. *See* Complaint, pg. 2, ¶ 8, Doc. 2. Re-opening, modifying and re-issuing the divorce decree, child custody orders, and child-support orders are prohibited by the "domestic-relations exception" applicable to the federal courts in relation to state court domestic proceedings. Therefore, this Court is without jurisdiction to grant Plaintiff's requested relief and Plaintiff's complaint should be dismissed.

D.  THIS COURT SHOULD DISMISS PLAINTIFF'S CLAIMS FOR EQUITABLE AND DECLARATORY RELIEF BASED ON THE *YOUNGER* ABSTENTION DOCTRINE

The *Younger* abstention doctrine recognizes that principles of equity and comity require federal courts to refrain from exercising federal jurisdiction over certain cases when doing so would cause undue interference in on-going state-court proceedings. *See Younger v. Harris, 401 U.S. 37, 41 (1971). See Morrow v. Winslow,* 94 F.3d 1386, 1392 (10th Cr. 1996) (discussing *Younger* and its application in civil proceedings).

Although this abstention doctrine is mandatory, its applicability is circumscribed. "[T]he possibility of *Younger* abstention is triggered *only when* the state proceeding falls into one of the following categories: '(1) state criminal prosecutions, (2) civil enforcement proceedings [that take on a quasi-criminal shape], and (3) civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial function.'" *Travelers Cas. Ins. Co. of Am. v. A-Quality Auto Sales, Inc.,* 98 F.4th 1307, 1317 (10th Cir. 2024) (alteration in original) (quoting *Graff v. Aberdeen Enterprizes, II, Inc.* 65 F.4th 500, 522 (10th Cir. 2023)). *See also Sprint Commc'ns, Inc. v. Jacobs,* 571 U.S. 69, 79 (2013). A court may evaluate the propriety of abstaining if-and only if-a case falls within one of these three enumerated categories. *Travelers Cas. Ins.,* 98 F.4th at 1317.

This case passes threshold inquiry of *Travelers Casualty* because it involves orders that are uniquely in furtherance of the Oklahoma courts' ability to perform their judicial functions. The Plaintiff's requests for relief either expressly seek the vacation of certain orders entered by the State court or implicitly require the vacation of orders entered by the State court in the divorce proceedings. Because these claims arise of, relate to, and exist only because of the state-court proceedings, they involve orders that are "uniquely in furtherance" of the Oklahoma state courts' ability to perform the important, state-specific function of addressing family and custody disputes." *Travelers Cas. Ins.,* 98 F.4th at 1317 (citation and quotation marks omitted). *See Gibson v. Lopez,* No. 21-cv-02610-WJM-NYW, 2022 WL 2158986, at *5, *6 (D. Colo. June 15, 2022) (concluding that the plaintiff's challenge to the "state's efforts to collect child support payments from him" fell within the third category of exceptional cases).

Courts utilize a three-part inquiry when evaluating the propriety of abstaining under the *Younger* abstention doctrine: A court "must abstain from exercising jurisdiction when: (1) there is

an ongoing state …proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Chapman v. Barcus,* 372 F.App'x 899, 901 (10th Cir. 2010) (quoting *Amanatullah v. Colo. Bd. Of Med. Exam'rs,* 187 F.3d 1160, 1163 (10th Cir. 1999). If these factors weigh in favor of abstention, the federal court must dismiss any claims for injunctive and declaratory relief without prejudice, while staying claims for monetary damages. *Id.* at 902.

The three requirements for *Younger* abstention are satisfied in this case. First, there can be no dispute that Plaintiff seeks relief from an active, ongoing state action. The Tulsa court will continue to exercise jurisdiction over the domestic relationships in that case during the years to come. *Gibson,* 2022 WL 2158986, at *5, *6 (holding that the plaintiff's efforts to challenge child-support collections were borne out of an ongoing domestic relations dispute.)

