IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LINH TRAN STEPHENS, | ) |
| | ) Case No. 25-CV-322-SEH-JFJ |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| STATE OF OKLAHOMA, et.al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS DALE WARNER AND DALE WARNER P.L.L.C.'S RULE 12(B)(6) MOTION TO DISMISS AND BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendants, Dale Warner and Dale Warner P.L.L.C., an Oklahoma Professional Limited Liability Company, (hereinafter "Defendants") under Fed. R. Civ. P. 12(b)(6), and asks this Court to dismiss the Plaintiff's complaint filed in this Court, for failure to state a claim upon which relief can be granted.

Although Plaintiff's claims are unclear, and Plaintiff advances no plausible claims against these Defendants, as more specifically outlined below, any claim by Plaintiff against these Defendants for negligence is time barred. This action commenced more than two (2) years after these Defendants ceased representation of Plaintiff, Defendants having ceased representation of Plaintiff in February, 2022.

Defendants offer the following in support of this Motion.

## **INTRODUCTION**

Plaintiff asserts multiple causes of action against 84 Defendants, including multiple government agencies, judges and court staff, attorneys, and other public officials, however, has failed to meet the minimal pleading requirements of notice and plausibility as to these Defendants. Other than naming these Defendants in this lawsuit, there is no reference to any facts or allegations

to support a claim against these Defendants. The Federal Rules require a "short and plain statement of claim" showing that Plaintiff is entitled to relief as required by Fed. R. Civ. P. Rule 8(a)(2). The Court is not required to sort through voluminous, vague allegations to try to identify Plaintiff's cause of action. *Carpenter v. Williams*, 86 F.3d 1015, 1016 (10th Cir. 1996); *Olguin v. Atherton*, 215 F.3d 1337 (10th Cir. 2000).

The Federal Rules of Procedure are designed to require plaintiffs to state their claims intelligibly so as to give fair notice of the claims to opposing parties and the court. *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007); *Monument Builders of Greater Kansas City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F2d 1473, 1480 (10th Cir. 1989). Rambling and incomprehensible filings bury material allegations in "a morass of irrelevancies." *Mann v. Boatright*, 477 F.3d at 1148. Plaintiff's Complaint fails to state a claim for relief and dismissal is proper.

## ARGUMENT AND AUTHORITIES

### LEGAL STANDARD

When considering a Rule 12(b)(6) dismissal motion, the Court must determine whether Plaintiff has stated a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). To survive dismissal for failure to state a claim, the complaint must present factual allegations, presumed to be true, that provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Woodard v. Oklahoma*, 2023 WL 7301943, at *1 (E.D. Okla. Nov. 6, 2023). The standard requires "enough facts to state a claim to relief that is plausible on its face," and the factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56, 570, 127 S.Ct. 1955, *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). "A claim has facial plausibility when the pleaded

factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). This standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Nowell v. Medtronic Inc.*, 372 F. Supp. 3d 1166, 1245 (D.N.M. 2019) (Browning, J.) (quoting *Ashcroft v. Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937). "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, LLC v. Schneider,* 493 F. 3d 1174, 1177 (10th Cir. 2007) (emphasis omitted). "A court will not construe a plaintiff's pleadings 'so liberally that it becomes his advocate.'" *Rivero v. Bd. Of Regents of Univ. of New Mexico*, 2019 WL 1085179, at *48 (quoting *Bragg v. Chavez*, No. CIV 07-0343 JB/WDS, 2007 WL 5232464, at *25 (D.N.M. Aug. 2, 2007) (Browning, J.)). The Tenth Circuit has stated: "Plausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff has not nudged her claims across the line from conceivable to plausible. "The Court 'will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf.'" *Whitney v. New Mexico,* 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Here, Plaintiff fails to allege any facts or state a claim for relief against these Defendants that is plausible on the face of Plaintiff's Complaint. Plaintiff's Complaint therefore must be dismissed.

