# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **Linh Tran Stephens, an individual,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No.: CV-25-322-SEH-JFJ |
| ) | |
| **State of Oklahoma, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MOTION TO DISMISS OF ROBERT PERUGINO, IN HIS OFFICIAL AND INDIVIDUAL CAPCITIES AND BRIEF IN SUPPORT

Defendant Robert Perugino ("Perugino"), in his official and individual capacities, respectfully moves the Court to dismiss this action pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure for the reasons stated in the following brief.

## I. Statement Of The Case

Perugino is a contract Administrative Law Judge for Office of Administrative Hearings ("OAH") which is part of the Oklahoma Department of Human Services ("DHS") which administers the federally and state mandated child support enforcement system in Oklahoma.

Plaintiff's Amended Complaint spans 104 pages. Perugino is referenced specifically a grand total of four times in Plaintiff's Amended Complaint. This count includes three times Perugino is either listed in the style of the case or identified as a defendant and the capacities he is sued in. The single time Perugino is even mentioned in the Amended Complaint not for identification purposes is as follows:

> 58. **Robert Perugino a/k/a ROBERT PERUGINO**: In his individual capacity and in official capacity as Administrative Judge (Special Judge) of Office of Administrative Hearings (OAH), who has violated Plaintiff's constitutional rights while acting under color of state law through denial of due process in administrative proceedings. Address: 2401 NW 23rd St, Suite 1A, Oklahoma City, OK 73107.

*See* Plaintiff's Amended Complaint at p. 24.

So, out of 104 pages, Plaintiff's sole allegation against Perugino is the unadorned conclusion that he, Perugino – in his individual and official capacities and at some unidentified time in the past - inexplicably violated Plaintiff's due process rights. It is beyond dispute that Plaintiff's Amended Complaint is dramatically deficient and is utterly irredeemable. Consequently, Plaintiff's Amended Complaint must be dismissed against Perugino.

## II. Argument and Authorities

### A. Motion to Dismiss Standard for Lack of Subject Matter Jurisdiction

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) is in the form of "a facial attack." *Holt v. U.S.,* 46 F.3d 1000, 1002 (10th Cir. 1995). A "facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint." *Id.* (citing *Ohio Nat'l Life Ins. Co. v. U.S.,* 922 F.2d 320, 325 (6th Cir. 1990)). If a court determines it has been deprived of subject matter jurisdiction, then such court must dismiss the complaint pursuant to Rule 12(b)(1). Defendants contend that this Court is without jurisdiction over Plaintiff's suit because it was brought in derogation of the Eleventh Amendment and the sovereign immunity of the State of Oklahoma. Accordingly, the claims should be dismissed pursuant to Rule 12(b)(1).

### B. Standard for Dismissal for Failure to State a Claim

Defendant also contends Plaintiff has failed to state a claim for relief. "To survive a motion to dismiss [for failure to state a claim under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly* at 556). Under this standard, the Tenth Circuit has stated that "the mere metaphysical

possibility that <u>some</u> plaintiff could prove <u>some</u> set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that <u>this</u> plaintiff has a reasonable likelihood of mustering factual support for <u>these</u> claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in the original). In other words, a plaintiff must nudge his "claims across the line from conceivable to plausible[.]" *Twombly* at 570. Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal* at 679.

The Tenth Circuit in *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008), explained that "plausibility" refers to the scope of the allegations in the complaint; "if they are so general that they encompass a wide swath of conduct, much of it innocent" or if the allegations are no more than "labels and conclusions" or a mere "formulaic recitation of the elements of a cause of action" then such allegations are not sufficient to place defendants on notice "of the actual grounds of the claim" against them. When this standard is applied to the factual allegations of the Amended Complaint, it is clear that this action should be dismissed pursuant to Rule 12(b)(6).

