IN THE UNTED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

LINH TRAN STEPHENS, *a natural living woman, sui juris, with inherent sovereign rights*,

    Plaintiff,

v.

STATE OF OKLAHOMA, *et al.*,

    Defendants.

Case No.: 25-cv-322-SEH-JFJ

## STATE OFFICIAL DEFENDANTS' MOTION TO DISMISS AND BRIEF IN SUPPORT

Defendants Governor Kevin Stitt, Attorney General Gentner Drummond, Steve Johnson, Greg Mashburn, and Aungela Spurlock in each of their official and individual capacities, ("State Official Defendants"), move this Court to dismiss Plaintiff's Amended Complaint [Doc. 6]1 pursuant to Rules 8, 12(b)(1) and (6) of the Federal Rules of Civil Procedure. Plaintiff fails to state any cognizable claim against the State Official Defendants. In support of said Motion to Dismiss, State Official Defendants submit the following brief in support.

## BRIEF IN SUPPORT

### STATEMENT OF THE CASE

---

1 Plaintiff has filed another Amended Complaint [Doc. 19] but has not sought leave of Court to do so. Thus, this Motion is directed at the Amended Complaint that was properly filed as a matter of course.

Stephens, appearing *pro se*, is yet again suing multiple government entities, officials and employees as well as various private firms and individuals. Though difficult to decipher, it appears that Plaintiff believes she is entitled to relief based on events related to her divorce case, *In re the marriage of Linh Tranh Stephens v. Adam Sylvester Stephens*, FD-2015-2228 (Tulsa County). Stephens alleges thirty (30) causes of action ranging from ill-defined constitutional violations, conspiracy, ERISA violations, ADA violations, fraud, violations of criminal statutes, intentional torts, and civil RICO, stemming from the divorce and custody proceedings in Tulsa County. Stephens continues to seek relief that is unavailable against these Defendants or through this federal proceeding, including the requested damages and injunctive relief.

## STANDARD OF REVIEW

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction takes one of two forms: a facial attack or a factual attack. *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148 n. 4 (10th Cir. 2015). A facial attack questions the sufficiency of the complaint's allegations. *Id*. In reviewing a facial attack, a district court must accept the allegations in the complaint as true. *Id*. In a factual attack, the moving party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. *Id*. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. *Id*. Instead, the court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts. *Id*.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must include enough factual content, accepted as true, to "state a claim to relief that is plausible on its face". *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S.662, 129 S. Ct. 1937, 1949 (2009). *Iqbal* also requires that Plaintiff plead a government-official defendant violated the Constitution through his own individual action. *Id*. at 676, 129 S. Ct. at 1948.

The Tenth Circuit holds that when evaluating a *pro se* complaint under the *Twombly* standard, "[r]ather than adjudging whether a claim is 'improbable, factual allegations in a complaint must be enough to raise a right to relief above the speculative level.'" *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). In considering the sufficiency of the Complaint, the Court must "accept the allegations [contained therein] as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Kay*, 500 F.3d at 1217 (quoting *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002)).

**ARGUMENT AND AUTHORITY**

**PROPOSITION I:   THESE DEFENDANTS ARE IMMUNE FROM SUIT IN THEIR OFFICIAL CAPACITIES UNDER THE ELEVENTH AMENDMENT.**

The Eleventh Amendment ordinarily grants a State and its agencies sovereign immunity from all suits brought in federal court by private citizens. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). State officials sued in their official capacities also benefit from the State's immunity from suit because these suits are actually suits against the State for which the official is an agent. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 n.55 (1978). Because Eleventh Amendment immunity constitutes a bar to the exercise of federal subject matter jurisdiction, the court must resolve that issue as a threshold matter. *U.S. ex rel. Boothe v. Sun Healthcare Grp., Inc.*, 496 F.3d 1169, 1176 (10th Cir. 2007). Three exceptions to Eleventh Amendment immunity exist, none of which apply in the instant case: (1) a state may consent to suit in federal court; (2) Congress may abrogate a state's sovereign immunity legislatively, and (3) under *Ex parte Young*, 209 U.S. 123 (1908), a plaintiff may seek prospective equitable relief against a state official for ongoing violations of federal law. *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012) (citations omitted).

Congress has not abrogated the state's Eleventh Amendment Immunity through the enactment of 42 U.S.C. § 1983. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979). Further, the State of Oklahoma has not consented to suit in Federal Court. OKLA. STAT. tit. 51 § 162(E). Accordingly, the Eleventh Amendment bars Stephens's claims against these State Official Defendants for money damages. *See Pennhurst State School and Hospital v.*

4

*Halderman*, 465 U.S. 89, 120 (1984). Stephens's claims under § 1983 for damages therefore fail as a matter of law as to the State Official Defendants.

