IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) Linh Tran Stephens, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-CV-322-SHE-JFJ |
| | ) | |
| (1) The State of Oklahoma; et al. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT PENNY HAMRICK'S**
**MOTION TO DISMISS AND BRIEF IN SUPPORT**

COMES NOW Defendant Penny Hamrick, in her individual and official capacities, and hereby files this Motion to Dismiss pursuant to Fed. R. Civ. Proc. 8 and 12(b)(1), (5), (6), and requests the Court enter an Order of Dismissal as to Defendant Hamrick. The Amended Complaint, (Doc. 6), names Defendant Hamrick in the caption but the body of the pleading contains no substantive, specific allegations against Hamrick. As discussed below, all claims against Defendant Hamrick should be dismissed.

## I.    FACTUAL ALLEGATIONS

The present lawsuit is only the most recent one filed by Plaintiff Linh Tran Stephens. All previous lawsuits she has filed in this Court have been dismissed.[1]  Nevertheless, Plaintiff tries

---

[1] *E.g.*, *see* Orders in:  4:22-cv-00480-CVE-JFJ; 4:23-cv-00553-GKF-SH; 4:24-cv-00216-JDR-CDL; 4:24-cv-00259-GKF-MTS.  In addition, as noted by certain co-defendants, numerous child custody and support proceedings have been filed in state court.  (Doc. 28 at pp. 1-2) (identifying previous proceedings).  This Court may take judicial notice of filings in these previous federal cases and in the state court proceedings.  *See Sizova v. Nat. Institute of Standards & Technology,* 282 F.3d 1320, 1324 (10th Cir. 2002) (on challenge to jurisdiction, court may review affidavits and other documents); *Hartleib v. Weiser Law Firm, P.C.,* 861 Fed. Appx. 714, 719 (10th Cir. 2021) (on failure to state a claim, court may review public record referenced in the Complaint central to plaintiff's claim); *Rahat v. Higgins*, 159 Fed. Appx. 13, 14 (10th Cir. 2005) (citing to oscn.net for its publication of a criminal court docket sheet from Cleveland County, Oklahoma).

again; she has now filed a 101-page Amended Complaint asserting 30 different "claims" against 83 different defendants, along with 99 "DOE" defendants.  (Doc. 6 at p. 4).  Her Amended Complaint is drafted in a stream-of-consciousness style, but it again generally complains about various orders entered in Oklahoma state court proceedings.  (Doc. 6, ¶25).  She claims that the Tulsa County District Court improperly entered various child custody orders, and thereby improperly allowed her ex-husband to obtain custody of her child.  (Doc. 6, ¶¶25-26).  She claims that the Tulsa County District Court erroneously assumed jurisdiction over the case and erroneously allowed the child's father to obtain custody.  (Doc. 6, ¶41; ¶58).  She complains about the state court's child support orders and related contempt proceedings.  (Doc. 6, ¶¶68, 69, 71, 75.b-c).  She complains about the process afforded to her in a contempt trial, along with the penalty imposed on her.  (Doc. 6, p. 44, ¶¶36-38).[2]  She complains about orders entered by the Oklahoma Supreme Court restricting her pauper status (due to her repeated improper filings in that Court).  (Doc. 6, p. 45, ¶42).  She complains about a subsequent 2025 proceedings in Tulsa County District Court related to child support.  (Doc. 6, ¶45).[3]  Indeed, she makes complaints about virtually every aspect of the underlying state court proceedings.  She appears to be unable (or is unwilling) to accept the finality of any Court ruling concerning this matter.

---

[2] The paragraph numbering in her Amended Complaint is jumbled; her numbering inexplicably starts over on page 34 at ¶36.  (Doc. 6).  Plaintiff filed another "Amended Complaint" (without leave of Court) on July 30, 2025, (Doc. 19), but the Court has stricken said document pursuant to Fed. R. Civ Proc. 7.1 and LCvR 7.1-1.  (Doc. 55).

[3] Her divorce case is filed under Case FD-2015-2228 in Tulsa County District Court.  On May 9, 2025, Judge Loretta Radford found that Plaintiff was guilty of indirect contempt of court for willful non-payment of child support; sentenced Plaintiff to six (6) months in the Tulsa County Jail, with a purge amount set at $13,211.24 plus $500 in court fines; and revoked all of her Oklahoma State issued licenses.  (Ex. 1, Order, attached hereto).  A bench warrant was issued.  (*Id.*).  Plaintiff is subjectively aware of these issues (i.e., she allegedly learned of the order "over the grapevine"), as they are reference in her Complaint.  (Doc. 6, p. 42, ¶75.b).

