FILED
United States Court of Appeals
Tenth Circuit

December 5, 2024

Christopher M. Wolpert
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

───────────────────────────────

LINH TRAN STEPHENS,

    Plaintiff - Appellant,

v.

ERICA PARKS; DALE WARNER; CHANDLER MOXLEY; ERICA PARKS LAW FIRM, PLLC; DALE WARNER P.L.L.C.; TAMERA A. CHILDERS, PLLC; MOXLEY LAW FIRM, PLLC; DOES 1 - 10,

    Defendants - Appellees.

No. 24-5138
(D.C. No. 4:24-CV-00259-GKF-MTS)
(N.D. Okla.)

───────────────────────────────

**ORDER**

───────────────────────────────

Before **BACHARACH**, **MORITZ**, and **EID**, Circuit Judges.

───────────────────────────────

    Pro se plaintiff Linh Tran Stephens appeals the district court's order and separate judgment dismissing the underlying civil case. The notice of appeal was filed after the deadline passed, however. Consequently, we conclude this court lacks jurisdiction to consider the appeal and dismiss it. *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1274 (10th Cir. 2001) ("[W]e have an independent duty to examine our own jurisdiction.").

    In a civil case like this one, a notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). "A timely notice of appeal is both mandatory and

EXHIBIT 3

jurisdictional." *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1239 (10th Cir. 2006) (quotation omitted). Although Ms. Stephens does not have an attorney, she must comply with procedural timeliness requirements the same as any other litigant. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

In this case, the district court's final judgment was entered July 9, 2024. To be timely, the notice of appeal had to be filed by August 8, 2024. Ms. Stephens did not file the notice of appeal until November 26, 2024, 110 days after the deadline to appeal the judgment passed. This court has no authority to ignore or make exceptions to the jurisdictional requirement to file a timely notice of appeal. *Bowles v. Russell*, 551 U.S. 205, 214 (2007). So, "[t]he time limit has run[,] and we are without jurisdiction under the facts of this case." *Jenkins v. Burtzloff*, 69 F.3d 460, 464 (10th Cir. 1995).

APPEAL DISMISSED.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk