IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LINH TRAN STEPHENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-cv-322-SEH-JFJ |
| | ) | |
| STATE OF OKLAHOMA and all employees/, | ) | |
| contractors/successors, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

---

**DEFENDANT CHARLES SCHWAB & CO., INC.'S MOTION TO DISMISS
AND BRIEF IN SUPPORT**

---

Tara A. LaClair, OBA #21903 (Lead Trial Counsel)
Jennifer N. Lamirand, OBA #31398
**BRESSLER, AMERY & ROSS, P.C.**
6608 N. Western Avenue, #1213
Oklahoma City, Oklahoma 73116
Telephone: (405) 901-5984
tlaclair@bressler.com
jlamirand@bressler.com
**ATTORNEYS FOR DEFENDANT
CHARLES SCHWAB & CO., INC.**

# TABLE OF CONTENTS

INTRODUCTION ....................................................................................................1

FACTUAL BACKGROUND .....................................................................................3

    The Tulsa County District Court Proceedings and Child Support Orders ............4

    CSS's Levy of Plaintiff's Schwab Account for Past-Due Child Support .............5

    Plaintiff's United States District Court for the Northern District of Oklahoma
    Case Against Schwab and Others..........................................................................6

ARGUMENT AND AUTHORITIES ..........................................................................7

    I.    THE ROOKER-FELDMAN DOCTRINE PREVENTS REVIEW OF
        ANY FINAL ORDERS FROM THE STATE COURT
        PROCEEDINGS ........................................................................................8

    II.    THE COURT SHOULD DISMISS ALL CLAIMS SEEKING TO
        INTERFERE IN ONGOING STATE COURT PROCEEDINGS FOR
        LACK OF SUBJECT MATTER JURISDICTION BASED ON
        *YOUNGER* ABSTENTION .......................................................................9

    III.    RES JUDICATA PRECLUDES RELITIGATION OF SEVERAL
        CLAIMS ASSERTED IN THE AMENDED COMPLAINT AGAINST
        CHARLES SCHWAB...............................................................................12

    IV.    PLAINTIFF FAILS TO STATE A CLAIM FOR RELIEF AGAINST
        SCHWAB IN THE AMENDED COMPLAINT .......................................13

        A.  The Court Should Dismiss Claims #1, #3, #4, #5, #7, #9, #11, and
           #15 as to Schwab as Schwab Does Not Constitute a State Actor.........13

        B.  The Court Should Dismiss Claim #6 for Violation of ERISA
           as to Schwab ....................................................................................15

        C.  The Court Should Dismiss Claims #8 and #18 for Violations of
           the Americans with Disabilities Act as to Schwab..............................15

        D.  The Court Should Dismiss Claim #10 for Fraud Against the
           Federal Government—False Claims Act as to Schwab.......................15

i

E.  The Court Should Dismiss Claim #12 as to Schwab as Plaintiff Fails to Plead an Actionable Claim for Conspiracy to Interfere with Her Civil Rights .................................................................................16

F.  The Court Should Dismiss Claim #13 as to Schwab as Plaintiff Fails to Plead an Actionable Claim for Failure to Prevent Civil Rights Violations ...............................................................................17

G.  Plaintiff Does Not Directly Include Schwab in Claims #2, #14, #21, And #24-30, and These Claims Appear to Involve Complaints About State Actors, Not Financial Institution Schwab........................18

H.  The Court Should Dismiss Claims #16, #17, and #23 as No Civil Cause of Action for Deprivation of Rights Under Color of Law and Conspiracy Against Rights Pursuant to 18 U.S.C. §§ 241 and 242 Exist .......................................................................................20

I.  The Court Should Dismiss Claim #19 for Fraud Upon the Court and Void Judgments as to Schwab .......................................................21

J.  The Court Should Dismiss Claim #20 for Outrage and Intentional Infliction of Emotional Distress as to Schwab ....................................21

K.  The Court Should Dismiss Claim #22 as Plaintiff Has Not Sufficiently Pled the Existence of a RICO Conspiracy.......................22

CONCLUSION ........................................................................................23

# TABLE OF AUTHORITIES

**Cases**                                                                      **Page(s)**

*Alston v. Spiegel*,
 988 F.3d 564 (1st Cir. 2021) ....................................................................... 16

*Amanatullah v. State Bd. of Med. Exam'rs*,
 187 F.3d 1160 (10th Cir. 1999) .................................................................... 9

*Andrews v. Heaton*,
 483 F.3d 1070 (10th Cir. 2007) .................................................................... 20

*Ankenbrandt v. Richards*,
 504 U.S. 689 (1992) ...................................................................................... 11

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ...................................................................................... 7

*Beck v. Prupis*,
 529 U.S. 494 (2000) ...................................................................................... 22

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) ...................................................................................... 7

*Diaz v. Paul J. Kennedy L. Firm*,
 No. CIV 00-0735 ........................................................................................... 22

*District of Columbia Court of Appeals v. Feldman*,
 460 U.S. 462 (1983) ...................................................................................... 3, 8

*Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico*,
 410 F.3d 17 (1st Cir. 2005) .......................................................................... 8

*Gee v. Pacheco*,
 627 F.3d 1178 (10th Cir. 2010) .................................................................... 4

*Guttman v. G.T.S. Khalsa*,
 446 F.3d 1027 (10th Cir. 2006) .................................................................... 8

*Kenney v. Helix TCS, Inc.*,
 939 F.3d 1106 (10th Cir. 2019) .................................................................... 7

*King v. Union Oil Co.*,
   117 F.3d 443 (10th Cir. 1997) ...................................................................... 12

*Knight v. Mooring Cap. Fund, LLC*,
   749 F.3d 1180 (10th Cir. 2014) .................................................................... 13

*Leo v. Garmin Int'l, Inc.*,
   464 Fed. Appx. 737 (10th Cir. 2012)............................................................ 12

