# EXHIBIT 2



# IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
# STATE OF OKLAHOMA

| | |
|---|---|
| IN RE THE MARRIAGE OF:<br>LINH TRAN STEPHENS,<br><br>PETITIONER,<br><br>and<br><br>ADAM SYLVESTER STEPHENS,<br><br>RESPONDENT, | )<br>)<br>)<br>)<br>)  Case No. FD-2015-2228<br>)<br>)<br>)<br>) |

DISTRICT COURT
FILED
OCT 17 2022
DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

## CHILD SUPPORT ORDER

On this 14th day of October, 2022, this matter comes on before me, the undersigned Special Judge of the District Court for hearing to determine child support, pursuant to the Court's decision awarding Emergency Physical Custody to Respondent on June 6, 2022. Petitioner appeared in person pro se. The Respondent appeared in person along with his attorney of record, Gil Pilkington.

The Court, having reviewed the file, heard the arguments of the parties together with the presentation of evidence, including the testimony of Petitioner and Respondent, MAKES THE FOLLOWING FINDINGS OF FACT:

1. The original decree of dissolution from Columbia County, Oregon, filed on January 8, 2016, held that "the Respondent should have an award against the Petitioner in the sum of $586.00 per month for support of the child. As determined per the State of Oregon Child Support Calculator." The Court went on to hold that they were not setting a per child amount of support because the Petitioner was ordered to assume

the debts associated with the 2013 Jeep and 2014 Jayco Trailer, therefore the Court ordered the payment of these debts totaling $1,062.83 per month in lieu of child support. The decree also contemplates a recalculation of child support when it states..."the amount will need to be recalculated in accordance with the then-applicable child support guidelines when a child ceases to be eligible to receive support."

2. The parties testified that Petitioner did pay off the Jeep as required in the decree.

3. The parties introduced as Courts Exhibit 1 the Release and Settlement Agreement showing that with respect to the Jayco Trailer, the parties received a Settlement of the lien in the amount of $16,790.46 and received a settlement amount of $1,731.87, (who actually received these funds was not determined by the Court).

4. The parties are the parents of one minor child. Respondent stipulated that the Petitioner has one after born child currently residing with her and stipulated that she should receive credit within the computation for this child.

5. Petitioner testified that she is a licensed physician in the State of Oklahoma. She was employed with the Cherokee Nation as a physician until approximately October, 2020.

6. According to the check stubs introduced as Respondent's exhibit 3, her gross monthly income for her last pay period of October, 2020 was

$8,461.54.

7. Petitioner testified that she is currently not earning a wage but working as a self-employed physician at her own clinic, Peace Joy Clinic.

8. Petitioner produced no tax documentation supporting her profit and loss statements. Rather she introduced Petitioner's exhibit 5, which simply shows a sum total of her income and expenses without any documentation to reflect how those numbers were achieved.

9. Petitioner produced her 2020 1099 which showed her unemployment compensation of $5,202.00 which occurred presumably after her employment ended with the Cherokee Nation.

10. The Court heard no testimony as to the reason the Petitioner became unemployed from the Cherokee Nation, whether it was voluntary or not. And the Petitioner has vehemently stated in prior Court settings that she is not unemployed but rather self-employed at this time.

11. Petitioner produced Petitioners exhibit 2 to show for the Court her listed monthly expenses. The total monthly expenses being $8,348.16 per month. When Respondent raised this in argument as a means to determine her imputed income the Petitioner announced that she relies on her husband's income to pay these bills. The Court heard testimony previously on June 1, 2022, that Petitioner's current husband is also a practicing physician.

12. Respondent produced his 2020 and 2021 income taxes in exhibit 7 and his current paycheck stubs in exhibit 8. Additionally, the Respondent

produced documentation with respect to health insurance provided for the minor child through his employment and the cost for the same.

