# EXHIBIT 3



**IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA**

DISTRICT COURT

**FILED**

FEB 20 2024

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

|                                  |     |
|----------------------------------|-----|
| IN RE THE MARRIAGE OF:           |     |
| LINH TRAN STEPHENS,              | )   |
|                                  | )   |
| PETITIONER,                      | )   |
|                                  | )   |
| and                              | )   |
|                                  | )   |
| ADAM SYLVESTER STEPHENS,         | )   |
|                                  | )   |
| RESPONDENT,                      | )   |

Case No. FD-2015-2228
FD DOCKET C

## ORDER MODIFYING THE DECREE OF DISSOLUTION OF MARRIAGE

On these 29th, 30th, 31st days of January, 2024, and 1st and 2nd days of February, 2024, this matter comes on before me, the undersigned Special Judge of the District Court for trial on Petitioner's *Motion to Modify Custody* filed July 14, 2017, Respondent's *Application for Indirect Contempt Citation-Child Support Trailer in Lieu of Child Support* filed May 23, 2019, Petitioner's *Application for Contempt Citation* filed on August 30, 2019, Petitioner's *First Application for Contempt* filed July 7, 2020, Respondent's *Motion to Modify Custody and Visitation* filed November 18, 2022, Respondent's *Application for Indirect Contempt Citation-Issuance of Subpoena against Court Order* filed January 9, 2023 and April 20, 2023, Petitioner's *Sixth Application for Contempt* filed January 17, 2023, and the amendments on January 19, 2023, Petitioner's *Application for 9th Contempt Citation against Father-Custodial Interference 4th Season* filed September 8, 2023 and Respondent's *Notice of Intent to Relocate* filed November 8, 2023.

Petitioner appeared in person, pro se. Respondent appeared in person, represented by Gilbert J. Pilkington, Jr. Stephen Hale appeared in person, having been appointed to serve as the Guardian Ad Litem for the minor child. Megan Beck appeared having been appointed to represent the minor child at court expense. Emmalene Stringer appeared on behalf of the Department of Human Services, Child Support Enforcement.

1

The Court, having reviewed the file, heard the arguments of the parties together with the presentation of evidence, including the testimony of Petitioner, Respondent, Guardian Ad Litem and multiple witnesses, MAKES THE FOLLOWING FINDINGS OF FACT:

1. The Original Stipulated General Judgment of Dissolution of Marriage and Money Award (hereinafter "Oregon Decree") was filed on January 8, 2016 in Oregon. The parties agreed to register the Oregon Decree as a Foreign Order in Tulsa County, Oklahoma on July 11, 2017. The Petitioner (hereinafter "Mother") was represented by her first attorney in this case, David Davis and the Respondent (hereinafter "Father") was represented by his first attorney, Charles Parrish.

2. There was one child born of the marriage, G.L.S. born July 24, 2013.

3. At the time of the entry of the Oregon Decree Father lived in Oregon and Mother lived in Tulsa.

4. The parties agreed to joint legal custody of the minor child pursuant to the Oregon Decree. Father had physical custody of the minor child and Mother had parenting time for a period of two weeks every June during summer vacation, with holidays to be divided equally.

5. The Oregon Decree orders Mother to maintain health insurance for the minor child.

6. The Oregon Decree acknowledges that Father *should* have an award against Mother in the sum of $586.00 per month for the support of the child. However, the parties agreed, and the Oregon court accepted the stipulation that, in lieu of the monthly child support amount, Mother would assume the monthly payment of $692.17 per month for the 2013 Jeep Wrangler, $192.43 per month for the 2014 Jayco Trailer, and insurance in the monthly amount of $179.23 for both, for a total amount of $1,063.83 per month. Furthermore, the order stated that when the debts were paid in full, Mother would sign over the property to Father.

2

7. On July 14, 2017, Mother filed her *Motion to Modify* the Oregon Decree. The motion specifically invoked the jurisdiction of the Court in Tulsa County stating that both parties and the minor child then resided in Tulsa, Oklahoma and stating explicitly in paragraph four of her motion that this Court had jurisdiction. As a basis for her motion to modify Mother asked the Court to grant her sole custody. She alleged that her medical internship had ended and Father had health issues and had been secreting the child from her. She also asked Father be ordered to pay her child support.

8. On September 11, 2017, the parties agreed on an interim basis to a week on/week off visitation schedule with the minor child. The parties reduced this to a handwritten order that was signed by Judge Theresa Dreiling.

9. Since the filing of her Motion, Mother has repeatedly and inexplicably denied the jurisdiction of this Court. Most recently, on February 9, 2024, in her <u>Written Closing Argument</u>, she again challenges the subject matter jurisdiction of the Court saying she only asked for help to enforce, not modify, the Oregon Decree. The Motions Mother has filed (both in State and Federal Court) are too numerous to outline here but in nearly every motion there is some objection to this Court's exercising of jurisdiction so the Court will take special note of the many ways Mother has sought the jurisdiction of this Court in this decision.

10. Father filed his Contempt on May 23, 2019, alleging that Mother was in contempt for failure to maintain payments on the Jayco Trailer resulting in its repossession by the manufacturer.

11. The testimony at trial was undisputed that the Jayco Trailer was repossessed by the manufacturer. Mother acknowledged signing the release and settlement agreement with Jayco contained in Respondent's exhibit 20. In addition to receiving a credit of $16,790.46

3

against the debt she was ordered to pay, she also received $1,731.87 while Father never received the title to the property nor did he receive child support since this debt was in lieu of Mother's obligation in that regard.

12. Father filed his Contempt on May 23, 2019 alleging that Mother was in contempt for failure to give him the title to the 2013 Jeep Wrangler after final payment was made in April, 2019.

13. Mother testified that she gave the title to the 2013 Jeep Wrangler to Father in August, 2019. Father acknowledged that he did eventually receive the title several months after he filed his contempt application.

14. Mother sought the jurisdiction of this Court by filing an application for contempt on August 30, 2019, alleging that Father was in contempt for failure to reimburse Mother for his share of the child's reasonable medical, dental and optical services in the amount of $1,631.47. Mother was represented by Melissa Cornell at the time of this filing and asserted this Court had jurisdiction to find Father in contempt.

15. Mother presented no evidence in support of this contempt during trial.

16. On May 8, 2020, Mother sought and was granted, temporary emergency custody of the minor child. It is important to note the allegations here because the basis of the allegations have remained a theme throughout the history of this case and still remain a very important basis for Mother's state of mind. Mother alleged in her application for emergency custody sex trafficking of the minor child and grooming behavior by Father.

17. The temporary emergency custody order remained in effect while the allegations were investigated for a period of two months. On July 8, 2020, Mother dismissed her emergency motion after review of the DHS records. Mother was still represented by Melissa Cornell at the time.

4

18. Father had no overnight visitation from May 8, 2020 to July 8, 2020.

19. Maria Chico, the investigator for this report, testified that the Department of Human Services thoroughly investigated all of the allegations, involved law enforcement and the FBI in its investigation, and conducted a forensic interview of the minor child. At the conclusion, the Department of Human Services unsubstantiated the allegations.

20. Mother was vehement in her objections and assertions that the emergency was withdrawn without her authority by Melissa Cornell, and attempted to illicit testimony that Ms. Chico's report was changed or altered by her supervisor.

21. At the dismissal of the emergency, the parties resumed the 50/50 visitation schedule. From July 8, 2020 until December 3, 2021 the parties had an equal number of overnights with the minor child.

22. On February 28, 2020, the parties agreed to the appointment of Stephen Hale as Guardian Ad Litem for the minor child with Petitioner paying for seventy-one percent (71%) and Respondent paying twenty-nine percent (29%) of the GAL's retainer and fees in this matter. Mother was represented by Melissa Cornell at the time of this agreement.

23. Mother testified at trial that she never consented to this appointment nor gave Ms. Cornell authority to do so. Additionally, Mother has filed numerous motions requesting the removal of the Guardian Ad Litem, attacking the integrity of the Guardian Ad Litem and announced in Court at trial that she never contracted with him for payment or authority to investigate this case.

24. On November 24, 2021, Mother filed an application for emergency protective order for herself and on behalf of the minor child in PO-21-3843 in Tulsa County for substantially the same allegations contained in the 2020 emergency application. Mother was represented by Erica Parks during this time.

25. On December 3, 2021, the State of Oklahoma filed an Application to take the minor child into Emergency Custody in Tulsa County Case, JD-2021-270. At the initial show cause hearing on December 7, 2021, Mother was present with her attorneys at the time, Dale Warner and Erica Parks. The juvenile court ordered the minor child to remain in the custody of the department of human services.

26. On December 8, 2021, the juvenile court released the minor child to the custody of Father by Court order indicating the dismissal of the minor child from Mother's Protective Order. The minor child was from this point forward removed from Mother's protective order and from Mother's custody.

27. On December 14, 2021, Father filed an application for emergency protective order in PO-2021-4059 in Tulsa County for himself and the minor child alleging that Mother was trying to take the minor child from school while she was in his custody pursuant to the DHS placement.

28. On December 20, 2021, Father sought and was granted temporary emergency custody of the minor child in this case.

29. On May 31, 2022 and June 1, 2022, the matter came on for a show cause hearing. At that time, Mother had retained a new attorney, Chandler Moxley to represent her. The Court appointed Megan Beck to represent the minor child at Court expense. The Court heard the testimony from Bridget O'Brien, the DHS case investigator, the Guardian Ad Litem, and multiple other witnesses.

30. DHS concluded and substantiated mental harm by Mother and recommended a mental health assessment and counseling. The Guardian Ad Litem recommended therapeutic visitation between the minor child and Mother. The specific mental harm alleged at the time is important because those same issues were present in the trial on the merits nearly

6

two years later.

31. At the emergency custody hearing DHS had concerns that Mother was "coaching" the child regarding making continued allegations against Father. They testified that this coaching involved having the child write things repeatedly in her diary while video taping the child doing it, this included audio recording the child and even practicing with the child what she would say. Additionally, the Court heard testimony from the Guardian Ad Litem that the minor child had disclosed that her Mother had made her a watch a sexually explicit video purportedly to educate her on what rape looks like. These allegations involved repeatedly and relentlessly interrogating, coaching or attempting to educate the child as to what was happening when in the custody of Father and making repeated allegations against Father for unsafe or criminal behavior with the child.

32. Over two years later at trial, Mother repeatedly tried to introduce the child's diary. The same diary produced during the emergency custody hearing wherein DHS alleged Mother caused mental harm by coaching the child what to write. Additionally, she asked the Court to watch a video and in the video the Court observed the minor child at the kitchen table writing in a diary while asking questions of the person holding the camera. We were off the record while the court reviewed the video and Mother commented to the Court, "look, you can see the date and time on the clock on the wall." The video was very obviously staged by Mother for the purposes of litigation. Mother vehemently wanted the Court to read what the child was writing "at her behest" in her diary.

33. Mother introduced a picture of the child holding the diary.

34. Mother introduced a video of the minor child playing a "sad song" after a visit with her Father. The Court observed the child clearly looking off camera to the person holding the camera for guidance.

7

35. Mother introduced a photograph of a face time call with her child where she adamantly asserts that the child is whispering to her and typing messages to her on the screen about inappropriate behavior at Father's home. Petitioner's exhibit 46.

36. Mother introduced a photograph of the minor child with a seatbelt. As to why this exhibit was relevant, Mother stated, "so that the Court could see that Father let her inappropriately wear a seatbelt and if she gets decapitated she will have warned all of us and it will be our fault." Petitioners exhibit 50.

37. Mother introduced a photograph of the minor child at various restaurants with people to show "Creepy Men" touching her daughter and putting her on their laps. Petitioner's exhibit 59.

38. Mother's own evidence indicates that she has been completely focused on videotaping her daughter, having her daughter write things in her diary, recording facetime calls with her daughter, educating her daughter by showing her videos and more, all in an effort to gather evidence of her initial 2020 allegations against Father.

39. Mother's evidence produced at trial was the very basis for the removal of the child in 2022.

40. The Court ordered both Mother and Father to have psychological evaluations with Dr. Curtis Grundy each at their own expense, the Court ordered the minor child to be enrolled in individual therapy with Amy Hollopeter at Father's expense, Mother was to have therapeutic visitation with Amanda Hall at her expense. The Court specifically stated that the Court would not review a change in visitation until the psychological evaluations had been completed and at least 60 days of continuous therapeutic visits had occurred.

41. Additionally, the Court ordered child support to begin on June 1, 2022 and the Court ordered the parties to exchange their income information to provide a proposed computation to the Court.

8

42. Shortly after this hearing, Chandler Moxley withdrew as the attorney of record for Mother and she has operated on a pro se basis since this time. It is very clear from the Court's ruling that the issue of Mother's mental health was THE defining issue for the Court's consideration in any modification of custody and the Court made that clear in its temporary emergency custody order and every order with Mother since.

43. Mother immediately objected to having to have a psychological evaluation from anyone other than her treating physician, she has continued that objection at every hearing and every review of visitation since this time. She has repeatedly claimed that she is of sound mind and does not need an evaluation.

44. The Court heard testimony that the evaluation cost $2,500. Mother has only recently asserted that she cannot afford the evaluation. A comprehensive analysis of Mother's income will follow with the Court's child support findings.

45. To that point, a review of the docket sheets and transcripts purchased by Mother, show that she has paid approximately $1,836.64 in court filing and copy fees for motions that are often duplicative and without any statutory or legal basis. Mother has paid approximately $3,381.00 for transcripts for at least three appeals which were not ripe for review. Mother has retained four private attorneys throughout the litigation.

46. At a subsequent review of visitation, the Court expanded Mother's visitation over Father's objection. The Court had learned from the Guardian Ad Litem that Mother was only able to see the child once per month. The Court ordered professional supervision with the Tulsa Parent Child Center in addition to therapeutic visitation. Mother immediately objected and stated that she wanted to research the agency before she would agree to use them. She specifically stated that the Parent Child Center was corrupt. The Court informed Mother that she was getting additional visitation and it was entirely her decision

whether or not she wanted to exercise it.

47. Father received a psychological evaluation from Dr. Curtis Grundy. Although not testified to at trial, the Court recalls in a previous hearing that the Guardian Ad Litem informed the Court that the only recommendation from Father's psychological evaluation was anger management.

48. The Guardian Ad Litem testified that Father is mean to Mother. In his report he stated, "It is painfully evident Father will never support child and Mother having a relationship."

49. The Guardian Ad Litem testified that Mother struggles with serious mental health issues affecting her ability to care for the minor child. Given these issues the Guardian Ad Litem stated in his report that Mother is unable to support a relationship between Father and child, is unable to co-parent with Father and is unable to make decisions in the child's best interest.

50. Cheryl Hall testified to supervising visits between Mother and child. Ms. Hall testified that the child was reluctant to attend and on one visit slipped her a note asking to end the visits. Ms. Hall testified to a general reluctance by the child to visit with Mother and no physical contact or engagement between Mother and child during her observations. She described the visitations as "an intense meeting."

51. Father testified that he is angry with Mother and distrustful given her continued numerous allegations against him. The Court observed his refusal to even look at Mother even when she was asking him questions. If she handed him an exhibit to look at he wouldn't accept it until she had laid it on the podium. His disdain for her was obvious.

52. Father testified that he never enrolled the child with the Court ordered counselor because she did not have availability. Father testified that instead he enrolled her with a different counselor and that she attended for a few a months. Even though the Court ordered

10

Father to enroll the minor child in counseling and the Guardian Ad Litem recommended its continuation, Father has failed to keep the minor child in counseling and other than her therapeutic visitation with Amanda Hall, the minor child is no longer in individual counseling.

53. Father testified that even though DHS recommended certain parenting courses and counseling to him he did not attend because they weren't Court orders.

54. Father has engaged in acrimonious and unnecessarily vexatious actions against Mother. He also testified to recording the minor child when he would pick her up from school. He testified to calling the police to the minor child's dentist appointment simply because step father was in attendance. At the show cause hearing the Court specifically recalls hearing testimony that Father filed a complaint with the medical board against step father, who is a physician. It is for these reasons that the Court initially ordered Father to also have a psychological evaluation. It is clear that Father takes punitive and unnecessary actions against Mother and her new husband for no valid reason.

55. Father testified that he had recently changed the minor child's school and had never informed Mother. In fact, the day of trial is the first Mother had ever heard this information.

56. Both parties allege and have demonstrated to the Court an inability to communicate or co-parent. There is absolutely no trust between the parties, the parties have filed protective orders against each other. The visible disdain and contempt the parties have for each other is evident in their courtroom interactions.

57. The Court held a three day trial on the protective orders prior to this trial and although the Court ultimately denied the protective orders, the Court did find that a mutual restraining order was necessary to prohibit both parties from having any unnecessary

contact.

58. Despite all of this, the Court heard testimony from the Guardian Ad Litem, that the child is currently doing well. Therapeutic visitation with Amanda Hall has been occurring regularly and Ms. Hall has observed the relationship between Mother and daughter strengthen. Since changing schools, the child is now getting A's and B's, plays soccer well, and is very artistic.

