IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LINH TRAN STEPHENS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:25-cv-00322-SEH-JFJ |
| STATE OF OKLAHOMA et al., | ) |
| Defendants. | ) |

**DEFENDANTS OKLAHOMA BAR ASSOCIATION, GINA HENDRYX AND TRACY NESTER'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND BRIEF IN SUPPORT**

Defendants Oklahoma Bar Association (OBA), OBA General Counsel Gina Hendryx and OBA Assistant General Counsel Tracy Nester hereby submit this reply for the limited purpose of addressing new statements raised in Plaintiff's Verified Opposition to OBA Defendants' Motion to Dismiss of Plaintiff's Verified Federal Civil Claims and Actions for Injunctive Relief and Damages Under Bivens, 42 U.S.C. §§ 1983, 1985, 1986, FTCA [Doc. 22]. Defendants submit the following:

Plaintiff's pleading is full of false and misleading statements of law and fact. Plaintiff's faulty legal reasoning mischaracterizes the substance and application of the law to the facts of this matter. In an effort not to waste further judicial resources, Defendants will only direct this Court's attention to two specific and blatant misrepresentations contained in Plaintiff's filing. Defendants stand on their analysis of the law and precedent as set forth in their Motion to Dismiss [Doc. 14] and adopt and incorporate arguments contained in the motions to dismiss filed thereafter.

In an attempt to rebut Defendants' argument regarding her abject failure to comply

1

with Rule 8 of the Federal Rules of Civil Procedure, Plaintiff claims she, "*explicitly alleges that she submitted formal complaints to the OBA regarding these violations, providing substantial documentation, yet Defendants Hendryx and Nester took no action whatsoever (Am. CLAIMS, Part II. PARTIES, ¶ 65-66; Part IV. CAUSE OF ACTION CLAIM #16, ¶¶ 158-165).*" [Doc. 22, page 4]. No such statement appears in paragraphs ¶¶65-66 and ¶¶ 158-165 of Plaintiff's Amended Complaint or anywhere else in that document. Even if this Court were to assume Plaintiff properly alleged a constitutional deprivation regarding the processing of an attorney grievance, there is no constitutional right guaranteeing same. *Saier v. State Bar of Michigan*, 293 F.2d 756, 759 (6th Cir. 1961). It has been long established that matters involving the regulation of state attorneys is the exclusive province of the State. See generally, *Bradwell v. State*, 83 U.S. 130 (1872) and *Selling v. Radford*, 243 U.S. 46 (1917). The Oklahoma Supreme Court has exclusive and original jurisdiction in all matters involving the licensing and discipline of lawyers in Oklahoma.  Rule 1, Rules Governing Disciplinary Proceedings, 5 O.S. (2021) Ch. 1, App. 1-a; *Doyle v. Oklahoma Bar Ass'n*, 998 F. 2d 1559 (10th Cir. 1993). Clearly, there is no constitutional right to have an attorney grievance processed. Plaintiff fails to state a cognizable legal claim for which relief may be granted.

Plaintiff also represents to this Court that she pled for certain relief in her Amended Complaint. This is demonstrably false. Plaintiff writes: "*Plaintiff's Amended Claims explicitly seeks prospective injunctive relief, including (Am. Compl., Part VI. RELIEF SOUGHT): 1. An order requiring the OBA to investigate the documented attorney misconducts; 2. An order preventing further constitutional violations through proper attorney discipline; 3. Implementation of proper training and oversight procedures, etc.*"

2

[Doc. 22, page 8]. This language appears nowhere in Plaintiff's Amended Complaint. In making these misrepresentations to the Court, she appears to assert that these requests somehow allow jurisdiction to be asserted over Defendants and the Oklahoma attorney disciplinary process. It does not. The Oklahoma Supreme Court retains original and exclusive jurisdiction in all matters involving the admission of persons to practice law in the State of Oklahoma and to discipline for cause, any other persons engaged in the unauthorized practice of law. Rule 1.1, RGDP, 5 O.S. (2021) ch. 1, app. 1-a. The Oklahoma Supreme Court derives its exclusive and original jurisdiction in attorney disciplinary matters from the Oklahoma Constitution. *R.J. Edwards, Inc., v. Hert*, 504 P.2d 407, (Okla. 1972). Plaintiff's new request for this Court's intervention in attorney discipline matters intrudes upon the Oklahoma Supreme Court's long-established jurisdiction and must be denied.

Plaintiff's filing is replete with instances of factual misrepresentations and faulty legal reasoning. Plaintiff's claims require dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and (6) as Defendants are entitled to immunity from the Eleventh Amendment and Plaintiff has failed to comply with Fed. R. Civ. P. 8.

WHEREFORE, based upon the above argument and authority, the Defendants respectfully request this Court to dismiss Plaintiff's claims against them with prejudice.

Respectfully submitted,

s/ KATHERINE M. OGDEN
Katherine M. Ogden, OBA No. 22668
Assistant General Counsel
Oklahoma Bar Association
1901 N. Lincoln Blvd.
P.O. Box 53036
Oklahoma City, Oklahoma 73152
Telephone:  405.416.7007
Facsimile:  405.416.7003
katieo@okbar.org

ATTORNEY FOR DEFENDANTS
OKLAHOMA BAR ASSOCIATION,
GENERAL COUNSEL GINA HENDRYX
AND ASSISTANT GENERAL COUNSEL
TRACY NESTER

4

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants in this case.

I further certify that a true and correct copy of the foregoing document was sent via U.S. Mail, postage prepaid to:

Linh Tran Stephens
1964 Ashley River Rd., Ste. B
Unit 80112
Charleston, SC 29407

Plaintiff, *pro se*

s/ KATHERINE M. OGDEN