IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) LINH TRAN STEPHENS, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 25-CV-322-SEH-JFJ |
| | ) |
| (1) THE STATE OF OKLAHOMA; ET AL. | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT PENNY HAMRICK'S REPLY BRIEF
IN SUPPORT OF HER MOTION TO DISMISS**

COMES NOW Defendant Penny Hamrick and, pursuant to LCvR 7-1, hereby files this Reply Brief in Support of her Motion to Dismiss. (Doc. 59). Plaintiff has filed a consolidated Response Brief, (Doc. 74), and it is now clear that the claims against Defendant Hamrick must be dismissed. Plaintiff makes no allegations against Defendant Hamrick. Further, Plaintiff's briefing in this case is disturbing because it relies on <u>fake case law</u>, <u>fake case citations</u> and <u>false case summaries</u>. Defendant would state:

**I.    ALLEGATIONS**

In her "Verified Opposition" to Defendants' Motions to Dismiss, Plaintiff confirms that her "claims" arise out of child custody and child support proceedings that have been fully litigated in state court proceedings. (Doc. 74 at 8, 12) (discussing the seizure of Plaintiff's "biologic female offspring" and actions of "state actors and private corporation STATE OF OKLAHOMA employees"). She asserts that the state court proceedings are not "judicial in nature," but rather, amount to decisions by "employees of private corporation, STATE OF OKLAHOMA and OKDHS dressed up in black robes pretending to be judicial courts." (Doc. 74 at 12). She claims that the state court judgments are "void" because the state courts lacked "subject matter, territorial, and

personal jurisdiction." (*Id.*). In general, she believes the state district court erred in making certain child custody and child support findings; believes everyone involved in those proceedings (at every level of the process) erred in rejecting her arguments; and asserts that those errors amount to violations of various federal laws.

**II.     ARGUMENTS AND AUTHORITIES**

    **A.     DISMISSAL IS APPROPRIATE FOR INSUFFICIENT SERVICE OF PROCESS**

Defendant Hamrick requested dismissal under Fed. R. Civ. Proc. 12(b)(5) for insufficient service-of-process. (Doc. 59 at pp. 3-4). Plaintiff did not respond to this argument, and it should therefore be deemed conceded.

    **B.     PLAINTIFF'S COMPLAINT VIOLATES RULE 8; WORSE, PLAINTIFF RELIES ON <u>FAKE</u> CASE LAW AND <u>FALSE</u> QUOTES**

Defendant Hamrick argued that Plaintiff's Amended Complaint fails to comply with Rule 8 as it is composed of conclusory assertions strung together in an incoherent manner. In addition, it relies on a "sovereign citizen" theory that has been rejected by Courts as "utterly frivolous." (Doc. 59 at 5-6) (citing cases). Plaintiff does not respond to these arguments, and they should therefore be deemed conceded. In fact, Plaintiff doubles down on her "sovereign citizen" theories, claiming she "exists" as "two distinct capacities" – (1) "linh tran stephens (lower case)" – a "natural living woman, breathing with a living soul and Holy Spirit . . . whose rights derive from the Bill of Rights and U.N. Human Rights, not the 14th Amendment"; and (2) "LINH TRAN STEPHENS©® - a 14th Amendment US citizen in accordance with 8 USC 1401(a), a sole proprietorship with an EIN . . . and legal entity created under commercial codes." (Doc. 74 at pp. 16; 25). And her signature page is single-spaced and contains a full page of non-sensical text. (*Id.* at pp. 27-28). It contains hallmarks of the "sovereign citizen" movement, noting she does "not

consent to state court proceedings"; claims she is "not a surety"; revokes any "body attachment warrants"; references the UCC, "non-assumpsit," "Cestui Que Trust," "Fide Commissary trust,"; "reject[s] your 12 legal presumptions, other presumptions/assumptions/double-speaking/implied or undisclosed contracts"; and similar gibberish. (Doc. 74 at pp. 27-28). As one Court has recently noted, claims premised on "sovereign citizen theories" are "frivolous" and "not asserted in good faith." *Serpik-Family v. Webb*, 2025 WL 1726316 (W.D. Okla. 2025). That Court noted:

> Sovereign citizen arguments are "plainly frivolous" and "should be rejected summarily." *United States v. Palmer*, 699 F. App'x 836, 838 (10th Cir. 2017) (quotation omitted). Plaintiff's Complaint and other filings are rife with frivolous sovereign citizen theories and other incoherent arguments. Even assuming that there is some plausible legal claim buried in Plaintiff's allegations, it is not the Court's job to "separate the wheat from the chaff" or "stitch together cognizable claims for relief." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). Plaintiff's claims are not based on cognizable legal theories and are dismissed as frivolous and for failure to comply with Rule 8's requirement to include "a short and plain statement of the claim showing that the pleader is entitled to relief."

