IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LINH TRAN STEPHENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 25-cv-322-SEH-JFJ |
| | ) |
| STATE OF OKLAHOMA and all employees/, | ) |
| contractors/successors, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT CHARLES SCHWAB & CO., INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS

Defendant Charles Schwab & Co., Inc. ("Schwab") provides the following Reply in Support of its Motion to Dismiss [Dkt. 69] ("Motion"):

## INTRODUCTION

Like the Amended Complaint, Plaintiff's Verified Opposition to Other Defendants' 17 Motions to Dismiss of Verified Federal Civil Claims and Actions for Injunctive Relief and Damages Under Bivens, 42 U.S.C. §§ 1983, 1985, 1986, FTCA, Et Al. [Dkt. 74] ("Opposition") fails to directly address Schwab in any way. It contains no direct mention of any acts of Schwab that Plaintiff intends to place at issue in this case. This further supports Schwab's requests for dismissal of all causes of action asserted against it under Federal Rule of Civil Procedure 12(b)(6) due to a failure to state a claim upon which relief can be granted.

Additionally, Plaintiff's Opposition contains no arguments to address Schwab's arguments from the Motion concerning the application of res judicata, the lack of private

1

rights of action under various statutes that Plaintiff relies upon to assert her claims in the Amended Complaint, or the lack of application of Plaintiff's complaints about alleged violations of her civil rights, the U.S. Constitution, and the Americans with Disabilities Act that all require state action to private financial institution Schwab. Even Plaintiff's responses to the arguments concerning the *Rooker-Feldman* and *Younger* abstention doctrines fail to demonstrate the lack of application of those doctrines to bar many, if not all, of Plaintiff's claims.

No statements in the Opposition change the fact that Plaintiff's Amended Complaint fails to state a claim for relief against Schwab plausible on its face. While Plaintiff includes pages of grounds that she claims require this case to proceed, in fact, none of those other grounds, even if valid, which Schwab denies, correct the deficiencies in the Amended Complaint that require its dismissal. Even if these arguments aided Plaintiff's deficient factual allegations against Schwab in some way, other arguments from the Motion concerning Plaintiff's inability to assert the causes of action contained in the Amended Complaint still apply and have gone unchallenged by Plaintiff. These arguments in particular, such as res judicata principles and the lack of a private civil right of action under the statutes identified in the Amended Complaint, also make any attempt to amend the Amended Complaint futile. Schwab respectfully requests that the Court dismiss all claims asserted by Plaintiff against Schwab in this case with prejudice.

**ARGUMENT AND AUTHORITIES**

I. **THE OPPOSITION FAILS TO ADDRESS ANY OF SCHWAB'S ARGUMENTS FOR DISMISSAL OTHER THAN THE ROOKER-FELDMAN DOCTRINE AND YOUNGER ABSTENTION DOCTRINE,**

LEAVING ALL OTHER ARGUMENTS AND AUTHORITIES UNCONTESTED.

Schwab's Motion contains arguments supporting dismissal of Plaintiff's causes of action due to the *Rooker-Feldman* doctrine; the *Younger* abstention doctrine; res judicata (as to Claims #1, #3, #4, #5, #7, #9, #11, #15, #16, and #22 against Schwab); a lack of state action to support Plaintiff's civil rights, U.S. Constitutional violation, and Americans with Disabilities Act violation causes of action (as to Claims #1-5, #7-9, #11, #15, and #18 against Schwab, a private financial institution); a lack of a private civil right of action under multiple federal statutes relied on by Plaintiff (as to Claims #16, #17, and #23); and a general failure to plead facts regarding Schwab to meet the applicable pleading standards (as to all causes of action in the Amended Complaint). Plaintiff fails to address any of these arguments other than the *Rooker-Feldman* doctrine and the *Younger* abstention doctrine. Therefore, Schwab's remaining arguments have gone uncontested, and the Court should find them conceded. Those arguments already support the dismissal of all claims against Schwab with prejudice regardless of the application of the *Rooker-Feldman* and *Younger* doctrines.

