# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

LINH TRAN STEPHENS,

      **Plaintiff,**

v.

STATE OF OKLAHOMA, et al.,

      **Defendants.**

**Case No. 25-CV-00322-SEH-CDL**

## <u>OPINION AND ORDER</u>

Before the Court are multiple motions to dismiss Plaintiff Linh Tran Stephens's amended complaint. [ECF Nos. 14, 21, 26, 28, 30, 31, 34[1], 36, 38, 42, 43, 46, 47, 48, 54, 59, 69, 81, 83, 89, 93, 104, 105]. Stephens filed a 101-page amended complaint with 13 pages of exhibits against 83 named defendants and 99 "known but unidentified" State of Oklahoma employees. [ECF No. 6]. She generally alleges that her constitutional rights were violated during state court child custody proceedings, and she attacks the entry and validity of orders issued during those proceedings. [*Id*.]. The Court has reviewed the state court docket on the Oklahoma State Courts Network (OSCN) and finds these proceedings are ongoing.[2]

---

[1] Defendant Oklahoma Supreme Court joins and adopts this motion. [ECF No. 50].

[2] In various places in her amended complaint, Stephens cites to a protective order issued in the Tulsa County District Court, PO-2021-3843. [ECF No. 6 at 31, 37, 91].

This is not the first case Stephens has brought in the Northern District of Oklahoma related to her state court child custody matter. *See Stephens et al. v. Sparkman et al.*, No. 22-CV-00480-CVE-JFJ, 2023 WL 2994113 (N.D. Okla. April 18, 2023); *Stephens v. Seibert et al.*, No. 23-CV-553-GKF-SH, 2024 WL 6466763 (N.D. Okla. Nov. 20, 2024), *recommendation adopted in Stephens v. Stephens*, No. 23-CV-553-GKF-SH, 2024 WL 6466761 (N.D. Okla. Dec. 3, 2024); *Stephens v. State of Oklahoma et al.*, 25-CV-00285-GKF-MTS (N.D. Okla. Jan. 21, 2026); *Stephens v. State of Oklahoma et al.*, 25-CV-00286-CVE-MTS (N.D. Okla. Jan. 22, 2026); *Stephens v. Parks et al.*, 24-CV-00259-GKF-MTS (N.D. Okla. July 9, 2024); *Stephens v. Child Support Servs. of Okla. Dep't of Human Servs.*, No. 24-cv-216-JDR-CDL, 2025 WL 1194950 (N.D. Okla. Apr. 25, 2025), *aff'd*, No. 25-5063, 2026 WL 125755 (10th Cir. Jan. 16, 2026), *cert. denied*, No. 25A913, 2026 WL 513733 (Feb. 20, 2026).

Here, the Court dismisses the entirety of this action for substantially the same reasons Stephens's previous petitions and complaints have been dismissed.

---

This protective order was consolidated under Tulsa County District Court case FD-2015-2228. *See* Tulsa County District Court, Case No. FD-2015-2228 at 12/8/2021. On July 15, 2026, Stephens filed a petition for writ of certiorari to the United States Supreme Court in FD-2015-2228. "Federal Rule of Evidence 201 authorizes a federal court to take judicial notice of adjudicative facts at any stage of the proceedings, and in the absence of a request of a party." *Zimomra v. Alamo Rent-A-Car, Inc.*, 111 F.3d 1495, 1503 (10th Cir. 1997).

## I. The Amended Complaint

Stephens asserts 30 causes of action, alleging violations of Title II of the Americans with Disabilities Act (ADA) and constitutional violations under 42 U.S.C. §§ 1983, 1985, and 1986 for cruel and unusual punishment, retaliation, infringement of her right against "self-incrimination," her right to parent, her right to travel, her right of free speech, religion, and association, and violations of her due process and equal protection rights. [*See* ECF No. 6]. The amended complaint also mentions violations of the "Full Faith and Credit Clause," "ERISA," the "False Claims Act," "Oaths of Office," and various federal criminal laws. [*Id.* at 51–52, 61–63, 67–69, 74–77, 79, 82–85]. Stephens further alleges "Fraud Upon the Court," "Judicial Misconduct and Bias," garnishment violations, a violation of a "Child's Rights and Best Interests," a "Failure to Prosecute," and a state law claim for intentional infliction of emotional distress. [*Id.* at 77–78, 85–90]. She also brings a petition for a "Writ of Habeas Corpus," seeking return of her minor daughter to her custody. [*Id.* at 79–82].

