APPEAL,CLOSED,DISCREF,LC−2

# U.S. District Court
# U.S. District Court for the Northern District of Oklahoma (Tulsa)
# CIVIL DOCKET FOR CASE #: 4:25−cv−00322−SEH−CDL

Stephens v. State of Oklahoma et al
Assigned to: Judge Sara E Hill
Referred to: Magistrate Judge Christine D Little
Related Cases: 4:24−cv−00216−JDR−CDL
4:25−cv−00285−GKF−MTS
4:25−cv−00286−CVE−MTS
Case in other court: 10th Circuit Court, 25−05063
Cause: 42:1983 Civil Rights Act

Date Filed: 06/26/2025
Date Terminated: 08/04/2026
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Linh Tran Stephens**
*a natural living woman, sui juris, with inherent sovereign rights*

represented by **Linh Tran Stephens**
address unknown
843−608−0294
PRO SE

V.

**Defendant**

**State of Oklahoma**

**Defendant**

**Oklahoma Attorney General Office**
*(OAG)*

represented by **Lexie P Norwood**
Oklahoma Attorney General
Litigation Division
313 NE 21st Street
Ste. 213
Oklahoma City, OK 73105
405−521−3921
Fax: 405−521−4518
Email: lexie.norwood@oag.ok.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Oklahoma State Bureau of Investigation**
*(OSBI)*

represented by **Lexie P Norwood**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Oklahoma Department of Human Services**

represented by **John K.F. Langford**
John Langford

*(OKDHS) and all of its divisions*

Oklahoma Department of Human Services
P.O. Box 25352
Oklahoma City, OK 73125−0000
405−521−3638
Email: john.langford@okdhs.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**David L. Moss Criminal Justice Center** represented by **James Dashiell Dunn**
Tulsa County
Tulsa County Sheriff's Office
6080 E. 66th Street North
Tulsa, OK 74117
918−596−8704
Email: jdunn@tcso.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Oklahoma Sheriffs' Association** represented by **Sharon K. Parker**
JPM Law, PLLC
401 S. Boston Ave.
Ste. 2000
Tulsa, OK 74103
918−938−7944
Fax: 918−938−7966
Email: sparker@jpmlawgroup.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Oklahoma State Governor's Office** represented by **Lexie P Norwood**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Oklahoma Passport Center**
*TERMINATED: 06/26/2025*

**Defendant**

**United States Department of State**
*TERMINATED: 06/26/2025*

**Defendant**

**Oklahoma Child Protective Services**
*(CPS)*

**Defendant**

**Oklahoma Child Support Services**
*(CSS)*

**Defendant**

**Oklahoma Office of Administrative Hearings**
*(OAH)*

represented by **John K.F. Langford**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Oklahoma Commission on Children and Youth**
*(OCCY)*

represented by **Lexie P Norwood**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Office of Legal Services Oklahoma Human Services**

**Defendant**

**Oklahoma Supreme Court**

represented by **Jacy Chafin Sullivan**
Oklahoma Attorney General's Office
Litigation
313 NE 21st Street
Oklahoma City, OK 73105
405−521−3921
Fax: 405−521−4518
Email: jacy.sullivan@oag.ok.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stefanie Erin Lawson**
Oklahoma Department of Corrections
Office of General Counsel
4345 N. Lincoln Ave
Oklahoma City, OK 73105
405−425−2515
Email: stefanie.lawson@doc.ok.gov
*TERMINATED: 08/25/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Tulsa County District Court**
*and all of its divisions (Family Court, Juvenile Court, Civil Court, Small Claim Court Division)*

**Defendant**

**Tulsa County Public Defender's Office**

**Defendant**

**Oklahoma Bar Association**
*(OBA)*

represented by **Katherine McNeal Ogden**
Oklahoma Bar Association
Post Office Box 53036
Oklahoma City, OK 73152
405−416−7007
Fax: 405−416−7003
Email: katieo@okbar.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Oklahoma Council on Judicial Complaints**
*(COJC)*

represented by **John Marshall Bunting**
Oklahoma Council on Judicial Complaints
1901 N. Lincoln Blvd.
Oklahoma City, OK 73105
405−474−4963
Email: john.bunting@cojc.ok.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Board of County Commissioners of County of Tulsa**
*(BOCC)*

represented by **Douglas Allen Wilson**
Tulsa County District Attorney's Office
Civil Division
218 West Sixth Street
Suite 933
Tulsa, OK 74119
918−596−8795
Email: douglas.wilson@tulsacounty.org
*TERMINATED: 07/28/2026*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Tjeerdsma**
Tulsa County District Attorney
Civil Division
218 W 6th Street
Suite 900
Tulsa, OK 74119
918−596−4849
Email: jtjeerdsma@tulsacounty.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Oklahoma State Auditor & Inspector**

represented by

**Heidi J Long**
Leonard, Long & Cassil, PLLC
6301 N. Western Avenue
Suite 250
Oklahoma City, OK 73118
405−803−8343
Fax: 405−605−8381
Email: hlong@llc−attorneys.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Stephen Hale**
*in his individual capacity and in official capacity as Guardian−ad−litem (GAL) and B.A.R. CARD ATTORNEY*
*also known as*
Stephen E Hale

**Defendant**

**Law Office of Stephen E. Hale, The**
*an Oklahoma professional limited liability company*

**Defendant**

**Gilbert Pilkington, Jr**
*n his individual capacity and in official capacity as Officer of the Court of Oklahoma and as B.A.R. CARD ATTORNEY*
*also known as*
Gilbert J Pilkington, Jr

**Defendant**

**Pilkington Law Firm, PLLC**
*an Oklahoma professional limited liability company*

**Defendant**

**Emmalene Stringer**
*in her individual and official capacity as DHS CSS State's Attorney and B.A.R. CARD ATTORNEY*

**Defendant**

**Bridget O'brien**
*in her individual and official capacity as CPS caseworker*
*also known as*

Bridget Kay Menser
*also known as*
Bridget K Menser

**Defendant**

| | | |
|---|---|---|
| **Steve Johnson**<br>*in his individual and in official capacity as AGENT OF TULSA GRAND JURY OF OKLAHOMA and B.A.R. CARD ATTORNEY* | represented by | **Jesse Ogle**<br>Oklahoma Attorney General<br>313 NE 21st Street<br>Suite 300<br>Oklahoma City, OK 73105<br>405−521−3921<br>Fax: 405−521−4518<br>Email: jesse.ogle@oag.ok.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Greg Mashburn**<br>*in his individual and in official capacity as Director of the Oklahoma State Bureau of Investigation (OSBI)* | represented by | **Jesse Ogle**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Aungela Spurlock**<br>*in their individual and in official capacity as DIRECTOR OF OKLAHOMA STATE BUREAU OF INVESTIGATION and B.A.R. CARD ATTORNEY* | represented by | **Jesse Ogle**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Penny Hamrick**<br>*in her individual and in official capacity as DETECTIVE OF OWASSO POLICE DEPARTMENT OF ROGERS COUNTY* | represented by | **Matthew Benjamin Free**<br>Best & Sharp<br>15 E. 5th Street<br>Ste 2100<br>Tulsa, OK 74103<br>918−582−1234<br>Fax: 918−585−9447<br>Email: mfree@bestsharp.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Nathan Adam Miramontes**<br>Best & Sharp<br>One W. 3rd Street<br>Ste Tulsa<br>900<br>OK, OK 74103<br>918−582−1234<br>Fax: 918−585−9447<br>Email: nmiramontes@gablelaw.com |

*TERMINATED: 01/14/2026*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Adrian LeBlanc**
Best & Sharp
15 E. 5th Street
Ste 2100
Tulsa, OK 74103
918−582−1234
Fax: 918−585−9447
Email: tleblanc@bestsharp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jacob R Williamson**
*in his individual capacity and in official capacity as Tulsa County District Court Sheriff employee*

represented by **James Dashiell Dunn**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Leah Sukovaty**
*in her individual capacity and in official capacity as DHS CPS SUPERVISOR*

represented by **John K.F. Langford**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Shasta Miller**
*in her individual capacity and in official capacity as DHS CPS SUPERVISOR*

represented by **John K.F. Langford**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jessica Martin**
*in her individual capacity and in official capacity as DHS CPS PROGRAM FIELD REPRESENTATIVE (CASE WORKER)*

represented by **John K.F. Langford**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Laurie Morris**
*in her individual capacity and in official capacity as APPEAL REPRESENTATIVE, CHILDREN AND FAMILY SERVICES DIVISION (CFSD)*
*also known as*
Laurie Anne Morris

represented by **John K.F. Langford**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Deborah Eddingfield**<br>*in her individual capacity and in official capacity as OHS ADMINISTRATIVE ASSISTANT II*<br>*also known as*<br>Deborah L Eddingfield | represented by | **John K.F. Langford**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Taylor Hendricks**<br>*in her individual capacity and in official capacity as PRIMARY FACILITATOR FOR CPS SAFETY MEETING* | represented by | **John K.F. Langford**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Larisa Grecu−Radu**<br>*in her individual capacity and in official capacity as DHS SUPERVISOR* | represented by | **John K.F. Langford**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Jennifer Fullerton**<br>*in her individual capacity and in official capacity as CPS CASEWORKER* | represented by | **John K.F. Langford**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Jerica Carmichael**<br>*in her individual capacity and in official capacity as CWS STAFF* | represented by | **John K.F. Langford**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Cheryl Hall**<br>*n her individual capacity and in official capacity as PROFESSIONAL VISITATION SUPERVISOR, employee of FAMILY VISITATION & SOLUTIONS, LLC*<br>*also known as*<br>Cheryl L Hall | represented by | **Kay B. Baxter**<br>Gordon Rees Scully Mansukhani, LLP<br>New Orleans<br>201 St. Charles Ave., Suite 2500<br>New Orleans, LA 70170<br>504−460−2365<br>Email: kbaxter@grsm.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Charles Schwab and Co., Inc.**<br>*in its private−for−profit−business capacity and in its official capacity as FINANCIAL CUSTODIAN FOR FORCED ILLEGAL GARNISHMENT* | represented by | **Jennifer N. Lamirand**<br>Bressler, Amery & Ross, P.C.<br>210 Park Avenue<br>Suite 2750<br>Oklahoma City, OK 73102<br>405−901−5982 |

Email: jlamirand@bressler.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tara A LaClair**
Bressler, Amery & Ross, P.C.
6608 N. Western Avenue
Suite 1213
Oklahoma City, OK 73116
405−901−5981
Email: tlaclair@bressler.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jeffrey Cartmell**
*in his individual capacity and in official capacity as DHS EXECUTIVE DIRECTOR currently, and his predecessor*

represented by **John K.F. Langford**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Deborah Shropshire**
*in her individual capacity and in official capacity as OHS EXECUTIVE DIRECTOR prior to 2025*

represented by **John K.F. Langford**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**April Seibert**
*in her individual capacity and in official capacity as Special Judge of Tulsa County District Court; docket C*

represented by **Jacy Chafin Sullivan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stefanie Erin Lawson**
(See above for address)
*TERMINATED: 08/25/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Rodney Sparkman**
*in his individual capacity and in official capacity as Special Judge of Tulsa County District Court; docket C*

represented by **Jacy Chafin Sullivan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stefanie Erin Lawson**
(See above for address)
*TERMINATED: 08/25/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Todd Chesbro**<br>*in his individual capacity and in official capacity as Special Judge of Tulsa County District Court; docket C* | represented by | **Jacy Chafin Sullivan**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Stefanie Erin Lawson**<br>(See above for address)<br>*TERMINATED: 08/25/2025*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **William Lafortune**<br>*in his individual capacity and in official capacity as Special Judge of Tulsa County District Court; docket C*<br>*also known as*<br>William LaFortune | represented by | **Jacy Chafin Sullivan**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Stefanie Erin Lawson**<br>(See above for address)<br>*TERMINATED: 08/25/2025*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Deborrah Ludi−Leitch**<br>*in her individual capacity and in official capacity as Special Judge of Tulsa County District Court; docket F*<br>*also known as*<br>Deborrah Ludi Leitch | represented by | **Jacy Chafin Sullivan**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Stefanie Erin Lawson**<br>(See above for address)<br>*TERMINATED: 08/25/2025*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Loretta Radford**<br>*in her individual capacity and in official capacity as Special Judge of Tulsa County District Court; docket F* | represented by | **Jacy Chafin Sullivan**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Stefanie Erin Lawson**<br>(See above for address)<br>*TERMINATED: 08/25/2025*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **State Board of Osteopathic Examiners**<br>*in its individual capacity and in official capacity as LICENSURE AUTHORITY* | represented by | **Elizabeth Marie Vincent**<br>Oklahoma State Board of Osteopathic Examiners<br>5400 N. Grand Blvd.<br>5400 N. Grand Blvd.<br>5400 N. Grand Blvd., Ste 130<br>Oklahoma City, OK 73112<br>405−528−8625<br>Email: beth.vincent@osboe.ok.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Sadie Temple**<br>*in her individual capacity and in official capacity as COURT APPOINTED PUBLIC DEFENDER* | represented by | **Corbin C Brewster**<br>Brewster & De Angelis<br>2617 E. 21st St<br>Tulsa, OK 74114<br>918−742−2021<br>Fax: 918−742−2197<br>Email: ccbrewster@brewsterlaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

**Marci Jefferson**
*in her individual capacity and in official capacity as COURT APPOINTED PUBLIC DEFENDER*
*TERMINATED: 06/26/2025*

**Defendant**

| | | |
|---|---|---|
| **Martha Rupp Carter**<br>*in her individual capacity and in official capacity as Juvenile Court Judge* | represented by | **Jacy Chafin Sullivan**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Stefanie Erin Lawson**<br>(See above for address)<br>*TERMINATED: 08/25/2025*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Theresa Dreiling**<br>*in her individual capacity and in official capacity as Juvenile Court Judge* | represented by | **Jacy Chafin Sullivan**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Stefanie Erin Lawson**<br>(See above for address) |

*TERMINATED: 08/25/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Robert Perugino** represented by **John K.F. Langford**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dawn Moody** represented by **Jacy Chafin Sullivan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stefanie Erin Lawson**
(See above for address)
*TERMINATED: 08/25/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Doug Drummond**
*in their individual and official capacity as Presiding Judges*
represented by **Jacy Chafin Sullivan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stefanie Erin Lawson**
(See above for address)
*TERMINATED: 08/25/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Samantha Boen**
*in her individual capacity and in official capacity as Bailiff of Tulsa County District Court*

**Defendant**

**Kacharra Mansker**
*in her individual capacity and in official capacity as Court Clerk of Tulsa County District Court*
represented by **Douglas Allen Wilson**
(See above for address)
*TERMINATED: 07/28/2026*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Tjeerdsma**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Defendant**

**Vic Regalado**
*in his individual capacity and in official capacity as SHERIFF OF TULSA COUNTY; Jennifer Regalado, in her individual capacity and in official capacity as Spouse of SHERIFF OF TULSA COUNTY*
*also known as*
Jennifer Regalado

represented by **James Dashiell Dunn**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Tracy Nester**
*in her individual and in official capacity as ASSISTANT GENERAL COUNSEL OFFICE OF OKLAHOMA BAR ASSOCIATION*

represented by **Katherine McNeal Ogden**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Gina Hendryx**
*in her individual and in official capacity as GENERAL COUNSEL OFFICE OF OKLAHOMA BAR ASSOCIATION*

represented by **Katherine McNeal Ogden**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Richard Rose**
*in her individual and in official capacity as CHAIRMAN OF OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS*

represented by **John Marshall Bunting**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Taylor Henderson**
*in her individual and in official capacity as DIRECTOR OF OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS*

represented by **John Marshall Bunting**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Vicki Cox**
*in her individual and in official capacity as TRIAL COURT ADMINISTRATOR OF TULSA COUNTY DISTRICT COURT and other times acts as ADA COORDINATOR OF TULSA COUNTY*

**Defendant**

**Kim Hall**
*in her individual and in official capacity*

represented by **Jacy Chafin Sullivan**
(See above for address)

*as TRIAL COURT ADMINISTRATOR OF TULSA COUNTY DISTRICT COURT and other times acts as ADA COORDINATOR OF TULSA COUNTY*

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stefanie Erin Lawson**
(See above for address)
*TERMINATED: 08/25/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kathy Burrows**
*in her individual and in official capacity as ADA 504 COORDINATOR*

represented by **Douglas Allen Wilson**
(See above for address)
*TERMINATED: 07/28/2026*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Tjeerdsma**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**John M O'connor**
*TERMINATED: 06/26/2025*
*also known as*
John Michael O'Connor
*TERMINATED: 06/26/2025*

**Defendant**

**Gentner Drummond**
*in their individual and in official capacities as Attorney General of Oklahoma*

represented by **Jesse Ogle**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Wendy Drummond**
*in her individual capacity and in official capacity as Spouse of OKLAHOMA ATTORNEY GENERAL*

**Defendant**

**John Kevin Stitt**
*in his individual capacity and in official capacity as GOVERNOR OF OKLAHOMA*
*also known as*
J Kevin Stitt

represented by **Jesse Ogle**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Sarah Hazen Stitt**
*in her individual capacity and in official capacity as Spouse of GOVERNOR OF OKLAHOMA*

**Defendant**

**Kevin C Leitch**
*in his individual capacity and in official capacity as Spouse of Special Judge Deborrah LudiLeitch of Tulsa County District Court*

**Defendant**

**Ciera Freeman**
*in her individual capacity and in official capacity as COURT APPOINTED STAND−BY/ADVISORY ATTORNEY FOR CONTEMPT OF COURT CHILD SUPPORT ENFORCEMENT and as B.A.R. CARD ATTORNEY*
*also known as*
Ciera N Freeman

**Defendant**

**Chandler Moxley**
*in her individual capacity and in official capacity as B.A.R. CARD ATTORNEY and as Officer of the Court of Oklahoma*

represented by **Gregg J Lytle**
Segal McCambridge
6666 S Sheridan Road
Suite 230
Tulsa, OK 74133
405−437−8881
Email: glytle@smsm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jacob N Popp**
Gordon Rees
8211 E Regal Place
Suite 100
Ste 100
Tulsa, OK 74133
918−295−2100
Fax: 918−295−7800
Email: jpopp@smsm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Moxley Law Firm, PLLC**

represented by **Gregg J Lytle**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Jacob N Popp**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dale Warner**
*in his individual capacity and in official capacity as B.A.R. CARD ATTORNEY and as Officer of the Court of Oklahoma*

represented by **Clifton Dale Warner**
Dale Warner
2021 S. Lewis Ave.
Suite 335
Tulsa, OK 74104
918−691−2968
Email: dale.law42@yahoo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dale Warner Law Firm**

represented by **Clifton Dale Warner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Erica Parks**
*in her individual capacity and in official capacity as B.A.R. CARD ATTORNEY and as Officer of the Court of Oklahoma*

represented by **Erica Parks**
Rhodes, Hieronymus, Jones, Tucker & Gable, PLLC
2 W. 2nd Street
Ste #1000
Tulsa, OK 74103
918−582−1173
Fax: 918−592−3390
Email: eparks@rhodesokla.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Erica Parks Law Firm, PLLC**
*an Oklahoma professional limited liability company*

represented by **Erica Parks**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Charles Shannon**
*in his individual capacity and in official capacity as RESIDENT AGENT−IN−CHARGE OF U.S. DEPARTMENT OF STATE, NATIONAL PASSPORT CENTER*

