**IN THE UNTED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LINH TRAN STEPHENS, *a natural living woman, sui juris, with inherent sovereign rights*,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF OKLAHOMA, *et al.,*<br><br>Defendants. | **Case No.: 25-cv-322-SEH-CDL** |

**<u>STATE OFFICE DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S VERIFIED DEMAND TO ALTER OR AMEND THE JUDGMENT</u>**

Defendants Oklahoma Attorney General's Office, Oklahoma State Bureau of Investigation, Oklahoma State Governor's Office, and Oklahoma Commission on Children and Youth (collectively the "State Office Defendants"), hereby submit this response in opposition to Plaintiff's Verified Demand to Alter or Amend the Judgment [Doc. 117]. In support of this response, State Office Defendants state as follows:

## INTRODUCTION

On August 4, 2026, the Court dismissed this action without prejudice for lack of subject matter jurisdiction, resting its decision on four independent grounds: the absence of federal habeas jurisdiction, the domestic-relations exception, *Younger* abstention, and the *Rooker-Fedlman* doctrine. [Doc. 115, p. 24]. The Court also denied leave to amend, holding that the deficiencies would be futile. *Id*. at p. 23.

Plaintiff now asks the Court to undo that judgment under Fed. R. Civ. P. 59(e), 60(b)(1), and 60(b)(6), and to grant leave to amend under Rule 15(a)(2). [Doc.

117, p. 5]. However, Plaintiff's motion identifies no intervening change in controlling law, no newly discovered evidence, and no clear error. Instead, Plaintiff re-argues the same positions the Court already considered and rejected. Because a motion that merely relitigates settled matters is not a proper basis for post-judgment relief, Plaintiff's motion should therefore be denied.

**STANDARD OF REVIEW**

"[A] Rule 59(e) motion to reconsider is designed to permit relief in extraordinary circumstances and not to offer a second bite at the proverbial apple." *Syntroleum Corp. v. Fletcher Int'l, Ltd.*, No. 08-CV-384-JHP-FHM, 2009 WL 761322, at *1 (N.D. Okla. Mar. 19, 2009) (quoting *Maul v. Logan Cty. Bd. of Cty. Comm'rs*, No. CIV-05-605, 2006 WL 3447629, at *1 (W.D. Okla. Nov. 29, 2006)). A motion to reconsider may be considered on the following grounds: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)). When the court has "misapprehended the facts, a party's position, or the controlling law," a motion to reconsider is appropriate. *Id.*; *see Syntroleum Corp.*, 2009 WL 761322, at *1. Parties' efforts to "revisit issues already addressed or advance arguments that could have been raised in prior briefing" will not be considered. *Maul*, 2006 WL 3447629, at *1.

Relief under Rule 60(b) is extraordinary and limited to certain exceptional circumstances. *Massengale v. Oklahoma Board of Examiners in Optometry*, 30 F.3d

1325, 1330 (10th Cir. 1994). This motion addresses matters outside the issues on which the judgment was entered. *Brown v. McCormick*, 608 F.2d 410, 413 (10th Cir. 1979). It is the movant's burden to plead and prove grounds for relief. *Pelican Prod. Corp. v. Marino*, 893 F.3d 1143, 1146 (10th Cir. 1990).

"Neither Rule 59(e) nor Rule 60(b) allows a rehash of facts and arguments already presented to serve as a basis for reconsideration." *Lumpkin v. United Recovery Sys., L.P.*, No. 06-CV-684-GKF-FHM, 2009 WL 2153074, at *2 (N.D. Okla. July 16, 2009), aff'd 376 F. App'x 856 (10th Cir. 2010).

## ARGUMENT AND AUTHORITY

### PROPOSITION I: PLAINTIFF IDENTIFIES NO BASIS FOR RELIEF.

Plaintiff provides three "grounds" for relief: that a without-prejudice dismissal operates unfairly against her [Doc. 117, p. 9]; that her pleading should have been measured by a more forgiving standard [Doc. 117, p. 10]; and that her damages claims should not have been dismissed [Doc. 117, p. 12]. Re-argument is precisely what Rules 59(e) and 60(b) forbid.

