**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **(1) LINH TRAN STEPHENS, an individual,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 25-CV-322-SEH-CDL** |
| | ) | |
| **(1) THE STATE OF OKLAHOMA; ET AL.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT PENNY HAMRICK'S RESPONSE TO PLAINTIFF'S "VERIFIED DEMAND TO ALTER OR AMEND THE JUDGMENT AND FOR LEAVE TO AMEND, OR ALTERNATIVELY RELIEF FROM JUDGMENT"**

COMES NOW Defendant Penny Hamrick and, pursuant to LCvR 7.1, hereby files this Response to Plaintiff's "Verified Demand to Alter or Amend the Judgment and for Leave to Amend, or Alternatively Relief from Judgment." (Doc. 117). For the reasons that follow, Plaintiff's Motion should be denied.

## I. BACKGROUND

On August 4, 2026, the Court issued its thorough and well-reasoned Opinion and Order in this matter. (Doc. 115). As the Court noted, this is the seventh lawsuit Plaintiff has filed in this Court arising out of her state court child custody matter. (Doc. 115 at 2) (citing Plaintiff's previous filings). In this matter, numerous Defendants filed Motions to Dismiss. Following the conclusion of briefing, the Court found that Plaintiff was not entitled to habeas relief and that the Court lacked subject matter jurisdiction to consider her request in that regard. (Doc. 115 at 6-7). In addition, the Court found that the domestic-relation exception, *Younger* abstention, and the *Rooker-Feldman* doctrine barred the Court from further considering Plaintiff's claims. (Doc. 15 at 9). Further, Plaintiff's claims for monetary damage were subject to dismissal per *Younger* and per Fed. R. Civ. Proc. 8, since the allegations were "insufficient to provide Defendants fair notice as to the basis of

[her] claims." (Doc. 115 at 18-19 n.8). Finally, the Court rejected Plaintiff's request to amend her pleading because she did not provide any basis to amend her pleadings; because her "sovereign citizen" theories of liability were without mert; because she had already amended her complaint once as a matter of course and her second amended complaint was stricken for failure to seek leave of Court; and because future amendments would unduly delay the proceedings, prejudice the defendants, and would "ultimately be futile." (Doc. 115 at 22-23). The Court determined that the dismissal would be without prejudice. (Doc. 115 at 18, 21, 24).

## II. ARGUMENTS AND AUTHORITIES

### A. LEGAL STANDARDS

On August 18, 2026, Plaintiff filed a "motion" under Fed. R. Civ. Proc. 59(e), 60(b)(1), and 60(b)(6).[1] The motion is nearly impossible to decipher. Fed. R. Civ. Proc. 59(e) indicates a party may file a "motion to alter or amend a judgment." And, with respect to Fed. R. Civ. Proc. 60(b), "on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief." This is an "extraordinary remedial procedure." *Choice Hospice, Inc. v. Axxess Tech. Sols., Inc.*, 125 F.4th 1000, 1011 (10th Cir. 2025). Motions filed under Rule 60 "are inappropriate vehicles to argue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Grounds warranting a motion to reconsider include (1) an

[1] She also filed a Notice of Appeal related to the Court's August 4, 2026 Opinion and Order. (Doc. 118). The Tenth Circuit has abated the appeal pending a ruling on Plaintiff's "Verified Demand to Alter or Amend the Judgment and for Leave to Amend, or Alternatively Relief from Judgment." (Doc. 122) (Order in Tenth Circuit Appeal No. 26-5113).

intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.*

### B. PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE IT IS LARGELY NONSENSICAL AND ARISES OUT OF "SOVEREIGN CITIZEN" THEORIES

Plaintiff's Motion should be denied because it is largely nonsensical, and (again) arises out of "sovereign citizen" theories of liability. As noted, Plaintiff purports to file her Motion as a "natural living woman, sui juris, with inherent sovereign rights, one-and-only-Secured Party Creditor of Linh Tran Stephens©™ and of G.L.S.©®." (Doc. 117 at 1).[2] Plaintiff claims she is the "natural living freed-and-nonblack woman with a soul, appearing sui juris with Holy Spirit counsel of Yahusha." (Doc. 117 at 5). Plaintiff claims that she is "not a surety" and has "not, do not, and will not ever consent to any attempted body attachment warrant." (Doc. 117 at 7). Plaintiff does not "consent to any order, writ, capias, attachment, contempt, or process directed at my living body or m y liberty arising out of any presumed suretyship, trusteeship, accommodation obligation, or unpaid fee." (Doc. 117 at 12). Plaintiff "retain[s] all statutory, equitable, and legal rights, remedies, defenses, and immunities, including those available under the Uniform Commercial Code, strictly without prejudice pursuant to U.C.C. § 1-308 and U.C.C. §1-103." (Doc. 117 at 12).

