**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| LINH TRAN STEPHENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 4:25-cv-00322-SEH-CDL |
| v. | ) | |
| | ) | |
| STATE OF OKLAHOMA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS DAVID L. MOSS CRIMINAL JUSTICE CENTER, VIC REGALADO, AND JACOB R. WILLIAMSON'S RESPONSE IN OPPOSITION TO PLAINTIFF'S VERIFIED DEMAND TO ALTER OR AMEND THE JUDGMENT [Doc. 117]**

---

Defendants David L. Moss Criminal Justice Center ("DLM"), Vic Regalado, and Jacob R. Williamson (the "Sheriff Defendants") respond in opposition to Plaintiff's Verified Demand to Alter or Amend the Judgment [Doc. 117] (the "Motion").

The Sheriff Defendants adopt and incorporate by reference the State Office Defendants' Response [Doc. 125], except that they do not join the concession at pages 4–5 of Doc. 125 that the stay rule of *Quackenbush* and *Deakins* has any application to a judgment resting on independent jurisdictional grounds. See Part II below. The Sheriff Defendants write separately to address two matters the State Office Defendants had no occasion to reach: the procedural unavailability of post-judgment amendment, and the grounds that render amendment futile as to the Sheriff Defendants specifically.

The Motion identifies no intervening change in controlling law, no newly discovered evidence, and no clear error. It should be denied.

## ARGUMENT AND AUTHORITY

### I. The Motion is re-argument, which Rules 59(e) and 60(b) forbid.

Relief under Fed. R. Civ. P. 59(e) is available only for an intervening change in controlling law, previously unavailable evidence, or the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)) (citing *Brumark Corp. v. Samson Resources Corp.,* 57 F.3d 941, 948 (10th Cir. 1995)). A Rule 59(e) motion is "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) It "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008). Fed. R. Civ. P. 60(b)(6) requires "extraordinary circumstances" and is not a substitute for appeal. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005); *Ackermann v. United States*, 340 U.S. 193, 198 (1950). Plaintiff has stated she intends to appeal.[Doc. 117, p. 7, ¶ 3].

Each of Plaintiff's three grounds was available to her before judgment and each attacks settled doctrine rather than this Court's application of it. Her objection to the without-prejudice form of the dismissal is foreclosed: where a court lacks subject matter jurisdiction, "the dismissal must be without prejudice," because "once a court determines it lacks jurisdiction over a claim, it perforce lacks jurisdiction to make any determination of the merits." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216, 1218 (10th Cir. 2006). The Court had no discretion to do otherwise, and an order that preserves rather than extinguishes Plaintiff's claims is not manifest injustice.

**II. The stay rule does not reach a judgment resting on independent jurisdictional grounds.**

Plaintiff argues that a federal court must stay rather than dismiss claims for damages when it abstains. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 719–21 (1996); *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988). That rule has no application here, for a reason of first principle: abstention doctrines *presuppose* jurisdiction. They govern a court's discretionary decision to decline the exercise of a jurisdiction it possesses. *Quackenbush*, 517 U.S. at 716–18. They say nothing about a court that has no jurisdiction to exercise.

This Court dismissed on four independent grounds, only one of which is abstention: the absence of federal habeas jurisdiction, the domestic-relations exception, *Younger* abstention, and *Rooker-Feldman*. [Doc. 115, p. 24]. Three of those four are jurisdictional in the strict sense. As to any claim reached by them, dismissal without prejudice is not merely permitted but compelled, *Brereton*, 434 F.3d at 1216, and a stay is not an available disposition, because a court cannot retain on its docket a claim it has no power to hear.

Plaintiff's damages claims illustrate the point. *Rooker-Feldman* is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). This case sits in that narrow core. Plaintiff does not merely complain of conduct occurring alongside the state proceedings; she asks this Court to "vacate and expunge" the Tulsa County District Court's child support order of October 14, 2022, child custody order of February 20, 2024, conviction order of February 7, 2024, and "all contempt charges or conviction against Plaintiff," and to uphold a 2016 Oregon support instrument in their place. [Doc. 2, p. 62 (Prayer ¶ 4)]. Her monetary claims are pleaded as the consequences of those orders and cannot be awarded without

a determination that the state court entered them wrongfully. To that extent the claims are barred jurisdictionally, and a jurisdictional bar is resolved by dismissal without prejudice, not by a stay.

Independently, any error in the abstention analysis would be harmless as to the Sheriff Defendants. Fed. R. Civ. P. 61. The claims against them fail for reasons wholly unrelated to abstention, see Part III.B, and a stay would accomplish nothing but the indefinite retention of claims that cannot be maintained in any forum.

**III. Post-judgment amendment is procedurally foreclosed and, as to these Defendants, futile.**

A. *Rule 15 is unavailable.* Plaintiff invokes Fed. R. Civ. P. 15(a)(2), but "once judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated." *The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1087 (10th Cir. 2005). Because Plaintiff is not entitled to relief under Rule 59(e) or Rule 60(b), the Rule 15 request never ripens. Nor has Plaintiff tendered a proposed amended pleading or identified any additional fact she would plead against any Sheriff Defendant, which alone justifies denial. *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186–87 (10th Cir. 1999); *Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018). What she requests instead is that the Court first prepare a claim-by-claim, defendant-by-defendant catalogue of deficiencies for her use. This the Court cannot do, as it is not the proper function of the district court to assume the role of advocate for the pro se litigant. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

B. *Amendment would be futile.* Should the Court reach the question, leave is properly denied where an amended pleading could not survive dismissal. *Brereton*, 434 F.3d at 1219. DLM is not an entity capable of being sued. Capacity is governed by state law, Fed. R. Civ. P. 17(b)(3), and under Oklahoma law a county sues and is sued through its board of county commissioners, Okla. Stat. tit. 19, §§ 3, 4. A detention facility is not a "person" under 42 U.S.C. § 1983. *Aston v.*

*Cunningham*, No. 99-4156, 2000 WL 796086, at *4 n.3 (10th Cir. June 21, 2000) (unpublished). No amendment can supply DLM with a legal existence it does not have. The claims against Sheriff Regalado and Mr. Williamson are barred on four further grounds that no amendment addresses: the official-capacity claims are duplicative of the claims Plaintiff already asserts against the Board of County Commissioners of Tulsa County and identify no county policy or custom; the complaint attributes no individual act, omission, or decision to Sheriff Regalado, pleading each count collectively against undifferentiated groups of defendants; both officials are absolutely immune to the extent the claims arise from the execution of facially valid process issued by the Tulsa County District Court; and both are entitled to qualified immunity, which Plaintiff cannot overcome. Each defect is incurable.

## CONCLUSION

The Sheriff Defendants respectfully request that the Court deny Plaintiff's Verified Demand to Alter or Amend the Judgment [Doc. 117] in its entirety and deny leave to amend as to these Defendants on grounds of futility.

Respectfully submitted,

/s/ James D. Dunn
James D. Dunn, OBA #16829
General Counsel
Tulsa County Sheriff's Office
6080 E. 66th Street North
Tulsa, Oklahoma 74117
T: 918-596-8704 | E: jdunn@tcso.org

*Counsel for Defendants David L. Moss Criminal Justice Center, Vic Regalado, and Jacob R. Williamson*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of September 2026, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System, and that a true and correct copy was served by United States Mail, postage prepaid, upon:

Linh Tran Stephens
1964 Ashley River Rd., Ste. B, Unit 80112
Charleston, South Carolina 29407
*Plaintiff, pro se*

/s/ James D. Dunn
James D. Dunn