The second requirement-the adequacy of the state forum-is likewise satisfied. "American jurisprudence is unwavering in holding that domestic matters are the purview of state courts, and federal courts do not attend matters of domestic relations outside of extraordinary circumstances." *Wiland,* 2024 WL 4271570, at *2. Claims concerning child custody, such as Plaintiff's, are "best left to their traditional form where there is the infrastructure to handle them: state court." *Id.*; *see Gibson, 2022 WL 2158986,* at *6 (concluding the state-court forum was adequate based, in part, on the plaintiff's decision to raise issues related to his support obligations in that forum); *Wiland,* 2024 WL 4271570, at *2 (concluding that the second and third *Younger* factors are congruent, and that the third factor clearly favored abstention because legal proceedings involving child custody are "textbook issues for state courts.")

All the *Younger* factors weigh in favor of abstention. Therefore, abstention is mandatory, and this Court should dismiss Plaintiff's claims for equitable and declaratory relief.

E.  THIS COURT LACKS JURISDICTION OVER PLAINTIFF"S CLAIMS

Federal courts lack jurisdiction over domestic-relations cases. *See Ankenbrandt v. Richards,* 504 U.S. 689, 703, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992) (holding that federal courts lack power "to issue divorce, alimony, and child[-]custody decrees"); *Hunt v. Lamb,* 427 F.3d 725, 727 (10th Cir. 2005) (holding that district court lacked jurisdiction over child-custody dispute.) The "domestic relations exception" prohibits federal district courts from re-opening, reissuing, correcting, or modifying an order in a domestic-relations case. *Leathers v. Leathers,* 856 F.3d 729, 756 (10th Cir. 2017).

In addition to her prayer for a writ of habeas corpus, the Plaintiff brings separate causes of action against the TCSO defendants for a variety of claims arising out of 42 U.S.C. § 1983 along with the Americans with Disabilities Act, 42 U.S.C. § 12132 as well as several other claims. *See* Complaint, pg. 2, ¶ 8, Doc. 2. Re-opening, modifying and re-issuing the divorce decree, child custody orders, and child-support orders are prohibited by the "domestic-relations exception" applicable to the federal courts in relation to state court domestic proceedings. Therefore, this Court is without jurisdiction to grant Plaintiff's requested relief and Plaintiff's complaint should be dismissed.

F.  PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AS DEFENDANT'S REGALADO AND WILLIAMSON AS THEY ARE IMMUNE FROM LIABILITY BASED ON QUALIFIED AND/OR ABSOLUTE QUALIFIED IMMUNITY

   1.  PLAINTIFF'S "OFFICIAL CAPACITY" CLAIMS AGAINST SHERIFF REGALADO AND DEPUTY WILLIAMSON ARE CLAIMS AGAINST THE COUNTY

Plaintiff's claims against Sheriff Regalado and Deputy Williamson in their official capacity are claims against the county. *See Pellegrino v. State ex rel. Cameron University ex rel. Board of Regents of State*, 2003 OK 2, ¶ 5, 63 P.3d 535, 537 ("A suit against a governmental officer in his or her 'official capacity' is the same as a suit against the entity that the officer represents, and is an attempt to impose liability upon that entity"). *See also Speight v. Presley*, 2008 OK 99, ¶ 20, 203 P.3d 173 ("Suit against a government officer in his or her official capacity is actually a suit against the entity that the officer represents and is an attempt to impose liability upon the governmental entity. Therefore, Plaintiff's claims naming Regalado and Williamson as Defendants in their official capacity must be dismissed.

    2.   DEFENDANT'S REGALADO AND WILLIAMSON ARE IMMUNE FROM LIABILITY BASED ON QUALIFIED AND/OR ABSOLUTE QUALIFIED IMMUNITY

The Tenth Circuit has consistently held that officials, including deputy sheriffs, charged with executing facially valid court orders are entitled to absolute quasi-judicial immunity. *Moss v. Kopp*, 559 F.3d 1155 (2009). This principle is rooted in the need to ensure that such officials can perform their duties without fear of litigation. In *Moss*, the court stated, "[j]ust as judges acting in their judicial capacity are absolutely immune from liability under section 1983, 'officials charged with the duty of executing a facially valid court order enjoy absolute immunity from liability for damages in a suit challenging conduct prescribed by that order.'" *Id.* Similarly, in *Valdez v. City and County of Denver*, 878 F.2d 1285 (10th Cir. 1989) the court emphasized that this immunity applies to officials executing orders that are facially valid, even if the orders are later determined to be erroneous (*Reid v. Pautler*, 36 F.Supp.3d 1067 (2014)).