## PROPOSITION 1

## PLAINTIFF HAS FAILED TO STATE A CLAIM

The Plaintiff has the burden "to provide fair notice of the grounds for the claims made against each of the defendants." *Robbins v. Oklahoma,* 519 F.3d at 1250. In the plaintiff's complaint, the

plaintiff must "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Id.* at 1249-1250 (emphasis in original). If the plaintiff does not specify which defendants committed the facts that make up a claim, or what facts underlying the claims the defendants committed, it would be "impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed." *Id*. The complaint only broadly alleges, "against all defendants" and does not state a claim against these Defendants. This Court should not have to speculate as to the identity of the defendants a particular allegation is levied against as "the burden rests on the plaintiffs to provide fair notice of the grounds for the claims made against each of the defendants." *Id.*

To carry her burden, Plaintiff, under the *Twombly* standard, must do more than generally use the collective term "defendants." *Id.* The Court, in *Robbins*, placed great importance on the need for a plaintiff to differentiate between the actions of each individual defendant and the actions of the group as a whole. *Id.* This is because the purposes of plausibility, notice and gatekeeping, are best served by requiring plaintiffs to directly link an actual individual with the alleged improper conduct. When a plaintiff "fails to isolate the allegedly unconstitutional acts of each defendant," adequate notice is not provided to each defendant. *Id.*

Here, Plaintiff has failed to meet the minimal pleading requirements of notice and plausibility. Plaintiff has not made a short and plain statement showing that she is entitled to relief against these Defendants. Further, Plaintiff has not demanded relief against these Defendants pursuant to any cognizable legal theory. In fact, other than naming these Defendants within the list of 84 defendants, **Plaintiff's Amended Complaint is devoid of any mention of these Defendants in the entire 101-page Complaint**. There is not one factual allegation against these Defendants and there is not one remedy that can be identified as being sought from these Defendants.

"Courts have consistently held that, where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted." *Allison v. Utah Cnty. Corp.*, 223 F.R.D. 638, 639 (D. Utah 2004) (quotations and citations omitted). The lack of any allegations of wrongdoing against these Defendants is fatal to Plaintiff's Complaint. *See Green v. New Jersey*, 625 F. App'x 73, 76 (3d Cir. 2015) (affirming dismissal of defendant where complaint did not have specific allegations against defendant, but only listed defendant in the caption); *Whittington v. Vaughn*, 289 F. Supp. 2d 621, 628 (E.D. Pa. 2003) ("The omission of a defendant's name from the material allegations of a complaint justifies dismissal of the Complaint against that defendant."); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir.1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints.")

Plaintiff has failed to comply with Fed. R. Civ. P. Rule 8(a)(2), dismissal is proper pursuant to Fed. R. Civ. P. Rule 12(b)(6).

## **PROPOSITION 2**

### **A NEGLIGENCE CLAIM AGAINST THESE DEFENDANTS IS TIME-BARRED**

Any claim by Plaintiff against these Defendants for negligence is barred. This action commenced more than two (2) years after these Defendants ceased representation of Plaintiff, Defendants having ceased representation of Plaintiff in February, 2022. Although the bar of the statute of limitations is not clearly shown on the face of her Complaint, since Plaintiff makes no mention of these Defendants in her Complaint, these Defendants can prove through court records in Tulsa County FD-2015-2228 that Defendants ceased representation of Plaintiff on February 17,

2022, when their signed Motion to Substitution Counsel was filed and on March 1, 2022, when the District Court entered an Order Granting Motion to Substitute Counsel. Therefore, the statute of limitations defense as to these Defendants is properly raised by demurrer. *Moss v. Polyco, Inc.*, 522 P.2d 622 (Okla. 1974).

## CONCLUSION

Given the fact that Plaintiff has already amended her Complaint and makes no mention of these Defendants, Plaintiff should not be afforded the opportunity to further amend her complaint as there is clearly not a legitimate legal basis for these Defendants to be included in this lawsuit. There is not one factual allegation against these Defendants and there is not one remedy that can be identified as being sought from these Defendants. Plaintiff has undoubtedly failed to meet the minimal pleading requirements of notice and plausibility. Given that these Defendants are a private attorney and his law firm, even if a negligence claim was raised by Plaintiff, it is barred by the statute of limitation.

**WHEREFORE** Defendants, Dale Warner and Dale Warner P.L.L.C., respectfully ask this Court to dismiss this action with prejudice and for any other relief this Court deems just and equitable.

Dated this 4th day of August, 2024.

Respectfully submitted,

/s/ *Dale Warner*
DALE WARNER, OBA #9359
dale.law42@yahoo.com
2021 South Lewis Ave, Ste. 335
Tulsa, OK 74104
Phone: 918-691-2968
Defendants Dale Warner and Dale Warner P.L.L.C.

## CERTIFICATE OF SERVICE

  The undersigned certifies that on the 4th day of August, 2025, a true and correct copy of the above document was sent via U.S. Mail to the following counsel of record:

Linh Tran Stephens, Pro Se Plaintiff
1964 Ashley River Rd., Ste. B
Unit 80112
Charleston, SC 29407

              /s/ *Dale Warner*
              Dale Warner, OBA #9359