**C.  Plaintiff's Complaint is Subject to Dismissal Under Fed. R. Civ. P. 12(b)(1) Due to Eleventh Amendment Sovereign Immunity**

The Oklahoma Department of Human Services ("DHS") (formerly known as the Department of Public Welfare and the Department of Institutions, Social and Rehabilitative Services) was created in 1936 by §2 of Article XXV of the Oklahoma Constitution for the purpose of "administering and carrying into execution" all laws enacted by the Oklahoma Legislature pursuant to §1 of Article XXV. *See* 56 O.S. §§162.1(a) and 162.1a. Section 2 also requires DHS to "perform such other duties as may from time to time be prescribed by law." *See generally City of Sand Springs v. Department of Public Welfare,* 608 P.2d 1139 (Okla. 1980). Within this legal framework is the establishment and maintenance of the OAH which conducts administrative child support hearings

with the help of Administrative Law Judges such as Perugino. *See, inter alia,* 42 U.S.C. § 654, 56 O.S. §§ 237, 237.8, 237.10, OAC: 340:2-28-9.

As an agency of the State of Oklahoma, DHS is unquestionably an arm of the State of Oklahoma. *See, for example, Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 100 (1990); *Florida Department of Health and Rehabilitative Services v. Florida Nursing Home Association,* 450 U.S. 147, 150 (1981) (per curiam); *Alabama v. Pugh*, 438 U.S. 781 (1978) (per curiam).

The foregoing in mind, the Eleventh Amendment provides:

> [t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.

Towards this end,

> [t]he Supreme Court has interpreted the Eleventh Amendment to mean "States may not be sued in federal court unless they consent to it in unequivocal terms or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate the immunity." *Green v. Mansour,* 474 U.S. 64, 68, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985). This prohibition encompasses suits against state agencies. *See Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 144, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993).

*Muscogee (Creek) Nation v. Oklahoma Tax Comm'n,* 611 F.3d 1222, 1227 (10th Cir. 2010).

Because States may not be sued in federal court absent their consent or specific and unequivocal Congressional mandate,

> [t]he Eleventh Amendment is a jurisdictional bar that precludes unconsented suits in federal court against a state and arms of the state. *See Steadfast Ins. Co. v. Agric. Ins. Co.,* 507 F.3d 1250, 1252–53 (10th Cir.2007).

*Wagoner Cty. Rural Water Dist. No. 2 v. Grand River Dam Auth.,* 577 F.3d 1255, 1258 (10th Cir. 2009).

As for the possibility that OKDHS/CSS has unequivocally consented to suit herein by waiving its Eleventh Amendment sovereign immunity,

> [t]he Court will give effect to a State's waiver of Eleventh Amendment immunity "'only where stated by the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction.'" *306 *Atascadero State Hospital, supra,* 473 U.S., at 239–240, 105 S.Ct., at 3145–3146 (quoting *Edelman v. Jordan,* 415 U.S. 651, 673, 94 S.Ct. 1347, 1360, 39 L.Ed.2d 662 (1974) (internal quotation omitted)). A State does not waive its Eleventh Amendment immunity by consenting to suit only in its own courts, see, *e.g., Florida Dept. of Health and Rehabilitative Services v. Florida Nursing Home Assn.,* 450 U.S. 147, 150, 101 S.Ct. 1032, 1034, 67 L.Ed.2d 132 (1981) (*per curiam*), and "[t]hus, in order for a state statute or constitutional provision to constitute a waiver of Eleventh Amendment immunity, it must specify the State's intention to subject itself to suit in *federal court.*" *Atascadero State Hospital, supra,* 473 U.S., at 241, 105 S.Ct., at 3146.

*Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 305–06, 110 S. Ct. 1868, 1873, 109 L. Ed. 2d 264 (1990).

In this vein, it is clear that the State of Oklahoma and its agencies – including DHS – have not waived their Eleventh Amendment immunity and consented to actions in federal court such as this case. *See* 51 O.S. §152.1(B) (which expressly preserves the State of Oklahoma's Eleventh Amendment immunity). Likewise, Oklahoma's Eleventh Amendment immunity has not been negated by any unequivocal Congressional mandate subjecting DHS to suit herein for alleged civil rights violations,

> [i]t is well settled that neither 42 U.S.C. § 1981 nor § 1983 abrogate the Eleventh Amendment immunity of the states. *E.g., Will v. Mich. Dep't of State Police,* 491 U.S. 58, 66–67, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) (§ 1983); *Ellis v. Univ. of Kan. Med. Ctr.,* 163 F.3d 1186, 1196 (10th Cir.1998) (§§ 1981, 1983, and 1985). Thus, Congress has not abrogated the defendants' Eleventh Amendment immunity under these provisions.