**PROPOSITION II:     STEPHENS HAS FAILED TO STATE A VALID CLAIM**

   *A. The Amended Complaint is deficient under Rule 8.*

The Amended Complaint fails to meet the requirements set forth in Fed. R. Civ. P. 8 and, therefore, must be dismissed. Rule 8(a) of the Federal Rules of Civil Procedure provides:

> A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction, and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

A district court may dismiss a complaint if the factual allegations are not sufficient to raise a right to relief above the speculative level. *Twombly,* 550 U.S., at 555. The court should not assume the role of advocate and should dismiss claims which are supported only by vague and conclusory allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A plaintiff must do more than simply state a conclusion when raising a constitutional claim. *Blinder, Robinson, Co. v. U.S.S.E.C.*, 748 F.2d 1415, 1419 (10th Cir. 1984), (citing, *Butz v. Economou*, 438 U.S. 478, 495, 98 S. Ct. 2894 (1978)). "A plaintiff must state a compensable claim for relief that details the facts forming the basis for the claim." *Id.* (citing, *Mountain View Pharmacy v. Abbot Laboratories*, 630 F.2d 1383, 1386-87 (10th Cir. 1980)); *see also Spear v. Town of West Hartford*, 954 F.2d 63 (2nd Cir. 1992) (stating

a § 1983 complaint must contain more than mere conclusory allegations; a factual basis for such allegations must be provided).

A complaint must clearly state what each defendant—typically, a named government employee—did to violate plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is an essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F.App'x 757, 759 (10th Cir. 2009) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). *See also Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007) (a complaint should "explain what each defendant did to [the plaintiff]; when the defendant did it; how the defendant's actions harmed him or her; and, what specific right the plaintiff believes the defendant violated.").

Stephens's Amended Complaint is deficient under Fed. R. Civ. P. 8. The Amended Complaint consists of more than 100 pages, including thirty (30) causes of action. Stephens references several constitutional and statutory claims but does not include any factual support for the elements necessary to state a claim against any particular State Official Defendant2. The causes of action are brought collectively "against all defendants" and fail to differentiate between defendants' actions or omissions. Other than Stephens's obvious

---

2 Plaintiff has also named Governor Kevin Stitt and Attorney General Gentner Drummond's spouses as Defendants in this suit, who are not State Officials. Governor Stitt and General Drummond's spouses have not yet been served; however, they must also be dismissed for the reasons set forth in this Motion.

disagreement with the course of the various state court proceedings, there are no actual facts which might demonstrate Stephens's right to relief. State Official Defendants are left to speculate as to how the facts or results of the state court proceedings entitles Stephens to any relief at all. Therefore, Stephens's claims should be dismissed because the Amended Complaint fails to comply with Rule 8.

### B. State Official Defendants, in their official capacities, are not "persons" under § 1983.

Stephens asserts multiple claims against these State Official Defendants, under 42 U.S.C. § 1983. 42 U.S.C. § 1983 allows a civil action to be brought against "every person" who, acting under color of law, deprives someone of a right guaranteed by the United States Constitution and laws. "Neither the State, nor a governmental entity that is the arm of the State for Eleventh Amendment purposes, nor a State official who acts in his official capacity is a person within the meaning of § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). As such, the State Official Defendants, in their official capacities, are improper defendants for a § 1983 claim and must be dismissed.

### C. Plaintiff has no private right of action to bring a claim under Title 18.

The criminal statutes Stephens cites - 18 U.S.C. §§ 241, 242, and 1962 - do not give rise to a private right of action under any facts alleged here. The United States Supreme Court has held that "[a] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 64 (1986) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). "[T]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a

private cause of action in favor of that person." *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979) (*quoting Cannon v. Univ. of Chicago*, 441 U.S. 677, 688 (1979)); *see also ManorCare of Easton PA LLC v. Estate of Nagy*, No. 13-5957, 2017 WL 4347624, at *4 (E.D. Pa. Sept. 29, 2017) ("Title 18 of the United States Code is a federal criminal statute which does not create civil liability or a private right of action. Generally, a private party may not maintain suit under most provisions of Title 18. In the criminal context, the Supreme Court has refused to imply a private right of action in a bare criminal statute.") (internal citations and quotations omitted)).

Even if Stephens could bring claims under Title 18, the Amended Complaint does not allege facts supporting claims under any provision of Title 18 against State Official Defendants. Listing a string of statute cites without connecting the element of these claims to any facts alleged is not enough to state a cognizable claim. *Twombly*, 550 U.S. at 555 (citations omitted) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...."). In this instance, Stephens has merely listed statutes without connecting the elements of those claims to the facts alleged.