In this lawsuit, she asserts claims under 42 U.S.C. §1983; the "Full Faith and Credit Clause"; the Due Process Clause of the 14th Amendment; the Self-Incrimination Clause of the Fifth Amendment; the Cruel and Unusual Punishment Clause of the Eighth Amendment; ERISA; the "Right to International Travel"; the ADA; the First Amendment; the False Claims Act; the Equal Protection Clause of the 14th Amendment; Conspiracy under 42 U.S.C. §1985; "Failure to Prevent Civil Rights Violations" under 42 U.S.C. §1986; *"Monell* Claims"; "Retaliation for Protected Activity"; "Deprivation of Rights under Color of Law (Criminal Claim) (18 U.S.C. §242)"; "Conspiracy Against Rights (Criminal Claim) (18 U.S.C. §241)"; Violation of ADA Title II, 42 U.S.C. §12131"; "Fraud Upon the Court/Void Judgments/Violation of Marbury v. Madison"; Tort of Outrage; Unlawful Practice of Medicine – 18 U.S.C. §1347; Civil RICO claims; "Demand for Criminal Referral Under 18 U.S.C. §§241-242"; "Unlawful Detention and Writ of Habeas Corpus"; "Federal Witness Tampering"; Violations of Official Oaths of Office and Breach of Fiduciary Duty"; "Unlawful Imputation of Income Garnishment Violations"; "Judicial Misconduct"; "Violations of Child's Rights and Best Interests"; and "Failure to Prosecute." (Doc. 6 at pp. 48-88).

## II.   ARGUMENTS AND AUTHORITIES

For the reasons that follow, the Court should enter an Order dismissing Defendant Hamrick.

### A.   DEFENDANT HAMRICK SHOULD BE DISMISSED FOR INSUFFICIENT SERVICE OF PROCESS

Under Rule 12(b)(5), the Court may dismiss a Defendant for "insufficient service of process." The burden of proof is on the plaintiff to establish the adequacy of service of process. *Blackmon v. U.S.D. 259 Sch. Dist*., 769 F. Supp. 2d 1267, 1273 (D. Kan. 2011). "If service of process is insufficient under Federal Rules of Civil Procedure, a federal court is without personal jurisdiction over that defendant." *Id.* Here, it appears Plaintiff attempted to serve Defendant

3

Hamrick by mailing it to the records department of the Owasso Police Department.[4]  This is insufficient to constitute personal service on Ms. Hamrick.  12 O.S. §2004(C)(2)(b); Fed. R. Civ. Proc. 4(e)(1).  Plaintiff did not mail a copy of the summons and Amended Complaint by certified mail, return receipt requested, with delivery restricted to the addressee.  12 O.S. §2004(C)(2)(b).  Hence, dismissal is appropriate pursuant to Fed. R. Civ. Proc. 12(b)(5).  *E.g., Hukill v. Oklahoma Native Am. Domestic Violence Coal*., 542 F.3d 794 (10th Cir. 2008) (finding service of process on unauthorized person at defendant's place of business did not sufficiently comply with Oklahoma's service by certified mail statute).

**B.    IN THE ALTERNATIVE, PLAINTIFF'S PLEADING VIOLATES RULE 8 AND IS FRIVOLOUS PER 28 U.S.C. §1915(e)(2)(B).**

In the alternative, Plaintiff's Amended Complaint violates Federal Rule of Civil Procedure 8 and is otherwise frivolous per 28 U.S.C. §1915(e)(2)(B).  Rule 8(a) instructs the plaintiff to plead for relief in a "short and plain statement," while Rule 8(d)(1) adds that each allegation in the complaint must be "simple, concise, and direct."  The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (stating that a complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."). The requirements of Rule 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc*., 767 F. Supp. 1062,

---

[4] Defendant Hamrick is a detective with the City of Owasso police department.

1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022.  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. "As a result, prolix, vague, or unintelligible pleadings violate the requirements of Rule 8."  *Henard v. City of Lakewood*, 2023 WL 11884017, at *2 (D. Colo. Apr. 26, 2023), *adopted*, 2023 WL 11884020.  That is, something "written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs" would violate Rule 8.  *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007).