*Lindke v. Freed*,
   601 U.S. 187 (2024) ....................................................................................... 14

*Moore v. Sims*,
   442 U.S. 415 (1979)........................................................................................ 11

*Morrow v. Winslow*,
   94 F.3d 1386 (10th Cir.1996) ........................................................................ 11

*Phillips v. Martin*,
   315 Fed. App'x 43 (10th Cir. 2008) ............................................................. 11

*Rooker v. Fidelity Trust Co.*,
   263 U.S. 413 (1923)...................................................................................... 3, 8

*Santistevan v. Loveridge*,
   732 F.2d 116 (10th Cir. 1984) ...................................................................... 17

*Serna v. Denver Police Dep't*,
   58 F.4th 1167 (10th Cir. 2023) ..................................................................... 20

*Serna v. Webster*,
   No. 23-2091, 2023 WL 6382099 (10th Cir. Oct. 2, 2023) (unpublished) ................. 20

*Slocum v. Corporate Express US Inc.*,
   446 Fed. Appx. 957 (10th Cir. 2011)............................................................ 12

*Tilton v. Richardson*,
   6 F.3d 683 (10th Cir. 1993) .............................................................. 14, 16, 17

*Tucker v. United States Court of Appeals for Tenth Circuit*,
   815 Fed. App'x 292 (10th Cir. 2020) ........................................................... 20

*Williams v. Jewell*,
   107 F.3d 881, 1997 WL 100929 (10th Cir. Mar. 7, 1997) ........................... 11

iv

*Younger v. Harris*,
   401 U.S. 37 (1971) ................................................................. 3, 9, 10, 11, 23

## Statutes

18 U.S.C. § 241 ............................................................................... 6, 20

18 U.S.C. § 242 ........................................................................... 6, 12, 20

18 U.S.C. § 641 ..................................................................................... 6

18 U.S.C. § 643 ..................................................................................... 6

18 U.S.C. § 644 ..................................................................................... 6

18 U.S.C. § 648 ..................................................................................... 6

18 U.S.C. § 649 ..................................................................................... 6

18 U.S.C. § 650 ..................................................................................... 6

18 U.S.C. § 651 ..................................................................................... 6

18 U.S.C. § 652 ..................................................................................... 6

18 U.S.C. § 653 ..................................................................................... 6

18 U.S.C. § 1201 ..................................................................................... 6

18 U.S.C. § 1962(d) ............................................................................... 22

18 U.S.C. § 1964(c) ............................................................................... 22

18 U.S.C. § 2340 ..................................................................................... 6

22 U.S.C. § 7102(1) ............................................................................... 6

28 U.S.C. § 4101(1) ............................................................................... 6

42 U.S.C. § 666 ..................................................................................... 5

42 U.S.C. § 1983 ........................................................................... 6, 12, 13

42 U.S.C. § 1985 ............................................................................... 16, 17

42 U.S.C. § 1986 ..................................................................................... 17

**Other Authorities**

Eighth Amendment of the U.S. Constitution................................................................. 13, 14

First Amendment of the U.S. Constitution .................................................................... 13, 14

Fifth Amendment of the U.S. Constitution ................................................................... 13, 14

Fourteenth Amendment of the U.S. Constitution .......................................................... 13, 14

Federal Rule of Civil Procedure 12(b)(6)........................................................ 1, 3, 4, 7, 12, 23

Full Faith and Credit Clause of the U.S. Constitution........................................................ 18

Defendant Charles Schwab & Co., Inc. ("Schwab") moves the Court to dismiss with prejudice all claims in the Complaint asserted against Schwab pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief may be granted, due to lack of subject matter jurisdiction, and due to res judicata principles.  In support of this Motion, Schwab shows the Court as follows:

### INTRODUCTION

Since 2015 Plaintiff has been a party to a family law proceeding in the Oklahoma District Court in and for Tulsa County.  *See Stephens v. Stephens*, Case No. FD-2015-2228 (Tulsa County).  On October 14, 2022, the Tulsa County District Court ordered Plaintiff to pay child support to her ex-husband, and Plaintiff thereafter failed to comply with that order.  Accordingly, a child support proceeding was opened by Defendant Child Support Services of the Oklahoma Department of Human Services ("CSS"), and CSS issued a Notice of Levy to Schwab requiring, first, that it freeze Plaintiff's accounts and, later, that it liquidate securities owned by Plaintiff in order to satisfy the levy.

On February 20, 2024, the Tulsa County District Court issued an Order Modifying the Decree of Dissolution of Marriage, which included findings of fact and conclusions of law regarding Plaintiff's non-compliance with her past child support obligations and set the amount of those obligations moving forward.  Since that time, Plaintiff has filed several pleadings demanding that the Tulsa County District Court find that her Schwab accounts were exempt from garnishment and that she has an entitlement to a hardship exemption to

relieve her of the obligation to pay child support. Plaintiff has also taken these issues up on appeal.

Despite the ongoing state court and administrative proceedings, Plaintiff has also pursued litigation against a multitude of parties involved in the state court process through the federal courts.  In May 2024, Plaintiff filed Northern District of Oklahoma Case No. 24-cv-216-JDR-CDL against Schwab, an employee of Schwab, CSS, Cierra Freeman (a court-appointed attorney from the state court process), Emmalene Stringer (an attorney for CSS), and Oklahoma state employees Renee Banks and Jason Hoenshell.  That Complaint asserted claims to ask this Court to vacate the child support orders of the Tulsa County District Court, hold that child support was improperly awarded, and stay all garnishment proceedings by CSS and its employees.  Plaintiff, thus, plainly asked the Court to interfere with ongoing state civil and administrative proceedings involving matters which traditionally look to state law for their resolution and/or implicate significant state policies. The Complaint further attempted to assert causes of action pursuant to federal criminal statutes for which no private civil cause of action exists and to apply facially inapplicable civil statutes.  All defendants in the case filed motions to dismiss, and the Court granted those motions, dismissing all claims, on April 24, 2025, in the Order attached hereto as Exhibit 1.  Plaintiff appealed that Order to the Tenth Circuit Court of Appeals in Tenth Circuit Case No. 25-5063.  That appeal remains pending.