The Court, having reviewed the file, heard the testimony of the parties, arguments of counsel together with the presentation of evidence, MAKES THE FOLLOWING CONCLUSIONS OF LAW:

1. The Court will set child support pursuant to the child support guidelines 43 O.S. 118(B).

2. On July 11, 2017, the Petitioner invoked the jurisdiction of this Court by asking to confirm the registration of the Oregon Decree of Dissolution.

3. On July 14, 2017, the Petitioner filed her verified Motion to Modify and requested that this Court modify the Oregon Court's child support orders pursuant to 43 O.S. 118 and award her child support.

4. There has been a material and substantial change in circumstances in that the Court found the existence of an emergency, removed physical custody of the minor child from Petitioner and placed sole physical custody with the Respondent subject to the Petitioner's right to therapeutic visitation only.

5. The Court does not find that the previous decree precludes a modification of child support and even if it did, Petitioner did not, in fact, repay the Jayco Lien as she was ordered to do in lieu of support. The Court further finds that child support is for the benefit of the child and any previous orders that would preclude the modification of child support would not be the law in the state of Oklahoma and would be in contravention of this

State's public policy as it relates to the support of minor children.

6. Pursuant to the testimony and evidence submitted, Respondent's gross monthly income is $4,381.86. Petitioner provides health insurance for the minor child in the amount of $416.95 which he will be credited with within the guidelines.

7. Pursuant to the testimony and evidence submitted, Petitioner testified that she currently receives no monthly paycheck. The Petitioner is a licensed physician in the state of Oklahoma and according to her testimony left employment where she received $8,461.54 per month and would have the Court believe that she makes $-805.47 per month. On paper Petitioner is certainly underemployed. However, pursuant to previous testimony and this Court's interactions with the Petitioner, the Court does have significant concerns regarding the mental health of the Petitioner which is why the Court previously ordered a psychological evaluation by Dr. Curtis Grundy. With this in mind the Court does not believe it to be equitable to impute the Petitioner at $18,333.33 per month as Respondent has requested as the Court does not believe she is currently capable of obtaining employment with that income.

8. Pursuant to the Oregon Decree filed on July 11, 2017, Petitioners income for child support purposes was $4,000.00. Petitioner's income in June 2019 began at $7,511.22 per month and in 2020 ended at $8,461.54 per month. The Court has nothing to base her current income on other than a 2021 tax return wherein her gross monthly income would be $2,014.58.

9. The Court finds that the Petitioner's average monthly gross income from 2019 until 2022 is $5,995.78. The Petitioner will be imputed at this amount for the determination of child support.

10. Petitioner is ordered to begin paying monthly child support November 1, 2022 in the amount of $827.56 per month pursuant to the attached guidelines.

11. The parties shall pay their proportionate share, Petitioner 55% and Respondent 45%, of any child care, medical, orthodontic, dentist, or therapists costs incurred on behalf of the minor children pursuant to the attached guidelines. The party incurring the cost shall submit all receipts/requests for payment within 30 days of incurring the same and payment shall be remitted within 30 days of receipt of said proof.

12. The Respondent is awarded a judgement for an arrearage of child support from the date the emergency physical custody change occurred, December 20, 2021 to November 1, 2022 in the amount of $5,964.40. In reaching this Judgement the Court used the base amount of support of $596.44 as the basis for the arrearage award pursuant to the testimony that Respondent only just began paying for health insurance for the minor child. All other arrearages or overpayments of child support are reserved for further decision.

Dated this 17th day of October, 2022.
IT IS SO ORDERED

_____
Judge April Seibert

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 17th day of October, 2022, a true and correct copy of the above and foregoing instrument was mailed by regular First-Class mail and/or hand delivery to the following:

Linh Stephens
6607 S. Palm Place
Broken Arrow, Oklahoma 74011
PETITIONER Pro Se


Gil Pilkington
THE PILKINGTON LAW FIRM, PLLC
406 S. Boulder Ave., #415
Tulsa, OK 74103
ATTORNEY FOR RESPONDENT


*R. Bastow*
Deputy Court Clerk