59. Ms. Hall related the improvement in therapy to the increased visitation with mother.

60. Mother has not obtained the Court ordered psychological evaluation nor is Mother currently receiving any counseling or therapeutic services for her mental health.

61. On November 8, 2022, Father filed his *Notice of Intent to Relocate*.

62. Father testified that he had recently been given an employment opportunity in San Marcos, Texas. He testified that his salary would increase from $54,706.18 to $65,000.00. He also testified that he would have similar housing to what he has in Tulsa but that the new position in Texas would afford him more opportunities for future for advancement.

63. The Guardian Ad Litem testified that he believes it is not in the best interest of the minor child to relocate at this time because Mother is making progress in regards to her relationship with the minor child and the relocation at this point would effectively end Mother's opportunity to have a relationship.

64. On October 14, 2022, the Court had a hearing to determine a temporary child support amount. The Court received exhibits and took testimony from both parties. The Court issued its written child support order on October 17, 2022, where the Court imputed Mother's income at $5,995.78 and found that Father's actual income was $4,381.86. The Court ordered Mother to begin making monthly child support to Father on November 1, 2022 in the amount of $827.56.

65. No evidence has been presented that Mother has made any child support

66. Mother testified that she is a licensed physician in the State of Oklahoma. She was employed with the Cherokee Nation as a physician from approximately August 1, 2018 to October 22, 2020.

67. Mother refused to answer questions regarding her disability income. The Department of Human services alleged in their Closing Statement from Trial filed on February 9, 2024, that Mother's monthly VA disability income is $2,576.00.

68. Mother's actual income for August and September 2017 was $15,361.42 per month from her employment. With her monthly VA disability income of $2,576.00, Mother's gross monthly income for this time period was $17,937.42.

69. Beginning in January, 2018, Mother's actual income increased to $16,125.92 per month. With her monthly VA disability income, Mother's gross monthly income for this time period was $18,701.92.

70. Beginning on January, 2019, Mother's actual income decreased to $15,837.76 per month. With her monthly VA disability income, Mother's gross monthly income for this time period was $18,413.76.

71. Beginning on January, 2020, Mother's actual income increased to $16,652.33 per month. With her monthly VA disability income, Mother's gross monthly income for this period was $19, 228.33.

72. Petitioner testified that she is currently not earning a wage but working as a self-employed physician at her own clinic, Peace Joy Clinic. The Petitioner produced portions of her 2021 and 2022 tax returns alleging that her gross income in 2021 was $23,878.00 and in 2022 was -$12,163.00.

73. The Petitioner refused to answer any questions regarding the number of patients she sees

on a daily basis or what she charges for her services citing HIPAA protections.

74. Petitioner produced no tax documentation supporting her profit and loss statements. Rather she introduced an exhibit which simply shows a sum total of her expenses in the amount of $8,348.16 without any documentation to reflect how those numbers were achieved.

75. Mother absolutely refused to answer the question as to what, if any, income she derived from disability payments.

76. Mother refused to acknowledge her tax transcripts and was evasive and obstructive with any questions regarding her income even though the Court repeatedly admonished her to answer the questions.  Additionally, the Petitioner refused to produce her complete filed tax returns for the years 2017 through 2020.

77. Mother testified that she has reviewed jobs she would be qualified for where the average income would be $180,000 per year.  Petitioner testified that she did not apply for these jobs due to the requirement that she be on call or because she did not prefer the hours.

78. Father's gross income from 2017 through 2023:

    a.  Father's monthly gross income for 2017 was $1,317.00.

    b.  Father's monthly gross income for 2018 was $4,403.00

    c.  Father's monthly gross income for 2019 was $4,874.75.

    d.  Father's monthly gross income for 2020 was $3,571.08.

    e.  Father's monthly gross income for 2021 was $4,505.16.

    f.  Father's monthly gross income for 2022 was $4,381.86.

    g.  Father's monthly gross income for 2023 was $4,441.91.

    h.  Father's monthly gross income for 2024 was $4,558.85

79. Mother has had no overnight visitation with this child since the child was removed by the Department of Human Services on December 8, 2021.

80. Mother provided no evidence that she provided any health insurance for the minor child

during any portion of these time periods. In fact, the Department of Humans Services is a necessary party as they have provided services to this child during the pendency of this action.

81. When child support was initially ordered in October 17, 2022 the Court found that at that time Father was providing health insurance for the minor child in the monthly amount of $416.95.

82. Father testified at trial that he provided monthly health insurance for the minor child in the amount of $362.35 for 2023.

The Court, having reviewed the file, heard the testimony of the parties, arguments of counsel together with the presentation of evidence, MAKES THE FOLLOWING CONCLUSIONS OF LAW:

## MOTIONS TO MODIFY CUSTODY AND VISITATION

The Court maintains the authority under 43 O.S. 109(G)(1) to terminate joint custody if the Court finds such arrangement is no longer in the best interest of the child. Based on the foregoing findings of facts, the Court does find that the termination of joint custody is in the best interest of the minor child. The parties' attempts at co-parenting have proven futile. Parents have to be willing and able to co-parent and the evidence is clear that they simply do not trust each other enough nor are they able to put aside their differences to make best interest decisions for their child. The Court wholeheartedly agrees with the assessment of the Guardian Ad Litem, that Father is unkind to Mother and Mother has some disturbance of mental health that she refuses to acknowledge or address. It is NOT in the best interest of the minor child to continue with joint custody and therefore the joint custody plan entered in the Oregon Decree is hereby terminated.

Upon a finding that joint custody is no longer in the best interest of the child the Court must next proceed as if it is making an initial custody determination and award custody in accordance with

the best interest of the child, as if no such joint custody decree had been made 43 O.S. 109(G)(2).  In considering whom should have sole legal custody and decision making, the Court should consider the parent most likely to make decisions in the best interest of the child without regard to their own self-interest, the parent most likely to facilitate visitation with the other parent, the parent most likely to keep the other parent informed and include the other parent in the activities of the child's life and the mental and physical health of the child and proposed custodians.

Pursuant to 43 O.S. 110.2, in any action in which custody of or the visitation with a child is a relevant fact and at issue, the Court may order the mother, the child or Father to submit…to any test deemed necessary by the Court in determining that the custody of or visitation with the child will be in the best interests of the child.  If so ordered and any party refuses to submit to such tests, the Court may enforce its order if the rights of the others and the interests of justice so require unless such individual is found to have good cause for refusing to cooperate.

The Court has had the opportunity to observe both parties in Court numerous times.  The Court has observed their physical appearance, affect, speech, demeanor, pleadings, and their overall presentation.  The Court has also heard the testimony of numerous witnesses.  All of this has called into question Mother's mental health.  Under its authority in 43 O.S. 110.2 the Court ordered both Father and Mother to complete a psychological examination with Dr. Curtis Grundy.  Father completed his evaluation.  Mother has absolutely refused to comply.  Mother has failed to produce any evidence that this refusal is anything other than willful.  Her refusal is not born out of an inability to pay, her monthly disability income of $2,576.00 is sufficient alone to cover the cost without accounting for her other sources of income.  The court finds that Mother's refusal to answer any questions about the amount of her disability income shows her willful defiance of this Court's order.

Mother has been repeatedly admonished by the Court and the Court has practically begged Mother to obtain her psychological evaluation so that the Court would have some basis and

understanding of her mental condition to make an informed custody and visitation decision for the best interest of her daughter. Mother has knowingly and very willfully maintained that she is of sound mind and therefore she will not comply. In the same breath Mother accuses the Court and the Guardian Ad Litem of practicing medicine without a license by "diagnosing" her with a mental illness. The fact is, anyone who has had any interaction with Mother can tell she is suffering from some mental health issue. If she is unwilling to address this issue, the Court cannot address it for her.

Neither parent has evidenced to the Court that they will set aside their own self interest to make decisions for the best interest of the child. Father's not keeping the child in counseling is not only in direct violation of Court orders but clearly not in the child's best interest given that his entire emergency is based on the premise that Mother has committed mental harm to the child. Mother has placed her refusal to obtain a psychological evaluation or seek treatment for her mental health as her priority over the best interest of her child. Neither parent is capable or willing to facilitate a relationship with the child and the other parent. Father has made it perfectly clear in his testimony and actions that he values Mother's input very little. He hasn't informed her of any parenting decision since being granted custody and the testimony supports that he is willing to do the absolute least to facilitate visitation and he will only do minimally what he is court ordered to do.

What the Court is left with, is to determine which parent is physically and mentally fit to have custody. The evidence is clear that under this very narrow factor currently there is only one mentally fit parent. The Court will grant Father sole legal and physical custody of the minor child as he is currently the only fit parent. Father shall ensure that Mother is informed of all decisions made regarding the education, medical, dental, extracurricular and mental health of the minor child. Both parents shall be listed on any medical, education, extracurricular, counseling, or ANY document that requires identification of the parties. Each parent shall be listed as a parent. No third parties shall be identified as having any decision making authority or authorization over either parent. Father has a

17

duty to facilitate visitation between the minor children and Mother pursuant to 43 O.S. 111.1. Given Mother's refusal to obtain a psychological evaluation or any mental health services and the testimony of the Guardian Ad Litem and professional supervisor regarding the interactions of Mother and child, the Court does not find that it is in the child's best interest to have visitation with Mother that is not therapeutically and/or professionally supervised. Indeed, the child's own attorney has informed the Court that her client's preference is that a third party be present when she visits with her Mother.

Father shall immediately enroll and maintain the minor child in counseling as he was previously ordered to do. His failure to do so will not only be contemptible but the Court will consider any continued failure on his part as a grounds to modify custody and evidence that he is incapable of making decisions in the best interest of the child. Furthermore, Father shall enroll in and complete an in person six week anger management course and file proof with the Court upon completion.

## FATHER'S RELOCATION REQUEST

Father filed his notice of relocation to San Marcos, Texas on November 8, 2023, more than sixty days in advance of the trial on the merits. Mother filed an objection to the relocation on December 8, 2023. The notice of relocation and service are proper pursuant to 43 O.S. 112.3(C)(1)(b)(1). Pursuant to 43 O.S. 112.3(G)(1) the person entitled to custody of a child may relocate the principal residence of a child. Father has been the primary physical custodian of the minor child prior to the filing of the initial motion to modify. Most recently, Father has been the primary physical custodian of the minor child since the removal of the child in December 8, 2021. This Order granting sole legal and physical custody to Father makes him "the person entitled to custody" who may relocate the principle residence of the minor child.

Furthermore, the relocating party must evidence good faith in seeking relocation. Good faith is the "honest intention to abstain from taking any unconscientious advantage of another." Boatman v. Boatman, 2017 OK 27, 404 P.3d 822, 825 (Okla. 2017). When this case began, Father

18

had moved from Ohio to Tulsa with the minor child and Mother only had two weeks of visitation in the summer with alternating holidays. Father testified that he has an opportunity for an increase in income and advancement within his company and this is the reason for his request to relocate. Father's supervisor also testified to Father being a high performer and due to this he was being sought after for this opportunity. No evidence was presented to the Court of any other motive for the request to relocate. Father has established to the Court's satisfaction that his request to relocate is made in good faith.

As the custodial parent has demonstrated good faith, the relocation is assumed to be in the minor child's best interests. Boatman at 8. Therefore, the nonrelocating party (Mother) must demonstrate that the move is not in the minor child's best interests by weight of the factors, with each factor being for, against, or neutral to relocation. Harrison v. Morgan, 2008 OK CIV APP 68, 191 P.3d 617 (Div. 1 2008). The factors to be considered include the extent the parties are involved in the minor child's life; the quality and type of relationships left behind; and what quality and type of relationships would be gained; the needs of the minor child, preserving the relationship with the nonrelocating parent; the minor child's preference, pattern of conduct, quality of life, reasons for seeking relocation, and other considerations.

As previously stated, Father has been and continues to be the child's primary physical custodian. Her current relationship with her Mother is comprised of therapeutic visitation and professionally supervised visitation. The child's attorney and the professional supervisor both expressed the child's reluctance to spend time with Mother. In fact, the child's attorney in her closing argument stated her client would request the least amount of contact.

The minor child has no special needs and other than therapeutic visitation with her mother she is not receiving any specialized treatment nor is she engaged in any special programs in the Tulsa area. There are no identified needs of the minor child that she is receiving specific to Tulsa,

19

Oklahoma. The Court was provided with no evidence of any difference in quality of life between Tulsa and San Marcos, Texas. Father indicated that they would be living in substantially the same housing. The minor child's attorney informed the Court that her client was in favor of moving.

Other than Mother and Father, there are no other family members or substantial relationships for the minor child in Tulsa. Father's family and other children live in Ohio or Texas. Mother's family lives in Texas. It is important to note here that even though the minor child has an infant sibling that normally the Court would find compelling in this analysis, the evidence in this case is that this child was an infant when G.S. was removed from Mother's care and that Mother has refused to allow this sibling to attend any visitation with G.S. during her visitation times even though G.S. has requested it. They have therefore not had any relationship in over two years and at Mother's own insistence do not have one now.

The only real factor in the Courts analysis of the relocation is whether or not the relationship with Mother can be preserved if Father is allowed to relocate. All other factors weigh in favor of relocation or are at least neutral. Mother testified that her parents live in Dallas, Texas and she frequently visits them. The Court is unclear on how often she visits them because when testifying Mother initially said every weekend, then she said every other weekend and finally she changed to say only on some holidays. Father testified if allowed to relocate he would ensure that the child was present in Tulsa for her monthly therapeutic visit with Amanda Hall and additionally, he would agree to meet in Dallas for professionally supervised visitation. Stephen Hale testified that the therapeutic visits are going well and Ms. Hall believes that the relationship is improving.

Based upon the balancing of the foregoing factors, the Court finds that Father has met his burden that his request for relocation is in good faith. Mother has failed to meet her burden that the relocation would not be in the best interest of the child. Father shall notify Mother the exact date of the anticipated relocation including the physical address of the minor child and all other contact

information as required by law.  The Court finds that currently mother receives two hours of professionally supervised visitation per week which amounts to approximately eight hours of professionally supervised visitation per month.  The Court finds that Mother shall be awarded a total of ten hours of professionally supervised visitation per month with five hours occurring in Dallas, Texas on one Saturday and one Sunday per month on the same weekend.  Father is directed to select a professional supervisor located within 20 miles of maternal grandparents home.  The professional supervisor shall be on the list of professional supervisors provided by the Attorney General of Texas.  Father is directed to provide the name and contact information for the supervisor to Mother within ten days of his relocation.  If Father fails to do so then Mother may select a professional supervisor under the same criteria.  There is no prohibition as to where this visitation occurs.  If approved by the professional supervisor, the visitation may occur in maternal grandparents home.  The cost of professional supervision shall remain Mother's expense.  The costs of transportation to Dallas on this weekend will be at Father's expense.

The minor child will remain engaged in therapeutic visitation with Mother and with Amanda Hall on a monthly basis.  Father has asserted that he would be willing to bear this responsibility given his request for relocation and the Court will hold him to this.  As the minor child is currently attending virtual school her once per month attendance in therapeutic visitation will not affect her school attendance negatively.  Certainly, should the minor child become enrolled in a brick and mortar school it would not be the Court's position that it would be feasible to continue to travel to Tulsa for these sessions but that is not the evidence before the Court and Father has asserted that he is able and willing to ensure its continuation.  Mother will continue to bear the cost of therapeutic visitation and Father will bear the travel expenses.

Finally, until such time as Father actually relocates, the parties shall continue to operate under the current visitation orders of the Court.  That is, with Mother receiving two hours of

professionally supervised visitation per week with Cheryl Hall and therapeutic visitation once per month with Amanda Hall.

## MOTION TO MODIFY SUPPORT

The Court maintains the authority under 43 O.S. 118(I)(A)(1) to modify child support upon a material change in circumstances which includes an increase or decrease in the income of the parents, changes in the cost of medical insurance or a change in the visitation schedule. The Court finds that there have been several material changes in circumstances that directly affected child support.

1. Both parties have experienced changes in income as outlined in the Court's findings of fact.

2. The visitation schedule changed at least three times during the pendency of this action.

3. Mother had another child in October, 2019.

When the Court determines a material change in circumstances warranting a modification, the modification will be effective on the first day of the month following the date the motion to modify was filed…or the Court makes a specific finding of fact that the material change of circumstance did not occur until a later date. 43 O.S. 118(I)(3).

In August and September of 2017, the parties were still exercising the visitation schedule from the previous order. For these two months, Mother's income should be her actual income of $15,361.42 from her employment. The Court determines that Mother's income was $15,361.42 from her employment plus the $2,576.00 in VA benefits for a total income of $17,937.42 per month. Father's income based on his actual income was $1,317.00. The guidelines also reflect that Father had 320 overnights and Mother had 45 overnights. There is no credit for the insurance premium paid by either Mother or her current husband as this information was not presented in court. The child support guideline attached as "Exhibit A" accurately reflects the income and visitation of the parties at the time of the modification. Mother owed $1,278.16 to Father for these two months resulting in a judgment of $2,556.32.

22

Beginning October 1, 2017 through December 31, 2017, the parties began to exercise split time (50/50 time). Using the same incomes of the parties, the child support guideline attached as "Exhibit B" accurately reflects the income and visitation of the parties at the time of the modification. Mother owed $888.23 to Father for these three months resulting in a judgment of $2,664.69.