*Id.* at *4. For the same reason, Plaintiff's Amended Complaint should be dismissed.

Further, in her briefing, Plaintiff relies on fake case law and fake quotes. On page 7, she attributes a quotation to *Wilkerson v. Siegfried Ins. Co.*, 621 F.2d 1042, 1045 (10th Cir. 1980), that **simply does not exist**. On pages 7-8, she attributes a quotation to *Gaines v. Gaines*, 251 P.2d 1044, 1046-47 (Okla. 1952), that **simply does not exist.** And on page 7, she cites a case – "*Patel v. Hall*, No. 09-CV-0928-CVE-TLW, 2010 WL 4340832, at #3 (N.D. Okla. Oct. 26, 2010)" – for the proposition that the "Court recognized that affidavits 'provide admissible evidence that must be considered at the motion to dismiss stage.'" **This case, this citation, and this quote simply do not exist**. On page 7, she attributes a quotation to *Poafpybitty v. Skelly Oil Co.*, 1973 OK 110, 517 P.2d 432, that **simply does not exist.**[1] On page 7, she attributes a quotation to an existing statute

---

[1] Further, *Poafpybitty* was issued in state court (not federal court), and involved a motion summary judgment, not a motion to dismiss. *Poafpybitty*, 517 P.2d at 438.

3

(47 O.S. §113) that is simply *not contained in the statute*.  On page 10, she attributes a quotation to *Barrios v. Haskell County Pub. Fac. Auth.*, 2018 OK 90, 432 P.2d, that *simply does not exist*.²  On pages 11 and 21, she cites a case – *"Doughty v. State ex rel. Department of Human Services*, No. 18-CV-0562-CVE-JFJ, 2019 WL 1979302, at *8 (N.D. Okla. May 3, 2019)" – and attributes a quotation to Judge Eagan "of this district" – that *simply does not exist*.³  On page 11, she cites a case – "*J.P. v. Millard*, No. 08-CV-0675-CVE-FHM, 2009 WL 3126322, at *5 (N.D. Okla. Sept. 24, 2009)" – that *simply does not exist.*  On page 14, Plaintiff references a case – "*Fuller v. McEwen*, 458 F.2d 32 (4th Cir. 1972)" – that *simply does not exist.*  On page 11, she cites a case – "*Bafford v. State*, 912 F.2d 882 (4th Cir. 1990)" – that *simply does not exist.*  On page 14, Plaintiff references a case – "*Dry v. City of Tulsa*, 2017 WL 3219491 (N.D. Okla. July 29, 2017)" – that *simply does not exist*.  On page 19, she cites a case – "*Thunderhorse v. Oklahoma Department of Corrections*, 2019 WL 4933639 (N.D. Okla. Oct. 7, 2019)" – that *simply does not exist*.  On page 19, she attributes a quotation to *United States v. Hardage*, 985 F.2d 1427 (10th Cir. 1993) that is *not contained in the opinion*.  On page 19, she attributes a quotation to *Reazin v. Blue Cross*, 899 F.2d 951 (10th Cir. 1990) that is *not contained in the opinion*.  On page 19, she attributes a quotation to *Bushert v. Hughes*, 1996 OK 21, 912 P.2d 334 that is *not contained in the opinion*.

On page 11, Plaintiff claims that, in *Muskrat v. Deer Creek Public Schools*, 715 F.3d 775, 788 (10th Cir. 2013), the Court "held" that "officials lose qualified immunity when they

---

² Worse, the fake quote is directly contrary to the *actual* holding in that case.  In *Barrios*, the Court held that the GTCA's prohibition on tort lawsuits arising out of the "operation or maintenance of any prison, jail or correctional facility" **barred** state constitutional claims arising from denial of medical care.  This is directly contrary to Plaintiff's fake quotation. (Doc. 74 at 10).