II. **THE *ROOKER-FELDMAN* DOCTRINE APPLIES AND PROHIBITS THE REVIEW OF ANY FINAL ORDERS FROM THE STATE COURT PROCEEDINGS.**

Plaintiff acknowledges in the Opposition that the *Rooker-Feldman* doctrine prevents federal district courts from reviewing final state court judgments. Opposition at pp. 11-12. Plaintiff argues that the doctrine does not apply here as she does not intend to challenge any state court judgments entered against her. Opposition at p. 12. Yet, in the

very next paragraph, she clarifies that she does want to challenge some judgments on the grounds that the Oklahoma courts lacked jurisdiction and used unconstitutional practices and procedures during the proceedings that led to the judgments. Opposition at p. 12.

Again, the specific orders and judgments at issue in the Amended Complaint remains a bit uncertain based on the information in that document, but Plaintiff has, at a minimum, directly asked the Court to vacate a child support order and judgment from October 14, 2022; a child custody order and judgment from February 20, 2024; a conviction from February 7, 2024; and other contempt charges and convictions. Amended Complaint at p. 89. Schwab attached the October 2022 and February 2024 orders and judgments to its Motion as Exhibits 2 and 3.

Plaintiff's attempt to distinguish the grounds for her challenges to these orders and judgments does not eliminate the fact that Plaintiff admits that she wants this Court to vacate final orders and judgments of the Oklahoma state courts and to reverse decisions made in those orders and judgments regarding child custody and child support for her daughter. Amended Complaint at pp. 89-92. Plaintiff appealed, or attempted to appeal, the orders at issue through the Oklahoma court system in Oklahoma Supreme Court case numbers 121254, 120612, 120848, 120849, and 122022. Those appeals resulted in either mandates affirming the orders of the Tulsa County District Court or dismissals. Thus, the orders and judgments addressed in these appeals have reached finality, and any challenges to them must go to the United States Supreme Court, not the present Court, under the *Rooker-Feldman* doctrine.

4

## III. THE COURT SHOULD DISMISS ALL CLAIMS SEEKING TO INTERFERE IN ONGOING STATE COURT PROCEEDINGS FOR LACK OF SUBJECT MATTER JURISDICTION BASED ON *YOUNGER* ABSTENTION.

As with the *Rooker-Feldman* doctrine, Plaintiff acknowledges in the Opposition that the *Younger* abstention doctrine requires federal courts to refrain from interfering in ongoing state court proceedings involving important state interests when the state court provides an adequate forum to hear the claims raised. Opposition at p. 12. Plaintiff simply contends that this doctrine does not apply here for the following reasons: 1) that Plaintiff asserts causes of action that an Oklahoma state court can never hear; 2) that Oklahoma state courts have a bias against her and do not have jurisdiction over her claims; 3) that exceptions to the *Younger* abstention doctrine (for state proceedings conducted with a desire to harass and/or in bad faith) apply here; 4) that Plaintiff does not seek to interfere in judicial processes as no Oklahoma state courts have authority over Plaintiff; and 5) that the extraordinary circumstances of a "systematic deprivation of Plaintiff's constitutional rights and the irreparable harm" allow the Court to intervene.

None of these reasons support federal court intervention here. As concerns the first, second, fourth, and fifth reasons asserted, Plaintiff presents no legal authority to support the principles she cites or any further explanation of these reasons outside of her conclusory statements that they exist.[1] As for the third reason, a state court process instituted against

---

[1] While Plaintiff cites to a few Fourth Circuit cases, and a U.S. District Court for the Northern District of Oklahoma case, in this section of her Opposition, Schwab has not located any of these cases based on the citations provided. Schwab has located *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 592 (1975), which Plaintiff also cites, but, as discussed herein, it does not support the application of an exception to the *Younger* doctrine here.

5

Plaintiff based on an intent to harass or in bad faith, the case cited by Plaintiff for this proposition, *Huffman v. Pursue, Ltd*., 420 U.S. 592, 612 (1975), does mention these exceptions to the *Younger* abstention doctrine. However, the case does not inform or support an application of an exception to the *Younger* abstention doctrine in the present case. *Huffman* involved a 1983 claim and constitutional challenge to a state public nuisance statute by a theater operator in a federal district court after state authorities had brought a nuisance proceeding against that operator in a state court. *Huffman*, 420 U.S. at 595-599. The specific question at issue involved whether *Younger* "bars a federal district court from intervening in a state civil proceeding . . . when the proceeding is based on a state statute believed by the district court to be unconstitutional." *Huffman*, 420 U.S. at 594. A separate exception to *Younger* exists to address challenges to state statutes under certain circumstances. *Id*. at 611. The Supreme Court remanded the case to the district court for analysis regarding the application of an exception to *Younger*, as the district court did not conduct it before issuing its judgment. *Id.* at 611-612. Plaintiff has not placed a state statute at issue or explained how the other exceptions briefly listed (but not further developed) in *Huffman* apply to the present circumstances.