Stephens seeks declaratory and injunctive relief in the form of an immediate return of her daughter to her custody, modifying an Oklahoma child custody order, ordering a SANE exam, enjoining Oklahoma state court proceedings, vacating certain child custody, child support, and contempt orders, reversal of her passport and licensure suspensions, referring alleged

crimes to the Justice Department, immediate return of seized retirement funds, a declaration that "imprisoning indigent parents for child support nonpayment violates the Eighth Amendment," and "appointment of a federal monitor to oversee Oklahoma family courts and OKDHS practices." [ECF No. 6 at 91–94]. She further seeks $500 million dollars in monetary damages, treble damages under the False Claims Act, court costs and fees, and "past attorney costs and fees." [*Id.* at 91–92, 94].

As shown above, multiple defendants move to dismiss Stephens's claims. She has filed a combined response to most of these pending motions. [ECF No. 74]. Although Stephens attaches numerous exhibits to her response, the Court will not consider these exhibits in determining the motions to dismiss.[3]

## II. Discussion

The Court construes Stephens's pro se filings liberally. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But it will not act as her advocate and therefore will not search the record, conduct research, or construct arguments on her behalf. *See id.* at 840–41. Generously construing the amended complaint, the Court finds that this action should be dismissed without prejudice.

---

[3] If the Court considers matters outside the amended complaint, it may transform Defendants' motions into ones for summary judgment. *See* Fed. R. Civ. P. 12(d).

4

### A. To the extent Stephens seeks federal habeas relief under § 2241, she identifies no facts that would permit this Court to exercise federal habeas jurisdiction.

The Court construes at least part of the amended complaint as a habeas petition, based on language within it and Stephens's attempt to obtain custody of her minor child through its filing. For instance, claim 24 asserts that Stephens "invokes the writ of habeas corpus, pursuant to 28 U.S.C. § 2241, to challenge the ongoing unlawful detention of her minor child, G.L.S., by the State of Oklahoma and its agents." [ECF No. 6 at 81, ¶ 194]. She alleges that her child's "detention is unlawful because it stems from actions taken without jurisdiction and in violation of fundamental constitutional rights, including G.L.S.'s Fourth and Fourteenth Amendment rights." [*Id*.]. Throughout the amended complaint, Stephens repeatedly alleges her daughter was unlawfully removed from her home and demands that she be returned to her custody. [*See, e.g., id.* at ¶ 57, ¶ 61, § 174, ¶ 202(b), ¶ 191 "RETURN THE CHILD TO ME AS SHE IS MINE–I AM HER BIOLOGICAL MOM!"]. The Court construes these parts of the amended complaint as a habeas petition and finds that they should be dismissed for lack of subject matter jurisdiction.[4]

---

[4] Although Plaintiff's claim for federal habeas relief under § 2241 is not directly challenged by any defendant, the Court has an independent duty to determine whether jurisdiction exists. *See 1mage Software, Inc. v. Reynolds and Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) ("Federal courts 'have an independent

5

Federal courts may grant a writ of habeas corpus to a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Under 28 U.S.C. § 2254(a), federal courts also have the authority to entertain state prisoner habeas petitions alleging they are "in custody in violation of the Constitution or laws or treaties of the United States" pursuant to a state court judgment. But nothing in the amended complaint plausibly suggests that Stephens's daughter is "in custody" as the Supreme Court has interpreted that phrase.

In *Lehman v. Lycoming Cty. Children's Services Agency*, 458 U.S. 502, 511 (1982) the Supreme Court held that a mother could not challenge a state court judgment terminating her parental rights through 28 U.S.C. § 2254 because "extending the federal writ to challenges to state child-custody decisions—challenges based on alleged constitutional defects collateral to the actual custody decision—would be an unprecedented expansion of the jurisdiction of the lower federal courts." *Id.* at 512. The Court found that the children were "not prisoners" in foster care and did not "suffer any restrictions imposed by a state criminal justice system." *Id.* at 510. Rather, they were "in the 'custody' of their foster parents in essentially the same way,

---

obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506, 514 (2006)).

and to the same extent, other children are in the custody of their natural or adoptive parents." *Id*. at 510. Therefore, the Court found the children "not in the 'custody' of the State in the sense in which that term has been used … in determining the availability of the writ of habeas corpus." *Id*.