**Defendant**

**Does**
*# 1−99 known but unidentified OKLAHOMA STATE's employees*

**Defendant**

**Tulsa Grand Jury of Oklahoma**

**Defendant**

**National Passport Center of United States Department of State**
*TERMINATED: 07/30/2025*

**Defendant**

**Family Visitation & Solutions, LLC**
*employer of Cheryl Hall*

represented by **Kay B. Baxter**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Megan Beck**
*in her individual capacity and in official capacity as COURT APPOINTED PUBLIC DEFENDER replacement of Sadie Temple*

represented by **David Robert Ross**
Norman Wohgemuth, LLP
401 S Boston Ave, Suite 3200
Tulsa, OK 74103
918−625−0612
Email: dross@nwlawok.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jennifer Regalado**
*in her individual capacity and in official capacity as Spouse of SHERIFF OF TULSA COUNTY*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/26/2025 | 1 | CIVIL COVER SHEET by Linh Tran Stephens (atn, Dpty Clk) (Entered: 06/27/2025) |
| 06/26/2025 | 2 | COMPLAINT against All Defendants by Linh Tran Stephens (atn, Dpty Clk) (Entered: 06/27/2025) |
| 06/26/2025 | 3 | FILING FEES Paid in Full (atn, Dpty Clk) (Entered: 06/27/2025) |
| 06/26/2025 | 4 | MOTION to Obtain Electronic Case Filing Rights for Non−Attorneys by Linh Tran Stephens (atn, Dpty Clk) (Entered: 06/27/2025) |
| 06/26/2025 | 6 | AMENDED COMPLAINT against Board of County Commissioners of County of |

| | | |
|---|---|---|
| | | Tulsa, Samantha Boen, Kathy Burrows, Jerica Carmichael, Martha Rupp Carter, Jeffrey Cartmell, Charles Schwab and Co., Inc., Todd Chesbro, Vicki Cox, Dale Warner Law Firm, David L. Moss Criminal Justice Center, Does, Theresa Dreiling, Doug Drummond, Gentner Drummond, Wendy Drummond, Deborah Eddingfield, Erica Parks Law Firm, PLLC, Ciera Freeman, Jennifer Fullerton, Larisa Grecu−Radu, Stephen Hale, Cheryl Hall, Kim Hall, Penny Hamrick, Taylor Henderson, Taylor Hendricks, Gina Hendryx, Steve Johnson, William Lafortune, Law Office of Stephen E. Hale, The, Kevin C Leitch, Deborrah Ludi−Leitch, Kacharra Mansker, Jessica Martin, Greg Mashburn, Shasta Miller, Dawn Moody, Laurie Morris, Chandler Moxley, Moxley Law Firm, PLLC, Tracy Nester, Bridget O'brien, Office of Legal Services Oklahoma Human Services, Oklahoma Attorney General Office, Oklahoma Bar Association, Oklahoma Child Protective Services, Oklahoma Child Support Services, Oklahoma Commission on Children and Youth, Oklahoma Council on Judicial Complaints, Oklahoma Department of Human Services, Oklahoma Office of Administrative Hearings, Oklahoma Sheriffs' Association, Oklahoma State Auditor & Inspector, Oklahoma State Bureau of Investigation, Oklahoma State Governor's Office, Oklahoma Supreme Court, Erica Parks, Robert Perugino, Gilbert Pilkington, Jr, Pilkington Law Firm, PLLC, Loretta Radford, Vic Regalado, Richard Rose, April Seibert, Charles Shannon, Deborah Shropshire, Rodney Sparkman, Aungela Spurlock, State Board of Osteopathic Examiners, State of Oklahoma, John Kevin Stitt, Sarah Hazen Stitt, Emmalene Stringer, Leah Sukovaty, Sadie Temple, Tulsa County District Court, Tulsa County Public Defender's Office, Dale Warner, Jacob R Williamson, Tulsa Grand Jury of Oklahoma, National Passport Center of United States Department of State, Family Visitation & Solutions, LLC, Megan Beck (Re: 2 Complaint ) by Linh Tran Stephens (atn, Dpty Clk) Modified on 6/30/2025 to restrict PDF per Chambers (atn, Dpty Clk). (Entered: 06/27/2025) Contains One or More Restricted PDFs |
| 06/27/2025 | 5 | MINUTE ORDER by Court Clerk , directing Linh Tran Stephens to file a Disclosure Statement pursuant to FRCvP 7.1 and LCvR 7.1−1, if applicable. The parties shall use the form entitled Disclosure Statement available on the Courts website. (This entry is the Official Order of the Court. No document is attached.) (atn, Dpty Clk) (Entered: 06/27/2025) |
| 07/03/2025 | 7 | MINUTE ORDER by Judge Sara E Hill − *Plaintiff's Motion to Obtain Electronic Case Filings [ECF No. 4] is granted* ; granting 4 Motion for Miscellaneous Relief (This entry is the Official Order of the Court. No document is attached.) (lmc, Chambers) (Entered: 07/03/2025) |
| 07/07/2025 | 8 | DISCLOSURE STATEMENT by Linh Tran Stephens (atn, Dpty Clk) (Entered: 07/08/2025) |
| 07/09/2025 | 9 | SUMMONS Issued by Court Clerk as to Megan Beck, Board of County Commissioners of County of Tulsa, Samantha Boen, Kathy Burrows, Jerica Carmichael, Martha Rupp Carter, Jeffrey Cartmell, Charles Schwab and Co., Inc., Todd Chesbro, Vicki Cox, Dale Warner Law Firm, David L. Moss Criminal Justice Center, Theresa Dreiling, Doug Drummond, Gentner Drummond, Wendy Drummond, Deborah Eddingfield, Erica Parks Law Firm, PLLC, Family Visitation & Solutions, LLC, Ciera Freeman, Jennifer Fullerton, Larisa Grecu−Radu, Stephen Hale, Cheryl Hall, Kim Hall, Penny Hamrick, Taylor Henderson, Taylor Hendricks, Gina Hendryx, Steve Johnson, William Lafortune, Law Office of Stephen E. Hale, The, Kevin C Leitch, Deborrah Ludi−Leitch, Kacharra Mansker, Jessica Martin, Greg Mashburn, Shasta Miller, Dawn Moody, Laurie Morris, Chandler Moxley, |

| | | |
|---|---|---|
| | | Moxley Law Firm, PLLC, Tracy Nester, Bridget O'brien, Office of Legal Services Oklahoma Human Services, Oklahoma Attorney General Office, Oklahoma Bar Association, Oklahoma Child Protective Services, Oklahoma Child Support Services, Oklahoma Commission on Children and Youth, Oklahoma Council on Judicial Complaints, Oklahoma Department of Human Services, Oklahoma Office of Administrative Hearings, Oklahoma Sheriffs' Association, Oklahoma State Auditor & Inspector, Oklahoma State Bureau of Investigation, Oklahoma State Governor's Office, Oklahoma Supreme Court, Erica Parks, Robert Perugino, Gilbert Pilkington, Jr, Pilkington Law Firm, PLLC, Loretta Radford, Vic Regalado, Richard Rose, April Seibert, Charles Shannon, Deborah Shropshire, Rodney Sparkman, Aungela Spurlock, State Board of Osteopathic Examiners, State of Oklahoma, John Kevin Stitt, Sarah Hazen Stitt, Emmalene Stringer, Leah Sukovaty, Sadie Temple, Tulsa County District Court, Tulsa County Public Defender's Office, Tulsa Grand Jury of Oklahoma, Dale Warner, Jacob R Williamson (atn, Dpty Clk) (Entered: 07/09/2025) |
| 07/17/2025 | 10 | ATTORNEY APPEARANCE by Stefanie Erin Lawson on behalf of Martha Rupp Carter, Todd Chesbro, Theresa Dreiling, Doug Drummond, Kim Hall, William Lafortune, Deborrah Ludi−Leitch, Dawn Moody, Loretta Radford, April Seibert, Rodney Sparkman [Note: Attorney Stefanie Erin Lawson added to party Martha Rupp Carter(pty:dft), Attorney Stefanie Erin Lawson added to party Todd Chesbro(pty:dft), Attorney Stefanie Erin Lawson added to party Theresa Dreiling(pty:dft), Attorney Stefanie Erin Lawson added to party Doug Drummond(pty:dft), Attorney Stefanie Erin Lawson added to party Kim Hall(pty:dft), Attorney Stefanie Erin Lawson added to party William Lafortune(pty:dft), Attorney Stefanie Erin Lawson added to party Deborrah Ludi−Leitch(pty:dft), Attorney Stefanie Erin Lawson added to party Dawn Moody(pty:dft), Attorney Stefanie Erin Lawson added to party Loretta Radford(pty:dft), Attorney Stefanie Erin Lawson added to party April Seibert(pty:dft), Attorney Stefanie Erin Lawson added to party Rodney Sparkman(pty:dft).] (Lawson, Stefanie) (Entered: 07/17/2025) |
| 07/21/2025 | 11 | MINUTE ORDER by Court Clerk , directing April Seibert, Rodney Sparkman, Todd Chesbro, William Lafortune, Deborrah Ludi−Leitch, Loretta Radford, Martha Rupp Carter, Theresa Dreiling, Dawn Moody, Doug Drummond and Kim Hall to file a Disclosure Statement pursuant to FRCvP 7.1 and LCvR 7.1−1, if applicable. The parties shall use the form entitled Disclosure Statement available on the Courts website. (This entry is the Official Order of the Court. No document is attached.) (dla, Dpty Clk) (Entered: 07/21/2025) |
| 07/21/2025 | 12 | MAIL to Linh Tran Stephens Returned − address has been changed to address unknown. (Re: 5 Minute Order,, Directing Party(ies) to File Disclosure Statement, ) (mm, Dpty Clk) (Entered: 07/21/2025) |
| 07/28/2025 | 13 | ATTORNEY APPEARANCE by Katherine McNeal Ogden on behalf of Gina Hendryx, Tracy Nester, Oklahoma Bar Association [Note: Attorney Katherine McNeal Ogden added to party Gina Hendryx(pty:dft), Attorney Katherine McNeal Ogden added to party Tracy Nester(pty:dft), Attorney Katherine McNeal Ogden added to party Oklahoma Bar Association(pty:dft).] (Ogden, Katherine) (Entered: 07/28/2025) |
| 07/28/2025 | 14 | MOTION to Dismiss by Gina Hendryx, Tracy Nester, Oklahoma Bar Association (Ogden, Katherine) (Entered: 07/28/2025) |
| 07/28/2025 | 15 | |

| | | |
|---|---|---|
| | | MINUTE ORDER by Judge Sara E Hill − *Pursuant to Fed. R. Civ. P. 16(b)(2), the Court finds good cause for delay in issuing a scheduling order in this case as there is a pending Motion to Dismiss [ECF. No. 14] which should first be resolved.* (Re: 14 MOTION to Dismiss ) (This entry is the Official Order of the Court. No document is attached.) (lmc, Chambers) (Entered: 07/28/2025) |
| 07/29/2025 | 16 | ATTORNEY APPEARANCE by Heidi J Long on behalf of Oklahoma State Auditor & Inspector [Note: Attorney Heidi J Long added to party Oklahoma State Auditor & Inspector(pty:dft).] (Long, Heidi) (Entered: 07/29/2025) |
| 07/30/2025 | 17 | ATTORNEY APPEARANCE by Lexie P Norwood on behalf of Oklahoma Attorney General Office, Oklahoma Commission on Children and Youth, Oklahoma State Bureau of Investigation, Oklahoma State Governor's Office [Note: Attorney Lexie P Norwood added to party Oklahoma Attorney General Office(pty:dft), Attorney Lexie P Norwood added to party Oklahoma Commission on Children and Youth(pty:dft), Attorney Lexie P Norwood added to party Oklahoma State Bureau of Investigation(pty:dft), Attorney Lexie P Norwood added to party Oklahoma State Governor's Office(pty:dft).] (Norwood, Lexie) (Entered: 07/30/2025) |
| 07/30/2025 | 18 | ATTORNEY APPEARANCE by John Marshall Bunting on behalf of Taylor Henderson, Oklahoma Council on Judicial Complaints, Richard Rose [Note: Attorney John Marshall Bunting added to party Taylor Henderson(pty:dft), Attorney John Marshall Bunting added to party Oklahoma Council on Judicial Complaints(pty:dft), Attorney John Marshall Bunting added to party Richard Rose(pty:dft).] (Bunting, John) (Entered: 07/30/2025) |
| 07/30/2025 | 19 | AMENDED COMPLAINT against Megan Beck, Board of County Commissioners of County of Tulsa, Samantha Boen, Kathy Burrows, Jerica Carmichael, Martha Rupp Carter, Jeffrey Cartmell, Charles Schwab and Co., Inc., Todd Chesbro, Vicki Cox, Dale Warner Law Firm, David L. Moss Criminal Justice Center, Does, Theresa Dreiling, Doug Drummond, Gentner Drummond, Wendy Drummond, Deborah Eddingfield, Erica Parks Law Firm, PLLC, Family Visitation & Solutions, LLC, Ciera Freeman, Jennifer Fullerton, Larisa Grecu−Radu, Stephen Hale, Cheryl Hall, Kim Hall, Penny Hamrick, Taylor Henderson, Taylor Hendricks, Gina Hendryx, Steve Johnson, William Lafortune, Law Office of Stephen E. Hale, The, Kevin C Leitch, Deborrah Ludi−Leitch, Kacharra Mansker, Jessica Martin, Greg Mashburn, Shasta Miller, Dawn Moody, Laurie Morris, Chandler Moxley, Moxley Law Firm, PLLC, Tracy Nester, Bridget O'brien, Office of Legal Services Oklahoma Human Services, Oklahoma Attorney General Office, Oklahoma Bar Association, Oklahoma Child Protective Services, Oklahoma Child Support Services, Oklahoma Commission on Children and Youth, Oklahoma Council on Judicial Complaints, Oklahoma Department of Human Services, Oklahoma Office of Administrative Hearings, Oklahoma Sheriffs' Association, Oklahoma State Auditor & Inspector, Oklahoma State Bureau of Investigation, Oklahoma State Governor's Office, Oklahoma Supreme Court, Erica Parks, Robert Perugino, Gilbert Pilkington, Jr, Pilkington Law Firm, PLLC, Loretta Radford, Vic Regalado, Richard Rose, April Seibert, Charles Shannon, Deborah Shropshire, Rodney Sparkman, Aungela Spurlock, State Board of Osteopathic Examiners, State of Oklahoma, John Kevin Stitt, Sarah Hazen Stitt, Emmalene Stringer, Leah Sukovaty, Sadie Temple, Tulsa County District Court, Tulsa County Public Defender's Office, Tulsa Grand Jury of Oklahoma, Dale Warner, Jacob R Williamson, Jennifer Regalado (Re: 6 Amended Complaint,,,,,,, ) by Linh Tran Stephens (mm, Dpty Clk) Modified on 7/30/2025 to restrict PDF per Chambers (mm, Dpty Clk). Modified on 7/31/2025 to correct selected defendants (mm, Dpty |

| | | |
|---|---|---|
| | | Clk). Modified on 8/4/2025 **− STRICKEN per 52** (cjb, Dpty Clk). (Entered: 07/30/2025) Contains One or More Restricted PDFs |
| 07/31/2025 | 20 | NOTICE of Docket Entry Modification; Error: wrong as to parties selected; Correction: selected correct parties (Re: 19 Amended Complaint,,,,,,,, ) (mm, Dpty Clk) (Entered: 07/31/2025) |
| 07/31/2025 | 21 | MOTION to Dismiss for Failure to State a Claim by Oklahoma State Auditor & Inspector (Long, Heidi) (Entered: 07/31/2025) |
| 07/31/2025 | 22 | RESPONSE in Opposition to Motion (Re: 14 MOTION to Dismiss ) by Linh Tran Stephens ; (mm, Dpty Clk) (Entered: 07/31/2025) |
| 07/31/2025 | 23 | MINUTE ORDER by Court Clerk , directing Oklahoma Bar Association, Tracy Nester, and Gina Hendryx to file a Disclosure Statement pursuant to FRCvP 7.1 and LCvR 7.1−1, if applicable. The parties shall use the form entitled Disclosure Statement available on the Courts website. (This entry is the Official Order of the Court. No document is attached.) (mm, Dpty Clk) (Entered: 07/31/2025) |
| 07/31/2025 | 24 | ATTORNEY APPEARANCE by Gregg J Lytle on behalf of Chandler Moxley, Moxley Law Firm, PLLC [Note: Attorney Gregg J Lytle added to party Chandler Moxley(pty:dft), Attorney Gregg J Lytle added to party Moxley Law Firm, PLLC(pty:dft).] (Lytle, Gregg) (Entered: 07/31/2025) |
| 07/31/2025 | 25 | ATTORNEY APPEARANCE by Jacob N Popp on behalf of Chandler Moxley, Moxley Law Firm, PLLC [Note: Attorney Jacob N Popp added to party Chandler Moxley(pty:dft), Attorney Jacob N Popp added to party Moxley Law Firm, PLLC(pty:dft).] (Popp, Jacob) (Entered: 07/31/2025) |
| 07/31/2025 | 26 | MOTION to Dismiss *and Brief in Support* by Chandler Moxley, Moxley Law Firm, PLLC (Lytle, Gregg) (Entered: 07/31/2025) |
| 08/01/2025 | 27 | ATTORNEY APPEARANCE by Douglas Allen Wilson on behalf of Board of County Commissioners of County of Tulsa, Kathy Burrows, Kacharra Mansker [Note: Attorney Douglas Allen Wilson added to party Board of County Commissioners of County of Tulsa(pty:dft), Attorney Douglas Allen Wilson added to party Kathy Burrows(pty:dft), Attorney Douglas Allen Wilson added to party Kacharra Mansker(pty:dft).] (Wilson, Douglas) (Entered: 08/01/2025) |
| 08/01/2025 | 28 | MOTION to Dismiss by Board of County Commissioners of County of Tulsa, Kathy Burrows, Kacharra Mansker (With attachments) (Wilson, Douglas) (Entered: 08/01/2025) |
| 08/01/2025 | 29 | ATTORNEY APPEARANCE by Elizabeth Marie Vincent on behalf of State Board of Osteopathic Examiners [Note: Attorney Elizabeth Marie Vincent added to party State Board of Osteopathic Examiners(pty:dft).] (Vincent, Elizabeth) (Entered: 08/01/2025) |
| 08/01/2025 | 30 | MOTION to Dismiss by State Board of Osteopathic Examiners (Vincent, Elizabeth) (Entered: 08/01/2025) |
| 08/01/2025 | 31 | MOTION to Dismiss by Taylor Henderson, Oklahoma Council on Judicial Complaints, Richard Rose (With attachments) (Bunting, John) (Entered: 08/01/2025) |
| 08/01/2025 | 32 | MINUTE ORDER by Court Clerk , directing Oklahoma State Auditor & Inspector to file a Disclosure Statement pursuant to FRCvP 7.1 and LCvR 7.1−1, if applicable. |

| | | |
|---|---|---|
| | | The parties shall use the form entitled Disclosure Statement available on the Courts website. (This entry is the Official Order of the Court. No document is attached.) (mm, Dpty Clk) (Entered: 08/01/2025) |
| 08/01/2025 | 33 | MINUTE ORDER by Court Clerk , directing Oklahoma Attorney General, Oklahoma State Bureau of Investigation, Office, Oklahoma State Governor's Office, Oklahoma Commission on Children and Youth, Oklahoma Council on Judicial Complaints, Richard Rose, and Taylor Henderson to file a Disclosure Statement pursuant to FRCvP 7.1 and LCvR 7.1−1, if applicable. The parties shall use the form entitled Disclosure Statement available on the Courts website. (This entry is the Official Order of the Court. No document is attached.) (mm, Dpty Clk) (Entered: 08/01/2025) |
| 08/01/2025 | 34 | MOTION to Dismiss *and Brief in Support* by Martha Rupp Carter, Todd Chesbro, Theresa Dreiling, Doug Drummond, Kim Hall, William Lafortune, Deborrah Ludi−Leitch, Dawn Moody, Loretta Radford, April Seibert, Rodney Sparkman (With attachments) (Lawson, Stefanie) (Entered: 08/01/2025) |
| 08/01/2025 | 35 | ATTORNEY APPEARANCE by James Dashiell Dunn on behalf of David L. Moss Criminal Justice Center, Vic Regalado, Jacob R Williamson [Note: Attorney James Dashiell Dunn added to party David L. Moss Criminal Justice Center(pty:dft), Attorney James Dashiell Dunn added to party Vic Regalado(pty:dft), Attorney James Dashiell Dunn added to party Jacob R Williamson(pty:dft).] (Dunn, James) (Entered: 08/01/2025) |
| 08/01/2025 | 36 | MOTION to Dismiss by David L. Moss Criminal Justice Center, Vic Regalado, Jacob R Williamson (Dunn, James) (Entered: 08/01/2025) |
| 08/04/2025 | 37 | MINUTE ORDER by Court Clerk , directing Chandler Moxley and Moxley Law Firm, PLLC to file a Disclosure Statement pursuant to FRCvP 7.1 and LCvR 7.1−1, if applicable. The parties shall use the form entitled Disclosure Statement available on the Courts website. (This entry is the Official Order of the Court. No document is attached.) (dla, Dpty Clk) (Entered: 08/04/2025) |
| 08/04/2025 | 38 | MOTION to Dismiss *And Brief in Support of Motion to Dismiss Plaintiff's Amended Complaint* by Erica Parks Law Firm, PLLC, Erica Parks [Note: Attorney Erica Parks added to party Erica Parks Law Firm, PLLC(pty:dft), Attorney Erica Parks added to party Erica Parks(pty:dft).] (Parks, Erica) (Entered: 08/04/2025) |
| 08/04/2025 | 39 | DISCLOSURE STATEMENT by Erica Parks Law Firm, PLLC, Erica Parks (Parks, Erica) (Entered: 08/04/2025) |
| 08/04/2025 | 40 | DISCLOSURE STATEMENT by Moxley Law Firm, PLLC (Lytle, Gregg) (Entered: 08/04/2025) |
| 08/04/2025 | 41 | DISCLOSURE STATEMENT by Chandler Moxley (Lytle, Gregg) (Entered: 08/04/2025) |
| 08/04/2025 | 42 | MOTION to Dismiss for Failure to State a Claim by Oklahoma Attorney General Office, Oklahoma Commission on Children and Youth, Oklahoma State Bureau of Investigation, Oklahoma State Governor's Office (Norwood, Lexie) (Entered: 08/04/2025) |
| 08/04/2025 | 43 | MOTION to Dismiss *And Brief in Support of Motion to Dismiss Plaintiff's Amended Complaint* by Dale Warner Law Firm, Dale Warner [Note: Attorney Clifton Dale Warner added to party Dale Warner Law Firm(pty:dft), Attorney Clifton Dale Warner added to party Dale Warner(pty:dft).] (Warner, Clifton) (Entered: |