First, when a court dismissed for lack of subject matter jurisdiction, "the dismissal must be without prejudice." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006). The court has no discretion; it follows from the nature of jurisdiction itself, because "once a court determines it lacks jurisdiction over a claim, it perforce lacks jurisdiction to make any determination of the merits of the underlying claim." *Id.* (internal quotation omitted). Having correctly found that it lacked jurisdiction on four independent grounds, the court had no choice but to

dismiss without prejudice.

Second, Plaintiff's assertion that Rule 8's "short and plain statement" requirement and the *Twombly/Iqbal* standard form a "trap" that penalizes pro se litigants also fails. Plaintiff could have raised this argument in her combined responses to the motions to dismiss, and a Rule 59(e) motion may not "advance arguments that could have been raised prior to briefing." *Servants of Paraclete*, 204 F.3d at 1012.

Finally, the State Defendants acknowledge the general rule: abstention principles permit a federal court to stay an action for damages, but "do not support the outright dismissal or remand of damages actions," *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 707 (1996), and even where *Younger* requires abstention, a court "has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceeding." *Deakins v. Monaghan*, 484 U.S. 193, 194 (1988). This general rule, however, does not entitle Plaintiff to alter this judgment.

The *Quackenbush/Deakins* stay rule is a limitation on *abstention*, it does not displace the court's other, independent jurisdictional holdings in this case. The Court also dismissed under the *Rooker-Feldman* doctrine. *Rooker-Feldman* applies wherever "a litigant's claim must specifically seek to modify or set aside a state court judgment." *Graff v. Aberdeen Enterprises, II, Inc.*, 65 F.4th 500 (10th Cir. 2023). Plaintiff's damages claims are inextricably tied to her demand that the Court "vacate and expunge" the state court's custody, support, and contempt orders. [Doc.

6, p. 91-92]. To the extent Plaintiff's monetary relief depends on undoing those judgments, it is barred jurisdictionally, and a jurisdictional dismissal is properly entered without prejudice, not stayed. *Brereton*, 434 F.3d at 1216.

Whether to grant relief pursuant to Rule 60(b) rests within the trial court's discretion. *Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007). Plaintiff has not met her burden to plead or prove any grounds for relief here. As such, her motion should be denied.

**PROPOSITION II: LEAVE TO AMEND WAS PROPERLY DENIED AS FUTILE.**

Amendment is futile where the defect is jurisdictional: a plaintiff's inability to amend to cure a jurisdictional defect justifies the denial of leave to amend. *Brereton*, 434 F.3d at 1219. Plaintiff's deficiencies are jurisdictional not technical, and no amended pleading could confer jurisdiction upon this Court. Moreover, a "cursory request[] for leave to amend" embedded in briefing, rather than presented by proper motion is insufficient. *Bangerter v. Roach*, 467 F.App'x 787 (10th Cir. 2012). For these reasons, the court properly denied leave to amend as futile.

## CONCLUSION

State Office Defendants respectfully request this Court deny Plaintiff's Motion to Alter or Amend the Judgment [Doc. 117].

Respectfully submitted,

*/s/Lexie P. Norwood*

**LEXIE P. NORWOOD, OBA#31414**
ASSISTANT ATTORNEY GENERAL
OKLAHOMA ATTORNEY GENERAL'S OFFICE
LITIGATION DIVISION
313 NE 21st Street
Oklahoma City, Oklahoma 73105
T: (405) 521-2951 | F: (405) 521-4518
*Counsel for State Office Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of September 2026, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. I further certify that a true and correct copy of the foregoing document was sent via U.S. Mail, postage prepaid to:

Linh Tran Stephens
1964 Ashley River Rd., Ste. B,
Unit 80112
Charleston, S.C. 29407
*Plaintiff sui juris*

*/s/Lexie P. Norwood*
Lexie P. Norwood