At the conclusion of her document, Plaintiff quotes various scriptures and signs the document "without recourse" and "without prejudice" and references "Cestui Que Trust a.k.a.

---

[2] As discussed by one Court, these words and statements are the hallmarks of a "sovereign citizen" theory. *Fitts v. Newberry*, WL 4919666, at *2 (N.D. Okla. 2023) ("In particular, common trademarks of sovereign citizens (or adherents of similar pseudolegal movements) include placing stamps or markings next to signatures; claiming to be a "settlor" or "executor" of the person sui juris; filing voluminous and nonsensical documents; asserting claims against government officials based on alleged violations of the Uniform Commercial Code; and referencing obsolete or inapposite legal dictionaries, caselaw, or statutes.").

'Fide Commissary Trust', Non-Assumpsit, All Rights Reserved None Waived." (Doc. 117 at 15). She further states, "I do hereby seal, confirm, and sanctify this instrument and its contents as lawfully issued in all Heavens and upon the Earth, natural people with hands legs, Alive-on-the-land, Plenary mind body soul/spirit, unlimited, non-incorporated, non-sole-proprietor, stateless 'freeman of the Union' per Honorable Mr. Justice MILLER on April 14th, 1873, in the Slaughter-House cases." (Doc. 117 at 16). The Court will note that her motion is littered with other similar nonsensical statements.[3]

The Court has already rejected Plaintiff's attempt to rely on "sovereign citizen" arguments. (Doc. 115 at 23) (finding that "the Tenth Circuit has repeatedly rejected the 'sovereign citizen theory.'") (citing *United States v. Burton*, 856 F. App'x 173, 175 (10th Cir. 2021) (rejecting criminal defendant's "argument that his Moor nationality removed him from the criminal jurisdiction of the district court"); *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990) (dismissing defendants' arguments that federal taxes did not apply because they were "free born, white, preamble, sovereign, natural, individual common law 'de jure' citizens of a state, etc." as "lacking in legal merit and patently frivolous"); *United States v. Palmer*, 699 F. App'x 836, 838 (10th Cir. 2017) ("As for [defendant's] sovereign state citizen argument, reasonable jurists could also not disagree that the claim is plainly frivolous.")). The Court also noted the numerous federal lawsuits that Plaintiff has previously filed – wherein she has repeatedly been denied relief from the judgments and orders that have been entered in her state court divorce and child custody proceedings. (Doc. 115 at 2) (discussing and citing her numerous federal lawsuits).[4]

---

[3] The Motion is also mostly single-spaced in violation of LGnR 2-4. Further, if double-spaced, the Motion would likely violate the 25-page limit. LCvR 7-1(d).

[4] In fact, she has likely repeatedly filed federal court lawsuits because her claims and arguments have been rejected in the state court divorce and child custody proceedings –

But, this Court's findings and holdings are of no concern to Plaintiff. She simply doubles down – again invoking her sovereign citizen theories and suggesting that God himself mandates granting post-judgment relief. Because Plaintiff's motion is largely indecipherable, and because Plaintiff is a vexatious litigant, her Motion should be denied without further consideration. *Punchard v. Jeffries*, 298 Fed. Appx. 775 (10th Cir. 2008) (dismissing appeal where "Appellant's brief [was] gibberish"); *Serpik v. Weedon*, 2024 WL 556680, at *3 (W.D. Okla. 2024) ("These theories should be rejected summarily, however they are presented."), *aff'd*, 2024 WL 5055221 (10th Cir. 2024), *cert. denied*, 146 S. Ct. 1810 (2026), *reh'g denied*, 2026 WL 1855139 (2026).