"The Supreme Court has recognized not only the absolute civil immunity of judges for conduct within their judicial domain, but also the 'quasi-judicial' civil immunity of prosecutors,

grand jurors, witnesses, and agency officials, for acts intertwined with the judicial process." *Valdez*, 878 F.2d at 1287 (citations omitted), *footnoting Tripati v. United States Immigration and Naturalization Serv.*, 784 F.2d 345, 347–48 (10th Cir. 1986), *cert. denied*, 484 U.S. 1028, 108 S.Ct. 755, 98 L.Ed.2d 767 (1988) (in which the Tenth Circuit extended absolute immunity to probation officers).  In this regard, the Tenth Circuit recognized that "the power to execute judicial decrees is no less an important and integral part of the judicial process than the roles of those officials previously afforded absolute immunity." *Valdez,* 878 F.2d at 1287-88.

**"[T]he unhesitating execution of court orders is essential to the court's authority and ability to function"** and is one of the great benefits derived by the court **"from the existence of quasi-judicial immunity for officers carrying out its orders."** *Moss v. Kopp*, 559 F.3d 1155, 1165 (10th Cir. 2009) (emphasis added).  The Tenth Circuit in *Valdez*, citing the First, Second, Third, Fourth, Fifth, Seventh, Eighth, Ninth, and Eleventh Circuits, observed that its "sister circuits addressing the question likewise agree with virtual unanimity that court officers sworn to execute court orders are shielded by absolute immunity in the performance of their duty." *Valdez,* 878 F.2d at 1288.

In addition [t]he qualified-immunity doctrine protects public employees from both liability and 'from the burdens of litigation' arising from their exercise of discretion." *Cummings v. Dean*, 913 F.3d 1227, 1239 (10th Cir. 2019) (quoting *Allstate Sweeping, LLC v. Black*, 706 F.3d 1261, 1266 (10th Cir. 2013).  "When a defendant raises the qualified-immunity defense, the onus is on the plaintiff to demonstrate (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Cummings*, 706 F.3d at 1239 (quotation marks and citations omitted).  "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions." *Lane v.*

*Franks*, 134 S. Ct. 2369, 2381, 189 L. Ed. 2d 312 (2014) (internal quotations and citations omitted). "In resolving a motion to dismiss based on qualified immunity, a court must consider whether the facts that a plaintiff has alleged ... make out a violation of a constitutional right, and whether the right at issue was clearly established at the time of defendant's alleged misconduct." *Leverington v. City of Colorado Springs*, 643 F.3d 719, 732 (10th Cir. 2011) (internal quotations and citations omitted). Courts have discretion to determine which of the two prongs to address first based on the circumstances of the case. *Pearson v. Callahan*, 555 U.S. 223, 236, 129 S. Ct. 808, 818, 172 L.Ed. 2d 565 (2009).

Plaintiffs' allegations fail to identify what statutory or constitutional right or rights Defendants Regalado and Williamson have allegedly violated, much less that such right was "clearly established." Additionally, when the Sheriff and/or his deputies carry out the orders of the Court, such actions are entitled to absolute qualified immunity.

III.   CONCLUSION

WHEREFORE, based on the foregoing, the TCSO defendants respectfully request an Order of this Court dismissing Plaintiffs' Complaint.

Respectfully submitted,

/s/    James D. Dunn
James D. Dunn, OBA#16829
General Counsel
Tulsa County Sheriff's Office
6080 E. 66th Street North
Tulsa, OK  74117
(918) 596-8704
jdunn@tcso.org
*Attorney for David L. Moss Correctional Center, Sheriff Vic Regalado, Deputy Jacob R. Williamson*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of August, 2025, I cause a true and correct copy of this document to be placed in the United States mail, first class postage fully pre-paid, addressed to:

Linh Tran Stephens
1964 Ashley River Road, Ste. B, Unit 80112
Charleston, SC  29407

/s/     James D. Dunn
James D. Dunn