*LaFavre v. Kansas ex rel. Stovall,* 6 Fed. Appx. 799, 805 (10th Cir. 2001).

The foregoing in mind, Perugino, as an ALJ for DHS was unquestionably acting as an official of/on behalf of the State of Oklahoma in enforcing the terms/requirements of the Oklahoma child support plan. As such, Plaintiff's claim against Perugino in his official capacity is jurisdictionally[1] barred pursuant to the plain language of the Eleventh Amendment and must be dismissed:

> [f]inally, when a suit seeks money damages against an official of a state agency, suing that official in his or her official capacity, then the "real party in interest" is the state, and the suit is barred by the Eleventh Amendment. *See Edelman*, 415 U.S. at 663.

*ANR Pipeline Co. v. LaFaver*, 150 F.3d 1178, 1187 (10th Cir. 1998).

### D. The Complaint Is Subject To Dismissal Under Fed. R. Civ. P. 12(b)(6) Because Defendants In Their Official Capacities Are Not Persons Under § 1983

Notwithstanding the Eleventh Amendment jurisdictional bar, the instant action also fails to state a claim upon which can be granted because Plaintiff cannot recover against Perugino in his official capacity under 42 U.S.C. § 1983. This is because § 1983 provides, in pertinent part, that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

*Ibid* (Emphasis supplied).

---

[1] "Because the State's assertion of Eleventh Amendment immunity challenges the subject matter jurisdiction of the district court, the issue must be resolved before a court may address the merits of [the] underlying . . . claim." Martin v. Kansas, 190 F.3d 1120, 1126 (10th Cir. 1999), overruled on other grounds by Bd. of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 148 L. Ed. 2d 866, 121 S. Ct. 955 (2001)."
*Joseph A. v. Ingram*, 275 F.3d 1253, 1259 (10th Cir. 2002)

In *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989), the United States Supreme Court considered the issue of whether a State is a "person" under § 1983. After examining the express language, congressional purpose and legislative history of the statute, the Supreme Court concluded that States or other governmental entities that are considered "arms of the State" for Eleventh Amendment purposes (as well as state officials acting in their "official" capacities) are not "persons" under §1983. *Id.,* at 68-71; *see Howlett v. Rose*, 496 U.S. 356, 365 (1990) (holding that "*Will* establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under §1983 <u>in either federal court or state court</u>." (Emphasis added)); *Harris v. Champion*, 51 F.3rd 901, 905-06 (10th Cir. 1995).

As explained *supra*, OKDHS, its divisions, and officials are clearly an "arm" of the State of Oklahoma. Consequently, defendants such as Perugino in their official capacities are not "persons" within the meaning of §1983 and are not subject to suit under §1983 in either federal or state court.

### E.  Plaintiff Has Failed To State A Claim

Plaintiff's Amended Complaint is nothing more than a cri de coeur comprised of conclusory statements and absurd allegations which fall woefully short of plausibility. Because of this, Plaintiff has "not nudged [her] claims across the line from conceivable to plausible[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. at 547. Accordingly, Plaintiff's claims must be dismissed for failure to state a claim.

### F.  Perugino Is Absolutely Immune From Liability In His Individual Capacity

"[A] … judge is absolutely immune from § 1983 liability except when the judge acts "in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority…."). Guided by *Sparkman*,

[the court] determine[s] whether a judge performed a "judicial" act or acted "in the clear absence of jurisdiction" by looking to "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity. *Id*. at 362." *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994).