To plead a valid RICO claim under 18 U.S.C. § 1962, a plaintiff must plausibly allege that a defendant "(1) conducted the affairs (2) of an enterprise (3) through a pattern (4) of racketeering activity." *George v. Urb. Settlement Servs.*, 833 F.3d 1242, 1248 (10th Cir. 2016). "Racketeering activity" consists of the criminal offenses listed in 18 U.S.C. §

1961(1), and a "pattern" requires at least two racketeering acts committed within ten years of each other. 18 U.S.C. § 1961(5). Stephens includes a single conclusory paragraph (¶ 182, p. 79) to allege a civil RICO claim "against all defendants" without alleging that any particular defendant engaged in any of the elements required to state a RICO claim. Therefore, any purported claims asserted pursuant to these statutes should be dismissed for failure to state a claim.

### D. The Amended Complaint fails to state any conspiracy claims.

"Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim." *Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir.1989) (defining a "conclusory allegation" of conspiracy as one that fails "to allege specific facts showing agreement and concerted action among defendants"). Stephens has not alleged enough facts to state any claims against the State Official Defendants. To establish a § 1985 conspiracy, a plaintiff "must prove both the existence of a conspiracy and the deprivation of a constitutional right." *Thompson v. City of Lawrence, Kan.*, 58 F.3d 1511, 1517 (10th Cir. 1995) (citing *Dixon v. City of Lawton*, 898 F.2d 1443, 1449 (10th Cir. 1990)). Furthermore, "there can be no valid claim under § 1986 of neglect to prevent a known conspiracy, in the absence of a conspiracy under § 1985." *Santisteven v. Loveridge*, 732 F.2d 116, 118 (10th Cir. 1984). Plaintiff has not stated a claim for conspiracy, and this claim should be dismissed against the State Official Defendants.

**PROPOSITION III:   THE STATE OFFICIAL DEFENDANTS DID NOT PERSONALLY PARTICIPATE IN ANY CONSTITUTIONAL VIOLATION.**

As a general rule, "[i]ndividual liability under [42 U.S.C.] § 1983 must be based on

personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) (citing *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996)); *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) ("Personal participation is an essential allegation in a Section 1983 claim." (citations omitted)). A plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). There must be an affirmative link between the alleged constitutional violation and the defendant's own participation or failure to supervise. *Serna v. Colorado Dept. of Corrections*, 455 F.3d 1146, 1151-52 (10th Cir. 2006). In this action, Plaintiff's Amended Complaint completely fails to link any State Official Defendant to any constitutional violation. The large majority of Plaintiff's various claims are each asserted against all Defendants. As the Tenth Circuit explained in *Robbins v. Oklahoma*, 519 F.3d 1242 (10th Cir. 2008) in order to survive a motion to dismiss, it is important "that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against [defendants as a group]." *Id.*, at 1250 (citations omitted) (emphasis in original).  Plaintiff's Amended Complaint clearly falls short of this standard. Further, State Official Defendants appear nowhere in the body of the Amended Complaint. Plaintiff's claims must therefore be dismissed.

**PROPOSITION IV: STATE OFFICIAL DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY IN THEIR INDIVIDUAL CAPACITIES.**

State Official Defendants, in their individual capacities, are entitled to qualified

immunity. A public official or employee is entitled to qualified immunity unless "clearly established" federal rights of which a reasonable person would have known are shown to have been violated. *Hunter v. Bryant*, 502 U.S. 224, 227 (1991). "Clearly established" is predicated on a finding that in light of pre-existing law the unlawfulness is apparent. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Qualified immunity is an entitlement not to stand trial or face the burdens of litigation. It is an immunity from suit rather than a mere defense to liability. *Mitchell v. Forsyth*, 472 U.S. 511, 527 (1985). It is effectively lost if a case is erroneously permitted to proceed to trial. *Hannula v. City of Blakely*, 907 F.2d 129, 130 (10th Cir. 1990).

Once a defendant asserts the defense of qualified immunity, the burden shifts to the plaintiff to demonstrate that (1) the defendant violated one of their constitutional rights, and (2) the right in question was clearly established at the time of the allegedly unlawful activity such that "every reasonable official would have understood that what he [was] doing" violated the law. *Morris v. Noe*, 672 F.3d 1185, 1191 (10th Cir. 2012).

Whether qualified immunity exists is a question of law to be decided by the trial court. *England v. Hendricks*, 880 F.2d 281, 283 (10th Cir. 1989). "To determine whether a plaintiff can overcome the qualified immunity defense, "first we determine whether the plaintiff has asserted a violation of a constitutional or statutory right, and then we decide whether that right was clearly established such that a reasonable person in the defendant's position would have known that [his] conduct violated that right.'" *Roska ex rel. Roska v. Peterson*, 328 F.3d 1230, 1239 (10th Cir. 2003) (quoting *Garramone v. Roma*, 94 F.3d 1446, 1449 (10th Cir. 1996)).