Here, Plaintiff's Amended Complaint fails to comply with basic Rule 8 requirements. Plaintiff's pleading is composed of conclusory allegations that are strung together in an incoherent manner.  (Doc. 6).  Her Amended Complaint lacks any analysis of how her 30 "claims" have been triggered by her conclusory factual averments.  At best, the Amended Complaint is an incoherent and indecipherable "sovereign citizen" manifesto[5] that implicates child support orders and domestic disputes that have been fully litigated in state court.  Similar to her Complaint in *Stephens v. Child Support Services of Oklahoma*, 2025 WL 1194950 (N.D. Okla. 2025), Plaintiff fails to provide specific factual allegations of misconduct, fails to link the actions of each Defendant to Plaintiff's claims, fails to establish which claims are being asserted against which Defendants, and

---

[5] It goes without saying that the "sovereign citizen" concept has been thoroughly and conclusively rejected as "utterly frivolous" by courts of law.  *Fitts v. Newberry*, 2023 WL 4919666, at *2 (N.D. Okla. 2023) (noting theory as one that "has been consistently rejected by federal courts as ... **utterly frivolous**.") (bold added) (citing numerous cases); *United States v. Palmer*, 699 Fed. Appx. 836, 838 (10th Cir. 2017) ("As for Palmer's sovereign state citizen argument, reasonable jurists could also not disagree that the claim is **plainly frivolous**") (bold added).

fails to show how any Defendant participated in any of the alleged violations of either Plaintiff's rights or federal law.

In short, Plaintiff is attempting to use this Court to avoid the outcome of valid and ongoing state court proceedings, including a pending bench warrant for her arrest. (Ex. 1). As shown by her multiple lawsuits, Plaintiff appears incapable of accepting the finality of any Court Order – whether entered by this Court or by Oklahoma state court judges. Plaintiff's claims have been rejected at every level of review. The present lawsuit is vexatious and should be dismissed pursuant to Rule 8. In addition, Plaintiff's Amended Complaint, as against Defendant Hamrick, is frivolous and should be dismissed per 28 U.S.C. §1915(e)(2)(B).[6]

## C. PLAINTIFF HAS FAILED TO STATE A CLAIM FOR RELIEF AGAINST DEFENDANT HAMRICK

Further, the Complaint fails to state a claim for relief against Defendant Hamrick. In fact, the Complaint contains no substantive factual allegations against Defendant Hamrick. Pursuant to Rule 12(b)(6), dismissal of a claim for relief is appropriate where the plaintiff fails to state a claim upon which relief can be granted. "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003). In testing the legal sufficiency of the

---

[6] "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted." 28 U.S.C. §1915(e)(2)(B). While this provision was originally limited to cases where the plaintiff was proceeding *in forma pauperis*, the section was amended in 1995, and "[t]he statue now appears to permit dismissal of a case as frivolous, regardless of the payment of the filing fee." *Kramer v. Kansas Dep't of Revenue*, 2007 WL 9723637, *3 n.3 (D. Kan. 2007). Of course, the Court also has the "inherent power to regulate federal dockets, promote judicial efficiency, and deter frivolous filings." *Demos v. Keating*, 33 F. App'x 918, 920 (10th Cir. 2002).

complaint, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). Under Rule 12(b)(6), the Court need not accept conclusory allegations as true. *Moffett v. Halliburton Energy Servs., Inc*., 291 F.3d 1227, 1232 (10th Cir. 2002). Rather, to survive dismissal pursuant to Rule 12(b)(6), "a complaint must include 'enough facts to state a claim to relief that is plausible on its face.'" *TON Servs., Inc. v. Qwest Corp*., 493 F.3d 1225, 1236 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 571–72 (2007)). That is, "[t]he allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). In cases involving multiple claims and/or multiple defendants, "[i]t is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom,* to provide each individual with fair notice as to the basis of the claims against him or her . . ." *Id.* at 1250 (italics in original).

Here, the Amended Complaint makes no factual allegations against Defendant Hamrick but simply asserts – without factual support – that Hamrick "violated Plaintiff's constitutional rights" through "fabrication of evidence and malicious prosecution." (Doc. 6, p. 21, ¶32). Plaintiff provides no factual details that would support these conclusory assertions. She has therefore failed to state a plausible claim for relief against Defendant Hamrick. The Court should dismiss the Complaint for failure to state a claim for relief. Fed. R. Civ. Proc. 12(b)(6).