As Plaintiff attempts to assert some of the very same, deficient claims against Schwab in this matter as she asserted in Case No. 24-cv-216-JDR-CDL, she needs to pursue those claims through the already pending appeal in the Tenth Circuit.  Res judicata

prevents her from reasserting the very same causes of action against Schwab here.  As to any new claims, or any claims permitted to continue, the very same arguments support their dismissal as those presented in the prior matter.  The *Rooker-Feldman* doctrine (arising from *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)) and the *Younger* abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971), require the federal district courts to refrain from exercising federal jurisdiction over certain cases when doing so would unduly interference in state court proceedings.  Depending on the orders and proceedings Plaintiff intends to challenge here, those doctrines still apply and dictate the dismissal of many of Plaintiff's alleged causes of action.  Additionally, all causes of action Plaintiff attempts to allege against Schwab require dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief may be granted.  In fact, Plaintiff fails to even mention Schwab in her extensive Amended Complaint following the identification of the various defendants.

All of Plaintiff's claims require dismissal.  As Plaintiff cannot state a claim against Schwab under the legal principles included in the Amended Complaint, any grant of leave to amend would be futile.  Therefore, Schwab requests the Court to dismiss all claims in the Amended Complaint against Schwab with prejudice.

## FACTUAL BACKGROUND

The following is a summary of the facts alleged by Plaintiff in the Amended Complaint [Dkt. 6], along with the terms of (1) documents that Plaintiff relies on and incorporates into the Amended Complaint, (2) documents referenced in the Amended

Complaint central to Plaintiff's claims and whose authenticity cannot be disputed, and (3) matters of which the Court may take judicial notice. *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). While Schwab disputes many of the facts alleged by Plaintiff, they accept them herein in accordance with Federal Rule of Civil Procedure 12(b)(6). Schwab also attaches hereto copies of public court records from the legal proceedings at issue for ease of reference, but those documents all remain matters of which the Court can take judicial notice.

### The Tulsa County District Court Proceedings and Child Support Orders

1.    Since 2015 Plaintiff has participated as a party in a family law proceeding in the District Court of Oklahoma in and for Tulsa County captioned *Stephens v. Stephens*, Case No. FD-2015-2228 [hereinafter the "Tulsa County Case"]. *See* Amended Compl. pp. 32-34 (acknowledging acts taken in Case No. FD-2015-2228).[1]

2.    On October 14, 2022, the Tulsa County District Court issued a Child Support Order in the Tulsa County Case.[2] Amended Compl. pp. 40-41; *see also*, Exhibit 2. This Order established Plaintiff's obligation to pay child support to her ex-husband for the support of their daughter.

3.    On February 20, 2024, the Tulsa County District Court issued an Order Modifying the Decree of Dissolution of Marriage in the Tulsa County Case. *See* Amended

---

[1] Schwab refers to pages in the Amended Complaint as numbered by Plaintiff.

[2] Plaintiff generally refers to this Order throughout the Amended Complaint, but she also expressly asks the Court to vacate it in her prayer for relief on page 89 of the Amended Complaint. This makes the Order central to Plaintiff's claims.

Compl. pp. 40-44; *see also*, Exhibit 3.[3]  In addition to providing a lengthy history of the divorce and child support proceedings, this Order modified the amount of child support payable by Plaintiff to her ex-husband going forward and also found that Plaintiff owed "an arrearage judgment in the principal amount of $61,794.52 for the period August, 2017 to March 1, 2024."  Exhibit 3 at p. 26.

4.      Plaintiff appealed, or attempted to appeal, these and other orders from the Tulsa County Case through Oklahoma Supreme Court case numbers 121254, 120612, 120848, 120849, and 122022.  The Supreme Court either affirmed the Tulsa County Case Orders in these appeals or dismissed them.  The Court also remanded certain attorneys' fees matters back to the Tulsa County District Court for determination in the Tulsa County Case, and those proceedings remain ongoing.

### CSS's Levy of Plaintiff's Schwab Account for Past-Due Child Support

5.      As acknowledged by Plaintiff, in response to the Court's Orders in the Tulsa County Case, CSS, through an administrative proceeding, issued a levy of Plaintiff's Schwab retirement account to cover past-due child support in the amount of $64,445.92. Amended Compl. pp. 26, 35, 40-41, and 43.

6.      The levy was issued by CSS pursuant to its authority to attach or seize assets of noncustodial parents in financial institutions.  42 U.S.C. § 666

---

[3] Plaintiff generally refers to this Order throughout the Amended Complaint, but she also expressly asks the Court to vacate it in her prayer for relief on page 89 of the Amended Complaint.  This makes the Order central to Plaintiff's claims.