Beginning in January 2018, the incomes for both parties increased. Mother's actual income was $16,125.92 based on evidence provided and also the VA benefits of $2,576.00 per month for a total monthly income of $18,701.92. Father's actual income increased to $4,403.00 per month. The amount of overnights were still split between the parties and there is no credit for insurance premium as there was no evidence presented regarding the cost. The guidelines attached as "Exhibit C" accurately reflect the income and visitation of the parties at the time of the modification. Mother owed $636.82 to Father for these twelve months resulting in a judgment of $7,641.84.

Beginning January 2019, Mother's actual income from her employer based on the evidence provided shows $15,837.76 per month plus the $2,576.00 in VA disability for a total monthly income of $18,413.76. Father's actual income based on evidence provided was $4,874.75 per month. The amount of overnights and insurance premium remain the same. The guidelines attached as "Exhibit D" accurately reflect the income and visitation of the parties at the time of the modification. Mother owed $598.22 to Father for these nine months resulting in a judgment of $5,302.98.

Beginning October 1, 2019 through December 31, 2019, the guidelines should remain the same as above, but the Mother had another child and would therefore be entitled to a credit for an in home biological child. The guidelines attached as "Exhibit E" include the credit for the in home biological child along with the Mother's entire income. Mother owed $578.31 to Father for these three months resulting in a judgment of $1,734.93.

Beginning January 1, 2020, there was evidence of the actual income of both parties presented, the parties were still exercising split time, there is still no credit for the insurance premium, and the Mother is receiving credit for one in home biological child. Based on the evidence, Mother's actual income was $16,652.33 along with the $2,576.00 in VA benefits for a total of $19,228.33 per month. Father's income was $3,571.08 based on evidence presented. The guidelines attached as "Exhibit F" include the credit for the in home biological child along with the Mother's entire income. Mother owed $691.42 to Father for these twelve months resulting in a judgment of $8,297.04.

Beginning January 1, 2021, and pursuant to 43 O.S. 118 the Court finds that given Mother's absolute unwillingness to provide testimony or evidence with respect to her actual income, it is equitable to impute Mother at $15,000 income per month based on the fact that she was previously able to earn that or more each month. Additionally, Mother testified that she was receiving information from recruiters on jobs where her salary would be $180,000 per year. The Court will also include the $2,576.00 in VA benefits for a total monthly income of $17,576.00. Father's actual income based on evidence presented was $4,505.16 per month. The parties were still exercising split time during this year, there is no credit for insurance premium, and Mother is receiving credit for one in home biological child. The guidelines attached as "Exhibit G" include the credit for the in home biological child along with Mother's entire income. Mother owed $588.59 to Father for these twelve months resulting in a judgment of $7,063.08.

The Court issued a Temporary Child Support Order on October 14, 2022 where the Court imputed Mother's income at $5,995.78 and found that Father's actual income was $4,381.86. The Court ordered Mother to begin making monthly child support to Father on November 1, 2022 in the amount of $827.56. Furthermore, the Court set a judgment for the time frame of January 1,

2022 through October 31, 2022 in the principal amount of $5,964.40. In reaching Mother's income at the time of Temporary Orders the Court specifically held:

> On paper Petitioner is certainly underemployed. However, pursuant to previous testimony and this Court's interactions with the Petitioner, the Court does have significant concerns regarding the mental health of the Petitioner which is why the Court previously ordered a psychological evaluation by Dr. Curtis Grundy. With this in mind the Court does not believe it to be equitable to impute the Petitioner at $18,333.33 per month as Respondent has requested as the Court does not believe she is currently capable of obtaining employment with that income.

The Court will not disturb its temporary order ruling for the time periods of January 1, 2022 to December 31, 2023. Mother owed $827.56 to Father for these twelve months resulting in a judgment of $9,930.72.

Beginning January 1, 2023, the Court still believes that Mother's mental health makes it impossible for her to attain the same level of income previously attained. However, Mother repeatedly maintains that she is operating her own clinic. She produced evidence at trial that she currently has monthly obligations in the amount of $8,348.16 which she has to meet in running her private practice. Pursuant to 43 O.S. 118 (C)(3) the Court may consider any factor deemed relevant to the case in determining an imputed income amount. The Court determines that it is equitable to conclude that Mother earns at least $8,348.16 per month as she continues to operate her clinic and has done so according to herself for a number of years. Even though Mother argued that according to her taxes she was operating at a loss, 43 O.S. 118(D)(2) specifically states that a determination of business income for tax purposes shall not control for purposes of determining a child support obligation. The Court will also include the $2,576.00 in VA benefits for a total imputed monthly income of $10,924.16. Father's actual income based on evidence presented was $4,441.91 per month. Mother had no overnights during this period. Father covered the insurance for the child during the year 2023 and therefore a credit of $362.35 should be credited to the Father. The Mother is receiving credit for one in home biological child. The guidelines attached as "Exhibit H" include

25

the credit for the in home biological child along with the Mother's entire income. Mother owed $1,186.89 to Father for these twelve months resulting in a judgment of $14,242.68.

Beginning January 1, 2024, for the same reasons cited above, the Court will impute Mother's income at $8,348.16 per month and also include the $2,576.00 in VA benefits for a total monthly income of $10,924.16. Father's actual income based on evidence presented was $4,558.85 per month based on the testimony from his current supervisor. The guidelines attached as "Exhibit I" include the credit for the in home biological child along with the Mother's entire income. Mother owed $1,180.12 to Father for these two months resulting in a judgment of $2,360.24. Mother is ordered to pay $1,180.12 per month to Father beginning on March 1, 2024 and each month thereafter. Mother shall pay child support until the minor child reaches the age of majority, or until further order of the Court; provided, however, that should the minor child be continuously enrolled in high school at the age of majority, then Mother shall pay child support through the month of graduation from high school, or to the age of twenty (20) years, whichever occurs first.

Pursuant to 43 O.S. 119(B) if the combined income exceeds Fifteen Thousand Dollars ($15,000.00), the child support shall be that amount computed for a monthly income of Fifteen Thousand Dollars ($15,000.00) and an additional amount determined by the Court. The Court does not find that it would be equitable to award any additional amount of support due to the fact that Mother is ordered to pay the cost of therapeutically and professionally supervised visitation.

Mother owes an arrearage judgment in the principal amount of $61,794.52 for the period of August, 2017 to March 1, 2024. Judgment for said amount is hereby determined and awarded to the Father. The Court directs the Department of Human Services to update their record of payment and determine statutory interest pursuant to this ruling.

The Court finds that given the size of the judgment and other judgments awarded herein, Mother will not be able to pay this judgment with statutory interest within 36 months. Mother is

26

hereby ordered to satisfy the above referenced judgment(s) by making monthly payments in the amount of $83.00 beginning on March 1, 2024 and continuing each month thereafter until said judgment(s), together with interest thereon, are paid in full. Payments shall be made in the same manner as current child support payments as set out herein. The monthly judgment payment is in addition to the previously ordered current monthly support in the amount of $1,266.00 making the obligor's total monthly payment the sum of $1,349.00. When current support is no longer due, the amount previously applied to ongoing current support shall be applied to the past-due support and the obligor shall continue to pay the total amount of $1,349.00 per month until the judgment(s), together with interest thereon, are paid in full or until further order of the court.

The parties shall pay their proportionate share, Mother 69% and Father 31%, of any child care, medical, orthodontic, dentist, or therapists costs incurred on behalf of the minor children pursuant to the attached guidelines. The party incurring the cost shall submit all receipts/requests for payment within 30 days of incurring the same and payment shall be remitted within 30 days of receipt of said proof. Employer sponsored health coverage is currently available for the minor child(ren) and Father shall provide dependent health care coverage through an employer-sponsored or other group plan whenever it is accessible and available at a reasonable cost. "Reasonable in cost" means that the pro-rata share of the child(ren)'s actual premium cost paid by the insured does not exceed five percent (5%) of the gross income of the person ordered to provide coverage. The share of premium ($227.94) for the parent providing the coverage should not exceed 5% (as shown on Line 22 of the child support computation) of the gross monthly income.

Father is ordered to provide Mother with proof of enrollment, insurance cards, policy information, policy number, and any other documents necessary for the child to use the insurance. Both parties shall be required to exchange any information necessary to secure dependent health insurance enrollment. The parents must furnish each other with timely written

27

documentation of any change in health insurance within 30 days of the date of the change. Upon timely notification of the change, the other parent is responsible for his/her percentage share of the changed cost of the health insurance. Failure to provide timely notice may result in a denial of the right to receive credit or reimbursement for the expense or increased premium.

## FATHER'S CONTEMPT AGAINST MOTHER FILED
## MAY 23, 2019

The Court Finds Mother GUILTY of Indirect Contempt for failure to pay the debt associated with the Jayco Trailer as alleged in Father's Contempt. The Oregon Decree awarded the 2014 Jayco Trailer to Father and ordered Mother to pay the entirety of the debt in lieu of child support. It is undisputed that she did not pay the debt but rather signed the 2014 trailer over to Jayco receiving a credit of $16,790.46 against the debt she was ordered to pay, she also received $1,731.87 while Father never received the title to the property nor did he receive child support since this debt was in lieu of Mother's obligation in that regard. The Court FINDS Mother GUILTY of Indirect Contempt and sets the purge fee at $18,522.33.

The Court Finds Mother GUILTY of Indirect Contempt for failure to give Father the title to the 2013 Jeep Wrangler after final payment in April, 2019. The undisputed testimony at trial was that ultimately Mother delivered the deed to Father in August, 2019 therefore the Court FINDS that Mother has already purged this contempt.

## MOTHER'S CONTEMPT AGAINST FATHER FILED AUGUST 30, 2019

The Court Finds Father NOT GUILTY of Indirect Contempt for failing to reimburse Mother his share of the child's reasonable medical, dental and optical services in the amount of $1,631.47. Mother presented no evidence in support of this contempt during the week-long trial. It appears to the Court that she has abandoned this contempt.

## MOTHER'S CONTEMPT AGAINST FATHER FILED JULY 7, 2020

The Court Finds Father NOT GUILTY of Indirect Contempt for failing to reimburse Mother his share of the child's reasonable medical, dental and optical services in the amount of $1,631.47, failing to ensure the minor child completed her homework assignments and using corporal punishment. Mother presented no evidence in support of this contempt during the week-long trial. It appears to the Court that she has abandoned this contempt.

## MOTHER'S CONTEMPTS AGAINST FATHER FILED JANUARY 17, 2023 AND SEPTEMBER 8, 2023 AS WELL AS THE AMENDMENTS

The Court Finds Father NOT GUILTY of these Indirect Contempt's. Frankly, these contempt pleadings contain misstatements of facts regarding alleged Court Orders some of which have never been orders of the Court. For example, in Mother's September 8, 2023 Application for 9th Indirect Contempt Citation, Mother states in Paragraph three that on July 14, 2023, the Court awarded Mother an additional 2 hours of professional visitation (WITHOUT supervision requirement). This was NOT the order of the Court. Mother failed to present sufficient evidence of any violation of Court Orders.

## FATHER'S CONTEMPT AGAINST MOTHER FILED JANUARY 9, 2023 AND AGAIN APRIL 20, 2023

Father announced in open Court his dismissal and withdrawal of these contempts. The Court issued a pretrial ruling regarding the dissemination of Dr. Curtis Grundy's evaluation resolving this contempt issue.

## MISCELLANEOUS

THE COURT FURTHER FINDS that any issues of TANIF or reimbursements to the State of Oklahoma pursuant to DHS guidelines are specifically reserved.

THE COURT FURTHER FINDS The issue of attorney's fees is reserved by the Court to be addressed by separate application pursuant to 12 O.S. § 696.4.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED by the Court that the above and foregoing findings are hereby ORDERED, ADJUDGED, AND DECREED as if hereinafter set out at length, and judgment is rendered and entered accordingly. Any portion of the Oregon Decree not specifically modified herein shall remain in full force and effect.

Dated this 20th day of February, 2024

IT IS SO ORDERED

_____

Judge April Seibert

30



## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this **20th** day of February, 2024, a true and correct copy of the above and foregoing instrument was mailed by regular First-Class mail to the following:

Linh Stephens
6607 S. Palm Place
Broken Arrow, Oklahoma 74011
PETITIONER, Pro Se

Gil Pilkington
THE PILKINGTON LAW FIRM, PLLC
PO BOX 52614
Tulsa, OK 74152-0614
ATTORNEY FOR THE RESPONDENT

Stephen Hale
520 W. 6th St.
Tulsa, OK 74119-1016
GUARDIAN AD LITEM

Megan Beck
320 S. Boston Ave., Suite 718
Tulsa, OK 74103
ATTORNEY FOR THE MINOR CHILD

Emmalene Stringer
P.O. Box 27068
Tulsa, OK 74149
OKDHS CHILD SUPPORT, STATE'S ATTORNEY

_____
Deputy Court Clerk

31

## IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

| | | |
|---|---|---|
| Linh Stephens | ) | **Dist. Ct. Case No.** FD-2015-2228 |
| | ) | |
| Petitioner | ) | **OAH Case No.** |
| | ) | |
| | ) | **FGN:** 948641001 |
| | ) | |
| Adam Stephens | ) | Aug-Sept 2017 |
| | ) | |
| Respondent | ) | |

### CHILD SUPPORT COMPUTATION

| | | | | | |
|---|---|---|---|---|---|
| | Calculation for number of children in this case | 1 | | | |
| | Obligor (person who pays) is (Enter "Father" or "Mother") | Mother | | | |
| **A** | **Base monthly obligation** | | **Father** | **Mother** | **Combined** |
| 1 | **Gross monthly income** All sources, except income specifically excluded by 43 O.S. Section 118B(B) | | $1,317.00 | $17,937.42 | $19,254.42 |
| | a. Amount of self-employment income included in Line 1 | | $0.00 | $0.00 | |
| | b. Deduction for self-employment tax Multiply Line 1a by 7.65% | | $0.00 | $0.00 | |
| 2 | **Total gross monthly income** Line 1 minus Line 1b | | $1,317.00 | $17,937.42 | |
| | a. Amount of SSA Title II benefits or veterans disability benefits paid for the benefit of the children. Do NOT include SSI benefits. (Enter in the column for the disabled or retired parent.) | | $0.00 | $0.00 | |
| | b. Court ordered support alimony actually paid in a prior case | | $0.00 | $0.00 | |
| | c. Court ordered monthly adjustment for marital debt | | $0.00 | $0.00 | |
| | d. Court ordered monthly child support actually paid for qualified out-of-home children | | $0.00 | $0.00 | |



| | | Father | Mother | Combined |
|---|---|---|---|---|
| | **In-home Children Deduction Worksheet**<br>e. Number of qualified in-home children excluding children on this case | 0 | 0 | |
| | f. Amount for qualified in-home children.<br>Apply Line 2 for each parent to Child Support Guideline Schedule amount using the number of children in Line 2e, and multiply guideline amount by 75% | $0.00 | $0.00 | |
| 3 | **Adjusted gross monthly income (AGI)**<br>Amount in Line 2 plus 2a, minus Lines 2b, 2c, 2d, and 2f | $1,317.00 | $17,937.42 | $19,254.42 |
| 4 | **Percentage share of income**<br>AGI for each parent divided by the combined AGI | 6.8% | 93.2% | 100% |
| 5 | **Base monthly obligation**<br>Apply combined AGI to Child Support Guideline Schedule and put total in combined base monthly obligation. Multiply the combined total by the percentage share of income for each parent. | $93.84 | $1,278.16 | $1,372.00 |
| **B** | **Parenting time adjustment, if used** | **Father** | **Mother** | **Combined** |
| 6 | **Number of overnights with each parent**<br>If less than 121 for either parent, skip to C. | 320 | 45 | 365 |
| | a. Percentage of overnights with each parent<br>Number of overnights for each parent divided by 365 | 87.7% | 12.3% | 100% |
| | b. Adjusted combined child support obligation<br>Adjustment factor is based on the parent with the fewest overnights. The result in the combined column is the combined monthly obligation in Line 5 multiplied by the adjustment factor. | **<=== Adjustment Factor**<br>less than 121 = no factor<br>121-131 = 2<br>132-143 = 1.75<br>144-183 = 1.5 | | |
| | c. Share of adjusted combined child support obligation<br>Combined Line 6b multiplied by the percentage share of income in Line 4 | | | |
| | d. Respective adjusted base child support obligation<br>Amount for each parent in Line 6c multiplied by the percentage of the other parent in Line 6a | | | |
| 7 | **Adjusted base monthly obligation**<br>Line 6d larger amount minus Line 6d smaller amount and the result is for the parent with the positive amount. If the parent has more than 205 in Line 6, use $0 for that parent. If either parent has less than 121 in Line 6, use the Line 5 amount for both parents. | $0.00 | $1,278.16 | |