³ The false attribution of a quotation to a federal judge is a serious problem.  *E.g., Mata v. Avianca, Inc.*, 678 F.Supp.3d 443, 466 (S.D.N.Y. 2023) (imposing sanctions for use of artificial intelligence to create fake case law, and requiring attorney to send "letter individually addressed to each judge falsely identified of the author of the fake [opinions.]").

4

deliberately fabricate evidence." But, the Court will not that *Muskrat* did **not** reference "fabricated evidence" *in any regard*. To the contrary, in that case, the Court *affirmed* a summary judgment in favor of the *defendants* in a case where the plaintiff alleged the defendants "unconstitutionally" subjected their son to "timeouts and physical abuse." In effect, Plaintiff has provided the Court with a false and misleading summary of the holding (and relevance) of the *Muskrat* case.[4]

It is unclear how Plaintiff has generated fake cases, fake citations and fake quotes out of whole cloth. But, the sheer quantity of fake (or misleading) authorities in her briefing makes it appear that Plaintiff was intentionally attempting to mislead the Court.[5] At a minimum, Plaintiff's use of such fake authorities shows that her Response Brief lacks any credibility as a legal document. The Amended Complaint should be dismissed per Rule 8.

### C.  PLAINTIFF HAS FAILED TO STATE A CLAIM FOR RELIEF AGAINST DEFENDANT HAMRICK

Defendant Hamrick has asserted that Plaintiff has failed to state a claim for relief against Defendant Hamrick, insofar as the Amended Complaint contains no substantive factual allegations

---

[4] To be clear, Plaintiff's brief is littered with fake or misleading citations. On page 21 of her Response, Plaintiff wholly misrepresents the holding in *State ex rel. Dep't. of Human Services v. Bagget*, 1999 OK 68, 990 P.2d 235. Plaintiff includes a fictional quote from that case and then recites a false holding from that case; that case did **not** "hold" that DHS workers can be held liable for "negligent failure to properly investigate such reports." Rather, that case addressed child support obligations for an incarcerated parent. And Plaintiff's parenthetical description of the holding in *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144 (4th Cir. 2002) it clearly improper. That Court did not "us[e] Rule 11 to discipline frivolous qualified immunity assertions." To the contrary, that Court *reversed* a Rule 11 sanction in a case that did *not* address qualified immunity in any regard.

[5] It is possible that Plaintiff is using artificial intelligence to draft her briefing. But, the use of artificial intelligence in this context provides Plaintiff with no refuge; artificial intelligence cannot be used to provide fake case law or fake quotations to a Court of law. *Johnson v. Dunn*, 2025 WL 2086116, at *1 (N.D. Ala. 2025) ("Fabricating legal authority is serious misconduct that demands a serious sanction."); *Jackson v. BOK*, 2025 WL 2294916 (N.D. Okla. 2025) (Huntsman, Mag.) (striking briefing where plaintiff provided "fake quotations" to the Court).

against Hamrick. In her Response, Plaintiff does not respond to Defendant Hamrick's arguments, and they should therefore be deemed uncontested. Plaintiff has now filed numerous pages of briefing and has still failed to articulate a viable cause of action against Hamrick, who is not mentioned a single time in the briefing submitted to the Court. The Court should dismiss the Amended Complaint for failure to state a claim for relief. Fed. R. Civ. Proc. 12(b)(6).[6]

D.   *YOUNGER* APPLIES

Further, *Younger* counsels in favor of abstention. In response, Plaintiff claims that state court proceedings have "ended" because of her allegations that said courts have "zero authority" over Plaintiff. (Doc. 74 at 14). This assertion is inaccurate. Plaintiff does not contest that a bench warrant currently exists for her arrest related to her failure to pay child support obligations. (Doc. 59-1). Hence, certain state court proceedings are "ongoing" for purposes of *Younger*. Plaintiff further claims that state court proceedings are unjust and unfair because they did not result in her preferred outcome. But, Judge Russell has already found that "the Tulsa court is an adequate, appropriate form where claims concerning the propriety and collectability of child support awards can, and should be addressed – a finding corroborated by Ms. Stephens's ongoing attempts to have her concerns addressed there." *Stephens v. Child Support Services of Oklahoma*, 2025 WL 1195950 (N.D. Okla. 2025). Judge Eagan made the same finding. *Stephens v. Sparkman*, 2023 WL 2994113, *2-3 (N.D. Okla. 2023). Hence, the argument that state courts have no "authority"