Again, despite Plaintiff's contentions to the contrary, the facts as alleged in the Amended Complaint suggest that Plaintiff wants the Court to directly interference in state court proceedings, vacate various orders and judgments issued therein, stop all enforcement actions against her based on these orders and judgments, and provide other injunctive relief that undermines the orders and judgments issued in those proceedings. If Plaintiff intends by this case to challenge any orders in the state civil proceedings occurring in the Tulsa

6

County Case that she has not yet appealed, or to take other action to provide relief on issues for decision therein, Plaintiff asks the Court to interfere in ongoing state court proceedings, and she has not identified an exception to the *Younger* doctrine, supported by authority, that applies to the present case.

## IV.   THE COURT SHOULD DENY PLAINTIFF'S IMPROPER DEMAND FOR RULE 11 SANCTIONS.

Plaintiff's Opposition "demands Rule 11 sanctions and monetary penalties against all attorneys who filed or joined" the motions to dismiss filed in response to her Amended Complaint. Opposition at p. 22. This request does not comply with Federal Rule of Civil Procedure 11. Plaintiff needs to present any motion requesting sanctions as a separate motion and describe the specific conduct that allegedly violates Federal Rule of Civil Procedure 11(b). Fed. R. Civ. P. 11(c)(2). Additionally, Plaintiff must first serve such a motion on the party whose conduct the motion places at issue and allow that party an opportunity to withdraw or correct the pleading, motion, or other paper at issue prior to Plaintiff's filing of the motion with the Court. Fed. R. Civ. P. 11(c)(2). Plaintiff has not taken any of these steps. To the extent the Court addresses this request for sanctions, Schwab requests that the Court deny Plaintiff's demand for sanctions.

## CONCLUSION

Plaintiff has not and cannot assert any valid legal claims against Schwab under the legal theories included in the Amended Complaint. Multiple arguments support a dismissal of all claims asserted against Schwab in this case with prejudice, and Schwab requests that

the Court order such dismissal. Schwab also requests that the Court deny Plaintiff's demand for sanctions made in her Opposition.

Respectfully submitted,

/s/     *Jennifer N. Lamirand*
Tara A. LaClair, OBA #21903 (Lead Trial Counsel)
Jennifer N. Lamirand, OBA #31398
**BRESSLER, AMERY & ROSS, P.C.**
6608 N. Western Avenue, #1213
Oklahoma City, Oklahoma 73116
Telephone: (405) 901-5984
tlaclair@bressler.com
jlamirand@bressler.com
**ATTORNEYS FOR DEFENDANT
CHARLES SCHWAB & CO., INC.**

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 4, 2025, a true and correct copy of the foregoing Defendant Charles Schwab & Co., Inc.'s Reply in Support of Motion to Dismiss was sent via U.S. Mail, First Class, to Plaintiff Linh Tran Stephens at the following address and also electronically transmitted to the Clerk of Court using the ECF system for filing to all parties, or their counsel, that have appeared in this matter:

**MAIL TRANSMISSION TO PLAINTIFF PRO SE**
Linh Tran Stephens
1964 Ashley River Rd.
St. B Unit 80112
Charleston, SC  29407

**ECF TRANSMISSION**

| | |
|---|---|
| Clifton Dale Warner | John K.F. Langford |
| Corbin C. Brewster | John Marshall Bunting |
| David Robert Ross | Katherine McNeal Ogden |
| Douglas Allen Wilson | Lexie P. Norwood |
| Elizabeth Marie Vincent | Matthew Benjamin Free |
| Erica Parks | Nathan Adam Miramontes |
| Gregg J. Lytle | Sharon K. Parker |
| Heidi J. Long | Thomas Adrian LeBlanc |
| Jacob N. Popp | |
| Jacy Chafin Sullivan | |
| James Dashiell Dunn | |
| Jesse Ogle | |

/s/ *Jennifer N. Lamirand*
Jennifer N. Lamirand