Similarly, here, Stephens has not alleged that her daughter is "in custody" in any way that would make federal habeas relief available to her. Rather, Stephens seeks to collaterally attack the state court custody decision. The federal habeas statutes do not confer jurisdiction in these circumstances. *See Lehman*, 458 U.S. at 515 (holding that 28 U.S.C. § 2254 "does not confer federal-court jurisdiction" in child-custody cases); *Dees v. Weiser*, No. 25-1336, 2026 WL 412409, at *3 (10th Cir. Feb. 13, 2026) ("[F]ederal habeas has never been available to challenge parental rights or child custody." (quoting *Lehman*, 458 U.S. at 511)); *see also Shophar v. United States*, 838 F. App'x 328, 332 (10th Cir. 2020) (habeas jurisdiction does not extend to questions of child custody and federal courts ordinarily lack jurisdiction to decide child-custody questions).

Accepting Stephens's allegations as true, they are not sufficient to establish that this Court has subject matter jurisdiction over her petition for a writ of habeas corpus under § 2241. Although the petitioner in *Lehman* sought relief under § 2254, and not § 2241, *Lehman* still precludes this Court from exercising federal habeas jurisdiction. To the extent the amended

complaint seeks an injunction to give Stephens custody of her minor child or seeks a declaration that she is entitled to that custody, this Court lacks jurisdiction to resolve the merits of those claims. *See Shophar*, 838 F. App'x at 332 (affirming district court's finding that it lacked jurisdiction to decide a child-custody dispute). Accordingly, any part of the amended complaint that could reasonably be construed as a habeas petition is dismissed without prejudice.[5]

### B. The rest of the amended complaint is dismissed without prejudice.

Of the 83 named defendants, 57 move to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), arguing, generally, that the Court lacks subject matter jurisdiction over this action and that Stephens fails to state a claim for relief. Because the Court "cannot proceed at all in any cause" unless it has jurisdiction and "may not assume jurisdiction for the purpose of deciding the merits of the case," the Court first addresses jurisdiction. *See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (recognizing federal courts cannot rule on the merits of a case without having jurisdiction over the subject matter and the parties) (internal quotation

---

[5] Insofar as this order constitutes a final adverse order entered against Stephens in a habeas proceeding, the Court declines to issue a certificate of appealability under 28 U.S.C. § 2253 because the lack of subject matter jurisdiction constitutes a plain procedural bar. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

marks omitted). The Court may address jurisdictional issues in whatever order it deems appropriate. *Id.* ("[T]here is no mandatory sequencing of jurisdictional issues.") (internal quotation marks omitted). Here, because the Court finds that the domestic-relations exception, *Younger* abstention, and the *Rooker-Feldman* doctrine bar Stephens's claims, it need not resolve other jurisdictional arguments the defendants raise.

### 1. The Domestic-Relations Exception

First, "federal courts generally lack the power to hear most family-law questions, as they fall under the traditional authority of the states." *Wiland v. Stitt*, No. 24-CV-00443-GKF, 2024 WL 4271570, at *1 (N.D. Okla. Sept. 23, 2024) (citing *Barber v. Barber*, 62 U.S. 582, 584 (1858)); *see also Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (noting, "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States") (quoting *Ex parte Burrus*, 136 U.S. 586, 593–94 (1890), *abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014) (internal quotation marks omitted)); *Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005) (holding that the district court lacked jurisdiction over a child-custody dispute). This rule—known as the "domestic-relations exception"—prohibits federal courts from reopening, reissuing, correcting, or modifying any order in a domestic-relations case. *Alfaro v. Cty. of Arapahoe*, 766 F. App'x 657, 659

(10th Cir. 2019) (citation omitted). Thus, the domestic-relations exception applies when a federal court is asked to decide "issues regularly decided in state-court domestic-relations actions." *Id.* at 660 (quoting *Vaughan v. Smithson*, 883 F.2d 63, 65 (10th Cir. 1989) (cleaned up)).