| | | |
|---|---|---|
| | | 08/04/2025) |
| 08/04/2025 | 44 | DISCLOSURE STATEMENT by Dale Warner Law Firm, Dale Warner (Parks, Erica) (Entered: 08/04/2025) |
| 08/04/2025 | 45 | ATTORNEY APPEARANCE by John K.F. Langford on behalf of Jerica Carmichael, Jeffrey Cartmell, Deborah Eddingfield, Jennifer Fullerton, Larisa Grecu−Radu, Taylor Hendricks, Jessica Martin, Shasta Miller, Laurie Morris, Oklahoma Department of Human Services, Oklahoma Office of Administrative Hearings, Robert Perugino, Deborah Shropshire, Leah Sukovaty (Langford, John) (Entered: 08/04/2025) |
| 08/04/2025 | 46 | MOTION to Dismiss for Failure to State a Claim , MOTION to Dismiss for Lack of Jurisdiction by Jerica Carmichael, Jeffrey Cartmell, Deborah Eddingfield, Jennifer Fullerton, Larisa Grecu−Radu, Taylor Hendricks, Jessica Martin, Shasta Miller, Laurie Morris, Deborah Shropshire, Leah Sukovaty (Langford, John) (Entered: 08/04/2025) |
| 08/04/2025 | 47 | MOTION to Dismiss for Failure to State a Claim , MOTION to Dismiss for Lack of Jurisdiction by Robert Perugino (Langford, John) (Entered: 08/04/2025) |
| 08/04/2025 | 48 | MOTION to Dismiss for Failure to State a Claim , MOTION to Dismiss for Lack of Jurisdiction by Oklahoma Department of Human Services, Oklahoma Office of Administrative Hearings (Langford, John) (Entered: 08/04/2025) |
| 08/04/2025 | 49 | ATTORNEY APPEARANCE by Stefanie Erin Lawson on behalf of Oklahoma Supreme Court [Note: Attorney Stefanie Erin Lawson added to party Oklahoma Supreme Court(pty:dft).] (Lawson, Stefanie) (Entered: 08/04/2025) |
| 08/04/2025 | 50 | JOINDER in Motion (Re: 34 MOTION to Dismiss *and Brief in Support* ) by Oklahoma Supreme Court (Lawson, Stefanie) (Entered: 08/04/2025) |
| 08/04/2025 | 51 | MOTION to Dismiss by Oklahoma Attorney General Office (With attachments) (Ogle, Jesse) Modified on 8/5/2025 **− ENTERED IN ERROR − wrong PDF attached − see 54 for correct entry** (cjb, Dpty Clk). (Entered: 08/04/2025) |
| 08/04/2025 | 52 | MINUTE ORDER by Judge Sara E Hill − *The Court strikes Plaintiff's Amended Complaint [ECF No. 19] for failure to comply with LCvR7−1(h) and Fed. R. Civ. P. 15(a)(2).*, striking/withdrawing document(s) (Re: 19 Amended Complaint,,,,,,,, ) (Documents Terminated: 19 Amended Complaint,,,,,,,, ) (This entry is the Official Order of the Court. No document is attached.) (lmc, Chambers) (Entered: 08/04/2025) |
| 08/04/2025 | 53 | ATTORNEY APPEARANCE by Jesse Ogle on behalf of Gentner Drummond, Steve Johnson, Greg Mashburn, Aungela Spurlock, John Kevin Stitt [Note: Attorney Jesse Ogle added to party Gentner Drummond(pty:dft), Attorney Jesse Ogle added to party Steve Johnson(pty:dft), Attorney Jesse Ogle added to party Greg Mashburn(pty:dft), Attorney Jesse Ogle added to party Aungela Spurlock(pty:dft), Attorney Jesse Ogle added to party John Kevin Stitt(pty:dft).] (Ogle, Jesse) (Entered: 08/04/2025) |
| 08/04/2025 | 54 | MOTION to Dismiss for Failure to State a Claim , MOTION to Dismiss for Lack of Jurisdiction by Gentner Drummond, Steve Johnson, Greg Mashburn, Aungela Spurlock, John Kevin Stitt (Ogle, Jesse) (Entered: 08/04/2025) |
| 08/05/2025 | 55 | MINUTE ORDER by Court Clerk , directing David L. Moss Criminal Justice Center, Board of County Commissioners of County of Tulsa, Jacob R Williamson, State |

| | | |
|---|---|---|
| | | Board of Osteopathic Examiners, Kacharra Mansker, Vic Regalado and Kathy Burrows to file a Disclosure Statement pursuant to FRCvP 7.1 and LCvR 7.1−1, if applicable. The parties shall use the form entitled Disclosure Statement available on the Courts website. (This entry is the Official Order of the Court. No document is attached.) (dla, Dpty Clk) (Entered: 08/05/2025) |
| 08/05/2025 | 56 | ATTORNEY APPEARANCE by Thomas Adrian LeBlanc on behalf of Penny Hamrick [Note: Attorney Thomas Adrian LeBlanc added to party Penny Hamrick(pty:dft).] (LeBlanc, Thomas) (Entered: 08/05/2025) |
| 08/05/2025 | 57 | ATTORNEY APPEARANCE by Nathan Adam Miramontes on behalf of Penny Hamrick [Note: Attorney Nathan Adam Miramontes added to party Penny Hamrick(pty:dft).] (Miramontes, Nathan) (Entered: 08/05/2025) |
| 08/05/2025 | 58 | ATTORNEY APPEARANCE by Matthew Benjamin Free on behalf of Penny Hamrick [Note: Attorney Matthew Benjamin Free added to party Penny Hamrick(pty:dft).] (Free, Matthew) (Entered: 08/05/2025) |
| 08/05/2025 | 59 | MOTION to Dismiss by Penny Hamrick (With attachments) (Free, Matthew) (Entered: 08/05/2025) |
| 08/05/2025 | 60 | DISCLOSURE STATEMENT by Penny Hamrick (Free, Matthew) (Entered: 08/05/2025) |
| 08/06/2025 | 61 | DISCLOSURE STATEMENT by Kathy Burrows (Wilson, Douglas) (Entered: 08/06/2025) |
| 08/06/2025 | 62 | DISCLOSURE STATEMENT by Kacharra Mansker (Wilson, Douglas) (Entered: 08/06/2025) |
| 08/06/2025 | 63 | MINUTE ORDER by Court Clerk , directing Oklahoma Department of Human Services, Oklahoma Office of Administrative Hearings, Oklahoma Supreme Court, Steve Johnson, Greg Mashburn, Aungela Spurlock, Leah Sukovaty, Shasta Miller, Jessica Martin, Laurie Morris, Deborah Eddingfield, Taylor Hendricks, Larisa Grecu−Radu, Jennifer Fullerton, Jerica Carmichael, Jeffrey Cartmell, Deborah Shropshire, Robert Perugino, Gentner Drummond, John Kevin Stitt, Dale Warner, Dale Warner Law Firm, Erica Parks, and Erica Parks Law Firm, PLLC to file a Disclosure Statement pursuant to FRCvP 7.1 and LCvR 7.1−1, if applicable. The parties shall use the form entitled Disclosure Statement available on the Courts website. (This entry is the Official Order of the Court. No document is attached.) (cjb, Dpty Clk) (Entered: 08/06/2025) |
| 08/07/2025 | 64 | MINUTE ORDER by Court Clerk , directing Penny Hamrick to file a Disclosure Statement pursuant to FRCvP 7.1 and LCvR 7.1−1, if applicable. The parties shall use the form entitled Disclosure Statement available on the Courts website. (This entry is the Official Order of the Court. No document is attached.) (dla, Dpty Clk) (Entered: 08/07/2025) |
| 08/07/2025 | 65 | DISCLOSURE STATEMENT by Vic Regalado (Dunn, James) (Entered: 08/07/2025) |
| 08/07/2025 | 66 | DISCLOSURE STATEMENT by Jacob R Williamson (Dunn, James) (Entered: 08/07/2025) |
| 08/07/2025 | 67 | ATTORNEY APPEARANCE by Tara A LaClair on behalf of Charles Schwab and Co., Inc. [Note: Attorney Tara A LaClair added to party Charles Schwab and Co., |

| | | |
|---|---|---|
| | | Inc.(pty:dft).] (LaClair, Tara) (Entered: 08/07/2025) |
| 08/07/2025 | 68 | DISCLOSURE STATEMENT (identifying: Corporate Parent Charles Schwab & Co., Inc. for Charles Schwab and Co., Inc.) by Charles Schwab and Co., Inc. (LaClair, Tara) (Entered: 08/07/2025) |
| 08/07/2025 | 69 | MOTION to Dismiss by Charles Schwab and Co., Inc. [Note: Attorney Jennifer N. Lamirand added to party Charles Schwab and Co., Inc.(pty:dft).] (With attachments) (Lamirand, Jennifer) (Entered: 08/07/2025) |
| 08/07/2025 | 70 | ATTORNEY APPEARANCE by Jennifer N. Lamirand on behalf of Charles Schwab and Co., Inc. (Lamirand, Jennifer) (Entered: 08/07/2025) |
| 08/08/2025 | 71 | REPLY to Response to Motion (Re: 14 MOTION to Dismiss ) by Gina Hendryx, Tracy Nester, Oklahoma Bar Association ; (Ogden, Katherine) (Entered: 08/08/2025) |
| 08/11/2025 | 72 | MINUTE ORDER by Court Clerk , directing Charles Schwab and Co., Inc. to file a Disclosure Statement pursuant to FRCvP 7.1 and LCvR 7.1−1, if applicable. The parties shall use the form entitled Disclosure Statement available on the Courts website. (This entry is the Official Order of the Court. No document is attached.) (cjb, Dpty Clk) (Entered: 08/11/2025) |
| 08/18/2025 | 73 | MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s) , MOTION for Leave to Exceed Page Limitation by Linh Tran Stephens (cjb, Dpty Clk) (Entered: 08/19/2025) |
| 08/21/2025 | 74 | RESPONSE in Opposition to Motion (Re: 43 MOTION to Dismiss *And Brief in Support of Motion to Dismiss Plaintiff's Amended Complaint*, 46 MOTION to Dismiss for Failure to State a Claim MOTION to Dismiss for Lack of Jurisdiction , 28 MOTION to Dismiss , 38 MOTION to Dismiss *And Brief in Support of Motion to Dismiss Plaintiff's Amended Complaint*, 14 MOTION to Dismiss , 30 MOTION to Dismiss , 36 MOTION to Dismiss , 59 MOTION to Dismiss , 48 MOTION to Dismiss for Failure to State a Claim MOTION to Dismiss for Lack of Jurisdiction , 47 MOTION to Dismiss for Failure to State a Claim MOTION to Dismiss for Lack of Jurisdiction , 34 MOTION to Dismiss *and Brief in Support*, 42 MOTION to Dismiss for Failure to State a Claim , 26 MOTION to Dismiss *and Brief in Support*, 31 MOTION to Dismiss , 54 MOTION to Dismiss for Failure to State a Claim MOTION to Dismiss for Lack of Jurisdiction , 69 MOTION to Dismiss , 21 MOTION to Dismiss for Failure to State a Claim ) by Linh Tran Stephens ; (dla, Dpty Clk) (Entered: 08/21/2025) |
| 08/21/2025 | 75 | MOTION for Leave to File Sur−Reply (Re: 71 Reply to Response to Motion ) by Linh Tran Stephens (dla, Dpty Clk) (Entered: 08/21/2025) |
| 08/21/2025 | 76 | ORDER by Judge Sara E Hill ; granting 73 Motion to Accelerate/Extend/Reset Hearing(s)/Deadline(s); granting 73 Motion for Leave to Exceed Page Limitation; granting 75 Motion for Leave to File Document(s) (ll, Dpty Clk) (Entered: 08/21/2025) |
| 08/22/2025 | 77 | ATTORNEY APPEARANCE by Jacy Chafin Sullivan on behalf of Martha Rupp Carter, Todd Chesbro, Theresa Dreiling, Doug Drummond, Kim Hall, William Lafortune, Deborrah Ludi−Leitch, Dawn Moody, Loretta Radford, April Seibert, Rodney Sparkman (Sullivan, Jacy) (Entered: 08/22/2025) |
| 08/22/2025 | 78 | MOTION to Withdraw Attorney(s) by Martha Rupp Carter, Todd Chesbro, Theresa Dreiling, Doug Drummond, Kim Hall, William Lafortune, Deborrah Ludi−Leitch, |

| | | |
|---|---|---|
| | | Dawn Moody, Loretta Radford, April Seibert, Rodney Sparkman (Lawson, Stefanie) (Entered: 08/22/2025) |
| 08/22/2025 | 79 | ATTORNEY APPEARANCE by Sharon K Parker on behalf of Oklahoma Sheriffs' Association [Note: Attorney Sharon K Parker added to party Oklahoma Sheriffs' Association(pty:dft).] (Parker, Sharon) (Entered: 08/22/2025) |
| 08/22/2025 | 80 | DISCLOSURE STATEMENT by Oklahoma Sheriffs' Association (Parker, Sharon) (Entered: 08/22/2025) |
| 08/22/2025 | 81 | MOTION to Dismiss by Oklahoma Sheriffs' Association (Parker, Sharon) (Entered: 08/22/2025) |
| 08/22/2025 | 82 | ATTORNEY APPEARANCE by Corbin C Brewster on behalf of Sadie Temple [Note: Attorney Corbin C Brewster added to party Sadie Temple(pty:dft).] (Brewster, Corbin) (Entered: 08/22/2025) |
| 08/22/2025 | 83 | MOTION to Dismiss for Failure to State a Claim by Sadie Temple (With attachments) (Brewster, Corbin) (Entered: 08/22/2025) |
| 08/25/2025 | 84 | MINUTE ORDER *by Court Clerk*, changing case number to 25−cv−322−SEH−SH, recusing Magistrate Judge Jodi F Jayne. Magistrate Judge Susan E Huntsman reassigned to case. (This entry is the Official Order of the Court. No document is attached.) (sdc, Dpty Clk) (Entered: 08/25/2025) |
| 08/25/2025 | 85 | ATTORNEY APPEARANCE by Jacy Chafin Sullivan on behalf of Oklahoma Supreme Court [Note: Attorney Jacy Chafin Sullivan added to party Oklahoma Supreme Court(pty:dft).] (Sullivan, Jacy) (Entered: 08/25/2025) |
| 08/25/2025 | 86 | MINUTE ORDER by Judge Sara E Hill ; terminating attorney Stefanie Erin Lawson ; granting 78 Motion to Withdraw Attorney(s) (This entry is the Official Order of the Court. No document is attached.) (lmc, Chambers) (Entered: 08/25/2025) |
| 08/26/2025 | 87 | MINUTE ORDER by Court Clerk , directing Oklahoma Sheriffs' Association and Sadie Temple to file a Disclosure Statement pursuant to FRCvP 7.1 and LCvR 7.1−1, if applicable. The parties shall use the form entitled Disclosure Statement available on the Courts website. (This entry is the Official Order of the Court. No document is attached.) (mm, Dpty Clk) (Entered: 08/26/2025) |
| 08/29/2025 | 88 | REPLY to Response to Motion (Re: 31 MOTION to Dismiss ) by Taylor Henderson, Oklahoma Council on Judicial Complaints, Richard Rose ; (Bunting, John) (Entered: 08/29/2025) |
| 09/02/2025 | 89 | MOTION to Dismiss *Plaintiffs Amended Complaint Served August 26, 2025* by Oklahoma Sheriffs' Association (Parker, Sharon) (Entered: 09/02/2025) |
| 09/02/2025 | 90 | REPLY to Response to Motion (Re: 59 MOTION to Dismiss ) by Penny Hamrick ; (LeBlanc, Thomas) (Entered: 09/02/2025) |
| 09/02/2025 | 91 | DISCLOSURE STATEMENT by Sadie Temple (Brewster, Corbin) (Entered: 09/02/2025) |
| 09/03/2025 | 92 | ATTORNEY APPEARANCE by David Robert Ross on behalf of Megan Beck [Note: Attorney David Robert Ross added to party Megan Beck(pty:dft).] (Ross, David) (Entered: 09/03/2025) |
| 09/03/2025 | 93 | |

| | | |
|---|---|---|
| | | MOTION to Dismiss for Failure to State a Claim *and Brief in Support* by Megan Beck (With attachments) (Ross, David) (Entered: 09/03/2025) |
| 09/04/2025 | 94 | REPLY to Response to Motion (Re: 69 MOTION to Dismiss ) by Charles Schwab and Co., Inc. ; (Lamirand, Jennifer) (Entered: 09/04/2025) |
| 09/05/2025 | 95 | REPLY to Response to Motion (Re: 28 MOTION to Dismiss ) by Board of County Commissioners of County of Tulsa, Kathy Burrows, Kacharra Mansker ; (Wilson, Douglas) (Entered: 09/05/2025) |
| 09/08/2025 | 96 | MINUTE ORDER by Court Clerk , directing Megan Beck to file a Disclosure Statement pursuant to FRCvP 7.1 and LCvR 7.1−1, if applicable. The parties shall use the form entitled Disclosure Statement available on the Courts website. (This entry is the Official Order of the Court. No document is attached.) (atn, Dpty Clk) (Entered: 09/08/2025) |
| 09/08/2025 | 97 | DISCLOSURE STATEMENT by Megan Beck (Ross, David) (Entered: 09/08/2025) |
| 09/11/2025 | 98 | ATTORNEY APPEARANCE by Kay B. Baxter on behalf of Family Visitation & Solutions, LLC [Note: Attorney Kay B. Baxter added to party Family Visitation & Solutions, LLC(pty:dft).] (Baxter, Kay) (Entered: 09/11/2025) |
| 09/11/2025 | 99 | ATTORNEY APPEARANCE by Kay B. Baxter on behalf of Cheryl Hall [Note: Attorney Kay B. Baxter added to party Cheryl Hall(pty:dft).] (Baxter, Kay) (Entered: 09/11/2025) |
| 09/15/2025 | 100 | MINUTE ORDER by Court Clerk , directing Cheryl Hall to file a Disclosure Statement pursuant to FRCvP 7.1 and LCvR 7.1−1, if applicable. The parties shall use the form entitled Disclosure Statement available on the Courts website. (This entry is the Official Order of the Court. No document is attached.) (dla, Dpty Clk) (Entered: 09/15/2025) |
| 09/15/2025 | 101 | MINUTE ORDER by Court Clerk , directing Family Visitation & Solutions, LLC to file a Disclosure Statement pursuant to FRCvP 7.1 and LCvR 7.1−1, if applicable. The parties shall use the form entitled Disclosure Statement available on the Courts website. (This entry is the Official Order of the Court. No document is attached.) (dla, Dpty Clk) (Entered: 09/15/2025) |
| 09/16/2025 | 102 | SUMMONS Returned Executed re: Megan Beck, Samantha Boen, Kathy Burrows, Jerica Carmichael, Martha Rupp Carter, Jeffrey Cartmell, Charles Schwab and Co., Inc., Todd Chesbro, Vicki Cox, Dale Warner Law Firm, David L. Moss Criminal Justice Center, Theresa Dreiling, Doug Drummond, Gentner Drummond, Wendy Drummond, Deborah Eddingfield, Erica Parks Law Firm, PLLC, Family Visitation & Solutions, LLC, Ciera Freeman, Jennifer Fullerton, Larisa Grecu−Radu, Cheryl Hall, Kim Hall, Penny Hamrick, Taylor Henderson, Taylor Hendricks, Gina Hendryx, Steve Johnson, William Lafortune, Law Office of Stephen E. Hale, The, Kevin C Leitch, Deborrah Ludi−Leitch, Kacharra Mansker, Jessica Martin, Greg Mashburn, Shasta Miller, Dawn Moody, Laurie Morris, Chandler Moxley, Moxley Law Firm, PLLC, National Passport Center of United States Department of State, Tracy Nester, Bridget O'brien, Office of Legal Services Oklahoma Human Services, Oklahoma Attorney General Office, Oklahoma Bar Association, Oklahoma Child Protective Services, Oklahoma Child Support Services, Oklahoma Commission on Children and Youth, Oklahoma Department of Human Services, Oklahoma Office of Administrative Hearings, Oklahoma Sheriffs' Association, Oklahoma State Bureau of Investigation, Oklahoma State Governor's Office, Oklahoma Supreme Court, Erica |

| | | |
|---|---|---|
| | | Parks, Robert Perugino, Gilbert Pilkington, Jr, Pilkington Law Firm, PLLC, Loretta Radford, Jennifer Regalado, Vic Regalado, Richard Rose, April Seibert, Charles Shannon, Deborah Shropshire, Rodney Sparkman, Aungela Spurlock, State Board of Osteopathic Examiners, State of Oklahoma, John Kevin Stitt, Sarah Hazen Stitt, Emmalene Stringer, Leah Sukovaty, Sadie Temple, Tulsa County District Court, Tulsa County Public Defender's Office, Tulsa Grand Jury of Oklahoma, Dale Warner, Jacob R Williamson (Re: 6 Amended Complaint,,,,,,, ) (atn, Dpty Clk) (Entered: 09/16/2025) |
| 10/07/2025 | 103 | DISCLOSURE STATEMENT by Family Visitation & Solutions, LLC (Baxter, Kay) (Entered: 10/07/2025) |
| 10/29/2025 | 104 | MOTION to Dismiss Party Family Visitation & Solutions, LLC and Chery Hall by Family Visitation & Solutions, LLC, Cheryl Hall (Baxter, Kay) (Entered: 10/29/2025) |
| 10/29/2025 | 105 | MOTION to Dismiss Party Family Visitation & Solutions, LLC and Chery Hall by Family Visitation & Solutions, LLC, Cheryl Hall (With attachments) (Baxter, Kay) (Entered: 10/29/2025) |
| 12/24/2025 | 106 | MINUTE ORDER *by Court Clerk*, recusing *Magistrate Judge Susan E Huntsman* Magistrate Judge Christine D Little reassigned to case., changing case number to 25−cv−00322−SEH−CDL (This entry is the Official Order of the Court. No document is attached.) (lmt, Dpty Clk) (Entered: 12/24/2025) |
| 01/14/2026 | 107 | NOTICE of Change of Address by Thomas Adrian LeBlanc by on behalf of Penny Hamrick (LeBlanc, Thomas) (Entered: 01/14/2026) |
| 01/14/2026 | 108 | MOTION to Withdraw Attorney(s) *Nathan A. Miramontes* by Penny Hamrick (LeBlanc, Thomas) (Entered: 01/14/2026) |
| 01/14/2026 | 109 | MINUTE ORDER by Judge Sara E Hill − *Motion to Withdraw [ECF No. 108] Nathan Miramontes as counsel for Defendant Penny D. Hamrick, in her Individual and Official Capacities as Detective of Owasso Police Department of Rogers County is granted.* ; terminating attorney Nathan Adam Miramontes ; granting 108 Motion to Withdraw Attorney(s) (This entry is the Official Order of the Court. No document is attached.) (lmc, Chambers) (Entered: 01/14/2026) |
| 04/17/2026 | 110 | NOTICE to Preserve Evidence by Linh Tran Stephens (mm, Dpty Clk) (Entered: 04/17/2026) |
| 06/30/2026 | 111 | NOTICE titled: Fee Schedule (mm, Dpty Clk) (Entered: 06/30/2026) |
| 07/27/2026 | 112 | ATTORNEY APPEARANCE by John Tjeerdsma on behalf of Board of County Commissioners of County of Tulsa, Kathy Burrows, Kacharra Mansker [Note: Attorney John Tjeerdsma added to party Board of County Commissioners of County of Tulsa(pty:dft), Attorney John Tjeerdsma added to party Kathy Burrows(pty:dft), Attorney John Tjeerdsma added to party Kacharra Mansker(pty:dft).] (Tjeerdsma, John) (Entered: 07/27/2026) |
| 07/28/2026 | 113 | MOTION to Withdraw Attorney(s) *Douglas A. Wilson* by Board of County Commissioners of County of Tulsa, Kathy Burrows, Kacharra Mansker (Wilson, Douglas) (Entered: 07/28/2026) |
| 07/28/2026 | 114 | MINUTE ORDER by Judge Sara E Hill ; terminating attorney Douglas Allen Wilson ; granting 113 Motion to Withdraw Attorney(s) (This entry is the Official Order of |

| | | |
|---|---|---|
| | | the Court. No document is attached.) (lmc, Chambers) (Entered: 07/28/2026) |
| 08/04/2026 | 115 | OPINION AND ORDER by Judge Sara E Hill ; denying certificate of appealability; granting 14 Motion to Dismiss; granting 21 Motion to Dismiss for Failure to State a Claim; granting 26 Motion to Dismiss; granting 28 Motion to Dismiss; granting 30 Motion to Dismiss; granting 31 Motion to Dismiss; granting 34 Motion to Dismiss; granting 36 Motion to Dismiss; granting 38 Motion to Dismiss; granting 42 Motion to Dismiss for Failure to State a Claim; granting 43 Motion to Dismiss; granting 46 Motion to Dismiss for Failure to State a Claim; granting 46 Motion to Dismiss for Lack of Jurisdiction; granting 47 Motion to Dismiss for Failure to State a Claim; granting 47 Motion to Dismiss for Lack of Jurisdiction; granting 48 Motion to Dismiss for Failure to State a Claim; granting 48 Motion to Dismiss for Lack of Jurisdiction; granting 50 Joinder in Motion; granting 54 Motion to Dismiss for Failure to State a Claim; granting 54 Motion to Dismiss for Lack of Jurisdiction; granting 59 Motion to Dismiss; granting 69 Motion to Dismiss; granting 81 Motion to Dismiss; granting 83 Motion to Dismiss for Failure to State a Claim; granting 89 Motion to Dismiss; granting 93 Motion to Dismiss for Failure to State a Claim; granting 104 Motion to Dismiss Party; granting 105 Motion to Dismiss Party (lmc, Chambers) (Entered: 08/04/2026) |
| 08/04/2026 | 116 | JUDGMENT by Judge Sara E Hill *of Dismissal*, entering judgment (terminates case) (lmc, Chambers) (Entered: 08/04/2026) |
| 08/04/2026 | | ***Civil Case Terminated (see document number 116 ) (atn, Dpty Clk) (Entered: 08/05/2026) |
| 08/17/2026 | 117 | MOTION to Alter Order/Judgment (Re: 116 Judgment, Entering Judgment ) by Linh Tran Stephens (cjm, Dpty Clk) (Entered: 08/17/2026) |
| 08/17/2026 | 118 | NOTICE OF APPEAL to Circuit Court (Re: 115 Opinion and Order,,,,,, Denying Certificate of Appealability,,,,,, Ruling on Motion to Dismiss,,,,,, Ruling on Motion to Dismiss for Failure to State a Claim,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, Ruling on Motion to Dismiss for Lack of Jurisdiction,,,,,,,,,,,,,,,,,,,,,,,,,,, Ruling on Joinder in Motion,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, Ruling on Motion to Dismiss Party,,,,,,,,,, 116 Judgment, Entering Judgment ) by Linh Tran Stephens (cjm, Dpty Clk) (Entered: 08/17/2026) |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