**C. PLAINTIFF'S ARGUMENTS ARE WITHOUT MERIT**

To the extent Defendant understands Plaintiff's arguments, they are without merit. Plaintiff first argues that the dismissal should not be "without prejudice." Plaintiff does not explain why this is so. Plaintiff also does not address or even acknowledge the basis for the Court's Opinion and Order. As noted by this Court, extant case law shows that the dismissal was appropriately entered "without prejudice." *See Alfaro v. County of Arapahoe*, 766 Fed. Appx. 657 (10th Cir. 2019) ("The magistrate judge recommended dismissing Alfaro's complaint without prejudice for lack of subject-matter jurisdiction. The district court adopted the magistrate judge's recommendation over Alfaro's objections."); *Graff v. Aberdeen*, 65 F.4th 500, 523 n. 32 (10th Cir. 2023); *Goings v. Sumner Cnty. Dist. Attorney's Off*., 571 Fed. Appx. 634, 639 (10th Cir. 2014). Judge Eagen dismissed her claims on this basis just a few short years ago. *Stephens v. Sparkman*, 2023 WL 2994113, at *4 (N.D. Okla. Apr. 18, 2023) ("[A] dismissal under *Younger* is akin to a

---

proceedings which *she filed*. *See Linh Tran Stephens v. Adam Sylvester Stephens*, FD-2015-2228, Tulsa County District Court. At present, she appears to be subject to a bench warrant and contempt proceedings in that matter. Plaintiff is subjectively aware of the warrant. (Doc. 123 at 8-9) ("I am not an active prisoner but a pending prisoner due to outstanding and actively unlawfully issued warrants against me . . .").

dismissal for lack of subject matter jurisdiction and plaintiff's claims should be dismissed without prejudice."). Plaintiff has shown no "clear error" in this Court's ruling.

Plaintiff claims that dismissal of her claims for "monetary damages" was inappropriate. But, Plaintiff has, again, failed to acknowledge or address the Court's holding related to this issue. The Court noted that:

> *Younger* typically does not require dismissal of monetary claims. *Graff*, 65 F.4th at 523 (explaining that claims for monetary relief should be stayed under the state court proceedings are final). However, the Tenth Circuit has found *Younger* to be "the *sole* ground for dismissal" when a plaintiff sought monetary relief in addition to declaratory and injunctive relief. *See Goings v. Sumner Cty. Dist. Attorney's Office*, 571 F. App'x 634, 636, 639–40 (10th Cir. 2014) (emphasis in original). Here, Stephens seeks declaratory, injunctive, and monetary relief for the same claims. [ECF No. 6 at 90–94]. Therefore, dismissing the amended complaint in its entirety would be appropriate. *Accord Stephens et al. v. Sparkman et al.,* 2023 WL 2994113, at *4 n. 7; *Stephens v. Seibert et al.*, No. 23-CV-553-GKF-SH, ECF No. 39, at *7 (N.D. Okla. June 13, 2024).
>
> But Stephens's monetary claims are also subject to dismissal for running afoul of Fed. R. Civ. P. 8, which requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Stephens's allegations are against the collective "all defendants," or against various groups of defendants, and fail to attribute specific conduct to each defendant. Such allegations are insufficient to provide Defendants fair notice as to the basis of Stephens's claims. *See Robbins v. Okla.,* 519 F.3d 1242, 1249–50 (10th Cir. 2008) (in § 1983 cases, a complaint must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state.") (emphasis in original). "Indeed, courts within the Tenth Circuit have consistently dismissed complaints requesting monetary damages based on a plaintiff's failure to comply with Rule 8, regardless of *Younger* abstention." *Fisk v. Okla. Dep't of Human Services*, No. 25-CV-260-JFH-GLJ, 2026 WL 1587107, at *2 (E.D. Okla. June 3, 2026) (collecting cases). Therefore, the Court finds that a stay of proceedings is unwarranted. All of Stephens's claims are dismissed without prejudice.

(Doc. 115 at 18-19 n.8). Judge Russell previously dismissed her claims for very similar reasons, and that decision was recently affirmed by the Tenth Circuit Court of Appeals. *Stephens v. Child Support Servs. of Oklahoma Dep't of Hum. Servs.*, No. 24-CV-216-JDR-CDL, 2025 WL 1194950,

at *6 (N.D. Okla. Apr. 24, 2025), *aff'd*, 2026 WL 125755 (10th Cir. Jan. 16, 2026). Plaintiff has shown no "clear error" in the Court's ruling in this regard.[5]

In addition, Plaintiff claims that she should have granted "leave to amend." (Doc. 117 at 9). This request is frivolous. As noted above, Plaintiff has filed at least seven (7) lawsuits in this Court seeking to vacate and overturn orders and judgments that have been entered in state court child custody proceedings. Her requests have been rejected by this Court at every turn. In this lawsuit alone, she has filed multiple versions of her initial pleading and has, additionally, filed briefing that contains fake and imaginary case law. (Doc. 74; Doc. 90 [discussing Plaintiff's probable use of AI to generate numerous fake case law citations]).