The immunity outlined above not only applies to the judges in the judicial branch of government, but applies to all government actors who function in the role of a judicial officer, including administrative judges, boards sitting in a judicial capacity and hearing officers. *Butz v. Economou*, 438 U.S. 478, 98 S. Ct. 2894, 57 L. Ed. 2d 895 (1978).  See also: *Cleavinger v. Saxner*, 474 U.S. 193, 106 S. Ct. 496, 88 L. Ed. 2d 507 (1985) (federal hearing examiners have absolute immunity from suit); *Horowitz v. State Bd. of Medical Examiners*, 822 F.2d 1508 (10th Cir. 1987) (administrative officials performing judicial functions are absolutely immune from suit); *Lewis v. McKinley County Bd. of County Comm'rs*, 425 Fed.Appx. 723, 729 (10th Cir. 2011) (absolute immunity applies to administrative law judges and others who perform functions closely associated with the judicial process).

In the case at bar Plaintiff alleges that Perugino is an ALJ in OAH. Thus, the issue is whether Plaintiff may sue this Perugino for money damages.  Based on the Amended Complaint, Perugino was clearly acting within his role as a judicial or quasi-judicial officer.  As such, Perugino has absolute immunity and Plaintiff's claims against Perugino in his individual capacity must be dismissed.

### G.  Plaintiff Wholly Failed To Comply With Rule 8

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must "state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007).  Specifically, Rule 8(a) instructs the plaintiff to

plead for relief in a "short and plain statement," while Rule 8(d)(1) adds that each allegation in the complaint must be "simple, concise, and direct." Fed. R. Civ. P. 8(a) and (d). Accordingly, something "written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs" would violate Rule 8. *See Mann*, 477 F.3d at 1148.

 Admittedly, perfection is not required of a pro se party and it is understood that pro se litigants are held to a less stringent standard as to the form and, in some respects, content of a pleading. However, although the drafting standard may be less stringent, the requirement that pro se plaintiffs must still adhere to the Federal Rules of Civil Procedure is not. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840, 62 Fed. R. Serv. 3d 1019, (10th Cir. 2005); *Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir.1994) (citing several cases for principle that *pro se* parties must comply with same procedural rules that govern all other litigants). *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 1994 WL 401467 (10th Cir. 1994). In this regard, when a plaintiff violates Rule 8, a district court is authorized to dismiss the case, in its entirety, based upon this violation alone. *Mann v. Boatright,* 477 F.3d 1140, 1138-49 (10th Cir. 2007). In fact, it is not the court's job to cobble together potential claims strewn about in an overly lengthy complaint and dismissal of any such complaint is appropriate. *Id*

 Finally, a Rule 8 violation is different from a failure to state a claim under Rule 12(b)(6). Even if a complaint sufficiently alleges enough facts to survive a 12(b)(6) motion to dismiss, a Court may still invoke Rule 8 to strike the complaint if the necessary facts are "scattered throughout the complaint" or completely absent. *See Mann*, 477 F.3d at 1147; *see also Ciralsky v. C.I.A.*, 355 F.3d 661, 671 (D.C. Cir. 2004) (holding that there was a Rule 8 violation even though plaintiff had pled more details than necessary to survive dismissal under Rule 12(b)(6)).

In the case at bar, the Amended Complaint fails to contain a simple, concise, short and plain statement as to the alleged harm and the relevant facts that give rise to the alleged harm. This makes it difficult, if not impossible, to identify which claim is directed towards which specific Defendant or when such claim is alleged to have occurred. Pleading in this fashion creates an unjustified burden on the defendants who are required to sift through all of these pages in an attempt to identify allegations to which they are required to respond.

For these reasons, it is indisputable that the Amended Complaint fails at the most fundamental level and runs afoul of Rule 8. Thus, this case should be summarily dismissed in its entirety.

### III. Conclusion

As clearly shown above, Plaintiff's claims against Perugino must be dismissed. And the infirmities plaguing Plaintiff's Amended Complaint cannot be cured by amendment and should result in dismissal with prejudice.

Respectfully submitted,

*s/ John K.F. Langford*
John K.F. Langford (OBA #21012)
Assistant General Counsel
Department of Human Services
P.O. Box 25352
Oklahoma City, OK 73125-0352
Telephone: (405) 521-3638
Facsimile: (405) 521-6816
E-mail: John.Langford@okdhs.org

### CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of August, 2025 the foregoing document was electronically submitted to the Clerk of the Court using the ECF System for filing.

*s/ John K.F. Langford*
John K.F. Langford