"[I]n order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Medina v. City and County of Denver*, 960 F.2d 1493, 1498 (10th Cir. 1992). *Accord, Roska,* 328 F.3d at 1248. The contours of the invoked right must be sufficiently clear such that objectively reasonable state officers would understand that what they are doing violates that right. *Roska*, 328 F.3d at 1247 (citing *Anderson v. Creighton*, 483 U.S. 635 (1987)). "[T]he touchstone of [this] inquiry is whether the officers [were] on notice [that] their conduct [was] unlawful." *Id.*, at 1248 (citations and quotations omitted). Thus, if the plaintiff has alleged a constitutional violation **and** has met her burden to establish that the law on the subject is clearly established, plaintiff must further show that a reasonable official would have known that her actions would violate clearly established law.

> In considering the "reasonable state actor," we must keep in mind that qualified immunity precludes the imposition of liability for 'all but the *plainly incompetent* or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986) (emphasis added). Where "officers of reasonable competence could disagree on th[e] issue, immunity should be recognized." *Id.*, at 341.

*Id.*, at 1251.

In *Mullenix v. Luna*, 577 U.S. 7, (2015), the Supreme Court reiterated that the question of qualified immunity turns on whether the unconstitutionality of "particular conduct" in a "specific context" is clearly established. *Id.*, at 12. The Supreme Court also reiterated that clearly established law should not be defined at a high level of generality. *Id.*

In this action, Plaintiff asserts the majority of her claims against "all defendants." Others are directed to generalized groups of defendants, such as "all Defendants who are public officials or BAR attorneys." [Doc. 6, p. 84]. However, for the reasons set forth in Proposition III *supra*, Plaintiff has not demonstrated that State Official Defendants themselves engaged in any constitutionally prohibited activity. Thus, State Official Defendants, in their individual capacities, are entitled to qualified immunity.

**PROPOSITION V:    THIS COURT CANNOT ENJOIN ANY OKLAHOMA STATE PROCEEDINGS.**

Stephens requests an order to enjoin or direct outcomes in state court proceedings. This request is improper. The Supreme Court has observed that "it has long been established that a federal court has the authority to decline to exercise its jurisdiction when it 'is asked to employ its historic powers as a court of equity.'" *Quackenbush v. Allstate Ins. Co*. 517 U.S. 706, 717, 116 S. Ct. 1712 (1996) (*quoting Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 120, 102 S. Ct. 177 (1981) (Brennan, J., concurring in judgment)). The U.S. Supreme Court addressed the principle of abstention founded on *federalism and comity* in the case *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, (1971). *Younger* provides that a federal court must abstain from deciding a case otherwise within the scope of its jurisdiction in "certain instances in which the prospect of undue interference with state proceedings counsels against federal relief." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72, 134 S. Ct. 584 (2013). The Supreme Court established three relevant factors to determine whether abstention is required under *Younger*. *Seneca–Cayuga Tribe of Okla. v. Okla. ex rel. Thompson*, 874 F.2d 709, 711 (10th Cir.1989) (*citing Middlesex*

*County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515 (1982)). These factors are:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir.2003) (quotation omitted). "Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Id*.

The *Younger* factors are present in this case as to the claims for relief against the State Official Defendants. According to the docket, the divorce/custody proceedings are ongoing. The second factor is met because the state forum provides adequate opportunity for state court litigants to seek appellate review. Finally, as to the third factor, the state has a substantial interest in ensuring its laws are enforced. Therefore, this Court should deny Plaintiff's request to enjoin any Oklahoma state proceedings.

## CONCLUSION

In light of the foregoing, this Court should grant dismissal in favor of State Official Defendants and all such other relief for which they are entitled.

Respectfully submitted,

*/s/ Jesse S. Ogle*
**JESSE S. OGLE, OBA No. 34275**
Assistant Attorney General
Oklahoma Attorney General's Office
Litigation Section
313 N.E. 21st Street
Oklahoma City, Oklahoma 73105
Tele: (405) 521-3921 Fax: (405) 521-6246
Email: jesse.ogle@oag.ok.gov
*Attorney for State Official Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of August, 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing. I further certify that a true and correct copy of the foregoing document was sent via the ECF System to all counsel of record who are ECF participants. I further certify that a true and correct copy of the foregoing document was sent via U.S. Mail, postage prepaid to:

Linh Tranh Stephens
1964 Ashley River Rd., Ste. B,
Unit 80112
Charleston, SC 29407
*Plaintiff sui juris*

*/s/ Jesse S. Ogle*
Jesse S. Ogle

15