### D.    PLAINTIFF'S CLAIMS SHOULD BE DISMISSED PER THE *YOUNGER* DOCTRINE

In addition, Plaintiff's claims should be dismissed pursuant to the *Younger* doctrine. The *Younger* abstention doctrine recognizes that principles of equity and comity require federal courts to refrain from exercising federal jurisdiction over certain cases when doing so would cause undue

interference in ongoing state-court proceedings.  *See Younger v. Harris*, 401 U.S. 37, 41 (1971); Morrow v. Winslow, 94 F.3d 1386, 1392 (10th Cir. 1996) (discussing *Younger*); *Stephens v. Child Support Services of Oklahoma Dep't of Human Services, et al.*, 2025 WL 1195950 (N.D. Okla. 2025).  As Judge Russell and Judge Eagan have recognized in Plaintiff's other recent filing, a Court "must abstain from exercising jurisdiction when: (1) there is an ongoing state ... proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies."  *Stephens*, 2025 WL 1195950, *5 (citing *Chapman v. Barcus*, 372 Fed. Appx. 899, 901 (10th Cir. 2010)); *Stephens v. Sparkman*, 2023 WL 2994113, *2-3 (N.D. Okla. 2023).

Here, first, there is simply no dispute that Plaintiff seeks relief from active, ongoing state action.  In fact, a bench warrant currently exists for Plaintiff's arrest for failure to pay her child support obligations.  *Stephens v. Stephens*, FD-2015-2228, Tulsa County District Court; Ex. 1, attached hereto.  And, as Judge Russell noted, "the Tulsa County will continue to exercise jurisdiction over the domestic relationships in that case during the years to come."  *Stephens*, 2025 WL 1194950, *5.  In fact, in light of Plaintiff's litigious nature, it is unlikely that those proceedings will ever be concluded (at least in the near term).  Second, Oklahoma provides an adequate forum to address and respond to the domestic matters raised by Plaintiff's allegations.  As Judge Russell recognized, "American jurisprudence is unwavering in holding that domestic matters are the purview of state courts, and federal courts do not attend matters of domestic relations outside of extraordinary circumstances." *Id.* (citing *Wiland v. Stitt*, 2024 WL 4271570, *2 (N.D. Okla. 2024)).  And, third, "the Tulsa court is an adequate, appropriate forum where claims concerning the propriety and collectability of child-support awards can, and should, be addressed—a finding

corroborated by Ms. Stephens's ongoing attempts to have her concerns addressed there." *Id.* These factors counsel in favor of dismissal of Plaintiff's claims for equitable and declaratory relief. *Id.* In addition, any claim for "damages" should be dismissed for failure to state a claim for relief. *Id.*[7]

     **E.**    **PLAINTIFF'S CLAIMS SHOULD BE DISMISSED PER THE *ROOKER-FELDMAN* DOCTRINE AND THE COURT OTHERWISE LACKS JURISDICTION OVER PLAINTIFF'S CHILD CUSTODY DISPUTE**

In the alternative, the Court should dismiss Plaintiff's claims pursuant to the *Rooker-Feldman* doctrine. In this case, Plaintiff's claims arise from state court judgments for child support and child custody. Plaintiff claims to have suffered damages as a result of the orders and findings of state court judges. For that reason, her claims are barred by the *Rooker-Feldman* doctrine because federal courts (other than the U.S. Supreme Court) lack jurisdiction to adjudicate claims seeking review and/or vacation of state court judgments. *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483-84 (1983); *Kiowa Indian Tribe of Okla. v. Hoover*, 150 F.3d 1163, 1169 (10th Cir. 1998) (noting that "federal review of state court judgments can be obtained only in the United States Supreme Court" under 28 U.S.C. §1257). "The *Rooker-Feldman* doctrine prevents lower federal courts from exercising jurisdiction "over cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Bruce v. City & Cnty. of Denver*, 57 F.4th 738, 746 (10th Cir. 2023), *cert. denied*, 144 S. Ct. 79

---

[7] Plaintiff has appealed Judge Russell's Order. *See* 10th Circuit Appeal No. 25-5063. In that Appeal, Plaintiff filed a "Verified Petition for Writ of Mandamus and Emergency Relief," requesting the Tenth Circuit Court of Appeals, *inter alia*, enjoin and stay all state court proceedings, assume "federal jurisdiction" over all "related matters," declare all Oklahoma state court orders "null and void" and order the "immediate return of minor child from Texas." On July 11, 2025, the Court unanimously rejected her request. (Ex. 2, Order). Plaintiff's prior appeal (of an Order issued by Judge Frizzell) was dismissed as untimely. (Ex. 3, Order, Appeal 24-5138).