**<u>Plaintiff's United States District Court for the Northern District of Oklahoma Case Against Schwab and Others</u>**

7. Plaintiff filed her Complaint in U.S. District Court for the Northern District of Oklahoma Case No. 24-cv-00216 against CSS, Schwab, and others on May 8, 2024, shortly after the execution of the levy.[4]  That Complaint asserted claims to ask this Court to vacate the child support orders of the Tulsa County District Court, hold that child support was improperly awarded, and stay all garnishment proceedings by CSS and its employees. *See* Exhibit 4.  Plaintiff asserted causes of action against Schwab for an injunction to stop all garnishment, levying, and liquidation; for a violation of the Fair Debt Collection Practices Act; for mail, wire, and bank fraud; for a RICO conspiracy against her rights under Title 18, section 241 of the U.S. Code; for violations of her civil rights under Title 42, section 1983 and Title 18, section 242 of the U.S. Code in connection with various U.S. Constitutional rights; a breach of confidentiality of financial records; a deprivation of her rights under Title 18, sections 242, 641, and 1201 and Title 22, section 7102(1) of the U.S. Code; for intentional infliction of emotional district under Title 18, section 2340 of the U.S. Code; for misappropriate of state funds under Title 18, sections 643, 644, 648, 649, 650, 651, 652, and 653 of the U.S. Code; for extortion and abusive debt collection practices; and for defamation under Title 28, section 4101(1) of the U.S. Code.  *See* Exhibit 4.  All

---

[4] Plaintiff has also filed at least two additional lawsuits relating to the Tulsa County Case: (1) *Stephens v. Seibert*, Case No. 23-cv-553-GKF-SH (N.D. Okla.), against the judge of the Tulsa County District Court as well as Plaintiff's ex-husband and his attorney; and (2) *Stephens v. Parks*, Case No. 24 cv-2590-GKF-MTS (N.D. Okla.), against several of Plaintiff's former attorneys.

of these causes of action as to Schwab arose from a challenge to the executed levy against Plaintiff's Schwab retirement account. *See, generally*, Exhibit 4.

8.    The Court dismissed all claims against Schwab and the other named defendants in an Order granting their respective motions to dismiss on April 24, 2025. Exhibit 1.

9.    As acknowledged by Plaintiff by reference in the Amended Complaint, Plaintiff appealed the dismissal of her claims by the Court in Tenth Circuit Court of Appeals Case No. 25-5063. *See, e.g.*, Amended Compl. pp. 38, 63, 76, 92. That appeal remains pending.

## <u>ARGUMENT AND AUTHORITIES</u>

On a motion to dismiss, courts require "enough facts to state a claim to relief that is plausible on its face." *Kenney v. Helix TCS, Inc*., 939 F.3d 1106, 1109 (10th Cir. 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also*, *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 570. When deciding a motion to dismiss under Rule 12(b)(6), the Court should accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in plaintiff's favor. *See Kenney*, 939 F.3d at 1109. However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

I.      **THE ROOKER-FELDMAN DOCTRINE PREVENTS REVIEW OF ANY FINAL ORDERS FROM THE STATE COURT PROCEEDINGS.**

The *Rooker-Feldman* doctrine comes from decisions in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). This doctrine makes the United States Supreme Court the only court that can hear appeals from final judgments of state courts. *Guttman v. G.T.S. Khalsa*, 446 F.3d 1027, 1031 (10th Cir. 2006). Thus, federal district courts do not have subject matter jurisdiction to review a case resolved by state courts. *Id*.

The *Rooker-Feldman* doctrine applies to cases "brought 'after the state proceedings have ended.'" *Id.* A judgment is considered final for purposes of the *Rooker-Feldman* doctrine when "the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved", "a state action has reached a point where neither party seeks further action"; or "if the state court proceedings have finally resolved all the federal questions in the litigation, but state law or purely factual questions (whether great or small) remain to be litigated." *Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico*, 410 F.3d 17, 24 (1st Cir. 2005).

Plaintiff does not clearly state each of the state court proceedings/orders/judgments that she challenges in the Amended Complaint. However, she does refer to orders from the Tulsa County case finding Plaintiff in contempt for failing to pay child support (issued on February 7, 2024) and making child custody and support decisions (dated October 17, 2022, and February 20, 2024). Amended Compl. p. 89. She also specifically asks the

8

Court to vacate such orders and issue other injunctive relief related to them. Amended Compl. p. 89.

Plaintiff appealed, or attempted to appeal, these and other orders through Oklahoma Supreme Court case numbers 121254, 120612, 120848, 120849, and 122022. Those appeals proceeded, and the Supreme Court either issued mandates affirming the orders of the Tulsa County District Court or dismissed the appeals. The orders addressed in these appeals have reached finality, and any challenges to them must go to the United States Supreme Court, not the present Court, under the *Rooker-Feldman* doctrine.

## II.    THE COURT SHOULD DISMISS ALL CLAIMS SEEKING TO INTERFERE IN ONGOING STATE COURT PROCEEDINGS FOR LACK OF SUBJECT MATTER JURISDICTION BASED ON *YOUNGER* ABSTENTION.

The *Younger* abstention doctrine recognizes that principles of equity, comity, and federalism motivate a "longstanding public policy against federal court interference with state court proceedings." *Younger*, 401 U.S. at 43-45.

> *Younger* dictates that a federal district court abstain from exercising jurisdiction over federal claims when (1) a state criminal, civil or administrative proceeding is pending; (2) the state court provides an adequate forum to hear the claims raised in the federal complaint; and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies. Id.

*Amanatullah v. State Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999). Absent extraordinary circumstances, abstention is mandatory when these elements are satisfied. *Id*.

9

In this case, although not clearly presented in the Amended Complaint, the facts as alleged suggest that Plaintiff wants the Court to directly interference in state court proceedings and vacate various orders in the Tulsa County Case. Through the Amended Complaint, Plaintiff asks the Court, among other things, to vacate and expunge child support and contempt for failure to pay child support orders from the Tulsa County Case, to reinstate a former child support order issued in the Oregon courts, to order the return of her daughter to Plaintiff's custody, to order that Plaintiff will never have to pay child support, to reverse various license suspensions by Oklahoma state authorities, to enjoin all further enforcement actions, to find all Oklahoma court orders violating the Oregon divorce decree null and void, and to order the return of retirement funds levied due to Plaintiff's failure to pay child support. Amended Compl. pp. 89-91. As discussed above, Plaintiff has appealed several of these orders through the Oklahoma appellate courts, and these claims have reached finality. Therefore, any further reviews of such orders must go to the U.S. Supreme Court under the *Rooker-Feldman* doctrine.