| C | **Obligor** (person who pays) is (Enter "Father" or "Mother") | Mother | |



| D | Work and education-related child care expenses | Father | Mother | Other Custodian |
|---|---|---|---|---|
| 8 | **Monthly child care expenses for children in this case** <br> Include any co-payments being paid by a parent receiving OKDHS Child Care Subsidy. | $0.00 | $0.00 | $0.00 |
| 9 | **Child care expense percentage share of the total** <br> Total child care expenses multiplied by percentage share of income for each parent. <br> Multiply Line 8 by Line 4 | $0.00 | $0.00 | |
| 10 | **Total child care adjustment to base monthly obligation** <br> Line 9 minus Line 8 (amount may be negative) | $0.00 | $0.00 | |
| E | Health insurance premium | Father | Mother | Other Custodian |
| 11 | **Monthly health insurance premium costs** <br> This premium represents the actual premium cost for any child(ren) in this case only.  Insurance Premium Worksheet is available if needed. <br> **Use Cash Medical Support if any child is not covered by insurance.** | $0.00 | $0.00 | $0.00 |
| 12 | **Monthly health insurance share for each parent** <br> Percentage share of income in Line 4 multiplied by total current insurance cost for all persons in Line 11 | $0.00 | $0.00 | |
| 13 | **Total premium cost adjustment to base monthly obligation** <br> Line 12 minus Line 11  (amount may be negative) | $0.00 | $0.00 | |
| F | Other contributions, if agreed or ordered | Father | Mother | Other Custodian |
| 14 | **Ongoing medical costs** <br> Cash medical support for fixed periodic payments for ongoing medical costs | $0.00 | $0.00 | $0.00 |
| | a. Adjusted medical costs share <br>    Multiply total of Line 14 for all persons by Line 4 | $0.00 | $0.00 | |
| | b. Total ongoing medical costs adjustment to <br>    base monthly obligation <br>    Line 14a minus Line 14  (amount may be negative) | $0.00 | $0.00 | |
| 15 | **Visitation transportation costs** | $0.00 | $0.00 | $0.00 |
| | a. Adjusted visitation costs share <br>    Multiply total of Line 15 for all persons by Line 4 | $0.00 | $0.00 | |
| | b. Total ongoing visitation costs adjustment to <br>    base monthly obligation <br>    Line 15a minus Line 15  (amount may be negative) | $0.00 | $0.00 | |
| G | Child Support obligation subtotal | Father | Mother | |

| | | Father | Mother | Combined |
|---|---|---|---|---|
| 16 | **Base monthly child support obligation less adjustments for child care and other contributions**<br>Add obligor Line 7 to Lines 10, 13 and 15b if positive amounts. Subtract Lines 10, 13 or 15b if negative amounts. | $0.00 | $1,278.16 | |
| 17 | **SSA Title II benefits or veterans disability benefits paid for the benefit of the child**<br>Line 2a for obligor | | $0.00 | |
| 18 | **Total monthly child support obligation less any SSA Title II benefits or veterans disability benefits paid for the benefit of the child**<br>Line 16 minus Line 17  (amount may be negative) | $0.00 | $1,278.16 | |
| **H** | **Cash Medical Support** | **Father** | **Mother** | **Combined** |
| 19 | Enter number of children in this case not covered by health insurance.  If none, skip to Line 24.  Note: This may be different from the number of children on SoonerCare. | 0 | | |
| 20 | Enter the Soonercare or other health care government assistance **applicant** for the child(ren) in this case, if child(ren) are on SoonerCare.  Enter "Father", "Mother", "other" or leave blank. | | | |



| 21 | Cash medical amount for obligor<br>If Line 19 is zero or the obligor is the person on Line 20, enter $0 in Line 23. If Line 19 is greater than zero and the obligor is not the person on Line 20, refer to the Cash Medical Income Guidelines Table. If the Obligor's income is less than or equal to the amount on the table, enter $0. If greater, multiply $115 by the number of children in Line 19. Multiply the combined total by percentage shares from Line 4. | $0.00 | $0.00 | $0.00 |
| 22 | 5% of Gross Monthly Income<br>Line 2 multiplied by 0.05<br>This represents the maximum amount of total medical allowed. | $65.85 | $896.87 | |
| 23 | Cash medical support in lieu of insurance<br>If Line 21 plus Line 13 is greater than Line 22, use Line 22 minus Line 13. If Line 21 plus Line 13 is less than or equal to Line 22, enter Line 21. Enter $0 if negative | $0.00 | $0.00 | |

| I | Current Monthly Support Obligation | Father | Mother |
|---|---|---|---|
| 24 | a. Child support portion<br>If Line 14b is positive, Line 18 for obligor<br>If Line 14b is negative, reduce Line 18 by Line 14b<br>Enter $0 if negative | | $1,278.16 |
| | b. Cash medical portion<br>If Line 18 minus 14b is positive, Line 23 for obligor<br>If Line 18 minus 14b is negative, reduce Line 23 by Line 18 minus 14b. Enter $0 if negative | | $0.00 |
| | c. Ongoing medical costs portion<br>If Line 18 is positive, Line 14b for obligor<br>If Line 18 is negative, reduce 14b by Line 18<br>Enter $0 if negative | | $0.00 |
| 25 | Total obligation to be paid by the obligor<br>Line 24a plus 24b plus 24c | | $1,278.16 |

Mother _____ shall begin payments on Aug-Sept 2017 _____ and continue on the same date of each month until further order of the court.

__X__ Guidelines were followed.

_____ Deviation from child support guidelines by Court-Specific findings of Court supporting each deviation:

_____

_____

_____

Dated: _____

_____
**JUDGE**

**APPROVED AS TO FORM:**

_____          _____
Father printed name                                           Father signature

_____          _____
Attorney for father printed name                       Attorney for father signature and OBA Number

_____          _____
Mother printed name                                          Mother signature

_____          _____
Attorney for mother printed name                     Attorney for mother signature & OBA Number

_____          _____
Other Custodian printed name                           Other Custodian signature

_____          _____
Attorney for Other Custodian printed name       Attorney for Other Custodian signature and
                                                                        OBA Number

_____          _____
State's Attorney, CSS printed name                   State's Attorney, CSS signature and OBA Number

EXHIBIT B

## IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

| | | |
|---|---|---|
| Linh Stephens | ) | Dist. Ct. Case No.   FD-2015-2228 |
| | ) | |
| Petitioner | ) | OAH Case No. |
| | ) | |
| | ) | FGN:   948641001 |
| | ) | |
| Adam Stephens | ) | Oct-Dec 2017 |
| | ) | |
| Respondent | ) | |

### CHILD SUPPORT COMPUTATION

| | | | |
|---|---|---|---|
| | Calculation for number of children in this case | 1 | |
| | Obligor (person who pays) is (Enter "Father" or "Mother") | Mother | |

| A | Base monthly obligation | Father | Mother | Combined |
|---|---|---|---|---|
| 1 | **Gross monthly income** All sources, except income specifically excluded by 43 O.S. Section 118B(B) | $1,317.00 | $17,937.42 | $19,254.42 |
| | a. Amount of self-employment income included in Line 1 | $0.00 | $0.00 | |
| | b. Deduction for self-employment tax Multiply Line 1a by 7.65% | $0.00 | $0.00 | |
| 2 | **Total gross monthly income** Line 1 minus Line 1b | $1,317.00 | $17,937.42 | |
| | a. Amount of SSA Title II benefits or veterans disability benefits paid for the benefit of the children. Do NOT include SSI benefits. (Enter in the column for the disabled or retired parent.) | $0.00 | $0.00 | |
| | b. Court ordered support alimony actually paid in a prior case | $0.00 | $0.00 | |
| | c. Court ordered monthly adjustment for marital debt | $0.00 | $0.00 | |
| | d. Court ordered monthly child support actually paid for qualified out-of-home children | $0.00 | $0.00 | |

| | | | Father | Mother | Combined |
|---|---|---|---|---|---|
| | **In-home Children Deduction Worksheet** | | | | |
| | e. Number of qualified in-home children excluding children on this case | | 0 | 0 | |
| | f. Amount for qualified in-home children. Apply Line 2 for each parent to Child Support Guideline Schedule amount using the number of children in Line 2e, and multiply guideline amount by 75% | | $0.00 | $0.00 | |
| 3 | **Adjusted gross monthly income (AGI)** Amount in Line 2 plus 2a, minus Lines 2b, 2c, 2d, and 2f | | $1,317.00 | $17,937.42 | $19,254.42 |
| 4 | **Percentage share of income** AGI for each parent divided by the combined AGI | | 6.8% | 93.2% | 100% |
| 5 | **Base monthly obligation** Apply combined AGI to Child Support Guideline Schedule and put total in combined base monthly obligation. Multiply the combined total by the percentage share of income for each parent. | | $93.84 | $1,278.16 | $1,372.00 |
| B | **Parenting time adjustment, if used** | | **Father** | **Mother** | **Combined** |
| 6 | **Number of overnights with each parent** If less than 121 for either parent, skip to C. | | 182 | 183 | 365 |
| | a. Percentage of overnights with each parent Number of overnights for each parent divided by 365 | | 50.0% | 50.0% | 100% |
| | b. Adjusted combined child support obligation Adjustment factor is based on the parent with the fewest overnights. The result in the combined column is the combined monthly obligation in Line 5 multiplied by the adjustment factor. | 1.5 | **<=== Adjustment Factor** less than 121 = no factor 121-131 = 2 132-143 = 1.75 144-183 = 1.5 | | $2,058.00 |
| | c. Share of adjusted combined child support obligation Combined Line 6b multiplied by the percentage share of income in Line 4 | | $140.77 | $1,917.23 | |
| | d. Respective adjusted base child support obligation Amount for each parent in Line 6c multiplied by the percentage of the other parent in Line 6a | | $70.39 | $958.62 | |
| 7 | **Adjusted base monthly obligation** Line 6d larger amount minus Line 6d smaller amount and the result is for the parent with the positive amount. If the parent has more than 205 in Line 6, use $0 for that parent. If either parent has less than 121 in Line 6, use the Line 5 amount for both parents. | | $0.00 | $888.23 | |

| C | **Obligor** (person who pays) is (Enter "Father" or "Mother") | Mother | |

| D | Work and education-related child care expenses | Father | Mother | Other Custodian |
|---|---|---|---|---|
| 8 | Monthly child care expenses for children in this case<br>Include any co-payments being paid by a parent receiving OKDHS Child Care Subsidy. | $0.00 | $0.00 | $0.00 |
| 9 | Child care expense percentage share of the total<br>Total child care expenses multiplied by percentage share of income for each parent.<br>Multiply Line 8 by Line 4 | $0.00 | $0.00 | |
| 10 | Total child care adjustment to base monthly obligation<br>Line 9 minus Line 8 (amount may be negative) | $0.00 | $0.00 | |
| E | Health insurance premium | Father | Mother | Other Custodian |
| 11 | Monthly health insurance premium costs<br>This premium represents the actual premium cost for any child(ren) in this case only.  Insurance Premium Worksheet is available if needed.<br>Use Cash Medical Support if any child is not covered by insurance. | $0.00 | $0.00 | $0.00 |
| 12 | Monthly health insurance share for each parent<br>Percentage share of income in Line 4 multiplied by total current insurance cost for all persons in Line 11 | $0.00 | $0.00 | |
| 13 | Total premium cost adjustment to base monthly obligation<br>Line 12 minus Line 11  (amount may be negative) | $0.00 | $0.00 | |
| F | Other contributions, if agreed or ordered | Father | Mother | Other Custodian |
| 14 | Ongoing medical costs<br>Cash medical support for fixed periodic payments for ongoing medical costs | $0.00 | $0.00 | $0.00 |
| | a. Adjusted medical costs share<br>Multiply total of Line 14 for all persons by Line 4 | $0.00 | $0.00 | |
| | b. Total ongoing medical costs adjustment to base monthly obligation<br>Line 14a minus Line 14  (amount may be negative) | $0.00 | $0.00 | |
| 15 | Visitation transportation costs | $0.00 | $0.00 | $0.00 |
| | a. Adjusted visitation costs share<br>Multiply total of Line 15 for all persons by Line 4 | $0.00 | $0.00 | |
| | b. Total ongoing visitation costs adjustment to base monthly obligation<br>Line 15a minus Line 15  (amount may be negative) | $0.00 | $0.00 | |
| G | Child Support obligation subtotal | Father | Mother | |

| | | | Father | Mother | Combined |
|---|---|---|---|---|---|
| 16 | **Base monthly child support obligation less adjustments for child care and other contributions** Add obligor Line 7 to Lines 10, 13 and 15b if positive amounts. Subtract Lines 10, 13 or 15b if negative amounts. | | $0.00 | $888.23 | |
| 17 | **SSA Title II benefits or veterans disability benefits paid for the benefit of the child** Line 2a for obligor | | | $0.00 | |
| 18 | **Total monthly child support obligation less any SSA Title II benefits or veterans disability benefits paid for the benefit of the child** Line 16 minus Line 17  (amount may be negative) | | $0.00 | $888.23 | |
| **H** | **Cash Medical Support** | | **Father** | **Mother** | **Combined** |
| 19 | Enter number of children in this case not covered by health insurance.  If none, skip to Line 24.  Note: This may be different from the number of children on SoonerCare. | 0 | | | |
| 20 | Enter the Soonercare or other health care government assistance **applicant** for the child(ren) in this case, if child(ren) are on SoonerCare.  Enter "Father", "Mother", "other" or leave blank. | | | | |

| | | | | Father | Mother |
|---|---|---|---|---|---|
| 21 | **Cash medical amount for obligor** If Line 19 is zero or the obligor is the person on Line 20, enter $0 in Line 23.  If Line 19 is greater than zero and the obligor is not the person on Line 20, refer to the Cash Medical Income Guidelines Table.  If the Obligor's income is less than or equal to the amount on the table, enter $0.  If greater, multiply $115 by the number of children in Line 19.  Multiply the combined total by percentage shares from Line 4. | | $0.00 | $0.00 | $0.00 |
| 22 | **5% of Gross Monthly Income** Line 2 multiplied by 0.05 This represents the maximum amount of total medical allowed. | | $65.85 | $896.87 | |
| 23 | **Cash medical support in lieu of insurance** If Line 21 plus Line 13 is greater than Line 22, use Line 22 minus Line 13.  If Line 21 plus Line 13 is less than or equal to Line 22, enter Line 21.  Enter $0 if negative | | $0.00 | $0.00 | |

| I | Current Monthly Support Obligation | Father | Mother |
|---|---|---|---|
| 24 | **a. Child support portion** If Line 14b is positive, Line 18 for obligor If Line 14b is negative, reduce Line 18 by Line 14b Enter $0 if negative | | $888.23 |
| | **b. Cash medical portion** If Line 18 minus 14b is positive, Line 23 for obligor If Line 18 minus 14b is negative, reduce Line 23 by Line 18 minus 14b.  Enter $0 if negative | | $0.00 |
| | **c. Ongoing medical costs portion** If Line 18 is positive, Line 14b for obligor If Line 18 is negative, reduce 14b by Line 18 Enter $0 if negative | | $0.00 |
| 25 | **Total obligation to be paid by the obligor** Line 24a plus 24b plus 24c | | $888.23 |

Mother _____ shall begin payments on _October-December 2017_ and continue on the same date of each month until further order of the court.