---

[6] Plaintiff attempts to incorporate "verified affidavits and documentary evidence" in support of her Response. (Doc. 74 at p. 5). This is improper. In ruling on a Motion to Dismiss, the Court does not consider evidence beyond Plaintiff's pleading. *See Stanley v. City of Sanford*, 145 S. Ct. 2058, 2062 (2025) (citing Fed. R. Civ. P. 12(d); *Carter v. Stanton*, 405 U.S. 669, 671 1972)).

over her is inaccurate.[7] Finally, Defendant noted that the Tenth Circuit has made it clear that "federal courts have no jurisdiction over child-custody disputes." *Shophar v. U.S.*, 838 Fed. Appx. 328, 331 (10th Cir. 2020). Plaintiff does not respond to this case law.

### E. IN THE ALTERNATIVE, *ROOKER-FELDMAN* APPLIES

Further, to the extent certain portions of the state court proceedings are final, the *Rooker-Feldman* doctrine prohibits this Court from adjudicating claims seeking to review and/or vacate those state court judgments, including any orders or judgments related to divorce, child custody or child support. As noted previous, that is precisely what Plaintiff seeks – Plaintiff affirmatively alleges that this Court sits as an appellate court in review of the propriety of state court judgments. (Doc. 6 at p. 85, ¶220). *Rooker-Feldman* bars such claims. Plaintiff also claims that the state court judges, and other officials, lacked jurisdiction to enter the state court judgments at issue because they were simply "dressed up in black robes and pretending to be judicial courts." (Doc. 74 at 12). This somewhat outrageous assertion is one that could have – and should have – been made in the Tulsa County District Court proceedings, and in subsequent appeal proceedings. This Court lacks jurisdiction to review Plaintiff's claims in this regard, and therefore the *Rooker-Feldman* doctrine applies to deprive this Court of subject matter jurisdiction. *In re Flanders*, 657 Fed. Appx. 808 (10th Cir. 2016).

### F. DEFENDANT IS ENTITLED TO QUALIFIED IMMUNITY

As noted previously, Defendant Hamrick invoked a qualified immunity defense. Plaintiff does not respond to Defendant's arguments, despite the fact that *she* retained the burden to clear "two hurdles in order to defeat defendant's motion," i.e., the burden to identify a violation of her

---

[7] In fact, she is listed as the *Petitioner* in her divorce case filed in Tulsa County District Court. *See Linh Tran Stephens, Petitioner v. Adam Sylvester Stephens, Respondent*, Case No. FD-2015-2228, Tulsa County.

constitutional rights and the burden to show that the constitutional violation was "grounded in then-extant clearly-established law." *Riggins v. Goodman*, 572 F.3d 1101, 1107 (10th Cir. 2009); *Cox v. Glanz*, 800 F.3d 1231, 1245 (10th Cir. 2015). Because Plaintiff has failed to carry her two-fold burden, "the defendant prevails." *Mick v. Brewer*, 76 F.3d 1127, 1134 (10th Cir. 1996).

### G.    PLAINTIFF'S REMAINING ARGUMENTS ARE WITHOUT MERIT

Plaintiff's briefing contains a variety of additional arguments. Each is without merit. First, Plaintiff asserts "ecclesiastical standing as one of the People in the Organic Republic." (Doc. 74 at 16). Plaintiff challenges this Court to "rebut" her status as "a living woman distinct from the corporate fiction 'LINH TRAN STEPHENS' which also belongs to the living woman Linh Tran Stephens." (*Id.*). Defendant contends that this argument is nonsensical and amounts to gibberish; it can be rejected without further analysis. *Punchard v. Jeffries*, 298 Fed. Appx. 775, 776 (10th Cir. 2008) ("This appeal is wholly frivolous. Appellant's brief is gibberish.").

Plaintiff claims that Oklahoma constitutional protections "enhance" federal claims and cites various provisions of the Oklahoma constitution; the Oklahoma Administrative Procedures Act; and certain "commercial law" principles. (Doc. 74 at 19). Plaintiff has failed to explain how these concepts apply to this case or to Defendant Hamrick. Rather, they are conclusory assertions only and do not state plausible claims for relief. Further, Plaintiff has failed to explain why these arguments could not have been made in state court proceedings.