Stephens asks the Court to do just that. She seeks custody of her minor child, vacation of the child support order, and reversal of all collateral consequences related to her failure to pay child support. [ECF No. 6 at 91–93]. Therefore, she is essentially requesting to modify the state court's child custody orders. The Court lacks jurisdiction to issue such relief.

### 2. *Younger Abstention*

Second, the Court must abstain from exercising jurisdiction under *Younger v. Harris*, 401 U.S. 37 (1971). Although not all the moving defendants invoke the domestic-relations exception or *Younger* abstention as bases for dismissal, the Court may raise these issues sua sponte. *See Morrow v. Winslow*, 94 F.3d 1386, 1391 (10th Cir. 1996) (recognizing the power of the federal courts to abstain from interfering with state-court proceedings); *Wiland*, 2024 WL 4271570, at *2–3 (sua sponte dismissing action without prejudice pursuant to the domestic-relations exception and *Younger* abstention).

Under *Younger*, federal courts are not permitted to interfere in certain pending state matters. 401 U.S. at 40–41. "[F]ederal courts are obliged to

decide cases within the scope of federal jurisdiction," but there are "certain instances in which the prospect of undue interference with state proceedings counsels against federal relief." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013). The Supreme Court has "stressed" that "[c]ircumstances fitting within the *Younger* doctrine ... are 'exceptional[.]'" *Id.* at 73. So, "the possibility of *Younger* abstention is triggered *only when* the state proceeding falls into one of" three categories. *Travelers Cas. Ins. Co. of Am. v. A-Quality Auto Sales, Inc.*, 98 F.4th 1307, 1317 (10th Cir. 2024) (emphasis in original). These categories include: "(1) state criminal prosecutions, (2) civil enforcement proceedings that take on a quasi-criminal shape, and (3) civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial function." *Id.* (cleaned up). The Tenth Circuit refers to these as the "*Sprint* categories." *Bivings v. Paprzycki*, No. 25-1171, 2025 WL 3687800, at *2 (10th Cir. Dec. 19, 2025).

Here, the threshold inquiry is met because this case falls into both the second and third *Sprint* categories. What appears to be a juvenile proceeding Stephens challenges—by alleging that the State unlawfully took custody of her minor child—is a "civil enforcement proceeding[ ] that take[s] on a quasi-criminal shape," *Travelers Cas. Ins. Co.*, 98 F.4th at 1317 (original brackets omitted). Indeed, the Supreme Court has held that *Younger* abstention applies to "the temporary removal of a child in a child-abuse context" because

such proceedings are "in aid of and closely related to criminal statutes." *Moore v. Sims*, 442 U.S. 415, 419–420, 423 (1979) (state-initiated proceeding to gain custody of children allegedly abused by their parents) (internal quotation marks omitted).

And another federal court has already determined that Stephens's challenge to child support enforcement proceedings fits the third *Sprint* category. *See Stephens v. Child Support Servs. of Okla. Dep't of Human Servs.*, 2025 WL 1194950, at *4 ("Although Ms. Stephens does not directly challenge any state-court orders pertaining to divorce in her motion, she does contest the seizure of funds to pay a child-support award and she disputes the power and authority of those involved in the state-court proceedings."). Other federal courts have similarly found that challenges to child support orders fall under *Sprint's* third category, even when paired with constitutional claims. *See Gibson v. Lopez*, No. 21-cv-02610-WJM-NYW, 2022 WL 2158986, at *6 (D. Colo. June 15, 2022) (finding constitutional claims did not "transcend or exist apart from the family law issue") (collecting cases); *but cf. Covington v. Humphries*, No. 24-1158, 2025 WL 1448661, at *5 (10th Cir. May 19, 2025) (finding underlying state domestic relations proceedings did not fit the *Sprint* categories when proceedings addressed only "a parenting time dispute and evidentiary issues" related to alleged child abuse).