Case No. 4:25-cv-00322-SEH-CDL; Assigned Judge: Sara E. Hill

0) Linh Tran Stephens, a natural living woman, sui juris, with inherent sovereign rights, one-and-only Secured Party Creditor[1] of LINH TRAN STEPHENS©*TM* and of G.L.S©®

*Plaintiff*,

v.

1) STATE OF OKLAHOMA;
2) OKLAHOMA ATTORNEY GENERAL OFFICE (OAG);
3) OKLAHOMA STATE BUREAU OF INVESTIGATION (OSBI);
4) OKLAHOMA DEPARTMENT OF HUMAN SERVICES (OKDHS) and all of its divisions;
5) DAVID L. MOSS CRIMINAL JUSTICE CENTER;
6) OKLAHOMA SHERIFFS' ASSOCIATION;
7) TULSA GRAND JURY OF OKLAHOMA;
8) TULSA COUNTY DISTRICT COURT and all of its divisions (Family Court, Juvenile Court, Civil Court, Small Claim Court Division);
9) STATE BOARD OF OSTEOPATHIC EXAMINERS;
10) OKLAHOMA SUPREME COURT;
11) OKLAHOMA STATE GOVERNOR'S OFFICE;
12) OKLAHOMA CHILD PROTECTIVE SERVICES (CPS);
13) OKLAHOMA CHILD SUPPORT SERVICES (CSS);
14) OKLAHOMA OFFICE OF ADMINISTRATIVE HEARINGS (OAH);
15) OKLAHOMA COMMISSION ON CHILDREN AND YOUTH (OCCY);
16) OFFICE OF LEGAL SERVICES OKLAHOMA HUMAN SERVICES;
17) TULSA COUNTY PUBLIC DEFENDER'S OFFICE;
18) OKLAHOMA BAR ASSOCIATION (OBA);
19) OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS (COJC);
20) BOARD OF COUNTY COMMISSIONERS OF COUNTY OF TULSA (BOCC);
21) OKLAHOMA STATE AUDITOR & INSPECTOR;
22) Stephen Hale also known as (a/k/a) STEPHEN E. HALE, in his individual capacity and in official capacity as Guardian-ad-litem (GAL) and B.A.R. CARD ATTORNEY;
23) THE LAW OFFICE OF STEPHEN E. HALE, an Oklahoma professional limited liability company;
24) Gilbert Pilkington, Jr., a/k/a GILBERT J. PILKINGTON, JR., in his individual capacity and in official capacity as Officer of the Court of Oklahoma and as B.A.R. CARD ATTORNEY;
25) PILKINGTON LAW FIRM, PLLC, an Oklahoma professional limited liability company;

[1] See UCC-1 Filing trust account 260217-1425000 in MARYLAND

26) Emmalene Stringer a/k/a EMMALENE STRINGER, in her individual and official capacity as DHS CSS State's Attorney and B.A.R. CARD ATTORNEY;
27) Bridget O'brien or Bridget Menser a/k/a BRIDGET O'BRIEN or BRIDGET KAY MENSER, in her individual and official capacity as CPS caseworker;
28) Steve Johnson a/k/a STEVE JOHNSON in his individual and in official capacity as AGENT OF TULSA GRAND JURY OF OKLAHOMA and B.A.R. CARD ATTORNEY;
29) Greg Mashburn a/k/a GREG MASHBURN, in his individual and in official capacity as Director of the Oklahoma State Bureau of Investigation (OSBI)
30) Aungela Spurlock a/k/a AUNGELA SPURLOCK in her individual and in official capacity as DIRECTOR OF OKLAHOMA STATE BUREAU OF INVESTIGATION and B.A.R. CARD ATTORNEY;
31) Penny Hamrick a/k/a PENNY HAMRICK in her individual and in official capacity as DETECTIVE OF OWASSO POLICE DEPARTMENT OF ROGERS COUNTY
32) Jacob R. Williamson a/k/a JACOB R WILLIAMSON, in his individual capacity and in official capacity as Tulsa County District Court Sheriff employee;
33) Larisa Grecu-Radu a/k/a LARISA GRECU-RADU, in her individual capacity and in official capacity as DHS LEGAL COUNSEL;
34) Leah Sukovaty a/k/a LEAH SUKOVATY, in her individual capacity and in official capacity as DHS CPS SUPERVISOR
35) Shasta Miller a/k/a SHASTA MILLER, in her individual capacity and in official capacity as DHS CPS SUPERVISOR
36) Deborah Eddingfield a/k/a DEBORAH L. EDDINGFIELD, in her individual capacity and in official capacity as DHS ADMINISTRATIVE ASSISTANT II
37) Taylor Hendricks a/k/a TAYLOR HENDRICKS, in her individual capacity and in official capacity as PRIMARY FACILITATOR FOR CPS SAFETY MEETING;
38) Jessica Martin a/k/a JESSICA MARTIN, in her individual capacity and in official capacity as DHS CPS PROGRAM FIELD REPRESENTATIVE (CASE WORKER)
39) Laurie Morris a/k/a LAURIE ANNE MORRIS, in her individual capacity and in official capacity as APPEAL REPRESENTATIVE, CHILDREN AND FAMILY SERVICES DIVISION (CFSD)
40) Jennifer Fullerton a/k/a JENNIFER FULLERTON, in her individual capacity and in official capacity as CPS CASEWORKER
41) Jerica Carmichael a/k/a JERICA CARMICHAEL, in her individual capacity and in official capacity as CWS STAFF
42) Cheryl Hall a/k/a CHERYL HALL, in her individual capacity and in official capacity as PROFESSIONAL VISITATION SUPERVISOR, employee of FAMILY VISITATION & SOLUTIONS, LLC
43) FAMILY VISITATION & SOLUTIONS, LLC, employer of Cheryl Hall
44) Jeffrey Cartmell a/k/a JEFFREY CARTMELL in his individual capacity and in official capacity as DHS EXECUTIVE DIRECTOR currently, and his predecessor
45) Deborah Shropshire a/k/a DEBORAH SHROPSHIRE, in her individual capacity and in official capacity as DHS EXECUTIVE DIRECTOR prior to 2025;
46) Loretta Radford a/k/a LORETTA RADFORD, in her individual capacity and in

official capacity as Special Judge of Tulsa County District Court; docket F;

47) Deborrah Ludi-Leitch a/k/a DEBORRAH LUDI LEITCH, in her individual capacity and in official capacity as Special Judge of Tulsa County District Court; docket F;
48) Kevin C. Leitch a/k/a KEVIN C. LEITCH, in his individual capacity and in official capacity as Spouse of Special Judge Deborrah LudiLeitch of Tulsa County District Court;
49) Sadie Temple a/k/a SADIE TEMPLE, in her individual capacity and in official capacity as COURT APPOINTED PUBLIC DEFENDER;
50) Megan Michelle Beck a/k/a MEGAN M. BECK, in her individual capacity and in official capacity as COURT APPOINTED PUBLIC DEFENDER replacement of Sadie Temple;
51) Martha Rupp Carter a/k/a MARTHA RUPP CARTER, in her individual capacity and in official capacity as Juvenile Court Judge of Tulsa Oklahoma;
52) Theresa Dreiling a/k/a THERESA DREILING, in her individual capacity and in official capacity as Juvenile Court Judge;
53) April Seibert a/k/a APRIL SEIBERT, in her individual capacity and in official capacity as Special Judge of Tulsa County District Court; docket C;
54) Rodney Sparkman a/k/a RODNEY SPARKMAN, in his individual capacity and in official capacity as Special Judge of Tulsa County District Court; docket C, a predecessor of April Seibert;
55) Todd Chesbro a/k/a TODD CHESBRO, in his individual capacity and in official capacity as Special Judge of Tulsa County District Court; docket C, a successor of April Seibert;
56) William LaFortune a/k/a WILLIAM LAFORTUNE, in his individual capacities and in official capacity as Special Judge of Tulsa County District Court Civil Court;
57) Robert Perugino a/k/a ROBERT PERUGINO, in his individual capacity and in official capacity as Administrative Judge (Special Judge) of Office of Administrative Hearings (OAH)
58) Dawn Moody a/k/a DAWN MOODY, and
59) Doug Drummond a/k/a DOUG DRUMMOND in their individual and official capacity as Presiding Judges;
60) Samantha Boen a/k/a SAMANTHA BOEN, in her individual capacity and in official capacity as Bailiff of Tulsa County District Court;
61) Kacharra Mansker a/k/a KACHARRA MANSKER, in her individual capacity and in official capacity as Court Clerk of Tulsa County District Court;
62) Vic Regalado a/k/a VIC REGALADO, in his individual capacity and in official capacity as SHERIFF OF TULSA COUNTY;
63) Jennifer Regalado a/k/a JENNIFER REGALADO, in her individual capacity and in official capacity as Spouse of SHERIFF OF TULSA COUNTY;
64) Tracy Nester a/k/a TRACY NESTER in her individual capacity and in official capacity as ASSISTANT GENERAL COUNSEL OFFICE OF OKLAHOMA BAR ASSOCIATION;
65) Gina Hendryx a/k/a GINA HENDRYX in her individual capacity and in official

capacity as GENERAL COUNSEL OFFICE OF OKLAHOMA BAR ASSOCIATION;

66) Richard Rose a/k/a RICHARD ROSE in his individual capacity and in official capacity as CHAIRMAN OF OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS;
67) Taylor Henderson a/k/a TAYLOR HENDERSON in her individual capacity and in official capacity as DIRECTOR OF OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS;
68) Vicki Cox a/k/a VICKI COX in her individual capacity and in official capacity as TRIAL COURT ADMINISTRATOR OF TULSA COUNTY DISTRICT COURT and other times acts as ADA COORDINATOR OF TULSA COUNTY;
69) Kim Hall a/k/a KIM HALL in her individual capacity and in official capacity as TRIAL COURT ADMINISTRATOR OF TULSA COUNTY DISTRICT COURT and other times acts as ADA COORDINATOR OF TULSA COUNTY;
70) Kathy Burrows a/k/a KATHY BURROWS in her individual capacity and in official capacity as ADA 504 COORDINATOR;
71) Gentner Drummond a/k/a GENTNER DRUMMOND, in their individual capacities and in official capacities as Attorney General of Oklahoma, whose predecessor was John M. O'connor a/k/a JOHN MICHAEL O'CONNOR;
72) Wendy Drummond a/k/a WENDY DRUMMOND, in her individual capacity and in official capacity as Spouse of OKLAHOMA ATTORNEY GENERAL;
73) John Kevin Stitt, a/k/a, J. KEVIN STITT, in his individual capacity and in official capacity as GOVERNOR OF OKLAHOMA;
74) Sarah Hazen Stitt a/k/a SARAH HAZEN STITT in her individual capacity and in official capacity as Spouse of GOVERNOR OF OKLAHOMA;
75) Ciera Freeman a/k/a CIERRA N FREEMAN in her individual capacity and in official capacity as COURT APPOINTED STAND-BY/ADVISORY ATTORNEY FOR CONTEMPT OF COURT CHILD SUPPORT ENFORCEMENT and as B.A.R. CARD ATTORNEY;
76) Charles Schwab and Co., Inc., in its private-for-profit-business capacity and in its official capacity as FINANCIAL CUSTODIAN FOR FORCED ILLEGAL GARNISHMENT;
77) Chandler Moxley a/k/a CHANDLER MOXLEY in her individual capacity and in official capacity as B.A.R. CARD ATTORNEY and as Officer of the Court of Oklahoma;
78) MOXLEY LAW FIRM, PLLC;
79) Dale Warner a/k/a DALE WARNER in his individual capacity and in official capacity as B.A.R. CARD ATTORNEY and as Officer of the Court of Oklahoma;
80) DALE WARNER LAW FIRM;
81) Erica Parks a/k/a ERICA PARKS, in her individual capacity and in official capacity as B.A.R. CARD ATTORNEY and as Officer of the Court of Oklahoma;
82) ERICA PARKS LAW FIRM, PLLC, an Oklahoma professional limited liability company;
83) Charles Shannon a/k/a CHARLES SHANNON in his individual capacity and in official capacity as RESIDENT AGENT-IN-CHARGE OF U.S. DEPARTMENT

OF STATE,

84) DOES #1-99 known but unidentified OKLAHOMA STATE's employees,

*Defendants.*

---

**Lower Court Case No.: 4:25-cv-00322-SEH-CDL**

Assigned Judge: Sara E. Hill

---

# Notice of Appeal
## to United States Court of Appeals for the Tenth Circuit

(Fed. R. App. P. 3 and 4)

---

*WITHOUT RECOURSE, without prejudice*
By: Linh Tran Stephens / attorney-in-fact and
one-and-only Authorized Agent and Secured Party Creditor[2]
of LINH TRAN STEPHENS©™ and of G.L.S©®,
a natural living freed woman
breathing with a soul, appearing sui juris and with Holy Spirit counsel of Yahusha,
the resurrected Son of YAHUAH ( יהוה ),
**in care of:** P.O. Box 80112, Charleston County, South Carolina [29416]
Email: linhstephens7@gmail.com | Telephone: 843-608-0294

## TABLE OF CONTENTS

TABLE OF CONTENTS .................................................. 5
**NOTICE OF PENDING RULE 59(e) DEMAND .................................................. 9**
STATEMENT OF APPELLATE JURISDICTION .................................................. 10
AFFIDAVIT OF RESERVATION OF RIGHTS, STATUS, AND PERMANENT AND CONTINUING OBJECTIONS TO JUDICIAL ABUSE OF DISCRETION AND FAILURE TO ADDRESS ONGOING HARMFUL MISCONDUCT AND CONSTITUTIONAL VIOLATIONS BY STATE ACTORS, IN SUPPORT OF NOTICE OF APPEAL .................................................. 11
DEMAND AND RELIEF SOUGHT .................................................. 14
JURAT / NOTARY SECTION — COMMON LAW ACKNOWLEDGMENT .................................................. 17
CERTIFICATE OF SERVICE .................................................. 18
INDEX OF EXHIBITS ATTACHED .................................................. 18-46

[2] See UCC-1 Filing trust account 260217-1425000 in MARYLAND

NOTICE IS HEREBY GIVEN that I, Linh Tran Stephens, the Plaintiff in the above-captioned cause, a natural living free[3]-and-nonblack woman upon the land breathing with a living soul, also the one-and-only Authorized Agent / Secured Party Creditor [1] of LINH TRAN STEPHENS©™ and of G.L.S©® and not as a surety for any fiction, NOW appearing sui juris and with Holy Spirit counsel of Yahusha–the resurrected Son of YAHUAH ( יהוה ), do hereby appeal to the United States Court of Appeals for the Tenth Circuit which has jurisdiction over all wrongdoings of Defendants who all are Oklahomans from each of the following:

1. The *Opinion and Order* entered in this cause on August 4, 2026 [ECF Doc. 115], attached as **Exhibit B**, dismissing this action without prejudice;

2. The *Judgment of Dismissal* entered in this cause on August 4, 2026 [ECF Doc. 116], signed by **Sara E. Hill**, United States District Judge, entering judgment of dismissal without prejudice, a true and correct copy of which is attached hereto as **Exhibit A**; and

3. Each and every prior order, ruling, report, recommendation, minute order, denial, striking, and interlocutory determination entered in this cause that merges into the final judgment identified above and is therefore reviewable upon appeal from that final judgment, including without limitation any order entered or recommended by a United States Judge and any order adopting the same.

---

[3] If that Son therefore shall make you free, ye shall be free indeed (John 8:36).
"Behold, all souls are mine [YAHUAH]; as the soul of the parent [mother/father], so also the soul of the child [daughter/son] is mine: the soul that sinneth, it shall die." (Ezekiel 18:4).

This *Notice of Appeal* is intended to encompass, and this appeal is taken from, the whole of the final judgment and the *Opinion and Order* underlying it, including without limitation:

**(a)** the dismissal of this action in its entirety;

**(b)** the denial of leave to amend and any ruling refusing to permit, accept, or consider amendment of Plaintiff's pleadings, including the treatment of Plaintiff's *Second Amended Federal Civil Claims/Complaint*, ECF Doc. 19, filed and entered *July 30, 2025*;

**(c)** the sealing of, or restriction of access to, ECF Doc. 19 and any other filing in this cause, where no party moved to seal and no findings supporting sealing appear upon the record, contrary to the common law and First Amendment right of access to judicial records, *Nixon v. Warner Communications*, Inc., 435 U.S. 589, 597-98 (1978);

**(d)** the application of the domestic relations exception to federal jurisdiction;

**(e)** the misapplication of *Younger v. Harris* abstention;

**(f)** the misapplication of the *Rooker Feldman* doctrine;

**(g)** the unjust treatment and disposition of my claims for monetary relief , including claims for damages against public Oklahoman actors asserting immunity, plus prospective injunctive relief against the passport certification and all licensures suspensions by Oklahoma's state courts;

**(h)** the unjust disposition of my claims arising under the Constitution for the united states of America, 42 U.S.C. §§ 1983, 1985, and 1986, and *Bivens v. Six Unknown Named Agents* ;

**(i)** the dismissal of the action in its entirety instead of merely the pleading, paired with the refusal to allow leave to replead, wherein a dismissal labeled "without prejudice" functions in practical reality as a dismissal with prejudice owing to the expiration or imminent expiration of applicable limitation periods prior to the commencement of any new suit, mirroring prior dismissals of similar federal actions against comparable actors;

**(j)** the application to my pleading of two irreconcilable standards at once — the "short and plain statement" command of Fed. R. Civ. P. 8(a)(2) on the one hand, and the factual specificity demand of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), on the other — such that no pleading i could draft would satisfy both, together with any dismissal for length, prolixity, or "shotgun" form without the explanation of particular deficiencies and the opportunity to remedy them contemplated by *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158 (10th Cir. 2007); **Plaintiff's sui juris pleading was entitled to liberal construction and to a less stringent standard than pleadings drafted by lawyers of the B.A.R. Association**. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The plausibility standard does not impose a probability requirement and does not demand detailed factual allegations; the degree of specificity necessary depends upon context. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-49 (10th Cir. 2008); *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011); *Gee v. Pacheco*, 627 F.3d 1178, 1184-86 (10th Cir. 2010).

**(k)** the dismissal and termination of properly served governmental Defendants and public agencies, including, but not limited to, the National Passport Center of the United States Department of State, which the district court docket reflects was added on June 26, 2025, and terminated on June 26, 2025, notwithstanding Plaintiff's allegations concerning that agency's involvement and Plaintiff's asserted service of process; and

**(l)** every jurisdictional, procedural, and substantive determination stated or implied in ECF Doc. 115 and ECF Doc. 116.

**NOTICE OF PENDING RULE 59(e) DEMAND**

On August 17, 2026, and prior to the filing of this Notice, i filed in this cause my *VERIFIED DEMAND TO ALTER OR AMEND THE JUDGMENT AND FOR LEAVE TO AMEND, OR ALTERNATIVELY FOR RELIEF FROM JUDGMENT* [ECF **Doc. 117**], made pursuant to Fed. R. Civ. P. 59(e), 15(a)(2), and 60(b), and tendering therewith a Proposed Second Amended Complaint as previously filed ECF **Doc. 19**. That demand was filed within the twenty-eight days allowed by Fed. R. Civ. P. 59(e), and it remains pending and undetermined as of date of this Notice.