Further, as discussed in the Court's Opinion and Order, the Court lacks jurisdiction to consider Plaintiff's claims. In her new "Verified" Motion, Plaintiff does not discuss the holdings of the Court in this regard; has shown no error in the Court's findings; and has identified no basis for amendment. For that reason, the Court justifiably refused to allow her to amend her pleadings. *Duncan v. Manager, Denver Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005) (cited by this Court, [Doc. 115 at 22], and noting leave to amend can be denied in situations of "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment"); *Rossman v. Donaldson*, 2016 WL 6603253 (W.D. Okla. 2016) (denying plaintiff's request to amend "in light of his well-documented history as a vexatious litigant").

[5] Defendant Hamrick again notes that Plaintiff asserts no factual averments in her various pleadings to substantiate a claim against Hamrick. The Court therefore accurately found, in the alternative to its other findings, that Plaintiff's "allegations [were] insufficient to provide Defendants fair notice as to the basis of Stephen's claims." (Doc. 115 at 18-19 n.8).

In conclusion, because Plaintiff has failed to show "clear error" in the Court's Opinion and Order, Plaintiff's current "Verified Demand" should be denied.

WHEREFORE, premises considered, Defendant Penny Hamrick requests the Court overrule Plaintiff's "Verified Demand to Alter or Amend the Judgment and for Leave to Amend, or Alternatively Relief from Judgment," (Doc. 117), and enter other appropriate relief.

Respectfully submitted,

**BEST & SHARP**

*s/ Matthew B. Free*
Thomas A. LeBlanc, OBA #14768
tleblanc@bestsharp.com
Matthew B. Free, OBA #18055
mfree@bestsharp.com
15 E. 5th Street, Suite 2100
Tulsa, OK 74103
Telephone: (918) 582-1234
Facsimile: (918) 585-9447
*Attorney for Defendant,*
*Penny Hamrick, in her Individual and Official Capacity as Detective of Owasso Police Department of Rogers County*

**CERTIFICATE OF SERVICE**

I hereby certify that on 8th day of September, 2026, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants (names only are sufficient):

Linh Tran Stephens
Linhstephens7@gmail.com

*Pro Se Plaintiff*

Corbin C. Brewster, OBA #22075
Brewster & DeAngelis
2617 E. 21st Street
Tulsa, OK 74114
ccbrewster@brewsterlaw.com

*Attorney for Defendant,*
*Sadie Temple, in her individual capacity*

Katherine M. Ogden, OBA #22668
Assistant General Counsel
Oklahoma Bar Association
P. O. Box 53036
Oklahoma City, OK 73152
T: (405) 416-7007 | F: (405) 416-7003
katieo@okbar.org

*Attorney for Defendants,*
*Oklahoma Bar Association, Oklahoma Bar Association General Counsel Gina Hendryx, and Oklahoma Bar Association Assistant General Counsel Tracy Nester*

Jacy C. Sullivan, OBA #33858
Assistant Attorney General
Oklahoma Attorney General's Office
Litigation Division
313 NE 21st Street
Oklahoma City, OK 73105
T: (405) 521-2951 | F: (405) 521-4518
jacy.sullivan@oak.ok.gov
*Attorneys for Defendants,*
*Tulsa County Judicial Defendants*
*and Oklahoma Supreme Court*

Heidi J. Long, OBA #17667
Leonard, Long & Cassil, PLLC
6301 N. Western, Suite 250
Oklahoma City, OK 73118
T: (405) 803-8343
hlong@llc-attorneys.com

*Attorney for Defendant,*
*Oklahoma State Auditor and Inspector*

Lexie P. Norwood, OBA #31414
Assistant Attorney General
Oklahoma Attorney General's Office
Litigation Division
313 NE 21st Street
Oklahoma City, OK 73105
T: (405) 521-2951 | F: (405) 521-4518
lexie.norwood@oag.ok.gov

*Attorneys for Defendants,*
*Oklahoma Attorney General's Office,*
*Oklahoma State Bureau of Investigation,*
*Oklahoma State Governor's Office and*
*Oklahoma Commission on Children and Youth*
*(State Office Defendants)*

John M. Bunting, OBA #31503
General Counsel
Oklahoma Council on Judicial Complaints
1901 N. Lincoln Blvd.
Oklahoma City, OK 73105
T: (405) 522-4800
john.bunting@cojc.ok.gov

*Attorney for Defendants,*
*Oklahoma Council on Judicial Complaints, an agency of the State of Oklahoma ("COJC"), Richard Rose, Chairman of the COJC, and Taylor Henderson, Director of the COJC*