(2023), *reh'g denied*, 144 S. Ct. 439 (2023) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). "Under *Exxon Mobil*, *Rooker–Feldman* applies only to suits filed after state proceedings are final." *Guttman v. Khalsa*, 446 F.3d 1027, 1032 (10th Cir. 2006).[8]

In this case, Plaintiff's Amended Complaint is littered with allegations of injury suffered from the findings and judgments of state court trial and appellate courts. It appears that many of these findings and orders are now final.[9] Hence, the *Rooker-Feldman* doctrine recognizes a jurisdictional bar on this Court's review of claims because (1) Plaintiff did not prevail in state court; (2) Plaintiff claims that the state court orders and findings have caused her injuries; (3) the state courts rendered their judgments before Plaintiff filed this lawsuit; and (4) Plaintiff is asking this Court to review and reject those state court judgments. (E.g., Doc. 6 at p. 89-91) (demanding, among other things, this Court "vacate and expunge" various state court orders and find that there "shall never be any child support order to be issued against Mother ever"; reverse "licensure-suspensions"; "immediate ordering the return of child immediately to Mother's custody"; "restoration of all parental rights"; "declaration" that "Oklahoma court orders" are "null and void"). In fact, certain of Plaintiff's claims seem to assume that this Court is an appellate court sitting in review of state court proceedings. (Doc. 6 at p. 85, ¶220 ["The appellate court is 'not

---

[8] The *Rooker-Feldman* doctrine supports a finding of lack of **subject matter jurisdiction** per Fed. R. Civ. Proc. 12(b)(1). *E.g., In re Flanders*, 657 F. App'x 808 (10th Cir. 2016) ("The *Rooker-Feldman* doctrine involves subject-matter jurisdiction, which the court can raise on its own.") (finding *Rooker-Feldman* doctrine applied to deprive bankruptcy court of jurisdiction to correct alleged fact-finding errors made by divorce court or to invalidate divorce court's ruling).

[9] Plaintiff has filed 12 different appeals or writ proceedings arising out of her state court divorce case or related cases. It appears that all such proceedings are final. Further, in Oklahoma Supreme Court Appeal No. 122,445, the Court revoked Plaintiff's pauper status due to her filing of documents that lacked any legal or factual basis. A subsequent writ proceeding (Appeal No. 122,859) was dismissed due to Plaintiff's failure to submit a cost deposit, due to the previous revocation of her pauper status. Plaintiff, of course, complains of this ruling in the present lawsuit. (Doc. 6, p. 45, ¶42).

bound either by the reasoning or findings of the trial court' and 'must render, or cause to be rendered, that judgment which in its opinion the trial court should have rendered.'"]).  Hence, the *Rooker-Feldman* doctrine applies and dismissal is appropriate per Fed. R. Civ. Proc. 12(b)(1).

In addition, the Court otherwise lacks jurisdiction over Plaintiff's child custody dispute. The Tenth Circuit has made it clear that "federal courts have no jurisdiction over child-custody disputes." *Shophar v. U.S.*, 838 Fed. Appx. 328, 331 (10th Cir. 2020) ("To the extent that the complaint seeks an injunction to give Mr. Shophar custody of the children or seeks a declaration that he is entitled to that custody, the district court lacked jurisdiction to resolve the merits."). Plaintiff's claims should be dismissed.

## F.    DEFENDANT IS ENTITLED TO QUALIFIED IMMUNITY

In the alternative, Defendant Hamrick is entitled to qualified immunity in her individual capacity.  As a general rule, when government officials are sued for performing discretionary functions, courts recognize the affirmative defense of qualified immunity, which protects "all but the plainly incompetent or those who knowingly violate the law," shielding them from civil liability. *See Anderson v. Creighton*, 483 U.S. 635, 638 (1987), citing *Malley v. Briggs*, 475 U.S. 335, 341 (1986).  Government officials are not liable for actions taken that they mistakenly believe are lawful if the mistake is reasonable in light of the applicable law and facts known to them at the time.  *Axson-Flynn v. Johnson*, 356 F.3d 1277, 1300 (10th Cir. 2004).  Once defendants claim qualified immunity, "the plaintiff initially bears a heavy two-part burden." *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995).  First, Plaintiffs must demonstrate that the defendant's actions violated a constitutional right.  Then, Plaintiffs must show that the constitutional rights were clearly-established at the time of the conduct.  *Id.*  The right allegedly violated must be established "not as a 'broad general proposition' . . . but in a 'particularized sense' so that the contours of the