To the extent Plaintiff intends by this case to challenge any orders in the state civil proceedings occurring in the Tulsa County Case that she has not yet appealed, or to take other action to provide relief on issues for decision therein, Plaintiff asks the Court to interfere in ongoing state court proceedings. As for the second element for the *Younger* doctrine, the Amended Complaint contains no allegations that the Tulsa County District Court and the Oklahoma Court of Civil Appeals/Oklahoma Supreme Court do not provide an adequate forum for the review of the orders of the State. In fact, Plaintiff acknowledges in the Amended Complaint that she has utilized her ability to appeal orders issued in the

state court proceedings through Oklahoma's appellate courts. *See* Amended Compl. p. 39. Finally, domestic relations, including child support obligations, constitute traditional areas of state concern that involve important state interests. *See, e.g., Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (whole subject of domestic relations of husband and wife, parent and child, belongs to laws of states and not laws of United States); *Moore v. Sims*, 442 U.S. 415, 435 (1979) (family relations are traditional area of state concern); *Williams v. Jewell*, 107 F.3d 881, 1997 WL 100929, at *2 (10th Cir. Mar. 7, 1997) (issues involving family relations pose questions of important state interest); *Morrow v. Winslow*, 94 F.3d 1386, 1397 (10th Cir.1996) (state has interest in orderly conduct of proceedings in its courts in manner which protects interest of child and family).

As all three factors for *Younger* abstention have been met, this Court should decline to exercise jurisdiction over any claims asserted by Plaintiff which <u>directly</u> ask the Court to interfere with state proceedings. *See Phillips v. Martin*, 315 Fed. App'x 43 (10th Cir. 2008) (affirming order of district court abstaining from hearing lawsuit asking court to enjoin plaintiff's ex-wife from efforts to collect child support). Plaintiff will have her challenges to state court child custody and support orders heard by the appellate courts of the State of Oklahoma, and she can seek any further review from there with the U.S. Supreme Court. This Court should not interfere with the progress of those claims in the state courts.

### III. RES JUDICATA PRECLUDES RELITIGATION OF SEVERAL CLAIMS ASSERTED IN THE AMENDED COMPLAINT AGAINST CHARLES SCHWAB

Res judicata "precludes re-litigation between parties of claims that were (or could have been) raised in an earlier action that reached a final judgment on the merits." *Slocum v. Corporate Express US Inc*., 446 Fed. Appx. 957, 960 (10th Cir. 2011). A dismissal of claims based on Federal Rule Civil Procedure 12(b)(6) constitutes "an adjudication on the merits (not a technical or procedural dismissal), since it requires an evaluation of the substance of a complaint." *Id*. To apply res judicata, a party must show three elements: "(1) a judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits." *King v. Union Oil Co.*, 117 F.3d 443, 445 (10th Cir. 1997). A district court order resolving a case on the merits qualifies as a final order for res judicata purposes even while an appeal of that order remains pending. *See Leo v. Garmin Int'l, Inc.*, 464 Fed. Appx. 737, 740 (10th Cir. 2012).

Plaintiff asserts causes of action in the Amended Complaint against Charles Schwab for violations of Title 42, Section 1983 of the U.S. Code (Claims #1, #3, #4, #5, #7, #9, #11, and #15), a civil cause of action for deprivation of rights under color of law under Title 18, section 242 of the U.S. Code (Claim #16), and racketeering activity in violation of RICO (Claim #22). Plaintiff asserted the same causes of action against Charles Schwab in her previous case in U.S. District Court for the Northern District of Oklahoma Case No. 24-cv-00216. *See* Exhibit 4. The Court dismissed those causes of action in its Order entered on April 24, 2025. *See* Exhibit 1. Plaintiff's appeal of that Order to the Tenth Circuit Court of Appeals in that case, Case No. 25-5063, remains pending, but the Order

still qualifies as final for res judicata purposes.  As these exact claims have already been adjudicated once in this Court, res judicata bars Plaintiff from pursuing them again in the present case.

## IV.   PLAINTIFF FAILS TO STATE A CLAIM FOR RELIEF AGAINST SCHWAB IN THE AMENDED COMPLAINT.

The Amended Complaint purports to state a variety of causes of action against Schwab without any specificity as to the acts by Schwab at issue.  In fact, the 101 pages of Plaintiff's Amended Complaint do not even mention Schwab outside of the lists and descriptions of the parties on pages 17 and 26.  The lack of any factual allegations addressing Schwab makes the entire Amended Complaint deficient as to Schwab.  Additionally, many of the causes of action asserted against Schwab involve alleged rights to relief under a variety of federal statutes that do not create causes of action against financial institution Schwab as a matter of law.  As discussed below, Schwab requests the Court to dismiss all such causes of action.  Additionally, as amendment cannot cure the defects in these claims, Schwab asks the Court to dismiss them with prejudice.  *Knight v. Mooring Cap. Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014) (dismissal with prejudice appropriate where futile to give pro se plaintiff an opportunity to amend).

### A.   The Court Should Dismiss Claims #1, #3, #4, #5, #7, #9, #11, and #15 as to Schwab as Schwab Does Not Constitute a State Actor.

In Claims # 1 and #3, Plaintiff appears to assert claims against Schwab (as one of "all defendants") for violation of civil rights under Title 42, Section 1983 of the U.S. Code and violations of the First, Fifth, Eighth, and Fourteenth Amendments of the U.S. Constitution.  Section 1983 "protects against acts attributable to a State, not those of a

private person.  This limit tracks that of the Fourteenth Amendment, which obligates *States* to honor the constitutional rights that § 1983 protects."  *Lindke v. Freed*, 601 U.S. 187, 194-95 (2024) (italics in the original).  "In short, the state-action requirement is both well established and reinforced by multiple sources."  *Id*. at 195.  Schwab does not constitute a state actor, as Plaintiff acknowledges in her description of Schwab as a private entity. Amended Compl. p. 17.  Accordingly, Plaintiff cannot state a claim against Schwab under Section 1983 as a matter of law.