__X__    Guidelines were followed.

_____    Deviation from child support guidelines by Court-Specific findings of Court supporting each deviation:

_____

_____

_____

Dated: _____

_____
**JUDGE**

**APPROVED AS TO FORM:**

_____          _____
Father printed name                                    Father signature


_____          _____
Attorney for father printed name                Attorney for father signature and OBA Number


_____          _____
Mother printed name                                  Mother signature


_____          _____
Attorney for mother printed name             Attorney for mother signature & OBA Number


_____          _____
Other Custodian printed name                   Other Custodian signature


_____          _____
Attorney for Other Custodian printed name    Attorney for Other Custodian signature and
                                                                            OBA Number


_____          _____
State's Attorney, CSS printed name            State's Attorney, CSS signature and OBA Number

EXHIBIT C

## IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

| Linh Stephens | ) | Dist. Ct. Case No. | FD-2015-2228 |
|---|---|---|---|
| | ) | | |
| Petitioner | ) | OAH Case No. | |
| | ) | | |
| | ) | FGN: | 948641001 |
| | ) | | |
| Adam Stephens | ) | Year 2018 | |
| | ) | | |
| Respondent | ) | | |

### CHILD SUPPORT COMPUTATION

| | | | | |
|---|---|---|---|---|
| | Calculation for number of children in this case | 1 | | |
| | Obligor (person who pays) is (Enter "Father" or "Mother") | Mother | | |

| A | Base monthly obligation | Father | Mother | Combined |
|---|---|---|---|---|
| 1 | **Gross monthly income** All sources, except income specifically excluded by 43 O.S. Section 118B(B) | $4,403.00 | $18,701.92 | $23,104.92 |
| | a. Amount of self-employment income included in Line 1 | $0.00 | $0.00 | |
| | b. Deduction for self-employment tax Multiply Line 1a by 7.65% | $0.00 | $0.00 | |
| 2 | **Total gross monthly income** Line 1 minus Line 1b | $4,403.00 | $18,701.92 | |
| | a. Amount of SSA Title II benefits or veterans disability benefits paid for the benefit of the children. Do NOT include SSI benefits. (Enter in the column for the disabled or retired parent.) | $0.00 | $0.00 | |
| | b. Court ordered support alimony actually paid in a prior case | $0.00 | $0.00 | |
| | c. Court ordered monthly adjustment for marital debt | $0.00 | $0.00 | |
| | d. Court ordered monthly child support actually paid for qualified out-of-home children | $0.00 | $0.00 | |



| | In-home Children Deduction Worksheet | | | |
|---|---|---|---|---|
| | e. Number of qualified in-home children excluding children on this case | 0 | 0 | |
| | f. Amount for qualified in-home children. Apply Line 2 for each parent to Child Support Guideline Schedule amount using the number of children in Line 2e, and multiply guideline amount by 75% | $0.00 | $0.00 | |
| 3 | **Adjusted gross monthly income (AGI)** Amount in Line 2 plus 2a, minus Lines 2b, 2c, 2d, and 2f | $4,403.00 | $18,701.92 | $23,104.92 |
| 4 | **Percentage share of income** AGI for each parent divided by the combined AGI | 19.1% | 80.9% | 100% |
| 5 | **Base monthly obligation** Apply combined AGI to Child Support Guideline Schedule and put total in combined base monthly obligation. Multiply the combined total by the percentage share of income for each parent. | $261.46 | $1,110.54 | $1,372.00 |
| **B** | **Parenting time adjustment, if used** | **Father** | **Mother** | **Combined** |
| 6 | **Number of overnights with each parent** If less than 121 for either parent, skip to C. | 183 | 182 | 365 |
| | a. Percentage of overnights with each parent Number of overnights for each parent divided by 365 | 50.0% | 50.0% | 100% |
| | b. Adjusted combined child support obligation Adjustment factor is based on the parent with the fewest overnights. The result in the combined column is the combined monthly obligation in Line 5 multiplied by the adjustment factor. | 1.5 | <=== **Adjustment Factor** less than 121 = no factor 121-131 = 2 132-143 = 1.75 144-183 = 1.5 | $2,058.00 |
| | c. Share of adjusted combined child support obligation Combined Line 6b multiplied by the percentage share of income in Line 4 | $392.18 | $1,665.82 | |
| | d. Respective adjusted base child support obligation Amount for each parent in Line 6c multiplied by the percentage of the other parent in Line 6a | $196.09 | $832.91 | |
| 7 | **Adjusted base monthly obligation** Line 6d larger amount minus Line 6d smaller amount and the result is for the parent with the positive amount. If the parent has more than 205 in Line 6, use $0 for that parent. If either parent has less than 121 in Line 6, use the Line 5 amount for both parents. | $0.00 | $636.82 | |

| C | **Obligor** (person who pays) is (Enter "Father" or "Mother") | Mother | |



| D | Work and education-related child care expenses | Father | Mother | Other Custodian |
|---|---|---|---|---|
| 8 | **Monthly child care expenses for children in this case** Include any co-payments being paid by a parent receiving OKDHS Child Care Subsidy. | $0.00 | $0.00 | $0.00 |
| 9 | **Child care expense percentage share of the total** Total child care expenses multiplied by percentage share of income for each parent. Multiply Line 8 by Line 4 | $0.00 | $0.00 | |
| 10 | **Total child care adjustment to base monthly obligation** Line 9 minus Line 8 (amount may be negative) | $0.00 | $0.00 | |

| E | Health insurance premium | Father | Mother | Other Custodian |
|---|---|---|---|---|
| 11 | **Monthly health insurance premium costs** This premium represents the actual premium cost for any child(ren) in this case only.  Insurance Premium Worksheet is available if needed. **Use Cash Medical Support if any child is not covered by insurance.** | $0.00 | $0.00 | $0.00 |
| 12 | **Monthly health insurance share for each parent** Percentage share of income in Line 4 multiplied by total current insurance cost for all persons in Line 11 | $0.00 | $0.00 | |
| 13 | **Total premium cost adjustment to base monthly obligation** Line 12 minus Line 11  (amount may be negative) | $0.00 | $0.00 | |

| F | Other contributions, if agreed or ordered | Father | Mother | Other Custodian |
|---|---|---|---|---|
| 14 | **Ongoing medical costs** Cash medical support for fixed periodic payments for ongoing medical costs | $0.00 | $0.00 | $0.00 |
| | a. Adjusted medical costs share Multiply total of Line 14 for all persons by Line 4 | $0.00 | $0.00 | |
| | b. Total ongoing medical costs adjustment to base monthly obligation Line 14a minus Line 14  (amount may be negative) | $0.00 | $0.00 | |
| 15 | **Visitation transportation costs** | $0.00 | $0.00 | $0.00 |
| | a. Adjusted visitation costs share Multiply total of Line 15 for all persons by Line 4 | $0.00 | $0.00 | |
| | b. Total ongoing visitation costs adjustment to base monthly obligation Line 15a minus Line 15  (amount may be negative) | $0.00 | $0.00 | |
| G | **Child Support obligation subtotal** | Father | Mother | |

| | | Father | Mother | Combined |
|---|---|---|---|---|
| 16 | **Base monthly child support obligation less adjustments for child care and other contributions** Add obligor Line 7 to Lines 10, 13 and 15b if positive amounts. Subtract Lines 10, 13 or 15b if negative amounts. | $0.00 | $636.82 | |
| 17 | **SSA Title II benefits or veterans disability benefits paid for the benefit of the child** Line 2a for obligor | | $0.00 | |
| 18 | **Total monthly child support obligation less any SSA Title II benefits or veterans disability benefits paid for the benefit of the child** Line 16 minus Line 17  (amount may be negative) | $0.00 | $636.82 | |
| **H** | **Cash Medical Support** | **Father** | **Mother** | **Combined** |
| 19 | Enter number of children in this case not covered by health insurance.  If none, skip to Line 24.  Note: This may be different from the number of children on SoonerCare. | 0 | | |
| 20 | Enter the Soonercare or other health care government assistance **applicant** for the child(ren) in this case, if child(ren) are on SoonerCare.  Enter "Father", "Mother", "other" or leave blank. | | | |



| 21 | **Cash medical amount for obligor** If Line 19 is zero or the obligor is the person on Line 20, enter $0 in Line 23. If Line 19 is greater than zero and the obligor is not the person on Line 20, refer to the Cash Medical Income Guidelines Table. If the Obligor's income is less than or equal to the amount on the table, enter $0. If greater, multiply $115 by the number of children in Line 19. Multiply the combined total by percentage shares from Line 4. | $0.00 | $0.00 | $0.00 |
|----|---|---|---|---|
| 22 | **5% of Gross Monthly Income** Line 2 multiplied by 0.05 This represents the maximum amount of total medical allowed. | $220.15 | $935.10 | |
| 23 | **Cash medical support in lieu of insurance** If Line 21 plus Line 13 is greater than Line 22, use Line 22 minus Line 13. If Line 21 plus Line 13 is less than or equal to Line 22, enter Line 21. Enter $0 if negative | $0.00 | $0.00 | |

| I | Current Monthly Support Obligation | Father | Mother | |
|----|---|---|---|---|
| 24 | **a. Child support portion** If Line 14b is positive, Line 18 for obligor If Line 14b is negative, reduce Line 18 by Line 14b Enter $0 if negative | | $636.82 | |
| | **b. Cash medical portion** If Line 18 minus 14b is positive, Line 23 for obligor If Line 18 minus 14b is negative, reduce Line 23 by Line 18 minus 14b. Enter $0 if negative | | $0.00 | |
| | **c. Ongoing medical costs portion** If Line 18 is positive, Line 14b for obligor If Line 18 is negative, reduce 14b by Line 18 Enter $0 if negative | | $0.00 | |
| 25 | **Total obligation to be paid by the obligor** Line 24a plus 24b plus 24c | | $636.82 | |

Mother _____ shall begin payments on <u>01/01/2018-12/31/2018</u> and continue on the same date of each month until further order of the court.

_X_ Guidelines were followed.

_____ Deviation from child support guidelines by Court-Specific findings of Court supporting each deviation:

_____

_____

_____

Dated: _____

_____
**JUDGE**

**APPROVED AS TO FORM:**

_____          _____
Father printed name                                    Father signature


_____          _____
Attorney for father printed name                Attorney for father signature and OBA Number


_____          _____
Mother printed name                                  Mother signature


_____          _____
Attorney for mother printed name            Attorney for mother signature & OBA Number


_____          _____
Other Custodian printed name                   Other Custodian signature


_____          _____
Attorney for Other Custodian printed name    Attorney for Other Custodian signature and
                                                                      OBA Number


_____          _____
State's Attorney, CSS printed name            State's Attorney, CSS signature and OBA Number

**IN THE DISTRICT COURT OF TULSA COUNTY**
**STATE OF OKLAHOMA**

| | | |
|---|---|---|
| Linh Stephens | ) | Dist. Ct. Case No.   FD-2015-2228 |
| | ) | |
| Petitioner | ) | OAH Case No. _____ |
| | ) | |
| _____ | ) | FGN:   948641001 |
| | ) | |
| Adam Stephens | ) | Year 2019 thru Sept |
| | ) | |
| Respondent | ) | |

**CHILD SUPPORT COMPUTATION**

| | | | | | |
|---|---|---|---|---|---|
| | Calculation for number of children in this case | 1 | | | |
| | Obligor (person who pays) is (Enter "Father" or "Mother") | Mother | | | |

| A | Base monthly obligation | | Father | Mother | Combined |
|---|---|---|---|---|---|
| 1 | **Gross monthly income** All sources, except income specifically excluded by 43 O.S. Section 118B(B) | | $4,874.75 | $18,413.76 | $23,288.51 |
| | a. Amount of self-employment income included in Line 1 | | $0.00 | $0.00 | |
| | b. Deduction for self-employment tax Multiply Line 1a by 7.65% | | $0.00 | $0.00 | |
| 2 | **Total gross monthly income** Line 1 minus Line 1b | | $4,874.75 | $18,413.76 | |
| | a. Amount of SSA Title II benefits or veterans disability benefits paid for the benefit of the children. Do NOT include SSI benefits. (Enter in the column for the disabled or retired parent.) | | $0.00 | $0.00 | |
| | b. Court ordered support alimony actually paid in a prior case | | $0.00 | $0.00 | |
| | c. Court ordered monthly adjustment for marital debt | | $0.00 | $0.00 | |
| | d. Court ordered monthly child support actually paid for qualified out-of-home children | | $0.00 | $0.00 | |



| | | | | |
|---|---|---|---|---|
| | **In-home Children Deduction Worksheet**<br>e. Number of qualified in-home children excluding children on this case | 0 | 0 | |
| | f. Amount for qualified in-home children.<br>Apply Line 2 for each parent to Child Support Guideline Schedule amount using the number of children in Line 2e, and multiply guideline amount by 75% | $0.00 | $0.00 | |
| 3 | **Adjusted gross monthly income (AGI)**<br>Amount in Line 2 plus 2a, minus Lines 2b, 2c, 2d, and 2f | $4,874.75 | $18,413.76 | $23,288.51 |
| 4 | **Percentage share of income**<br>AGI for each parent divided by the combined AGI | 20.9% | 79.1% | 100% |
| 5 | **Base monthly obligation**<br>Apply combined AGI to Child Support Guideline Schedule and put total in combined base monthly obligation.  Multiply the combined total by the percentage share of income for each parent. | $287.19 | $1,084.81 | $1,372.00 |

| B | Parenting time adjustment, if used | Father | Mother | Combined |
|---|---|---|---|---|
| 6 | **Number of overnights with each parent**<br>If less than 121 for either parent, skip to C. | 183 | 182 | 365 |
| | a. Percentage of overnights with each parent<br>Number of overnights for each parent divided by 365 | 50.0% | 50.0% | 100% |
| | b. Adjusted combined child support obligation<br>Adjustment factor is based on the parent with the fewest overnights.  The result in the combined column is the combined monthly obligation in Line 5 multiplied by the adjustment factor.  **1.5** | <=== **Adjustment Factor**<br>less than 121 = no factor<br>121-131 = 2<br>132-143 = 1.75<br>144-183 = 1.5 | | $2,058.00 |
| | c. Share of adjusted combined child support obligation<br>Combined Line 6b multiplied by the percentage share of income in Line 4 | $430.78 | $1,627.22 | |
| | d. Respective adjusted base child support obligation<br>Amount for each parent in Line 6c multiplied by the percentage of the other parent in Line 6a | $215.39 | $813.61 | |
| 7 | **Adjusted base monthly obligation**<br>Line 6d larger amount minus Line 6d smaller amount and the result is for the parent with the positive amount. If the parent has more than 205 in Line 6, use $0 for that parent.  If either parent has less than 121 in Line 6, use the Line 5 amount for both parents. | $0.00 | $598.22 | |

| C | **Obligor** (person who pays) is (Enter "Father" or "Mother") | Mother | |



| D | Work and education-related child care expenses | Father | Mother | Other Custodian |
|---|---|---|---|---|
| 8 | **Monthly child care expenses for children in this case** Include any co-payments being paid by a parent receiving OKDHS Child Care Subsidy. | $0.00 | $0.00 | $0.00 |
| 9 | **Child care expense percentage share of the total** Total child care expenses multiplied by percentage share of income for each parent. Multiply Line 8 by Line 4 | $0.00 | $0.00 | |
| 10 | **Total child care adjustment to base monthly obligation** Line 9 minus Line 8 (amount may be negative) | $0.00 | $0.00 | |
| E | Health insurance premium | Father | Mother | Other Custodian |
| 11 | **Monthly health insurance premium costs** This premium represents the actual premium cost for any child(ren) in this case only.  Insurance Premium Worksheet is available if needed. **Use Cash Medical Support if any child is not covered by insurance.** | $0.00 | $0.00 | $0.00 |
| 12 | **Monthly health insurance share for each parent** Percentage share of income in Line 4 multiplied by total current insurance cost for all persons in Line 11 | $0.00 | $0.00 | |
| 13 | **Total premium cost adjustment to base monthly obligation** Line 12 minus Line 11  (amount may be negative) | $0.00 | $0.00 | |
| F | Other contributions, if agreed or ordered | Father | Mother | Other Custodian |
| 14 | **Ongoing medical costs** Cash medical support for fixed periodic payments for ongoing medical costs | $0.00 | $0.00 | $0.00 |
| | a. Adjusted medical costs share Multiply total of Line 14 for all persons by Line 4 | $0.00 | $0.00 | |
| | b. Total ongoing medical costs adjustment to base monthly obligation Line 14a minus Line 14  (amount may be negative) | $0.00 | $0.00 | |
| 15 | **Visitation transportation costs** | $0.00 | $0.00 | $0.00 |
| | a. Adjusted visitation costs share Multiply total of Line 15 for all persons by Line 4 | $0.00 | $0.00 | |
| | b. Total ongoing visitation costs adjustment to base monthly obligation Line 15a minus Line 15  (amount may be negative) | $0.00 | $0.00 | |
| G | **Child Support obligation subtotal** | Father | Mother | |



| | | Father | Mother | Combined |
|---|---|---|---|---|
| 16 | **Base monthly child support obligation less adjustments for child care and other contributions**<br>Add obligor Line 7 to Lines 10, 13 and 15b if positive amounts. Subtract Lines 10, 13 or 15b if negative amounts. | $0.00 | $598.22 | |
| 17 | **SSA Title II benefits or veterans disability benefits paid for the benefit of the child**<br>Line 2a for obligor | | $0.00 | |
| 18 | **Total monthly child support obligation less any SSA Title II benefits or veterans disability benefits paid for the benefit of the child**<br>Line 16 minus Line 17  (amount may be negative) | $0.00 | $598.22 | |
| **H** | **Cash Medical Support** | **Father** | **Mother** | **Combined** |
| 19 | Enter number of children in this case not covered by health insurance.  If none, skip to Line 24.  Note: This may be different from the number of children on SoonerCare. | 0 | | |
| 20 | Enter the Soonercare or other health care government assistance **applicant** for the child(ren) in this case, if child(ren) are on SoonerCare.  Enter "Father", "Mother", "other" or leave blank. | | | |

| | | | Father | Mother | |
|---|---|---|---|---|---|
| 21 | **Cash medical amount for obligor**<br>If Line 19 is zero or the obligor is the person on Line 20, enter $0 in Line 23.  If Line 19 is greater than zero and the obligor is not the person on Line 20, refer to the Cash Medical Income Guidelines Table.  If the Obligor's income is less than or equal to the amount on the table, enter $0.  If greater, multiply $115 by the number of children in Line 19.  Multiply the combined total by percentage shares from Line 4. | $0.00 | $0.00 | $0.00 |
| 22 | **5% of Gross Monthly Income**<br>Line 2 multiplied by 0.05<br>This represents the maximum amount of total medical allowed. | $243.74 | $920.69 | |
| 23 | **Cash medical support in lieu of insurance**<br>If Line 21 plus Line 13 is greater than Line 22, use Line 22 minus Line 13.  If Line 21 plus Line 13 is less than or equal to Line 22, enter Line 21.  Enter $0 if negative | $0.00 | $0.00 | |

| | Current Monthly Support Obligation | Father | Mother |
|---|---|---|---|
| 24 | **a. Child support portion**<br>If Line 14b is positive, Line 18 for obligor<br>If Line 14b is negative, reduce Line 18 by Line 14b<br>Enter $0 if negative | | $598.22 |
| | **b. Cash medical portion**<br>If Line 18 minus 14b is positive, Line 23 for obligor<br>If Line 18 minus 14b is negative, reduce Line 23 by Line 18 minus 14b.  Enter $0 if negative | | $0.00 |
| | **c. Ongoing medical costs portion**<br>If Line 18 is positive, Line 14b for obligor<br>If Line 18 is negative, reduce 14b by Line 18<br>Enter $0 if negative | | $0.00 |
| 25 | **Total obligation to be paid by the obligor**<br>Line 24a plus 24b plus 24c | | $598.22 |

Mother _____ shall begin payments on _01/01/2019-09/30/2019_ and continue on the same date of each month until further order of the court.