Finally, Plaintiff has included a laundry list of various arguments and assertions, ranging from reliance on Rule 11; reliance on a "non-discretionary duty doctrine"; invocation of the "UCC & Commerce Clause" and the "Public Trust Doctrine & Fiduciary Fraud"; references to "Unlawful Debt-Based Incarceration" and "Ongoing Harm." (Doc. 74 at 22-24). These allegations are nonsensical, and insufficient to state a claim for relief; they are simply generic assertions of

wrongdoing untethered to the facts of this case or to Defendant Hamrick. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

## H.     AMENDMENT SHOULD BE DENIED

Plaintiff argues that, in the alternative, she should be granted leave to amend her Amended Complaint. The Court should deny this request. First, Plaintiff has already amended her initial Complaint, and her Amended Complaint is in excess of 100 pages. The Court need not grant additional leave under these circumstances. *E.g., Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (no abuse of discretion in denying request to file a *second* amended complaint). Second, Plaintiff has already filed numerous lawsuits in this Court. The Court would not abuse its discretion in finding that this lawsuit – and Plaintiff's request to amend – are vexatious in nature. *E.g., Rossman v. Donaldson*, 2016 WL 6603253 (W.D. Okla. 2016) (denying plaintiff's request to amend "in light of his well-documented history as a vexatious litigant"). Denial of leave to amend would also be an appropriate response to Plaintiff's use of fake case law and fake case citations.

Third, leave to amend can be denied where amendment would be futile. *E.g., Franks v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Here, Plaintiff claims that an amendment would be useful to clarify her "dual status as both natural person and legal entity." Plaintiff claims this distinction "is not merely semantic but has profound legal implications that directly impact jurisdiction, standing, and the nature of available remedies." (Doc. 74 at p. 25). But, this argument appears frivolous in nature. It does not make sense and, hence, provides no basis for amendment. Plaintiff also claims that the decisions in *Trump v. U.S.*, 603 U.S. 593 (2024) and *Loper Bright*

*Enterprises v. Raimondo*, 603 U.S. 369 (2024) provide her with good cause to amend her Amended Complaint. Not so. Those cases are irrelevant to this case. *Trump* addressed the scope of presidential immunity under the U.S. Constitution; the present case does not implicate presidential immunity. *Loper Bright* overruled the *Chevron* doctrine, which concerned a federal court's duty to defer to an agency's interpretation of law under the Administrative Procedure Act; it has no relevance to a divorce/child custody/child support case and provides no basis for amendment. For those reasons, Plaintiff's request to amend should be denied.

### III. CONCLUSION

In light of Plaintiff's Response Brief, it is now clear that Defendant Hamrick's Motion to Dismiss should be granted. Plaintiff has failed to properly serve Defendant Hamrick and has failed to state a cognizable claim for relief. Worse, Plaintiff's Response Brief is littered with fake cases, false case summaries, fake quotations, and misleading arguments. Plaintiff's Brief simply cannot be viewed as a legitimate legal document under Rule 11. In addition, Plaintiff has filed numerous lawsuits in this Court based on her repeated assertion that her rights were being violated as a result of the underlying state court child custody and child support proceedings. Plaintiff's arguments have been rejected on every occasion. Her resistive efforts have even caused a bench warrant to be issued for her failure to pay valid child support obligations in state court. She now seeks refuge again in this Court to avoid these valid state court proceedings, but the Court should reject her efforts once again.

WHEREFORE, premises considered, Defendant Penny Hamrick requests the Court grant her Motion to Dismiss, award her fees and costs for litigating this matter, and enter other appropriate relief.

Respectfully submitted,

**BEST & SHARP**

*s/ Thomas A. LeBlanc*
Thomas A. LeBlanc, OBA #14768
tleblanc@bestsharp.com
Matthew B. Free, OBA #18055
mfree@bestsharp.com
Nathan A. Miramontes, OBA #36212
nmiramontes@bestsharp.com
Williams Center Tower 1
One West Third Street, Suite 900
Tulsa, OK 74103
Telephone: (918) 582-1234
Facsimile: (918) 585-9447
*Attorney for Defendant,*
*Penny Hamrick, in her Individual and*
*Official Capacity as Detective of Owasso*
*Police Department of Rogers County*

## CERTIFICATE OF SERVICE

I hereby certify that on 2nd day of September, 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants in this case.

*s/ Thomas A. LeBlanc*