Here, Stephens requests that this Court vacate orders issued in her state custody case, direct that her minor child be returned to her custody, and enjoin the state court from any further "enforcement actions." [ECF No. 6 at 91–92]. The Tenth Circuit has found the third *Sprint* category implicated in such requests. *See Gladstone v. Owens*, No. 25-1345, 2025 WL 3441796, at \*5 (10th Cir. Dec. 1, 2025) (finding "the third category … present" when plaintiff "asked the district court to vacate a no-contact parenting order issued in his state child custody proceeding and stay the partition proceedings before the state court."). "*Younger* abstention is required 'when the relief requested from the federal court would enjoin or otherwise interfere with' ongoing state proceedings." *Id.* (quoting *Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660, 670 (10th Cir. 2020)). The Court finds the relief Stephens seeks would interfere with the state court's ability to modify its divorce decree, enforce its orders, and implement its contempt measures. This type of interference falls squarely within the third *Sprint* category.

"If and only if the state court proceeding falls within one of the enumerated exceptional types of cases, may courts analyze the propriety of abstention under the so-called *Middlesex*[6] conditions." *Travelers Cas. Ins. Co. of Am.*, 98 F.4th at 1317 (internal quotation marks omitted). Under

---

[6] "*Middlesex*" refers to *Middlesex Cty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423 (1982).

*Middlesex,* a court should "refrain from hearing an action over which it has jurisdiction when the federal proceedings would (1) interfere with an ongoing state judicial proceeding (2) that implicates important state interests and (3) affords an adequate opportunity to raise the federal claims." *Joseph A. ex rel. Wolfe v. Ingram,* 275 F.3d 1253, 1267 (10th Cir. 2002) (internal brackets and quotation marks omitted).

Here, all three conditions requiring abstention are met. First, the Court finds that Stephens seeks relief from an ongoing state proceeding. *See, supra,* n. 2; *see also,* e.g., *Stephens,* 2025 WL 1194950, at *5 (noting under this element that "the Tulsa court will continue to exercise jurisdiction over the domestic relationships in that case during the years to come"). This finding is based on the time Stephens filed her original complaint. *See Younger,* 401 U.S. at 41 (expressing no view as to when prosecution is not "pending in state courts at the time the federal proceeding is begun"); *see also Chapman v. Barcus,* 372 F. App'x 899, 902 (10th Cir. 2010) (finding *Younger's* first condition satisfied when "[t]he state custody matter was ongoing at the time [Plaintiff] filed this action" (emphasis added)); *Lambeth v. Miller,* 363 F. App'x 565, 568 (10th Cir.2010) (same, because "[t]he [Kansas] abatement proceeding was *ongoing at the time plaintiff filed this action*" (emphasis added)). At the time Stephens initiated this lawsuit on June 26, 2025, the Oklahoma Supreme Court had not yet issued its mandate from denying

Stephens's appeal. *Compare* [ECF No. 2] *with* Tulsa County District Court, Case No. FD-2015-2228 at 07/16/2025. The state court docket further reflects that multiple hearings have been held, and that Stephens has presented numerous filings in the Oklahoma matter, since bringing her federal claims. *Id.* at 06/27/2025–07/15/26. The Court therefore finds the first element met.

Second, as discussed above, the domestic-related proceedings at issue in this case implicate important state interests. In particular, "the injunctive relief [Stephens] seeks—which appears to include alteration and/or elimination of the enforcement of state court child support orders—would interfere with the state family court's ability to conduct proceedings and resolve current and any future disputes about child support." *Hawkins v. Region 8 IV-D Agency*, No. 24-cv-02802-GPG-KAS, 2025 WL 2197307 (D. Colo. July 29, 2025). And allegations of misconduct related to those proceedings "are matters of state interest of the first magnitude." *Id.* (quoting *Stauffer v. Hayes*, No. 08-cv-00815-WYD-BNB, 2008 WL 5682093, at *8 (D. Colo. Dec. 12, 2008), *recommendation adopted by* 2009 WL 724050 (D. Colo. Mar. 19, 2009). Thus, the second element is met.