This *Notice of Appeal* is therefore filed protectively. Under Fed. R. App. P. 4(a)(4)(A)(iv), the time to file an appeal runs for all parties from the entry of the order disposing of that demand. Under Fed. R. App. P. 4(a)(4)(B)(i), this *Notice*, having been filed after the entry of judgment but before the disposition of that demand, becomes effective upon the entry of the order disposing of it. Nothing in this *Notice* is intended or shall be construed to withdraw, abandon, moot, or waive

that demand, and the filing of this *Notice* does not divest the district court of jurisdiction to determine it.

I further give notice that, should i seek to challenge the order disposing of that aforementioned demand, or any judgment as altered or amended, i will file an amended notice of appeal within the time prescribed by Fed. R. App. P. 4(a)(4)(B)(ii), for which no additional fee is required, Fed. R. App. P. 4(a)(4)(B)(iii).

## STATEMENT OF APPELLATE JURISDICTION

The Judgment of Dismissal [ECF Doc. 116] is a final decision within the meaning of 28 U.S.C. § 1291, and this Court has jurisdiction of the appeal. The label "without prejudice" is not dispositive of finality. *Moya v. Schollenbarger*, 465 F.3d 444, 448-51 (10th Cir. 2006). What the district court dismissed was the action, not merely the pleading, and no leave to amend was granted; the order and judgment therefore finally dispose of the cause so that it is not subject to further proceedings in the federal court, and I have been effectively excluded from the federal forum. *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1275 (10th Cir. 2001). Any dismissal that in practical operation forecloses my claims — including one whose "without prejudice" form is defeated by the running of the limitations periods — is reviewable as a final decision.

I do **not**, by this *Notice*, waive, abandon, or forfeit any issue, objection, right, remedy, or claim preserved in the record of the district court and properly reviewable upon appeal. All rights are expressly reserved, without recourse and without prejudice, U.C.C. 1-308 and U.C.C. 1-103.

This *Notice* is timely filed within the period prescribed by *Fed. R. App. P. 4(a)*, the judgment appealed from having been entered on August 4, 2026.

The parties taking this appeal, and their designation for purposes of Fed. R. App. P. 3(c)(1)(A), are set forth in the caption above: Linh Tran Stephens, Plaintiff, appearing sui juris and as one-and-only Secured Party Creditor of legal entities LINH TRAN STEPHENS and G.L.S. The court to which this appeal is taken, for purposes of Fed. R. App. P. 3(c)(1)(C), is the United States Court of Appeals for the Tenth Circuit who rules over Oklahoma court actors.

## AFFIDAVIT OF RESERVATION OF RIGHTS, STATUS, AND PERMANENT AND CONTINUING OBJECTIONS TO JUDICIAL ABUSE OF DISCRETION AND FAILURE TO ADDRESS ONGOING HARMFUL MISCONDUCT AND CONSTITUTIONAL VIOLATIONS BY STATE ACTORS, IN SUPPORT OF NOTICE OF APPEAL

republic: South Carolina )
county of Charleston ) ss.

I, Linh Tran Stephens, a natural living freed-and-nonblack woman upon the land breathing with a living soul, appearing sui juris and with Holy Spirit counsel of Yahusha, the resurrected Son of YAHUAH ( יהוה ), of majority age, competent to testify, having firsthand knowledge of the facts stated herein, do solemnly affirm, declare, and state upon my own unlimited commercial liability, under penalty of perjury under the laws of the united states of America pursuant to 28 U.S.C. § 1746, and before YAHUAH ( יהוה ), that the following statements of fact are true, correct, and not misleading to the best of my knowledge, understanding, and belief:

1. That I am the natural living freed-and-nonblack woman named in the caption above, appearing sui juris with Holy Spirit counsel of Yahusha–the resurrected Son of YAHUAH ( יהוה ), and I am not a surety and I have not, do not, and wll not ever consent to any attempted body attachment warrant.

2. That I, Linh Tran Stephens (lower case), am a "free [nonblack] person" and stateless citizen ("woman" of the "Union"), in accordance with the statements made by the Honorable Justice Miller in the Slaughter-House Cases, 83 US 36 (U.S. Supreme Court – 1873), and the Honorable Chief Justice Wallace in ELLEN R. VAN VALKENBURG v. ALBERT BROWN, 43 Cal. 43 (California Supreme Court –

1872); **however, I sustained injuries and harms inflicted by Oklahomans and state actors while traveling through Oklahoma, and these injurious harms remain ongoing**. Linh Tran Stephens (lower case) is not and has never been a U.S. citizen, as clearly delineated in 28 USC 1332(a)(1). The rights of Linh Tran Stephens the sentient being are derived from the Bill of Rights, not from the 14th Amendment. Linh Tran Stephens is neither a negro nor a descendant of such. Linh Tran Stephens would be considered a "people" in plural usage. Linh Tran Stephens' lawful biological property is G.L.Stephens as Linh's flesh and blood. Linh Tran Stephens was the indorser and representative on the two original notes executed with the SBA.

3. Meanwhile, Linh's LINH TRAN STEPHENS©® entity is a 14th Amendment US citizen in accordance with 8 USC 1401(a), deriving its standing from the privileges and immunities available in the 14th Amendment, and would be termed a "person" in plural usage. That entity was born on February 09th, 1984 and falls under the subheading of "individual" in the definition of the word "person" as described in 8 USC 1101(b)(3). The legal structure of LINH TRAN STEPHENS©® is a sole proprietorship, her EIN number is the "Social Security Number" that was used on these original notes, in accordance with 26 CFR 301.7701-11. LINH TRAN STEPHENS©® is, in terms of the Commercial Codes, the represented person/account holder/issuer of the original notes executed with the SBA.

4. That on August 4, 2026, the district court entered an *Opinion and Order* [ECF Doc. 115] dismissing this action without prejudice, and on the same date entered a *Judgment of Dismissal* [ECF Doc. 116] signed by Sara E. Hill, United States District Judge, a true and correct copy of which is attached hereto as Exhibit B and A, respectively, and incorporated herein by reference as though fully set forth.

5. That I have read the *Judgment of Dismissal* attached as Exhibit A, and it states in its entirety that the matter came before the court, that an order [ECF Doc. 115] dismissing the action without prejudice had been entered, and that judgment of dismissal is entered without prejudice; it contains no findings of fact and no conclusions of law of its own ignoring Plaintiff's demand of such in original claim.

6. That the *Opinion and Order* [ECF Doc. 115] disposed of my claims upon the domestic relations exception, *Younger* abstention, and the *Rooker Feldman* doctrine, and disposed of my claims seeking money damages, and denied me leave to amend, and I say that each of those determinations is erroneous, unjust, and evil as a matter of law and is preserved for review by this appeal.

7. That the dismissal of my action, though styled "without prejudice," is not harmless to me. A dismissal without prejudice leaves the parties as though the action had never been brought, *Brown v. Hartshorne Public School District #1*, 926 F.2d 959, 961 (10th Cir. 1991), and the pendency of my suit did not of itself stop the running of the limitations clock; in an action under 42 U.S.C. § 1983 the federal court borrows the forum state's personal injury limitation period and the forum state's tolling rules, *Wilson v. Garcia*, 471 U.S. 261 (1985), *Owens v. Okure*, 488

U.S. 235 (1989), *Board of Regents v. Tomanio*, 446 U.S. 478, 483-86 (1980), and in Oklahoma that period is two years, **Okla. Stat. tit. 12, § 95(A)(3)**. Mandating a restart with a fresh case number, filing date, and filing fee functions not as a leniency but as a snare—a pitfall Plaintiff previously encountered in prior federal suits seeking monetary damages., because the refiled action may be extinguished the moment it reaches the clerk's desk. To dismiss my action on that footing, rather than to dismiss the pleading with leave to amend, is to close the courthouse door while appearing to hold it open.

8. That I was placed between two commands that cannot both be obeyed. When I plead the full history, the full context, and each wrong done to me and to my female offspring, my pleading is condemned as too long, confusing, prolix, or a "shotgun pleading" under Fed. R. Civ. P. 8(a)(2). When I plead a short and plain statement as an alternative, my pleading is condemned as insufficiently specific to be "plausible" under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). No pleading that I or any other person could draft satisfies both commands at once. That **double standard** is not neutral in its operation; it falls upon all those who sued the state and its actors without B.A.R. Association counsel, and it operated upon me. My pleading was **entitled to liberal construction**, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and to a statement of its particular deficiencies with an opportunity to remedy them before the action was ended, *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161-62 (10th Cir. 2007), and to leave to amend freely given, Fed. R. Civ. P. 15(a)(2), *Foman v. Davis*, 371 U.S. 178, 182 (1962). I received none of these.

9. That I have never knowingly, willingly, intentionally, or voluntarily waived any right secured to me and to my legal entities in caps (whose Secured Party Creditor is me and only me) by the Constitution for the united states of America, including my right of access to the courts under the First Amendment, my right to due process of law under the Fifth and Fourteenth Amendments, and my right to have controversies at common law tried by jury under the Seventh Amendment, as I have consistently and repeatedly demanded.

10. That I hereby again re-raise my permanent and continuous objection, entered now and preserved for all further proceedings in this cause and in the appeal taken herefrom, to the assignment, designation, referral, or participation of any special judge, magistrate judge, master, referee, visiting judge, senior status substitute, alternate, or any other judicial officer or substitute who is not an Article III judge of the United States holding office during good behaviour with compensation that shall not be diminished, as required by Article III, Section 1 of the Constitution for the united states of America and by the common law; and I do not consent, and have never consented, to trial, disposition, recommendation, or the exercise of any judicial power over me or over my cause by any such non-Article III officer, and no silence, appearance, filing, or conduct of mine shall be construed as such consent.

11. That I object to and do not consent to any exercise of jurisdiction over my person, my body, my female offspring, or my property by any tribunal proceeding in equity, admiralty, or statutory jurisdiction without a duly verified claim, an injured party, a valid contract to which I am a knowing party, and a competent Article III judicial officer, and all cases involving me or mine or my entities as a Defendant must be dismissed immediately including any SSA title IV cases. All cases in federal courts involving me as a Plaintiff must be adjudicated in common law and YAHUAH's law and in front of my peers!

12. That I am not a surety and I have not, do not, and will not ever consent to any attempted body attachment warrant, or to any order, writ, capias, attachment, contempt, or process directed at my living body or my liberty arising out of any presumed suretyship, trusteeship, or accommodation obligation.

13. That I expressly reassert and reserve my ongoing right to amend, supplement, correct, and perfect this *Notice of Appeal*, this Affidavit, and any associated petition, pleading, designation of record, statement of issues, or appellate brief, at any time as a matter of right and in the interest of justice—a right to submit my Second Amended Complaint that was unjustly denied to me [Doc. 19] despite explicitly reserving my right to amend in the initial complaint.

14. That I reserve all of my rights, remedies, defenses, and immunities at law, in equity, and under the Uniform Commercial Code, without prejudice, U.C.C. 1-308, and I accept no offer of contract, agency, representation, or benefit by operation of any presumption arising from this filing.

15. That I make this Affidavit in good faith, in truth, in honor, and in equity, and not for any purpose of delay, vexation, or harassment.

FURTHER AFFIANT SAYETH NAUGHT.

This Affidavit stands as truth in commerce and in law, and is unrebutted unless rebutted point-for-point, under oath, upon firsthand knowledge, and under full commercial liability. An unrebutted affidavit stands as truth.

## DEMAND AND RELIEF SOUGHT

WHEREFORE, i, Linh Tran Stephens, a natural living woman, sui juris, demand and seek the following relief:

1. That the Clerk of the United States District Court for the Northern District of Oklahoma docket this *Notice of Appeal* and its *Motion Seeking Leave to Proceed on Appeal Without Prepayment of Filing Fee with Mandatory Judicial Notice and*

*Cognizance Re: Court Costs* and transmit it, together with the docket entries and the record, to the Clerk of the United States Court of Appeals for the Tenth Circuit forthwith, in accordance with Fed. R. App. P. 3(d);

2. That the United States Court of Appeals for the Tenth Circuit take jurisdiction of this appeal pursuant to 28 U.S.C. § 1291 and authorities over all Defendants;

3. That the Opinion and Order [ECF Doc. 115] and the Judgment of Dismissal [ECF Doc. 116] be reversed and vacated in their entirety;

4. That this cause be remanded with instructions to permit amendment and to proceed upon the merits before an Article III judicial officer, and that any dismissal be of the pleading with leave to amend rather than of the action, so that my original filing date and the timeliness of my claims are preserved;

5. That the appeal be heard and determined by Article III judges of the United States, and not by any special judge, magistrate, master, alternate, or substitute, to which I have entered a permanent and continuous objection in the original filing;

6. That my right to amend and to supplement be preserved in all respects;

7. Grant all further relief including but not limited to prospective injunctive relief against the passport certification and license suspensions, as if this Court's own children stood in G.S.'s place and this Court stood in my place. Shielding documented abusers by such cruelty to an innocent mother and her firstborn female offspring is unconscionable—**as it is written[4] and as surely as YAHUAH lives:**

[4] "Behold, children are an inheritance from the LORD, and the fruit of the womb is His reward." (*Psalm 127:3*); "Do not touch My anointed ones, and do no harm to My prophets." (*Psalm 105:15*); "Go to Pharaoh and tell him, 'This is what the LORD says: Let My people go, so that they may serve Me.'" (*Exodus 8:1*); "Go to Pharaoh and tell him, 'This is what the LORD God of the Hebrews says: Let My people go, so

*Psalm 127:3; Psalm 105:15; Exodus 8:1 & 9:1; Isaiah 61:8; Deuteronomy 19:15; Isaiah 54:17; Galatians 6:7;* ***Luke 11:52****, Genesis 12:3 & Psalm 109:17, Psalm 35–37,* ***John 8:36,*** *Ezekiel 18:4*) will come to pass in Yahusha's name/authority; and

8. **This Court to provide written statements of fact and conclusions of law, rather than any abusive discretion for appeal purposes if justice, truth, YAHUAH's law, and the constitution of united states of America are not revered in this court.**

Respectfully submitted,

*Nemo me impune lacessit pursuant to Psalm 105:15 + Isaiah 54:17*
Notice to Agent is Notice to Principal, Notice to Principal is Notice to Agent, Notice applies to all successors and assigns; Affidavit is a Form of Evidence; Unrebutted Affidavit Stands as Truth in Commerce; **Silence is Tacit Acquiescence/Agreement/Dishonor**;

WITHOUT RECOURSE, without prejudice

without prejudice
linh-tran: stephens/Agent
by:

Linh Tran Stephens / one-and-only Authorized Agent, attorney-in-fact and **Secured**

that they may serve Me.'" (*Exodus 9:1*); "For I, the LORD, love justice and hate robbery offered as sacrifice. I will faithfully direct their work, and I will make an everlasting covenant with them." (*Isaiah 61:8*); "One witness alone shall not be sufficient against anyone concerning any trespass, sin, or offense. A matter must be established by the testimony of two or three witnesses." (*Deuteronomy 19:15*); "No weapon formed against you shall prosper, and you shall condemn every tongue that rises against you in judgment. This is the inheritance of the LORD's servants, and their righteousness comes from Me, declares the LORD." (*Isaiah 54:17*); "Do not be deceived: God cannot be mocked. Whatever a person sows, that person shall also reap." (*Galatians 6:7*); "Woe to you, lawyers, for you have taken away the key of knowledge. You did not enter in yourselves, and those who were entering, you hindered." (*Luke 11:52*); "I will also bless those who bless you, and curse those who curse you; and in you shall all the families of the earth be blessed."(*Genesis 12:3*); "Because he loved cursing, let the curse come upon him; and because he did not delight in blessing, let blessing remain far from him." (*Psalm 109:17*); "Therefore, if the Son makes you free, you shall be free indeed." (*John 8:36*); "Behold, all souls are mine [YAHUAH]; as the soul of the parent [mother/father], so also the soul of the child [daughter/son] is mine: the soul that sinneth, it shall die." (*Ezekiel 18:4*).

**Party Creditor[5] of LEGAL ENTITIES LINH TRAN STEPHENS©™ and of G.L.S©® ens legis and derivatives thereof** including Cestui Que Trust a.k.a. "Fide Commissary Trust", **Non-Assumpsit,** All Rights Reserved None Waived, **Without Prejudice UCC 1-308 & 1-103**,
a natural living free[6] and nonblack woman upon land breathing with a living soul, appearing sui juris and with her Holy Spirit counsel of Yahusha, the resurrected Son of YAHUAH ( יהוה ), Claimant/Plaintiff,
Ambassador of YHWH ( יהוה ) and Heir of the Creator a/k/a the I AM THAT I AM, my heir/offspring/inheritance-from-YWHW is G.L.S and all her siblings;
By the Holy and Eternal Authority vested in me by Yahusha Ha'Mashiach and as High Royal Priest of Melchizedek Order (1 Peter 2:9, Hebrews 7:17), I do hereby seal, confirm, and sanctify this instrument and its contents as lawfully issued in all Heavens and upon the Earth,
natural people with hands legs, Alive-on-the-land, Plenary mind body soul/spirit, unlimited, non-incorporated, non-sole-proprietor,
**stateless "freeman of the Union"** per Honorable Mr. Justice MILLER on April 14th, 1873, in the Slaughter-House cases, 83 US 36 (a SCOTUS case specifically mentioned in 8 FAM 102.3),
full capacity and competency with postgraduate level of education,
living on the land of the republic, with God-given rights pursuant to Bill of Rights,
NOT a "pro se"/"person"/"pauper"/"indigent"/"slave"/"public servant"/"government employee"/"ward of State"/"U.S. citizen"/"minor" in your black law dictionary; I reject your 12 legal presumptions/assumptions/double-speaking and reject all implied/undisclosed/uninformed contracts;
as Article IV Section 2 Citizens of each State are entitled to all Privileges & Immunities;
% PO Box 80112,
Charleston, South Carolina [zip exempt but near 29416] without U.S.D.C.
**previous address during malicious injuries by Oklahoma state's employees was "in care of 11063 S Memorial Dr, Ste D #235, Tulsa, Oklahoma [74133]"**
Email: LinhStephens7@gmail.com | *Tel:* 843-608-0294

## JURAT / NOTARY SECTION — COMMON LAW ACKNOWLEDGMENT

*Notary Public herein acts only to verify the identity of the living woman autographing this instrument, and not to alter, create, or convey any status, agency, or suretyship.*

state of Minnesota )
county of Sherburne ) *ss.*

Before me electronically/virtually, the undersigned Notary Public, personally appeared Linh Tran Stephens, known to me to be the natural living woman

[5] See UCC-1 Filing trust account 260217-1425000 in MARYLAND

[6] If that Son therefore shall make you free, ye shall be free indeed (John 8:36).
"Behold, all souls are mine [YAHUAH]; as the soul of the parent [mother/father], so also the soul of the child [daughter/son] is mine: the soul that sinneth, it shall die." (Ezekiel 18:4).

described in and who executed the foregoing instrument, and she duly acknowledged to me that she executed the same as her free and voluntary act and deed for the uses and purposes therein set forth, under common law jurisdiction, without adhesion to any statutory or administrative form.

Subscribed and sworn before me this 17th day of August, 2026.

Melissa K. Vagle

Signature of Notary/Jurat

MELISSA K VAGLE
Notary Public
State of Minnesota
My Commission Expires
January 31, 2028

Notary Public's Commission Expires: 01/31/2028

## CERTIFICATE OF SERVICE

I certify that on the 17th day of August, 2026, I filed the foregoing *Notice of Appeal*, together with the *Affidavit* and *Exhibit A and Exhibit B* attached hereto, with the Clerk of the United States District Court for the Northern District of Oklahoma.

I further certify that service upon all parties and counsel of record will be made through the Court's CM/ECF electronic filing system for all registered participants, and by United States Mail, postage prepaid, upon any party or participant not served electronically, as required by Fed. R. Civ. P. 5. I will retain proof of any required non-electronic service.

WITHOUT RECOURSE.

without prejudice
linh-tran: stephens/Agent

## INDEX OF EXHIBITS ATTACHED

**Exhibit A** — Judgment of Dismissal, entered August 4, 2026 [ECF Doc. 116], Case 4:25-cv-00322-SEH-CDL, signed by Sara E. Hill, United States District Judge (1 page).

**Exhibit B** — Opinion and Order, entered August 4, 2026 [ECF Doc. 115], dismissing the action without prejudice, Case 4:25-cv-00322-SEH-CDL, signed by Sara E. Hill, United States District Judge (25 pages).

# EXHIBIT A

## JUDGMENT OF DISMISSAL

Entered August 4, 2026 — ECF No. 116

United States District Court for the Northern District of Oklahoma

Signed: Sara E. Hill, United States District Judge

(1 page)

*Attached to the Notice of Appeal of linh tran stephens,*
*a natural living woman, sui juris — Case No. 4:25-cv-00322-SEH-CDL*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

**LINH TRAN STEPHENS,**

**Plaintiff,**

**v.**

**STATE OF OKLAHOMA, et al.,**

**Defendants.**

**Case No. 25-CV-00322-SEH-CDL**

## JUDGMENT OF DISMISSAL

This matter has come before the Court and an order [ECF No. 115] dismissing the action without prejudice has been entered. Judgment of dismissal is hereby entered without prejudice.

DATED this 4th day of August, 2026.