Gregg J. Lytle, OBA #20759
Jacob N. Popp, OBA #35929
Gordon Rees Scully Mansukhani
8211 E. Regal Place, Suite 100
Tulsa, OK 74133
T: (539) 235-5520
glytle@grsm.com
jpopp@grsm.com

*Attorneys for Defendants,*
*Chandler Moxley and*
*Moxley Law Firm, PLLC*

Mike Shouse, OBA #33610
John F. Tjeerdsma, OBA #33058
Tulsa County District Attorney's Office
218 West Sixth Street, Suite 933
Tulsa, OK 74119
T: (918) 596-8795
mshouse@tulsacounty.org
jtjeerdsma@tulsacounty.org

*Attorney for Defendants,*
*Board of County Commissioners of the County of Tulsa, Kacharra Mansker, in her individual and official capacities, and Kathy Burrows, in her individual and official capacities*

Elizabeth Vincent, OBA #22172
Oklahoma State Board of
Osteopathic Examiner
5400 N. Grand Blvd., Suite 130
Oklahoma City, OK 73112
T: (405) 528-8625
beth.vincent@osboe.ok.gov

*Attorneys for Defendant,*
*Oklahoma State Board of*
*Osteopathic Examiner*

James D. Dunn, OBA #16829
Tulsa County Sheriff's Office
6080 E. 66th Street North
Tulsa, OK 74119
T: (918) 596-8704
jdunn@tcso.org

*Attorney for Defendants,*
*David L. Moss Correctional Center, Sheriff Regalado, in his individual and official capacities, and Deputy Sheriff Jacob R. Williamson, in his individual and official capacities*

Jesse S. Ogle, OBA #34275
Assistant Attorney General
Oklahoma Attorney General's Office
Litigation Section
313 N.E. 21st Street
Oklahoma City, OK 73105
T: (405) 521-3921
jesse.ogle@oag.ok.gov

*Attorney for State Official Defendants*

John K.F. Langford, OBA #21012
Assistant General Counsel
Department of Human Services
P. O. Box 25352
Oklahoma City, OK 73125
T: (405) 521-3638
john.langford@okdhs.org

*Attorney for Defendants,*
*Oklahoma Department of Human Services, Office of Administrative Hearings, Robert Perugino, Larisa Grecu-Radu, Deborah Eddinfield, Leah Sukovaty, Shasta Miller, Jeffery Cartmell, Deborah Shropshire, Jennifer Fullerton, Jeria Carmichael, Jessica Martin, Laurie Morris and Taylor Hendricks*

Erica S. Parks, OBA #20532
Erica Parks Law Firm, PLLC
P. O. Box 21100
Tulsa, OK 74121
T: (918) 582-1173
eparks@rhodesokla.com

*Attorney for Defendants,*
*Erica Parks and Erica Parks Law Firm, PLLC*

Dale Warner, OBA #9359
Dale Warner, PLLC
2021 South Lewis Av., Suite 335
Tulsa, OK 74104
T: (918) 691-2968
dale.law42@yahoo.com

*Attorney for Defendants,*
*Dale Warner and Dale Warner, PLLC*

Tara A. LaClair, OBA #21903
Jennifer N. Lamirand, OBA #31398
Bressler Amery & Ross, P.C.
6608 N. Western Ave., #1213
Oklahoma City, OK 73116
T: (405) 901-5981
tlaclair@bressler.com
jlamirand@bressler.com

*Attorneys for Defendant,*
*Charles Schwab and Co. Inc.*

Sharon K. Parker, OBA #19010
JPM Law
401 S. Boston, Suite 2000
Tulsa, OK 74103
T: (918) 938-7944
sparker@jpmlawgroup.com

*Attorney for Defendant,*
*The Oklahoma Sheriff's Association, Inc.*

David R. Ross, OBA #19930
Norman Wohlgemuth, LLP
401 S. Boston Ave., Suite 3200
Tulsa, OK 74103
T: 918-583-7571
F: 918-584-7846
dross@nwlawok.com

*Attorney for Defendant,*
*Megan Beck*

Kay Barnes Baxter
Gordon Rees Scully Mansukhani
201 St. Charles Avenue, Suite 2500
New Orleans, LA 70170
T: (504) 470-8482

F: (504) 208-3670
kbaxter@grsm.com

*Attorney for Defendants,*
*Family Visitation & Solutions, LLC*
*and Cheryl Hall*

*s/ Matthew B. Free*