right are clear to a reasonable official." *Reichle v. Howards*, 132 S. Ct. 2088, 2093 (2012) (internal cites omitted). Existing precedent "must have placed the statutory or constitutional question beyond debate." *Id.* "[I]f officers of reasonable competence could disagree" about the lawfulness of the challenged conduct, then "[qualified] immunity should be recognized." *Gomes v. Wood*, 451 F.3d 1122, 1136 (10th Cir. 2006). If the plaintiff fails to satisfy either part of the two-part inquiry, the court must grant the defendant qualified immunity. *See Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001) (citing *Albright*, 51 F.3d at 1535).

Here, Plaintiff has failed to show that Defendant Hamrick violated any of her constitutional rights. In addition, Plaintiff cannot show that any such right was clearly-established. For that reason, Defendant Hamrick is entitled to qualified immunity in her individual capacity and should be dismissed from this lawsuit.

### G. ANY STATE LAW CLAIMS ARE BARRED BY THE OKLAHOMA GOVERNMENTAL TORT CLAIMS ACT AND PLAINTIFF HAS OTHERWISE FAILED TO STATE A CLAIM FOR RELIEF IN THIS REGARD

It is unclear whether Plaintiff has attempted to pursue state-law claims against Defendant Hamrick. But, even assuming she has done so by suing "Defendants" generically, Plaintiff fails to allege in her Amended Complaint her compliance with the Oklahoma Governmental Tort Claims Act ("GTCA") which is fatal to Plaintiff's suit. To successfully bring a GTCA tort claim, an individual must comply with the notice and commencement provisions of the GTCA. *See* 51 O.S. §§ 153 and 156; *Barrios v. Haskell Cty. Pub. Facilities Auth*., 432 P.3d 233 (Okla. 2018); *Gurley v. Memorial Hospital of Guymon*, 770 P.2d 573, 576 (Okla. 1989) (noting that the GTCA "narrowly structures the method for bringing a tort claim against a political subdivision."). Notice is a central component of the GTCA. *See* 51 O.S. § 157(B) ("No action for any cause arising under this act . . . shall be maintained unless valid notice has been given[.]"). Plaintiff has not alleged compliance

with the GTCA in this regard with respect to Defendant Hamrick.  Hence, any state law claims pursued against Defendant Hamrick in her official capacity should be dismissed.  And Plaintiff has otherwise failed to articulate any state law claims against Defendant in her individual capacity.  Because of this, Plaintiff has "not nudged [her] claims across the line from conceivable to plausible[.]" *See Twombly*, 550 U.S. at 547.

## III.    CONCLUSION

Plaintiff's Amended Complaint should be dismissed for lack of proper service; and because it was filed in violation of Rule 8; and because it is frivolous under 28 U.S.C. §1915(e)(2)(B).  In addition, Plaintiff has failed to state a claim for relief, considering Plaintiff's Amended Complaint contains no factual averments in support of any claims against Defendant Hamrick.  Further, the *Younger* and *Rooker-Feldman* doctrines apply, and the Court otherwise lacks jurisdiction over child custody disputes.  Finally, Defendant Hamrick is entitled to qualified immunity in her individual capacity, and any state law claims are barred by the GTCA and because Plaintiff has failed to state a claim for relief in this regard.

WHEREFORE, premises considered, Defendant Penny Hamrick requests the Court enter an order of dismissal as to any claims asserted against her, and enter other appropriate relief.

Respectfully submitted,

**BEST & SHARP**

*s/ Matthew B. Free*
Thomas A. LeBlanc, OBA #14768
tleblanc@bestsharp.com
Matthew B. Free, OBA #18055
mfree@bestsharp.com
Nathan A. Miramontes, OBA #36212
nmiramontes@bestsharp.com
Williams Center Tower 1

13

One West Third Street, Suite 900
Tulsa, OK 74103
Telephone: (918) 582-1234
Facsimile: (918) 585-9447
*Attorney for Defendant,*
*Penny Hamrick, in her Individual and*
*Official Capacity as Detective of Owasso*
*Police Department of Rogers County*

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on 5th day of August, 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants in this case.

*s/ Matthew B. Free*