Plaintiff also generally purports to assert a claim against Schwab for deprivation of rights under the First, Fifth, Eighth, and Fourteenth Amendments of the U.S. Constitution. The U.S. Constitutional protections in these amendments protect against official, governmental encroachment, not encroachment by private actors.  *See Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993).  Plaintiff also fails to include any allegations that identify the acts of Schwab that allegedly violate these Constitutional provisions. Rather, the Amended Complaint provides a litany of grievances against the Oklahoma state courts relating to prior trials, orders, and acts of Oklahoma government actors in connection therewith.  Aside from the general reference to "seizing" Plaintiff's retirement account, which was held at Schwab, Plaintiff does not include any reference to Schwab or its involvement in these state court proceedings whatsoever.  Additionally, again, no acts of Schwab constitute government action, so Plaintiff cannot assert a cause of action against Schwab for this type of alleged violation.

**B.      The Court Should Dismiss Claim #6 for Violation of ERISA as to Schwab.**

In Claim # 6, Plaintiff alleges that the Oklahoma Department of Human Services and Oklahoma courts violated federal law, namely ERISA, by, *inter alia*, seizing her 401(k) retirement account held at Schwab.   Plaintiff specifically directs her allegations here against State defendants, not Schwab.  Amended Compl. pp. 59-61.  As such, she has failed to state a claim against Schwab, and Schwab requests the Court dismiss this cause of action as to Schwab.

**C.      The Court Should Dismiss Claims #8 and #18 for Violations of the Americans with Disabilities Act as to Schwab.**

In Claims # 8 and #18, Plaintiff alleges that Oklahoma courts violated the Americans with Disabilities Act in various ways in her Oklahoma court proceedings.  Amended Compl. pp. 62, 75.  While Plaintiff directs this cause of action to all defendants, she also states that the Act "prohibits discrimination by public entities".  Amended Compl. p. 62.  Plaintiff specifically directs her allegations here against State defendants for acts in connection with the Tulsa County Case, not Schwab.  As such, she has failed to state a claim against Schwab, and Schwab requests the Court dismiss this cause of action as to Schwab.

**D.      The Court Should Dismiss Claim #10 for Fraud Against the Federal Government – False Claims Act as to Schwab.**

In Claim # 10, Plaintiff alleges that the Oklahoma Department of Human Services committed fraud against the federal government.  Amended Compl. p. 65.  While Plaintiff directs this cause of action to all defendants, her specific allegations within the paragraphs

associated with the cause of action address only claims for reimbursement submitted to the federal government by Oklahoma State actors, particularly Oklahoma Department of Human Services. Amended Compl. pp. 66-67. Plaintiff specifically directs her allegations here against State defendants, not Schwab. As such, she has failed to state a claim against Schwab, and Schwab requests the Court dismiss this cause of action as to Schwab.

**E.    The Court Should Dismiss Claim #12 as to Schwab as Plaintiff Fails to Plead an Actionable Claim for Conspiracy to Interfere with Her Civil Rights.**

In Claim # 12, Plaintiff alleges that certain parties conspired to interfere with her civil rights in violation of Title 42, section 1985 of the U.S. Code. This statute provides "a remedy for acts of civil conspiracy in which two or more individuals conspire for the purpose of depriving another of rights or privileges accorded to them by law." *Alston v. Spiegel*, 988 F.3d 564, 577 (1st Cir. 2021). In order for a plaintiff to plead a claim under this provision, the plaintiff "must allege the existence of a conspiracy, allege that the purpose of the conspiracy is 'to deprive the plaintiff of the equal protection of the laws,' describe at least one overt act in furtherance of the conspiracy, and 'show either injury to person or property, or a deprivation of a constitutionally protected right." *Id.* (citation omitted); *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993). The complaint must "'elaborate[] []or substantiate[] [any] bald claims that certain defendants 'conspired' with one another." *Alston*, 988 F.3d at 578 (citations omitted). If a plaintiff wants to challenge a private conspiracy under this provision, the plaintiff must plead that the "conspiracy is motivated by a class-based invidiously discriminatory animus" and "the conspiracy is

aimed at interfering with rights that by definition are protected against private, as well as official, encroachment." *Tilton*, 6 F.3d at 686.

Plaintiff's allegations concerning this alleged conspiracy state that "multiple state actors working in concert, including judges, DHS, employees, and court-appointed officials . . . coordinated their actions to deprive me of fundamental rights." Amended Complaint p. 68. Plaintiff's generalized and unspecific statements to support this cause of action fail to meet the required pleading standard as to Schwab. They do not describe any acts of Schwab whatsoever, much less acts by Schwab that show an agreement by Schwab with any party to conspire to deprive Plaintiff of rights, overt acts in furtherance of the conspiracy by Schwab, an interference of rights protected against private as well as official encroachment, etc. Schwab requests that the Court dismiss this cause of action as to Schwab.

### F. The Court Should Dismiss Claim #13 as to Schwab as Plaintiff Fails to Plead an Actionable Claim for Failure to Prevent Civil Rights Violations.