__X__ Guidelines were followed.

_____ Deviation from child support guidelines by Court-Specific findings of Court supporting each deviation:

_____

_____

_____

Dated: _____

_____
**JUDGE**

**APPROVED AS TO FORM:**

_____           _____
Father printed name                   Father signature

_____           _____
Attorney for father printed name      Attorney for father signature and OBA Number

_____           _____
Mother printed name                   Mother signature

_____           _____
Attorney for mother printed name      Attorney for mother signature & OBA Number

_____           _____
Other Custodian printed name          Other Custodian signature

_____           _____
Attorney for Other Custodian printed name    Attorney for Other Custodian signature and
                                             OBA Number

_____           _____
State's Attorney, CSS printed name    State's Attorney, CSS signature and OBA Number

EXHIBIT E

### IN THE DISTRICT COURT OF TULSA COUNTY
### STATE OF OKLAHOMA

| | | |
|---|---|---|
| Linh Stephens | ) | **Dist. Ct. Case No.**    FD-2015-2228 |
| Petitioner | ) | |
| | ) | **OAH Case No.** |
| | ) | |
| | ) | **FGN:**    948641001 |
| Adam Stephens | ) | |
| | ) | Sept 2019 thru Dec 2019 |
| Respondent | ) | |

**CHILD SUPPORT COMPUTATION**

| | | | | | |
|---|---|---|---|---|---|
| | Calculation for number of children in this case | 1 | | | |
| | Obligor (person who pays) is (Enter "Father" or "Mother") | Mother | | | |
| **A** | **Base monthly obligation** | | **Father** | **Mother** | **Combined** |
| 1 | **Gross monthly income** All sources, except income specifically excluded by 43 O.S. Section 118B(B) | | $4,874.75 | $18,413.76 | $23,288.51 |
| | a. Amount of self-employment income included in Line 1 | | $0.00 | $0.00 | |
| | b. Deduction for self-employment tax Multiply Line 1a by 7.65% | | $0.00 | $0.00 | |
| 2 | **Total gross monthly income** Line 1 minus Line 1b | | $4,874.75 | $18,413.76 | |
| | a. Amount of SSA Title II benefits or veterans disability benefits paid for the benefit of the children. Do NOT include SSI benefits. (Enter in the column for the disabled or retired parent.) | | $0.00 | $0.00 | |
| | b. Court ordered support alimony actually paid in a prior case | | $0.00 | $0.00 | |
| | c. Court ordered monthly adjustment for marital debt | | $0.00 | $0.00 | |
| | d. Court ordered monthly child support actually paid for qualified out-of-home children | | $0.00 | $0.00 | |

| | In-home Children Deduction Worksheet | | | |
|---|---|---|---|---|
| | e. Number of qualified in-home children excluding children on this case | 0 | 1 | |
| | f. Amount for qualified in-home children. Apply Line 2 for each parent to Child Support Guideline Schedule amount using the number of children in Line 2e, and multiply guideline amount by 75% | $0.00 | $1,029.00 | |
| 3 | **Adjusted gross monthly income (AGI)** Amount in Line 2 plus 2a, minus Lines 2b, 2c, 2d, and 2f | $4,874.75 | $17,384.76 | $22,259.51 |
| 4 | **Percentage share of income** AGI for each parent divided by the combined AGI | 21.9% | 78.1% | 100% |
| 5 | **Base monthly obligation** Apply combined AGI to Child Support Guideline Schedule and put total in combined base monthly obligation. Multiply the combined total by the percentage share of income for each parent. | $300.46 | $1,071.54 | $1,372.00 |
| **B** | **Parenting time adjustment, if used** | **Father** | **Mother** | **Combined** |
| 6 | **Number of overnights with each parent** If less than 121 for either parent, skip to C. | 183 | 182 | 365 |
| | a. Percentage of overnights with each parent Number of overnights for each parent divided by 365 | 50.0% | 50.0% | 100% |
| | b. Adjusted combined child support obligation Adjustment factor is based on the parent with the fewest overnights. The result in the combined column is the combined monthly obligation in Line 5 multiplied by the adjustment factor. — 1.5 | **<=== Adjustment Factor** less than 121 = no factor 121-131 = 2 132-143 = 1.75 144-183 = 1.5 | | $2,058.00 |
| | c. Share of adjusted combined child support obligation Combined Line 6b multiplied by the percentage share of income in Line 4 | $450.69 | $1,607.31 | |
| | d. Respective adjusted base child support obligation Amount for each parent in Line 6c multiplied by the percentage of the other parent in Line 6a | $225.35 | $803.66 | |
| 7 | **Adjusted base monthly obligation** Line 6d larger amount minus Line 6d smaller amount and the result is for the parent with the positive amount. If the parent has more than 205 in Line 6, use $0 for that parent. If either parent has less than 121 in Line 6, use the Line 5 amount for both parents. | $0.00 | $578.31 | |

| C | **Obligor** (person who pays) is (Enter "Father" or "Mother") | Mother | |

| D | Work and education-related child care expenses | Father | Mother | Other Custodian |
|---|---|---|---|---|
| 8 | Monthly child care expenses for children in this case<br>Include any co-payments being paid by a parent receiving OKDHS Child Care Subsidy. | $0.00 | $0.00 | $0.00 |
| 9 | Child care expense percentage share of the total<br>Total child care expenses multiplied by percentage share of income for each parent.<br>Multiply Line 8 by Line 4 | $0.00 | $0.00 | |
| 10 | Total child care adjustment to base monthly obligation<br>Line 9 minus Line 8 (amount may be negative) | $0.00 | $0.00 | |
| E | Health insurance premium | Father | Mother | Other Custodian |
| 11 | Monthly health insurance premium costs<br>This premium represents the actual premium cost for any child(ren) in this case only.  Insurance Premium Worksheet is available if needed.<br>Use Cash Medical Support if any child is not covered by insurance. | $0.00 | $0.00 | $0.00 |
| 12 | Monthly health insurance share for each parent<br>Percentage share of income in Line 4 multiplied by total current insurance cost for all persons in Line 11 | $0.00 | $0.00 | |
| 13 | Total premium cost adjustment to base monthly obligation<br>Line 12 minus Line 11  (amount may be negative) | $0.00 | $0.00 | |
| F | Other contributions, if agreed or ordered | Father | Mother | Other Custodian |
| 14 | Ongoing medical costs<br>Cash medical support for fixed periodic payments for ongoing medical costs | $0.00 | $0.00 | $0.00 |
| | a. Adjusted medical costs share<br>    Multiply total of Line 14 for all persons by Line 4 | $0.00 | $0.00 | |
| | b. Total ongoing medical costs adjustment to base monthly obligation<br>    Line 14a minus Line 14  (amount may be negative) | $0.00 | $0.00 | |
| 15 | Visitation transportation costs | $0.00 | $0.00 | $0.00 |
| | a. Adjusted visitation costs share<br>    Multiply total of Line 15 for all persons by Line 4 | $0.00 | $0.00 | |
| | b. Total ongoing visitation costs adjustment to base monthly obligation<br>    Line 15a minus Line 15  (amount may be negative) | $0.00 | $0.00 | |
| G | Child Support obligation subtotal | Father | Mother | |

| | | Father | Mother | Combined |
|---|---|---|---|---|
| 16 | **Base monthly child support obligation less adjustments for child care and other contributions** Add obligor Line 7 to Lines 10, 13 and 15b if positive amounts. Subtract Lines 10, 13 or 15b if negative amounts. | $0.00 | $578.31 | |
| 17 | **SSA Title II benefits or veterans disability benefits paid for the benefit of the child** Line 2a for obligor | | $0.00 | |
| 18 | **Total monthly child support obligation less any SSA Title II benefits or veterans disability benefits paid for the benefit of the child** Line 16 minus Line 17  (amount may be negative) | $0.00 | $578.31 | |
| H | **Cash Medical Support** | **Father** | **Mother** | **Combined** |
| 19 | Enter number of children in this case not covered by health insurance.  If none, skip to Line 24.  Note: This may be different from the number of children on SoonerCare. | 0 | | |
| 20 | Enter the Soonercare or other health care government assistance **applicant** for the child(ren) in this case, if child(ren) are on SoonerCare.  Enter "Father", "Mother", "other" or leave blank. | | | |



| | | Father | Mother | |
|---|---|---|---|---|
| 21 | **Cash medical amount for obligor**<br>If Line 19 is zero or the obligor is the person on Line 20, enter $0 in Line 23. If Line 19 is greater than zero and the obligor is not the person on Line 20, refer to the Cash Medical Income Guidelines Table. If the Obligor's income is less than or equal to the amount on the table, enter $0. If greater, multiply $115 by the number of children in Line 19. Multiply the combined total by percentage shares from Line 4. | $0.00 | $0.00 | $0.00 |
| 22 | **5% of Gross Monthly Income**<br>Line 2 multiplied by 0.05<br>This represents the maximum amount of total medical allowed. | $243.74 | $920.69 | |
| 23 | **Cash medical support in lieu of insurance**<br>If Line 21 plus Line 13 is greater than Line 22, use Line 22 minus Line 13. If Line 21 plus Line 13 is less than or equal to Line 22, enter Line 21. Enter $0 if negative | $0.00 | $0.00 | |

| I | Current Monthly Support Obligation | Father | Mother |
|---|---|---|---|
| 24 | **a. Child support portion**<br>If Line 14b is positive, Line 18 for obligor<br>If Line 14b is negative, reduce Line 18 by Line 14b<br>Enter $0 if negative | | $578.31 |
| | **b. Cash medical portion**<br>If Line 18 minus 14b is positive, Line 23 for obligor<br>If Line 18 minus 14b is negative, reduce Line 23 by Line 18 minus 14b. Enter $0 if negative | | $0.00 |
| | **c. Ongoing medical costs portion**<br>If Line 18 is positive, Line 14b for obligor<br>If Line 18 is negative, reduce 14b by Line 18<br>Enter $0 if negative | | $0.00 |
| 25 | **Total obligation to be paid by the obligor**<br>Line 24a plus 24b plus 24c | | $578.31 |

Mother _____ shall begin payments on  10/01/2019-12/31/2019  and continue on the same date of each month until further order of the court.

__X__    Guidelines were followed.

_____    Deviation from child support guidelines by Court-Specific findings of Court supporting each deviation:

_____

_____

_____

Dated: _____

_____
**JUDGE**

**APPROVED AS TO FORM:**

_____          _____
Father printed name                                     Father signature


_____          _____
Attorney for father printed name                Attorney for father signature and OBA Number


_____          _____
Mother printed name                                   Mother signature


_____          _____
Attorney for mother printed name             Attorney for mother signature & OBA Number


_____          _____
Other Custodian printed name                    Other Custodian signature


_____          _____
Attorney for Other Custodian printed name    Attorney for Other Custodian signature and OBA Number


_____          _____
State's Attorney, CSS printed name            State's Attorney, CSS signature and OBA Number

## IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

| | | |
|---|---|---|
| Linh Stephens _____ ) | **Dist. Ct. Case No.** | FD-2015-2228 |
| _____ ) | | |
| Petitioner _____ ) | **OAH Case No.** | _____ |
| _____ ) | | |
| _____ ) | **FGN:** | 948641001 |
| _____ ) | | |
| Adam Stephens _____ ) | | Year 2020 |
| _____ ) | | |
| Respondent _____ ) | | |

### CHILD SUPPORT COMPUTATION

| | | | | |
|---|---|---|---|---|
| Calculation for number of children in this case | 1 | | | |
| Obligor (person who pays) is (Enter "Father" or "Mother") | Mother | | | |

| A | Base monthly obligation | Father | Mother | Combined |
|---|---|---|---|---|
| 1 | **Gross monthly income** All sources, except income specifically excluded by 43 O.S. Section 118B(B) | $3,571.08 | $19,228.33 | $22,799.41 |
| | a. Amount of self-employment income included in Line 1 | $0.00 | $0.00 | |
| | b. Deduction for self-employment tax Multiply Line 1a by 7.65% | $0.00 | $0.00 | |
| 2 | **Total gross monthly income** Line 1 minus Line 1b | $3,571.08 | $19,228.33 | |
| | a. Amount of SSA Title II benefits or veterans disability benefits paid for the benefit of the children. Do NOT include SSI benefits. (Enter in the column for the disabled or retired parent.) | $0.00 | $0.00 | |
| | b. Court ordered support alimony actually paid in a prior case | $0.00 | $0.00 | |
| | c. Court ordered monthly adjustment for marital debt | $0.00 | $0.00 | |
| | d. Court ordered monthly child support actually paid for qualified out-of-home children | $0.00 | $0.00 | |

OKDHS 03/01/23    **03EN025E**    1 of 7



| | In-home Children Deduction Worksheet | | | |
|---|---|---|---|---|
| | e. Number of qualified in-home children excluding children on this case | 0 | 1 | |
| | f. Amount for qualified in-home children. Apply Line 2 for each parent to Child Support Guideline Schedule amount using the number of children in Line 2e, and multiply guideline amount by 75% | $0.00 | $1,029.00 | |
| 3 | **Adjusted gross monthly income (AGI)** Amount in Line 2 plus 2a, minus Lines 2b, 2c, 2d, and 2f | $3,571.08 | $18,199.33 | $21,770.41 |
| 4 | **Percentage share of income** AGI for each parent divided by the combined AGI | 16.4% | 83.6% | 100% |
| 5 | **Base monthly obligation** Apply combined AGI to Child Support Guideline Schedule and put total in combined base monthly obligation. Multiply the combined total by the percentage share of income for each parent. | $225.05 | $1,146.95 | $1,372.00 |
| **B** | **Parenting time adjustment, if used** | **Father** | **Mother** | **Combined** |
| 6 | **Number of overnights with each parent** If less than 121 for either parent, skip to C. | 183 | 182 | 365 |
| | a. Percentage of overnights with each parent Number of overnights for each parent divided by 365 | 50.0% | 50.0% | 100% |
| | b. Adjusted combined child support obligation Adjustment factor is based on the parent with the fewest overnights. The result in the combined column is the combined monthly obligation in Line 5 multiplied by the adjustment factor.  [1.5] | <=== **Adjustment Factor** less than 121 = no factor 121-131 = 2 132-143 = 1.75 144-183 = 1.5 | | $2,058.00 |
| | c. Share of adjusted combined child support obligation Combined Line 6b multiplied by the percentage share of income in Line 4 | $337.58 | $1,720.42 | |
| | d. Respective adjusted base child support obligation Amount for each parent in Line 6c multiplied by the percentage of the other parent in Line 6a | $168.79 | $860.21 | |
| 7 | **Adjusted base monthly obligation** Line 6d larger amount minus Line 6d smaller amount and the result is for the parent with the positive amount. If the parent has more than 205 in Line 6, use $0 for that parent. If either parent has less than 121 in Line 6, use the Line 5 amount for both parents. | $0.00 | $691.42 | |

| C | **Obligor** (person who pays) is (Enter "Father" or "Mother") | Mother | |



| D | Work and education-related child care expenses | Father | Mother | Other Custodian |
|---|---|---|---|---|
| 8 | **Monthly child care expenses for children in this case** Include any co-payments being paid by a parent receiving OKDHS Child Care Subsidy. | $0.00 | $0.00 | $0.00 |
| 9 | **Child care expense percentage share of the total** Total child care expenses multiplied by percentage share of income for each parent. Multiply Line 8 by Line 4 | $0.00 | $0.00 | |
| 10 | **Total child care adjustment to base monthly obligation** Line 9 minus Line 8 (amount may be negative) | $0.00 | $0.00 | |
| E | Health insurance premium | Father | Mother | Other Custodian |
| 11 | **Monthly health insurance premium costs** This premium represents the actual premium cost for any child(ren) in this case only.  Insurance Premium Worksheet is available if needed. **Use Cash Medical Support if any child is not covered by insurance.** | $0.00 | $0.00 | $0.00 |
| 12 | **Monthly health insurance share for each parent** Percentage share of income in Line 4 multiplied by total current insurance cost for all persons in Line 11 | $0.00 | $0.00 | |
| 13 | **Total premium cost adjustment to base monthly obligation** Line 12 minus Line 11  (amount may be negative) | $0.00 | $0.00 | |
| F | Other contributions, if agreed or ordered | Father | Mother | Other Custodian |
| 14 | **Ongoing medical costs** Cash medical support for fixed periodic payments for ongoing medical costs | $0.00 | $0.00 | $0.00 |
| | a. Adjusted medical costs share Multiply total of Line 14 for all persons by Line 4 | $0.00 | $0.00 | |
| | b. Total ongoing medical costs adjustment to base monthly obligation Line 14a minus Line 14  (amount may be negative) | $0.00 | $0.00 | |
| 15 | **Visitation transportation costs** | $0.00 | $0.00 | $0.00 |
| | a. Adjusted visitation costs share Multiply total of Line 15 for all persons by Line 4 | $0.00 | $0.00 | |
| | b. Total ongoing visitation costs adjustment to base monthly obligation Line 15a minus Line 15  (amount may be negative) | $0.00 | $0.00 | |
| G | **Child Support obligation subtotal** | Father | Mother | |