Third, the Court finds that the Tulsa County District Court provides an adequate forum for Stephens's federal claims. Her constitutional challenges may be raised in state court. *See Amanatullah v. Colorado Bd. of Med. Examiners*, 187 F.3d 1160, 1164 (10th Cir. 1999) ("It is sufficient for purposes

of *Younger* abstention that federal challenges," including "civil rights complaints, may be raised in state court judicial review of administrative proceedings." (citation omitted)); *Williams v. Jewell*, 107 F.3d 881, 1997 WL 100929, at *2 (10th Cir. 1997) ("[E]ven the most '[m]inimal respect for the state processes ... precludes any *presumption* that the state courts will not safeguard federal constitutional rights.'" (quoting *Middlesex Cty. Ethics Comm'n*, 457 U.S. at 431) (emphasis in original). And Stephens's lack of success in obtaining the relief she sought before the Oklahoma courts does not render those proceedings inadequate for *Younger* purposes. *See Morkel v. Davis*, 513 F. App'x 724, 728–29 (10th Cir. 2013) ("To the extent that [Plaintiff] has already raised her constitutional concerns in the state trial court, that court's decisions are not 'inadequate' for *Younger* purposes simply because the court did not rule in her favor."). Therefore, the third element is met.

Because all three conditions requiring abstention are met, the only remaining question is whether exceptional circumstances militate against abstention. When the three conditions are met, "abstention is mandatory unless one of three exceptions applies[.]" *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019). These include prosecutions: "(1) commenced in bad faith or to harass, (2) based on a flagrantly and patently unconstitutional statute, or (3) related to any other such extraordinary circumstance creating a threat of

irreparable injury both great and immediate." *Id.* at 1258–59 (citation and internal quotation marks omitted). Stephens contends that the first and third exceptions apply, arguing that "[t]he state proceedings have been conducted in bad faith and with the intent to harass, as evidenced by the pattern of constitutional violations," and that "extraordinary circumstances exist, including the systematic deprivation of [her] constitutional rights and the irreparable harm that will result if federal intervention is denied." [ECF No. 74 at 14]. "But these exceptions 'only provide for a very narrow gate for federal intervention.'" *Aurelio v. Mullin*, No. 24-1120, 2024 WL 4404239, at *3 (10th Cir. Oct. 4, 2024) (quoting *Phelps v. Hamilton*, 59 F.3d 1058, 1064 (10th Cir. 1995)). And Stephens "has a 'heavy burden' in invoking them." *Id.* (citing *Phelps*, 59 F.3d at 1066).

"For the bad faith exception to apply, [Stephens] must '*prove* bad faith or harassment,' with 'more than mere allegations.'" *Aurelio*, 2024 WL 4404239, at *3 (quoting *Phelps*, 59 F.3d at 1065) (emphasis in original). She fails to do so. Her reliance "on the unproven and largely conclusory allegations of her amended complaint … is 'insufficient to obtain federal court intervention.'" *Id.* (citing Phelps, 59 F.3d at 1065).

Nor does the third exception apply. The Tenth Circuit has "consistently refused to find an exception to *Younger* when the injury could ultimately be corrected through the pending state proceeding or on appeal." *Winn*, 945 F.3d

17

at 1259. Notably, the state court docket reflects that Stephens filed a petition for certiorari to the United States Supreme Court on February 11, 2026, and again on July 15, 2026. *See* Tulsa County District Court, Case No. FD-2015-2228 at 02/11/2026 and 07/15/26. Thus, Stephens is actively pursuing an appeal. At bottom, the Court finds that no exceptional circumstances apply to Stephens's claims; therefore, it must abstain under *Younger*.

Dismissal under *Younger* is similar to a dismissal for lack of subject matter jurisdiction.[7] Therefore, Stephens's claims are dismissed without prejudice.[8]

---

[7] "It is unclear in this circuit whether *Younger* abstention implicates federal courts' subject matter jurisdiction … Given that dismissal without prejudice is the proper result whether or not *Younger* abstention affects a federal court's subject matter jurisdiction…." *Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 523 n. 32 (10th Cir. 2023).

[8] *Younger* typically does not require dismissal of monetary claims. *Graff*, 65 F.4th at 523 (explaining that claims for monetary relief should be stayed under the state court proceedings are final). However, the Tenth Circuit has found *Younger* to be "the *sole* ground for dismissal" when a plaintiff sought monetary relief in addition to declaratory and injunctive relief. *See Goings v. Sumner Cty. Dist. Attorney's Office*, 571 F. App'x 634, 636, 639–40 (10th Cir. 2014) (emphasis in original). Here, Stephens seeks declaratory, injunctive, and monetary relief for the same claims. [ECF No. 6 at 90–94]. Therefore, dismissing the amended complaint in its entirety would be appropriate. *Accord Stephens et al. v. Sparkman et al.*, 2023 WL 2994113, at *4 n. 7; *Stephens v. Seibert et al.*, No. 23-CV-553-GKF-SH, ECF No. 39, at *7 (N.D. Okla. June 13, 2024).