Sara E. Hill
UNITED STATES DISTRICT JUDGE

# EXHIBIT B

## OPINION AND ORDER OF DISMISSAL

Entered August 4, 2026 — ECF No. 115

United States District Court for the Northern District of Oklahoma

(25 pages)

*Attached to the Notice of Appeal of linh tran stephens,*
*a natural living woman, sui juris — Case No. 4:25-cv-00322-SEH-CDL*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **LINH TRAN STEPHENS,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**STATE OF OKLAHOMA, et al.,**<br><br>**Defendants.** | **Case No. 25-CV-00322-SEH-CDL** |

## OPINION AND ORDER

Before the Court are multiple motions to dismiss Plaintiff Linh Tran Stephens's amended complaint. [ECF Nos. 14, 21, 26, 28, 30, 31, 34[1], 36, 38, 42, 43, 46, 47, 48, 54, 59, 69, 81, 83, 89, 93, 104, 105]. Stephens filed a 101-page amended complaint with 13 pages of exhibits against 83 named defendants and 99 "known but unidentified" State of Oklahoma employees. [ECF No. 6]. She generally alleges that her constitutional rights were violated during state court child custody proceedings, and she attacks the entry and validity of orders issued during those proceedings. [*Id*.]. The Court has reviewed the state court docket on the Oklahoma State Courts Network (OSCN) and finds these proceedings are ongoing.[2]

---

[1] Defendant Oklahoma Supreme Court joins and adopts this motion. [ECF No. 50].

[2] In various places in her amended complaint, Stephens cites to a protective order issued in the Tulsa County District Court, PO-2021-3843. [ECF No. 6 at 31, 37, 91].

This is not the first case Stephens has brought in the Northern District of Oklahoma related to her state court child custody matter. *See Stephens et al. v. Sparkman et al.*, No. 22-CV-00480-CVE-JFJ, 2023 WL 2994113 (N.D. Okla. April 18, 2023); *Stephens v. Seibert et al.*, No. 23-CV-553-GKF-SH, 2024 WL 6466763 (N.D. Okla. Nov. 20, 2024), *recommendation adopted in Stephens v. Stephens*, No. 23-CV-553-GKF-SH, 2024 WL 6466761 (N.D. Okla. Dec. 3, 2024); *Stephens v. State of Oklahoma et al.*, 25-CV-00285-GKF-MTS (N.D. Okla. Jan. 21, 2026); *Stephens v. State of Oklahoma et al.*, 25-CV-00286-CVE-MTS (N.D. Okla. Jan. 22, 2026); *Stephens v. Parks et al.*, 24-CV-00259-GKF-MTS (N.D. Okla. July 9, 2024); *Stephens v. Child Support Servs. of Okla. Dep't of Human Servs.*, No. 24-cv-216-JDR-CDL, 2025 WL 1194950 (N.D. Okla. Apr. 25, 2025), *aff'd*, No. 25-5063, 2026 WL 125755 (10th Cir. Jan. 16, 2026), *cert. denied*, No. 25A913, 2026 WL 513733 (Feb. 20, 2026).

Here, the Court dismisses the entirety of this action for substantially the same reasons Stephens's previous petitions and complaints have been dismissed.

---

This protective order was consolidated under Tulsa County District Court case FD-2015-2228. *See* Tulsa County District Court, Case No. FD-2015-2228 at 12/8/2021. On July 15, 2026, Stephens filed a petition for writ of certiorari to the United States Supreme Court in FD-2015-2228. "Federal Rule of Evidence 201 authorizes a federal court to take judicial notice of adjudicative facts at any stage of the proceedings, and in the absence of a request of a party." *Zimomra v. Alamo Rent-A-Car, Inc.*, 111 F.3d 1495, 1503 (10th Cir. 1997).

## I. The Amended Complaint

Stephens asserts 30 causes of action, alleging violations of Title II of the Americans with Disabilities Act (ADA) and constitutional violations under 42 U.S.C. §§ 1983, 1985, and 1986 for cruel and unusual punishment, retaliation, infringement of her right against "self-incrimination," her right to parent, her right to travel, her right of free speech, religion, and association, and violations of her due process and equal protection rights. [*See* ECF No. 6]. The amended complaint also mentions violations of the "Full Faith and Credit Clause," "ERISA," the "False Claims Act," "Oaths of Office," and various federal criminal laws. [*Id*. at 51–52, 61–63, 67–69, 74–77, 79, 82–85]. Stephens further alleges "Fraud Upon the Court," "Judicial Misconduct and Bias," garnishment violations, a violation of a "Child's Rights and Best Interests," a "Failure to Prosecute," and a state law claim for intentional infliction of emotional distress. [*Id*. at 77–78, 85–90]. She also brings a petition for a "Writ of Habeas Corpus," seeking return of her minor daughter to her custody. [*Id*. at 79–82].

Stephens seeks declaratory and injunctive relief in the form of an immediate return of her daughter to her custody, modifying an Oklahoma child custody order, ordering a SANE exam, enjoining Oklahoma state court proceedings, vacating certain child custody, child support, and contempt orders, reversal of her passport and licensure suspensions, referring alleged

crimes to the Justice Department, immediate return of seized retirement funds, a declaration that "imprisoning indigent parents for child support nonpayment violates the Eighth Amendment," and "appointment of a federal monitor to oversee Oklahoma family courts and OKDHS practices." [ECF No. 6 at 91–94]. She further seeks $500 million dollars in monetary damages, treble damages under the False Claims Act, court costs and fees, and "past attorney costs and fees." [*Id.* at 91–92, 94].

As shown above, multiple defendants move to dismiss Stephens's claims. She has filed a combined response to most of these pending motions. [ECF No. 74]. Although Stephens attaches numerous exhibits to her response, the Court will not consider these exhibits in determining the motions to dismiss.[3]

## II. Discussion

The Court construes Stephens's pro se filings liberally. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But it will not act as her advocate and therefore will not search the record, conduct research, or construct arguments on her behalf. *See id.* at 840–41. Generously construing the amended complaint, the Court finds that this action should be dismissed without prejudice.

[3] If the Court considers matters outside the amended complaint, it may transform Defendants' motions into ones for summary judgment. *See* Fed. R. Civ. P. 12(d).

Case 4:25-cv-00322-SEH-CDL Document 110 Filed in USDC ND/OK on 08/14/26 Page 5 of 25

### *A. To the extent Stephens seeks federal habeas relief under § 2241, she identifies no facts that would permit this Court to exercise federal habeas jurisdiction.*

The Court construes at least part of the amended complaint as a habeas petition, based on language within it and Stephens's attempt to obtain custody of her minor child through its filing. For instance, claim 24 asserts that Stephens "invokes the writ of habeas corpus, pursuant to 28 U.S.C. § 2241, to challenge the ongoing unlawful detention of her minor child, G.L.S., by the State of Oklahoma and its agents." [ECF No. 6 at 81, ¶ 194]. She alleges that her child's "detention is unlawful because it stems from actions taken without jurisdiction and in violation of fundamental constitutional rights, including G.L.S.'s Fourth and Fourteenth Amendment rights." [*Id.*]. Throughout the amended complaint, Stephens repeatedly alleges her daughter was unlawfully removed from her home and demands that she be returned to her custody. [*See*, *e.g.*, *id.* at ¶ 57, ¶ 61, § 174, ¶ 202(b), ¶ 191 "RETURN THE CHILD TO ME AS SHE IS MINE–I AM HER BIOLOGICAL MOM!"]. The Court construes these parts of the amended complaint as a habeas petition and finds that they should be dismissed for lack of subject matter jurisdiction.[4]

---

[4] Although Plaintiff's claim for federal habeas relief under § 2241 is not directly challenged by any defendant, the Court has an independent duty to determine whether jurisdiction exists. *See 1mage Software, Inc. v. Reynolds and Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) ("Federal courts 'have an independent

Federal courts may grant a writ of habeas corpus to a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Under 28 U.S.C. § 2254(a), federal courts also have the authority to entertain state prisoner habeas petitions alleging they are "in custody in violation of the Constitution or laws or treaties of the United States" pursuant to a state court judgment. But nothing in the amended complaint plausibly suggests that Stephens's daughter is "in custody" as the Supreme Court has interpreted that phrase.

In *Lehman v. Lycoming Cty. Children's Services Agency*, 458 U.S. 502, 511 (1982) the Supreme Court held that a mother could not challenge a state court judgment terminating her parental rights through 28 U.S.C. § 2254 because "extending the federal writ to challenges to state child-custody decisions—challenges based on alleged constitutional defects collateral to the actual custody decision—would be an unprecedented expansion of the jurisdiction of the lower federal courts." *Id.* at 512. The Court found that the children were "not prisoners" in foster care and did not "suffer any restrictions imposed by a state criminal justice system." *Id.* at 510. Rather, they were "in the 'custody' of their foster parents in essentially the same way,

---

obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506, 514 (2006)).

and to the same extent, other children are in the custody of their natural or adoptive parents." *Id*. at 510. Therefore, the Court found the children "not in the 'custody' of the State in the sense in which that term has been used … in determining the availability of the writ of habeas corpus." *Id*.

Similarly, here, Stephens has not alleged that her daughter is "in custody" in any way that would make federal habeas relief available to her. Rather, Stephens seeks to collaterally attack the state court custody decision. The federal habeas statutes do not confer jurisdiction in these circumstances. *See Lehman*, 458 U.S. at 515 (holding that 28 U.S.C. § 2254 "does not confer federal-court jurisdiction" in child-custody cases); *Dees v. Weiser*, No. 25-1336, 2026 WL 412409, at *3 (10th Cir. Feb. 13, 2026) ("[F]ederal habeas has never been available to challenge parental rights or child custody." (quoting *Lehman*, 458 U.S. at 511)); *see also Shophar v. United States*, 838 F. App'x 328, 332 (10th Cir. 2020) (habeas jurisdiction does not extend to questions of child custody and federal courts ordinarily lack jurisdiction to decide child-custody questions).

Accepting Stephens's allegations as true, they are not sufficient to establish that this Court has subject matter jurisdiction over her petition for a writ of habeas corpus under § 2241. Although the petitioner in *Lehman* sought relief under § 2254, and not § 2241, *Lehman* still precludes this Court from exercising federal habeas jurisdiction. To the extent the amended

Case 4:25-cv-00322-SEH-CDL Document 115 Filed in USDC ND/OK on 08/14/25 Page 8 of 25

complaint seeks an injunction to give Stephens custody of her minor child or seeks a declaration that she is entitled to that custody, this Court lacks jurisdiction to resolve the merits of those claims. *See Shophar*, 838 F. App'x at 332 (affirming district court's finding that it lacked jurisdiction to decide a child-custody dispute). Accordingly, any part of the amended complaint that could reasonably be construed as a habeas petition is dismissed without prejudice.[5]

***B. The rest of the amended complaint is dismissed without prejudice.***

Of the 83 named defendants, 57 move to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), arguing, generally, that the Court lacks subject matter jurisdiction over this action and that Stephens fails to state a claim for relief. Because the Court "cannot proceed at all in any cause" unless it has jurisdiction and "may not assume jurisdiction for the purpose of deciding the merits of the case," the Court first addresses jurisdiction. *See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (recognizing federal courts cannot rule on the merits of a case without having jurisdiction over the subject matter and the parties) (internal quotation

---

[5] Insofar as this order constitutes a final adverse order entered against Stephens in a habeas proceeding, the Court declines to issue a certificate of appealability under 28 U.S.C. § 2253 because the lack of subject matter jurisdiction constitutes a plain procedural bar. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

marks omitted). The Court may address jurisdictional issues in whatever order it deems appropriate. *Id.* ("[T]here is no mandatory sequencing of jurisdictional issues.") (internal quotation marks omitted). Here, because the Court finds that the domestic-relations exception, *Younger* abstention, and the *Rooker-Feldman* doctrine bar Stephens's claims, it need not resolve other jurisdictional arguments the defendants raise.

*1. The Domestic-Relations Exception*

First, "federal courts generally lack the power to hear most family-law questions, as they fall under the traditional authority of the states." *Wiland v. Stitt*, No. 24-CV-00443-GKF, 2024 WL 4271570, at *1 (N.D. Okla. Sept. 23, 2024) (citing *Barber v. Barber*, 62 U.S. 582, 584 (1858)); *see also Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (noting, "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States") (quoting *Ex parte Burrus*, 136 U.S. 586, 593–94 (1890), *abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014) (internal quotation marks omitted)); *Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005) (holding that the district court lacked jurisdiction over a child-custody dispute). This rule—known as the "domestic-relations exception"—prohibits federal courts from reopening, reissuing, correcting, or modifying any order in a domestic-relations case. *Alfaro v. Cty. of Arapahoe*, 766 F. App'x 657, 659

(10th Cir. 2019) (citation omitted). Thus, the domestic-relations exception applies when a federal court is asked to decide "issues regularly decided in state-court domestic-relations actions." *Id*. at 660 (quoting *Vaughan v. Smithson*, 883 F.2d 63, 65 (10th Cir. 1989) (cleaned up)).

Stephens asks the Court to do just that. She seeks custody of her minor child, vacation of the child support order, and reversal of all collateral consequences related to her failure to pay child support. [ECF No. 6 at 91–93]. Therefore, she is essentially requesting to modify the state court's child custody orders. The Court lacks jurisdiction to issue such relief.

*2. Younger Abstention*

Second, the Court must abstain from exercising jurisdiction under *Younger v. Harris*, 401 U.S. 37 (1971). Although not all the moving defendants invoke the domestic-relations exception or *Younger* abstention as bases for dismissal, the Court may raise these issues sua sponte. *See Morrow v. Winslow*, 94 F.3d 1386, 1391 (10th Cir. 1996) (recognizing the power of the federal courts to abstain from interfering with state-court proceedings); *Wiland*, 2024 WL 4271570, at *2–3 (sua sponte dismissing action without prejudice pursuant to the domestic-relations exception and *Younger* abstention).

Under *Younger*, federal courts are not permitted to interfere in certain pending state matters. 401 U.S. at 40–41. "[F]ederal courts are obliged to

decide cases within the scope of federal jurisdiction," but there are "certain instances in which the prospect of undue interference with state proceedings counsels against federal relief." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013). The Supreme Court has "stressed" that "[c]ircumstances fitting within the *Younger* doctrine ... are 'exceptional[.]'" *Id.* at 73. So, "the possibility of *Younger* abstention is triggered *only when* the state proceeding falls into one of" three categories. *Travelers Cas. Ins. Co. of Am. v. A-Quality Auto Sales, Inc.*, 98 F.4th 1307, 1317 (10th Cir. 2024) (emphasis in original). These categories include: "(1) state criminal prosecutions, (2) civil enforcement proceedings that take on a quasi-criminal shape, and (3) civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial function." *Id.* (cleaned up). The Tenth Circuit refers to these as the "*Sprint* categories." *Bivings v. Paprzycki*, No. 25-1171, 2025 WL 3687800, at *2 (10th Cir. Dec. 19, 2025).

Here, the threshold inquiry is met because this case falls into both the second and third *Sprint* categories. What appears to be a juvenile proceeding Stephens challenges—by alleging that the State unlawfully took custody of her minor child—is a "civil enforcement proceeding[ ] that take[s] on a quasi-criminal shape," *Travelers Cas. Ins. Co.*, 98 F.4th at 1317 (original brackets omitted). Indeed, the Supreme Court has held that *Younger* abstention applies to "the temporary removal of a child in a child-abuse context" because

Case 4:25-cv-00322-SEH-CDL Document 121 Filed in USDC ND/OK on 08/18/26 Page 12 of 25

such proceedings are "in aid of and closely related to criminal statutes." *Moore v. Sims*, 442 U.S. 415, 419–420, 423 (1979) (state-initiated proceeding to gain custody of children allegedly abused by their parents) (internal quotation marks omitted).

And another federal court has already determined that Stephens's challenge to child support enforcement proceedings fits the third *Sprint* category. *See Stephens v. Child Support Servs. of Okla. Dep't of Human Servs.*, 2025 WL 1194950, at *4 ("Although Ms. Stephens does not directly challenge any state-court orders pertaining to divorce in her motion, she does contest the seizure of funds to pay a child-support award and she disputes the power and authority of those involved in the state-court proceedings."). Other federal courts have similarly found that challenges to child support orders fall under *Sprint's* third category, even when paired with constitutional claims. *See Gibson v. Lopez*, No. 21-cv-02610-WJM-NYW, 2022 WL 2158986, at *6 (D. Colo. June 15, 2022) (finding constitutional claims did not "transcend or exist apart from the family law issue") (collecting cases); *but cf. Covington v. Humphries*, No. 24-1158, 2025 WL 1448661, at *5 (10th Cir. May 19, 2025) (finding underlying state domestic relations proceedings did not fit the *Sprint* categories when proceedings addressed only "a parenting time dispute and evidentiary issues" related to alleged child abuse).

Case 4:25-cv-00322-SEH-CDL Document 121 Filed in USDC ND/OK on 08/18/26 Page 63 of 125

Here, Stephens requests that this Court vacate orders issued in her state custody case, direct that her minor child be returned to her custody, and enjoin the state court from any further "enforcement actions." [ECF No. 6 at 91–92]. The Tenth Circuit has found the third *Sprint* category implicated in such requests. *See Gladstone v. Owens*, No. 25-1345, 2025 WL 3441796, at *5 (10th Cir. Dec. 1, 2025) (finding "the third category … present" when plaintiff "asked the district court to vacate a no-contact parenting order issued in his state child custody proceeding and stay the partition proceedings before the state court."). "*Younger* abstention is required 'when the relief requested from the federal court would enjoin or otherwise interfere with' ongoing state proceedings." *Id.* (quoting *Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660, 670 (10th Cir. 2020)). The Court finds the relief Stephens seeks would interfere with the state court's ability to modify its divorce decree, enforce its orders, and implement its contempt measures. This type of interference falls squarely within the third *Sprint* category.

"If and only if the state court proceeding falls within one of the enumerated exceptional types of cases, may courts analyze the propriety of abstention under the so-called *Middlesex*[6] conditions." *Travelers Cas. Ins. Co. of Am.*, 98 F.4th at 1317 (internal quotation marks omitted). Under

---

[6] "*Middlesex*" refers to *Middlesex Cty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423 (1982).

*Middlesex*, a court should "refrain from hearing an action over which it has jurisdiction when the federal proceedings would (1) interfere with an ongoing state judicial proceeding (2) that implicates important state interests and (3) affords an adequate opportunity to raise the federal claims." *Joseph A. ex rel. Wolfe v. Ingram*, 275 F.3d 1253, 1267 (10th Cir. 2002) (internal brackets and quotation marks omitted).

Here, all three conditions requiring abstention are met. First, the Court finds that Stephens seeks relief from an ongoing state proceeding. *See*, *supra*, n. 2; *see also*, e.g., *Stephens*, 2025 WL 1194950, at *5 (noting under this element that "the Tulsa court will continue to exercise jurisdiction over the domestic relationships in that case during the years to come"). This finding is based on the time Stephens filed her original complaint. *See Younger*, 401 U.S. at 41 (expressing no view as to when prosecution is not "pending in state courts at the time the federal proceeding is begun"); *see also Chapman v. Barcus*, 372 F. App'x 899, 902 (10th Cir. 2010) (finding *Younger's* first condition satisfied when "[t]he state custody matter was ongoing at the time [Plaintiff] filed this action " (emphasis added)); *Lambeth v. Miller*, 363 F. App'x 565, 568 (10th Cir.2010) (same, because "[t]he [Kansas] abatement proceeding was *ongoing at the time plaintiff filed this action* " (emphasis added)). At the time Stephens initiated this lawsuit on June 26, 2025, the Oklahoma Supreme Court had not yet issued its mandate from denying

Stephens's appeal. *Compare* [ECF No. 2] *with* Tulsa County District Court, Case No. FD-2015-2228 at 07/16/2025. The state court docket further reflects that multiple hearings have been held, and that Stephens has presented numerous filings in the Oklahoma matter, since bringing her federal claims. *Id*. at 06/27/2025–07/15/26. The Court therefore finds the first element met.

Second, as discussed above, the domestic-related proceedings at issue in this case implicate important state interests. In particular, "the injunctive relief [Stephens] seeks—which appears to include alteration and/or elimination of the enforcement of state court child support orders—would interfere with the state family court's ability to conduct proceedings and resolve current and any future disputes about child support." *Hawkins v. Region 8 IV-D Agency*, No. 24-cv-02802-GPG-KAS, 2025 WL 2197307 (D. Colo. July 29, 2025). And allegations of misconduct related to those proceedings "are matters of state interest of the first magnitude." *Id*. (quoting *Stauffer v. Hayes*, No. 08-cv-00815-WYD-BNB, 2008 WL 5682093, at *8 (D. Colo. Dec. 12, 2008), *recommendation adopted by* 2009 WL 724050 (D. Colo. Mar. 19, 2009). Thus, the second element is met.

Third, the Court finds that the Tulsa County District Court provides an adequate forum for Stephens's federal claims. Her constitutional challenges may be raised in state court. *See Amanatullah v. Colorado Bd. of Med. Examiners*, 187 F.3d 1160, 1164 (10th Cir. 1999) ("It is sufficient for purposes

of *Younger* abstention that federal challenges," including "civil rights complaints, may be raised in state court judicial review of administrative proceedings." (citation omitted)); *Williams v. Jewell*, 107 F.3d 881, 1997 WL 100929, at *2 (10th Cir. 1997) ("[E]ven the most '[m]inimal respect for the state processes ... precludes any *presumption* that the state courts will not safeguard federal constitutional rights.'" (quoting *Middlesex Cty. Ethics Comm'n*, 457 U.S. at 431) (emphasis in original). And Stephens's lack of success in obtaining the relief she sought before the Oklahoma courts does not render those proceedings inadequate for *Younger* purposes. *See Morkel v. Davis*, 513 F. App'x 724, 728–29 (10th Cir. 2013) ("To the extent that [Plaintiff] has already raised her constitutional concerns in the state trial court, that court's decisions are not 'inadequate' for *Younger* purposes simply because the court did not rule in her favor."). Therefore, the third element is met.

Because all three conditions requiring abstention are met, the only remaining question is whether exceptional circumstances militate against abstention. When the three conditions are met, "abstention is mandatory unless one of three exceptions applies[.]" *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019). These include prosecutions: "(1) commenced in bad faith or to harass, (2) based on a flagrantly and patently unconstitutional statute, or (3) related to any other such extraordinary circumstance creating a threat of

irreparable injury both great and immediate." *Id*. at 1258–59 (citation and internal quotation marks omitted). Stephens contends that the first and third exceptions apply, arguing that "[t]he state proceedings have been conducted in bad faith and with the intent to harass, as evidenced by the pattern of constitutional violations," and that "extraordinary circumstances exist, including the systematic deprivation of [her] constitutional rights and the irreparable harm that will result if federal intervention is denied." [ECF No. 74 at 14]. "But these exceptions 'only provide for a very narrow gate for federal intervention.'" *Aurelio v. Mullin*, No. 24-1120, 2024 WL 4404239, at *3 (10th Cir. Oct. 4, 2024) (quoting *Phelps v. Hamilton*, 59 F.3d 1058, 1064 (10th Cir. 1995)). And Stephens "has a 'heavy burden' in invoking them." *Id*. (citing *Phelps*, 59 F.3d at 1066).