In Claim # 13, Plaintiff alleges that all defendants had knowledge of a conspiracy to deprive her of civil rights under Title 42, section 1985 of the U.S. Code and failed to act which violated Title 42, section 1986 of the U.S. Code. Amended Compl. p. 69. This provision provides "a cause of action against 'every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 . . . are about to be committed, and having power to prevent or aid . . . neglects or refuses to do so." *Santistevan v. Loveridge*, 732 F.2d 116, 118 (10th Cir. 1984) (citation omitted). No valid claim under section 1986 exists "in the absence of a conspiracy under § 1985." *Id.*

17

As Plaintiff has failed to allege a valid claim regarding the existence of a conspiracy pursuant to section 1985 (as discussed above), Plaintiff's claim under section 1986 must also fail.  Additionally, again, the Amended Complaint contains no mention of Schwab in the allegations under this cause of action.  Amended Compl. p. 69.  Therefore, Schwab requests the Court dismiss this cause of action as to Schwab.

**G.    Plaintiff Does Not Directly Include Schwab in Claims #2, #14, #21, and ##24-30, and These Claims Appear to Involve Complaints About State Actors, Not Financial Institution Schwab.**

Although somewhat unclear due to vague wording used by Plaintiff and the lack of factual allegations specific to the individual defendants, many of the claims asserted by Plaintiff appear to involve only government actors from the State of Oklahoma.  Plaintiff addresses Claim #2 for a violation of the Full Faith and Credit clause of the U.S. Constitution to "all Defendants", but the associated allegations only refer to a failure by Oklahoma courts to give full faith and credit to an Oregon divorce decree within the Tulsa County Case.  Amended Compl. pp. 49-50.  Plaintiff addresses Claim #14 to "all government Defendants" and mentions only the State of Oklahoma, Tulsa County Court, and Oklahoma Department of Human Services in the description under this cause of action.  Amended Compl. pp. 69-70.  Plaintiff addresses Claim #21 for unlawful practice of medicine to Stephen Hale, Bridget O'Brien, April Seibert, and the Medical Board OSBOE.  Amended Compl. pp. 76-77.  Plaintiff directs Claim #24 for unlawful detention and writ of habeas corpus as to "all Defendants responsible for child's custody".  Amended Compl. p 77.  Plaintiff also directs Claim #25 to "all Defendants who interfered with Plaintiff and G.L.S. as a federal witness."  Amended Compl. p. 80.  She specifically refers to the "state's

18

involvement" in such witness tampering.  Amended Compl. p. 82.  Plaintiff directs Claim #26 for alleged violations of the "oath of office" and breach of fiduciary duty to "all Defendants who are public officials or BAR attorneys."  Amended Compl. p. 82.  Plaintiff further directs her Claim #27 for unlawful imputation of income and garnishment violations to OKDHS, CSS, Emmalene Stringer, and "all judicial officers involved in child support orders."  Amended Compl. p. 83.  Plaintiff directs her Claim #28 for judicial misconduct and bias to all "named Judges and judicial officers".  Amended Compl. p. 84.  Plaintiff further directs her Claim #29 for violation of child's rights and best interests to "all Defendants involved in custody decisions".  Amended Compl. p. 86.  Lastly, Plaintiff directs her Claim #30 for failure to prosecute to the "State of Oklahoma and all responsible Defendants."  Amended Compl. p. 87.

Plaintiff does not appear to address Schwab in these causes of action, and Schwab had no involvement in the recognition of Oregon divorce decree in the Tulsa County Case, child custody aspects of this proceeding, the entry of child support orders in this proceeding, any case or investigation involving witness testimony by Plaintiff or her daughter for federal authorities, or any decisions by the State of Oklahoma as to the investigation or prosecution of alleged child abuse claims.  Although Plaintiff does not appear to address any these causes of action to Schwab, to the extent needed, Plaintiff has failed to include any allegations whatsoever that refer to Schwab with respect to these claims.  Therefore, Schwab requests that the Court dismiss them as to Schwab for failure to state a claim on which Plaintiff can obtain relief.

**H.      The Court Should Dismiss Claims #16, #17, and #23 As No Civil Cause of Action for Deprivation of Rights Under Color of Law and Conspiracy Against Rights Pursuant to 18 U.S.C. §§ 241 and 242 Exist.**

In Claims #16 and #17, Plaintiff alleges that all defendants have deprived her of rights under color of law and conspired against her Constitutional rights in violation of 18 U.S.C. §§ 241 and 242.  Amended Compl. pp. 72-75.  In Claim #23, Plaintiff demands the Court refer the alleged violations of these statutes for criminal prosecution.  Amended Compl. p. 77.  18 U.S.C. § 241 addresses conspiracies "to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States . . ."  18 U.S.C. § 242 addresses "deprivation of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States".  These federal criminal statutes do not provide for a private civil cause of action in any form, including a right to request a criminal referral.  "[F]ederal criminal statutes that 'do not provide for a private right of action' are 'not enforceable through a civil action.'" *Serna v. Webster*, No. 23-2091, 2023 WL 6382099, at *2 (10th Cir. Oct. 2, 2023) (unpublished) (quoting *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007)). Plaintiff fully acknowledges this fact in her allegations, at least as to section 241.  *See* Amended Complaint p. 74.

As Plaintiff asserts claims under federal statutes that do not provide for private causes of action, amendment would not cure that defect.  *Serna v. Denver Police Dep't*, 58 F.4th 1167, 1172 (10th Cir. 2023).  *See also Tucker v. United States Court of Appeals for Tenth Circuit*, 815 Fed. App'x 292, 294 (10th Cir. 2020) (dismissing civil claims based

upon federal criminal statutes as frivolous).  This requires the dismissal of these causes of action with prejudice.

**I.    The Court Should Dismiss Claim #19 for Fraud Upon the Court and Void Judgments as to Schwab.**

Plaintiff's Claim #19 alleges that some sort of unexplained fraud on the court has occurred and that all orders issued in the Oklahoma proceedings by courts lacking jurisdiction are null and void.  Amended Compl. pp. 75-76.  This claim contains no specific allegations as to Schwab.  Amended Compl. pp. 75-76.  In fact, it contains very few allegations at all in order to ascertain what acts Plaintiff claims effected a fraud upon a court.  Based on Plaintiff's statements under this cause of action that challenge the validity of court orders and judgments, it appears Plaintiff intends to challenge acts of the Oklahoma courts that entered said orders and judgments.  Regardless, Plaintiff has failed to include allegations to support a cause of action against Schwab for fraud upon the court, or issuing void judgments, and Schwab requests the Court to dismiss this cause of action.