| | | | Father | Mother | Combined |
|---|---|---|---|---|---|
| 16 | **Base monthly child support obligation less adjustments for child care and other contributions**<br>Add obligor Line 7 to Lines 10, 13 and 15b if positive amounts. Subtract Lines 10, 13 or 15b if negative amounts. | | $0.00 | $691.42 | |
| 17 | **SSA Title II benefits or veterans disability benefits paid for the benefit of the child**<br>Line 2a for obligor | | | $0.00 | |
| 18 | **Total monthly child support obligation less any SSA Title II benefits or veterans disability benefits paid for the benefit of the child**<br>Line 16 minus Line 17  (amount may be negative) | | $0.00 | $691.42 | |
| **H** | **Cash Medical Support** | | **Father** | **Mother** | **Combined** |
| 19 | Enter number of children in this case not covered by health insurance.  If none, skip to Line 24.  Note: This may be different from the number of children on SoonerCare. | 0 | | | |
| 20 | Enter the Soonercare or other health care government assistance **applicant** for the child(ren) in this case, if child(ren) are on SoonerCare.  Enter "Father", "Mother", "other" or leave blank. | | | | |



| | | | Father | Mother |
|---|---|---|---|---|
| 21 | **Cash medical amount for obligor**<br>If Line 19 is zero or the obligor is the person on Line 20, enter $0 in Line 23.  If Line 19 is greater than zero and the obligor is not the person on Line 20, refer to the Cash Medical Income Guidelines Table.  If the Obligor's income is less than or equal to the amount on the table, enter $0.  If greater, multiply $115 by the number of children in Line 19.  Multiply the combined total by percentage shares from Line 4. | $0.00 | $0.00 | $0.00 |
| 22 | **5% of Gross Monthly Income**<br>Line 2 multiplied by 0.05<br>This represents the maximum amount of total medical allowed. | $178.55 | $961.42 | |
| 23 | **Cash medical support in lieu of insurance**<br>If Line 21 plus Line 13 is greater than Line 22, use Line 22 minus Line 13.  If Line 21 plus Line 13 is less than or equal to Line 22, enter Line 21.  Enter $0 if negative | $0.00 | $0.00 | |

| I | Current Monthly Support Obligation | Father | Mother |
|---|---|---|---|
| 24 | **a. Child support portion**<br>If Line 14b is positive, Line 18 for obligor<br>If Line 14b is negative, reduce Line 18 by Line 14b<br>Enter $0 if negative | | $691.42 |
| | **b. Cash medical portion**<br>If Line 18 minus 14b is positive, Line 23 for obligor<br>If Line 18 minus 14b is negative, reduce Line 23 by Line 18 minus 14b.  Enter $0 if negative | | $0.00 |
| | **c. Ongoing medical costs portion**<br>If Line 18 is positive, Line 14b for obligor<br>If Line 18 is negative, reduce 14b by Line 18<br>Enter $0 if negative | | $0.00 |
| 25 | **Total obligation to be paid by the obligor**<br>Line 24a plus 24b plus 24c | | $691.42 |

Mother_____shall begin payments on  01/01/2020-12/31/2020  and continue on the same date of each month until further order of the court.

__X__    Guidelines were followed.

_____    Deviation from child support guidelines by Court-Specific findings of Court supporting each deviation:

_____

_____

_____

Dated: _____

_____
                                            **JUDGE**

**APPROVED AS TO FORM:**

_____
Father printed name

_____
Father signature

_____
Attorney for father printed name

_____
Attorney for father signature and OBA Number

_____
Mother printed name

_____
Mother signature

_____
Attorney for mother printed name

_____
Attorney for mother signature & OBA Number

_____
Other Custodian printed name

_____
Other Custodian signature

_____
Attorney for Other Custodian printed name

_____
Attorney for Other Custodian signature and OBA Number

_____
State's Attorney, CSS printed name

_____
State's Attorney, CSS signature and OBA Number

## IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| Linh Stephens | ) Dist. Ct. Case No.    FD-2015-2228 |
| | ) |
| Petitioner | ) OAH Case No. |
| | ) |
| | ) FGN:    948641001 |
| | ) |
| Adam Stephens | ) Year 2021 |
| | ) |
| Respondent | ) |

### CHILD SUPPORT COMPUTATION

| | Calculation for number of children in this case | 1 | | | |
|---|---|---|---|---|---|
| | Obligor (person who pays) is (Enter "Father" or "Mother") | Mother | | | |
| **A** | **Base monthly obligation** | | **Father** | **Mother** | **Combined** |
| 1 | **Gross monthly income** All sources, except income specifically excluded by 43 O.S. Section 118B(B) | | $4,505.16 | $17,576.00 | $22,081.16 |
| | a. Amount of self-employment income included in Line 1 | | $0.00 | $0.00 | |
| | b. Deduction for self-employment tax Multiply Line 1a by 7.65% | | $0.00 | $0.00 | |
| 2 | **Total gross monthly income** Line 1 minus Line 1b | | $4,505.16 | $17,576.00 | |
| | a. Amount of SSA Title II benefits or veterans disability benefits paid for the benefit of the children. Do NOT include SSI benefits. (Enter in the column for the disabled or retired parent.) | | $0.00 | $0.00 | |
| | b. Court ordered support alimony actually paid in a prior case | | $0.00 | $0.00 | |
| | c. Court ordered monthly adjustment for marital debt | | $0.00 | $0.00 | |
| | d. Court ordered monthly child support actually paid for qualified out-of-home children | | $0.00 | $0.00 | |



| | | | | |
|---|---|---|---|---|
| | **In-home Children Deduction Worksheet**<br>e. Number of qualified in-home children excluding children on this case | | 0 | 1 |
| | f. Amount for qualified in-home children.<br>Apply Line 2 for each parent to Child Support Guideline Schedule amount using the number of children in Line 2e, and multiply guideline amount by 75% | | $0.00 | $1,029.00 |
| 3 | **Adjusted gross monthly income (AGI)**<br>Amount in Line 2 plus 2a, minus Lines 2b, 2c, 2d, and 2f | | $4,505.16 | $16,547.00 | $21,052.16 |
| 4 | **Percentage share of income**<br>AGI for each parent divided by the combined AGI | | 21.4% | 78.6% | 100% |
| 5 | **Base monthly obligation**<br>Apply combined AGI to Child Support Guideline Schedule and put total in combined base monthly obligation. Multiply the combined total by the percentage share of income for each parent. | | $293.61 | $1,078.39 | $1,372.00 |
| **B** | **Parenting time adjustment, if used** | | **Father** | **Mother** | **Combined** |
| 6 | **Number of overnights with each parent**<br>If less than 121 for either parent, skip to C. | | 183 | 182 | 365 |
| | a. Percentage of overnights with each parent<br>Number of overnights for each parent divided by 365 | | 50.0% | 50.0% | 100% |
| | b. Adjusted combined child support obligation<br>Adjustment factor is based on the parent with the fewest overnights. The result in the combined column is the combined monthly obligation in Line 5 multiplied by the adjustment factor. | 1.5 | **<=== Adjustment Factor**<br>less than 121 = no factor<br>121-131 = 2<br>132-143 = 1.75<br>144-183 = 1.5 | | $2,058.00 |
| | c. Share of adjusted combined child support obligation<br>Combined Line 6b multiplied by the percentage share of income in Line 4 | | $440.41 | $1,617.59 | |
| | d. Respective adjusted base child support obligation<br>Amount for each parent in Line 6c multiplied by the percentage of the other parent in Line 6a | | $220.21 | $808.80 | |
| 7 | **Adjusted base monthly obligation**<br>Line 6d larger amount minus Line 6d smaller amount and the result is for the parent with the positive amount. If the parent has more than 205 in Line 6, use $0 for that parent. If either parent has less than 121 in Line 6, use the Line 5 amount for both parents. | | $0.00 | $588.59 | |

**03EN025E**

| C | **Obligor** (person who pays) is (Enter "Father" or "Mother") | Mother | ████████████ |
|---|---|---|---|

| D | Work and education-related child care expenses | Father | Mother | Other Custodian |
|---|---|---|---|---|
| 8 | **Monthly child care expenses for children in this case** Include any co-payments being paid by a parent receiving OKDHS Child Care Subsidy. | $0.00 | $0.00 | $0.00 |
| 9 | **Child care expense percentage share of the total** Total child care expenses multiplied by percentage share of income for each parent. Multiply Line 8 by Line 4 | $0.00 | $0.00 | |
| 10 | **Total child care adjustment to base monthly obligation** Line 9 minus Line 8 (amount may be negative) | $0.00 | $0.00 | |
| E | Health insurance premium | Father | Mother | Other Custodian |
| 11 | **Monthly health insurance premium costs** This premium represents the actual premium cost for any child(ren) in this case only.  Insurance Premium Worksheet is available if needed. **Use Cash Medical Support if any child is not covered by insurance.** | $0.00 | $0.00 | $0.00 |
| 12 | **Monthly health insurance share for each parent** Percentage share of income in Line 4 multiplied by total current insurance cost for all persons in Line 11 | $0.00 | $0.00 | |
| 13 | **Total premium cost adjustment to base monthly obligation** Line 12 minus Line 11  (amount may be negative) | $0.00 | $0.00 | |
| F | Other contributions, if agreed or ordered | Father | Mother | Other Custodian |
| 14 | **Ongoing medical costs** Cash medical support for fixed periodic payments for ongoing medical costs | $0.00 | $0.00 | $0.00 |
| | a. Adjusted medical costs share Multiply total of Line 14 for all persons by Line 4 | $0.00 | $0.00 | |
| | b. Total ongoing medical costs adjustment to base monthly obligation Line 14a minus Line 14  (amount may be negative) | $0.00 | $0.00 | |
| 15 | **Visitation transportation costs** | $0.00 | $0.00 | $0.00 |
| | a. Adjusted visitation costs share Multiply total of Line 15 for all persons by Line 4 | $0.00 | $0.00 | |
| | b. Total ongoing visitation costs adjustment to base monthly obligation Line 15a minus Line 15  (amount may be negative) | $0.00 | $0.00 | |
| G | Child Support obligation subtotal | Father | Mother | |



| | | Father | Mother | Combined |
|---|---|---|---|---|
| 16 | **Base monthly child support obligation less adjustments for child care and other contributions**<br>Add obligor Line 7 to Lines 10, 13 and 15b if positive amounts. Subtract Lines 10, 13 or 15b if negative amounts. | $0.00 | $588.59 | |
| 17 | **SSA Title II benefits or veterans disability benefits paid for the benefit of the child**<br>Line 2a for obligor | | $0.00 | |
| 18 | **Total monthly child support obligation less any SSA Title II benefits or veterans disability benefits paid for the benefit of the child**<br>Line 16 minus Line 17  (amount may be negative) | $0.00 | $588.59 | |
| H | **Cash Medical Support** | **Father** | **Mother** | **Combined** |
| 19 | Enter number of children in this case not covered by health insurance.  If none, skip to Line 24.  Note: This may be different from the number of children on SoonerCare. | 0 | | |
| 20 | Enter the Soonercare or other health care government assistance **applicant** for the child(ren) in this case, if child(ren) are on SoonerCare.  Enter "Father", "Mother", "other" or leave blank. | | | |



| 21 | **Cash medical amount for obligor**<br>If Line 19 is zero or the obligor is the person on Line 20, enter $0 in Line 23.  If Line 19 is greater than zero and the obligor is not the person on Line 20, refer to the Cash Medical Income Guidelines Table.  If the Obligor's income is less than or equal to the amount on the table, enter $0.  If greater, multiply $115 by the number of children in Line 19.  Multiply the combined total by percentage shares from Line 4. | $0.00 | $0.00 | $0.00 |
| 22 | **5% of Gross Monthly Income**<br>Line 2 multiplied by 0.05<br>This represents the maximum amount of total medical allowed. | $225.26 | $878.80 | |
| 23 | **Cash medical support in lieu of insurance**<br>If Line 21 plus Line 13 is greater than Line 22, use Line 22 minus Line 13.  If Line 21 plus Line 13 is less than or equal to Line 22, enter $0.  Enter $0 if negative | $0.00 | $0.00 | |

| I | **Current Monthly Support Obligation** | Father | Mother |
|---|---|---|---|
| 24 | **a. Child support portion**<br>If Line 14b is positive, Line 18 for obligor<br>If Line 14b is negative, reduce Line 18 by Line 14b<br>Enter $0 if negative | | $588.59 |
| | **b. Cash medical portion**<br>If Line 18 minus 14b is positive, Line 23 for obligor<br>If Line 18 minus 14b is negative, reduce Line 23 by Line 18 minus 14b.  Enter $0 if negative | | $0.00 |
| | **c. Ongoing medical costs portion**<br>If Line 18 is positive, Line 14b for obligor<br>If Line 18 is negative, reduce 14b by Line 18<br>Enter $0 if negative | | $0.00 |
| 25 | **Total obligation to be paid by the obligor**<br>Line 24a plus 24b plus 24c | | $588.59 |

Mother _____ shall begin payments on _01/01/2021-12/31/2021_ and continue on the same date of each month until further order of the court.

__X__ Guidelines were followed.

_____ Deviation from child support guidelines by Court-Specific findings of Court supporting each deviation:

_____

_____

_____

Dated: _____

_____
**JUDGE**

**APPROVED AS TO FORM:**

| | |
|---|---|
| _____ | _____ |
| Father printed name | Father signature |
| | |
| _____ | _____ |
| Attorney for father printed name | Attorney for father signature and OBA Number |
| | |
| _____ | _____ |
| Mother printed name | Mother signature |
| | |
| _____ | _____ |
| Attorney for mother printed name | Attorney for mother signature & OBA Number |
| | |
| _____ | _____ |
| Other Custodian printed name | Other Custodian signature |
| | |
| _____ | _____ |
| Attorney for Other Custodian printed name | Attorney for Other Custodian signature and OBA Number |
| | |
| _____ | _____ |
| State's Attorney, CSS printed name | State's Attorney, CSS signature and OBA Number |

Exhibit H

**IN THE DISTRICT COURT OF TULSA COUNTY**
**STATE OF OKLAHOMA**

| | |
|---|---|
| Linh Stephens | ) **Dist. Ct. Case No.** FD-105-2228 |
| | ) |
| Petitioner | ) **OAH Case No.** _____ |
| | ) |
| and | ) **FGN:** 948641001 |
| | ) |
| Adam Stephens | ) |
| | ) |
| Respondent | ) |