But Stephens's monetary claims are also subject to dismissal for running afoul of Fed. R. Civ. P. 8, which requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Stephens's allegations are against the collective "all defendants," or against various groups of defendants, and fail to attribute specific conduct to each defendant. Such allegations are insufficient to provide Defendants fair notice as to

### 3. *The Rooker-Feldman Doctrine*

Third, and finally, to the extent Stephens contests any final orders in the underlying state court proceedings, the Court finds that it lacks jurisdiction to consider such claims under the *Rooker-Feldman* doctrine. This doctrine provides that federal district courts generally lack subject matter jurisdiction over claims that seek review of adverse state court judgments. *See Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 416 (1923) (holding "no court of the United States other than [the Supreme Court] could entertain a proceeding to reverse or modify [a state court's] judgment for errors"); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings."); *see, e.g.*, *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1193 (10th Cir. 2010) ("Because it implicates our subject matter jurisdiction, we address [whether] the *Rooker-Feldman* doctrine bars this entire § 1983 suit before turning to the merits of the case.").

---

the basis of Stephens's claims. *See Robbins v. Okla.*, 519 F.3d 1242, 1249–50 (10th Cir. 2008) (in § 1983 cases, a complaint must "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state.") (emphasis in original). "Indeed, courts within the Tenth Circuit have consistently dismissed complaints requesting monetary damages based on a plaintiff's failure to comply with Rule 8, regardless of *Younger* abstention." *Fisk v. Okla. Dep't of Human Services*, No. 25-CV-260-JFH-GLJ, 2026 WL 1587107, at *2 (E.D. Okla. June 3, 2026) (collecting cases). Therefore, the Court finds that a stay of proceedings is unwarranted. All of Stephens's claims are dismissed without prejudice.

*Rooker-Feldman*'s jurisdictional bar applies when "(1) the plaintiff lost in state court, (2) the state court judgment caused the plaintiff's injuries, (3) the state court rendered judgment before the plaintiff filed the federal claim, and (4) the plaintiff is asking the district court to review and reject the state court judgment." *Bruce v. City & Cnty. of Denver*, 57 F.4th 738, 746 (10th Cir. 2023). "When these predicates are present, lower federal courts lack subject matter jurisdiction." *Graff v. Aberdeen Enterprizes II, Inc.*, 65 F.4th 500, 514–15 (10th Cir. 2023) (citing *Lance v. Dennis*, 546 U.S. 459, 464 (2006)). The jurisdictional bar of *Rooker-Feldman* is claim specific. *Id.* (citation omitted).

"To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment and thus jurisdictionally off limits under *Rooker-Feldman* [the court] must pay close attention to the relief the plaintiff seeks." *St. George v. Weiser*, No. 21-1399, 2022 WL 17999564, at *2 (10th Cir. Dec. 30, 2022) (quotation and brackets omitted). A federal claim is "inextricably intertwined with the state court judgment" when "a plaintiff seeks a remedy that would 'disrupt or undo' a state court judgment." *Id.* (quoting *Kenmen Eng'g v. City of Union*, 314 F.3d 468, 476 (10th Cir. 2002), *overruled in part on other grounds by Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291–92 (2005)).

Here, Stephens argues that the *Rooker-Feldman* doctrine does not apply because she challenges "independent violations of federal rights by state

actors[.]" [ECF No. 74 at 11–12; *see also* ECF No. 6 at 11–12]. She further argues that she "challenges NOT the state court judgments themselves but … "its jurisdiction voided ab initio … and the unconstitutional actions and procedures employed by Defendants during the proceedings[.]" [ECF No. 74 at 12]. However, the specific relief Stephens seeks is the "immediate return" of her minor child to her custody and that the Court "vacate and expunge" the state court's child support order, child custody order, and "all contempt charges or conviction[s]" related to the state court proceedings. [ECF No. 6 at 91]. These requests are precisely the type of claims encompassed by the *Rooker-Feldman* doctrine. The Court therefore may not consider Stephens's challenges to the state court child custody proceedings; any such claim is barred.