"For the bad faith exception to apply, [Stephens] must '*prove* bad faith or harassment,' with 'more than mere allegations.'" *Aurelio*, 2024 WL 4404239, at *3 (quoting *Phelps*, 59 F.3d at 1065) (emphasis in original). She fails to do so. Her reliance "on the unproven and largely conclusory allegations of her amended complaint … is 'insufficient to obtain federal court intervention.'" *Id*. (citing Phelps, 59 F.3d at 1065).

Nor does the third exception apply. The Tenth Circuit has "consistently refused to find an exception to *Younger* when the injury could ultimately be corrected through the pending state proceeding or on appeal." *Winn*, 945 F.3d

Case 4:25-cv-00322-SEH-CDL Document 11-5 Filed in USDC ND/OK on 08/04/26 Page 18 of 25

at 1259. Notably, the state court docket reflects that Stephens filed a petition for certiorari to the United States Supreme Court on February 11, 2026, and again on July 15, 2026. *See* Tulsa County District Court, Case No. FD-2015-2228 at 02/11/2026 and 07/15/26. Thus, Stephens is actively pursuing an appeal. At bottom, the Court finds that no exceptional circumstances apply to Stephens's claims; therefore, it must abstain under *Younger*.

Dismissal under *Younger* is similar to a dismissal for lack of subject matter jurisdiction.[7] Therefore, Stephens's claims are dismissed without prejudice.[8]

---

[7] "It is unclear in this circuit whether *Younger* abstention implicates federal courts' subject matter jurisdiction … Given that dismissal without prejudice is the proper result whether or not *Younger* abstention affects a federal court's subject matter jurisdiction…." *Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 523 n. 32 (10th Cir. 2023).

[8] *Younger* typically does not require dismissal of monetary claims. *Graff*, 65 F.4th at 523 (explaining that claims for monetary relief should be stayed under the state court proceedings are final). However, the Tenth Circuit has found *Younger* to be "the *sole* ground for dismissal" when a plaintiff sought monetary relief in addition to declaratory and injunctive relief. *See Goings v. Sumner Cty. Dist. Attorney's Office*, 571 F. App'x 634, 636, 639–40 (10th Cir. 2014) (emphasis in original). Here, Stephens seeks declaratory, injunctive, and monetary relief for the same claims. [ECF No. 6 at 90–94]. Therefore, dismissing the amended complaint in its entirety would be appropriate. *Accord Stephens et al. v. Sparkman et al.,* 2023 WL 2994113, at *4 n. 7; *Stephens v. Seibert et al.*, No. 23-CV-553-GKF-SH, ECF No. 39, at *7 (N.D. Okla. June 13, 2024).

But Stephens's monetary claims are also subject to dismissal for running afoul of Fed. R. Civ. P. 8, which requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Stephens's allegations are against the collective "all defendants," or against various groups of defendants, and fail to attribute specific conduct to each defendant. Such allegations are insufficient to provide Defendants fair notice as to

*3. The Rooker-Feldman Doctrine*

Third, and finally, to the extent Stephens contests any final orders in the underlying state court proceedings, the Court finds that it lacks jurisdiction to consider such claims under the *Rooker-Feldman* doctrine. This doctrine provides that federal district courts generally lack subject matter jurisdiction over claims that seek review of adverse state court judgments. *See Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 416 (1923) (holding "no court of the United States other than [the Supreme Court] could entertain a proceeding to reverse or modify [a state court's] judgment for errors"); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings."); *see, e.g.*, *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1193 (10th Cir. 2010) ("Because it implicates our subject matter jurisdiction, we address [whether] the *Rooker-Feldman* doctrine bars this entire § 1983 suit before turning to the merits of the case.").

---

the basis of Stephens's claims. *See Robbins v. Okla.*, 519 F.3d 1242, 1249–50 (10th Cir. 2008) (in § 1983 cases, a complaint must "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state.") (emphasis in original). "Indeed, courts within the Tenth Circuit have consistently dismissed complaints requesting monetary damages based on a plaintiff's failure to comply with Rule 8, regardless of *Younger* abstention." *Fisk v. Okla. Dep't of Human Services*, No. 25-CV-260-JFH-GLJ, 2026 WL 1587107, at *2 (E.D. Okla. June 3, 2026) (collecting cases). Therefore, the Court finds that a stay of proceedings is unwarranted. All of Stephens's claims are dismissed without prejudice.

*Rooker-Feldman*'s jurisdictional bar applies when "(1) the plaintiff lost in state court, (2) the state court judgment caused the plaintiff's injuries, (3) the state court rendered judgment before the plaintiff filed the federal claim, and (4) the plaintiff is asking the district court to review and reject the state court judgment." *Bruce v. City & Cnty. of Denver*, 57 F.4th 738, 746 (10th Cir. 2023). "When these predicates are present, lower federal courts lack subject matter jurisdiction." *Graff v. Aberdeen Enterprizes II, Inc.*, 65 F.4th 500, 514–15 (10th Cir. 2023) (citing *Lance v. Dennis*, 546 U.S. 459, 464 (2006)). The jurisdictional bar of *Rooker-Feldman* is claim specific. *Id.* (citation omitted).

"To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment and thus jurisdictionally off limits under *Rooker-Feldman* [the court] must pay close attention to the relief the plaintiff seeks." *St. George v. Weiser*, No. 21-1399, 2022 WL 17999564, at *2 (10th Cir. Dec. 30, 2022) (quotation and brackets omitted). A federal claim is "inextricably intertwined with the state court judgment" when "a plaintiff seeks a remedy that would 'disrupt or undo' a state court judgment." *Id.* (quoting *Kenmen Eng'g v. City of Union*, 314 F.3d 468, 476 (10th Cir. 2002), *overruled in part on other grounds by Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291–92 (2005)).

Here, Stephens argues that the *Rooker-Feldman* doctrine does not apply because she challenges "independent violations of federal rights by state

actors[.]" [ECF No. 74 at 11–12; *see also* ECF No. 6 at 11–12]. She further argues that she "challenges NOT the state court judgments themselves but … "its jurisdiction voided ab initio … and the unconstitutional actions and procedures employed by Defendants during the proceedings[.]" [ECF No. 74 at 12]. However, the specific relief Stephens seeks is the "immediate return" of her minor child to her custody and that the Court "vacate and expunge" the state court's child support order, child custody order, and "all contempt charges or conviction[s]" related to the state court proceedings. [ECF No. 6 at 91]. These requests are precisely the type of claims encompassed by the *Rooker-Feldman* doctrine. The Court therefore may not consider Stephens's challenges to the state court child custody proceedings; any such claim is barred.

For all these reasons, the Court finds that it lacks subject matter jurisdiction over Stephens's claims. This action is dismissed without prejudice.

***C. Leave to amend is denied.***

In her response, Stephens alternatively requests leave to amend. [ECF No. 74 at 24–27]. This is procedurally improper. *See Johnson v. Spencer*, 950 F.3d 680, 721 (10th Cir. 2020) ("a bare request to amend in response to a motion to dismiss is insufficient to place the court and opposing parties on notice of the plaintiff's request to amend and the particular grounds upon which such a

request would be based"). Outside amendment as a matter of course, a party may "amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend should be freely given "when justice so requires." *Id.* The court should "generally refuse leave to amend only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Denver Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005) (citation and internal quotation marks omitted). However, "[t]he grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 330 (1971)).

Here, Stephens "requests leave to amend rather than dismissal" if "this Court finds any technical deficiencies" in her claims. [ECF No. 74 at 24]. She further explains that amendment would "clarify" her "dual status as both [a] natural person and legal entity."[9] [*Id.* at 25]. These reasons do not provide Stephens a basis to amend.

---

[9] Stephens refers to herself in the amended complaint as "a natural living woman, sui juris, with inherent sovereign rights." [ECF No. 6 at 1].

As explained above, the deficiencies in the amended complaint are jurisdictional, not technical. And the Tenth Circuit has repeatedly rejected the "sovereign citizen theory." *See United States v. Burton*, 856 F. App'x 173, 175 (10th Cir. 2021) (rejecting criminal defendant's "argument that his Moor nationality removed him from the criminal jurisdiction of the district court"); *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990) (dismissing defendants' arguments that federal taxes did not apply because they were "free born, white, preamble, sovereign, natural, individual common law 'de jure' citizens of a state, etc." as "lacking in legal merit and patently frivolous"); *United States v. Palmer*, 699 F. App'x 836, 838 (10th Cir. 2017) ("As for [defendant's] sovereign state citizen argument, reasonable jurists could also not disagree that the claim is plainly frivolous.").

Stephens has already amended her complaint once as a matter of course. [ECF Nos. 2, 6]. And her second amended complaint was stricken for her failure to first seek leave from the Court. [ECF Nos. 19, 52]. Because the Court lacks subject matter jurisdiction over Stephens's claims, allowing her to amend again would unduly delay these proceedings, prejudice the defendants, and ultimately be futile.

For these reasons, the Court denies Stephens leave to amend.

## III. Conclusion

To the extent Stephens brings a petition for writ of habeas corpus, she fails to identify facts that would permit this Court to exercise federal habeas jurisdiction. Therefore, the Court dismisses Stephens's habeas petition without prejudice, for lack of subject matter jurisdiction, and denies her a certificate of appealability. The remainder of the amended complaint is dismissed without prejudice under the domestic-relations exception, *Younger*, and the *Rooker-Feldman* doctrine.[10]

**IT IS THEREFORE ORDERED** that Defendants' motions to dismiss [ECF Nos. 14, 21, 26, 28, 30, 31, 34, 36, 38, 42, 43, 46, 47, 48, 50, 54, 59, 69, 81, 83, 89, 93, 104, 105] are GRANTED, under Fed. R. Civ. P. 12(b)(1). To the extent Plaintiff's amended complaint is construed in part as a petition for writ of habeas corpus, seeking relief under 28 U.S.C. § 2241, that part is DISMISSED without prejudice for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that the remainder of Plaintiff's amended complaint [ECF No. 6] is DISMISSED without prejudice. This is a final order

---

[10] Because the Court finds that Stephens's federal claims must be dismissed for a lack of subject matter jurisdiction, it no longer has any basis to exercise supplemental jurisdiction over her remaining state law claims. The Court further declines to address Defendants' remaining arguments challenging the Court's subject matter jurisdiction or Stephens's ability to state a claim pursuant to Rule 12(b)(6), based on its findings set out above.

terminating this action, a certificate of appealability is denied, and a separate judgment of dismissal will enter.

DATED this 4th day of August, 2026.

Sara Hill

Sara E. Hill
UNITED STATES DISTRICT JUDGE

FILED
Aug 04 2026
Heidi D. Campbell, Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHO**

| | |
|---|---|
| **LINH TRAN STEPHENS,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**STATE OF OKLAHOMA, et al.,**<br><br>**Defendants.** | **Case No. 25-CV-00322-SEH-CDL** |

## JUDGMENT OF DISMISSAL

This matter has come before the Court and an order [ECF No. 115] dismissing the action without prejudice has been entered. Judgment of dismissal is hereby entered without prejudice.

DATED this 4th day of August, 2026.

Sara Hill
Sara E. Hill
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **LINH TRAN STEPHENS,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**STATE OF OKLAHOMA, et al.,**<br><br>**Defendants.** | **Case No. 25-CV-00322-SEH-CDL** |

## OPINION AND ORDER

Before the Court are multiple motions to dismiss Plaintiff Linh Tran Stephens's amended complaint. [ECF Nos. 14, 21, 26, 28, 30, 31, 34[1], 36, 38, 42, 43, 46, 47, 48, 54, 59, 69, 81, 83, 89, 93, 104, 105]. Stephens filed a 101-page amended complaint with 13 pages of exhibits against 83 named defendants and 99 "known but unidentified" State of Oklahoma employees. [ECF No. 6]. She generally alleges that her constitutional rights were violated during state court child custody proceedings, and she attacks the entry and validity of orders issued during those proceedings. [*Id.*]. The Court has reviewed the state court docket on the Oklahoma State Courts Network (OSCN) and finds these proceedings are ongoing.[2]

---

[1] Defendant Oklahoma Supreme Court joins and adopts this motion. [ECF No. 50].

[2] In various places in her amended complaint, Stephens cites to a protective order issued in the Tulsa County District Court, PO-2021-3843. [ECF No. 6 at 31, 37, 91].

This is not the first case Stephens has brought in the Northern District of Oklahoma related to her state court child custody matter. *See Stephens et al. v. Sparkman et al.*, No. 22-CV-00480-CVE-JFJ, 2023 WL 2994113 (N.D. Okla. April 18, 2023); *Stephens v. Seibert et al.*, No. 23-CV-553-GKF-SH, 2024 WL 6466763 (N.D. Okla. Nov. 20, 2024), *recommendation adopted in Stephens v. Stephens*, No. 23-CV-553-GKF-SH, 2024 WL 6466761 (N.D. Okla. Dec. 3, 2024); *Stephens v. State of Oklahoma et al.*, 25-CV-00285-GKF-MTS (N.D. Okla. Jan. 21, 2026); *Stephens v. State of Oklahoma et al.*, 25-CV-00286-CVE-MTS (N.D. Okla. Jan. 22, 2026); *Stephens v. Parks et al.*, 24-CV-00259-GKF-MTS (N.D. Okla. July 9, 2024); *Stephens v. Child Support Servs. of Okla. Dep't of Human Servs.*, No. 24-cv-216-JDR-CDL, 2025 WL 1194950 (N.D. Okla. Apr. 25, 2025), *aff'd*, No. 25-5063, 2026 WL 125755 (10th Cir. Jan. 16, 2026), *cert. denied*, No. 25A913, 2026 WL 513733 (Feb. 20, 2026).

Here, the Court dismisses the entirety of this action for substantially the same reasons Stephens's previous petitions and complaints have been dismissed.

---

This protective order was consolidated under Tulsa County District Court case FD-2015-2228. *See* Tulsa County District Court, Case No. FD-2015-2228 at 12/8/2021. On July 15, 2026, Stephens filed a petition for writ of certiorari to the United States Supreme Court in FD-2015-2228. "Federal Rule of Evidence 201 authorizes a federal court to take judicial notice of adjudicative facts at any stage of the proceedings, and in the absence of a request of a party." *Zimomra v. Alamo Rent-A-Car, Inc.*, 111 F.3d 1495, 1503 (10th Cir. 1997).

## I. The Amended Complaint

Stephens asserts 30 causes of action, alleging violations of Title II of the Americans with Disabilities Act (ADA) and constitutional violations under 42 U.S.C. §§ 1983, 1985, and 1986 for cruel and unusual punishment, retaliation, infringement of her right against "self-incrimination," her right to parent, her right to travel, her right of free speech, religion, and association, and violations of her due process and equal protection rights. [*See* ECF No. 6]. The amended complaint also mentions violations of the "Full Faith and Credit Clause," "ERISA," the "False Claims Act," "Oaths of Office," and various federal criminal laws. [*Id*. at 51–52, 61–63, 67–69, 74–77, 79, 82–85]. Stephens further alleges "Fraud Upon the Court," "Judicial Misconduct and Bias," garnishment violations, a violation of a "Child's Rights and Best Interests," a "Failure to Prosecute," and a state law claim for intentional infliction of emotional distress. [*Id*. at 77–78, 85–90]. She also brings a petition for a "Writ of Habeas Corpus," seeking return of her minor daughter to her custody. [*Id*. at 79–82].

Stephens seeks declaratory and injunctive relief in the form of an immediate return of her daughter to her custody, modifying an Oklahoma child custody order, ordering a SANE exam, enjoining Oklahoma state court proceedings, vacating certain child custody, child support, and contempt orders, reversal of her passport and licensure suspensions, referring alleged

crimes to the Justice Department, immediate return of seized retirement funds, a declaration that "imprisoning indigent parents for child support nonpayment violates the Eighth Amendment," and "appointment of a federal monitor to oversee Oklahoma family courts and OKDHS practices." [ECF No. 6 at 91–94]. She further seeks $500 million dollars in monetary damages, treble damages under the False Claims Act, court costs and fees, and "past attorney costs and fees." [*Id.* at 91–92, 94].

As shown above, multiple defendants move to dismiss Stephens's claims. She has filed a combined response to most of these pending motions. [ECF No. 74]. Although Stephens attaches numerous exhibits to her response, the Court will not consider these exhibits in determining the motions to dismiss.[3]

## II. Discussion

The Court construes Stephens's pro se filings liberally. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But it will not act as her advocate and therefore will not search the record, conduct research, or construct arguments on her behalf. *See id.* at 840–41. Generously construing the amended complaint, the Court finds that this action should be dismissed without prejudice.

[3] If the Court considers matters outside the amended complaint, it may transform Defendants' motions into ones for summary judgment. *See* Fed. R. Civ. P. 12(d).

### *A. To the extent Stephens seeks federal habeas relief under § 2241, she identifies no facts that would permit this Court to exercise federal habeas jurisdiction.*

The Court construes at least part of the amended complaint as a habeas petition, based on language within it and Stephens's attempt to obtain custody of her minor child through its filing. For instance, claim 24 asserts that Stephens "invokes the writ of habeas corpus, pursuant to 28 U.S.C. § 2241, to challenge the ongoing unlawful detention of her minor child, G.L.S., by the State of Oklahoma and its agents." [ECF No. 6 at 81, ¶ 194]. She alleges that her child's "detention is unlawful because it stems from actions taken without jurisdiction and in violation of fundamental constitutional rights, including G.L.S.'s Fourth and Fourteenth Amendment rights." [*Id.*]. Throughout the amended complaint, Stephens repeatedly alleges her daughter was unlawfully removed from her home and demands that she be returned to her custody. [*See*, *e.g.*, *id.* at ¶ 57, ¶ 61, § 174, ¶ 202(b), ¶ 191 "RETURN THE CHILD TO ME AS SHE IS MINE–I AM HER BIOLOGICAL MOM!"]. The Court construes these parts of the amended complaint as a habeas petition and finds that they should be dismissed for lack of subject matter jurisdiction.[4]

---

[4] Although Plaintiff's claim for federal habeas relief under § 2241 is not directly challenged by any defendant, the Court has an independent duty to determine whether jurisdiction exists. *See 1mage Software, Inc. v. Reynolds and Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) ("Federal courts 'have an independent

Federal courts may grant a writ of habeas corpus to a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Under 28 U.S.C. § 2254(a), federal courts also have the authority to entertain state prisoner habeas petitions alleging they are "in custody in violation of the Constitution or laws or treaties of the United States" pursuant to a state court judgment. But nothing in the amended complaint plausibly suggests that Stephens's daughter is "in custody" as the Supreme Court has interpreted that phrase.

In *Lehman v. Lycoming Cty. Children's Services Agency*, 458 U.S. 502, 511 (1982) the Supreme Court held that a mother could not challenge a state court judgment terminating her parental rights through 28 U.S.C. § 2254 because "extending the federal writ to challenges to state child-custody decisions—challenges based on alleged constitutional defects collateral to the actual custody decision—would be an unprecedented expansion of the jurisdiction of the lower federal courts." *Id.* at 512. The Court found that the children were "not prisoners" in foster care and did not "suffer any restrictions imposed by a state criminal justice system." *Id.* at 510. Rather, they were "in the 'custody' of their foster parents in essentially the same way,

---

obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506, 514 (2006)).

and to the same extent, other children are in the custody of their natural or adoptive parents." *Id.* at 510. Therefore, the Court found the children "not in the 'custody' of the State in the sense in which that term has been used … in determining the availability of the writ of habeas corpus." *Id.*

Similarly, here, Stephens has not alleged that her daughter is "in custody" in any way that would make federal habeas relief available to her. Rather, Stephens seeks to collaterally attack the state court custody decision. The federal habeas statutes do not confer jurisdiction in these circumstances. *See Lehman*, 458 U.S. at 515 (holding that 28 U.S.C. § 2254 "does not confer federal-court jurisdiction" in child-custody cases); *Dees v. Weiser*, No. 25-1336, 2026 WL 412409, at *3 (10th Cir. Feb. 13, 2026) ("[F]ederal habeas has never been available to challenge parental rights or child custody." (quoting *Lehman*, 458 U.S. at 511)); *see also Shophar v. United States*, 838 F. App'x 328, 332 (10th Cir. 2020) (habeas jurisdiction does not extend to questions of child custody and federal courts ordinarily lack jurisdiction to decide child-custody questions).

Accepting Stephens's allegations as true, they are not sufficient to establish that this Court has subject matter jurisdiction over her petition for a writ of habeas corpus under § 2241. Although the petitioner in *Lehman* sought relief under § 2254, and not § 2241, *Lehman* still precludes this Court from exercising federal habeas jurisdiction. To the extent the amended

complaint seeks an injunction to give Stephens custody of her minor child or seeks a declaration that she is entitled to that custody, this Court lacks jurisdiction to resolve the merits of those claims. *See Shophar*, 838 F. App'x at 332 (affirming district court's finding that it lacked jurisdiction to decide a child-custody dispute). Accordingly, any part of the amended complaint that could reasonably be construed as a habeas petition is dismissed without prejudice.[5]

### *B. The rest of the amended complaint is dismissed without prejudice.*

Of the 83 named defendants, 57 move to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), arguing, generally, that the Court lacks subject matter jurisdiction over this action and that Stephens fails to state a claim for relief. Because the Court "cannot proceed at all in any cause" unless it has jurisdiction and "may not assume jurisdiction for the purpose of deciding the merits of the case," the Court first addresses jurisdiction. *See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (recognizing federal courts cannot rule on the merits of a case without having jurisdiction over the subject matter and the parties) (internal quotation

---

[5] Insofar as this order constitutes a final adverse order entered against Stephens in a habeas proceeding, the Court declines to issue a certificate of appealability under 28 U.S.C. § 2253 because the lack of subject matter jurisdiction constitutes a plain procedural bar. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

marks omitted). The Court may address jurisdictional issues in whatever order it deems appropriate. *Id.* ("[T]here is no mandatory sequencing of jurisdictional issues.") (internal quotation marks omitted). Here, because the Court finds that the domestic-relations exception, *Younger* abstention, and the *Rooker-Feldman* doctrine bar Stephens's claims, it need not resolve other jurisdictional arguments the defendants raise.