**J.    The Court Should Dismiss Claim #20 for Outrage and Intentional Infliction of Emotional Distress as to Schwab.**

Plaintiff's Claim #20 alleges generally alleges that Plaintiff has suffered trauma and a loss of consortium by certain acts relating to her daughter.  Amended Compl. p. 76.  This claim contains no specific allegations as to Schwab.  Amended Compl. p. 76.  In fact, it contains very few allegations at all in order to ascertain what acts support alleged causes of action for outrage and intentional infliction of emotional distress.  Schwab gleans from Plaintiff's statements under this cause of action that refer to subjecting a minor child to sexual grooming, possible sexual abuse, physical abuse, psychological abuse, and trauma,

that Plaintiff intends for these causes of action to arise out of actions in the underlying Oklahoma cases by state actors that led to the removal of her daughter from her custody. Regardless, Plaintiff has failed to include allegations to support a cause of action against Schwab for these torts, and Schwab requests the Court to dismiss this claim as to Schwab.

**K.    The Court Should Dismiss Claim #22 As Plaintiff Has Not Sufficiently Pled the Existence of a RICO Conspiracy.**

In Claim #22, Plaintiff alleges that all defendants participated in racketeering activity in violation of RICO that includes a conspiracy to conduct "fraud, deprivation of rights under color of law, forgery of signatures, extortionate collection of child support funds." Amended Compl. p. 77. A RICO conspiracy claim under Title 18, section 1962(d) of the United States Code requires a showing of the existence of a conspiracy and the commission of an overt act in furtherance of the conspiracy that causes injury to the plaintiff. *See Beck v. Prupis*, 529 U.S. 494, 505-06 (2000); *see also* 18 U.S.C. §§ 1962(d), 1964(c). The overt act must be an act of racketeering or otherwise wrongful under RICO. *Beck*, 529 U.S. at 505.

Plaintiff appears to allege, without any detail or distinction as between defendants, RICO predicate acts of fraud, deprivation of rights under color of law, forgery of signatures, and extortionate collection of child support funds. Amended Compl. p. 77. Section 1961(1) contains an exhaustive list of "racketeering" acts, also known as "predicate acts." *Id*. at 497 n.2. As this list does not include the acts listed by Plaintiff here, they cannot qualify as predicate acts for a RICO claim. *See Diaz v. Paul J. Kennedy L. Firm*, No. CIV 00-0735 PK/LFG, 2001 WL 37125148, at *3-4 (D.N.M. Feb. 27, 2001) (emphasis

added), *aff'd*, 289 F.3d 671 (10th Cir. 2002). Therefore, Plaintiff fails to allege a RICO conspiracy under section 1962(d), and Schwab requests the Court to dismiss this cause of action as to Schwab.

## **CONCLUSION**

For the foregoing reasons, Schwab respectfully requests that the Court decline to exercise jurisdiction over the causes of action in the Amended Complaint identified herein that request inappropriate interference with and/or review of state court proceedings pursuant to the *Rooker-Feldman* and *Younger* doctrines. Schwab also requests the dismissal of Claims #1, #3, #4, #5, #7, #9, #11, #15, #16, and #22 pursuant to res judicata as this Court already resolved those exact claims asserted by Plaintiff against Schwab in her prior federal court action. Schwab additionally requests that the Court dismiss all causes of action asserted against Schwab pursuant to Federal Rule of Civil Procedure 12(b)(6), as none of Plaintiff's alleged claims in the Complaint include factual allegations regarding acts of Schwab that Plaintiff intends to put at issue. Therefore, Plaintiff has not met the required pleading standard. As Plaintiff cannot assert valid claims against Schwab under the legal theories presented, Schwab also requests the dismissal of all claims with prejudice.

Respectfully submitted,

/s/    *Jennifer N. Lamirand*
Tara A. LaClair, OBA #21903 (Lead Trial Counsel)
Jennifer N. Lamirand, OBA #31398
**BRESSLER, AMERY & ROSS, P.C.**
6608 N. Western Avenue, #1213
Oklahoma City, Oklahoma 73116
Telephone: (405) 901-5984

23

tlaclair@bressler.com
jlamirand@bressler.com
**ATTORNEYS FOR DEFENDANT**
**CHARLES SCHWAB & CO., INC.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 7, 2025, a true and correct copy of the foregoing Defendant Charles Schwab & Co., Inc.'s Motion to Dismiss and Brief in Support was sent via U.S. Mail, First Class, to Plaintiff Linh Tran Stephens at the following address and also sent electronically transmitted to the Clerk of Court using the ECF system for filing to all parties, or their counsel, that have appeared in this matter as follows:

**MAIL**
**PLAINTIFF PRO SE**
Linh Tran Stephens
1964 Ashley River Rd.
St. B Unit 80112
Charleston, SC  29407

**ECF**
Clifton Dale Warner
Douglas Allen Wilson
Elizabeth Marie Vincent
Erica Parks
Gregg J. Lytle
Heidi J. Long
Jacob N. Popp
James Dashiell Dunn
Jesse Ogle
John K.F. Langford
John Marshall Bunting
Katherine McNeal Ogden
Lexie P. Norwood
Matthew Benjamin Free
Nathan Adam Miramontes
Stefanie Erin Lawson
Thomas Adrian LeBlanc

*/s/ Jennifer N. Lamirand*
Jennifer N. Lamirand

25