**CHILD SUPPORT COMPUTATION**

| | Calculation for number of children in this case | 1 | | |
|---|---|---|---|---|
| | Obligor (person who pays) is (Enter "Father" or "Mother") | Mother | | |

| A | Base monthly obligation | Father | Mother | Combined |
|---|---|---|---|---|
| 1 | **Gross monthly income** All sources, except income specifically excluded by 43 O.S. Section 118B(B) | $4,441.91 | $10,924.16 | $15,366.07 |
| | a. Amount of self-employment income included in Line 1 | $0.00 | $0.00 | |
| | b. Deduction for self-employment tax Multiply Line 1a by 7.65% | $0.00 | $0.00 | |
| 2 | **Total gross monthly income** Line 1 minus Line 1b | $4,441.91 | $10,924.16 | |
| | a. Amount of SSA Title II benefits or veterans disability benefits paid for the benefit of the children. Do NOT include SSI benefits. (Enter in the column for the disabled or retired parent.) | $0.00 | $0.00 | |
| | b. Court ordered support alimony actually paid in a prior case | $0.00 | $0.00 | |
| | c. Court ordered monthly adjustment for marital debt | $0.00 | $0.00 | |
| | d. Court ordered monthly child support actually paid for qualified out-of-home children | $0.00 | $0.00 | |



| | In-home Children Deduction Worksheet | | | |
|---|---|---|---|---|
| | e. Number of qualified in-home children excluding children on this case | 0 | 1 | |
| | f. Amount for qualified in-home children. Apply Line 2 for each parent to Child Support Guideline Schedule amount using the number of children in Line 2e, and multiply guideline amount by 75% | $0.00 | $891.00 | |
| 3 | Adjusted gross monthly income (AGI) Amount in Line 2 plus 2a, minus Lines 2b, 2c, 2d, and 2f | $4,441.91 | $10,033.16 | $14,475.07 |
| 4 | Percentage share of income AGI for each parent divided by the combined AGI | 30.7% | 69.3% | 100% |
| 5 | Base monthly obligation Apply combined AGI to Child Support Guideline Schedule and put total in combined base monthly obligation. Multiply the combined total by the percentage share of income for each parent. | $414.27 | $935.73 | $1,350.00 |
| B | Parenting time adjustment, if used | Father | Mother | Combined |
| 6 | Number of overnights with each parent If less than 121 for either parent, skip to C. | 365 | 0 | 365 |
| | a. Percentage of overnights with each parent Number of overnights for each parent divided by 365 | 100.0% | 0.0% | 100% |
| | b. Adjusted combined child support obligation Adjustment factor is based on the parent with the fewest overnights. The result in the combined column is the combined monthly obligation in Line 5 multiplied by the adjustment factor. | <=== Adjustment Factor less than 121 = no factor 121-131 = 2 132-143 = 1.75 144-183 = 1.5 | | |
| | c. Share of adjusted combined child support obligation Combined Line 6b multiplied by the percentage share of income in Line 4 | | | |
| | d. Respective adjusted base child support obligation Amount for each parent in Line 6c multiplied by the percentage of the other parent in Line 6a | | | |
| 7 | Adjusted base monthly obligation Line 6d larger amount minus Line 6d smaller amount and the result is for the parent with the positive amount. If the parent has more than 205 in Line 6, use $0 for that parent. If either parent has less than 121 in Line 6, use the Line 5 amount for both parents. | $0.00 | $935.73 | |
| C | Obligor (person who pays) is (Enter "Father" or "Mother") | Mother | | |



| D | Work and education-related child care expenses | Father | Mother | Other Custodian |
|---|---|---|---|---|
| 8 | **Monthly child care expenses for children in this case** Include any co-payments being paid by a parent receiving OKDHS Child Care Subsidy. | $0.00 | $0.00 | $0.00 |
| 9 | **Child care expense percentage share of the total** Total child care expenses multiplied by percentage share of income for each parent. Multiply Line 8 by Line 4 | $0.00 | $0.00 | |
| 10 | **Total child care adjustment to base monthly obligation** Line 9 minus Line 8 (amount may be negative) | $0.00 | $0.00 | |
| E | Health insurance premium | Father | Mother | Other Custodian |
| 11 | **Monthly health insurance premium costs** This premium represents the actual premium cost for any child(ren) in this case only.  Insurance Premium Worksheet is available if needed. **Use Cash Medical Support if any child is not covered by insurance.** | $362.35 | $0.00 | $0.00 |
| 12 | **Monthly health insurance share for each parent** Percentage share of income in Line 4 multiplied by total current insurance cost for all persons in Line 11 | $111.19 | $251.16 | |
| 13 | **Total premium cost adjustment to base monthly obligation** Line 12 minus Line 11  (amount may be negative) | -$251.16 | $251.16 | |
| F | Other contributions, if agreed or ordered | Father | Mother | Other Custodian |
| 14 | **Ongoing medical costs** Cash medical support for fixed periodic payments for ongoing medical costs | $0.00 | $0.00 | $0.00 |
| | a. Adjusted medical costs share Multiply total of Line 14 for all persons by Line 4 | $0.00 | $0.00 | |
| | b. Total ongoing medical costs adjustment to base monthly obligation Line 14a minus Line 14  (amount may be negative) | $0.00 | $0.00 | |
| 15 | **Visitation transportation costs** | $0.00 | $0.00 | $0.00 |
| | a. Adjusted visitation costs share Multiply total of Line 15 for all persons by Line 4 | $0.00 | $0.00 | |
| | b. Total ongoing visitation costs adjustment to base monthly obligation Line 15a minus Line 15  (amount may be negative) | $0.00 | $0.00 | |
| G | Child Support obligation subtotal | Father | Mother | |



| 16 | **Base monthly child support obligation less adjustments for child care and other contributions**<br>Add obligor Line 7 to Lines 10, 13 and 15b if positive amounts. Subtract Lines 10, 13 or 15b if negative amounts. | $0.00 | $1,186.89 | |
| 17 | **SSA Title II benefits or veterans disability benefits paid for the benefit of the child**<br>Line 2a for obligor | | $0.00 | |
| 18 | **Total monthly child support obligation less any SSA Title II benefits or veterans disability benefits paid for the benefit of the child**<br>Line 16 minus Line 17  (amount may be negative) | $0.00 | $1,186.89 | |
| **H** | **Cash Medical Support** | **Father** | **Mother** | **Combined** |
| 19 | Enter number of children in this case not covered by health insurance.  If none, skip to Line 24.  Note: This may be different from the number of children on SoonerCare. | | | |
| 20 | Enter the Soonercare or other health care government assistance **applicant** for the child(ren) in this case, if child(ren) are on SoonerCare.  Enter "Father", "Mother", "other" or leave blank. | | | |

| 21 | **Cash medical amount for obligor** If Line 19 is zero or the obligor is the person on Line 20, enter $0 in Line 23. If Line 19 is greater than zero and the obligor is not the person on Line 20, refer to the Cash Medical Income Guidelines Table. If the Obligor's income is less than or equal to the amount on the table, enter $0. If greater, multiply $115 by the number of children in Line 19. Multiply the combined total by percentage shares from Line 4. | $0.00 | $0.00 | $0.00 |
|---|---|---|---|---|
| 22 | **5% of Gross Monthly Income** Line 2 multiplied by 0.05 This represents the maximum amount of total medical allowed. | $222.10 | $546.21 | |
| 23 | **Cash medical support in lieu of insurance** If Line 21 plus Line 13 is greater than Line 22, use Line 22 minus Line 13. If Line 21 plus Line 13 is less than or equal to Line 22, enter Line 21. Enter $0 if negative | $0.00 | $0.00 | |

| I | Current Monthly Support Obligation | Father | Mother | |
|---|---|---|---|---|
| 24 | **a. Child support portion** If Line 14b is positive, Line 18 for obligor If Line 14b is negative, reduce Line 18 by Line 14b Enter $0 if negative | | $1,186.89 | |
| | **b. Cash medical portion** If Line 18 minus 14b is positive, Line 23 for obligor If Line 18 minus 14b is negative, reduce Line 23 by Line 18 minus 14b. Enter $0 if negative | | $0.00 | |
| | **c. Ongoing medical costs portion** If Line 18 is positive, Line 14b for obligor If Line 18 is negative, reduce 14b by Line 18 Enter $0 if negative | | $0.00 | |
| 25 | **Total obligation to be paid by the obligor** Line 24a plus 24b plus 24c | | $1,186.89 | |

_____ shall begin payments on _____ and continue on the same date of each month until further order of the court.

_____    Guidelines were followed.

_____    Deviation from child support guidelines by Court-Specific findings of Court supporting each deviation:

_____

_____

_____

Dated: _____

_____

**JUDGE**

**APPROVED AS TO FORM:**

_____          _____
Father printed name                      Father signature


_____          _____
Attorney for father printed name         Attorney for father signature and OBA Number


_____          _____
Mother printed name                      Mother signature


_____          _____
Attorney for mother printed name         Attorney for mother signature & OBA Number


_____          _____
Other Custodian printed name             Other Custodian signature


_____          _____
Attorney for Other Custodian printed name   Attorney for Other Custodian signature and
                                         OBA Number


_____          _____
State's Attorney, CSS printed name       State's Attorney, CSS signature and OBA Number

Exhibit I

## IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| Linh Stephens | )    Dist. Ct. Case No.    FD-105-2228 |
| | ) |
| Petitioner | )    OAH Case No. |
| | ) |
| and | )          FGN:    948641001 |
| | ) |
| Adam Stephens | ) |
| | ) |
| Respondent | ) |

### CHILD SUPPORT COMPUTATION

| | | | | |
|---|---|---|---|---|
| | Calculation for number of children in this case | 1 | | |
| | Obligor (person who pays) is (Enter "Father" or "Mother") | Mother | | |

| A | Base monthly obligation | Father | Mother | Combined |
|---|---|---|---|---|
| 1 | **Gross monthly income** All sources, except income specifically excluded by 43 O.S. Section 118B(B) | $4,558.85 | $10,924.16 | $15,483.01 |
| | a. Amount of self-employment income included in Line 1 | $0.00 | $0.00 | |
| | b. Deduction for self-employment tax Multiply Line 1a by 7.65% | $0.00 | $0.00 | |
| 2 | **Total gross monthly income** Line 1 minus Line 1b | $4,558.85 | $10,924.16 | |
| | a. Amount of SSA Title II benefits or veterans disability benefits paid for the benefit of the children. Do NOT include SSI benefits. (Enter in the column for the disabled or retired parent.) | $0.00 | $0.00 | |
| | b. Court ordered support alimony actually paid in a prior case | $0.00 | $0.00 | |
| | c. Court ordered monthly adjustment for marital debt | $0.00 | $0.00 | |
| | d. Court ordered monthly child support actually paid for qualified out-of-home children | $0.00 | $0.00 | |


| | **In-home Children Deduction Worksheet** | | | | |
|---|---|---|---|---|---|
| | e. Number of qualified in-home children excluding children on this case | | 0 | 1 | |
| | f. Amount for qualified in-home children. Apply Line 2 for each parent to Child Support Guideline Schedule amount using the number of children in Line 2e, and multiply guideline amount by 75% | | $0.00 | $891.00 | |
| 3 | **Adjusted gross monthly income (AGI)** Amount in Line 2 plus 2a, minus Lines 2b, 2c, 2d, and 2f | | $4,558.85 | $10,033.16 | $14,592.01 |
| 4 | **Percentage share of income** AGI for each parent divided by the combined AGI | | 31.2% | 68.8% | 100% |
| 5 | **Base monthly obligation** Apply combined AGI to Child Support Guideline Schedule and put total in combined base monthly obligation. Multiply the combined total by the percentage share of income for each parent. | | $423.02 | $930.98 | $1,354.00 |
| **B** | **Parenting time adjustment, if used** | | **Father** | **Mother** | **Combined** |
| 6 | **Number of overnights with each parent** If less than 121 for either parent, skip to C. | | 365 | 0 | 365 |
| | a. Percentage of overnights with each parent Number of overnights for each parent divided by 365 | | 100.0% | 0.0% | 100% |
| | b. Adjusted combined child support obligation Adjustment factor is based on the parent with the fewest overnights. The result in the combined column is the combined monthly obligation in Line 5 multiplied by the adjustment factor. | | **<=== Adjustment Factor** less than 121 = no factor 121-131 = 2 132-143 = 1.75 144-183 = 1.5 | | |
| | c. Share of adjusted combined child support obligation Combined Line 6b multiplied by the percentage share of income in Line 4 | | | | |
| | d. Respective adjusted base child support obligation Amount for each parent in Line 6c multiplied by the percentage of the other parent in Line 6a | | | | |
| 7 | **Adjusted base monthly obligation** Line 6d larger amount minus Line 6d smaller amount and the result is for the parent with the positive amount. If the parent has more than 205 in Line 6, use $0 for that parent. If either parent has less than 121 in Line 6, use the Line 5 amount for both parents. | | $0.00 | $930.98 | |
| **C** | **Obligor** (person who pays) is (Enter "Father" or "Mother") | Mother | | | |



| D | Work and education-related child care expenses | Father | Mother | Other Custodian |
|---|---|---|---|---|
| 8 | **Monthly child care expenses for children in this case** Include any co-payments being paid by a parent receiving OKDHS Child Care Subsidy. | $0.00 | $0.00 | $0.00 |
| 9 | **Child care expense percentage share of the total** Total child care expenses multiplied by percentage share of income for each parent. Multiply Line 8 by Line 4 | $0.00 | $0.00 | |
| 10 | **Total child care adjustment to base monthly obligation** Line 9 minus Line 8 (amount may be negative) | $0.00 | $0.00 | |
| E | Health insurance premium | Father | Mother | Other Custodian |
| 11 | **Monthly health insurance premium costs** This premium represents the actual premium cost for any child(ren) in this case only.  Insurance Premium Worksheet is available if needed. **Use Cash Medical Support if any child is not covered by insurance.** | $362.35 | $0.00 | $0.00 |
| 12 | **Monthly health insurance share for each parent** Percentage share of income in Line 4 multiplied by total current insurance cost for all persons in Line 11 | $113.21 | $249.14 | |
| 13 | **Total premium cost adjustment to base monthly obligation** Line 12 minus Line 11  (amount may be negative) | -$249.14 | $249.14 | |
| F | Other contributions, if agreed or ordered | Father | Mother | Other Custodian |
| 14 | **Ongoing medical costs** Cash medical support for fixed periodic payments for ongoing medical costs | $0.00 | $0.00 | $0.00 |
| | a. Adjusted medical costs share Multiply total of Line 14 for all persons by Line 4 | $0.00 | $0.00 | |
| | b. Total ongoing medical costs adjustment to base monthly obligation Line 14a minus Line 14  (amount may be negative) | $0.00 | $0.00 | |
| 15 | **Visitation transportation costs** | $0.00 | $0.00 | $0.00 |
| | a. Adjusted visitation costs share Multiply total of Line 15 for all persons by Line 4 | $0.00 | $0.00 | |
| | b. Total ongoing visitation costs adjustment to base monthly obligation Line 15a minus Line 15  (amount may be negative) | $0.00 | $0.00 | |
| G | **Child Support obligation subtotal** | Father | Mother | |



| 16 | **Base monthly child support obligation less adjustments for child care and other contributions**<br>Add obligor Line 7 to Lines 10, 13 and 15b if positive amounts. Subtract Lines 10, 13 or 15b if negative amounts. | $0.00 | $1,180.12 | |
|----|----|----|----|----|
| 17 | **SSA Title II benefits or veterans disability benefits paid for the benefit of the child**<br>Line 2a for obligor | | $0.00 | |
| 18 | **Total monthly child support obligation less any SSA Title II benefits or veterans disability benefits paid for the benefit of the child**<br>Line 16 minus Line 17  (amount may be negative) | $0.00 | $1,180.12 | |
| **H** | **Cash Medical Support** | **Father** | **Mother** | **Combined** |
| 19 | Enter number of children in this case not covered by health insurance.  If none, skip to Line 24.  Note: This may be different from the number of children on SoonerCare. | | | |
| 20 | Enter the Soonercare or other health care government assistance **applicant** for the child(ren) in this case, if child(ren) are on SoonerCare.  Enter "Father", "Mother", "other" or leave blank. | | | |



| | | | | |
|---|---|---|---|---|
| 21 | **Cash medical amount for obligor**<br>If Line 19 is zero or the obligor is the person on Line 20, enter $0 in Line 23. If Line 19 is greater than zero and the obligor is not the person on Line 20, refer to the Cash Medical Income Guidelines Table. If the Obligor's income is less than or equal to the amount on the table, enter $0. If greater, multiply $115 by the number of children in Line 19. Multiply the combined total by percentage shares from Line 4. | $0.00 | $0.00 | $0.00 |
| 22 | **5% of Gross Monthly Income**<br>Line 2 multiplied by 0.05<br>This represents the maximum amount of total medical allowed. | $227.94 | $546.21 | |
| 23 | **Cash medical support in lieu of insurance**<br>If Line 21 plus Line 13 is greater than Line 22, use Line 22 minus Line 13. If Line 21 plus Line 13 is less than or equal to Line 22, enter Line 21. Enter $0 if negative | $0.00 | $0.00 | |

| I | Current Monthly Support Obligation | Father | Mother |
|---|---|---|---|
| 24 | **a. Child support portion**<br>If Line 14b is positive, Line 18 for obligor<br>If Line 14b is negative, reduce Line 18 by Line 14b<br>Enter $0 if negative | | $1,180.12 |
| | **b. Cash medical portion**<br>If Line 18 minus 14b is positive, Line 23 for obligor<br>If Line 18 minus 14b is negative, reduce Line 23 by Line 18 minus 14b. Enter $0 if negative | | $0.00 |
| | **c. Ongoing medical costs portion**<br>If Line 18 is positive, Line 14b for obligor<br>If Line 18 is negative, reduce 14b by Line 18<br>Enter $0 if negative | | $0.00 |
| 25 | **Total obligation to be paid by the obligor**<br>Line 24a plus 24b plus 24c | | $1,180.12 |

_____shall begin payments on _____ and continue on the same date of each month until further order of the court.

_____    Guidelines were followed.

_____    Deviation from child support guidelines by Court-Specific findings of Court supporting each deviation:

_____

_____

_____

Dated: _____

_____
**JUDGE**

**APPROVED AS TO FORM:**

_____                    _____
Father printed name                            Father signature

_____                    _____
Attorney for father printed name               Attorney for father signature and OBA Number

_____                    _____
Mother printed name                            Mother signature

_____                    _____
Attorney for mother printed name               Attorney for mother signature & OBA Number

_____                    _____
Other Custodian printed name                   Other Custodian signature

_____                    _____
Attorney for Other Custodian printed name      Attorney for Other Custodian signature and
                                               OBA Number

_____                    _____
State's Attorney, CSS printed name             State's Attorney, CSS signature and OBA Number