For all these reasons, the Court finds that it lacks subject matter jurisdiction over Stephens's claims. This action is dismissed without prejudice.

### C. Leave to amend is denied.

In her response, Stephens alternatively requests leave to amend. [ECF No. 74 at 24–27]. This is procedurally improper. *See Johnson v. Spencer*, 950 F.3d 680, 721 (10th Cir. 2020) ("a bare request to amend in response to a motion to dismiss is insufficient to place the court and opposing parties on notice of the plaintiff's request to amend and the particular grounds upon which such a

request would be based"). Outside amendment as a matter of course, a party may "amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend should be freely given "when justice so requires." *Id.* The court should "generally refuse leave to amend only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Denver Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005) (citation and internal quotation marks omitted). However, "[t]he grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 330 (1971)).

Here, Stephens "requests leave to amend rather than dismissal" if "this Court finds any technical deficiencies" in her claims. [ECF No. 74 at 24]. She further explains that amendment would "clarify" her "dual status as both [a] natural person and legal entity."[9] [*Id.* at 25]. These reasons do not provide Stephens a basis to amend.

---

[9] Stephens refers to herself in the amended complaint as "a natural living woman, sui juris, with inherent sovereign rights." [ECF No. 6 at 1].

As explained above, the deficiencies in the amended complaint are jurisdictional, not technical. And the Tenth Circuit has repeatedly rejected the "sovereign citizen theory." *See United States v. Burton*, 856 F. App'x 173, 175 (10th Cir. 2021) (rejecting criminal defendant's "argument that his Moor nationality removed him from the criminal jurisdiction of the district court"); *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990) (dismissing defendants' arguments that federal taxes did not apply because they were "free born, white, preamble, sovereign, natural, individual common law 'de jure' citizens of a state, etc." as "lacking in legal merit and patently frivolous"); *United States v. Palmer*, 699 F. App'x 836, 838 (10th Cir. 2017) ("As for [defendant's] sovereign state citizen argument, reasonable jurists could also not disagree that the claim is plainly frivolous.").

Stephens has already amended her complaint once as a matter of course. [ECF Nos. 2, 6]. And her second amended complaint was stricken for her failure to first seek leave from the Court. [ECF Nos. 19, 52]. Because the Court lacks subject matter jurisdiction over Stephens's claims, allowing her to amend again would unduly delay these proceedings, prejudice the defendants, and ultimately be futile.

For these reasons, the Court denies Stephens leave to amend.

## III. Conclusion

To the extent Stephens brings a petition for writ of habeas corpus, she fails to identify facts that would permit this Court to exercise federal habeas jurisdiction. Therefore, the Court dismisses Stephens's habeas petition without prejudice, for lack of subject matter jurisdiction, and denies her a certificate of appealability. The remainder of the amended complaint is dismissed without prejudice under the domestic-relations exception, *Younger*, and the *Rooker-Feldman* doctrine.[10]

**IT IS THEREFORE ORDERED** that Defendants' motions to dismiss [ECF Nos. 14, 21, 26, 28, 30, 31, 34, 36, 38, 42, 43, 46, 47, 48, 50, 54, 59, 69, 81, 83, 89, 93, 104, 105] are GRANTED, under Fed. R. Civ. P. 12(b)(1). To the extent Plaintiff's amended complaint is construed in part as a petition for writ of habeas corpus, seeking relief under 28 U.S.C. § 2241, that part is DISMISSED without prejudice for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that the remainder of Plaintiff's amended complaint [ECF No. 6] is DISMISSED without prejudice. This is a final order

---

[10] Because the Court finds that Stephens's federal claims must be dismissed for a lack of subject matter jurisdiction, it no longer has any basis to exercise supplemental jurisdiction over her remaining state law claims. The Court further declines to address Defendants' remaining arguments challenging the Court's subject matter jurisdiction or Stephens's ability to state a claim pursuant to Rule 12(b)(6), based on its findings set out above.

24

terminating this action, a certificate of appealability is denied, and a separate

judgment of dismissal will enter.

DATED this 4th day of August, 2026.

_____

Sara E. Hill
UNITED STATES DISTRICT JUDGE