1. *The Domestic-Relations Exception*

First, "federal courts generally lack the power to hear most family-law questions, as they fall under the traditional authority of the states." *Wiland v. Stitt*, No. 24-CV-00443-GKF, 2024 WL 4271570, at *1 (N.D. Okla. Sept. 23, 2024) (citing *Barber v. Barber*, 62 U.S. 582, 584 (1858)); *see also Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (noting, "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States") (quoting *Ex parte Burrus*, 136 U.S. 586, 593–94 (1890), *abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014) (internal quotation marks omitted)); *Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005) (holding that the district court lacked jurisdiction over a child-custody dispute). This rule—known as the "domestic-relations exception"—prohibits federal courts from reopening, reissuing, correcting, or modifying any order in a domestic-relations case. *Alfaro v. Cty. of Arapahoe*, 766 F. App'x 657, 659

(10th Cir. 2019) (citation omitted). Thus, the domestic-relations exception applies when a federal court is asked to decide "issues regularly decided in state-court domestic-relations actions." *Id*. at 660 (quoting *Vaughan v. Smithson*, 883 F.2d 63, 65 (10th Cir. 1989) (cleaned up)).

Stephens asks the Court to do just that. She seeks custody of her minor child, vacation of the child support order, and reversal of all collateral consequences related to her failure to pay child support. [ECF No. 6 at 91–93]. Therefore, she is essentially requesting to modify the state court's child custody orders. The Court lacks jurisdiction to issue such relief.

*2. Younger Abstention*

Second, the Court must abstain from exercising jurisdiction under *Younger v. Harris*, 401 U.S. 37 (1971). Although not all the moving defendants invoke the domestic-relations exception or *Younger* abstention as bases for dismissal, the Court may raise these issues sua sponte. *See Morrow v. Winslow*, 94 F.3d 1386, 1391 (10th Cir. 1996) (recognizing the power of the federal courts to abstain from interfering with state-court proceedings); *Wiland*, 2024 WL 4271570, at *2–3 (sua sponte dismissing action without prejudice pursuant to the domestic-relations exception and *Younger* abstention).

Under *Younger*, federal courts are not permitted to interfere in certain pending state matters. 401 U.S. at 40–41. "[F]ederal courts are obliged to

decide cases within the scope of federal jurisdiction," but there are "certain instances in which the prospect of undue interference with state proceedings counsels against federal relief." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013). The Supreme Court has "stressed" that "[c]ircumstances fitting within the *Younger* doctrine ... are 'exceptional[.]'" *Id.* at 73. So, "the possibility of *Younger* abstention is triggered *only when* the state proceeding falls into one of" three categories. *Travelers Cas. Ins. Co. of Am. v. A-Quality Auto Sales, Inc.*, 98 F.4th 1307, 1317 (10th Cir. 2024) (emphasis in original). These categories include: "(1) state criminal prosecutions, (2) civil enforcement proceedings that take on a quasi-criminal shape, and (3) civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial function." *Id.* (cleaned up). The Tenth Circuit refers to these as the "*Sprint* categories." *Bivings v. Paprzycki*, No. 25-1171, 2025 WL 3687800, at *2 (10th Cir. Dec. 19, 2025).

Here, the threshold inquiry is met because this case falls into both the second and third *Sprint* categories. What appears to be a juvenile proceeding Stephens challenges—by alleging that the State unlawfully took custody of her minor child—is a "civil enforcement proceeding[ ] that take[s] on a quasi-criminal shape," *Travelers Cas. Ins. Co.*, 98 F.4th at 1317 (original brackets omitted). Indeed, the Supreme Court has held that *Younger* abstention applies to "the temporary removal of a child in a child-abuse context" because

such proceedings are "in aid of and closely related to criminal statutes." *Moore v. Sims*, 442 U.S. 415, 419–420, 423 (1979) (state-initiated proceeding to gain custody of children allegedly abused by their parents) (internal quotation marks omitted).

And another federal court has already determined that Stephens's challenge to child support enforcement proceedings fits the third *Sprint* category. *See Stephens v. Child Support Servs. of Okla. Dep't of Human Servs.*, 2025 WL 1194950, at *4 ("Although Ms. Stephens does not directly challenge any state-court orders pertaining to divorce in her motion, she does contest the seizure of funds to pay a child-support award and she disputes the power and authority of those involved in the state-court proceedings."). Other federal courts have similarly found that challenges to child support orders fall under *Sprint's* third category, even when paired with constitutional claims. *See Gibson v. Lopez*, No. 21-cv-02610-WJM-NYW, 2022 WL 2158986, at *6 (D. Colo. June 15, 2022) (finding constitutional claims did not "transcend or exist apart from the family law issue") (collecting cases); *but cf. Covington v. Humphries*, No. 24-1158, 2025 WL 1448661, at *5 (10th Cir. May 19, 2025) (finding underlying state domestic relations proceedings did not fit the *Sprint* categories when proceedings addressed only "a parenting time dispute and evidentiary issues" related to alleged child abuse).

Here, Stephens requests that this Court vacate orders issued in her state custody case, direct that her minor child be returned to her custody, and enjoin the state court from any further "enforcement actions." [ECF No. 6 at 91–92]. The Tenth Circuit has found the third *Sprint* category implicated in such requests. *See Gladstone v. Owens*, No. 25-1345, 2025 WL 3441796, at *5 (10th Cir. Dec. 1, 2025) (finding "the third category … present" when plaintiff "asked the district court to vacate a no-contact parenting order issued in his state child custody proceeding and stay the partition proceedings before the state court."). "*Younger* abstention is required 'when the relief requested from the federal court would enjoin or otherwise interfere with' ongoing state proceedings." *Id.* (quoting *Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660, 670 (10th Cir. 2020)). The Court finds the relief Stephens seeks would interfere with the state court's ability to modify its divorce decree, enforce its orders, and implement its contempt measures. This type of interference falls squarely within the third *Sprint* category.

"If and only if the state court proceeding falls within one of the enumerated exceptional types of cases, may courts analyze the propriety of abstention under the so-called *Middlesex*[6] conditions." *Travelers Cas. Ins. Co. of Am.*, 98 F.4th at 1317 (internal quotation marks omitted). Under

[6] "*Middlesex*" refers to *Middlesex Cty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423 (1982).

*Middlesex*, a court should "refrain from hearing an action over which it has jurisdiction when the federal proceedings would (1) interfere with an ongoing state judicial proceeding (2) that implicates important state interests and (3) affords an adequate opportunity to raise the federal claims." *Joseph A. ex rel. Wolfe v. Ingram*, 275 F.3d 1253, 1267 (10th Cir. 2002) (internal brackets and quotation marks omitted).

Here, all three conditions requiring abstention are met. First, the Court finds that Stephens seeks relief from an ongoing state proceeding. *See*, *supra*, n. 2; *see also*, e.g., *Stephens*, 2025 WL 1194950, at *5 (noting under this element that "the Tulsa court will continue to exercise jurisdiction over the domestic relationships in that case during the years to come"). This finding is based on the time Stephens filed her original complaint. *See Younger*, 401 U.S. at 41 (expressing no view as to when prosecution is not "pending in state courts at the time the federal proceeding is begun"); *see also Chapman v. Barcus*, 372 F. App'x 899, 902 (10th Cir. 2010) (finding *Younger's* first condition satisfied when "[t]he state custody matter was ongoing at the time [Plaintiff] filed this action " (emphasis added)); *Lambeth v. Miller*, 363 F. App'x 565, 568 (10th Cir.2010) (same, because "[t]he [Kansas] abatement proceeding was *ongoing at the time plaintiff filed this action* " (emphasis added)). At the time Stephens initiated this lawsuit on June 26, 2025, the Oklahoma Supreme Court had not yet issued its mandate from denying

Stephens's appeal. *Compare* [ECF No. 2] *with* Tulsa County District Court, Case No. FD-2015-2228 at 07/16/2025. The state court docket further reflects that multiple hearings have been held, and that Stephens has presented numerous filings in the Oklahoma matter, since bringing her federal claims. *Id*. at 06/27/2025–07/15/26. The Court therefore finds the first element met.

Second, as discussed above, the domestic-related proceedings at issue in this case implicate important state interests. In particular, "the injunctive relief [Stephens] seeks—which appears to include alteration and/or elimination of the enforcement of state court child support orders—would interfere with the state family court's ability to conduct proceedings and resolve current and any future disputes about child support." *Hawkins v. Region 8 IV-D Agency*, No. 24-cv-02802-GPG-KAS, 2025 WL 2197307 (D. Colo. July 29, 2025). And allegations of misconduct related to those proceedings "are matters of state interest of the first magnitude." *Id*. (quoting *Stauffer v. Hayes*, No. 08-cv-00815-WYD-BNB, 2008 WL 5682093, at *8 (D. Colo. Dec. 12, 2008), *recommendation adopted by* 2009 WL 724050 (D. Colo. Mar. 19, 2009). Thus, the second element is met.

Third, the Court finds that the Tulsa County District Court provides an adequate forum for Stephens's federal claims. Her constitutional challenges may be raised in state court. *See Amanatullah v. Colorado Bd. of Med. Examiners*, 187 F.3d 1160, 1164 (10th Cir. 1999) ("It is sufficient for purposes

of *Younger* abstention that federal challenges," including "civil rights complaints, may be raised in state court judicial review of administrative proceedings." (citation omitted)); *Williams v. Jewell*, 107 F.3d 881, 1997 WL 100929, at *2 (10th Cir. 1997) ("[E]ven the most '[m]inimal respect for the state processes ... precludes any *presumption* that the state courts will not safeguard federal constitutional rights.'" (quoting *Middlesex Cty. Ethics Comm'n*, 457 U.S. at 431) (emphasis in original). And Stephens's lack of success in obtaining the relief she sought before the Oklahoma courts does not render those proceedings inadequate for *Younger* purposes. *See Morkel v. Davis*, 513 F. App'x 724, 728–29 (10th Cir. 2013) ("To the extent that [Plaintiff] has already raised her constitutional concerns in the state trial court, that court's decisions are not 'inadequate' for *Younger* purposes simply because the court did not rule in her favor."). Therefore, the third element is met.

Because all three conditions requiring abstention are met, the only remaining question is whether exceptional circumstances militate against abstention. When the three conditions are met, "abstention is mandatory unless one of three exceptions applies[.]" *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019). These include prosecutions: "(1) commenced in bad faith or to harass, (2) based on a flagrantly and patently unconstitutional statute, or (3) related to any other such extraordinary circumstance creating a threat of

irreparable injury both great and immediate." *Id.* at 1258–59 (citation and internal quotation marks omitted). Stephens contends that the first and third exceptions apply, arguing that "[t]he state proceedings have been conducted in bad faith and with the intent to harass, as evidenced by the pattern of constitutional violations," and that "extraordinary circumstances exist, including the systematic deprivation of [her] constitutional rights and the irreparable harm that will result if federal intervention is denied." [ECF No. 74 at 14]. "But these exceptions 'only provide for a very narrow gate for federal intervention.'" *Aurelio v. Mullin*, No. 24-1120, 2024 WL 4404239, at *3 (10th Cir. Oct. 4, 2024) (quoting *Phelps v. Hamilton*, 59 F.3d 1058, 1064 (10th Cir. 1995)). And Stephens "has a 'heavy burden' in invoking them." *Id.* (citing *Phelps*, 59 F.3d at 1066).

"For the bad faith exception to apply, [Stephens] must '*prove* bad faith or harassment,' with 'more than mere allegations.'" *Aurelio*, 2024 WL 4404239, at *3 (quoting *Phelps*, 59 F.3d at 1065) (emphasis in original). She fails to do so. Her reliance "on the unproven and largely conclusory allegations of her amended complaint … is 'insufficient to obtain federal court intervention.'" *Id.* (citing Phelps, 59 F.3d at 1065).

Nor does the third exception apply. The Tenth Circuit has "consistently refused to find an exception to *Younger* when the injury could ultimately be corrected through the pending state proceeding or on appeal." *Winn*, 945 F.3d

at 1259. Notably, the state court docket reflects that Stephens filed a petition for certiorari to the United States Supreme Court on February 11, 2026, and again on July 15, 2026. *See* Tulsa County District Court, Case No. FD-2015-2228 at 02/11/2026 and 07/15/26. Thus, Stephens is actively pursuing an appeal. At bottom, the Court finds that no exceptional circumstances apply to Stephens's claims; therefore, it must abstain under *Younger*.

Dismissal under *Younger* is similar to a dismissal for lack of subject matter jurisdiction.[7] Therefore, Stephens's claims are dismissed without prejudice.[8]

---

[7] "It is unclear in this circuit whether *Younger* abstention implicates federal courts' subject matter jurisdiction … Given that dismissal without prejudice is the proper result whether or not *Younger* abstention affects a federal court's subject matter jurisdiction…." *Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 523 n. 32 (10th Cir. 2023).

[8] *Younger* typically does not require dismissal of monetary claims. *Graff*, 65 F.4th at 523 (explaining that claims for monetary relief should be stayed under the state court proceedings are final). However, the Tenth Circuit has found *Younger* to be "the *sole* ground for dismissal" when a plaintiff sought monetary relief in addition to declaratory and injunctive relief. *See Goings v. Sumner Cty. Dist. Attorney's Office*, 571 F. App'x 634, 636, 639–40 (10th Cir. 2014) (emphasis in original). Here, Stephens seeks declaratory, injunctive, and monetary relief for the same claims. [ECF No. 6 at 90–94]. Therefore, dismissing the amended complaint in its entirety would be appropriate. *Accord Stephens et al. v. Sparkman et al.,* 2023 WL 2994113, at *4 n. 7; *Stephens v. Seibert et al.*, No. 23-CV-553-GKF-SH, ECF No. 39, at *7 (N.D. Okla. June 13, 2024).

But Stephens's monetary claims are also subject to dismissal for running afoul of Fed. R. Civ. P. 8, which requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Stephens's allegations are against the collective "all defendants," or against various groups of defendants, and fail to attribute specific conduct to each defendant. Such allegations are insufficient to provide Defendants fair notice as to

### *3. The Rooker-Feldman Doctrine*

Third, and finally, to the extent Stephens contests any final orders in the underlying state court proceedings, the Court finds that it lacks jurisdiction to consider such claims under the *Rooker-Feldman* doctrine. This doctrine provides that federal district courts generally lack subject matter jurisdiction over claims that seek review of adverse state court judgments. *See Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 416 (1923) (holding "no court of the United States other than [the Supreme Court] could entertain a proceeding to reverse or modify [a state court's] judgment for errors"); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings."); *see, e.g.*, *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1193 (10th Cir. 2010) ("Because it implicates our subject matter jurisdiction, we address [whether] the *Rooker-Feldman* doctrine bars this entire § 1983 suit before turning to the merits of the case.").

---

the basis of Stephens's claims. *See Robbins v. Okla.*, 519 F.3d 1242, 1249–50 (10th Cir. 2008) (in § 1983 cases, a complaint must "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state.") (emphasis in original). "Indeed, courts within the Tenth Circuit have consistently dismissed complaints requesting monetary damages based on a plaintiff's failure to comply with Rule 8, regardless of *Younger* abstention." *Fisk v. Okla. Dep't of Human Services*, No. 25-CV-260-JFH-GLJ, 2026 WL 1587107, at *2 (E.D. Okla. June 3, 2026) (collecting cases). Therefore, the Court finds that a stay of proceedings is unwarranted. All of Stephens's claims are dismissed without prejudice.

*Rooker-Feldman*'s jurisdictional bar applies when "(1) the plaintiff lost in state court, (2) the state court judgment caused the plaintiff's injuries, (3) the state court rendered judgment before the plaintiff filed the federal claim, and (4) the plaintiff is asking the district court to review and reject the state court judgment." *Bruce v. City & Cnty. of Denver*, 57 F.4th 738, 746 (10th Cir. 2023). "When these predicates are present, lower federal courts lack subject matter jurisdiction." *Graff v. Aberdeen Enterprizes II, Inc.*, 65 F.4th 500, 514–15 (10th Cir. 2023) (citing *Lance v. Dennis*, 546 U.S. 459, 464 (2006)). The jurisdictional bar of *Rooker-Feldman* is claim specific. *Id.* (citation omitted).

"To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment and thus jurisdictionally off limits under *Rooker-Feldman* [the court] must pay close attention to the relief the plaintiff seeks." *St. George v. Weiser*, No. 21-1399, 2022 WL 17999564, at *2 (10th Cir. Dec. 30, 2022) (quotation and brackets omitted). A federal claim is "inextricably intertwined with the state court judgment" when "a plaintiff seeks a remedy that would 'disrupt or undo' a state court judgment." *Id.* (quoting *Kenmen Eng'g v. City of Union*, 314 F.3d 468, 476 (10th Cir. 2002), *overruled in part on other grounds by Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291–92 (2005)).

Here, Stephens argues that the *Rooker-Feldman* doctrine does not apply because she challenges "independent violations of federal rights by state

actors[.]" [ECF No. 74 at 11–12; *see also* ECF No. 6 at 11–12]. She further argues that she "challenges NOT the state court judgments themselves but … "its jurisdiction voided ab initio … and the unconstitutional actions and procedures employed by Defendants during the proceedings[.]" [ECF No. 74 at 12]. However, the specific relief Stephens seeks is the "immediate return" of her minor child to her custody and that the Court "vacate and expunge" the state court's child support order, child custody order, and "all contempt charges or conviction[s]" related to the state court proceedings. [ECF No. 6 at 91]. These requests are precisely the type of claims encompassed by the *Rooker-Feldman* doctrine. The Court therefore may not consider Stephens's challenges to the state court child custody proceedings; any such claim is barred.

For all these reasons, the Court finds that it lacks subject matter jurisdiction over Stephens's claims. This action is dismissed without prejudice.

***C. Leave to amend is denied.***

In her response, Stephens alternatively requests leave to amend. [ECF No. 74 at 24–27]. This is procedurally improper. *See Johnson v. Spencer*, 950 F.3d 680, 721 (10th Cir. 2020) ("a bare request to amend in response to a motion to dismiss is insufficient to place the court and opposing parties on notice of the plaintiff's request to amend and the particular grounds upon which such a

request would be based"). Outside amendment as a matter of course, a party may "amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend should be freely given "when justice so requires." *Id.* The court should "generally refuse leave to amend only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Denver Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005) (citation and internal quotation marks omitted). However, "[t]he grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 330 (1971)).

Here, Stephens "requests leave to amend rather than dismissal" if "this Court finds any technical deficiencies" in her claims. [ECF No. 74 at 24]. She further explains that amendment would "clarify" her "dual status as both [a] natural person and legal entity."[9] [*Id.* at 25]. These reasons do not provide Stephens a basis to amend.

---

[9] Stephens refers to herself in the amended complaint as "a natural living woman, sui juris, with inherent sovereign rights." [ECF No. 6 at 1].

As explained above, the deficiencies in the amended complaint are jurisdictional, not technical. And the Tenth Circuit has repeatedly rejected the "sovereign citizen theory." *See United States v. Burton*, 856 F. App'x 173, 175 (10th Cir. 2021) (rejecting criminal defendant's "argument that his Moor nationality removed him from the criminal jurisdiction of the district court"); *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990) (dismissing defendants' arguments that federal taxes did not apply because they were "free born, white, preamble, sovereign, natural, individual common law 'de jure' citizens of a state, etc." as "lacking in legal merit and patently frivolous"); *United States v. Palmer*, 699 F. App'x 836, 838 (10th Cir. 2017) ("As for [defendant's] sovereign state citizen argument, reasonable jurists could also not disagree that the claim is plainly frivolous.").

Stephens has already amended her complaint once as a matter of course. [ECF Nos. 2, 6]. And her second amended complaint was stricken for her failure to first seek leave from the Court. [ECF Nos. 19, 52]. Because the Court lacks subject matter jurisdiction over Stephens's claims, allowing her to amend again would unduly delay these proceedings, prejudice the defendants, and ultimately be futile.

For these reasons, the Court denies Stephens leave to amend.

## III. Conclusion

To the extent Stephens brings a petition for writ of habeas corpus, she fails to identify facts that would permit this Court to exercise federal habeas jurisdiction. Therefore, the Court dismisses Stephens's habeas petition without prejudice, for lack of subject matter jurisdiction, and denies her a certificate of appealability. The remainder of the amended complaint is dismissed without prejudice under the domestic-relations exception, *Younger*, and the *Rooker-Feldman* doctrine.[10]

**IT IS THEREFORE ORDERED** that Defendants' motions to dismiss [ECF Nos. 14, 21, 26, 28, 30, 31, 34, 36, 38, 42, 43, 46, 47, 48, 50, 54, 59, 69, 81, 83, 89, 93, 104, 105] are GRANTED, under Fed. R. Civ. P. 12(b)(1). To the extent Plaintiff's amended complaint is construed in part as a petition for writ of habeas corpus, seeking relief under 28 U.S.C. § 2241, that part is DISMISSED without prejudice for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that the remainder of Plaintiff's amended complaint [ECF No. 6] is DISMISSED without prejudice. This is a final order

[10] Because the Court finds that Stephens's federal claims must be dismissed for a lack of subject matter jurisdiction, it no longer has any basis to exercise supplemental jurisdiction over her remaining state law claims. The Court further declines to address Defendants' remaining arguments challenging the Court's subject matter jurisdiction or Stephens's ability to state a claim pursuant to Rule 12(b)(6), based on its findings set out above.

terminating this action, a certificate of appealability is denied, and a separate judgment of dismissal will enter.

DATED this 4th day of August, 2026.

Sara Hill

Sara E. Hill
UNITED STATES DISTRICT JUDGE